**EXHIBIT B**

Proposed Final Order

(Attached)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 |
| Debtors. | (Joint Administration Requested) |
| | **Re:  Docket No. _____** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES,
AND OTHER OBLIGATIONS ON ACCOUNT OF COMPENSATION
AND BENEFITS PROGRAMS AND (B) CONTINUE COMPENSATION
AND BENEFITS PROGRAMS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of interim and final orders (a) authorizing the Debtors to (i) pay all prepetition wages, salaries, commissions, other compensation, reimbursable expenses, and other obligations on account of the Compensation and Benefit Programs and (ii) continue to administer, modify, change, and discontinue the Compensation and Benefit Programs, and to implement new programs, policies, and benefits for non-insider Employees, during the Chapter 11 Cases in the ordinary course of business, and (b) granting related relief; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration; and having determined that this Court has jurisdiction to consider the Motion and the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).  The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2]     Capitalized terms used but not defined in this Order have the meanings given in the Motion.

relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held on the Motion and all proceedings had before this Court; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay and honor all Prepetition Obligations associated with the Compensation and Benefit Programs in the ordinary course of business; *provided*, *however*, that, except as expressly set forth herein, (i) no payments to or on behalf of any individual Employee on account of the Prepetition Obligations shall exceed the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, and (ii) no payments shall be made on account of the Accrued Withholding Obligations except as set forth above.

3. The Debtors are authorized, but not directed, to continue to administer, modify, change, and discontinue the Compensation and Benefit Programs and to implement new programs, policies, and benefits for non-insider Employees in the ordinary course of business during the Chapter 11 Cases without the need for further Court approval, subject to applicable law and the

terms of this Final Order and provided that such modifications, changes, and new programs, policies, and benefits do not cause a material adverse effect to the Debtors' estates.

4.      The Debtors are authorized, but not directed, to pay, remit, reimburse, or otherwise honor, as applicable, postpetition obligations associated with the Compensation and Benefit Programs in the ordinary course of business.

5.      The Debtors and any applicable third parties are authorized to continue to allocate and distribute Payroll Deductions and Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and in the ordinary course of business.

6.      The Debtors may (a) pay prepetition Severance Payments to Employees who are not insiders, and (b) continue providing postpetition Severance Payments to Employees who are not insiders, in each case in the ordinary course of business and consistent with past practices.  For the purpose of this Final Order, the term "insider" shall have the meaning set forth in section 101(31) of the Bankruptcy Code.  The Debtors shall provide the United States Trustee for the District of Delaware (the "U.S. Trustee") a monthly report, due on the last day of each month in which Severance payments are made, indicating (x) the name and title of each Employee that receives Severance and (y) the amount of such Severance Payments received.

7.      Except as expressly set forth herein, this Final Order shall not be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; *provided that* nothing in this Final Order shall prejudice the Debtors' ability to seek approval of such relief in accordance with the Bankruptcy Code at a later time.

8.      To the extent any Employees assert claims arising under the Workers'
Compensation Program, the automatic stay under section 362 of the Bankruptcy Code is hereby
modified to permit the Employees to proceed with their claims under the Workers' Compensation
Program.

9.      Each of the Banks at which the Debtors maintain their accounts relating to the
payment of the obligations on account of the Compensation and Benefit Programs are authorized
to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund
transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on
deposit in those accounts and (b) accept and rely on all representations made by the Debtors with
respect to which checks, drafts, wires, or automated clearing house transfers should be honored or
dishonored in accordance with this or any other order of this Court, whether such checks, drafts,
wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire
otherwise.

10.     The Debtors are authorized, but not directed, to issue new postpetition checks, or
effect new electronic funds transfers, on account of obligations in connection with the
Compensation and Benefit Programs, to the extent such payments are approved herein, and to
replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored
or rejected as a result of the commencement of the Chapter 11 Cases.

11.     Nothing contained in the Motion or this Final Order, nor any payment made
pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall
be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver
of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or
validity of any claim against the Debtors, (c) a waiver of any claim or cause of action which may

exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

12.    Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claims held by, any party.

13.    Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.    Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

15.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

16.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.