**EXHIBIT A**

Proposed Interim Order

(Attached)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,[1] | Case No. 24-11442 |
| Debtors. | (Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS AND PAYMENT OF RELATED PREPETITION OBLIGATIONS; (II) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b); (III) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSFERS; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") pursuant to sections 105, 345, 363, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2 (a) (i) authorizing the Debtors to continue to use their Cash Management System and Bank Accounts; (ii) authorizing the Debtors to continue their existing deposit practices under the Cash Management System (subject to certain reasonable changes to the Cash Management System that the Debtors may implement); (iii) waiving certain deposit requirements, and (iv) authorizing the Debtors to continue to perform

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

Intercompany Transfers consistent with historical practice and granting administrative expense priority to Intercompany Claims, all as more fully set forth in the Motion; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered the statements by counsel and evidence adduced in support of the Motion on an interim basis at the hearing before this Court (the "Hearing"); and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm as provided in Bankruptcy Rule 6003; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System as described in the Motion, (b) continue to use the Bank Accounts in existence as of the Petition Date, in the names and with the account numbers existing immediately before the Petition Date, and (c) pay any ordinary

course Bank Fees and Credit Card Processing Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and perform their obligations under the documents and arrangements governing the Bank Accounts. The Debtors shall provide notice to the U.S. Trustee and any statutory committee appointed in the Chapter 11 Cases of any material changes to their Cash Management System.

3. Agreements existing between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with the Banks, including, for the avoidance of doubt, any rights of the Banks to charge back against the Bank Accounts, in the ordinary course of business and subject to any applicable contractual arrangements, (a) any returned items drawn or presented against the Bank Accounts (regardless of whether such returned items originated prepetition or post-petition), and (b) any over-advances, credit balances, or other customary fees and service charges incurred as a result of returned or dishonored items (regardless of whether such items originated prepetition or post-petition), unless the Debtors and the Banks agree otherwise, and any other legal rights and remedies afforded to the Banks under applicable law shall be preserved.

4. The Debtors are authorized, but not directed, to continue using, in their present form, all Business Forms, including, without limitation, any checks and other documents related to the Bank Accounts existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession; *provided that*, once the Debtors have exhausted their existing stock of Business Forms, the Debtors shall ensure that any new Business Forms are clearly

labeled "Debtor-In-Possession;" *provided*, *further*, that, with respect to any business forms that exist or are generated electronically, to the extent reasonably practicable, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtors-In-Possession" within ten (10) business days after the date of this Interim Order.

5. The Debtors are authorized and empowered to continue performing under and honoring Intercompany Transfers in the ordinary course of business; *provided that* the Debtors shall not be authorized by this Interim Order to undertake any Intercompany Transfers that are not on terms materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period.

6. The Debtors shall maintain accurate and detailed records of all Intercompany Transfers, including, but not limited to, Intercompany Transfers between Debtors and between Debtors and non-Debtor affiliates, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions. In addition, the Debtors shall provide reasonable access to such records to the DIP Lender (as defined in any Order approving debtor-in-possession financing (the "DIP Order")) and its professionals. All Intercompany Claims arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code, subject and subordinate to the DIP Superpriority Claims (as defined in the DIP Order). Except as set forth in the Approved Budget (as defined in the DIP Order), no Cash Collateral (as defined in the DIP Order) shall be used for Intercompany Transfers or to otherwise fund or make payments to any non-Debtor affiliates without the prior written consent of the DIP Lender in its sole discretion (so long as the DIP Facility (as defined in the DIP Order) remains outstanding).

7. The Debtors are authorized, pursuant to section 364(b) of the Bankruptcy Code, but not directed, to continue using any existing corporate credit cards in the ordinary course of business and consistent with prepetition practices. The Debtors are further authorized, in the exercise of their reasonable business judgment, to pay any Corporate Card Obligations outstanding not to exceed (i) $150,000 with respect to the AMEX Cards and (ii) $250,000 with respect to the SVB Cards, for a total of $400,000 on an interim basis, absent further order of the Court, whether or not such obligations were outstanding on or before the Petition Date. The Debtors' existing agreements with AMEX and SVB governing any existing corporate credit cards shall continue to govern the Debtors' post-petition credit card relationships with AMEX and SVB, respectively, and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset and termination rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court.

8. The Banks are authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH Transfers, and other electronic transfers of any kind issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided that nothing contained herein shall authorize or direct the Banks to honor on a post-petition basis any wire, drafts, checks, electronic transfer requests, or other items issued or dated prior to the Petition Date, except that the Debtors may provide the Banks with specific written instructions (including by electronic mail) to honor or pay any particular prepetition wires, drafts, checks, electronic transfer requests or other items presented for payment against the Bank Accounts consistent with any other Orders of this Court authorizing

such payment, and only to the extent that the applicable Bank Accounts contain sufficient funds. The Banks shall have no duty to inquire as to whether such payments are authorized by any order of this Court, and the Banks shall not incur, and the Banks are hereby released from, any liability to the Debtors, their estates, or any other party on account of (a) relying upon the Debtors' instructions, or acting at the Debtors' direction, as to which wires, checks, drafts or other items drawn on any of the Bank Accounts should be honored or dishonored or for any of the Banks' inadvertence in honoring any wire, check, drafts, electronic transfer requests, or other item drawn on any of the Bank Accounts at variance from the Debtors instructions, (b) honoring or dishonoring any prepetition wires, checks, drafts, electronic transfer requests, or other items drawn on any of the Bank Accounts in a good faith belief or upon a representation by the Debtors that the Court has authorized the relevant Bank to honor or dishonor such prepetition wire, check, draft, electronic transfer request or other item, or (c) an innocent mistake despite implementation of reasonable handling procedures.

9. Immediately upon entry of this Interim Order, the Banks are authorized, but not obligated, without further order of this Court, to recommence transfers or sweeps between Debtors' deposit accounts in accordance with pre-petition practice without regard to whether the funds swept and/or transferred include funds deposited prior to the Petition Date.

10. If any Bank Accounts existing as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have forty-five (45) days from the date of this Interim Order to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines, without prejudice to the Debtors' ability to seek an additional extension or a final waiver of such requirements; *provided* that nothing herein shall prevent the

Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached within that time period (or such other period as agreed to by the Debtors and U.S. Trustee).

11. Subject to any restrictions contained in, and in accordance with, any applicable governing documents and agreements between the Debtors and HPS, (a) the Debtors are authorized to close existing Bank Accounts or open new Bank Accounts and otherwise implement changes to their Cash Management System in the ordinary course of business; and (b) the Banks are authorized to close existing Bank Accounts and terminate any treasury management functions or additional functions; *provided that* the Debtors shall give notice of any such changes within fifteen (15) days thereafter to: (a) Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801, Attn: Jane M. Leamy, Esq. (Jane.M.Leamy@usdoj.gov); (b) counsel to DIP Lender, Barnes & Thornburg LLP, Attn: Paul Laurin, Esq. (PLaurin@BTLaw.com); and (c) counsel to any statutory committees appointed in the Chapter 11 Cases; *provided*, *further*, that the Debtors shall only open any such new bank accounts at banks that are insured by the FDIC and have executed a Uniform Depository Agreement with the U.S. Trustee or are willing to immediately execute such an agreement.

12. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to any Additional Cash Management Bank (as hereinafter defined) at which such account is opened after the date hereof; *provided* that such new account is with one of the Banks (an "<u>Additional Cash Management Bank</u>") that: (a) is insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (b) is an authorized depository pursuant to the U.S. Trustee's Operating Guidelines, and (c) agrees to be bound by the terms of this Interim Order. If the Debtors open a new Bank

Account, close an existing Bank Account, or enter into any ancillary agreements (other than agreements applied by an Additional Cash Management Bank to all similarly situated customers), they shall provide notice to the U.S. Trustee, counsel to any official statutory committee appointed in these Chapter 11 Cases, and, *provided*, *further*, however, that any such opening shall be timely indicated on the Debtors' monthly operating reports.

13. In the course of providing cash management services to the Debtors, the Banks and each Additional Cash Management Bank is authorized, without further Order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or post-petition, from the appropriate accounts of the Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH Transfers, wire transfers, merchant services transactions, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

14. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of the Court for: (a) all checks drawn on the Bank Accounts that are cashed at bank counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (b) all checks or other items deposited in one of the Bank Accounts prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date, (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any of the Banks as service charges for the maintenance of

the Bank Accounts, and (d) all reversals, returns, refunds, and chargebacks of checks, deposited items, and other debits credited to Debtors' accounts after the Petition Date, regardless of the reason such item is returned or reversed.

15. No liens on any of the Bank Accounts granted to any creditors shall take priority over the prepetition and post-petition Bank Fees to which the Banks are entitled, respectively, under the terms and in accordance with each respective contractual arrangement with the Debtors governing the Bank Accounts.

16. The Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor regardless of which entity pays those disbursements.

17. The requirement to establish separate bank accounts for cash collateral and/or tax payments is hereby waived.

18. The Debtors are authorized, but not directed, to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

19. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of any of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code.

20. The contents of this Motion satisfy the requirements of Bankruptcy Rule 6003(b).

21. Notice of this Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

22. For the reasons set forth in this Motion, notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with this Motion.

24. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, 2024, at _____ **(Eastern)**, and any objections or responses to the Motion shall be in writing, filed with this Court, and served upon (a) proposed counsel for the Debtors, (i) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Mark W. Eckard, Esq.), (ii) Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX, 75201 (Attn: Michael P. Cooley, Esq.), and (iii) Reed Smith LLP, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA, 15222 (Attn: Luke A. Sizemore, Esq.); (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.); (c) counsel for HPS Investment Partners, LLC; and (d) Owlpoint IP Opportunities JVF I LP, so as to be actually received by each of the foregoing parties no later than **4:00 p.m. (Eastern) on** _____, **2024**.

25. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.