**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (C) REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) EXTENDING THE TIME FOR THE DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS; (III) APPROVING THE MASTER SERVICE LIST, (IV) WAIVING REQUIREMENT TO FILE THE LIST OF EQUITY HOLDERS, AND (V) GRANTING RELATED <u>RELIEF</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby move (this "<u>Motion</u>") for entry of an Order substantially in the form attached as **Exhibit A** (the "<u>Proposed Order</u>") granting the relief requested below.  In support of this Motion, the Debtors, through their undersigned counsel, respectfully represent as follows:[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).  The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2]    The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined below), filed contemporaneously herewith and incorporated herein by reference.  Capitalized terms used but not defined in this Motion have the meanings given in the First Day Declaration.

**RELIEF REQUESTED**

1.      By this Motion, pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors seek entry of the Proposed Order (i) authorizing, but not directing, the Debtors to (a) file a single, consolidated list of creditors (the "Creditor Matrix") in lieu of submitting an individual mailing matrix for each Debtor, (b) file a single, consolidated list of the Debtors' thirty (30) largest unsecured creditors that are not insiders (the "Consolidated Top 30 Creditor List") in lieu of submitting a separate list of twenty (20) largest unsecured creditors for each Debtor, and (c) redact or withhold publication of certain personally identifiable information, (ii) extending the time for the Debtors to file the Creditor Matrix, (iii) approving the master service list attached as **Exhibit 1** to the Proposed Order (the "Master Service List"), (iv) waiving the requirement to file lists of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), and (v) granting related relief.

2.      For the reasons set forth below, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

**JURISDICTION AND VENUE**

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final Order by the Court in connection with

this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final Orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory predicate for the relief requested by this Motion is section 521 of the Bankruptcy Code, and such relief is warranted under Bankruptcy Rule 1007 and Local Rules 1007-1 and 1007-2.

**BACKGROUND**

6.     On June 28, 2024, and June 29, 2024 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (collectively, the "Chapter 11 Cases").  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

7.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the Chapter 11 Cases under Bankruptcy Rule 1015(a).

8.     Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of William J. Rouhana, Jr., Chairman of the Board, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

**BASIS FOR RELIEF REQUESTED**

**A.    Ample Cause Exists to Authorize the Debtors to File a Consolidated Creditor Matrix in Lieu of Submitting a Separate Mailing Matrix for each Debtor.**

9.    Local Rule 1007-2(a) provides that, in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  Local Rule 2002-1(f)(v) further requires "a separate claims register and separate creditor mailing matrix for each debtor in jointly administered cases."  However, Local Rule 1001-1(c) permits the modification of the Local Rules by the Court "in the interest of justice."  The Debtors submit that modifying the requirements of Local Rule 2002-1(f)(v) and authorizing the Debtors to file and maintain a consolidated Creditor Matrix, in lieu of individual matrices for each Debtor, is warranted in the interest of justice.

10.    Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be in excess of 7,500 entities to which numerous notices of certain matters in these Chapter 11 Cases must be provided.  The Debtors anticipate that such notices will include the notice of the commencement of these Chapter 11 Cases, the notice of a bar date for filing proofs of claim, and the hearings on the adequacy of the disclosure statement and confirmation of the chapter 11 plan, to name a few.

11.    Although the Debtors maintain computerized records, the Debtors do not presently maintain lists of the names and addresses of their separate creditors on a Debtor-specific basis. Segregating the Debtors' records to a specific creditor matrix format would be an unnecessarily burdensome task and, because certain of the creditors are or may be creditors of more than one Debtor, failure to maintain a single, consolidated Creditor Matrix would result in duplicate mailings.  Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose.  Accordingly, the

Debtors submit that filing a consolidated Creditor Matrix in lieu of separate mailing matrices for each Debtor is appropriate under the facts and circumstances present here, and consistent with the applicable provisions of the Local Rules.

12.     Moreover, courts in this District have granted similar relief to that requested in this Motion. *See, e.g., American Physician Partners, LLC*, Case No. 23-11469 (BLS) [D.I. 41] (Bankr. D. Del. Sept. 18, 2023); *AmeriFirst Financial, Inc.*, Case No. 23-11240 (TMH) [D.I. 84] (Bankr. D. Del. Aug. 24, 2023); *Amyris, Inc.*, Case No. 23-11131 (TMH) [D.I. 59] (Bankr. D. Del. Aug 09, 2023); *Proterra Inc.*, Docket No. 23-11120 (BLS) [D.I. 62] (Bankr. D. Del. Aug. 07, 2023); *NVN Liquidation, Inc.*, No. 23-10937 (LSS) [D.I. 36] (Bankr. D. Del. July 17, 2023); *ViewRay, Inc.*, No. 23-10935 (KBO) [D.I. 58] (Bankr. D. Del. July 16, 2023).[3]

**B.     Cause Exists to Extend the Time for the Debtors to File the Consolidated Creditor Matrix.**

13.     This Court has the authority to grant an extension for the filing of the Creditor Matrix pursuant to Bankruptcy Rule 1007(a)(5).  Bankruptcy Rule 1007(a)(5) provides that "any extension of time for the filing of the lists required by this subdivision may be granted only on motion for cause shown . . . ."  FED. R. BANK. P. 1007(a)(5).

14.     Prior to the Petition Date, the Debtors began gathering the information necessary to generate a complete list of their creditors for filing with the Court.   The combined creditors of the Debtors are anticipated to be in excess of 7,500.   The Debtors expect to work with their professionals to process the information necessary to complete their combined Creditor Matrix and will continue their efforts to provide the requisite information to the Court.   However, the

---

[3]     The referenced Orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each Order and will make them available to this Court or to any party that requests them.  Additionally, the Orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

Debtors anticipate that this process will require an additional two weeks under the current circumstances.

15.     Courts in this District have granted similar relief to that requested in this Motion. *See, e.g., In re Washington Mutual, Inc., et. al.,* Case No. 08-12229 (MFW) [D.I. 26] (Bankr. D. Del. Sept. 26, 2008); *In re GigaMedia Access Corp.*, Case No. 19-12537 (KBO) [D.I. 63] (Bankr. D. Del. Nov 27, 2019).[4]

**C.     Ample Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors in Lieu of Submitting a Separate List of 20 Largest Unsecured Creditors for Each Debtor.**

16.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." FED. R. BANK. P. 1007(d).  This list primarily is used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case under section 1102 of the Bankruptcy Code.  *See, e.g.*, *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the [U.S. Trustee] to identify members and . . . to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(l)."); 9 COLLIER ON BANKRUPTCY ¶ 1007.04 (16th ed. 2018) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

---

[4]     In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each Order and will make them available to this Court or to any party that requests them.  The Orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

17.     The Debtors request authority to file the Consolidated Top 30 Creditor List in lieu of filing a top 20 unsecured creditor list for each Debtor.  Because the Debtors' significant unsecured creditors are captured on the Consolidated Top 30 Creditors List, such list will provide the U.S. Trustee with a sufficiently clear picture of the Debtors' unsecured creditor constituency and, in fact, will aid the U.S. Trustee in its efforts to communicate with these creditors.

18.     In addition, the Consolidated Top 30 Creditors List will help alleviate administrative burdens and costs because the exercise of compiling separate lists for each individual Debtor would unnecessarily consume the Debtors' and their advisors' limited time and resources.  Accordingly, the Debtors submit that filing the Consolidated Top 30 Creditor List is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances present here, consistent with the applicable provisions of the Local Rules, and in the best interests of the Debtors' estates.

**D.     The Debtors or Kroll Restructuring Administration LLC Should be Permitted to Complete All Mailings.**

19.     In lieu of effecting service through the Office of the Clerk of this Court, the Debtors also request that they or their proposed claims and noticing agent, Kroll Restructuring Administration LLC, ("Kroll"), be approved and authorized to complete all mailings to creditors and equity holders in these Chapter 11 Cases, including notice of the commencement of these Chapter 11 Cases and notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code.  Indeed, Local Rule 2002-1(f) requires the Debtors to file a motion for the retention of a claims and noticing agent because the Debtors have more than 200 creditors.  Allowing the Debtors or Kroll to complete their own mailings will save significant time, cost, and expense.

**E.**      **Ample Cause Exists to Authorize the Debtors to Redact Certain Personally Identifiable Information of Current and Former Employees and Equity Security Holders.**

20.      Included among the Debtors' creditors that will be listed on the Creditor Matrix are current and former employees of the Debtors and known registered equity security holders. Section 107(c)(1) of the Bankruptcy Code enables this Court to protect parties from the potential harm that could result from disclosing personally identifiable information that may lead to identify theft or other unlawful injury.  11 U.S.C. § 107(c)(1).  Bankruptcy Rule 9037 also requires that personally identifiably information of individuals be redacted to protect against their disclosure for privacy and security concerns.

21.      It is appropriate to authorize the Debtors to redact from any document publicly available in these Chapter 11 Cases the home addresses and other personally identifiable information of the Debtors' current and former employees and known registered equity security holders to avoid exposing these individuals to potential identity theft or jeopardizing their safety by publishing their home addresses.

22.      Indeed, there is little benefit to public access to the home addresses of the Debtors' current and former employees and known registered equity security holders in the context of a bankruptcy case, when the Debtors' addresses are readily available and Kroll will maintain a separate, confidential mailing list for service to the employees and known equity security holders at their residences for the benefit of all parties in interest desiring to serve such parties with pleadings or notices in these Chapter 11 Cases.

23.      Courts in this District frequently grant similar relief.  *See, e.g.*, *HC Liquidating, Inc.*, Case No. 23-10259 (TMH) [D.I. 5] (Bankr. D. Del. Feb. 24, 2023) (authorizing the debtors to redact address information and other personally identifiable information of individual creditors, including the debtors' employees, listed on the creditor matrix or other documents filed with the

- 8 -

court*); Nova Wildcat Shur-Line Holdings, Inc*., Case No. 23-10114 (CTG) [D.I. 43] (Bankr. D.

Del. Jan. 29, 2023) (same); *In re Gold Standard Baking, LLC,* et al., Case No. 22-10559 (JKS)

[D.I. 40] (Bankr. D. Del. June 23, 2022) (same); *In re EYP Group Holdings, Inc.,* et al., Case No.

22-10367 (MFW) [D.I. 38] (Bankr. D. Del. April 26, 2022) (same); *In re Agspring Miss. Region,*

*LLC*, Case No. 21-11238 (CTG) [D.I. 8] (Bankr. D. Del. Sept. 13, 2021) (same).[5]

**F.      The Court Should Approve the Master Service List.**

24.      The Debtors seek approval of the Master Service List attached as **Exhibit 1** to the

Proposed Order.  The Master Service List includes the mailing address information (and email

address, if available) for, among others:

    a.      the Debtors and their counsel;

    b.      the Office of the United States Trustee for the District of Delaware;

    c.      the holders of the thirty (30) largest unsecured claims against the Debtors' estates on a consolidated basis (until an official committee of unsecured creditors is appointed, at which time counsel to such committee shall replace the holders of the thirty (30) largest unsecured claims on the Master Service List);

    d.       Owlpoint IP Opportunities JVF I LP, as the DIP Lender;

    e.      counsel to HPS Investment Partners, LLC;

    f.      U.S. Bank National Association, as trustee for the 9.500% Notes due 2025;

    g.      the Office of the United States Attorney for the District of Delaware;

    h.      the United States Securities and Exchange Commission;

    i.      the Internal Revenue Service and any other federal, state, or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the Court; and

---

[5]      In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each Order and will make them available to this Court or to any party that requests them.  The Orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

j.        any party that has requested notice pursuant to Bankruptcy Rule 2002.

25.      In accordance with Bankruptcy Rule 2002 and Local Rule 2002-1, Kroll will maintain the Master Service List and update it regularly.  An updated Master Service List will be available by (a) accessing the website maintained by Kroll, at https://cases.ra.kroll.com/chickensoupforthesoul, (b) contacting Kroll, or (c) contacting Debtors' counsel.  The Master Service List will be updated and refreshed automatically on Kroll's website whenever an update is made (*i.e.*, a change of address of a party listed on the Master Service List). The Debtors submit that the Master Service List is in substantial compliance with the Bankruptcy Rules and Local Rules and thus should be approved by the Court.

**G.        Cause Exists to Waive the Requirement to File Lists of Equity Holders.**

26.      Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen (14) days after the commencement of a chapter 11 case, a list of the debtor's equity security holders. Bankruptcy courts, however, have authority to modify or waive the requirements under Rule 1007. *See* FED. R. BANKR. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

27.      The Debtors submit that the requirement to file a list of all equity security holders should be waived in these Chapter 11 Cases.  Debtor Chicken Soup for the Soul Entertainment Inc. ("CSSE") is a public reporting company with the United States Securities and Exchange Commission (the "SEC").  As of the Petition Date, CSSE had approximately 6,897,048 shares of Series A cumulative redeemable perpetual preferred stock issued and outstanding; 27,237,500 shares of Class A common stock issued and 24,804,458 outstanding; and 7,654,506 shares of Class B common stock issued and outstanding.  As a result, the beneficial ownership of CSSE is widely

dispersed and constantly changing.  The Debtors submit that preparing a list of CSSE's equity security holders with their last known addresses and sending notices to those holders would prove unduly expensive, burdensome, and time consuming.  Instead, the Debtors propose to provide notice by:  (i) publishing the notice of commencement on the Debtors' case website established by Kroll; (ii) filing an 8-K with the SEC within four (4) business days following the Petition Date, notifying their investors and other parties in interest of the commencement of these Chapter 11 Cases, as well any other filings with the SEC, as necessary, and other public announcements; and (iii) as soon as reasonably practicable, serving the notice of commencement and all other notices required under Bankruptcy Rule 2002(d) on all known registered holders of CSSE's equity securities. The Debtors submit that these efforts provide adequate notice to equity security holders.

28.     Courts in this district have granted similar relief in cases involving publicly-traded debtors.  *See, e.g., ViewRay, Inc.*, Case No. 23-10935 (KBO) [D.I. 58] (Bankr. D. Del. Jul 16, 2023) (waiving requirement to file list of equity security holders); *Lordstown Motors Corp.*, Case No. 23-10831 (MFW) [D.I. 180] (Bankr. D. Del. Jun. 27, 2023); *American Virtual Cloud Technologies, Inc.*, Case No. 23-10020 (MFW) [D.I. 28] (Bankr. D. Del. Jan. 11, 2023); *In re NewAge, Inc.*, Case No. 22-10819 (LSS) [D.I. 154] (Bankr. D. Del. Sept. 29, 2022) (same); *In re The Hertz Corporation*, Case No. 20-11218 (MFW) [D.I. 229] (Bankr. D. Del. June 24, 2020) (same); *AAC Holdings, Inc.*, Case No. 20-11648 (JTD) [D.I. 51] (Bankr. D. Del. June 23, 2020); *Swift Energy Company*, Case No. 15-12670 (MFW) [D.I. 54] (Bankr. D. Del. Dec. 31, 2015) (same); *Hercules Offshore, Inc.*, Case No. 15-11685 (KJC) [D.I. 42] (Bankr. D. Del. Aug. 14, 2015) (same); *In re RadioShack Corp.*, Case No. 15-10197 (KJC) [D.I. 166] (Bankr. D. Del. Feb. 9, 2015) (same); *PMGI Holdings, Inc.*, Case No. 13-12404 (CSS) [D.I. 52] (Bankr. D. Del.

Sept. 18, 2014) (same); *Washington Mutual, Inc.*, Case No. 08-12229 (MFW) [D.I. 37] (Bankr. D. Del. Oct. 7, 2008) (same).

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

29.     Under the circumstances and given the nature of the relief requested in this Motion, the Debtors have not been able to confer with the individuals whose information is requested to be sealed.  Accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

## RESERVATION OF RIGHTS

30.     Nothing contained in the Proposed Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, basis, or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

## NOTICE

31.     Notice of this Motion has or will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors' estates on a consolidated basis; (iii) Owlpoint IP Opportunities JVF I LP; (iv) counsel to HPS Investment Partners, LLC; (v) U.S. Bank National Association, as trustee for the 9.500% Notes due 2025; (vi) the Office of the United States Attorney for the District of Delaware; (vii) the Internal Revenue Service; (viii) the United States Securities and Exchange Commission; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and

(x) any other party in interest entitled to notice of this Motion pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any Order entered in respect of the Motion as required by Local Rule 9013-1(m).  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is necessary.

## NO PRIOR REQUEST

32.     No previous request for the relief sought by this Motion has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court: (i) enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Motion; and (ii) grant such other relief to the Debtors as is appropriate.

- 14 -

Dated:  June 29, 2024
        Wilmington, Delaware

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

 /s/ *Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899-1150
Telephone: 302.654.1888
Facsimile: 302.654.654-2067
RPalacio@ashbygeddes.com
GTaylor@ashbygeddes.com

Mark W. Eckard (DE BAR No. 4542)
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  302.778.7500
Facsimile:  302.778.7575
MEckard@ReedSmith.com

- and –

Michael P. Cooley (*pro hac vice* pending)
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone:  469.680.4200
MPCooley@ReedSmith.com

Luke A. Sizemore (*pro hac vice* pending)
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  412.288.3334
LSizemore@ReedSmith.com

*Proposed Counsel for the Debtors and
Debtors-in-Possession*