## PIN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 (TMH) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
## (I) APPROVING THE RETENTION AND APPOINTMENT OF KROLL
## RESTRUCTURING ADMINISTRATION LLC AS THE CLAIMS AND
## NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE,
## AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")
hereby file this application (this "Application") for entry of an Order substantially in the form
attached as **Exhibit A** (the "Retention Order") granting the relief requested below.  In support of
this Application, the Debtors, through their undersigned counsel, respectfully represent as
follows:[2]

### RELIEF REQUESTED

1.      By this Application, under section 156(c) of title 28 of the United States Code,
section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).  The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2]      The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined below), filed contemporaneously herewith and incorporated herein by reference.  Capitalized terms used but not defined in this Application have the meanings given in the First Day Declaration.

Code"), Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1(f) of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the United States Bankruptcy Court for the District of Delaware's (the "Court") *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)* (the "Claims Agent Protocol"), instituted by the Office of the Clerk of the Bankruptcy Court (the "Clerk") on February 1, 2012, the Debtors seek entry of the Retention Order approving the appointment and retention of Kroll Restructuring Administration LLC ("Kroll") as the Debtors' claims and noticing agent (the "Claims and Noticing Agent") in the above-captioned cases (collectively, the "Chapter 11 Cases"), effective as of the Petition Date (as defined below).   In support of this Application, the Debtors submit the *Declaration of Benjamin J. Steele in Support of the Debtors' Application for Appointment of Kroll Restructuring Administration LLC as the Claims and Noticing Agent Effective as of the Petition Date* (the "Steele Declaration"), which is attached as **Exhibit B** and incorporated herein by reference.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final Order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final Orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested by this Application are 28 U.S.C. § 156(c) and section 105(a) of the Bankruptcy Code, and such relief is warranted under Bankruptcy Rule 2002, Local Rule 2002-1(f), and the Claims Agent Protocol.

## BACKGROUND

5.      On June 28, 2024, and June 29, 2024 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Cases.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or an examiner.

6.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the Chapter 11 Cases under Bankruptcy Rule 1015(a).

7.      Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of William J. Rouhana, Jr., Chairman of the Board, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 7] (the "First Day Declaration").

## KROLL'S QUALIFICATIONS AND THE NEED FOR KROLL'S SERVICES

8.      By this Application, the Debtors seek entry of the Retention Order appointing Kroll, effective as of the Petition Date, as the Claims and Noticing Agent in these Chapter 11 Cases to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these Chapter 11 Cases.  The terms of Kroll's proposed retention are set forth in that certain Engagement Agreement between Kroll and the Debtors, dated June 24, 2024 (the "Engagement Agreement"), a copy which is attached as **Exhibit C**.

Notwithstanding the terms of the Engagement Agreement, the Debtors seek to retain Kroll solely on the terms set forth in this Application and the Retention Order.

9.       Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be in excess of 7,500 entities to be noticed.  Local Rule 2002-1(f) provides that "[i]n all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file [a] motion [to retain a claims and noticing agent] on the first day of the case or within seven (7) days thereafter." In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(f), and that the appointment of the Claims and Noticing Agent is both necessary and in the best interests of the Debtors' estates and their creditors.

10.       By separate application, the Debtors will seek authorization to retain and employ Kroll as the administrative advisor in the Chapter 11 Cases, pursuant to section 327(a) of the Bankruptcy Code, as the administration of the Chapter 11 Cases may require Kroll to perform duties outside of scope of 28 U.S.C. § 156(c).

11.       Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.  Kroll's active and former cases include: *PARTS iD, Inc.*, No. 23-12098 (LSS) (Bankr. D. Del.); *Pennsylvania Real Estate Investment Trust*, No. 23-11974 (KBO) (Bankr. D. Del); *Near Intelligence, Inc.*, No. 23-11962

(TMH) (Bankr. D. Del); *Timber Pharmaceuticals, Inc.* No. 23-11878 (JKS) (Bankr. D. Del), *Mallinckrodt plc*, No. 23-11258 (JTD) (Bankr. D. Del.); *FTX Trading Ltd.,* No. 22-11068 (JTD) (Bankr. D. Del); *Troika Media Group, Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y.); *Mercon Coffee Corporation*, No. 23-11945 (MEW) (Bankr. S.D.N.Y.); *SVB Financial Group*, No. 23-10367 (MG) (Bankr. S.D.N.Y.); *Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.); *Endo International plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y.); *Strategic Materials, Inc.*, No. 23-90907 (CML) (Bankr. S.D. Tex.); *Genesis Care Pty Limited*, No. 23-90614 (MI) (Bankr. S.D. Tex.); *Rite Aid Corporation*, No. 22-02890 (MBK) (Bankr. D.N.J.); and *BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J.).

12.     The appointment of Kroll as the Claims and Noticing Agent in these Chapter 11 Cases will expedite the distribution of notices and the processing of claims, facilitate other administrative aspects of these Chapter 11 Cases, and relieve the Clerk of the administrative burden of processing what may be an overwhelming number of claims.  The Debtors believe that the appointment of Kroll as the Claims and Noticing Agent will thus serve to maximize the value of the Debtors' estates for all stakeholders.

## SCOPE OF SERVICES PROVIDED

13.     This Application pertains only to the work to be performed by Kroll under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f).  Any services to be performed by Kroll that are set forth in the Engagement Agreement but are outside the scope of 28 U.S.C. § 156(c) are not covered by this Application or by any Order granting approval hereof.  Specifically, Kroll will perform the following tasks in its role as the Claims and Noticing Agent, as well as all quality control relating thereto (collectively, the "Claims and Noticing Services"), to the extent requested by the Debtors:

(a)    Prepare and serve required notices and documents in these Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

(b)    Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>"), listing the Debtors' known creditors and the amounts owed thereto;

(c)    Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d)    Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)    Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)    For *all* notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g)    Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h)     Maintain the official claims register for each Debtor (collectively, the "<u>Claims Registers</u>") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), (vi) the applicable Debtor and (vii) any disposition of the claim;

(i)     Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(j)     Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k)     Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)     Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Kroll, not less than weekly;

(m)    Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(n)     Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o)     Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p)     Assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q)     Monitor the Court's docket in these Chapter 11 Cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

(r)     If these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Kroll of entry of the order converting the cases;

(s)     Thirty (30) days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Kroll as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

(t)     Within seven (7) days of notice to Kroll of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases; and

(u)     At the close of these Chapter 11 Cases, comply with all applicable laws and procedures for disposing and/or archiving of claims and related documents.

14.     The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Kroll.

## COMPENSATION

15.      The Debtors are proposing to compensate Kroll for the Claims and Noticing Services set forth above in accordance with the pricing schedule attached to the Engagement Agreement.  The Debtors respectfully request that the undisputed fees and expenses incurred by Kroll in the performance of the Claims and Noticing Services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or Order of the Court.

16.     Kroll agrees to maintain records of all Claims and Noticing Services, including dates, categories of Claims and Noticing Services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee, and any party in interest that specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute.  If resolution is not achieved, the parties may seek resolution of the matters from the Court.

17.     As part of this Application, the Debtors request authority to provide Kroll a post-petition advance in the amount of $50,000.00.  Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date.  Kroll seeks to hold the advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

18.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify and hold harmless Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order.  The Debtors believe that such indemnification obligation is customary, reasonable, and necessary to retain the services of the Claims and Noticing Agent in the Chapter 11 Cases.

## KROLL'S DISINTERESTEDNESS

19.     Although the Debtors do not propose to employ Kroll under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Kroll has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any manner on which it would be employed.

20.     Moreover, in connection with its retention as Claims and Noticing Agent, Kroll represents in the Steele Declaration, among other things, that:

a.      Kroll is not a creditor of the Debtors;

b.      Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Cases;

c.      By accepting employment in the Chapter 11 Cases, Kroll waives any right to receive compensation from the United States government in connection with the Chapter 11 Cases;

d.      In its capacity as the Claims and Noticing Agent in the Chapter 11 Cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

e.      Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in the Chapter 11 Cases;

f.      Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

g.      In its capacity as the Claims and Noticing Agent in the Chapter 11 Cases, Kroll will not intentionally misrepresent any facts to any person;

h.      Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

i.      Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j.      None of the services provided by Kroll as the Claims and Noticing Agent in the Chapter 11 Cases shall be at the expense of the Clerk's office.

21.     In view of the foregoing, the Debtors believe that Kroll is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

22.     Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosures.

## BASIS FOR RELIEF REQUESTED

23.     This Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Local Rule 2002-1(f), and the Claims Agent Protocol for an Order appointing

Kroll as the Claims and Noticing Agent in order to assume full responsibility for the distribution

of notices and the maintenance, processing, and docketing of proofs of claim filed in the Chapter

11 Cases.

24.     Specifically, 28 U.S.C. § 156(c) provides, in relevant part:

> Any court may utilize facilities or services, either on or off the
> court's premises, which pertain to the provision of notices, dockets,
> calendars, and other administrative information to parties in cases
> filed under the provisions of title 11, United States Code, where the
> costs of such facilities or services are paid for out of the assets of the
> estate and are not charged to the United States.  The utilization of
> such facilities or services shall be subject to such conditions and
> limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

25.     Section 105(a) of the Bankruptcy Code provides, in relevant part:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title.  No
> provision of this title providing for the raising of an issue by a party
> in interest shall be construed to preclude the court from, sua sponte,
> taking any action or making any determination necessary or
> appropriate to enforce or implement court orders or rules, or to
> prevent an abuse of process.

11 U.S.C. § 105(a).

26.     Bankruptcy Rule 2002, which regulates the notices that must be provided to

creditors and other parties in interest in a bankruptcy case, provides that the Court may direct that

a person other than the Clerk give notice of the various matters described therein.  *See* FED. R.

BANKR. P. 2002.

27.     Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, in conformity with Local Form
> 134, at any time without notice or hearing, the Court may authorize
> the retention of a notice and/or claims clerk under 28 U.S.C.
> § 156(c).  In all cases with more than two hundred (200) creditors or
> parties in interest listed on the creditor matrix, unless the Court
> orders otherwise, the debtor shall file such motion on the first day

of the case or within seven (7) days thereafter.  The notice and/or claims clerk shall comply with the [Claims Agent Protocol] (which can be found on the Court's website) and shall perform the [Claims and Noticing Services].

DEL. BANKR. L.R. 2002-1(f).

28.     The appointment of Kroll as the Claims and Noticing Agent will help to expedite and facilitate more efficiently the administration of the Chapter 11 Cases and will relieve the Clerk's office of administrative burdens.

29.     In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of Kroll as the Claims and Noticing Agent is both necessary and in the best interests of the Debtors' estates, their creditors, and other parties in interest because the Debtors will be relieved of the burdens associated with the Claims and Noticing Services.  Accordingly, the Debtors will be able to devote their full attention and resources to restructuring efforts.

30.     For these reasons, the Debtors respectfully submit that Kroll's appointment as the Claims and Noticing Agent is necessary and in the best interests of the Debtors and their estates and will serve to maximize the value of the Debtors' estates for all stakeholders.

## COMPLIANCE WITH CLAIMS AGENT PROTOCOL

31.     The Debtors' selection of Kroll to act as the Claims and Noticing Agent satisfies the Claims Agents Protocol.  In accordance with the Claims Agent Protocol, prior to the selection of Kroll, the Debtors reviewed and compared engagement proposals from two (2) other court-approved claims and noticing agents to ensure selection through a competitive process.  The Debtors submit, based on the engagement proposals obtained and reviewed, that Kroll's rates are competitive and reasonable given its quality of services and expertise.  The terms of Kroll's retention are set forth in the Engagement Agreement attached as **Exhibit C**; *provided, however,*

that by this Application, the Debtors are seeking approval solely of the terms and provisions as set forth in this Application and the Retention Order attached as **Exhibit A**.

32.     To the extent that there is any inconsistency between this Application, the Retention Order, and the Engagement Agreement, the Retention Order shall govern.

## **RELIEF AS OF THE PETITION DATE IS APPROPRIATE**

33.     In accordance with the Debtors' request, Kroll has agreed to serve as the Claims and Noticing Agent on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention, effective as of the Petition Date, so that Kroll can be compensated for services rendered before approval of this Application.  No party in interest will be prejudiced by the granting of relief as of the Petition Date as proposed in this Application, because Kroll has provided and continues to provide valuable services to the Debtors' estates during the interim period.

34.     Accordingly, the Debtors respectfully request entry of the Retention Order authorizing the Debtors to retain and employ Kroll as the Claims and Noticing Agent effective as of the Petition Date.

## **NOTICE**

35.     Notice of this Application has or will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors' estates on a consolidated basis; (iii) Owlpoint IP Opportunities JVF I LP; (iv) counsel to HPS Investment Partners, LLC; (v) U.S. Bank National Association, as trustee for the 9.500% Notes due 2025; (vi) the Office of the United States Attorney for the District of Delaware; (vii) the Internal Revenue Service; (viii) the United States Securities and Exchange Commission; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and

(x) any other party in interest entitled to notice of this Application pursuant to Local Rule 9013-1(m).  As this Application is seeking "first day" relief, within two (2) business days of the hearing on this Application, the Debtors will serve copies of this Application and any Order entered in respect of the Application as required by Local Rule 9013-1(m).  Based on the urgency of the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is necessary.

## NO PRIOR REQUEST

36.    No previous request for the relief sought by this Application has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter the Retention Order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Application; and (iii) grant such other relief to the Debtors as is appropriate.

*[The remainder of this page was intentionally left blank.]*

Dated:  June 29, 2024
      Wilmington, Delaware

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

 /s/ *Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899-1150
Telephone: 302.654.1888
Facsimile: 302.654.654-2067
RPalacio@ashbygeddes.com
GTaylor@ashbygeddes.com

Mark W. Eckard (DE BAR No. 4542)
REED SMITH LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  302.778.7500
Facsimile:  302.778.7575
MEckard@ReedSmith.com

- and –

Michael P. Cooley (*pro hac vice* pending)
REED SMITH LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
Telephone:  469.680.4200
MPCooley@ReedSmith.com

Luke A. Sizemore (*pro hac vice* pending)
REED SMITH LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone:  412.288.3334
LSizemore@ReedSmith.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*