**EXHIBIT B**

Steele Declaration

(Attached)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 (TMH) |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF BENJAMIN J. STEELE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) APPROVING THE RETENTION AND APPOINTMENT KROLL RESTRUCTURING ADMINISTRATION LLC AS THE CLAIMS AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

I, Benjamin J. Steele, under penalty of perjury declare as follows:

1.  I am a Managing Director of Kroll Restructuring Administration LLC ("Kroll"), a chapter 11 administrative services firm whose headquarters are located at 55 East 52nd Street, 17th Floor, New York, NY 10055. I am authorized to submit this declaration (this "Declaration") in support of the *Debtors' Application for Entry of an Order (I) Approving the Retention and Appointment of Kroll Restructuring Administration as the Claims and Noticing Agent Effective as of the Petition Date, and (II) Granting Related Relief* (the "Application").[2] Except as otherwise

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not defined in this Declaration have the meanings given in the Application.

noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: *PARTS iD, Inc.*, No. 23-12098 (LSS) (Bankr. D. Del.); *Pennsylvania Real Estate Investment Trust*, No. 23-11974 (KBO) (Bankr. D. Del); *Near Intelligence, Inc.*, No. 23-11962 (TMH) (Bankr. D. Del); *Timber Pharmaceuticals, Inc.* No. 23-11878 (JKS) (Bankr. D. Del), *Mallinckrodt plc*, No. 23-11258 (JTD) (Bankr. D. Del.); *FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del); *Troika Media Group, Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y.); *Mercon Coffee Corporation*, No. 23-11945 (MEW) (Bankr. S.D.N.Y.); *SVB Financial Group*, No. 23-10367 (MG) (Bankr. S.D.N.Y.); *Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.); *Endo International plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y.); *Strategic Materials, Inc.*, No. 23-90907 (CML) (Bankr. S.D. Tex.); *Genesis Care Pty Limited*, No. 23-90614 (MI) (Bankr. S.D. Tex.); *Rite Aid Corporation*, No. 22-02890 (MBK) (Bankr. D.N.J.); and *BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J.).

3. As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Kroll will perform, at the request of the Clerk, the services specified in the Application and the Engagement Agreement. In addition, at the Debtors' request, Kroll will perform any related administrative, technical and support services as specified in the Application and the Engagement Agreement. In

performing such services, Kroll will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **<u>Exhibit A</u>** to the Application.

4.  Subject to Court approval, the Debtors have agreed to compensate Kroll for professional services rendered pursuant to 28 U.S.C. § 156(c) in connection with the Chapter 11 Cases according to the terms and conditions of the Engagement Agreement. As part of the Application, the Debtors have requested authority to provide Kroll a post-petition advance in the amount of $50,000.00. Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date. Kroll seeks to hold the advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

5.  Kroll represents, among other things, the following:

a.  Kroll is not a creditor of the Debtors;

b.  Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Cases;

c.  By accepting employment in the Chapter 11 Cases, Kroll waives any right to receive compensation from the United States government in connection with the Chapter 11 Cases;

d.  In its capacity as the Claims and Noticing Agent in the Chapter 11 Cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

e.  Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in the Chapter 11 Cases;

f.  Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

g.  In its capacity as the Claims and Noticing Agent in the Chapter 11 Cases, Kroll will not intentionally misrepresent any facts to any person;

h.  Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

      i.      Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

      j.      None of the services provided by Kroll as the Claims and Noticing Agent in the Chapter 11 Cases shall be at the expense of the Clerk's office.

6.      To the best of my knowledge, none of Kroll's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, any attorney known by Kroll to be employed in the Office of the United States Trustee serving the District of Delaware or are equity security holders of the Debtors.

7.      To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided in this Declaration, neither Kroll, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for other chapter 11 debtors.

8.      Kroll has reviewed its electronic database to determine whether it has any relationships with the list of entities provided by the Debtors. Based on the results of such search, at this time, Kroll is not aware of any relationship that would present a disqualifying conflict of interest. Should Kroll discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental declaration.

9.      Certain of Kroll's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Such firms include Kirkland & Ellis LLP; Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Gibson, Dunn

& Crutcher LLP; Willkie Farr & Gallagher LLP; Jones Day; Shearman & Sterling LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; KPMG LLP; PricewaterhouseCoopers LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc.; and Kurtzman Carson Consultants LLC. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these Chapter 11 Cases were filed.

10. Kroll is an indirect subsidiary of Kroll, LLC ("Kroll Parent"). Kroll Parent is the world's premier provider of services and digital products related to governance, risk and transparency. Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent. As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders.

11. Kroll, as well as its personnel, has and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' Chapter 11 Cases. Kroll may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

12. Kroll, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms and financial advisors. Such firms engaged by Kroll or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent Kroll or its personnel in their individual capacities are unrelated to these Chapter 11 Cases.

13. Kroll further declares that Kroll does not now have nor has it ever had any contract or agreement with XClaim Inc. or with any other party under which Kroll provides, provided, or will provide exclusive access to claims data and/or under which Kroll would be compensated for claims data made available by Kroll.

14. Based on the foregoing, I believe Kroll is a "disinterested person" as that term is referenced in section 327(a) of the Bankruptcy Code and as defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged. Moreover, to the best of my knowledge, neither Kroll nor any of its employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which Kroll is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on June 29, 2024

>  */s/ Benjamin J. Steele*
>  Benjamin J. Steele
>  Managing Director
>  Kroll Restructuring Administration LLC
>  55 East 52nd Street, 17th Floor
>  New York, NY 10055