# EXHIBIT A

<u>Proposed Interim Order</u>

(Attached)

{02030419;v1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11442 (TMH)<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. _____** |

### INTERIM ORDER AUTHORIZING THE DEBTOR TO CONTINUE ORDINARY COURSE BUSINESS RELATIONSHIP UNDER SERVICES MANAGEMENT AGREEMENT AND LICENSE AGREEMENT WITH PARENT COMPANY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of interim and final orders (a) authorizing the Debtors to continue honoring their existing course-of-dealing under the Management Agreement and the License Agreement (each as defined below), including to pay the *current* amount due under those Agreements based on that course of dealing; and (b) granting related relief; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration; and having determined that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

{02030419;v1 }

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held on the Motion and all proceedings had before this Court; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized to continue to pay current Management Fee and Licensing Fee obligations to the Service Providers consistent with their historical course of dealing; provided, however, that such amounts paid to the Service Providers (i) do not include any prepetition Management Fee and Licensing Fees that were accrued and unpaid as of the Petition Date other than such amounts that would have been paid in the ordinary course of business but for the commencement of these chapter 11 cases and (ii) do not exceed the amounts set forth in the Initial DIP Budget Attached hereto as Exhibit A or any subsequent such budget that may be approved in these cases.

3. Nothing in this Interim Order shall be deemed to authorize the payment of any prepetition Management Fees or Licensing Fees in excess of those authorized in the preceding

paragraph; *provided that* nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of such relief in accordance with the Bankruptcy Code at a later time.

4. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of any of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code.

5. Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

6. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

7. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, **2024, at** \_\_\_\_\_ **(Eastern)**, and any objections or responses to the Motion shall be in writing, filed with this Court, and served upon (a) proposed counsel for the Debtors, (i) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Mark W. Eckard, Esq.), and (ii) Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX, 75201 (Attn: Michael P. Cooley, Esq.); (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: [●]); (c) counsel for HPS Investment Partners, LLC; and (d) counsel to Owlpoint IP Opportunities

JVF I LP, so as to be actually received by each of the foregoing parties no later than **4:00 p.m. (Eastern) on _____, 2024**.

8. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.