**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC. *et al.*,[1] | ) Case No. 24-11442 (TMH) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) **Re: D.I. 29** |

**HPS INVESTMENT PARTNERS, LLC's MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS WITH RESPECT TO HPS PARTNERS LLC'S MOTION TO (I) RECONSTITUTE THE DEBTORS' BOARDS OF DIRECTORS AND STRATEGIC REVIEW COMMITTES, OR, IN THE ALTERNATIVE, (II) APPOINT A CHAPTER 11 TRUSTEE, OR, IN THE ALTERNATIVE, <u>(III) CONVERT THE CHAPTER 11 CASES TO CHAPTER 7 LIQUIDATION</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

By this motion (the "Motion to Shorten"), HPS Investment Partners, LLC (the "Agent"), by and through its undersigned counsel, seeks entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), shortening the notice and objection periods with respect to the *Motion of HPS Investment Partners, LLC to (I) Reconstitute the Debtors' Board of Directors and Strategic Review Committees, or, in the Alternative, (II) Appoint a Chapter 11 Trustee, or, in the Alternative, (III) Convert the Chapter 11 Cases to Chapter 7 Liquidation* (the "Reconstitution Motion"), filed substantially contemporaneously herewith:

## Background

1. On June 28, 2024 (the "Petition Date"), the above captioned debtors (the "Debtors") commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Agent consents to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

RLF1 31170725v.1

5. The statutory predicates for the relief requested herein are sections 102 and 105 of the Bankruptcy Code, as supplemented by Rules 2002 and 9006 of Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 9006-1.

## Relief Requested

6. By this Motion to Shorten, the Agent requests entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>") (i) shortening the notice period for the hearing on the Reconstitution Motion, (ii) setting the date for the hearing to consider approval of the Reconstitution Motion and related relief no later than July 1, 2024, at 10:00 a.m. and (iii) permitting parties to file objections, if any, to the Reconstitution Motion no later than 10:00 a.m. on July 1, 2024.

## Basis for Relief Requested

7. Bankruptcy Rule 2002(a)(4) requires that at least 21 days' notice by mail be provided for a hearing on a motion for conversion of a chapter 11 reorganization case. Local Rule 9006-1(e) provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Additionally, as a default, Local Rule 9006-1(c)(ii) provides, "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bankr. L.R. 9006-1(c)(ii).

8. Pursuant to section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a).

3

9.  Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

10. The Agent respectfully submits that compelling circumstances and good cause exist here to shorten the notice and objection periods for the hearing to consider the Motion. As set forth in the Reconstitution Motion, the Debtors continue to experience substantial losses and have no reasonable likelihood of rehabilitation. Moreover, none of the first day motions can even be considered before addressing the corporate governance issues raised in the Reconstitution Motion. The Debtors and their management have engaged in gross mismanagement of the enterprise and estate. The Agent cannot sit idly by while the Debtors continue to waste what limited resources remain available and allow the Debtors to be operated by persons not authorized to do so. Therefore, the Agent seeks to have the Reconstitution Motion considered on an expedited basis to preserve the Debtors' estates and maximize recoveries to creditors. In addition, parties in interest will still have the opportunity to come forward at the hearing to raise any objections.

11. For these reasons, the Agent respectfully submits that allowing the Reconstitution Motion to be considered on shortened notice at a hearing on or before July 1, 2024, at 10:00 a.m. and permitting parties to file objections, if any, to the Reconstitution Motion no later than July 1, 2024, at 10:00 a.m. is reasonable and appropriate under the circumstances.

**Certification Pursuant to Local Rule 9006-1(e)**

12. Pursuant to Local Rule 9006-1(e), counsel to the Agent has notified counsel to the Debtors and the U.S. Trustee of the relief requested in the Reconstitution Motion and this Motion to Shorten. The U.S. Trustee has not yet informed the Agent whether it takes a position to the relief sought herein. The Debtors have not yet informed the Agent whether it takes a position to the relief sought herein.

**Notice**

13. The Agent will provide notice of this Motion to Shorten to the following parties or their respective counsel: (i) Debtors and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002. Considering the nature of the relief requested herein, the Agent respectfully submits that such notice is sufficient, and no other or further notice is required or necessary.

**Conclusion**

WHEREFORE, the Agent respectfully request entry of an order, substantially in the form of the proposed order, attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: July 1, 2024<br>Wilmington, Delaware | */s/ Russell C. Silberglied* |

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Emily R. Mathews (No. 6866)
Alexander R. Steiger (No. 7139)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Fax: (302) 651-7701
Email: collins@rlf.com
          silberglied@rlf.com
          mathews@rlf.com
          steiger@rlf.com

- and -

Dennis F. Dunne (*pro hac vice* forthcoming)
Matthew Brod (*pro hac vice* forthcoming)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:   1 (212) 530-5000
Fax:              1 (212) 530-5219
Email:          DDunne@Milbank.com
                    MBrod@Milbank.com

Andrew M. Leblanc (*pro hac vice* forthcoming)
Brett P. Lowe (*pro hac vice* forthcoming)
S. Robert Marsters, Jr. (*pro hac vice* forthcoming)
Danielle Lee Sauer (*pro hac vice* forthcoming)
**MILBANK LLP**
1850 K Street, N.W., Suite 1100
Washington, DC  20006
Telephone:   1 (202) 835-7500
Fax:              1 (202) 263-7586
Email:          ALeblanc@Milbank.com
                    BLowe@Milbank.com
                    RMarsters@Milbank.com
                    Dlee@milbank.com

*Co-Counsel to HPS Investment Partners, LLC*

6