**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. 3** |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES,
AND OTHER OBLIGATIONS ON ACCOUNT OF COMPENSATION
AND BENEFITS PROGRAMS AND (B) CONTINUE COMPENSATION
AND BENEFITS PROGRAMS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of interim and final orders (a) authorizing the Debtors to (i) pay all prepetition wages, salaries, commissions, other compensation, reimbursable expenses, and other obligations on account of the Compensation and Benefit Programs and (ii) continue to administer, modify, change, and discontinue the Compensation and Benefit Programs, and to implement new programs, policies, and benefits for non-insider Employees, during the Chapter 11 Cases in the ordinary course of business, and (b) granting related relief; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration; and having determined that this Court has jurisdiction to consider the Motion and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Motion.

relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of the Chapter 11 Cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing held on the Motion and all proceedings had before this Court; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay Prepetition Obligations associated with the Compensation and Benefit Programs in aggregate amounts not to exceed:

| Relief Sought | Interim Amount |
|---|---|
| **Compensation and Withholding Obligations** | |
| Employee Wages | $3,518,435 |
| Contractor and Staffing Obligations | $90,900 |
| Reimbursable Expenses | $5,500 |
| Payroll Deductions | $1,374,438 |
| Withholding Obligations | $1,468,007 |
| Payroll Processing Fees | $130,582 |
| **Employee Benefits Programs** | |
| Health and Welfare Benefits | $2,237,880 |
| 401(K) Plan | $594,204 |
| **TOTAL** | **$9,419,946** |

3. Except as expressly set forth herein, no payments to or on behalf of any individual Employee on account of the Prepetition Obligations shall exceed the amounts set forth in section 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, to continue to administer, modify, change, and discontinue the Compensation and Benefit Programs and to implement new programs, policies, and benefits for non-insider Employees in the ordinary course of business during the Chapter 11 Cases and without the need for further Court approval, subject to applicable law and the terms of this Interim Order; *provided that* such modifications, changes, and new programs, policies, and benefits do not cause a material adverse effect to the Debtors' estates.

5. The Debtors are authorized, but not directed, to pay, remit, reimburse, or otherwise honor, as applicable, postpetition obligations associated with the Compensation and Benefit Programs in the ordinary course of business.

6. The Debtors and any applicable third parties are authorized to continue to allocate and distribute Payroll Deductions and Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

7. Nothing in this Interim Order shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; *provided that* nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of such relief in accordance with the Bankruptcy Code at a later time.

8. To the extent any Employees assert claims arising under the Workers' Compensation Program, the automatic stay under section 362 of the Bankruptcy Code is hereby

modified to permit the Employees to proceed with their claims under the Workers' Compensation Program.

9. Each of the Banks at which the Debtors maintain their accounts relating to the payment of the obligations on account of the Compensation and Benefit Programs are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

10. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of obligations in connection with the Compensation and Benefit Programs, to the extent such payments are approved herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Cases.

11. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claim or cause of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any

agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

12. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

15. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **TBD**, 2024, at **(Eastern)**, and any objections or responses to the Motion shall be in writing, filed with this Court, and served upon (a) proposed counsel for the Debtors, (i) Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801 (Attn: Mark W. Eckard, Esq.), (ii) Reed Smith LLP, 2850 N. Harwood Street, Suite 1500, Dallas, TX, 75201 (Attn: Michael P. Cooley, Esq.), (iii) Reed Smith LLP, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA, 15222 (Attn: Luke A. Sizemore, Esq.), and (iv) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801 (Attn: Ricardo Palacio); (b) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.); (c) counsel for HPS Investment Partners, LLC; and (d) Owlpoint IP Opportunities JVF I LP, so as to be actually received by each of the foregoing parties no later than **4:00 p.m. (Eastern) on TBD, 2024**.

17. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

**Dated: July 2, 2024**
**Wilmington, Delaware**

　　　　　　　　　　　　　　　　　　　　　　　　　
**Thomas M. Horan**
**United States Bankruptcy Judge**