IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11442 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

**MOTION OF AUTOMOTIVE RENTALS, INC. AND ARI FLEET LT
FOR RELIEF FROM AUTOMATIC STAY**

Automotive Rentals, Inc. ("**Automotive Rentals**") and ARI Fleet LT ("**Fleet**," and together with Automotive Rentals, "**ARI**"), by and through undersigned counsel, respectfully move this Court for relief from the automatic stay imposed by 11 U.S.C. § 362(a) with respect to certain Vehicles (defined herein). In support of this motion, ARI states as follows:

## INTRODUCTION

1.  Prior to the Petition Date, ARI terminated the Motor Vehicle Lease Agreements (the "**MVLAs**") associated with the Vehicles (defined herein) to Redbox Automated Retail, LLC ("**Redbox**") and obtained an order from the United States District Court for the District of New Jersey entitling ARI to possession of the Vehicles and ordering the issuance of a writ of replevin directing the U.S. Marshal to take possession and deliver the Vehicles to ARI. The subject Lease

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

1

Agreement (defined herein) is a terminal rental adjustment clause ("**TRAC**") lease, which is a "true lease." The Motor Vehicle Lease Agreements (the "MVLAs") associated with the Lease Agreement and each of the Vehicles leased to Redbox were terminated prior to the Petition Date on March 8, 2024. ARI owns the Vehicles, and the Debtors agreed to coordinate and deliver possession of the Vehicles that are the subject of the District Court's Order and Writ of Replevin to ARI's agents by no later than July 12, 2024. ARI files the instant motion, out of an abundance of caution, for an order terminating the automatic stay, to the extent applicable, with respect to the Vehicles to allow the repossession and delivery of the Vehicles to ARI. ARI further requests that the Court order Redbox and any of the other Debtors whose agents and/or employees are, or any other person who is, in possession of any of the Vehicles, to return and deliver possession of the Vehicles to ARI by a date certain pursuant to its prior agreement with ARI.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

3. Pursuant to Local Rule 9013-1(f), ARI confirms its consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

4. On June 29, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

5. On July 2, 2024, this Court entered an Order authorizing the joint administration of the Debtors' Chapter 11 cases. [D.I. No. 73].

6. Almost two months before the Petition Date, on May 7, 2024, ARI filed a Verified Complaint against Debtors Redbox and Chicken Soup for the Soul Entertainment, Inc. ("**Chicken Soup**"), in the United States District Court for the District of New Jersey, Case No. 1:24-cv-05901-CPA-SAK (the "**District Court Action**"), asserting, among other things, claims for replevin to recover certain Vehicles (defined below) owned and leased by ARI to Redbox and for damages for breach of the Lease Documents (defined below). A copy of the Verified Complaint and exhibits thereto are attached hereto as **Exhibit "I."**

7. Below is a summary of the pertinent facts as more specifically set forth in the Verified Complaint:

   a. ARI and Redbox are parties to that certain Lease and Fleet Management Services Agreement dated February 24, 2017, as amended from time to time, including, without limitation, by the First Amendment to Lease and Fleet Management Servies Agreement dated August 24, 2018, and the Second Amendment to Lease and Fleet Management Services Agreement dated October 14, 2022, which, together with all other agreements, schedules, and exhibits thereto and all MVLAs are collectively referred to herein as the "**Lease Agreement**." A copy of the Lease Agreement without each MVLA is attached to the Verified Complaint as Exhibit "1."

   b. Chicken Soup executed a Guaranty dated October 14, 2022, in favor of ARI, whereby Chicken Soup irrevocably and unconditionally guaranteed the full payment when due of all obligations of Redbox to ARI in connection with

3

the Lease Agreement (the "**Guaranty**"). A copy of the Guaranty is attached to the Verified Complaint as Exhibit "2." The Lease Agreement, Guaranty, and all amendments, schedules, and exhibits thereto, and all MVLAs related thereto, are collectively referred to herein as the "**Lease Documents**."

c. Pursuant to the Lease Agreement and the related MVLAs associated therewith, ARI leased numerous vehicles to Redbox, including, without limitation, the Terminated Vehicles (as defined below) and the Other Terminated Vehicles (as defined below), and provided fleet management services to Redbox.

d. ARI provided Redbox and Chicken Soup with a notice of their defaults under the Lease Documents as set forth in ARI's letter and associated e-mail message to them dated October 17, 2023 (the "**October 17 Letter**"), which defaults included the failure to pay an invoice that was due on September 25, 2023, in the amount of $240,066.03 (the "**September Default**"). A copy of the October 17 Letter is attached to the Verified Complaint as Exhibit "3."

e. Despite the September Default that was set forth in the October 17 Letter, Redbox and Chicken Soup failed to cure that default.

f. Considering the default by Redbox and Chicken Soup under the Lease Documents, ARI exercised its right under the Lease Documents to stop providing any further fleet management services to Redbox, while reserving all of its other rights and remedies under the Lease Documents.

g. Thereafter, Redbox agreed to pay ARI seven (7) weekly installments each in the amount of $78,000.00, with the first such installment due on Friday, September 1, 2023, and subsequent installments due on Friday of each week thereafter through and including Friday, January 12, 2024, and one (1) payment in the amount of $681,149.86 on Friday, January 19, 2024, in connection with the following invoices (the "**Past Due Invoice Balances to be Cured**"), all while ARI reserved all of its rights and remedies (such agreement of Redbox is hereinafter referred to as "**Redbox's Cure Agreement**"):

| Invoice No. | Invoice Date | Invoice Due Date | Invoice Amount |
|---|---|---|---|
| M60009100 | 8/26/2023 | 9/25/2023 | $240,066.03 |
| B30010651 | 9/25/2023 | 10/25/2023 | $8,371.75 |
| M1015245 | 9/26/2023 | 10/25/2023 | $265,725.13 |
| B66014587 | 10/25/2023 | 11/25/2023 | $129,315.06 |
| M24016130 | 10/26/2023 | 11/25/2023 | $280,401.65 |
| B48017217 | 11/25/2023 | 12/25/2023 | $170,571.61 |
| M78019189 | 11/26/2023 | 12/25/2023 | $132,698.63 |
| **TOTAL** | | | **$1,227,149.86** |

h. Despite the October 17 Letter and Redbox's Cure Agreement, Redbox paid ARI only $476,991.03 in connection with Redbox's Cure Agreement. As such, Redbox remained in default under the Lease Agreement and ARI continued to be entitled to pursue its rights and remedies under the Lease Documents.

i. Accordingly, on March 1, 2024, ARI provided Redbox and Chicken Soup with another notice of default (the "**March 1 Letter**") that provided formal notice that, in addition to the September Default and the failure of Redbox to timely pay all of the amounts it agreed to pay under Redbox's Cure

Agreement, additional defaults had occurred under the Agreement because Redbox failed to timely pay ARI a total of $1,222,347.23 in connection with the following invoices, where were due on the dates shown below and include amounts remaining due under the Past Due Invoice Balances to be Cured (collectively, the "**Total Amount of the Invoice Defaults per the March 1 Letter**"):

| Invoice No. | Invoice Date | Invoice Due Date | Unpaid Amount |
|---|---|---|---|
| M1015245 | 9/26/2023 | 10/25/2023 | $115,171.88 |
| B66014587 | 10/25/2023 | 11/25/2023 | $51,315.06 |
| M24016130 | 10/26/2023 | 11/25/2023 | $280,401.65 |
| B48017217 | 11/25/2023 | 12/25/2023 | $170,571.61 |
| M78019189 | 11/26/2023 | 12/25/2023 | $132,698.63 |
| B66019613 | 12/23/2023 | 1/25/2024 | $88,256.18 |
| M54022120 | 12/26/2023 | 1/25/2024 | $59,374.40 |
| B90007501 | 1/26/2024 | 2/25/2024 | $251,719.48 |
| M54024624 | 1/26/2024 | 2/25/2024 | $72,838.34 |
| **TOTAL** | | | **$1,222,347.23** |

A copy of the March 1 Letter is attached to the Verified Complaint as Exhibit "4."

j. As such, and in light of the defaults by Redbox under the Lease Agreement, ARI demanded that Redbox and Chicken Soup (pursuant to its Guaranty) immediately pay ARI the aforementioned $1,222,347.23, and all accrued interest.

k. Because Redbox and Chicken Soup failed to pay the amounts demanded by ARI in the March 1 Letter, on March 8, 2024, ARI provided an additional notice to Redbox and, in turn, Chicken Soup, of the defaults under the Lease Documents (the "**March 8 Letter**") and also provided formal notice to

Redbox and Chicken Soup that ARI had elected to pursue the following remedies:

i. To exercise its right to offset with respect to $287,395.51 that was generated from the disposition of vehicles against amounts then owed by Redbox and Chicken Soup to ARI (the "**Offset Amount**");

ii. To terminate the MVLAs identified on attached Exhibit "B" to the March 8 Letter (the "**Subject MVLAs**");

iii. To terminate the rights of Redbox in connection with the vehicles identified on attached Exhibit "C" to the March 8 Letter that were ordered by Redbox (the "**Ordered Vehicles**");

iv. To demand the immediate delivery of possession to ARI of the vehicles that are identified on attached Exhibit "B" to the March 8 Letter (the "**Terminated Vehicles**") and to notify Redbox and Chicken Soup that ARI would retain possession of the vehicles identified on attached Exhibit "C" to the March 8 Letter, for purposes of their disposition in accordance with the Lease Agreement; and

v. To demand the immediate payment of the amounts due in connection with (a) the Subject MVLAs, (b) the Ordered Vehicles, plus all fees and charges, and (c) Total Amount of Invoice Defaults per the March 1 Letter

A copy of the March 8 Letter is attached to the Verified Complaint as Exhibit "5."

l. Despite the demand of ARI, Redbox and Chicken Soup failed to pay the amounts demanded in the March 8 Letter and failed to return the Terminated Vehicles to ARI.

m. In addition, ARI provided Redbox and Chicken Soup with another notice on May 3, 2024 (the "**May 3 Letter**") and in light of the defaults of Redbox under the Lease Documents and because Redbox was in possession of 15 of the Ordered Vehicles, ARI explained that the lease of the vehicles listed on Exhibit "I" to the May 3 Letter had been terminated (the "**Other Terminated Vehicles**") and demanded their return as well. A copy of the May 3 Letter is attached to the Verified Complaint as Exhibit "6."

n. Despite ARI's repeated demands for return of the Terminated Vehicles and the Other Terminated Vehicles, Redbox refused to deliver possession of those vehicles to ARI.

8. On June 7, 2024, the United States District Court for the District of New Jersey entered an Order in the District Court Action, in favor of ARI and against Redbox and Chicken Soup (the "**District Court's June 7 Order**"), granting ARI's motion for the issuance of a writ of replevin directing the U.S. Marshal to take possession and deliver certain vehicles owned and leased by ARI to Redbox, which vehicles are specifically identified on Exhibit 1 to the District Court's June 7, 2024 Order (the "**Vehicles**"). A copy of the District Court's June 7 Order is attached hereto as **Exhibit "II."**

9. On or about June 20, 2024, ARI and Redbox, through its Director of Operations Support Teams, Heidi Silgalis, reached an agreement whereby Redbox agreed to assist ARI and its agent, Syngin, the service provider retained by ARI to assist in the repossession of the Vehicles, to coordinate the pickup of the Vehicles by a date certain. Pursuant to that agreement, Redbox agreed to make the Vehicles available for pickup in two phases, with the first group of Vehicles to be made available for pickup on or before June 30, 2024, and the remaining Vehicles to be made available for pickup on or before July 12, 2024.

10. On June 27, 2024, the Clerk of the United States District Court for the District of New Jersey issued a Writ of Replevin commanding the U.S. Marshal to take possession of the Vehicles and deliver them to ARI (the "**Writ of Replevin**"). A copy of the Writ of Replevin is attached hereto as **Exhibit "III."**

## RELIEF REQUESTED

11. ARI seeks an order in the form attached hereto lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code to allow ARI to take all actions necessary to effectuate the repossession and return of the Vehicles. Specifically, ARI seeks an order to (i) allow ARI and its agent, Syngin, to take any and all actions necessary to effectuate the repossession and return of the Vehicles to ARI consistent with the District Court's June 7 Order and Writ of Replevin and Redbox's agreement with ARI to coordinate the return of the Vehicles to ARI by a date certain; and (ii) require Redbox and any of the other Debtors whose agents and/or employees are, or any other person who is, in possession of any of the Vehicles, to coordinate the return of the Vehicles to ARI by a date certain pursuant to Redbox's agreement with ARI.

**BASIS FOR RELIEF REQUESTED**

12. Section 362(d) of the Bankruptcy Code provides two grounds for relief from the automatic stay imposed by Section 362(a). 11 U.S.C. § 362(d). First, relief from the stay shall be granted "for cause," including the lack of adequate protection. *Id.* at § 362(d)(1). Second, relief from the stay shall be granted if the debtor does not have equity in the property and the property is not necessary for an effective reorganization. *Id.* at § 362(d)(2).

13. Here, cause exists to grant ARI relief from the automatic stay with respect to the Vehicles. The Debtors do not own the Vehicles. The Vehicles are owned by ARI, as demonstrated by the District Court's June 7 Order and Writ of Replevin. The Lease Agreement is a TRAC lease, which is a "true lease" and not a lease intended as security.[2] Accordingly, ARI owns the Vehicles, and the Debtors are withholding possession of the Vehicles that are the subject of the District Court's June 7 Order and Writ of Replevin.

14. ARI terminated the MVLAs associated with the Vehicles on March 8, 2023, well before the commencement of the District Court Action and these bankruptcy proceedings. Accordingly, there is no lease to assume under Section 365 with respect to the Vehicles. *See In re DBSI, Inc.*, 407 B.R. 159, 163 (Bankr. D. Del. 2009) (holding that Section 365 does not apply to a lease terminated before the commencement of the bankruptcy case).

15. For the foregoing reasons, the Court should terminate the automatic stay with respect to the Vehicles to allow the Vehicles to be repossessed and delivered to ARI consistent

---

[2] Whether a lease is a "true lease" or a lease intended for security is a question of state law. *In re Wallace*, 122 B.R. 222, 226 (Bankr. D. N.J. 1990). The Lease Documents are governed by New Jersey law. New Jersey's TRAC statute, which is substantively identical to TRAC statutes passed in other states, provides that "[n]otwithstanding any other provision of law to the contrary, no agreement stating that it is for the lease of a vehicle shall be deemed to create a conditional sale of, or security interest in, the property which is the subject of the agreement merely because the agreement contains a terminal rental adjustment clause." N.J.S.A. 39:10-5.1. Bankruptcy courts have consistently held that TRAC leases are "true leases." *See In re HP Distribution, LLP*, 436 B.R. 679 (Bankr. D. Kan. 2010); *In re Double G Trucking of the Arklatex, Inc.*, 432 B.R. 789 (Bankr. W.D. Ark. 2010); *In re Owen*, 221 B.R. 56 (Bankr. N.D.N.Y. 1998).

with the District Court's June 7 Order and Writ of Replevin and Redbox's prior agreement with ARI to coordinate the return of the Vehicles to ARI by a date certain.

## RESERVATION OF RIGHTS

16. ARI reserves the right to file an administrative expense claim with respect to the Debtors' post-petition retention and use of the Vehicles.

**WHEREFORE,** ARI respectfully requests that this Court:

(a)     Grant this motion and allow relief from the automatic stay to allow ARI and its agent, Syngin, to take any and all actions necessary to effectuate the repossession and return of the Vehicles to ARI consistent with the District Court's June 7 Order and Writ of Replevin and Redbox's prior agreement with ARI to coordinate the return and delivery of the Vehicles to ARI by a date certain;

(b)     Order that the Redbox, and any of the other Debtors whose agents and/or employees are in possession of any of the Vehicles, to coordinate the return of the Vehicles to ARI by a date certain;

(c)     Waive the provisions of Fed. R. Bankr. P. 4001(a)(3) so that any order entered as a result of this motion is effective immediately upon its entry; and

(d)     Grant such other and further relief as is just and proper under the circumstances

| | |
|---|---|
| Dated: July 10, 2024<br><br>Wilmington, Delaware | **FOX ROTHSCHILD LLP**<br><br>*/s/ Seth A. Niederman*<br>Seth A. Niederman (DE 4588)<br>1201 North Market Street, Suite 1200<br>Wilmington, DE 19801<br>Phone: (302) 654-7444<br>Facsimile: (302) 656-8920<br>sniederman@foxrothschild.com<br><br>-and-<br><br>**ADAMS AND REESE LLP**<br><br>*/s/ Richard A. Aguilar*<br>Richard A. Aguilar (LA #17439)<br>(*pro hac vice* pending)<br>Mark J. Chaney III (LA #35704)<br>(*pro hac vice* pending)<br>ADAMS AND REESE LLP<br>701 Poydras Street, Suite 4500<br>New Orleans, Louisiana 70139<br>Phone: (504) 581-3234<br>Facsimile: (504) 566-0210<br>richard.aguilar@arlaw.com<br>mark.chaney@arlaw.com<br><br>*Counsel for Automotive Rentals, Inc. and ARI Fleet LT* |

## **CERTIFICATE OF SERVICE**

 I hereby certify that true and correct copies of the foregoing Motion were served via the Court's CM/ECF electronic filing system on all parties registered to receive such notice, on July 10, 2024.

             */s/ Seth A. Niederman*
             Seth A. Niederman (DE 4588)