**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (TMH)<br><br>(Jointly Administered) |

**MOTION FOR ORDER SCHEDULING EXPEDITED HEARING AND
SHORTENING TIME PERIOD FOR NOTICE OF HEARING ON THE MOTION OF
AUTOMOTIVE RENTALS, INC. AND ARI FLEET LT FOR RELIEF FROM STAY**

Automotive Rentals, Inc. ("**Automotive Rentals**") and ARI Fleet LT ("**Fleet**," and together with Automotive Rentals, "**ARI**"), by and through undersigned counsel, hereby files this motion (the "**Motion to Expedite**")[2] for entry of an Order scheduling an expedited hearing and shortening the time for notice of hearing on the *Motion of Automotive Rentals, Inc. and ARI Fleet LT for Relief from Automatic Stay* (the "**Motion**"). In support of the Motion to Expedite, ARI respectfully states as follows:

1. On June 29, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

2. On July 2, 2024, this Court entered an Order authorizing the joint administration of the Debtors' Chapter 11 cases. [D.I. No. 73].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms not otherwise defined herein shall have their meanings as defined in the respective Motion.

160597787.1

3. On July 10, 2024, ARI filed the Motion [D.I. No. 116].

4. Also on July 10, 2024, the Court ordered that the Debtors' Chapter 11 cases be converted to cases under Chapter 7 of the Bankruptcy Code [D.I. No. 125].

5. On July 11, 2024, the Office of the United States Trustee appointed George L. Miller (the "**Trustee**") as Chapter 7 Trustee, which appointment remains in effect today [D.I. 131].

6. As more fully set forth in the Motion, prior to the Petition Date, ARI entered into the Lease Agreement with Redbox, by which Redbox agreed to lease the Vehicles from ARI. Further, Debtor Chicken Soup executed the Guaranty in favor of ARI, whereby Chicken Soup irrevocably and unconditionally guaranteed the full payment when due of all obligations of Redbox to ARI in connection with the Lease Agreement.

7. After Debtors defaulted under the Lease Documents and were unable to cure the defaults in accordance with Redbox's Cure Agreement, ARI terminated the MVLAs associated with the Vehicles and ultimately filed the Complaint in the District Court Action, asserting, among other things, claims for replevin to recover the Vehicles owned and leased by ARI to Redbox and for damages for breach of the Lease Documents.

8. On June 7, 2024, the District Court entered an order granting ARI's motion for the issuance of a writ of replevin, directing the U.S. Marshal to take possession and deliver the Vehicles. On June 27, 2024, the Clerk for the District Court issued the Writ of Replevin, commanding the U.S. Marshal to take possession of the Vehicles and deliver them to ARI.

9. Prior to the conversion of the Debtors' cases under Chapter 7, Debtors' counsel was cooperating with ARI's counsel to obtain stipulated stay relief so that the Vehicles could be returned to ARI in accordance with the District Court's pre-petition Order and Writ of Replevin.

However, since the conversion of the cases, ARI has been unable to reach an agreement with the Trustee as to stipulated relief, and as such, ARI has filed the Motion.

10. The Motion seeks relief in the form of lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code to allow ARI to take all actions necessary to effectuate the repossession and return of the Vehicles. As set forth therein, the intent of the requested relief, which was filed out of an abundance of caution, is to give effect to the District Court's Order and Writ of Replevin since they were issued prior to the Petition Date and Debtors retain no property interest in the underlying Vehicles. Specifically, ARI seeks an order that would (i) allow ARI and its agent, Syngin, to take any and all actions necessary to effectuate the repossession and return of the Vehicles and (ii) require Redbox and any of the other Debtors whose agents and/or employees are, or any other person who is, in possession of any of the Vehicles, to help coordinate the return of the Vehicles to ARI.

11. ARI submits that the hearing on the Motion should take place at the Court's earliest convenience to avoid harm and prejudice to ARI that could result from any further delay in the return of the Vehicles.

12. As more time elapses, the Vehicles continue to depreciate in value. Further, in light of the recent conversion of the Debtors' cases to Chapter 7 cases, all employees of the Debtors are going to be promptly terminated, meaning that it will become increasingly difficult in the coming weeks and months to find personnel who can help locate and coordinate the return of all the Vehicles that are spread across the entire country.

13. Additionally, given Debtors' inability to regularly pay their bills, such as employee wages and medical insurance, the Vehicles themselves are likely uninsured at this time. As such, the longer it takes to return the Vehicles, the longer the Vehicles remain uninsured and the greater

the risk that ARI's recovery will be reduced should the Vehicles sustain any damage before they are returned.

14. Lastly, given that the Debtors retain no property interest in the Vehicles, and that counsel for ARI and the Debtors had nearly come to an agreement with respect to stipulated relief prior to the conversion of the cases, ARI believes that expedited relief is appropriate to give effect to the parties' wishes and to avoid the accumulation of any additional delays and expenses.

15. By this Motion to Expedite, ARI seeks to obtain the Court's approval for the Motion on shorted notice, rather than the ordinary notice period under the Bankruptcy Rules and Local Rules. ARI seeks to obtain the Court's approval to conduct a hearing on the Motion as soon as the Court's calendar may permit, and to limit notice to certain interested parties pursuant to Fed. R. Bankr. P. 2002, 9006, and 9007, and Del. Bankr. L.R. 9006-1.

16. Pursuant to Fed. R. Bankr. P. 2002(a)(2), ARI must provide at least twenty-one (21) days' notice of the Motion to all creditors and interested parties. In addition, Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

17. Fed R. Bankr. P. 9006(c)(1) provides, in relevant part, that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

18. Fed. R. Bankr. P. 9006(c)(2) states that the Court may not reduce the time for taking action under certain other bankruptcy rules, none of which is applicable here. Del. Bankr. L.R. 9006-1(e) similarly provides that the Court may shorten time for notice and hearing for cause, without the necessity for a hearing. Local Rule 9006-1(e) provides that "[n]o motion will be

4

scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

19. Moreover, Fed. R. Bankr. P. 2002(m) and Fed. R. Bankr. P. 9007 permit the Court to designate the form and manner in which notice shall be given, and the entities to be served. *See* Fed. R. Bankr. P. 2002(m) (providing that, "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."); *see also* Fed. R. Bankr. P. 9007 ("[w]hen notice is to be given under these rules, the Court shall designate, if not otherwise specified herein . . . the form and manner in which the notice shall be given. When feasible, the [C]ourt may order any notices under these rules to be combined").

20. Accordingly, ARI requests that this Court enter an Order, pursuant to Fed. R. Bankr. P. 2002, 9006, and 9007, and Del. Bankr. L.R. 9006-1, shortening the time period and limiting notice for the Motion. ARI respectfully requests the Court to schedule an expedited hearing on the Motion at the Court's earliest convenience. ARI also requests that notice of the Motion be limited to the following interested parties: (i) the Trustee; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel for the Debtors; and (iv) those persons who have requested notice pursuant to Fed. R. Bankr. P. 2002.

21. As required by Del. Bankr. L.R. 9006-1(e), counsel for ARI has made a reasonable effort to notify the counsel to the Debtors, the Trustee, and counsel to the United States Trustee regarding the relief requested in the Motion to Expedite. Counsel for ARI has been in touch Debtors' counsel, who previously expressed that they would be willing to stipulate to relief from stay. Notice and a copy of the Motion was also sent to the Trustee, who did not indicate whether

5

he would be objecting to the relief sought therein or not. Counsel for ARI also emailed the representative for the Office of the United States Trustee with a copy of the Motion, who advised that they would have no objection.

22. ARI contends that it is appropriate that a hearing on shortened time and limited notice be held on the Motion and that cause exists. Given the rapidly depreciating value of the Vehicles, the increased difficulty in coordinating their return that comes with the termination of Debtors' employees, and the risk that the Vehicles continue to be uninsured for an indefinite period of time, ARI submits that expedited relief will give effect to the parties' intent and avoid any additional harm.

23. If the Court grants the Motion to Expedite, ARI proposes to serve a copy of the entered Order approving the Motion to Expedite, together with the Motion, and the proposed Order granting the Motion, *via* email, overnight mail, or federal express delivery on: (i) the Trustee; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel for the Debtors; and (iv) those persons who have requested notice pursuant to Fed. R. Bankr. P. 2002.

**[Remainder of Page Left Intentionally Blank]**

WHEREFORE, ARI respectfully requests the entry of an Order, in the form submitted herewith, shortening the time period and limiting notice of the hearing on the Motion.

| | |
|---|---|
| Dated: July 15, 2024<br>Wilmington, Delaware | **FOX ROTHSCHILD LLP**<br><br>*/s/ Seth A. Niederman*<br>Seth A. Niederman (DE 4588)<br>1201 North Market Street, Suite 1200<br>Wilmington, DE 19801<br>Phone: (302) 654-7444<br>Facsimile: (302) 656-8920<br>sniederman@foxrothschild.com<br><br>-and-<br><br>**ADAMS AND REESE LLP**<br><br>*/s/ Richard A. Aguilar*<br>Richard A. Aguilar (LA #17439)<br>(*pro hac vice* pending)<br>Mark J. Chaney III (LA #35704)<br>(*pro hac vice* pending)<br>Adams and Reese LLP<br>701 Poydras Street, Suite 4500<br>New Orleans, Louisiana 70139<br>Phone: (504) 581-3234<br>Facsimile: (504) 566-0210<br>richard.aguilar@arlaw.com<br>mark.chaney@arlaw.com<br><br>*Counsel for Automotive Rentals, Inc. and ARI Fleet LT* |