**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442<br><br>Jointly Administered |

**DECLARATION OF JACOB TROMBINO IN SUPPORT OF MOTION OF CVS PHARMACY, INC. FOR AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(d) TO PERMIT CVS PHARMACY, INC. TO REMOVE AND DISPOSE OF KIOSKS**

I, Jacob Trombino, hereby declare (this "Declaration"), pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen, of sound mind, capable of making this Declaration and personally acquainted with the facts stated herein, which are true and correct to the best of my knowledge, information, and belief.

2. I am Executive Director, Divisional Merchandise for CVS Pharmacy, Inc. ("CVS"), and I am authorized to submit this Declaration on behalf of CVS.

3. CVS and Redbox Automated Retail, LLC ("Redbox") were parties to that certain Kiosk Operating Agreement, effective as of January 1, 2016 (as amended, restated,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

00668510

supplemented, or modified from time to time, the "Kiosk Agreement"), a true and correct copy of which is attached hereto as Exhibit 1.

4. Pursuant to the Kiosk Agreement, Redbox placed approximately 2,500 kiosks through which it operates DVD rentals at various CVS retail locations (the "Kiosks").

5. In exchange for the right to operate the Kiosks on CVS's premises, Redbox agreed to pay CVS a commission each quarter, among other terms. Redbox has not paid commissions since 2022, and presently owes CVS no less than $466,639.00 in unpaid commissions.

6. The Kiosk Agreement provided that it would automatically renew "unless either party gives notice of its intent not to renew this contract at least ninety (90) days before expiration of the current term" – namely, "11:59 p.m. (Central time) on December 31, 2023" (the "Expiration Date").

7. On September 20, 2023, over 90 days prior to the Expiration Date, CVS provided Redbox timely written notice of its intent not to renew the Kiosk Agreement, and asked Redbox to "reach out to CVS to plan for the smooth surrender of premises as set forth in Section 6.7 of the Kiosk Agreement." A true and correct copy of this written notice is attached hereto as Exhibit 2.

8. Redbox has had no legal right to keep the Kiosks on CVS's premises for over six months. Yet despite that fact, Redbox has removed only a very limited number of Kiosks from CVS's premises.

9. In October of 2023, Redbox acknowledged that the Kiosk Agreement would expire on December 31, 2023, but it further told CVS that it would not remove any Kiosks upon expiration of the Kiosk Agreement or at any point in 2024.

10. CVS received no response to a letter from CVS's counsel concerning removal of the Kiosks sent to Redbox on December 4, 2023. A true and correct copy of said letter is attached hereto as Exhibit 3.

11. CVS did not receive any response to an email sent by counsel on February 7, 2024, seeking from Redbox a "schedule to remove the kiosks from locations that have closed or are closing and being turned over to landlords this month." A true and correct copy of said email is attached hereto as Exhibit 4.

12. Redbox's nonresponsiveness to its obligations under the Kiosk Agreement has caused and continues to cause significant harm to CVS. Most acutely, CVS has locations at which its leases have expired or are about to expire, requiring CVS to vacate the premises, and CVS has or is about to return those premises to its landlords (collectively, the "Expiring Lease Locations"). The presence of the Kiosks at the Expiring Lease Locations has exposed CVS to potential liability to its landlords.

13. At other locations where CVS's leases are not about to expire, the presence of Kiosks is preventing CVS from proceeding with remodeling projects, including the conversion of certain CVS locations into HealthHUBs, and is generally interfering with CVS's use and enjoyment of its premises.

14. On February 21, 2024, CVS filed suit against Redbox in the Circuit Court of Cook County, Illinois (the "State Court"), in a case captioned *CVS Pharmacy, Inc., v. Redbox Automated Retail, Inc.*, Case No. 2024 CH01077 (the "State Court Case").

15. The State Court Case asserted claims for (a) specific performance, seeking to have the State Court order Redbox to remove the Kiosks from all CVS locations within 30 days; (b) declaratory judgment, seeking a declaration as to CVS's right to remove the Kiosks itself; and (c) breach of contract for unpaid commissions under the Kiosk Agreement (which presently total at least $466,639.00).

16. On February 22, 2024, CVS filed a motion for preliminary injunction in the State Court Case, seeking entry of an order requiring Redbox to remove the Kiosks from locations at which CVS's leases had already expired within ten days.

17. After CVS's motion for preliminary injunction, by agreement with CVS in order to avoid a court-imposed injunction, Redbox did remove a small number of Kiosks related to CVS locations that were closing or being remodeled at that time. However, dozens more CVS locations have subsequently closed, and more are scheduled for closure and remodeling projects this month. Redbox has taken no action to remove Kiosks from these locations. Nor has Redbox taken action to remove damaged Kiosks, which have been flagged as damaged by CVS field leaders, from other open locations.

18. Redbox sought and received an extension of time to answer CVS's complaint until beyond the Petition Date, and the State Court Case is now stayed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of July, 2024,

at Woonsocket, Rhode Island.

/s/ Jacob Trombino
Jacob Trombino,
Executive Director, Divisional Merchandise
CVS Health Corp.