## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*, | Case No. 24-11442 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: August 6, 2024, at 4:00 p.m. (ET)** **Hearing Date: August 13, 2024, at 10:00 a.m. (ET)** |

### MOTION OF PROLOGIS TARGETED U.S. LOGISTICS FUND, L.P. FOR RELIEF FROM THE AUTOMATIC STAY

Prologis Targeted U.S. Logistics Fund, L.P. ("Landlord" or "Movant") hereby files this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), lifting the automatic stay for the limited purpose of allowing Movant to execute an order for possession of real property, which was entered in a prepetition state court proceeding. In support of this Motion, Landlord respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 7 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Movant consents to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory and legal predicates for the relief sought herein are section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

## BACKGROUND

4.      On September 29, 2021, Movant, as landlord, and debtor Redbox Automated Retail, LLC ("Redbox" or "Debtor"), as tenant, entered into that certain lease agreement (the "Lease"), covering premises constituting 281,464 square feet of rentable space (as more fully described in the Lease, the "Premises"), located in Landlord's building at 430 Gibraltar Drive, Bolingbrook, Illinois 60643.  A true and correct copy of the Lease is attached hereto as **Exhibit B**.

5.      The term of the Lease is fifty (50) months, beginning on October 1, 2021, and ending on November 30, 2025.

6.      In connection with the execution of the Lease, Debtor provided to Landlord a security deposit in the amount of $800,000.00.  The security deposit was subsequently reduced in accordance with the Lease to $300,000.00 and applied in October 2023 following Redbox's defaults.

7.      The Lease requires Debtor to make payments of base and additional rent including fixed operating expenses and taxes (collectively, "Rent").  For the month of July 2024, the Rent comprised monthly base rent of $101,327.04, monthly taxes of $30,795.00 and monthly fixed expenses of $17,614.00.

2

8.      On February 2, 2024, Landlord commenced a commercial eviction proceeding in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (the "State Court"), Case No. 2024EV000237, seeking to recover possession of the Premises (the "Eviction Proceeding").

9.      On May 16, 2024, Landlord and Redbox entered into that certain *Settlement Agreement and Release* (as amended, the "Settlement Agreement").  Pursuant to the Settlement Agreement, Landlord and Redbox agreed to settle the Eviction Proceeding, and Redbox agreed, *inter alia*, to make installment payments of an agreed-upon settlement amount.

10.     Redbox also agreed per the Settlement Agreement to restore the security deposit in the amount of $300,000.00 in the form of a letter of credit.

11.     As security for Redbox's timely performance under the Settlement Agreement, Landlord and Redbox executed an agreed eviction order for $1,156,477.29 (the "Agreed Judgment"), which was to be filed in the Eviction Proceeding if Redbox failed to make any of the installment payments or provide the letter of credit.

12.     On June 24, 2024, the State Court entered an *Order of Immediate Possession for the Premises* (the "Order for Possession"), a copy of which is attached hereto as **Exhibit C**.  The Order for Possession does not include a monetary component.  Pursuant to the *First Amendment to the Settlement Agreement and Release*, Landlord agreed to hold the Order for Possession in escrow until June 28, 2024, to be released thereafter if Redbox failed to either make the installment that was due on June 27, 2024, or provide the letter of credit by June 27, 2024.

13.     Redbox failed to make the installment payment of $539,737.12, which was due on June 27, 2024.

14.     Redbox also failed to provide the letter of credit by the deadline of June 27, 2024.

15.     Accordingly, on June 28, 2024, the Order for Possession was released from escrow.

16.     On June 29, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

17.     Redbox did not pay Rent for July 2024, which was due and owing on July 1, 2024.

18.     On July 10, 2024, the Court entered the *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120].

19.     On July 11, 2024, George L. Miller was appointed as Interim Trustee/Trustee of the Debtors (the "<u>Trustee</u>") [D.I. 130].

20.     Neither the Debtor pre-conversion nor the Trustee post-conversion has paid Rent for July 2024.

21.     As of the filing of this Motion, $1,071,317.24 in arrears is due and owing under the Lease.

22.     An additional $145,829.04 will come due and owing under the Lease on August 1, 2024.

## RELIEF REQUESTED

23.     By this Motion, Landlord seeks entry of an order by this Court lifting the automatic stay to allow Landlord to execute the Order for Possession and re-take possession of the Premises.

24.     Landlord respectfully requests that any relief granted by this Court pursuant to this Motion to take effect immediately notwithstanding Bankruptcy Rule 4001(a)(3).

## BASIS FOR RELIEF

### A.     Landlord Is Entitled to Relief from the Automatic Stay Under Section 362(d)(1).

25.     As set forth above, the Debtor and Trustee have failed to pay post-petition rent required by the Lease.  Landlord submits that it is entitled to immediate relief from the automatic stay in order to exercise its rights and remedies under the Lease and regain possession of the Premises.

26.     The Bankruptcy Code requires a trustee or debtor-in-possession to timely perform its

4

obligation to pay rent.  Specifically, section 365 provides that "[t]he trustee *shall* timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."  11 U.S.C. § 365(d)(3) (emphasis added).

27.     "The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms."  *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001).  This intent, "evidenced by both the statutory language and the legislative history, makes clear that section 365(d) was amended to protect lessors from the risk of loss in bankruptcy cases due to the trustee [or debtor-in-possession] failing to make timely provision for unexpired leases."  *In re Lonuga*, 58 B.R. 503, 506 (Bankr. W.D. Wis. 1986); *see also Montgomery*, 268 F.3d at 210.

28.     Section 362(d)(1) provides a party-in-interest relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not define "cause" for section 362(d) purposes, but the plain language of section 362(d)(1) states that a lack of adequate protection constitutes "cause."  A debtor's failure to satisfy its obligations under section 365(d)(3) of the Bankruptcy Code may also constitute cause and entitle a landlord to relief from the automatic stay.  *See In re Hitz Restaurant Group*, 616 B.R. 374, 380 (Bankr. N.D. Illinois 2020) (holding that the debtor's failure to pay post-petition rent "will result in entry of an order by this Court holding that Creditor has 'cause' under § 362(d)(1) to lift the automatic stay because of [d]ebtor's failure to adequately protect [c]reditor's interest in the leasehold"); *In re Rocchio*, 125 B.R. 345, 347 (Bankr. D.R.I. 1991) (finding that the debtor's failure to pay post-petition rent and either cure the default, provide

adequate protection, or give adequate assurance of future performance constituted "cause" to lift the automatic stay).

29.     The Debtor and Trustee have failed to deliver post-petition rent to Landlord in accordance with the terms of the Lease or otherwise.  Specifically, Landlord has not received any payments for July 2024 Rent as required by section 365(d)(3) of the Bankruptcy Code. Accordingly, cause exists to grant Landlord immediate relief from the automatic stay to exercise its rights and remedies under the Lease, including but not limited to continuation of the Eviction Proceeding.

30.     In addition, Landlord is not adequately protected.  Neither the Debtor nor the Trustee has proffered, nor has either been able to provide, Landlord with adequate protection of its interest, whether that protection be in the form of post-petition payments, which remain outstanding at a minimum of $149,736.04 as of the date hereof, or otherwise.  And the risk Landlord faces given the lack of adequate protection is heightened by the conversion to a liquidation under chapter 7 and the facts and circumstances of these cases.

31.     A party opposing relief from the stay has the burden of showing adequate assurance of future performance.  *See In re Boomgarden*, 780 F.2d 657, 663 (7th Cir. 1985) (affirming the bankruptcy court's decision to lift the automatic stay because, among other things, the debtor "had a limited disposable income, faced substantial overdue and unpaid debts, had no equity in the property, at least in a bankruptcy sense, and was not paying any insurance or real estate taxes."). Given the conversion of the Debtor's chapter 11 case to a liquidation under chapter 7 of the Bankruptcy Code, the Trustee is unable to provide the required adequate assurance of future performance.  As such, cause exists under section 362(d)(1) to lift the automatic stay and granting

Landlord relief from the automatic stay to allow Landlord to continue the Eviction Proceeding is warranted under the circumstances.

**B.      Landlord Is Entitled to Relief from the Automatic Stay Under Section 362(d)(2).**

32.      Section 362(d)(2) provides a party-in-interest with an alternative basis for relief from the automatic stay "with respect to a stay of an act against property . . . , if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). Because section 362(d)(2) is drafted in the conjunctive, both prongs must be satisfied to grant relief from the stay. *See Matter of Grantsville Hotel Assocs., L.P.*, 103 B.R. 509, 510 (Bankr. D. Del. 1989); *In re New Era Co.*, 125 B.R. 725, 728 (S.D.N.Y.1991). "(1) [T]he party requesting … relief [from the stay] has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g); *In re New Era Co.*, 125 B.R. at 728. "Equity in this context refers to the 'difference between the property value and the total amount of liens against it.'" *In re New Era Co.*, 125 B.R. at 728 (quoting *In re 6200 Ridge, Inc.*, 69 B.R. 837, 842 (Bankr.E.D.Pa.1987)).

33.      With respect to the first prong, Debtor has no ownership interest, whether legal or equitable, in the Premises that is the subject of the Lease. Debtor is merely a tenant, and the Trustee has no authority to sell the Premises and recover any equity value. With respect to the second prong, given the conversion to a liquidation under chapter 7, an effective reorganization is no longer a possibility. As such, both prongs are met and granting Landlord the requested relief from the automatic stay pursuant to section 362(d)(2) is appropriate.

**C.      Disposal of Any Abandoned Property Is Necessary.**

34.      In connection with Landlord's recovered possession of the Premises, Landlord requests that Court deem abandoned, and authorize Landlord to dispose of, any property remaining

7

on the Premises.  Landlord expects that any personal property left on the Premises will be of inconsequential value or benefit to the Debtor's estate.  For Landlord, however, the inability to dispose of personal property left on the Premises would result in further financial harm and hinder its ability to mitigate its damages (and reduce corresponding claims against Redbox's estate) through re-leasing the Premises.[2]

35.    Accordingly, Landlord respectfully requests that it be allowed to dispose of any property remaining on the Premises once it recovers possession of the Premises.

## WAIVER OF STAY IN BANKRUPTCY RULE 4001(a)(3)

36.    Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." Fed. R. Bankr. P. 4001(a)(3) (emphasis added).

37.    Landlord respectfully requests that the fourteen (14) day stay in Bankruptcy Rule 4001(a)(3) be waived.  Landlord asserts that the waiver of the stay is necessary so Landlord can immediately seek to take possession of the Premises and cut off the unsatisfied administrative rent obligations.

## COMPLIANCE WITH LOCAL RULE 4001-1(d)

38.    In accordance with Local Rule 4001-1(d), counsel to the Movant shall confer with the Trustee with respect to the issues raised by this Motion in advance of the hearing for the

---

2  Courts in this district have previously approved similar relief in other chapter 11 cases.  *See, e.g.*, *In re CBC Rest. Corp.*, No. 23-10245 (Bankr. D. Del. July 6, 2023) [D.I. 690] (modifying the automatic stay to allow landlords to use or dispose of all remaining personal property in their sole and absolute discretion without further notice or liability to the debtors or any consenting third parties); *In re iMedia Brands, Inc.*, No. 23-10852 (Bankr. D. Del. September 6, 2023) [D.I. 516] (allowing landlords to dispose any abandoned property without notice or liability to the debtors or any consenting third party and preserving landlords' rights to file a claim for the costs of disposal).

purpose of determining whether a consensual order may be entered and/or for the purpose of stipulating to relevant facts.

## NOTICE

39.     Notice of this Motion has been provided to: (i) counsel for the Debtors; (ii) the Office of the United States Trustee of the District of Delaware; (iii) the Trustee; and (iv) any party who has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated:  July 30, 2024
        Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Ian J. Bambrick*
Ian J. Bambrick (No. 5455)
222 Delaware Ave. Suite 1410
Wilmington, DE  19801
Telephone:  (302) 467-4200
Facsimile:  (302) 467-4201
Email: ian.bambrick@faegredrinker.com

-and-

Brian P. Morgan
1177 Avenue of the Americas
41st Floor
New York, New York 10036
Telephone:  (212) 248-3140
Facsimile:  (212) 248-3141
Email: brian.morgan@faegredrinker.com

*Counsel to Prologis Targeted U.S. Logistics Fund, L.P.*