**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC. *et al,* [1]<br><br>     Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date:  September 4, 2024 at 2:00 p.m. ET<br>Objection Deadline: August 19, 2024 at 4:00 p.m. ET |

**TRUSTEE'S MOTION FOR ENTRY OF ORDER (I) REJECTING THIRD AVENUE LEASE, (II) ABANDONING PERSONAL PROPERTY TO LANDLORD, AND (III) GRANTING RELATED RELIEF**

  George L. Miller, as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned proposed counsel, pursuant to sections 365 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") for entry of an order (i) rejecting the Estates' interest in the Third Avenue Lease (as defined herein), effective as of July 31, 2024; (ii) authorizing the Trustee to abandon any personal property remaining at the Property (as defined herein), effective as of July 31, 2024; and (iii) providing certain related relief. In support of the Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a Final Order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

A. **Overview**

2. On June 29, 2024, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

3. On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "Conversion Order"). In the Conversion Order, the Court ordered that the Bankruptcy Cases are converted to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. (*See* Conversion Order ¶ 2.)

4. On July 11, 2024, the United States Trustee for Regions 3 and 9 appointed Mr. Miller as the interim chapter 7 trustee of the Estates.

5. Prior to the Petition Date, the Debtors provided premium entertainment content to value-conscious consumers. The Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, with three flagship streaming services: *Redbox*, *Crackle*, and *Chicken Soup for the Soul*. In addition, through Debtor Redbox Automated Retail

LLC, the Debtors operated (i) Redbox Free Live TV, a free ad-supported streaming television service with approximately 180 channels, (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

### B. Third Avenue Lease

6. On or about February 24, 2020, Debtor CS Entertainment, as tenant, and Joseph P. Day Realty Corp., as agent for 800 Third Avenue Associates, LLC, as owner (the "Landlord"), entered into that certain *Standard Office Lease* dated February 24, 2020 (the "Third Avenue Lease").

7. Under the Third Avenue Lease, CS Entertainment leased from the Landlord certain real property located at 800 Third Avenue, New York, NY, as fully described in the Third Avenue Lease (the "Property").

8. On July 29, 2024, the Trustee, through his agent, removed substantially all personal property and records from the Property with the assistance of the Landlord. On information and belief, the Landlord has disabled the Debtors' electronic keycard and is thus in possession of the Property.

9. On July 31, 2024, the Trustee notified the Landlord (through its counsel) that the Trustee intended to reject the Third Avenue Lease.

### SUMMARY OF RELIEF REQUESTED

10. By this Motion, the Trustee respectfully requests entry of an order: (i) approving the Estates' rejection of the Third Avenue Lease; (ii) abandoning any personal property that may remain at the Property (the "Personal Property"); and (iii) granting related relief.

**RELIEF REQUESTED AND APPLICABLE AUTHORITY**

**I.     The Trustee requests that the Court approve the rejection of the Third Avenue Lease.**

11.     Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the Trustee.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).  Application of the business judgment standard requires a court to approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985).  Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

12.     Rejection of an unexpired lease is appropriate where such rejection would benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).  Upon finding that a trustee has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code.  *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed,* 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding

that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. Here the Third Avenue Lease provides no benefit to the Estates. Absent rejection, the Estates may be liable for continued rent payments and associated charges under the Third Avenue Lease. The Trustee has determined in his business judgment that the carrying cost of the Third Avenue Lease exceeds any value that might potentially be achieved from attempting to assign the lease or sublet the Property.

II. **The Trustee requests that rejection of the Third Avenue Lease take effect as of July 31, 2024.**

14. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See, e.g., In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating that "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *see also In re At Home Corp.*, 392 F.3d 1064,

LEGAL\71916402\2

1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

15. "To grant *nunc pro tunc* rejection, the [Trustee] must have stated an unequivocal intent to reject the leases." *In re Fleming Companies, Inc.,* 304 B.R. 85, 96 (Bankr. D. Del. 2003); *see Chi-Chi's*, 305 B.R. at 399 (authorizing rejection as of date debtors surrendered possession to landlord). "Courts have further held that the retroactive rejection of executory contracts and unexpired leases may be approved 'after balancing the equities' of a case and concluding that such equities weigh in favor of the debtor." *In re Extraction Oil & Gas,* 622 B.R. 608, 630 (Bankr. D. Del. 2020) (authorizing retroactive rejection where debtors sought relief as soon as they determined that lease rejection was in the best interest of their estates, and where failing to authorize retroactive rejection would force debtors to "incur unnecessary administrative charges . . . that do not provide an equivalent benefit to the Debtors' estates").

16. Here, the balance of equities favors rejection of the Third Avenue Lease effective as of July 31, 2024. Without this relief, the Estates may incur unnecessary administrative expenses related to the Third Avenue Lease. On the other hand, the Landlord will not be prejudiced if rejection is deemed effective as of July 31st, because by this date, the Trustee had already surrendered possession of the Property. Furthermore, on or before July 31, 2024, the Trustee notified the Landlord (through its counsel) that he would be rejecting the Third Avenue Lease.

17. Contemporaneously with the filing of this Motion, the Trustee will cause notice of this Motion to be served on the Landlord, thereby allowing it sufficient opportunity to respond if it wishes.

18. The Court has routinely approved similar relief in the past. *See In re Akorn Holding Company, LLC, et al.,* Case No. 23-10253 (KBO) (Bankr. D. Del. May 30, 2023) (authorizing

retroactive rejection of the lease as of specified dated); *In re Cosi, Inc.,* Case No. 20-10417 (BLS) (Bankr. D. Del. Aug. 10, 2020) (authorizing retroactive rejection of lease as of specified date); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (authorizing debtors' rejection of certain license agreements *nunc pro tunc* to prior notice date); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases *nunc pro tunc* to prior notice date); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Apr. 15, 2015) (authorizing rejection of executory contracts effective as of specified dates); *In re QCE Fin. LLC*, No. 14-10543 (PJW) (Bankr. D. Del. Apr. 9, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Feb. 26, 2014) (authorizing rejection of unexpired leases *nunc pro tunc* to prior notice date).

19. Accordingly, the Trustee respectfully request that the Court deem the Third Avenue Lease rejected effective as of July 31, 2024.

### III. The Trustee requests that the Court authorize the abandonment of any Personal Property that remains at the Property, effective as of July 31, 2024.

20. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Courts generally give great deference to a debtor's decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id*.

21. In this case, the Trustee has already removed substantially all records and other Personal Property from the Property prior to July 31, 2024. Any Personal Property that may remain at the Property is of inconsequential value, and the cost of removing and storing any such Personal Property for future sale would exceed its value. Further, any efforts by the Trustee to move or market any Personal Property that may remain could unnecessarily delay the Trustee's surrender of the Property and rejection of the Third Avenue Lease. Accordingly, the Trustee's determination to abandon the Personal Property is appropriate, and well within his business judgment.

22. This Court has routinely approved similar relief. *See, e.g., See In re Akorn Holding Company, LLC, et al.,* Case No. 23-10253 (KBO) (Bankr. D. Del. May 30, 2023) (authorizing the trustee to abandon any personal property that may remain at the leased property upon lease rejection); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (authorizing, but not directing, the debtors to abandon personal property at the debtors' leased premises that was subject to a rejected lease); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (same); *In re Sports Auth. Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Apr. 4, 2016) (same); *In re Samson Res. Corp.*, No. 5-11934 (CSS) (Bankr. D. Del. Feb. 19, 2016) (same).

## **NOTICE**

23. Notice of this Motion together with a copy of the Motion will be given to the following parties: (a) the Office of the United States Trustee; (b) the Debtors' counsel; (c) the Landlord and its counsel; (d) counsel to HPS Investment Partners, LLC; (e) largest thirty (30) unsecured creditors with names and addresses appearing in the Chapter 11 Voluntary Petition prepared by the Debtors; and (f) all parties who have requested notice pursuant to Federal Rule of

Bankruptcy Procedure 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of Order attached hereto as **Exhibit A**, (i) rejecting the Third Avenue Lease, effective as of July 31, 2024; (ii) abandoning any Personal Property that remains at the Property, effective as of July 31, 2024; and (iii) granting any additional relief as is just and proper.

Dated: August 2, 2024

COZEN O'CONNOR

By: */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-1648 Phone
(312) 382-8910 Fax No.
daviddoyle@cozen.com

*Proposed Counsel to George L. Miller, Chapter 7 Trustee*

LEGAL\71916402\2