**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>*Proposed Hearing Date*: **August 21, 2024 at 2:00 p.m. (ET)**<br>*Proposed Objection Deadline*: **August 14, 2024 at 4:00 p.m. (ET)**<br><br>**Re: Docket No. 202** |

**MOTION FOR ENTRY OF AN ORDER SHORTENING
AND LIMITING THE NOTICE WITH RESPECT TO WALMART INC.'S
MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO
PERMIT WALMART INC. TO REMOVE AND DISPOSE OF KIOSKS**

Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart"), by and through its respective undersigned counsel, hereby file this motion (the "Motion to Shorten") for entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening and limiting the notice with respect to the *Walmart Inc.'s Motion for an Order Modifying the Automatic Stay to Permit Walmart Inc. to Remove and Dispose of Kiosks* [Docket No. 202] (the "Stay Motion").[2] In support hereof, the Walmart respectfully state as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] The Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Stay Motion, as applicable.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over the above-captioned chapter 7 cases (these "Chapter 7 Cases"), the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Walmart consents to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of these Chapter 7 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1.

## BACKGROUND

5.      On June 29, 2024 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      In the Debtors' voluntary petitions, Walmart was listed as having an unsecured claim against the Debtors' estate in the amount of $4,143,986.  *See* Docket No. 1.

11678705v.1

7.     On July 10, 2024, the Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. *See* Docket No. 120.  On July 11, 2024, the chapter 7 trustee of the Debtors' estates was appointed (the "Trustee").  *See* Docket No. 130.

8.     The relevant factual background is set forth in the Stay Motion.  Walmart hereby incorporates the Stay Motion by reference as if it were fully set forth herein.

## RELIEF REQUESTED

9.     By this Motion to Shorten, Walmart seeks entry of the Proposed Order, shortening the notice period with respect to the Stay Motion and setting the Stay Motion for hearing scheduled for **August 21, 2024 at 3:00 p.m. (ET)** (the "Proposed Hearing Date"), setting the objection deadline to the Stay Motion as **August 14, 2024 at 4:00 p.m. (ET)** (the "Proposed Objection Deadline").

## BASIS FOR RELIEF REQUESTED

10.     Bankruptcy Rule 2002(a) requires twenty-one (21) days' notice prior to the hearing on the Stay Motion.  *See* Fed. R. Bankr. P. 2002(a).  Pursuant to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time. . . the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice.  Del. Bankr. L.R. 9006-1(e).  In addition, Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

11678705v.1

11.     In exercising such discretion, the court should "consider the prejudice to the parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting that such motions are common in light of the "accelerated timeframe of bankruptcy proceedings").  Indeed, as stated in section 102(1) of the Bankruptcy Code, "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion.  *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").  Finally, Bankruptcy Code section 105(a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

12.     Here, compelling circumstances exist to shorten notice in connection with the Stay Motion.  Walmart submits a hearing on the Stay Motion should take place at the Court's earliest convenience to avoid harm and prejudice to Walmart resulting from further delay in the removal of Kiosks.

13.     As more time elapses, the Kiosks continue to consume valuable space both inside and outside Walmart stores. Further, in light of the recent conversion of the Debtors' cases to the Chapter 7 Cases, there is no ongoing Redbox business.  Walmart stores now bear the risk of potential negative impressions of third-who may associate Walmart with Redbox's failure to maintain certain of the Kiosks.

14.     As described in the Stay Motion there is no legal basis for the Redbox estate to maintain rights in the Kiosks while leaving them on Walmart property for an indefinite period of

11678705v.1

time, with no attempt to reclaim them. Therefore, Walmart believes that expedited relief is appropriate to begin the removal of Kiosks and to avoid the accumulation of any additional delays and expenses.

15.     Further, if the Stay Motion is granted, and Walmart is allowed to remove, sell, destroy and/or otherwise dispose of in any way it sees fit the Kiosks, the Debtors' estates would be relieved of ongoing burden to do so under the terms of the Master Agreement. The Debtors' estates would also be relieved from any potential liability for an administrative claim accruing post-petition for the unpaid Location Allowance fees.  Having the Stay Motion heard at the Proposed Hearing Date would also promote economic efficiency and judicial economy by limiting the number of hearings in this case.   Accordingly, due to the need to remove the Kiosks quickly, it is crucial that the Stay Motion be approved on the proposed timeline, which will in turn maximize the value of the Debtors' estates.

16.     Walmart Inc. is providing a seven (7) day objection deadline where Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).  Therefore, Walmart submits that the prejudice, if any, to parties in interest is minimal and all parties' rights to object to the substantive relief requested in the Stay Motion are substantially preserved.

17.     For or these reasons, Walmart respectfully submit that allowing Stay Motion to be considered on shortened notice at the Proposed Hearing Date, is reasonable and appropriate in these circumstances.  If the Court is not inclined to grant shortened notice, then Walmart requests that the Court provide an alternative hearing date that is as soon after the Proposed Hearing Date as possible, subject to the convenience and availability of the Court.

11678705v.1

## LOCAL RULE 9006-1(e) CERTIFICATION

18.     In accordance with Local Rule 9006-1(e), counsel to Walmart notified counsel to the Trustee and the Office of the United States Trustee for the District of Delaware of Walmart's intent to seek the relief requested in this Motion to Shorten.

## NOTICE

19.     Notice of this Motion has been provided to the following parties and/or their respective counsel, as applicable: (a) the Debtors; (b) the Chapter 7 Trustee; (c) the Office of the United States Trustee for the District of Delaware; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

20.     No prior motion for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE**, Walmart respectfully request that the Court enter the Proposed Order, and grant such other and further relief to Walmart as may be just and proper.

*[Signature Page Follows]*

6

Dated: August 2, 2024          Respectfully submitted,

*/s/ Maria Kotsiras*
Jeremy W. Ryan (No. 4057)
R. Stephen McNeill (No. 5210)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone:    (302) 984-6000
Facsimile:    (302) 658-1192
Email: jryan@potteranderson.com
       rmcneill@potteranderson.com
       mkotsiras@potteranderson.com

*Counsel for Walmart Inc.*

11678705v.1