**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: At or Before Hearing**<br>Hearing Date: August 21, 2024 at 2:00 p.m. (ET)<br><br>Re: Docket No. 202 |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
WALMART INC. TO FILE UNDER SEAL WALMART INC.'S MOTION
FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT
WALMART INC. TO REMOVE AND DISPOSE OF KIOSKS**

Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart"), by and through its respective undersigned counsel, hereby file this motion (the "Motion") seeking entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Walmart to file under seal *Walmart Inc.'s Motion for an Order Modifying the Automatic Stay to Permit Walmart Inc. to Remove and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

*Dispose of Kiosks* (the "Stay Motion") [2] filed contemporaneously herewith. In support of this Motion, Walmart respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Further, pursuant to Local Rule 9013-1(f), Walmart hereby consents to the entry of a final judgment or order in connection with the Motion to Seal if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

## BACKGROUND

4. The relevant factual background is set forth in the Stay Motion. Walmart hereby incorporates the Stay Motion by reference as if it were fully set forth herein.

5. On August 2, 2024, the Walmart filed the Stay Motion which included the Master Agreement with Redbox Automated Retail, LLC and correspondences related to the terms of the Master Agreement as exhibits to the Declaration. *See* Docket No. 202. Walmart respectfully submits that the Stay Motion includes sensitive confidential business information relating to a confidential contract (the "Confidential Information").

---

[2] The Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stay Motion.

**RELIEF REQUESTED**

6. By this Motion, pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and rule 9018-1 Local Rules, Walmart respectfully requests entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing Walmart to file the Motion.

**BASIS FOR RELIEF**

7. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of harmful matter. *See* 11 U.S.C. § 107(b)(2). This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect a person with respect to a scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b).

8. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local

Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion requesting such relief.  Del. Bankr. L.R. 9018-1(d).

10. Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause."  *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

11. Here, the Stay Motion and attached exhibits contain confidential, commercially sensitive, economic information, including pricing terms and descriptions of Walmart and Redbox's contracts, and therefore satisfy one of the categories enumerated in Bankruptcy Code section 107(b) for sealing documents.  The disclosure of Walmart's pricing terms and descriptions could give a competitor, or other parties, an unfair advantage to the detriment of Walmart.  Additionally, the Master Agreement specifically prohibits the disclosure of the terms thereof.  Disclosing the terms of the Master Agreement would violate the confidentiality requirements of the Master Agreement.  Walmart submits that the Stay Motion and the related exhibits attached fall within the scope of "commercial information" that must be protected pursuant to section Bankruptcy Code section 107(b)(1).  Walmart therefore believes that the relief requested is appropriate and necessary under the circumstances.

12. Walmart has already filed a sealed version of the Stay Motion on the docket as restricted documents, in accordance with CM/ECF procedures.  *See* Docket No. 202.  Additionally,

consistent with the Local Rules, Walmart intends to file a proposed redacted version of the Stay Motion publicly.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

13. To the best of the knowledge, information, and belief of the undersigned counsel to Walmart, the Stay Motion contains information that is confidential, as contemplated by Local Rule 9018-1(d). Prior to the filing of this Motion, Walmart conferred in good faith with the Chapter 7 Trustee on the filing of this Motion.

## NOTICE

14. Notice of this Motion to Seal has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) the Chapter 7 Trustee; and (d) any party that requests service pursuant to Bankruptcy Rule 2002.

[*Remainder of page intentionally left blank*]

WHEREFORE, Walmart respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested by this Motion and granting such other relief as may be just and proper.

Dated: August 5, 2024

Respectfully submitted,
*/s/ Maria Kotsiras*
Jeremy W. Ryan (No. 4057)
R. Stephen McNeill (No. 5210)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone:   (302) 984-6000
Facsimile:    (302) 658-1192
Email: jryan@potteranderson.com
           rmcneill@potteranderson.com
           mkotsiras@potteranderson.com

*Counsel for Walmart Inc.*