IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| *Debtors.* | ) | Hearing Date: September 4, 2024 at 2:00 p.m. (EDT) |
| | ) | Obj. Deadline: August 22, 2024 at 4:00 p.m. (EDT) |

### MOTION OF BLK IL TOWER LLC TO COMPEL
### TRUSTEE TO REJECT LEASE AND FOR RELATED RELIEF

BLK IL TOWER LLC (the "Landlord"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order, pursuant to section 365(d) of the Bankruptcy Code, compelling George L. Miller, as Chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), hereby moves for the entry of an Order (i) compelling the rejection of the Estates' interest in the Lease (as that term is defined below); and (ii) compelling the Trustee to abandon any personal property remaining at the Premises (as that term is defined below). In support of this Motion, the Landlord respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M), and pursuant to Local Rule 9013-1(f).

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

1

**BACKGROUND**

2.  On June 29, 2024, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

3.  On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [Dkt. No. 120](the "Conversion Order"). In the Conversion Order, the Court ordered that the Bankruptcy Cases were converted to Chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. On July 11, 2024, the Trustee was appointed as interim Chapter 7 trustee of the Estates.

4.  Prior to the Petition Date, the Debtors provided entertainment content to consumers. The Debtors' flagship services were Redbox, Crackle and Chicken Soup for the Soul. In addition, through Redbox Automated Retail, LLC ("Redbox Automated"), one of the above-captioned Debtors, the Debtors operated (i) Redbox Free Live TV, a streaming television service; (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

**THE LEASE**

5.  The Landlord[2] and Redbox Automated are parties to a Standard Office Lease dated December 22, 2009, which has been amended on seven (7) occasions, most recently by that certain Seventh Amendment dated as of November 2, 2023 (individually, the "7th Amendment" and collectively, with the Standard Office Lease and all other amendments thereto, the "Lease"). A

---

[2] The 7th Amendment (*i.e.* the most recent Amendment to the Lease), shows BRE IL Office Owner LLC ("BRE") as the landlord under the Lease. The Landlord acquired BRE's interest in the Lease, as evidenced by a Bill of Sale dated November 7, 2023, a copy of which is attached hereto as **Exhibit C**.

copy of the Standard Office Lease is attached hereto as **Exhibit A**. A copy of the 7th Amendment is attached hereto as **Exhibit B**[3].

6. Pursuant to the Lease, the Landlord presently leases to Redbox Automated space containing approximately 69,503 rentable square feet of office space (the "Premises"), comprised of (i) 24,555 rentable square feet known as Suite WAR05 on the ground floor of the Oakbrook Terrace Annex (the "Annex"), and (ii) 22,474 rentable square feet known as Suite 800 on the 8th floor located in the building commonly known as Oakbrook Terrace Tower located at One Tower Lane, Oakbrook Terrace, Illinois 60181 (the "Project"), plus 124 square feet of storage space known as Unit LWL41 on the lower level of the Project (the "Storage Space"). The current term of the Lease runs through July 31, 2025.[4]

7. As reflected in the 7th Amendment, as of October 24, 2023, Redbox Automated was in arrears on the payment of rent and other lease obligations in the amount of $1,245,402.87 and since that date through the Petition Date additional unpaid rent and obligations accrued under the lease in the amount of $893,453.12, for a total delinquency in the payment of rent and other obligations, as of the Petition Date, of $2,138,855.99.

8. Since the Petition Date, additional amounts totaling $210,896.61 have come due under the Lease but have not been paid. An aged delinquencies report maintained by the Landlord itemizing all pre- and post-Petition defaults is attached hereto as **Exhibit D**.

9. On information and belief, certain personal property of the Estates, consisting of office furniture and computer equipment, is being stored at the premises.

---

[3] Copies of any other Amendments to the Lease can be provided to any party upon request.
[4] Redbox Automated's leased space previously included Suite 700 at the Project. The term of the lease for Suite 700 expired prior to the Petition Date, on December 31, 2023. Prior to the Petition Date, the Landlord re-took possession of Suite 700 and all personal property was removed from Suite 700 by Redbox Automated.

**SUMMARY OF RELIEF REQUESTED**

10. By this Motion, the Landlord respectfully requests the entry of an Order: (i) compelling the Estates' rejection of the Lease; and (ii) abandoning any personal property remaining at the Premises (the "Personal Property").

**RELIEF REQUESTED AND APPLICABLE AUTHORITY**

11. Pursuant to section 365(a) of the Bankruptcy Code, "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The trustee may not assume an unexpired lease of nonresidential real property unless, at the time of assumption (and among other things), the trustee cures existing defaults of provides adequate assurance that the trustee will promptly cure existing defaults. 11 U.S.C. § 365(b)(1)(A).

12. With respect to unexpired leases of nonresidential real property, the trustee's decision to assume or reject must ordinarily be made by the date that is 120 days after the date of the order for relief. 11 U.S.C. § 365(d)(4)(A)(i). If an unexpired lease of nonresidential real property is not assumed or rejected during this period, it is deemed rejected. 11 U.S.C. § 365(d)(4)(A). However, pursuant to section 365(d)(3) of the Bankruptcy Code, pending the trustee's decision on assumption/rejection, "[t]he trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

13. The Trustee is not timely performing the Redbox Automated's obligations under the Lease. Since the Petition Date, 2 rental payments have come due which have not been paid to the Landlord, resulting in a post-petition default of $210,896.61. In the event that the decision to

assume or reject is further delayed, post-petition defaults will continue to accrue in excess of $100,000 per month. Additionally, as of the Petition Date, the existing default under the Lease was $2,182,218.13. It is highly unlikely that the Lease of the Premises (*i.e.* office space in suburban Chicago) will be of any value to the Estates when a precondition of assumption is that this large existing default must be promptly cured. Finally, the Landlord understands that Redbox Automated is no longer operating and that the Premises are not presently being used in the operation of any business.

14.    Section 554(b) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

15.    Prior to the Petition Date, in the context of a negotiation over a Lease Termination Agreement with Redbox Automated (which was ultimately never executed), personnel from the Landlord participated in a walkthrough of the Premises to observe their condition. During that time, personnel from the Landlord observed that the Personal Property at the Premises appeared limited to run-of-the-mill office furniture (*i.e.* desks, chairs, conference tables and the like) and computer equipment used in the operation of an office space in suburban Chicago. On information and belief, this Personal Property is of little-to-no value on the second-hand market. Even if there is some *de minimis* value to the Personal Property, the Landlord should not be required to provide free storage to the Estates while the decision to assume or reject is pondered in lieu of rental payments due under the Lease to the Landlord.

16. Accordingly, the Landlord requests, pursuant to section 554(b) of the Bankruptcy Code, that this Court enter an Order compelling the Trustee's abandonment of the Personal Property at the Premises.

17. Landlord reached out to counsel for the Chapter 7 Trustee to attempt to resolve this matter informally, but was unsuccessful.

## CONCLUSION

WHEREFORE, the Landlord, BLK IL TOWER LLC respectfully requests the entry of an Order: (i) compelling the Trustee's rejection of the Lease; (ii) compelling the Trustee's abandonment of any Personal Property that remains at the Premises; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

Dated: August 8, 2024                              Respectfully submitted,

**GOLDSTEIN & MCCLINTOCK, LLLP**

By: /s/ *Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

-and-

Brian P. Welch, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, IL 60611
Telephone: (312) 840-7117
bwelch@burkelaw.com

*Counsel for BLK IL TOWER LLC*