# EXHIBIT B

## SEVENTH AMENDMENT

**THIS SEVENTH AMENDMENT** (this "**Seventh Amendment**") is made and entered into as of November 2, 2023, by and between **BRE IL OFFICE OWNER LLC**, a Delaware limited liability company ("**Landlord**"), and **REDBOX AUTOMATED RETAIL LLC**, a Delaware limited liability company ("**Tenant**").

## RECITALS

A.  Landlord (as successor in interest to Long Ridge Office Portfolio, L.P., a Delaware limited partnership) and Tenant are parties to that certain Standard Office Lease dated December 22, 2009 (the "**Original Lease**"), which Original Lease has been previously amended by that certain First Amendment to Lease dated as of October 26, 2010, by that certain Second Amendment to Lease dated as of August 22, 2012, by that certain Third Amendment to Lease dated July 23, 2016, by that certain Fourth Amendment to Lease dated June 7, 2017, by that certain Fifth Amendment dated November 13, 2019, and by that certain Sixth Amendment to Lease dated November 20, 2020 (collectively, the "**Existing Lease**"). Pursuant to the Existing Lease, Landlord has leased to Tenant space containing approximately **69,503** rentable square feet of office space (the "**Premises**"), comprised of (i) 24,555 rentable square feet known as Suite WAR05 on the ground floor of the Oakbrook Terrace Annex (the "**Annex**"), (ii) 22,474 rentable square feet known as Suite 700 on the 7th floor and (iii) 22,474 rentable square feet known as Suite 800 on the 8th floor located in the building commonly known as Oakbrook Terrace Tower located at One Tower Lane, Oakbrook Terrace, Illinois 60181 (the "**Project**"), plus **124** square feet of storage space known as Unit LWL41 on the lower level of the Project (the "**Storage Space**").

B.  As of October 24, 2023, Tenant was past due on its Lease obligations in the amount of $1,245,402.87 ("**Delinquent Rent**"), and Landlord and Tenant have agreed that Tenant may pay the Delinquent Rent in installments until it is has been paid in full, subject to the terms and conditions herein, and the parties desire to amend the Existing Lease to reflect the foregoing. The Existing Lease as amended by this Seventh Amendment is herein referred to as the "**Lease**".

**NOW, THEREFORE**, in consideration of the above recitals which by this reference are incorporated herein, the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby amend the Existing Lease and agree and represent as follows:

1.  **Payment of Delinquent Rent.**

    1.1. In consideration of Landlord's willingness to enter into this Seventh Amendment, commencing on November 1, 2023, Tenant shall pay the Delinquent Rent thereon as described below, in monthly installments, by paying the sums (each, a "**Delinquent Payment**" and collectively, the "**Delinquent Payments**") to Landlord as Additional Rent under the Lease as set forth below.

    | Period | Monthly Delinquent Payments |
    |---|---|
    | 11/01/23 – 07/31/25 | $59,304.90 |

    The Delinquent Payments above are in addition to Tenant's currently monthly Rent obligations described in the Lease, including but not limited to the Basic Rent, Tenant's

Proportionate Share of Direct Costs for the Building and other charges. The Delinquent Payments shall be due and payable in advance no later than the seventh day of each calendar month without notice or demand, and without any reduction, abatement, counterclaim or setoff, and Tenant acknowledges a failure to pay a Delinquent Payment by the applicable due date shall be a default under the Lease if Tenant fails to cure such default within 5 calendar days after notice that the same is due and payable hereunder sent to Tenant at the address provided in Article 30 section (l) of the Original Lease (a "**Delinquent Payment Default**"). Tenant may prepay all or any portion of the Delinquent Rent at any time. Tenant acknowledges and agrees that until the Delinquent Rent is paid in full, all funds paid by Tenant to Landlord (whether designated as Basic Rent, Tenant's Proportionate Share of Direct Costs for the Building, Delinquent Payments or otherwise) shall be applied first to the most current charges of Basic Rent, Tenant's Proportionate Share of Direct Costs for the Building and other current charges due from Tenant under the Lease, and only then shall any remaining amounts be applied toward the then outstanding balance of the Delinquent Rent.

1.2. <u>Immediately Due and Payable in Event of Default</u>. If Tenant commits a Delinquent Payment Default or otherwise commits a default under the Lease (and fails to cure such other default within any applicable cure period under the Lease or this Seventh Amendment), then all Delinquent Rent, which remains unpaid as of such date shall immediately be due and payable, and if Tenant fails to pay same within 5 business days after such date, such sums shall accrue interest at the rate per annum described in Section 20(g) of the Original Lease until paid. The payment by Tenant of the Delinquent Rent in the event of a default shall not limit or affect any of Landlord's other rights, pursuant to the Lease or at law or in equity.

2. **Miscellaneous.**

   2.1. This Seventh Amendment sets forth the entire agreement between the parties with respect to the matters set forth herein. This Seventh Amendment shall be binding upon and shall inure to the benefit of Landlord and Tenant and their respective legal representatives, successors and assigns and related entities. There have been no additional oral or written representations or agreements. Tenant shall not be entitled, in connection with entering into this Seventh Amendment, to any free rent, allowance, alteration, improvement or similar economic incentive to which Tenant may have been entitled in connection with entering into the Existing Lease, except as may be otherwise expressly provided in this Seventh Amendment.

   2.2. Except as herein modified or amended, the provisions, conditions and terms of the Existing Lease shall remain unchanged and in full force and effect.

   2.3. In the case of any inconsistency between the provisions of the Existing Lease and this Seventh Amendment, the provisions of this Seventh Amendment shall govern and control.

   2.4. Submission of this Seventh Amendment by Landlord is not an offer to enter into this Seventh Amendment but rather is a solicitation for such an offer by Tenant. Landlord shall not be bound by this Seventh Amendment until Landlord has executed and delivered it to Tenant.

   2.5. Capitalized terms used but not defined in this Seventh Amendment shall have the meanings given in the Existing Lease.

   2.6. Tenant shall indemnify and hold Landlord, its trustees, members, managers, principals, beneficiaries, partners, officers, directors, employees, mortgagee(s) and agents, and the

respective principals, members and managers of any such agents harmless from all claims of any brokers, agents or finders claiming to have represented Tenant in connection with this Seventh Amendment. Landlord shall indemnify and hold Tenant, its trustees, members, managers, principals, beneficiaries, partners, officers, directors, employees, and agents, and the respective principals, members and managers of any such agents harmless from all claims of any brokers, agents or finders claiming to have represented Landlord in connection with this Seventh Amendment. Tenant acknowledges that any assistance rendered by any agent or employee of any affiliate of Landlord in connection with this Seventh Amendment has been made as an accommodation to Tenant solely in furtherance of consummating the transaction on behalf of Landlord, and not as agent for Tenant.

2.7. Except, and only to the extent, as otherwise expressly set forth in this Seventh Amendment, Tenant acknowledges and agrees that Tenant has no option or other right to (i) extend or renew the term of the Lease, (ii) expand or relocate the Premises, (iii) terminate the Lease pursuant to a unilateral option, or (iv) purchase the Building or any other portion of the Project.

2.8. Each signatory of this Seventh Amendment represents hereby that he or she has the authority to execute and deliver the same on behalf of the party hereto for which such signatory is acting.

2.9. This Seventh Amendment represents the complete understanding of Landlord and Tenant with respect to the subject matter hereof, and may not be modified, amended or altered except by their subsequent written agreement. No prior or other agreement or understanding pertaining to the matters set forth herein shall be valid or of any force or effect. The warranties, representations, agreements and obligations contained in this Seventh Amendment shall survive the execution and delivery of this Seventh Amendment and shall survive any and all performances in accordance with this Seventh Amendment.

2.10. This Seventh Amendment may be executed in counterparts and shall constitute an agreement binding on all parties notwithstanding that all parties are not signatories to the original or the same counterpart provided that all parties are furnished a copy or copies thereof reflecting the signature of all parties. The parties agree that delivery of a copy or of an electronically executed signature page of this Seventh Amendment by electronic transmission (including, without limitation, via emailed .pdf or DocuSign) shall be deemed as effective as delivery of an original, manually executed signature page of this Seventh Amendment. This Seventh Amendment shall be construed and enforced in accordance with the laws of the state in which the Premises are located.

2.11. This Seventh Amendment shall be construed without regard to any presumption or other rule requiring construction against the party causing this Seventh Amendment or any part thereof to be drafted. Each of the parties hereto acknowledge that it has been or has had the opportunity to be represented by counsel of its own choice throughout all of the negotiations which preceded the preparation of this Seventh Amendment and in connection with the preparation and execution of this Seventh Amendment.

**[SIGNATURES ARE ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, the parties have duly executed this Seventh Amendment as of the day and year first above written.

**LANDLORD:**

**BRE IL OFFICE OWNER LLC**, a Delaware limited liability company

By: *Britton C. Derkac*

Name: Britton C. Derkac

Title: Executive Vice President - Head Of Leasing

**TENANT:**

**REDBOX AUTOMATED RETAIL LLC**, a Delaware limited liability company

By: *William Rouhana*
—1D70A81A61CC41B...

Name: _____

Title: _____