IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| **CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.**, *et al.*,[1] | ) Case No. 24-11442 (MFW) |
| | ) |
| | ) Jointly Administered |
| **Debtors.** | ) |
| | ) Hearing Date: September 4, 2024 at 2:00 p.m. (ET) |
| | ) Obj. Deadline: August 23, 2024 at 4:00 p.m. (ET) |

## MOTION OF THE KROGER CO. FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(A) AND 362(D) TO PERMIT THE KROGER CO. TO REMOVE AND DISPOSE OF KIOSKS

The Kroger Co. ("Kroger" or "Movant"), by its undersigned counsel, respectfully moves this Court (this "Motion"), pursuant to 11 U.S.C. §§ 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 et al. (the "Bankruptcy Code"), Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order granting relief from the automatic stay to allow Kroger to dispose of over one thousand kiosks located on Kroger premises placed by Redbox Automated Retail, LLC ("Redbox"), one of the debtors in the above-captioned chapter 7 cases (each a "Debtor" and collectively the "Debtors"). In support of this Motion, Kroger respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**BACKGROUND**

**I.      The Master Kiosk Agreement**

1.      Pursuant to that certain Master Kiosk Installation Agreement dated April 1, 2015 (as subsequently amended and/or supplemented, the "Master Agreement"),[2] Redbox placed and operated approximately two thousand DVD rental kiosks (the "Kiosks") at Kroger retail and affiliate locations. A true and correct copy of the Master Agreement is attached as Exhibit 1 to the Declaration of Kim Hryhorchuk, Director of Retail Operations for Kroger (the "Hryhorchuk Declaration"), which itself is attached hereto as **Exhibit A**. Hryhorchuk Decl. at ¶ 4.

2.      Under the Master Agreement, Redbox agreed to pay Kroger a percentage of monthly kiosk rental revenue in exchange for operating the Kiosks at Kroger locations. Hryhorchuk Decl. at ¶ 5. However, Redbox has failed to pay rental revenue owing to Kroger under the Master Agreement since November 2022. Hryhorchuk Decl. at ¶ 6. As of the filing of this Motion, Redbox owes Kroger not less than $879,423.51 in revenue generated by the Kiosks. Hryhorchuk Decl. at ¶ 7. An itemization of the amounts due and owing to Kroger under the Master Agreement is attached as Exhibit 2 to the Hryhorchuk Declaration.

**II.     The Termination Notice**

3.      The Master Agreement automatically renews for successive three-month terms unless either Kroger or Redbox provides 30 days' written notice prior to the expiration of the term. Hryhorchuk Decl. at ¶ 8. The Master Agreement specifically provides that parties may terminate for material breaches thereunder upon 30 days' written notice of such breach and the failure of the breaching party to cure the default. Hryhorchuk Decl. at ¶ 9.

---

[2] Redbox Automated Retail, LLC is successor in interest to Outerwall Inc., the original contract counterparty to the Master Agreement.

4. On October 17, 2023, Kroger issued that certain Notice of Default to Redbox, highlighting Redbox's failure to remit payment as required under the Master Agreement as well as operational issues with certain of the Kiosks, which impacted Kroger's use of its premises and impacted the goodwill of its customers. Hryhorchuk Decl. at ¶ 10.

5. On November 23, 2023, Kroger correctly issued that certain Notice of Termination (the "Notice of Termination"), properly terminating the Master Agreement following Redbox's failure to cure its breach by, among other things, failing to pay the amounts due and owing under the Master Agreement. Hryhorchuk Decl. at ¶ 11. By the Notice of Termination, Kroger reiterated Redbox's obligation to remove all Kiosks from Kroger locations in a timely manner, and that if Redbox failed to comply with this obligation that Kroger would remove and store the Kiosks and require Redbox to retrieve the equipment. *Id.* Specifically, the Master Agreement provides that Redbox is obligated to remove the Kiosks from Kroger's premises upon termination of the Master Agreement or relevant kiosk order and further requires that Redbox promptly surrender the kiosk space to Kroger and coordinate the removal of the Kiosks. Hryhorchuk Decl. at ¶ 12.

6. In the months following the Notice of Termination, Redbox remained unresponsive to Kroger's requests to remove the Kiosks; because the Master Agreement terminated effective November 23, 2023, Kroger has started storing certain Kiosks at its own expense while Redbox skirts its obligation to retrieve the Kiosks from the premises. Hryhorchuk Decl. at ¶ 13. Prior to Redbox's chapter 11 bankruptcy filing on June 29, 2024 (the "Petition Date"),[3] Kroger undertook to remove certain of the Kiosks from its retail locations and place the Kiosks into storage.

---

[3] On July 10, 2024, this Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. *See Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief*, ECF No. 120. George Miller has been appointed as the chapter 7 trustee of the Debtors' estates (the "Trustee").

Hryhorchuk Decl. at ¶ 14. However, following the Petition Date, approximately 1,400 of the Kiosks remain on Kroger and its affiliates' premises. *Id.* A schedule of the remaining Kiosks is attached to the Hryhorchuk Declaration as <u>Exhibit 3</u>. The continued existence of the Kiosks on Kroger's property disrupts its use and enjoyment of the premises and interferes with any and all plans to remodel the surrounding space. Hryhorchuk Decl. at ¶ 15.

7. Prior to filing this Motion, counsel for Kroger contacted counsel for the Trustee in an attempt to resolve the disposal of the Kiosks with counsel for the Trustee. However, such discussions have not resulted in a resolution and, accordingly, Kroger files this Motion to allow it to finally remove and dispose of the Kiosks.

## JURISDICTION AND VENUE

8. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), Kroger consents to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9. The legal bases for the relief requested herein are §§ 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rules 4001, 9013, and 9014, and Local Rules 4001-1 and 9013-1. Venue of this Motion is proper in this Court under 28 U.S.C. § 1409(a).

## RELIEF REQUESTED

10. By this Motion, Kroger respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting Kroger relief from the automatic stay to remove and dispose of the Kiosks remaining on Kroger property within seven (7) days of the entry of such order approving the Motion and such other relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

11. Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). While "cause" is not defined in the Bankruptcy Code, it is "a flexible concept" and courts consider the totality of the circumstances in each particular case. *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)). In deciding whether "cause" exists to grant such relief, a court must determine whether the movant has established in the case at issue that "the balance of hardships from not obtaining relief tips significantly in [the movant's] favor." *Atl Marine, Inc. v. Am. Classic Voyages, Co. (In re American Classic Voyages, Co.)*, 298 B.R. 222, 225 (D. Del. 2003); *see also in re RNI Wind Down Corp.,* 348 B.R. 286, 299 (Bankr. D. Del. 2006) (citing balancing test).

12. The burden upon the movant is simply to establish a prima facie case of cause for relief, at which point the burden shifts to the debtor to prove cause does not exist." *See, e.g., Joyner Auto World v. George (In re George),* 315 B.R. 624, 627 (Bankr. S.D. Ga. 2004) (citations omitted). If a court determines that cause has been established, it must grant relief from the automatic stay. *See* 11 U.S.C. § 362(d)(1); *see also In re Zeoli*, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000) (recognizing that relief from the automatic stay is "mandatory" if the statutory grounds for relief have been established under Subsection 362(d)(1)).

13. Here, there is no legitimate comparison; the continued hardship to Kroger if it is further deprived of use and enjoyment of the space currently occupied by the Kiosks, in addition to the costs of continuing to store certain Kiosks at its own expense, outweighs any arguable benefit of imposing the automatic stay. Indeed, Redbox has essentially abandoned the Kiosks at the

Kroger locations. The continued storage of the Kiosks on Kroger's property will never yield any value to the Debtors' estates and, accordingly, weighs in favor of relief from the automatic stay. If the Trustee subsequently determines, despite all evidence to the contrary, that the Kiosks offer some form of value to the Debtors' estates and should utilize the Kiosks for Redbox's estate, he can take steps to remove the Kiosks within the seven (7) day period requested in this Motion.

14. In sum, whereas the Kiosks at issue are virtually useless to the Trustee, Kroger stands to continue to suffer economic hardship through continued disruption to its retail locations and associated costs with storing the Kiosks, warranting relief under 11 U.S.C. § 362(d)(1). Kroger should not continue to bear the burden and costs associated with the Kiosks, which it has been attempting to resolve with Redbox for over one year. As stated above, Kroger and Redbox no longer have a contractual relationship pursuant to the Notice of Termination and, accordingly, it is inequitable for Kroger to continue to store the Kiosks at its own expense.

15. For the above reasons, granting Kroger relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is proper.

## **WAIVER OF STAY UNDER BANKRUPTCY RULE 4001(A)(3)**

16. Kroger requests that the fourteen (14) day stay provided in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived to enable Kroger, its successors or assigns, to immediately enforce and implement the terms of the proposed order.

## **NOTICE**

17. Notice of this Motion has been given to the following, or in lieu thereof, their counsel, if known: (a) the Debtors; (b) the Trustee; and (c) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, Kroger submits that no other or further notice is necessary.

**CONCLUSION**

For all of the foregoing reasons, The Kroger Co. respectfully requests that this Court (a) lift the automatic stay pursuant to 11 U.S.C. § 362(d) in order to allow The Kroger Co. to dispose of the Kiosks remaining on its property more than seven (7) days after the entry of an Order approving this Motion, (b) waiving the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3); and (c) granting such other and further relief as the Court may deem just, equitable, and proper.

Dated: August 9, 2024

**LANDIS RATH & COBB**

*/s/ Joshua B. Brooks*
Kimberly A. Brown (No. 5138)
Joshua A. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: brown@lrclaw.com
       brooks@lrclaw.com

-and-

**FROST BROWN TODD LLP**
A.J. Webb (admitted *pro hac vice*)
Joy D. Kleisinger (admitted *pro hac vice*)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
513-651-6800 Telephone
513-651-6981 Facsimile
awebb@fbtlaw.com
jkleisinger@fbtlaw.com

*Counsel to The Kroger Co.*