IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Objections Due: August 28, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: September 4, 2024 at 2:00 p.m. (ET)** |

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN
ORDER AUTHORIZING THE RETENTION OF PACHULSKI STANG
ZIEHL & JONES LLP AS SPECIAL LITIGATION AND TRANSACTIONAL
COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF JULY 11, 2024**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), files this application (the "Application") pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the retention of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), as special litigation and transactional counsel to the Trustee effective as of July 11, 2024. In support hereof, the Trustee relies on the Declaration of Richard M. Pachulski (the "Declaration") attached hereto as **Exhibit A**, and respectfully submits the following:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

**JURISDICTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are sections 327(e) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

**BACKGROUND**

2. On June 28 and 29, 2024 (as applicable, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases under chapter 11 (the "Chapter 11 Cases").

3. On July 4, 2024, the Court entered the Interim DIP Order [Docket No. 85]. Pursuant to paragraph 18 of the Interim DIP Order, on July 4, 2024, the Strategic Review Committee (the "SRC") was "reinstated and [was] empowered to be the sole body entitled to manage all of the affairs and operations of the Debtors and their subsidiaries with all of the powers customarily given to a board of directors and with . . . all of those powers contemplated by the organizational documents executed in connection with the Forbearance Agreement . . ." The SRC retained PSZJ as counsel to the Debtors in the Chapter 11 Cases, effective as of the Petition Date.

4. On July 2, 2024, the Court entered an order [Docket No. 73] providing for the joint administration of the Debtors' cases.

5. On July 10, 2024, the Court entered an order [Docket No. 120] converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").

6. On July 11, 2024, George L. Miller was appointed as the interim chapter 7 trustee of the Debtors [Docket No. 130]. The meeting of creditors pursuant to section 341 of the Bankruptcy Code is scheduled to be held on August 20, 2024 [Docket No. 157].

7.  On July 11, 2024, the Trustee selected (a) Cozen O'Connor LLP ("Cozen") as his counsel in connection with the administration of these Chapter 7 Cases; (b) PSZJ as his special litigation and transactional counsel; and (c) Miller Coffey Tate LLP ("MCT") as his accountants and financial advisors.

**BASIS FOR RELIEF**

8.  Section 327(e) of the Bankruptcy Code authorizes a trustee, with court approval, to retain

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

9.  Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985) ("[section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement.").

10. PSZJ's retention as special litigation and transactional counsel to the Trustee falls within the scope of section 327(e) of the Bankruptcy Code.

11. PSZJ is owed amounts from Debtor, Chicken Soup for the Soul Entertainment Inc., for legal services rendered during the Chapter 11 cases, which is the subject of separate

3

representation. PSZJ intends to apply to the Court for allowances of compensation and reimbursement of expenses as chapter 11 counsel from the Petition Date to the Conversion Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred from the Petition Date to the Conversion Date in connection with the Chapter 11 cases.

### RETENTION OF PSZJ

12. The Trustee believes there may be valuable potential tort claims and causes of action that arose prior to the Petition Date (the "Litigation Claims"). Additionally, in connection with certain transactions with respect to the Debtors' assets, the Trustee requires the assistance of counsel with experience navigating the complex industry landscapes in which the Debtors operated. The Trustee has determined to retain PSZJ to investigate, and potentially prosecute, such Litigation Claims and to advise and assist the Trustee as directed by the Trustee in connection with the disposition of certain of the Debtors' estates' property, including in connection with certain sale transactions (a "Transaction"). Specifically, the Trustee seeks to retain PSZJ to render the following services as directed and/or requested by the Trustee (the "Special Litigation and Transactional Counsel Services"):

    (a)    To advise the Trustee with respect to the investigation of Litigation Claims;

    (b)    To conduct investigations with respect to the Litigation Claims, including, as needed, the taking of informal and formal discovery, reviewing relevant documents, deposing witnesses, researching relevant issues, prosecuting motions seeking Rule 2004 discovery, and preparing a report for the Trustee;

    (c)    To bring causes of action arising from the Litigation Claims on behalf of the Trustee;

    (d)    To assist, advise, and represent the Trustee in connection with certain Transactions, including in connection with discussions with Transaction counterparties and the negotiation and drafting of Transaction documents;

(e) To perform other necessary legal services in connection with the foregoing and/or to perform such other services as requested by the Trustee.

13. The Trustee believes PSZJ possesses extensive knowledge and expertise in the areas of Litigation Claims and transactional analysis, litigation, and complex bankruptcy transactions and that PSZJ is well qualified to represent the Trustee as special litigation and transactional counsel. PSZJ is a nationally recognized law firm with extensive experience and expertise in Litigation Claims and transactional analysis and litigation, among other practices.

14. The Trustee has been advised that PSZJ will use every effort to staff the engagement in a cost-effective manner and PSZJ will work with MCT and Cozen to make every effort to avoid duplication of services. For the avoidance of doubt, PSZJ's retention will not include other aspects of the administration of the Debtors' Chapter 7 Cases beyond the Special Litigation and Transactional Counsel Services and PSZJ will not serve as general bankruptcy counsel in these Chapter 7 Cases or otherwise overlap with the services provided by the Trustee's general counsel.

15. PSZJ maintains a computerized conflict system which contains, *inter alia*, a record of all present and former clients, parties against whom or whose interests PSZJ has or is representing, other parties involved in or related to matters in which PSZJ has been or is involved, and all vendors providing goods and/or services to PSZJ. The parties searched are attached to the Pachulski Declaration as **Schedule 1**.

16. Based upon the conflict search and records, except as otherwise may be disclosed on **Schedule 2** to the Pachulski Declaration, PSZJ does not represent and does not hold any interest adverse to the Debtors' estates or their creditors with respect to the matters for which it is to be retained by the Trustee. The Trustee has been advised that PSZJ has no connection with the Debtors, their creditors or other parties in interest in the cases, other than as described in the

Pachulski Declaration. PSZJ is a large firm with a national and regional practice and may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

17. Because of the legal services that may be necessary with the investigation and potential prosecution of Litigation Claims and analysis in connection with the disposition of certain of the Debtors' estates' property, including in connection with certain sale transactions, the Trustee believes the employment of PSZJ as special counsel is in the best interests of the Debtors' estates.

18. PSZJ has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the General Orders of this Court and any Order entered by this Court in these cases modifying the timing and/or procedures applicable to the payment of interim compensation and reimbursement of expenses. PSZJ will bill the Trustee at its normal hourly rates for any Transaction-related services provided to the Trustee and for any investigation requested by the Trustee related to any Litigation Claims; *provided* that unless otherwise negotiated with the Trustee, any services related to Litigation Claims pursued through litigation or otherwise by PSZJ on the Trustee's behalf will be handled on a contingency basis, which shall be 30% of settlement proceeds recovered if settled without suit or 40% of proceeds recovered if litigated by filing suit plus costs, unless a different contingency arrangement is agreed to between the Trustee and the Firm and approved by the Court. With respect to any contingent recovery on a Litigation Claim pursued by PSZJ, which Litigation Claim was previously investigated by PSZJ on an hourly basis, PSZJ's hourly compensation with respect to the investigation of such Litigation Claim shall be offset against PSZJ's contingency fee for the same such Litigation Claims. The

6

current standard hourly rates of the attorneys and paralegals from PSZJ expect to work on the Chapter 7 Cases are as follows:

|   |   |   |
|---|---|---|
| a. | Partners | $995.00 to $2,075.00 per hour |
| b. | Counsel | $1,050.00 to $1,295.00 per hour |
| c. | Associates | $650.00 per hour |
| d. | Paralegals | $595.00 per hour |

19. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in compliance with this Court's rules. The Firm believes that it is fairer to charge these expenses to the clients incurring them than

20. No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with the Chapter 7 Cases, except among the partners, of counsel, and associates of the Firm

7

WHEREFORE, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the retention PSZJ as special litigation and transactional counsel to the Trustee in these cases, effective as of July 11, 2024, and granting such other and further relief as may be just and proper.

Dated: August 12, 2024

George L. Miller
Chapter 7 Trustee