# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC, *et al.*,[1] | : | Case No. 24-11442 (MFW) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: September 4, 2024 at 2:00 p.m. |
| | : | Objection Date: August 28, 2024 |

## ALBERTSONS COMPANIES, INC.'S MOTION PURSUANT TO 11 U.S.C. § 362(d)(1) FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT ALBERTSONS COMPANIES INC. TO REMOVE AND DISPOSE DEBTOR'S KIOSKS

Albertsons Companies, Inc. ("**Albertsons**") hereby moves this Court ("**Motion**") pursuant to section 362(d)(1) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order requesting that the Court modify the automatic stay to allow Albertsons to remove, sell, destroy and/or otherwise dispose of approximately two thousand kiosks owned by Debtor Redbox Automated Retail, LLC ("**Debtor**") that were placed on Albertsons' premises by Debtor and still remain on-site despite the termination of the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

underlying agreement between Albertsons and Debtor and numerous pre-petition demands by Albertsons on Debtor for removal thereof, and grant such other relief that this Court deems just and proper.

In support of this Motion, Albertsons incorporates the accompanying Declaration of Daisy Dederick (the "**Dederick Declaration**") and respectfully represents the following:

I.     PRELIMINARY STATEMENT

1. Albertsons owns and operates grocery stores throughout the United States. Debtor owns approximately two thousand DVD rental automated kiosks (the "**Kiosks**") at Albertsons stores pursuant to a Master Agreement (as defined in this motion). Prior to the petition date, Albertsons terminated the Master Agreement. On termination of the Master Agreement, Debtor was obligated to remove the Kiosks at Debtor's expense. Despite numerous pre-petition demands from Albertsons, Debtor has failed to remove the Kiosks as required under the Master Agreement.

2. Debtor's failure to remove the Kiosks has caused and continues to cause Albertsons unjustifiable economic harm through (i) the loss of use and enjoyment of valuable space both inside and outside Albertsons' stores, (ii) the risk of casualty to an Albertsons location, both in terms of property and personal injury, from a Kiosk, such as an electrical issues – the Kiosks located outside are hardwired into the Albertsons electrical system thus requiring a licensed electrician to de-install, and (iii) customer frustration, and negative goodwill, directed to Albertsons with Albertsons continuing to have Kiosks on-site that are not operable (such as customers not understanding why they can't use the Kiosk or customers who are unable to use a Kiosk for a DVD return).

3. Debtor abandoned the Kiosks, pre-petition, through its failure to take any action to remove and retrieve them following termination of the Master Agreement on January 18, 2024. Moreover, the Bankruptcy Case is now a Chapter 7 case and Debtor no longer has an operating business. Albertsons requests permission from the Court, through this Motion, to remove, sell, destroy and/or otherwise dispose of the Kiosks, in Albertsons's sole discretion, within seven (7) calendar days of the entry of an order

approving this Motion. Albertsons also requests the waiver of the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3).

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Albertson consents to entry of a final judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicate for the relief requested herein are section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001(a).

## III.    BACKGROUND

7. On June 29, 2024 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8. On July 10, 2024, the Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. *See* Docket No. 120. On July 11, 2024, the chapter 7 trustee of the Debtors' estates was appointed (the "**Trustee**"). *See* Docket No. 130.

9. On or about August 1, 2019, Albertsons and Debtor entered into that certain Kiosk Operating Agreement (the "**Master Agreement**"). (Dederick Declaration, Exhibit 1.)

10. On or about September 12, 2023, Debtor stopped paying monies owed Albertsons under the Master Agreement. (Dederick Declaration, ¶ 3.)

11. On January 18, 2024, Albertsons terminated the Master Agreement. (Dederick Declaration, ¶ 5.)

12. Pursuant to Section 6.7 of the Master Agreement, Debtor was required, at its sole expense, to remove its Kiosks within 30 days of receipt of the termination. Debtor, however, has failed to remove the Kiosks and the 30 day time period has long expired. (Dederick Declaration, ¶¶ 5-6.)

13. Albertsons repeated made demand on Debtor, pre-petition, to remove the Kiosks. Despite such demands, the Kiosks have not been removed. (Dederick Declaration, ¶ 7.)

## IV.    RELIEF REQUESTED

14. Albertsons seeks entry of an order, pursuant to Bankruptcy Code section 362(d)(1), modifying and terminating the automatic stay to permit Albertsons to remove, sell, destroy and/or otherwise dispose of the Kiosks, and grant such other relief that this Court deems just and proper.

15. Bankruptcy Code Section 362(d)(1) states that on request of a party in interest, the court shall grant relief from the stay by terminating, annulling, modifying, or conditioning the stay "for cause, including the lack of adequate protection" of the moving party's interest in property of the Debtor. The automatic stay "is not meant to be absolute, and in appropriate instances relief may be granted." *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

16. Debtor's failure to remove the Kiosks has caused and continues to cause Albertsons unjustifiable economic harm through (i) the loss of use and enjoyment of valuable space both inside and outside Albertsons' stores, (ii) the risk of casualty to an Albertsons location, both in terms of property and personal injury, from a Kiosk, such as an electrical issue -- as Kiosks located outside are hardwired into the Albertsons electrical system thus requiring a licensed electrician to de-install, and (iii) customer frustration, and negative goodwill, directed to Albertsons with Albertsons continuing to have Kiosks on-

site that are not operable (such as customers not understanding why they can't use the Kiosk or customers who are unable to use a Kiosk for a DVD return).

17. Debtor abandoned the Kiosks, pre-petition, through its failure to take any action to remove and retrieve them following termination of the Master Agreement on January 18, 2024. Moreover, the Bankruptcy Case is now a Chapter 7 case and Debtor no longer has an operating business.

18. Albertsons requests permission from the Court, through this Motion, to remove, sell, destroy and/or otherwise dispose of the Kiosks, in Albertsons's sole discretion, within seven (7) calendar days of the entry of an order approving this Motion.

## V. **REQUEST FOR WAIVER OF THE 14-DAY STAY**

19. Albertsons respectfully requests that the court waive the 14-day stay requirement pursuant to Bankruptcy Rule 4001(a)(3).

## VI. **NOTICE**

20. Notice of this Motion has been provided to the following parties and/or their respective counsel, as applicable: (a) the Debtors; (b) the Chapter 7 Trustee; (c) the Office of the United States Trustee for the District of Delaware; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Albertsons submits that no other or further notice is necessary.

## VII. **NO PRIOR REQUEST**

21. No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, Albertsons respectfully requests that this Court enter an order, substantially in the form attached hereto, modifying and terminating the automatic stay to permit Albertsons to exercise all of its rights and remedies under applicable law with respect to the Kiosks, and granting such other and further relief as is just and proper. A proposed order accompanies this motion.

Respectfully submitted,

Date: August 15, 2024
Wilmington, DE

**BUCHANAN INGERSOLL & ROONEY PC**

<u>/s/ Geoffrey G. Grivner</u>
Geoffrey G. Grivner (4711)
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801
Telephone: (302) 552-4200
Facsimile: (302) 552-4295
Email: geoffrey.grivner@bipc.com

*Counsel to Albertsons Companies, Inc.*