IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al*[1],<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Hearing Date: October 9, 2024 at 2:00 pm (ET)<br>Objection Deadline: September 6, 2024 at 4:00 pm (ET) |

### APPLICATION OF CHAPTER 7 TRUSTEE, GEORGE L. MILLER TO EMPLOY COZEN O'CONNOR AS COUNSEL TO THE TRUSTEE <u>NUNC PRO TUNC TO JULY 16, 2024</u>

Gerorge L. Miller, the duly appointed chapter 7 trustee (the "<u>Trustee</u>") for the estates of the above-captioned Debtors (collectively, the "<u>Debtors</u>" or "<u>Estates</u>"), hereby applies to this Court for authority to employ the law firm of Cozen O'Connor ("<u>Cozen O'Connor</u>") as Counsel to the Trustee *Nunc Pro Tunc* as of July 16, 2024 (the "<u>Application</u>"), and in support thereof avers as follows:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Chicken Soup for the Soul Entertainment, Inc. (0811); 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150): Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Ventures, LLC (2466); Screen Media Films, LLC; TOFG LLC (0508).

LEGAL\72144381\1

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are § 327(a) of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

## BACKGROUND

4. On June 28 and 29, 2024 (as applicable, the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases under chapter 11 (the "Bankruptcy Cases").

5. On July 2, 2024, the Court entered an order [D.I. 73] providing for the joint administration of the Bankruptcy Cases.

6. On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "Conversion Order"). In the Conversion Order, the Court ordered that the Bankruptcy Cases are converted to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. (*See* Conversion Order ¶ 2.)

7. On July 11, 2024, George L. Miller was appointed as the interim chapter 7 trustee of the Estates [D.I. 130]. The meeting of creditors pursuant to section 341 of the Bankruptcy Code is scheduled to be held on August 20, 2024 [D.I. 158].

8. Prior to the Petition Date, the Debtors provided premium entertainment content to value-conscious consumers. The Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, with three flagship streaming services: *Redbox*, *Crackle*, and *Chicken Soup for the Soul*. In addition, through Debtor Redbox Automated Retail LLC, the Debtors operated (i) Redbox Free Live TV, a free ad-supported streaming television

service with approximately 180 channels, (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

9. To date, the Debtors have not filed their respective schedules, statements, and other documents required to be filed in the Bankruptcy Cases pursuant to Bankruptcy Rule 1007(b)(1) (the "Schedules and Documents").

## RELIEF REQUESTED

10. The Trustee desires to retain Cozen O'Connor as the Trustee's general bankruptcy counsel.

11. Cozen O'Connor is a nationally recognized, full-service firm with bankruptcy and litigation capabilities. Moreover, Cozen O'Connor is well-qualified to represent the Trustee, as Cozen O'Connor's bankruptcy, restructuring and insolvency department has considerable experience in similar matters.

12. The Trustee believes that the employment of Cozen O'Connor in the Bankruptcy Cases is in the best interest of the Estates and its creditors. The Trustee believes, subject to the Declaration of John T. Carroll, III a Shareholder of Cozen O'Connor, which is attached hereto, that the firm is disinterested as defined in § 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors and the Debtors' Estates, and is well-qualified to perform any and all legal services required by the Trustee on behalf of the Estates.

13. The Trustee anticipates that John T. Carroll, III of Cozen O'Connor will be principally responsible for the representation of the Trustee in the Bankruptcy Cases, and that his firm will, upon application to this Court, will seek payment based upon its regular rates for services rendered in these matters.

14. The services rendered will likely consist of, among other services:

(a) To advise and consult with the Trustee concerning questions arising in the conduct of the administration of the Estates and concerning the Trustee's rights and remedies with regard to the Estates' assets and the claims of secured, preferred and unsecured creditors and other parties in interest;

(b) To assist the Trustee in the carrying out of the Trustee's duties under Title 11;

(c) To appear for, prosecute, defend and represent the Trustee's interest in motions, contested matters, adversary actions, suits, and other proceedings arising in or related to the Bankruptcy Cases;

(d) To investigate and prosecute actions, if any, arising under the Trustee's avoiding powers;

(e) To assist in the preparation of such pleadings, agendas, motions, notices and orders as are required for the orderly administration of the Estates;

(f) To assist the Trustee, if applicable, in continuing to perform obligations required of his administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any employee benefit plans of the Debtor to the extent necessary under 11 U.S.C. § 704(a)(11) or otherwise;

(g) To investigate possible claims against the directors and officers of the Debtors and their subsidiaries and affiliates and commence an action, if appropriate.

15. The Trustee is informed that the normal hourly billing rates as of the requested *nunc pro tunc* effective date of July 16, 2024 for Cozen O'Connor's attorneys and paralegals who will be working on these matters at the time of this Application are as follows:

| | |
|---|---|
| John T. Carroll, III, Shareholder | $ 960.00 per hour |
| Anna McDonough, Senior Counsel | $ 850.00 per hour |
| Simon E. Fraser, Member | $ 795.00 per hour |
| David Doyle, Member | $ 645.00 per hour |
| Marla S. Benedek, Member | $ 590.00 per hour |
| Gregory Coleman Patton, Associate | $ 610.00 per hour |
| Christina Sanfelippo, Associate | $ 580.00 per hour |
| Jill L. Deeney, Paralegal | $ 340.00 per hour |

16. Shortly after his appointment, the Trustee directed Cozen O'Connor to immediately commence work on certain issues requiring immediate attention to prevent deterioration in the value of the Estates' property including but not limited to (a) communications and meeting with Debtors' counsel and Debtors' principal William J. Rouhana regarding case background and numerous matters requiring immediate attention including prepetition sale and/or funding efforts; (b) telephone conferences with Trustee and Trustee's proposed accountants regarding business and operations of the Debtors; (c) communication with counsel to primary secured lender, HPS Investment Partners, LLC; (d) communications with parties interested in purchasing assets of the Debtors; (e) obtain and initial review of Debtors' loan documents and UCC filings; (f) communications with multiple counterparties to executory leases, contracts and licenses; (g) communications with employees and/or providers of employee benefits concerning payment of wages and benefits.

17. In view of the above the Trustee respectfully requests that this Court authorize the retention of Cozen O'Connor *nunc pro tunc* to July 16, 2024 pursuant to the terms set out herein.

## **NOTICE**

18. Notice of this Application, together with a copy of this Application, will be given to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to HPS Investment Partners, LLC; (iv) largest thirty (30) unsecured creditors with names and addresses appearing in the Chapter 11 Voluntary Petitions prepared by the Debtors; (v) all parties who have requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

19. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the chapter 7 Trustee, George L. Miller, respectfully requests that this Court enter the proposed Order filed with the Application approving the retention of Cozen O'Connor *nunc pro tunc* to July 16, 2024, and grant the Trustee such other and further relief as is just and proper.

Dated: August 14, 2024

George L. Miller
Chapter 7 Trustee