## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>            Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (TMH)<br><br>(Jointly Administered) |
| ALEX GOLDEN, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.,<br><br>            Defendant. | Adv. No. _____ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Plaintiff ALEX GOLDEN ("Plaintiff"), on behalf of himself and all others similarly situated, complains, and alleges as follows:

## OVERVIEW OF CLAIMS

1.      Chicken Soup for the Soul Entertainment, Inc. and/or certain of its subsidiaries have not, and/or did not give 60 days of written notice, or 60 days of pay in lieu of notice, before a mass

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

layoff in violation of the federal and state Worker Adjustment and Retraining Notification (WARN) Acts.[2]

2.    Plaintiff brings this adversary action, which but for the automatic stay of these Chapter 7 cases would have been brought in a United States District Court of competent jurisdiction against Defendant Chicken Soup for the Soul Entertainment, Inc. ("Chicken Soup" or ("Defendant")[3], on behalf of himself and all others similarly situated, to institute a class action pursuant to Federal Rule of Civil Procedure 23 to recover damages resulting from the lack of WARN notice and any applicable statutory or civil penalties.

3.    Plaintiff anticipates in due course filing (a) a Federal Rule of Bankruptcy Procedure 7023 leave and certification motion in relation to the proposed class action, and (b) proofs of claim.

## JURISDICTION AND VENUE

4.    This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is being brought pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*

5.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to Fed. R. Bankr. P. 7012(b) and Del. Bankr. L.R. 7012-1, Plaintiff consents to the entry of final orders of judgment by the bankruptcy court.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5) because Defendant is incorporated under the laws of the state of Delaware.

## THE PARTIES

7.    Plaintiff is a California resident who worked for Defendant until he was terminated

---

[2] This complaint commences only actions under federal and California state law. Actions under other states' labor laws are under investigation and may be the subject of amendments to this complaint, or other *de novo* complaints and proofs of claim.

[3] Other debtors in these Chapter 7 Cases are under investigation regarding WARN Act violations, and this Complaint may be amended, including with the addition of other proposed lead plaintiffs, reflecting the outcome of that investigation.

from his employment with Defendant in or around July 2024, as part of Defendant's shutdown. In July 2024, Defendant terminated all of their employees nationwide as part of their permanent shutdown. Defendant failed to give 60 days of written notice, or 60 days of pay in lieu of notice, before a mass layoff in violation of the federal and state Worker Adjustment and Retraining Notification (WARN) Acts.

8.      Plaintiff seeks to represent a Class composed and defined as follows:

All persons employed by Defendant in the United States and terminated without cause by Defendant in July 2024 who were not provided with 60-day notice or 60-days of wages in lieu of notice.

9.      Within the Class, there is a subclass:

   a.   California WARN Class: All persons employed in California by Defendant and terminated without cause by Defendant in July 2024 who were not provided with 60-days' notice or 60-days of wages in lieu of notice.

10.     Defendant was a Delaware Corporation doing business nationwide. Defendant was an American self-help, consumer goods, and media company.

11.     On information and belief, Defendant employed several thousand employees in California and nationwide during the relevant time period.

**FACTUAL ALLEGATIONS**

12.     The Worker Adjustment and Retraining Notification Act ("WARN Act") is a federal and state law requiring certain employers to provide advance notice to employees and government authorities in case of a plant closure or mass layoff. The Federal WARN Act is codified at 29 U.S.C. § 2104(a)(5) and the California WARN Act is codified at Cal. Labor Code §§ 1400-1408. The purpose of the notice is to provide affected employees sufficient time to seek alternative employment or job training.

13.     Plaintiff and members of the Class are former employees of Defendant who

worked at Defendant's office locations. Plaintiff was hired by Defendant. Defendants illegally laid off Plaintiff.

14.     On or around July 2024, Defendant enacted a widespread layoff that impacted thousands of employees in California and nationwide, including Plaintiff. Defendant did not provide the proper 60-days' notice or payment in lieu of notice as required to institute a mass layoff of the workforce under California and federal law.

15.     Members of the Class have suffered injury, including monetary damages, as a result of Defendant's acts and omissions alleged above.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on behalf of himself, and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) made applicable by Fed. R. Bankr. P. Rule 7023 and the WARN Act under 29 U.S.C. § 2104(a)(5). The class that Plaintiff seeks to represent is composed and defined as follows:

> All persons employed by Defendant in the United States and terminated without cause by Defendant in July 2024 who were not provided with 60-day notice or 60-days of wages in lieu of notice.

17.     Within the Class, is a subclass:

> a. California WARN Class: All persons employed in California by Defendant and terminated without cause by Defendant in July 2024 who were not provided with 60-days' notice or 60-days of wages in lieu of notice.

18.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because all elements of Rule 23(a) and (b)(3) are satisfied here:

> a.     <u>Numerosity</u>: Members of the Class and California WARN Class are so numerous that joinder of all members would be unfeasible and impracticable. The membership of

the entire class and each subclass is greater than one hundred individuals. Still, the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant.

      b.    <u>Commonality</u>: There are common questions of law and fact as to members of the Class and California WARN Class which predominate over questions affecting only individual members, including, without limitation:

      i.    Whether the members of the WARN Class were employees of Defendant;

      ii.    Whether Defendant unlawfully terminated the employment of the members of the Class and California WARN Class without cause on their part and without giving them 60-days advance written notice in violation of the WARN Acts;

      iii.    Whether Defendant unlawfully failed to pay the Class and California WARN Class 60-day wages and benefits as required by the WARN Act;

      iv.    The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class and California WARN Class; and

      v.    The nature and extent of class-wide damages.

      c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of each Class Member in that all claims result from Defendant's uniform application of unlawful employment practices, as alleged herein. Moreover, Plaintiff's claims are typical of the claims of each Class Member because each has sustained damages arising out of, and caused by, Defendant's common course of unlawful conduct, as alleged herein. As such, Plaintiff has the same interest in this matter as all members of the Class and California WARN Class and has no interests antagonistic to those of other Class Members.

      d.    <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the proposed

Class and California WARN Class. Plaintiff's claims are typical of the Class and California WARN Class. Plaintiff and members of the Class and California WARN Class have no unique claims, have no conflicts of interest, and share the same interests in the litigation of this matter. Plaintiff has retained competent counsel experienced in employment law and the prosecution of complex class actions and is committed to the vigorous prosecution of this action. Further Plaintiff's counsel has the ability and willingness to devote significant resources to prosecuting this matter. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class and California WARN Class with the help of experienced and knowledgeable retainer counsel.

      e.  <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of Class and California WARN Class is not practicable, and questions of law and fact common to the Class and California WARN Class predominate over any questions affecting only individual members of the Class. Each member of the Class and California WARN Class has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most members of the Class and California WARN Class to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant's, due to the

relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

**<u>FIRST CAUSE OF ACTION</u>**
**FEDERAL WARN ACT**
**[29 U.S.C. § 2104(a)(5)]**
**Against Defendant on behalf of Plaintiff and the Class**

19.     Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated here.

20.     At all relevant times, Defendant employed more than 100 full-time employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of overtime hours, within the United States.

21.     At all relevant times, Defendant was an employer, as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a).

22.     At all relevant times, Plaintiff and the Class Members were Defendant's employees as 29 U.S.C. § 2101 defines that term.

23.     Defendant ordered mass layoffs, as that term is defined by 29 U.S.C. § 2101(a)(3).

24.     The mass layoffs resulted in employment losses, as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees and Defendant terminated Plaintiff and members of the Class without cause as part of the mass layoffs.

25.     Plaintiff and members of the Class are affected employees of Defendant within the meaning of 29 U.S.C. § 2101(a)(5).

26.     Defendant was required by the WARN Act to give Plaintiff and members of the Class at least 60-days advance written notice of their terminations or provide payment equivalent to 60-days in lieu of warning. Defendant did neither.

27.     As a result of Defendant's violation of the Federal WARN Act, Plaintiff and the

Class are entitled to back pay for each day of Defendant's violation at a rate of compensation not less than the higher of the average regular rate received by each employee during the last 3 years of the employee's employment, or the final regular rate received by such employee, up to a maximum of 60 days.

28.     Plaintiff and the Class are also entitled to all benefits under any employee benefit plan described in 29 U.S.C. § 1002(3), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred, up to a maximum of 60 days.

29.     Defendant deliberating and expressly violated the WARN Act. Plaintiff and member of the Class are aggrieved employees of Defendant as defined in 29 U.S.C. 2104(a)(7). As a result of Defendant's violation of the WARN Act, Plaintiff and members of the Class are entitled to damages to be proven at trial, statutory WARN Act penalties, and pre- and post-judgment interest, costs, and attorney's fees as authorized by statute.

<u>SECOND CAUSE OF ACTION</u>
**CALIFORNIA WARN ACT**
**[Cal. Labor Code §§ 1400-1408]**
**Against Defendant on behalf of Plaintiff and the California WARN Class**

30.     Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated here.

31.     As stated above, at least 50 of Defendant's employees were laid off at California offices, including Plaintiff, within the relevant time frame.

32.     Given the number of employees laid off in California, the California WARN Act, Cal. Labor Code § 1400, *et seq*., required Defendant to provide Plaintiff and members of the California WARN Class with 60 days' notice before it could terminate them or provide payment equivalent to 60-days pay in lieu of notice.

33.     As described above, Defendant failed to do either as required under the California WARN Act.

34.     Defendant deliberately and expressly violated the California and Federal WARN Act.

35.     As a result of Defendant's violation of the California WARN Act, Plaintiff and members of the California WARN Class are entitled to damages to be proven at trial, statutory WARN Act penalties, and pre-and post-judgment interest, costs, and attorneys' fees and as authorized by statute.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself, the Class, and California WARN Class, prays for judgment against Defendant as follows:

1.     For an order certifying this action as a class action under Federal Rule of Civil Procedure 23;

2.     For an order determining that Defendant has violated the provisions of the Federal WARN Act and the California WARN Act;

3.     For an award of damages for unpaid compensation owed to Plaintiff and the Class pursuant to the Federal WARN Act and the California WARN Act;

4.     For an award of all statutory and civil penalties recoverable by law;

5.     Appointment of Plaintiff as the Class Representative;

6.     Appointment of the undersigned counsel as Class Counsel;

7.     For reasonable attorneys' fees and costs under all applicable law;

8.     Declaratory relief that WARN Act notice was required; and

9.     For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

Dated: August 20, 2024                    **MORRIS JAMES LLP**

                                          */s/ Eric J. Monzo*
                                          Eric J. Monzo (DE Bar No. 5214)
                                          Ryan E. Carreon (DE Bar No. 7305)
                                          500 Delaware Avenue, Suite 1500
                                          Wilmington, DE 19801
                                          Telephone: (302) 888-6800
                                          Facsimile: (302) 571-1750
                                          E-mail: emonzo@morrisjames.com
                                                  rcarreon@morrisjames.com

                                          and

                                          **ACKERMANN & TILAJEF, P.C.**
                                          Craig J. Ackermann, Esquire
                                          Avi Kreitenberg, Esquire
                                          315 South Beverly Drive, Suite 504
                                          Beverly Hills, CA 90212
                                          Telephone: (310) 277-0614
                                          Facsimile: (310) 277-0635
                                          E-mail: cja@ackermanntilajef.com
                                                  ak@ackermanntilajef.com

                                          *Counsel to Plaintiff*