## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>Jointly Administered<br><br>**Proposed Objections due by: Aug. 28, 2024 at 4:00 p.m.**<br>**Proposed Hearing Date: Sept. 4, 2024 at 10 a.m. (ET)** |

## MOTION OF WALGREEN CO. FOR AN ORDER LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(d) TO PERMIT WALGREEN CO. TO REMOVE AND DISPOSE OF KIOSKS

Walgreen Co. ("Walgreens"), by its undersigned counsel, submits this motion (the "Motion") for entry of an order, pursuant to §§ 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et al.* (the "Bankruptcy Code"), Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 4001-1 and 9013-1, lifting the automatic stay to permit Walgreens to remove and dispose of thousands of kiosks that were placed on Walgreens' premises by Redbox Automated Retail, LLC ("Redbox"), one of the debtors in the above-captioned chapter 7 cases (each a "Debtor" and collectively the "Debtors"). In support of this Motion, Walgreens respectfully states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

## PRELIMINARY STATEMENT[2]

1.       As described below, Walgreens and Redbox entered into the Agreement, which permitted Redbox to install and maintain its Kiosks at Walgreens' locations. The Agreement was terminated pre-petition, yet Redbox has failed to remove ***any*** of the Kiosks.

2.       Walgreens has, and is continuing to, suffer damages as a result of Redbox's failures. Walgreens seeks to lift the automatic stay in order to obtain authority to remove the Kiosks and to minimize its ongoing damages. Redbox is no longer an operating entity by virtue of the jointly administered chapter 7 cases before this Court (the "Chapter 7 Cases").

3.       Walgreens has not received any post-petition payment, despite the accrual of administrative expenses due to these Chapter 7 Cases. Thus, it is clear that cause exists to lift the automatic stay.

4.       Walgreens would prefer to have the Trustee remove the Kiosks, which could permit the Trustee to sell the Kiosks. In the event, however, that the Trustee does not promptly remove the Kiosks, Walgreens should be granted authority to remove the Kiosks.

## JURISDICTION

5.       These cases were commenced by the Debtors' Chapter 11 filings on June 28, 2024 (the "Petition Date"). This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Walgreens consents to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2]       Capitalized terms not otherwise defined herein shall have the same meaning ascribed to it in the balance of the Motion.

403312579.4

6.      The legal bases for the relief requested herein are §§ 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rules 4001, 9013, and 9014, and Local Rules 4001-1 and 9013-1. Venue of this Motion is proper in this Court under 28 U.S.C. § 1409(a).

## BACKGROUND

### A.      Walgreens and Redbox Enter into the Kiosk Agreement

7.      Walgreens and Redbox were parties to that certain Kiosk Operating Agreement, effective as of January 1, 2019 (as amended, the "Kiosk Agreement"). *See also the Declaration of Lauren Vondrasek, Walgreens Divisional Merchandising Manager* (the "Vondrasek Decl."),[3] ¶ 3.

8.      Pursuant to the Kiosk Agreement, Redbox placed approximately 5,387 kiosks through which it operated DVD rentals at approximately 3,766 Walgreens retail locations across the country (the "Kiosks").  (*Id.*, ¶ 4).

9.      In exchange for the right to operate the Kiosks on Walgreens' premises, Redbox agreed to pay Walgreens quarterly commissions. (*Id.*, ¶ 5).

10.      Redbox failed to timely pay Walgreens commissions owing and has been in default of the Kiosk Agreement since at least July 2023.

11.      More specifically, as of July 19, 2023 Redbox acknowledged and agreed that it owed Walgreens no less than $3,461,008.60 in unpaid commissions.

12.      As of the Petition Date, Walgreens is owed $4,999,413.49.  (*Id.*)

---

[3]      The Vondrasek Decl. filed contemporaneously herewith.

**B.      Walgreens Continuing Damages Caused by the Failure to Remove the Kiosks**

13.      As a result of Redbox's failures, Walgreens is saddled with large unwanted machines that are linked to a business that no longer operates, on the premises of approximately 3,766 stores.

14.      At many locations, the Kiosks pose a significant safety hazard.  For example, a car crashed into a Kiosk at one of Walgreens' retail locations.  (*Id.*, ¶ 6).

15.      At many other locations where its leases have expired, Walgreens faces legal risk every day until Redbox, or another entity like the Trustee or Walgreens itself, removes the unwanted Kiosks.  (*Id.*).

16.      Walgreens is also suffering additional costs as a result of the ongoing energy costs to maintain the Kiosks including $184,000 per month to power the Kiosks. (*Id.*).

**C.      Redbox Failed to Remove and Abandoned the Kiosks and Walgreens is Entitled to Remove Them**

17.      On January 29, 2024, Walgreens notified Redbox by letter, pursuant to Section 9.2 of the Kiosk Agreement, that Redbox was in breach of the Kiosk Agreement as a result of its failure to make full payment of the outstanding commissions.

18.      Redbox failed to cure its breach within the confines of the Kiosk Agreement. Therefore, such failure terminated the Kiosk Agreement which was effective as of February 28, 2024 – prior to the Petition Date.

19.      Moreover, pursuant to Section 6.7 of the Kiosk Agreement, Redbox was required to remove the Kiosks within ten (10) days of termination.  If Redbox failed to remove the Kiosks, the Kiosks "shall be deemed abandoned by Redbox" and may be removed by Walgreens at its "sole discretion and Redbox shall reimburse [Walgreens] for any related removal and disposition costs."

20.    To date, Redbox has not removed *any* of the Kiosks.

**D.    Redbox Chapter 11 Case is Converted to Chapter 7**

21.    On July 10, 2024, this Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code [D.I. 120].

22.    George Miller was subsequently appointed as the chapter 7 trustee of the Debtors' estates (the "Trustee") [D.I. 130].

**RELIEF REQUESTED[4]**

23.    By this Motion, Walgreens respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, lifting the automatic stay to allow the Trustee and/or Walgreens to remove and dispose of all Kiosks that remain on Walgreens' premises.

**BASIS FOR RELIEF**

24.    Section 362(d)(1) of the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay [ ] for cause."  11 U.S.C. § 362(d)(1).  While "cause" is not defined in the Bankruptcy Code, it is "a flexible concept" and courts consider the totality of the circumstances in each particular case.  *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)); *see also In re Snyder*, 293 F. App'x 140, 142 (3d Cir. 2008) (noting that bankruptcy courts have "wide latitude to balance the equities when granting relief from the automatic stay.").

25.    In examining the totality of the circumstances, courts consider various factors including:

---

[4]    Similar relief has been previously granted in these Chapter 7 Cases.  *See*, *e.g.*, *Order Modifying the Automatic Stay to Permit CVS Pharmacy, Inc. to Remove and Dispose of Kiosks* [D.I. 205].

(1) Whether any great prejudice to either the bankrupt estate or the debtor will result from lifting the automatic stay;

(2) Whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and

(3) The probability of the creditor prevailing on the merits.

*In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010).

26.     As it relates to the third prong, "[e]ven a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *SCO Grp., Inc.*, 395 B.R. at 859.  Here, there is no question that there is overwhelming "cause" to lift the automatic stay to allow Walgreens to remove and dispose of the Kiosks, should the Trustee fail to do so.

27.     *First*, lifting the automatic stay to allow Walgreens to remove the Kiosks would not prejudice Redbox or its estate in any way.  Redbox abandoned the Kiosks over six (6) months ago. Neither Redbox nor the Trustee have taken any action to maintain or retrieve the Kiosks, neither before commencement of these Chapter 7 Cases or post-Petition.   Moreover, and more importantly, there is no remaining business to operate as Redbox is currently in liquidation.  *See Redbox Automated Retail, LLC*, Case No. 24- 11456.  It actually seems that disposing of the Kiosks would only reduce Redbox's estate exposure to additional, substantial claims.

28.     If the Trustee truly believes the Kiosks have value, he can promptly remove the Kiosks.   Walgreens respectfully submits that seven (7) days after entry of an Order approving this Motion is sufficient time for the Trustee to take action to remove the Kiosks.  If the Trustee fails to pick up the Kiosks while this Motion is pending or within seven (7) days of entry of an Order approving this Motion, however, then the estate cannot be prejudiced by granting this Motion.

Particularly, since Redbox failed to take any action to remove the Kiosks since the termination of the Agreement in January 2024.

29. *Second*, postponing Walgreens' right to remove the Kiosks from its premises would severely prejudice Walgreens and expose it to unacceptable and unjustifiable damages. Walgreens faces mounting liability from landlords at locations where its leases have expired or are imminently expiring. *See*, *e.g.*, *Downey Fin. Corp.*, 428 B.R. at 609 (suggesting hardship factor favored lifting stay where movants otherwise would have to pay defense costs in state and federal court actions).

30. Moreover, Walgreens also is suffering significant financial harm, as well as the loss of the use and enjoyment of its premises by the presence of thousands of large abandoned Kiosks at Walgreens' stores. Further, Walgreens should not be required to continue to "store" and power over 5,300 Redbox Kiosks across the country without any form of payment.[5]

31. *Third*, the Kiosk Agreement was terminated long before these Chapter 7 Cases were filed and there is no conceivable scenario in which the Kiosks will be required to remain on Walgreens' premises.

32. In light of the foregoing, there is sufficient cause to lift the automatic stay to allow the Trustee or Walgreens to remove the Kiosks.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 4001(A)(3)

33. Walgreens requests that this Court waive the 14-day stay provided under Bankruptcy Rule 4001(a)(3) so that Walgreens may remove the Kiosks if the Trustee does not do so within the seven (7) day period requested herein.

---

[5]     Because the Kisok Agreement was terminated pre-petition, the Kisok Agreement is no longer executory under section 365 of the Bankruptcy Code, and, as such there is no legal basis to require Walgreens to continue to perform under the terminated Kisok Agreement or incur any further burdens associated with the Kisok Agreement, especially in light of the already enormous losses it has sustained under the Kisok Agreement.

403312579.4

## CONCLUSION

**WHEREFORE**, Walgreens respectfully requests that this Court enter an Order (a) granting Walgreens relief from the automatic stay to allow (i) the Trustee to remove and dispose of the Kiosks that remain on Walgreens' premises within the seven (7) days of the Order, or (ii) Walgreens to remove and dispose of the Kiosks should the Trustee not do so within the aforementioned seven (7) day period, (b) waiving the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3), and (c) granting such other and further relief as the Court may deem just, equitable, and proper.

Dated: August 23, 2024

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ John W. Weiss*
Henry J. Jaffe (No. No. 2987)
John W. Weiss (No. 4160)
Alexis R. Gambale (No. 7150)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email: hjaffe@pashmanstein.com
        jweiss@pashmanstein.com
        agambale@pashmanstein.com

**MANATT, PHELPS & PHILLIPS, LLP**

Schuyler Carroll (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Telephone: (212) 790-4500
Email: SCarroll@Manatt.com

*Attorneys for Walgreen Co.*