# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline**:<br>**August 28, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date:**<br>**September 4, 2024 at 2:00 p.m. (ET)**<br><br>Re: Docket No.: 243 |

## LIMITED OBJECTION OF CHICKEN SOUP FOR THE SOUL, LLC TO HPS INVESTMENT PARTNERS, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY[2]

Chicken Soup for the Soul, LLC ("CSS") hereby submits this limited objection (this "Limited Objection") to HPS Investment Partners, LLC's ("HPS") *Motion for Relief from the Automatic Stay* (the "Motion") [D.I. 243], and in support thereof states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

[2] Capitalized terms not defined in this Limited Objection have the meaning ascribed to them in the Motion.

**Facts Relevant to Limited Objection**[3]

1. CSS, as licensor, and Debtor Chicken Soup for the Soul Entertainment, Inc. ("CSSE"), as licensee, are parties to that certain May 12, 2016 License Agreement (the "CSS License Agreement"). (A true and correct photocopy of the CSS License Agreement will be filed under seal as **Exhibit A** to this Limited Objection.)

2. Pursuant to the CSS License Agreement, CSS granted CSSE certain license rights in connection with television programming, motion pictures and other online video content. (CSS License Agreement, para 3.)

3. The CSS License Agreement was amended on August 11, 2022 (the "Amendment to the CSS License Agreement."). (A true and correct photocopy of the Amendment to the CSS License Agreement will be filed under seal as **Exhibit B** to this Limited Objection.)

4. As of the Petition Date, CSSE owed approximately four million dollars to CSS under the CSS License Agreement. The amount of money due and owing to CSS under the CSS License Agreement since the Petition Date is not yet known but presumably has increased as certain streaming products that use the license continued to operate postpetition.

5. Pursuant to paragraph 4 of the CSS License Agreement, CSSE and its affiliates agreed not to Exploit the Property (both as defined in the CSS License Agreement) in such a way as to "injure, damage, or otherwise negatively affect the good will of the Property." Moreover,

---

[3] CSS adopts and incorporates the Factual Background set forth in CSS's *Omnibus Objection To (1) Application Of The Strategic Review Committee And The Debtors For Authorization To Employ And Retain Pachulski Stang Ziehl & Jones LLP As Chapter 11 Counsel Effective As Of June 28, 2024 Through And Including July 10, 2024 And (2) Application Of The Chapter 7 Trustee For An Order Authorizing The Retention Of Pachulski Stang Ziehl & Jones LLP As Special Litigation And Transactional Counsel To The Chapter 7 Trustee Effective As Of July 11, 2024* (the "Omnibus Objection";[ D.I. 283]), filed simultaneously herewith.

CSSE and its affiliates agreed to "Exploit the Property in accordance with sound trademark and trade name usage principles and in accordance with all applicable laws and regulations."

6. The Chapter 7 Trustee has yet to assume or reject the CSS License Agreement. Prior to the commencement of the Debtors' Chapter 11 cases, the Debtors experienced liquidity challenges which the Debtors asserted were proximately caused by repeated commercially unreasonable failures and refusals by their pre-petition lenders to fulfill their obligations, resulting in asserted defaults and/or contractual terminations across critical content and service providers, thereby impacting the Debtors' ability to procure and monetize content efficiently across their valuable distribution platforms.

7. As a result, the Debtors, in consultation with their advisors, ultimately determined that the best path forward was the commencement of Chapter 11 bankruptcy to implement a sequenced recapitalization plan for certain of the Debtors' businesses; orderly sales of certain of the Debtors' businesses; settlement of the Debtors' debts; and potential prosecution of adversary proceedings seeking redress for damages caused to the Debtors prior to the Petition Date.

8. The Debtors believed that the Chapter 11 process would provide maximum value to all stakeholders.

9. As noted in CSS' Omnibus Objection, the Debtors' restructuring strategy came to a crashing halt on July 10, 2024, as a result of the Strategic Review Committee's oral motion to convert the Chapter 11 cases to cases under Chapter 7.

**<u>Limited Objection</u>**

10. By the Motion, HPS seeks entry of an order, pursuant to section 362(d) of the Bankruptcy Code, granting it relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code so that it may exercise any and all of its state and federal law rights and remedies

3

with respect to that certain Credit Agreement and Collateral Agreement, including, but not limited to, the foreclosure of the Pledged Collateral. Whether the relief requested is appropriate remains to be determined in accordance with the applicable burdens of proof under sections 362(d) and (g). More importantly, the relief requested—entry of a final order—appears premature at this time given the temporal restrictions applicable to granting such relief under Local Rule 4001-1(c)(iii) and section 362(e)(1) of the Bankruptcy Code. Specifically, Local Rule 4001-1(c)(iii) provides:

> *The hearing date specified in the notice of the motion will be a preliminary hearing at which the Court may* (A) hear oral argument, (B) determine whether an evidentiary or other final hearing is necessary, (C) set a date by which the parties shall exchange supporting documentation, (D) set a date by which the parties must produce the report of any appraiser whose testimony is to be presented at the final hearing and/or (E) set a date and time for a final hearing.

Local Rule 4001-1(c)(iii) (emphasis added). Section 362(e)(1) provides:

> (1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. *A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section.* The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

11 U.S.C. 362(e)(1) (emphasis added).

11. Indeed, the time period to challenge the nature, extent, validity, priority and enforceability of HPS' alleged liens and secured claims (the "Challenge Period" as defined in the Interim DIP Financing Order (D.I. 85, ¶ 16)) does not expire until September 17, 2024.[4] It remains unclear if the Chapter 7 Trustee, or any other parties-in-interest, will challenge the nature, extent, validity, priority and enforceability of HPS' alleged liens and secured claims. Granting stay relief before the expiration of the Challenge Period is premature. Accordingly, CSS respectfully submits that the Court should treat the September 4, 2024 hearing date on the Motion as a preliminary hearing in accordance with Local Rule 4001-1(c)(iii) and section 362(e)(1) of the Bankruptcy Code and defer entry of any final order until after the expiration of the Challenge Period.

12. CSS also objects, on a limited basis, to the relief requested to the extent the relief seeks to alter or impair any of CSS' rights, claims, causes of action, or defenses relating to the CSS License Agreement by and between CSS and CSSE. As of the Petition Date, the Debtors owed approximately four million dollars to CSS in royalty payments and fees under the CSS License Agreement. The obligations have likely increased since the Petition Date. The obligations remain outstanding and must be cured to the extent the Chapter 7 Trustee proposes to assume and assign the CSS License Agreement to a qualified third-party. Accordingly, out of an abundance of caution, to the extent HPS satisfies its burden before the Court, CSS respectfully requests that any order granting the relief requested should make clear that:

    (i)    the Chapter 7 Trustee has not assumed, nor assigned, the CSS License Agreement;

---

[4] Paragraph 16 of the July 4, 2024 *Interim DIP Financing Order* provides, in relevant part, that the time period for the Chapter 7 Trustee or any other party-in-interest to object to or challenge the amount, validity, perfection, enforceability, priority or extent of the alleged prepetition secured obligations or liens, or asserting or prosecuting any avoidance action or any other claims, counterclaims or causes of action, objections, contests or defenses against any prepetition secured parties expires 75 calendar days after entry of the Interim Order. *See* D.I. 85. Seventy-five days from July 4, 2024 is September 17, 2024.

(ii)      the Chapter 7 Trustee has not cured any outstanding obligations due and owing to CSS under the CSS License Agreement;

(iii)      all rights, claims, defenses or causes of action of CSS relating to the CSS License Agreement, and any other agreement CSS has with the Debtors, are expressly preserved and not waived, released or otherwise determined by the Court; and

(iv)      the Chapter 7 Trustee is not releasing or waiving any rights, claims, causes of actions or defenses the Debtors' estates may hold against HPS or any other prepetition secured lender.

## Conclusion

Wherefore, CSS respectfully requests that this Court sustain this Limited Objection and (i) treat the September 4, 2024 hearing on the Motion as a preliminary hearing and schedule a final hearing on the Motion for after the expiration of the Challenge Period; and (ii) include in any order granting the Motion the relief sought in this Limited Objection related to the CSS License Agreement and CSS's rights, claims, defenses and causes of action related to the CSS License Agreement and any other agreement between CSS and the Debtors.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: August 28, 2024<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*/s/ Donald J. Detweiler*<br>Donald J. Detweiler (DE Bar No. 3087)<br>Morgan L. Patterson (DE Bar No. 5388)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile:  (302) 252-4330<br>Email:  don.detweiler@wbd-us.com<br>            morgan.patterson@wbd-us.com<br><br>-and-<br><br>Cathy A. Hinger (pro hac vice)<br>Claire J. Rauscher (pro hac vice)<br>2001 K. Street, NW<br>Suite 400 South<br>Washington, D.C. 20006<br>Telephone: (202) 467-6900<br>Facsimile:  (202) 467-6910<br>Email:  cathy.hinger@wbd-us.com<br>            claire.rauscher@wbd-us.com<br><br>*Counsel for Chicken Soup for the Soul, LLC* |