# **EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | * | |
| **CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.,** *et al.*, | * * | Case No. 24-11442-MFW (Chapter 7) |
| Debtors.[1] | * * | Jointly Administered |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**STIPULATION GRANTING AFCO CREDIT CORPORATION RELIEF**
**FROM THE AUTOMATIC STAY AND OTHER RELATED RELIEF**

This Stipulation ("Stipulation") is entered into by and between George L. Miller, as Chapter 7 Trustee ("Trustee") of the above-captioned debtors (the "Debtors") and AFCO Credit Corporation ("AFCO" and with the Trustee, the "Parties"). The Parties, subject to Bankruptcy Court approval, hereby stipulate and agree as follows.

**RECITALS**

**WHEREAS**, on June 28, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' bankruptcy cases are jointly administered [D.I. 73].

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**WHEREAS**, Debtors' bankruptcy cases were converted to cases under Chapter 7 of the Bankruptcy Code on July 10, 2024 [D.I. 120].

**WHEREAS**, the Trustee has been appointed the interim Chapter 7 Trustee for the Debtors' bankruptcy estates [D.I. 130].

**WHEREAS**, AFCO is a secured creditor in these cases pursuant to the terms of those two agreements described below:

   a. A Premium Finance Agreement (the "First Agreement") between Chicken Soup for the Soul Entertainment, Inc. (the "Debtor") and AFCO, executed April 16, 2024, pursuant to which $192,710.25 was advanced to the Debtor Chicken Soup for the Soul Entertainment, Inc. (the "Debtor") and certain affiliates to enable the Debtor to purchase a media professional insurance policy ("Media Policy"); and

   b. A Premium Finance Agreement (the "Second Agreement," together with the First Agreement, the "Agreements") between the Debtor and AFCO, executed April 16, 2024 pursuant to which $101,079.00 was advanced to the Debtor to enable the Debtor to purchase a cyber liability insurance policy ("Cyber Policy," together with the Media Policy, the "Policies").

**WHEREAS**, under the terms of the First Agreement, in consideration for AFCO's advance of funds, the Debtor promised to repay the funds plus interest in three (3) monthly installments of $34,123.50. All installment payments were due the 1st day of each month, commencing with an installment payment on May 1, 2024.

**WHEREAS,** under the terms of the Second Agreement, in consideration for AFCO's advance of funds, the Debtor promised to repay the funds plus interest in three (3) monthly installments of $65,057.50. All installment payments were due the 1st day of each month, commencing with an installment payment on May 1, 2024.

2

**WHEREAS**, repayment of the loans under the terms of the Agreements is secured by a security interest and assignment in all unearned premiums and related amounts under the Policies (the "Collateral"), coupled with a limited power of attorney to cancel the Policies upon a default;

**WHEREAS**, Debtor has made only two of the three installment payments under the First Agreement and cannot make the third;

**WHEREAS,** Debtor has made only two of the three installment payments under the Second Agreement and cannot make the third;

**WHEREAS,** the Parties have agreed to terminate the Policies effective on July 10, 2024.

**NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, SUBJECT TO BANKRUPTCY COURT APPROVAL, HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. The above recitals are fully incorporated herein and made an express part of this Stipulation.

2. The automatic stay of 11 U.S.C. § 362(a) is modified and terminated to the extent necessary to permit AFCO to (i) cancel the Policies effective as of July 10, 2024, without further notice, and (ii) collect and apply the unearned premiums, in accordance with the terms of the Agreements and the terms herein.

3. All insurance companies, brokers, or other parties in possession of the Collateral are permitted and authorized to turn over the Collateral to AFCO.

4. Within ten (10) days of receiving the unearned premiums, AFCO shall provide an accounting to the Trustee and, at such time, shall turnover to the Trustee excess unearned premiums, if any, remaining after AFCO's application set forth in paragraph 2.

5. The Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein and to determine any dispute, if any, between the Trustee and AFCO with respect to the Agreement, the accounting and implementation of this Order.

6. This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. Each Party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Stipulation and that it enters this Stipulation knowingly and voluntarily.

8. By executing this Stipulation, each Party represents to the other that (a) the person executing this Stipulation on its behalf is duly authorized and empowered to execute and deliver this Stipulation; and (b) this Stipulation constitutes the legal, valid, and binding obligation of such Party, enforceable against it in accordance with the Stipulation's terms.

9. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or instruments as may reasonably be required to carry out the intent of this Stipulation.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. The laws of the State of Delaware shall govern the interpretation and enforcement of this Stipulation, without regard to principles of conflicts of law.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto and an order of the Court. No waiver of this Stipulation or

of any of the promises, rights, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

13. This Stipulation shall have no force or effect unless and until approved by the Court.

14. Notwithstanding the applicability of Bankruptcy Rule 4001, the terms and provisions of this Stipulation immediately shall be effective and enforceable immediately upon entry of an Order approving this Stipulation and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

15. The Court shall retain jurisdiction over the implementation, interpretation, and enforcement of this Stipulation.

DATED: August 30, 2024
Wilmington, Delaware

/s/ Emily K. Devan
Emily K. Devan
DE Bar No. 6104
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3413
Fax: (410) 385-3700
Email: edevan@milesstockbridge.com

*Attorneys for AFCO Credit Corporation*

-and-

/s/ John T. Carroll, III
John T. Carroll, III
Cozen O'Connor
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2028
Fax : (302) 295-2013
Email: jcarroll@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*