# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br>Related Doc. 243 & 310 |

## ORDER GRANTING HPS INVESTMENT PARTNERS, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of HPS Investment Partners, LLC's Motion for Relief From the Automatic Stay (the "Motion")[2] filed by HPS Investment Partners, LLC (the "Agent"), for an order terminating the automatic stay pursuant to Section 362(d) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that due and sufficient notice of the Motion has been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby lifted and modified, as the case may be, to allow the Agent to exercise and enforce any and all of its state and federal law rights and remedies with respect to the Credit Agreement and the Collateral Agreement, including, but not limited to, foreclosure upon, sale or otherwise liquidation of the Pledged Collateral, and application of any such proceeds in satisfaction of the Prepetition Secured Parties' claims; *provided that* (i) any proceeds realized from the Pledged Collateral shall be subject to prior payment of the Carve-Out (as defined in the Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [Dkt. 85]) and (ii) all rights of the Trustee to seek to surcharge the Pledged Collateral under 11 U.S.C. § 506(c) are expressly preserved.  The Agent shall promptly report to, and coordinate with, the Trustee regarding any recovery of proceeds from the Pledged Collateral.

3. Certain motion pictures included within the Pledged Collateral were produced subject to various collective bargaining agreements, and security agreements, liens, and/or related financial assurances in favor of the Directors Guild of America, Inc., Screen Actors Guild and the

American Federation of Television and Radio Artists, and the Writers Guild of America, West, Inc., as applicable (collectively, the "Guild Interests").  This Order is entered without modification, limitation or prejudice to any of the Guilds Interests.

4. The Trustee has not assumed, nor assigned, that certain license agreement between Chicken Soup for the Soul, LLC ("CSS"), as licensor, and Debtor Chicken Soup for the Soul Entertainment, Inc., as licensee, dated as of May 12, 2016 (the "CSS License Agreement").

5. The Trustee has not cured any outstanding obligations due and owing to CSS under the CSS License Agreement.

6. All rights, claims, defenses or causes of action of CSS and the Debtors' estates relating to the CSS License Agreement, and any other agreement CSS has with the Debtors, are expressly preserved and not waived, released or otherwise determined by the Court.

7. The Trustee is not releasing or waiving any rights, claims, causes of actions or defenses the Debtors' estates may hold against HPS or any other prepetition secured lender.

8. This Order is immediately effective upon its entry and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

9. This Court retains jurisdiction with respect to all matters arising from, and related to, the implementation, interpretation, and enforcement of this Order.

Dated: September 6th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE