IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No** _____ |

ORDER GRANTING MOTION
OF H-E-B, LP FOR ENTRY OF AN ORDER
MODIFYING, TO THE EXTENT APPLICABLE, THE
AUTOMATIC STAY PURSUANT TO SECTIONS 105(a) AND 362(d)
OF THE BANKRUPTCY CODE TO PERMIT H-E-B, LP TO CONTINUE
TO REMOVE AND DISPOSE OF PREVIOUSLY ABANDONED KIOSKS

Upon the Motion[2] filed by H-E-B seeking entry of an order (this "*Order*"), modifying, to the extent applicable, the automatic stay to immediately permit H-E-B to continue to remove and dispose of the Redbox Kiosks, all as more fully set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), such that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and

---

[1] The Debtors in these chapter 7 cases and the last four digits of their respective federal tax identification numbers (where applicable) are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The location of the Debtors' corporate headquarters is: 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not otherwise defined herein shall share the meanings set forth in the Motion.

the Motion in this district is proper pursuant to 28 U.S.C. § 1409; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion, the Afflerbach Declaration, and all of the proceedings had before the Court in connection therewith; and the Court having found that cause exists under section 362(d)(1) of the Bankruptcy Code to modify, to the extent applicable, the automatic stay to immediately allow H-E-B to continue to remove and dispose of the Redbox Kiosks; and the Court having found that H-E-B may, pursuant to section 362(d)(2) of the Bankruptcy Code, likewise continue to remove and dispose of the Redbox Kiosks because Redbox does not have an equity in the Redbox Kiosks and the Redbox Kiosks are not necessary to an effective reorganization,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**[3]

1. The Motion is **GRANTED** as set forth herein.

2. To the extent applicable or necessary, the automatic stay is modified pursuant to section 362(d) and H-E-B is immediately authorized to remove and dispose of the Redbox Kiosks.

3. The 14-day stay otherwise contemplated by Bankruptcy Rule 4001 is waived pursuant to Bankruptcy Rule 4001(a)(3).

4. H-E-B is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[3] The findings of fact and the conclusions of law set forth and incorporated in this Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law.  Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

5. The provisions of this Order shall be binding upon all parties in interest in these chapter 7 cases, including the Debtors and the Chapter 7 Trustee and their respective successors and assigns. No party in interest, including the Debtors and the Chapter 7 Trustee, may interfere with the removal and disposal of the Redbox Kiosks. This Order shall likewise bind any trustee hereafter appointed or elected for the Debtors' estates whether in these chapter 7 cases or any successor cases.

6. The Debtors, their estates, and the Chapter 7 Trustee shall have no claims or causes of action against H-E-B for the removal and disposal of the Redbox Kiosks or any actions taken in reliance on this Order.

7. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 11th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE