**<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 7** |
| **CHICKEN SOUP FOR THE SOUL** | ) | **Case No. 24-11442 (MFW)** |
| **ENTERTAINMENT, INC.** *et al.*, | ) | |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | <u>Hearing Date</u>: **October 9, 2024 at 2:00 p.m.** |
| | ) | <u>Obj. Deadline</u>: **September 27, 2024 at 4:00 p.m.** |

## <u>NOTICE OF MOTION</u>

TO:    (a) the Debtors; (b) the Trustee; and (c) all parties who have requested notices in these cases pursuant to Bankruptcy Rule 2002.

On September 13, 2024, Dollar General Corporation filed the *Motion of Dollar General Corporation for Entry of an Order Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 105(a) and 362(d) to Permit Dollar General Corporation to Remove Kiosks and Dispose of Kiosks and Their Contents* (the "Motion");

Objections, if any, to the relief requested in the Motion must be filed with the United States Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **September 27, 2024 at 4:00 p.m. (ET).**

At the same time, you must also serve a copy of the objection upon the undersigned counsel so as to be **received no later than 4:00 p.m. (ET) on September 27, 2024.**

A HEARING ON THE MOTION WILL BE HELD ON **OCTOBER 9, 2024 AT 2:00 P.M.** BEFORE THE HONORABLE MARY F. WALRATH, UNITED STATES BANKRUPTCY JUDGE, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5TH FLOOR, COURTROOM NO. 4, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 13, 2024.

Respectfully Submitted,

/s/ Peter C. Hughes
Peter C. Hughes
Dilworth Paxson LLP
800 King Street, Suite 202
Wilmington, DE 19801
Tel: 215.575.7000
Email: phughes@dilworthlaw.com

-and-

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (admitted *pro hac vice*)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:     615.465.6000
Email: phillip@thompsonburton.com

Counsel for Dollar General Corporation

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 7** |
| **CHICKEN SOUP FOR THE SOUL** | ) | **Case No. 24-11442 (MFW)** |
| **ENTERTAINMENT, INC.** *et al.*, | ) | |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | **Hearing Date: 10/9/2024 at 2:00 p.m.** |
| | ) | **Obj. Deadline: 09/27/2027 at 4:00 p.m.** |

### MOTION OF DOLLAR GENERAL CORPORATION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(A) AND 362(D) TO PERMIT DOLLAR GENERAL CORPORATION TO REMOVE KIOSKS AND DISPOSE OF KIOSKS AND THEIR CONTENTS

Dollar General Corporation ("DG" or "Movant"), by and through its undersigned counsel, respectfully moves this Court (the "Motion"), pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001, 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 4001-1 and 9013-1 of the Local Rules of this Court (the "Local Rules") for entry of an order granting relief from the automatic stay to allow the Movant to dispose of approximately 3624 kiosks located on the Movant's premises throughout the country that were installed by, or at the direction of, Redbox Automated Retail, LLC, one of the debtors in this jointly administered case (the "Debtor"). In support of this Motion, Movant respectfully represents as follows:

### BACKGROUND

1.     Movant and some of its related entities, on the one hand, and the Debtor, on the other hand, entered into a Kiosk Operating Agreement effective as of October 29, 2012. Movant and some of its related entities entered into a second Kiosk Operating Agreement with Debtor, such second agreement effective as of March 1, 2016 (the "Agreement"). A true and correct copy of the Agreement is attached as <u>Exhibit 1</u> to the Declaration of Eric Hedberg, the Director of

Merchandising for Movant (the "Declaration"), which is attached hereto as <u>Exhibit A</u>.  The Agreement was amended three times (the "Amendments"), which Amendments are collectively attached as <u>Exhibit 2</u> to the Declaration.

2.      Pursuant to the Agreement and the Amendments, the Debtor was authorized to install DVD rental kiosks ("Kiosks") at the Movant's retail locations throughout the country. Declaration at ¶ 7.  At the time of the filing of this bankruptcy petition, the Debtor had installed approximately 3624 Kiosks at Movant's retail locations.  Declaration at ¶ 8.

3.      The Agreement and its Amendments required the Debtor to remit to the Movant a portion of its rental revenue in exchange for Movant allowing the Debtor to install and operate the Kiosks at the Movant's locations.  Declaration at ¶ 9.  However, the Debtor has failed to pay rental revenue owing to the Movant since July 2023.  Declaration at ¶ 10.  As of the filing of this Motion, the Debtor owes the Movant $459,214.43 in unpaid rent pursuant to the Agreement and its Amendments.  Declaration at ¶ 11.  Moreover, the Debtor breached the Agreement and its Amendments by failing to properly maintain and service the Kiosks.  Declaration at ¶ 12.

4.      On June 24, 2024, the Movant provided written notice (the "Notice"), as required by the Agreement and its Amendments, terminating the Agreement and its Amendments, demanding payment for all outstanding amounts due to Movant, and demanding that the Debtor immediately remove the Kiosks.  A copy of the Notice is attached as <u>Exhibit 3</u> to the Declaration. Pursuant to the Agreement and its Amendments, the Debtor was required to remove the Kiosks at its expense upon termination of the Agreement.  Declaration at ¶ 13-14.  Despite the demands made in the Notice, the Debtor failed to remit the amounts owed to the Movant and failed to remove the Kiosks.  Declaration at ¶ 15.

5.      The 3624 Kiosks remain at the Movant's locations, despite not being properly maintained or serviced.  Declaration at ¶ 16.  The Movant believes that the Kiosks and its contents have little or no value.  Declaration at ¶ 18.  The continued existence of these Kiosks on the Movant's premises is damaging the Movant's business and reputation and is damaging the Movant's relationship with some of its landlords.  Declaration at ¶ 19.

**JURISDICTION AND VENUE**

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Movant consents to the entry of a final order by this Court pursuant to Local Rule 9013-1(f).

7.      The legal bases for the relief requested in this Motion are 11 U.S.C. §§ 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rules 4001, 9013 and 9014, and Local Rules 4001-1 and 9013-1.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

**RELIEF REQUESTED**

8.      By this Motion, the Movant respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit B, granting the Movant relief from the automatic stay to (1) remove the Kiosks remaining on the Movant's premises, (2) dispose of the Kiosks remaining on the Movant's premises, and (3) dispose of any contents of the Kiosks remaining on the Movant's premises.

**BASIS FOR RELIEF REQUESTED**

9.      11 U.S.C. § 363(d)(1) provides, in relevant part, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest."  While "cause" is not defined in the bankruptcy Code, courts consider the totality of the circumstances of each particular case in order to determine whether "cause" exists. *In re SCO Group, Inc.*, 395 B.R. 852,

856 (Bankr. D. Del. 2007) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)). In deciding whether "cause" exists for granting relief from the automatic stay, a court must determine whether the movant has established that "the balance of hardships from not obtaining relief tips significantly in [movant's] favor." *Atl Marine, Inc. v. Am. Classic Voyages, Co. (In re American Classic Voyages, Co.)*, 298 B.R. 222, 225 (D. Del. 2003); *see also In re RNI Wind Down Corp.*, 348 B.R. 286, 299 (Bankr. D. Del. 2006).

10.     It is a movant's burden to establish a prima facie cause for granting stay relief, at which point the burden shifts to the debtor to prove that cause does not exist. *See Joyner Auto World v. George (In re George)*, 315 B.R. 624, 627 (Bankr. S.D. Ga. 2004). A court *must* grant stay relief if it determines that cause has been established. *See* 11 U.S.C. § 362(d)(1); *In re Zeoli*, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000).

11.     The balancing test established by the case law clearly weighs in favor of the Movant in the matter now before this Court. On the one hand, Movant is bearing the burden of continuing to store Kiosks at its locations that are not being maintained, creating business and reputational damage. Further, a number of Movant's landlords have complained about the presence of the kiosks on landlords' premises, damaging the relationship between Movant and the landlords. Finally, there is no current contractual relationship between the Movant and the Debtor, the Agreement having been terminated pre-petition, and the Debtor has not paid rents due to the Movant in over a year. On the other hand, granting stay relief would have no effect on the Debtor or this estate. The Debtor and the Trustee have effectively abandoned the Kiosks at locations throughout the country. Other parties similarly situated to the Movant have sought and obtained stay relief to remove and dispose of the Kiosks.

12.     The Movant believes that the Kiosks are without any value to this estate or its Trustee; however, should the Trustee wish to remove the Kiosks, the Movant suggests that he be given seven (7) days to do so, at the estate's expense.

13.     For all of the foregoing reasons, the Movant suggests that granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is appropriate.

### RULE 4001 WAIVER

14.     The Movant requests that the fourteen-day stay provided in Bankruptcy Rule 4001(a)(3) be waived to enable the Movant to immediately enforce and implement the terms of the proposed order.

### NOTICE

15.     Notice of this Motion has been given to the following parties and/or their counsel, if known: (a) the Debtors; (b) the Trustee; and (c) all parties having requested notice in these cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Movant suggests that no other notice is necessary.

### CONCLUSION

16.     For all of the foregoing reasons, Dollar General Corporation respectfully requests that this Court (a) lift the automatic stay pursuant to 11 U.S.C. § 362(d) to allow Dollar General Corporation to dispose of the Kiosks remaining on its properties, and the contents thereof, (b) waive the fourteen day stay pursuant to Bankruptcy Rule 4001(a)(3); and (c) grant such other and further relief as the Court may deem just, equitable, and appropriate.

Dated: September 13, 2024.

Respectfully Submitted,

/s/ Peter C. Hughes
Peter C. Hughes
Dilworth Paxson LLP
800 King Street, Suite 202
Wilmington, DE 19801
Tel: 215.575.7000
Email: phughes@dilworthlaw.com

-and-

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (admitted *pro hac vice*)
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel:     615.465.6000
Email: phillip@thompsonburton.com

Counsel for Dollar General Corporation

**EXHIBIT A**

[Declaration]

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 7** |
| **CHICKEN SOUP FOR THE SOUL** | ) | **Case No. 24-11442 (MFW)** |
| **ENTERTAINMENT, INC.** *et al.*, | ) | |
| | ) | **Jointly Administered** |
| | ) | |
| **Debtors.** | ) | |

**DECLARATION OF ERIC HEDBERG IN SUPPORT OF
MOTION OF DOLLAR GENERAL CORPORATION FOR ENTRY OF AN
ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(A)
AND 362(D) TO PERMIT DOLLAR GENERAL CORPORATION TO REMOVE
KIOSKS AND DISPOSE OF KIOSKS AND THEIR CONTENTS**

I, Eric Hedberg, submit this Declaration pursuant to 28 U.S.C. § 1746, and declare as
follows to the best of my knowledge, information and belief:

1. I am over eighteen years of age and have personal knowledge of the matters set forth
   herein.

2. I am the Director of Merchandising for Dollar General Corporation ("DG"). Among my
   responsibilities as Director of Merchandising for DG, I am responsible for overseeing and
   maintaining business relationships with certain third-party vendors, including Redbox
   Automated Retail, LLC ("Redbox").

3. I am authorized to submit this Declaration on behalf of DG and in support of its *Motion
   for Entry of an Order Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 105(a) and
   362(d) to permit Dollar General Corporation to Remove Kiosks and Dispose of Kiosks
   and their Contents* (the "Motion").

4. All facts set forth in this Declaration are based upon my personal knowledge and review
   of relevant documents maintained by DG in the ordinary course of its business. If called

to testify as a witness in this matter, I would testify competently to the facts set forth herein.

5. DG and some of its related entities entered into a Kiosk Operating Agreement (the "Agreement") with Redbox effective as of March 1, 2016.  A true and correct copy of the Agreement is attached hereto as <u>Exhibit 1</u>.

6. The Agreement was amended three times (the "Amendments"), which Amendments are collectively attached hereto as <u>Exhibit 2</u>.

7. Pursuant to the Agreement and the Amendments, Redbox was authorized to install DVD rental kiosks ("Kiosks") at an agreed-upon list of DG's retail locations throughout the country.

8. At the time of Redbox's bankruptcy filing, Redbox had installed 3624 Kiosks at various DG retail locations.

9. The Agreement and its Amendments required Redbox to pay a commission to DG, equal to a portion of its rental revenue, in exchange for DG allowing Redbox to install and operate the Kiosks at DG's retail locations

10. However, Redbox has failed to pay commissions owing to DG since July 2023.

11. As of the filing of this Motion, Redbox owes DG $459,214.43 in unpaid commissions pursuant to the Agreement and its Amendments.

12. Moreover, Redbox breached the Agreement and its Amendments by failing to properly maintain and service the Kiosks prior to its bankruptcy filing.

13. On June 24, 2024, DG provided written notice (the "Notice"), as required by the Agreement and its Amendments, terminating the Agreement and its Amendments,

#124589293v1

demanding payment for all outstanding amounts due to DG, and demanding that Redbox immediately remove the Kiosks. A copy of the Notice is attached hereto as <u>Exhibit 3</u>.

14. Pursuant to the Agreement and its Amendments, Redbox was required to remove the Kiosks at its expense upon termination of the Agreement.

15. Despite the demands made in the Notice, Redbox failed to remit the amounts owed to DG and failed to remove the Kiosks.

16. The 3624 Kiosks remain at DG's locations, despite not being properly maintained or serviced.

17. Based upon my understanding of how other retailer industry participants plan to move forward with removal of Kiosks, I believe that the Kiosks and its contents have little or no value.

18. The continued existence of these Kiosks on DG's premises is damaging DG's business and reputation and is damaging DG's relationship with some of its landlords. Indeed, some of DG's landlords are demanding that the unmaintained Kiosks be immediately removed.

I declare under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.

Executed on:  September __4__, 2024.

Eric Hedberg
Director of Merchandising
Dollar General Corporation

3

#124589293v1

**<u>EXHIBIT 1</u>**

**[Filed Under Seal]**

**<u>EXHIBIT 2</u>**

**[Filed Under Seal]**

**<u>EXHIBIT 3</u>**

**[Filed Under Seal]**

## **EXHIBIT B**

[Proposed Order]

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 7** |
| **CHICKEN SOUP FOR THE SOUL** | ) | **Case No. 24-11442 (MFW)** |
| **ENTERTAINMENT, INC.** *et al.*, | ) | |
| | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | **D.I.** 327 |
| | ) | |

## ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT
## DOLLAR GENERAL CORPORATION TO REMOVE KIOSKS AND
## TO DISPOSE OF KIOSKS AND THEIR CONTENTS

Upon the *Motion of Dollar General Corporation for Entry of an Order Modifying the Automatic Stay Pursuant to 11 U.S.C. §§ 105(a) and 362(d) to Permit Dollar General Corporation to Remove Kiosks and Dispose of Kiosks and Their Contents* (the "Motion"), filed by Dollar General Corporation (the "Movant"), for entry of an order (the "Order") (a) granting Movant relief from the automatic stay to allow Movant to remove and dispose of the Kiosks, along with the content of said Kiosks, that remain on Movant's premises, and (b) waiving the fourteen day stay pursuant to Bankruptcy Rule 4001(a)(3); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1409; and this Court having found that Movant's notice of the Motion was appropriate under the circumstances and no further or other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED:**

1.      The Motion is **GRANTED** as set forth herein.

#124589305v1

2.      Pursuant to 11 U.S.C. § 362(d)(1), the Court finds there is sufficient cause to modify the automatic stay to allow Dollar General Corporation to remove and dispose of the Kiosks that remain on Movant's premises, along with the contents of those Kiosks.

3.      The fourteen-day stay under Bankruptcy Rule 4001(a)(3) is hereby waived.

4.      The Movant is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and Local Rules are satisfied by such notice.

6.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2024.          _____
                                                THE HONORABLE MARY F. WALRATH
                                                UNITED STATES BANKRUPTCY JUDGE

#124589305v1