IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>Jointly Administered<br><br>**Objections due by: October 2, 2024 at 4:00 p.m. (ET)**<br><br>**Hearing Date: October 9, 2024, 2024 at 2:00 p.m. (ET)** |

### MOTION OF VANTIVA SUPPLY CHAIN SOLUTIONS, INC. AND VANTIVA SCS NASHVILLE, LLC FOR AN ORDER LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(A) AND 362(D) TO PERMIT DISPOSAL OR SALE OF PRODUCTS AND RELATED MATERIALS

Vantiva Supply Chain Solutions, Inc. and Vantiva SCS Nashville, LLC (collectively, "***Vantiva***") submit this Motion for entry of an order, pursuant to Sections 105(a) and 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et al.* (the "***Bankruptcy Code***"), Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Local Rules 4001-1 and 9013-1, lifting the automatic stay to permit Vantiva to dispose (including by sale) of various digital optical disks (popularly referred to as "***DVDs***") and related products. These items were produced by Vantiva for the debtor Screen Media Ventures, LLC ("***Screen Media***"), pursuant to a contract between them.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807, and the Chapter 7 Trustee's service address is George L. Miller, as Chapter 7 Trustee, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103-2110.

Screen Media never paid for such products, and Vantiva has a lien on the products pursuant to its Contract (as defined below) with Screen Media. Vantiva seeks to dispose of these items, which, not surprisingly, appear to be almost entirely worthless, also as discussed below.

In support of this Motion, Vantiva relies on the Declaration of Christopher Hanewald, the General Counsel of Vantiva, filed with this Motion. In further support of this Motion, Vantiva respectfully states as follows:

## Background

1. On June 28, 2024 (the "**Petition Date**"), the Debtors filed for protection under Chapter 11 of the Bankruptcy Code.

2. On July 10, 2024, this Court entered an order converting the Debtors' cases to cases under Chapter 7 of the Bankruptcy Code.

3. George Miller was subsequently appointed as the Chapter 7 trustee of the Debtors' estates (the "**Trustee**").

## Jurisdiction, Venue, and Statutory Predicate

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Vantiva consents to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this Motion is proper in this Court under 28 U.S.C. § 1409(a).

5. The legal bases for the relief requested herein are §§ 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rules 4001, 9013, and 9014, and Local Rules 4001-1 and 9013-1.

## Background of the Parties' Dealings

6. Among many other lines of business, Vantiva manufactures DVDs for third parties,

pursuant to various contracts and using content licensed by third parties or by Vantiva.

7. To that end, in June of 2020, Vantiva entered into a contract with the Debtor Screen Media to produce DVDs for use by Screen Media (the "***Contract***").[2] The Contract is attached hereto as **Exhibit A**, redacted as to various pricing information which is proprietary to Vantiva (and which pricing information is irrelevant to this Motion).

8. Since the summer of 2023, Screen Media has been in default under the Contract, due to non-payment of amounts owed to Vantiva. Since the fall of 2023, Vantiva had Screen Media on "credit hold" due to continued non-payment, and Vantiva has no longer been producing any DVDs for Screen Media.

9. As of the Petition Date, Vantiva was owed $97,254.16 for its production services and related charges under the Contract.[3]

10. Based on orders submitted by Screen Media to Vantiva during the pendency of the Contract, Vantiva is in possession of approximately 386,000 DVDs of films, music concerts, and comedy shows. This includes various Screen Media DVD cases, printed materials (or "sleeves") one would find inside the cover of such a DVD, promotional stickers, and the like (referred to as "***Materials***" under the Contract, *see* Contract at page 13 of 16, section 9). In addition, to the extent Screen Media obtained licensed "master" copies of the subject media which Vantiva would use to produce the DVDs, Vantiva has such media as well.

---

[2] The Contract is between Screen Media, and two predecessor entities to Vantiva. Specifically, subsequent to the signing of the Contract, contract party Technicolor Home Entertainment Services, Inc. changed its name to one of the Movants herein, Vantiva Supply Chain Solutions, Inc., and at the same time, the other contract party Technicolor Home Entertainment Services Southeast, LLC changed its name to the other Movant, Vantiva SCS Nashville, LLC.

[3] Under a separate contract between Vantiva Global Logistics, LLC (formerly known as Technicolor Global Logistics, LLC), the Debtor Redbox Automated Retail, LLC owes $732,928.44 for pre-petition transportation services to Vantiva Global Logistics, LLC. That separate contract and claim are not applicable to this Motion or the relief sought.

11. To be clear, the DVDs currently on hand and made for Screen Media are not in any way popular hits, even if DVDs were still regularly purchased or rented. The first three titles in the master list of DVDs currently on hand with Vantiva[4] are the movies "Karate Dog," the "12 Dogs of Christmas," and "Noel" (the last of this sample list is a poorly reviewed Christmas-themed drama from 2004). In all, the 386,000 DVDs on hand are made up of some 315 similar titles, ranging from a single copy of a given title, to a few thousand copies of other titles.

12. Prior to filing this Motion, Vantiva contacted certain parties in the trade that may have an interest in purchasing these items in bulk (subject to obtaining the relief sought in this Motion). The best proposal was to pay $4,000, or slightly more than 1 penny per DVDs. Upon information and belief, the DVDs and associated Materials are largely worthless to anyone, as their value would not even be worth the transport, storage, and insurance costs of them for the weeks, months, or years it would take to actually sell them.

13. Vantiva wishes to rid itself of these items, and avoid any further cost or burden of keeping them, which are its express rights under the Contract.

**Relief Requested**

14. Vantiva has various rights under the Contract. It has a lien on the items described above that are in its possession. *See* Contract at page 12 of 16, section 4. Pursuant to the Contract, Vantiva is only required to store these items for so long as it provides services to Screen Media, and it has not provided services to Screen Media since months before the Petition Date. *See* Contract at page 13 of 16, section 9(c). Vantiva also has the right to destroy any products in its possession if not timely paid for, and picked up, by its customer. *See* Contract at page 13 of 16, section 9(c).

15. Vantiva seeks to lift the automatic stay in order to obtain authority to remove dispose of all items of Screen Media it has under the Contract, and thus minimize its ongoing damages.

---

[4] A copy of the list of titles on hand with Vantiva is available upon written request to the undersigned.

4881-7051-2091

Screen Media is no longer an operating entity by virtue of the jointly administered Chapter 7 cases before this Court. This is also the case for the defunct "RedBox" operations which were used to rent or sell these items.

16. Vantiva has not received any post-petition payment, despite the accrual of administrative expenses for continued storage, and interest. Thus, it is clear that cause exists to lift the automatic stay.

17. By this Motion, Vantiva respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit B**, lifting the automatic stay to allow the Vantiva to dispose of all DVDs and related Materials that remain on Vantiva' premises.

### Basis for Relief[5]

18. Section 362(d)(1) of the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay [ ] for cause." 11 U.S.C. § 362(d)(1). While "cause" is not defined in the Bankruptcy Code, it is "a flexible concept" and courts consider the totality of the circumstances in each particular case. *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)); *see also In re Snyder*, 293 F. App'x 140, 142 (3d Cir. 2008) (noting that bankruptcy courts have "wide latitude to balance the equities when granting relief from the automatic stay.").

19. In examining the totality of the circumstances, courts consider various factors including:

> (1) Whether any great prejudice to either the bankrupt estate or the debtor will result from lifting the automatic stay;
>
> (2) Whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and

---

[5] Similar relief has been previously granted in these Chapter 7 cases. *See*, *e.g.*, *Order Modifying the Automatic Stay to Permit CVS Pharmacy, Inc. to Remove and Dispose of Kiosks* [D.I. 205].

4881-7051-2091

(3)     The probability of the creditor prevailing on the merits.

*In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010).

20. As to the first prong, there is no prejudice to the Debtor Screen Media, or any of its creditors, to allow the stay to be lifted. The DVDs and related Materials are largely worthless. There is no market for old DVDs, of miscellaneous titles. Likewise, any media of any "master files" held by Vantiva pursuant to licenses from Screen Media cannot be used for other purposes.

21. Screen Media is no longer operating, nor are its affiliates which used to market the DVDs. Neither Screen Media Redbox nor the Trustee have taken any action to maintain or retrieve these items, either before commencement of these cases or post-petition. Moreover, and more importantly, there is no remaining business to operate, or any way to dispose of these items to create any material value, for anyone.

22. As to the second prong, postponing Vantiva's right to dispose of these items would prejudice Vantiva, by forcing it to store and be responsible for these items, which is not required by its Contract. *See*, *e.g.*, *Downey Fin. Corp.*, 428 B.R. at 609 (suggesting hardship factor favored lifting stay where movants otherwise would have to pay defense costs in state and federal court actions).

23. As it relates to the third prong, "[e]ven a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *SCO Grp., Inc.*, 395 B.R. at 859. Here, there is no question that there is good "cause" to lift the automatic stay to allow Vantiva to remove and dispose of the DVDs and related Materials, as it has an express right to do so under its Contract.

## Waiver of Stay Under Bankruptcy Rule 4001(A)(3)

24. Vantiva requests that this Court waive the 14-day stay provided under Bankruptcy Rule 4001(a)(3) so that Vantiva may dispose of the items described in this Motion immediately on

entry of an order lifting the stay.

## Notice

25. A copy of this Motion, as well as a copy of the Notice of Hearing on this Motion, has been served upon (i) counsel to the Debtors, (ii) counsel to the Chapter 7 Trustee, (iii) those parties who have filed a notice of appearance in these cases, and (iv) the Office of the United States Trustee. In light of the nature of the relief requested, Vantiva submits that no other or further notice need be given.

## Conclusion

**WHEREFORE**, Vantiva respectfully requests that this Court enter an Order (a) granting Vantiva relief from the automatic stay to dispose of (including by sale, with respect to the DVDs) or destroy the DVDs and related Materials and other media, (b) waiving the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3), and (c) granting such other and further relief as the Court may deem just and proper.

Dated: September 18, 2024

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
Monarch Plaza
3414 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone:    (404) 443-6774
Facsimile:     (404) 221-6501
Email: mduedall@bakerdonelson.com

*Counsel for Vantiva Supply Chain Solutions, Inc. and Vantiva SCS Nashville, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed (i) the foregoing Motion for an Order Lifting the Automatic Stay Pursuant to 11 U.S.C. §§ 105(a) and 362(d) to Permit Disposal or Sale of Products and Related Materials, (ii) Notice of the same, and of objection deadline and hearing, and (iii) proposed Form of Order, using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to these documents, to all parties who receive electronic notices in these cases.

In addition, copies of each of these were served via United States First Class Mail, postage pre-paid, on the following:

George L. Miller
1628 John F. Kennedy Blvd.
Suite 950
Philadelphia, PA 19103-2110

John T. Carroll, III
Cozen O'Connor
1201 North Market Street
Suite 1001
Wilmington, DE 19801

Jane M. Leamy
Office of the U.S. Trustee
844 King St.
Suite 2207
Wilmington, DE 19801

Richard L. Schepacarter
Office of the United States Trustee
844 King St.
Suite 2207
Wilmington, DE 19801

Michael P. Cooley
Reed Smith LLP
2850 N. Harwood St.
Suite 1500
Dallas, TX 75201

Mark W. Eckard
Reed Smith LLP
1201 N. Market St.
Suite 1500
Wilmington, DE 19801

Ricardo Palacio
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899-1150

Gregory A. Taylor
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899-1150

Luke A. Sizemore
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Dated: September 18, 2024

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, P.C.**

        */s/ Mark I. Duedall*
        Mark I. Duedall (No. 3346)
        Monarch Plaza
        3414 Peachtree Road, N.E., Suite 1500
        Atlanta, Georgia  30326
        Telephone:	(404) 443-6774
        Facsimile:	(404) 221-6501
        Email: mduedall@bakerdonelson.com

        *Counsel for Counsel for Vantiva Supply Chain*
        *Solutions, Inc. and Vantiva SCS Nashville, LLC*

4881-7051-2091