## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*, | Case No. 24-11442 (MFW) |
| Debtors.[1] | Jointly Administered |

**STATEMENT OF DJCTM LENDING, LLC (I) ELECTING TO RETAIN ITS RIGHTS AS LICENSEE UNDER A REJECTED INTELLECTUAL PROPERTY LICENSE AGREEMENT WITH DEBTOR SCREEN MEDIA VENTURES, LLC, LICENSOR, PURSUANT TO UNDER SECTION 365(n) OF THE BANKRUPTCY CODE, AND (II) DEMANDING THE CHAPTER 7 TRUSTEE'S COMPLIANCE WITH AND PERFORMANCE OF THE LICENSOR'S OBLIGATIONS UNDER SECTION 365(n) OF THE BANKRUPTCY CODE**

DJCTM Lending, LLC ("**DJCTM**"), by and through its undersigned counsel, submits this statement under 11 U.S.C. § 365(n): (i) electing to retain its rights as licensee under a license agreement for intellectual property that was deemed rejected under Section 365(n)(1)(B) of the Bankruptcy Code, and (ii) demanding that the Chapter 7 Trustee immediately and fully comply with Section 365(n)(3) of the Bankruptcy Code and immediately perform his obligations to DJCTM under the license (the "**Statement**").

1.    On May 16, 2024, Screen Media Ventures, LLC ("**SMV**" or the "**Debtor**"), as licensor, entered into a licensing and distribution agreement with DJCTM, as licensee (the "**License Agreement**"), under which the Debtor granted a license to DJCTM to distribute certain

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

films and video productions (the "**Pictures**", as defined in the License Agreement), and to use and exploit all of the intellectual property rights related to the Pictures, through the distribution of the Pictures through subscription video-on-demand services throughout the United States and its territories, Amazon's PVOD (Prime Video Direct) services, and Google's SVOD service, from the date of the License Agreement until April 30, 2034 (the "**Term**").   A copy of the License Agreement is annexed as **Exhibit A**.[2]  Copies of the License Agreement, the Laboratory Access Letter (as defined below) and the schedules of the covered Pictures were previously provided by DJCTM's attorneys to counsel for the Chapter 7 Trustee (as defined below).

2.      Under the terms of the License Agreement, in return for the grant of the license and the distribution and exploitation of the Pictures, DJCTM was entitled to receive a portion of the revenues generated from the exploitation of the Pictures and other consideration set out in the License Agreement, including DJCTM's right to recoup in full a cash advance of $8.350 million that DJCTM paid to the Debtor in a series of wire transfers between May 10, 2024 (the effective date of the License Agreement) and May 20, 2024.

3.      Pursuant to the License Agreement, among other things: (i) the Pictures are "intellectual property" as defined under Sections 101(35)(A) and 365(n) of the Bankruptcy Code, in that the Pictures are copyrighted media and the Debtor licensed DJCTM to distribute the copyrighted media for the Term of the License; (ii) the Debtor is the licensor of the Pictures; (iii) the rights of the Debtor licensed to DJCTM are "rights to intellectual property" under the Sections of the Bankruptcy Code referenced in clause 3(i) above; and (iv) the obligations of the Debtor

---

[2]      The voluminous lists of the Pictures under the License Agreement are omitted from Exhibit A because of their size but are available upon request (subject to any confidentiality concerns that may exist under the License Agreement or otherwise).

"shall bind  Screen Media or any Trustee in Bankruptcy of Screen Media, in the circumstances described in" Section 365(n)(3) of the Bankruptcy Code. *See* License Agreement, ¶ 28.

4.      On June 29, 2024, SMV and certain of its affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief in this Court under Chapter 11 of the Bankruptcy Code.  By order of the Court dated July 2, 2024, SMV's case (No. 24-11461 (MFW)) was jointly administered with all of the other Debtors' cases for procedural purposes under the docket of the case captioned *In re Chicken Soup for the Soul Entertainment, Inc.*, Case No. 24-11442 (MFW). On July 10, 2024, the Court entered an order converting all of the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.  Again, the Chapter 7 cases were jointly administered for procedural purposes under the *Chicken Soup for the Soul Entertainment Inc* case. George Miller was appointed as the Chapter 7 trustee in all of the Debtors' cases ("**Chapter 7 Trustee**").

5.      Under Section 365(d)(1) of the Bankruptcy Code, if a trustee does not assume or reject an executory contract within 60 days after an order for relief is entered, then such contact is deemed rejected.  In this case, the 60-day period has expired, during which the Chapter 7 Trustee failed to assume or reject the License Agreement or seek an extension of the time to do so.  As such, the License Agreement is deemed rejected as of the sixtieth day after entry of the order for relief under Chapter 7.  *See* 11 U.S.C. § 365(d)(1).

6.      Because the License Agreement is deemed rejected, Section 365(n)(1)(B) of the Bankruptcy Code grants DJCTM, as the licensee, the sole right to elect, in its absolute discretion, either: (i) to treat the license as terminated, or (ii) to retain its rights under the license for its remaining term and any permitted extension or renewal period, including any exclusive rights

granted by the license, subject to the obligations binding on the trustee as further provided in Section 365(n).

7.      By this Statement, DJCTM gives notice that it elects to retain its rights as authorized by Section 365(n)(1)(B) of the Bankruptcy Code.  In so doing, DJCTM specifically elects to "retain its rights under the License Agreement to such intellectual property as those rights existed immediately before the case commenced for the duration of such contract."  *In re Kemeta, LLC,* 470 B.R. 304 (Bankr. D. Del. 2012).

8.      Pursuant to Section 365(n)(3) of the Bankruptcy Code, if a licensee (in this case, DJCTM) elects to retain its rights under Section 365(n)(1)(B), then the trustee "*shall* provide to the licensee any intellectual property (including such embodiment) held by the trustee."  11 U.S.C. § 365(n)(3) (emphasis added).  As such, DJCTM is entitled to, and demands, "full delivery, possession and use of the scope of the [Pictures] as set forth in the License Agreement," *Kemeta,* 470 B.R. at 229, including "reasonable physical access to any and all embodiments" licensed intellectual property" and use of such embodiments.  *Id.*; *see also,* 11 U.S.C. § 365(n)(3).

9.      Section 365(n)(3) of the Bankruptcy Code specifically directs the Chapter 7 Trustee to provide all such intellectual property and embodiments to the counterparty-licensee.  In this case, the Chapter 7 Trustee has neither provided to DJCTM, nor taken any steps to provide DJCTM, the intellectual property and embodiments of the Pictures that are in his possession, custody and control, notwithstanding the express directives and requirements of the License Agreement.  *See* License Agreement, ¶ 28.  For example, the License Agreement includes a Laboratory Access Letter, which contemplated that the licensor grant authority to Deluxe Media Entertainment (the "**Laboratory**"), an independent film production laboratory, to provide all of the video elements and embodiments of the Pictures to DJCTM so that it could embark on the

distribution and exploitation of the Pictures.  *See* License Agreement, Schedule B.  As of the date of this Statement, DJCTM has not been provided with all such elements and embodiments by the Laboratory, or those in the possession, custody and control of the Chapter 7 Trustee, despite the Trustee knowing of the existence of the License Agreement through prior communications between DJCTM's counsel and the Chapter 7 Trustee's counsel.

10.    By this Statement, therefore, DJCTM demands that the Chapter 7 Trustee immediately provide to DJCTM the Pictures and all associated intellectual property and embodiments thereof, as provided for in the License Agreement and as required by Section 365(n)(3) of the Bankruptcy Code.

Dated: September 18, 2024

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II, Esq. (No. 6102)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com

-and-

**PRYOR CASHMAN LLP**
Richard Levy Jr. (*pro hac vice* pending)
Daniel Brenner (*pro hac vice* pending)
7 Times Square, 40th Floor
New York, NY 10036
Telephone: (212) 421-4100
Email: rlevy@pryorcashman.com
        dbrenner@pryorcashman.com

*Counsel to DJCTM Lending, LLC*