IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>Objection Deadline: October 4, 2024, at 4:00 p.m. (Eastern Time)<br>Hearing Date: October 23, 2024, at 2:00 p.m. (Eastern Time) |

**MOTION OF EG RETAIL (AMERICA), LLC FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C §§ 105(a) AND 362(d) TO PERMIT EG RETAIL (AMERICA), LLC TO REMOVE AND DISPOSE OF KIOSKS**

EG Retail (America), LLC ("**EG America**"), by and through undersigned counsel, respectfully moves this Court for entry of an order, substantially in the form filed herewith, pursuant to sections 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 4001, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 4001-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), modifying the automatic stay to permit EG America to remove and dispose of kiosks (the "**Kiosks**") that were installed and then abandoned on EG America's properties prior to the Petition Date (as defined below) by Redbox Automated Retail, LLC ("**Redbox**") one of the debtors in the above-captioned chapter 7 cases (each, a "**Debtor**" and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

collectively, the "**Debtors**").  In support of this motion (the "**Motion**"), EG America incorporates the accompanying Declaration of Dave Allen (the "**Allen Declaration**") attached hereto as **Exhibit A** and respectfully states as follows:

### PRELIMINARY STATEMENT

1. EG America owns and operates numerous convenience store and fuel retailers throughout the United States.  Prior to the Petition Date (hereinafter defined), Redbox entered into a contractual relationship allowing Redbox to maintain the Kiosks at over 200 EG America locations in exchange for quarterly commissions.  Due to Redbox's repeated defaults, EG America terminated the contract prior to the Petition Date.  Upon termination, Redbox was required to remove the Kiosks and return the premises to their original condition.  Despite multiple communications requesting the removal of the Kiosks from its retail locations, Redbox has neglected to remove the Kiosks and has neglected to engage in any meaningful discussion with EG America.

2. Redbox's failure to remove the Kiosks inflicts unjustifiable economic harm on EG America and deprives EG America of the full use of its retail spaces without financial compensation.  In some instances, the Kiosks continue to draw electricity from EG America's locations which is not being compensated by Redbox, thus causing additional financial hardship to EG America.

3. Redbox abandoned the Kiosks prior to the Petition Date through its failure to take any action to collect them after termination of the agreement.  Further, Debtors' chapter 11 bankruptcy cases have been converted to chapter 7 liquidations, meaning that there is no business revenue to be generated from the Kiosks as there is no business for the Debtors to operate.  If the Trustee elects not to collect the Kiosks from EG America's retail sites within seven (7) days of the

entry of the attached proposed order approving this Motion, EG America should be permitted to remove and dispose of the Kiosks in EG America's sole discretion, to avoid incurring additional damages.[2]

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5. Pursuant to Local Rule 9013-1(f), EG America confirms its consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

6. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 362(d)(1) and (2) and Bankruptcy Rules 4001, 9013, and 9014, and Local Rules 4001-1 and 9013-1.

## FACTUAL BACKGROUND

7. On April 20, 2018, EG America and Redbox entered into that certain Kiosk Operating Agreement pursuant to which EG America agreed to allow Redbox to operate the Kiosks at 237 retail locations owned and operated by EG America (the "**Agreement**"). Allen Decl. at ¶ 2. A true and correct copy of the Agreement is attached as Exhibit 1 to the Allen Declaration together with a list of all such EG America locations.

---

[2] EG America reserves the right to amend any proof of claim it files to assert claims for the costs it incurs in removing and disposing of the Kiosks as well as costs associated with repairing the premises from such removal.

8.     Pursuant to Sections 7.1 and 7.4 of the Agreement, Redbox was obligated to pay EG America certain commissions calculated based on the percentage of net rental revenue received by Redbox from customer rental of media contained in the Kiosks (the "**Commissions**"). Allen Decl. at ¶ 3.

9.     Pursuant to Section 9.2 of the Agreement, any party may terminate the Agreement as a result of a material breach of the other party of any of their obligations. Allen Decl. at ¶ 4. Such termination will be effective upon the breaching party's receipt of the notice of the breach, subject to a thirty-business day cure period. If the breach is not cured, the non-breaching party may terminate the Agreement. *Id*.

10.    Pursuant to Section 6.7 of the Agreement, within thirty days after the termination of the Agreement, Redbox was required to remove the Kiosks from EG America's retail locations and return the premises in good and clean condition. *Id*. at ¶ 5.

11.    On June 29, 2023, EG America sent that certain Notice of Default pursuant to which EG America informed Redbox that it had failed to pay Commissions since November 2022, and its past due arrearages then totaled $46,645.88 (the "**Notice of Default**"). Allen Decl. at ¶ 6. The Notice of Default is attached as <u>Exhibit 2</u> to the Allen Declaration.

12.    On December 7, 2023, EG America entered into that certain Letter Agreement (the "**Letter Agreement**," together with the Agreement, the "**Agreements**") to address Redbox's continuing defaults. Pursuant to the Letter Agreement, Redbox, through its successor in interest, Debtor, Chicken Soup for the Soul Entertainment (the "**CSSE**"), acknowledged that it now owed EG America $87,285.65 in Commissions and agreed to come current on the Commissions by December 31, 2023, while EG America retained its termination rights under the Agreement in the

event such payment was not timely made.  Allen Decl. at ¶ 7.  A true and correct copy of the Letter Agreement is attached as Exhibit 3 to the Allen Declaration.

13. Redbox failed to make payment under the Agreements, and on March 21, 2024, EG America provided CSSE, as successor in interest to Redbox, that certain Notice of Termination, pursuant to which EG America gave Redbox formal notice of EG America's termination of the Agreement pursuant to section 9.2, effective on March 22, 2024, as Redbox failed to cure its payment default under Section 7.4 within the required thirty-business days (the "**Termination Letter**").  Allen Decl. at ¶ 8.  EG America further provided notice that Redbox had thirty days to remove the Kiosks from EG America's retail locations.  Allen Decl. at ¶ 9.  A true and correct copy of the Termination Letter is attached as Exhibit 4 to the Allen Declaration.

14. Having yet again received no response from Redbox, on April 22, 2024, EG America sent that certain Equipment Removal Demand to the CSSE demanding that Redbox respond with a detailed plan and timeline for Kiosk removal by April 26, 2024 (the "**Equipment Removal Letter**," together with the Notice of Default and the Termination Letter, the "**Demand Letters**").  Allen Decl. at ¶ 10.  A true and correct copy of the Equipment Removal Letter is attached as Exhibit 5 to the Allen Declaration.

15. Neither Redbox nor CSSE responded to the Demand Letters.  Allen Decl. at ¶ 11.

16. By letter dated May 16, 2024, counsel for EG America sent CSSE a further notice of demand for payment of the outstanding Commissions as well as the cost to remove all Kiosks from EG America locations (the "**May 16 Counsel Letter**").  A true and correct copy of the May 16 Counsel Letter is attached hereto as **Exhibit B**.  After email follow up, and in response to the May 16 Counsel Letter, on May 31, Lou Occhicone, SVP, Business Affairs & Distribution for

4886-6977-2774, v. 2

CSSE, responded that CSSE was close to securing new financing and requested more time to finalize. A true and correct copy of such email is attached hereto as **Exhibit C**.

17. On June 29, 2024 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

18. On July 10, 2024, this Court entered an Order converting the above captioned cases of the Debtors from cases under chapter 11 to cases under chapter 7 of the Bankruptcy Code.

## RELIEF REQUESTED

19. By this Motion, EG America respectfully seeks entry of an order, substantially in the form attached hereto as **Exhibit D**, (a) granting EG America relief from the automatic stay to remove and dispose of the Kiosks remaining on any EG America property within seven (7) days of the entry of such order granting the Motion, (b) waiving the 14-day stay otherwise contemplated by Bankruptcy Rule 4001 pursuant to Bankruptcy Rule 4001(a)(3), and (c) granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

20. Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." While "cause" is not defined in the Bankruptcy Code, it is "a flexible concept" and courts consider the "totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)). "To establish cause, the party seeking relief from the stay must show that the balance of hardships from not obtaining relief tips significantly in [its] favor." *In*

*Aleris Intern., Inc.*, 465 B.R. 35 (Bankr. D. Del. 2011) (quoting *Atl. Marine, Inc. v. Am. Classic Voyages, Co. (In re Am. Classic Voyages, Co.)*, 298 B.R. 222, 225 (D. Del. 2003)). The Third Circuit accords "wide latitude . . . to the Bankruptcy Court to balance the equities when granting relief from the automatic stay." *In re Myers*, 491 F.3d 120, 130 (3d. Cir. 2007).

21. Here, cause exists to grant EG America relief from the automatic stay because the balance of hardships tips solely in its direction. Well over two hundred abandoned Kiosks litter EG America's properties, depriving EG America of the use and enjoyment of its space and at its own expense, including, but not limited to, continued use of electricity. Further, the Kiosks, in their inoperable state, create negative good will and customer frustration for EG America's customers and generally reduce the value of each property. Indeed, not only do the Kiosks provide no benefit, but they also act as a hindrance to the operation of the retail stores, depriving EG America of the use and enjoyment of the space currently occupied by the Kiosks.

22. Further, the Kiosks provide no value to either EG America or the Debtors' estates, especially considering the conversion of the Debtors' cases to Chapter 7 shortly after the Petition Date. Any benefit that the Debtors' estates could have received from these Kiosks ended when EG America properly terminated the Agreement prior to the Petition Date, which irrevocably released and discharged the observance and performance of all present and future rights and obligations under the Agreement except for such rights and obligations that survived by their terms, including Redbox's obligation to remove the Kiosks, which obligation it certainly will not satisfy.

23. Should the Trustee believe that such Kiosks offer some form of value to the Debtors' estates and should the Trustee wish to utilize the Kiosks for the Debtors' estate, he can adhere to surviving Section 6.7 of the Agreement and remove such Kiosks from EG America's

4886-6977-2774, v. 2

retail sites. Absent such request, EG America should be permitted to remove and dispose of the Kiosks within seven days of entry of an order granting this Motion.

### WAIVER OF STAY UNDER BANKUPTCY RULE 4001(A)(3)

24. EG America requests that the fourteen (14) day stay provided in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived to enable EG America, its successors or assigns, to immediately enforce and implement the terms of the proposed order.

### NO PRIOR REQUEST

25. No prior request for the relief requested herein has been made to this Court or any other Court.

### NOTICE

26. Notice of this Motion has been given to the following, or in lieu thereof, their counsel, if known: (a) the Debtors; (b) the Trustee; and (c) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, EG America submits that no other or further notice is necessary.

**[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** EG America respectfully requests that this Court enter an order (a) lifting the automatic stay pursuant to 11 U.S.C. § 362(d) in order to allow EG America to dispose of the Kiosks remaining on its property in EG America's sole discretion after seven (7) days of the entry of an order granting the requested relief, (b) waiving the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3), and (c) granting such other and further relief as the Court may deem just, equitable, and proper.

Dated: September 20, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark L. Desgrosseilliers*
Robert A. Weber (No. 4013)
Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:  (302) 295-0191
Email: weber@chipmanbrown.com
         desgross@chipmanbrown.com

—and—

**SQUIRE PATTON BOGGS (US) LLP**
Christopher J. Giaimo
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:  (202) 451-6315
Email: christopher.giaimo@squirepb.com

Justin Cloyd
201 East Fourth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone:  (513) 361-1200
Facsimile:  (513) 361-1201
Email: justin.cloyd@squirepb.com

*Counsel for EG Retail (America), LLC*

4886-6977-2774, v. 2