# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------X

SCREEN MEDIA VENTURES, LLC,

                        Plaintiff,

- v -

CAPELLA INTERNATIONAL, INC., RALF HARTMANN

                        Defendant.

| | |
|---|---|
| INDEX NO. | 654358/2012 |
| MOTION DATE | 11/19/2021 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 272, 273, 274, 275, 276, 277, 285, 286, 287, 288

were read on this motion to/for       SUMMARY JUDGMENT(AFTER JOINDER) .

Upon the foregoing documents, Capella International Inc's (**Capella**) motion for summary judgment (Mtn. Seq. No. 003) must be granted in its entirety because (i) Capella is entitled to a declaration that the License Agreement (hereinafter defined) was properly terminated on March 9, 2011 based on Screen Media Venture LLC's (**Screen Media**)'s material breach of the License Agreement by among other things failing to deliver accounting statements that accurately set forth the distribution of the films and for failing to pay the appropriate amount of money to Capella when due under the License Agreement, (ii) Screen Media breached the License Agreement and is liable for damages based on among other things Screen Media's distribution on Popcornflix in violation of the License Agreement and because it hid and underreported its distribution of the films and did not pay the money due Capella that it was supposed to pay and (iii) all six of Screen Media's causes of action fail as a matter of law because they are based on

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.   Page 1 of 10
Motion No. 008

1 of 10

the incorrect assumption that the Termination Notice was not valid. No issues of fact exist to preclude this result (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

## The Relevant Facts and Circumstances

Reference is made to a certain License Agreement dated June 27, 2002 by and between Screen Media and Capella, as amended (the **License Agreement;** NYSCEF Doc. No. 191), pursuant to which Capella granted to Screen Media exclusive distribution rights to certain films in certain regions defined as the "Territory" and as set forth on Schedule B-1 of the License Agreement. Significantly, however, Capella limited Screen Media's ability to distribute the films via the internet by only permitting such distribution where it was part of a traditional broadcast or cable sub-license and conditioned upon such technology being used where internet rights were not viewable outside of the territory:

> 2. Rights and Territories Licensed to Screen Media: Paragraph 2 of the Agreement is hereby deleted in its entirety and replaced with the following: "Subject to payment of the Advance pursuant to Paragraph 3 hereof, Capella hereby grants to Screen Media the exclusive distribution rights to the linear version of the Pictures in the Media (as defined in the attached Exhibit E-1) and in all territories of the world, subject only to the "Outstanding Licenses" as provided in Paragraph 5 hereof or non-availability as set forth in the attached Schedule B-1 (the "Territory"). ***The so called "Internet Rights" are hereby granted to Screen Media only to the extent such rights are required as part of a traditional broadcast or cable sub-license and conditioned upon such technology being used whereby the Internet Rights may not be viewable outside of the Territory. All rights not specifically granted to Screen Media herein are hereby expressly reserved to Capella***"

(*id.*, at 17 [emphasis added]).

The parties agreed pursuant to the License Agreement, that Capella would have the right to audit Screen Media's books and records to ensure that Screen Media was abiding by the License Agreement and to ensure that Capella was being paid in accordance with the License Agreement:

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.
Motion No. 008
Page 2 of 10

2 of 10

> 11. Audit Rights. Capella shall have the right to audit Screen Media's books and records as they relate to the Pictures once per calendar year on 60 days written notice. Capella shall have the right to perform up to 3 additional audits per year to determine the fairness of all allocations

(*id.*, at 3).

To facilitate Capella's review and to corroborate that Capella was receiving all amounts due under the License Agreement, Screen Media agreed to furnish Capella with accounting statements together with appropriate payment each quarter:

> 13. Statements and Payments. Screen Media shall furnish to Capella accounting statements together with applicable payments on a quarterly basis within 60 days after the end of each calendar quarter. Gross Revenues shall be reported on a cumulative and on a per picture basis; expenses and advances shall be accumulated. For purposes of recoupment of the Advance, the proceeds for each title are to be fully cross-collateralized

(*id.*, at 3).

After conducting an audit in 2010 pursuant to the terms of the License Agreement, based on Capella's conclusion that Screen Media was in breach, Capella sent a notice (the **Termination Notice**; NYSCEF Doc. No. 205), dated March 9, 2011, purporting to terminate the Licensing Agreement due to Screen Media's failure to submit certain statements, make payments, and disclose certain distribution deals in accordance with the License Agreement:

> *[Y]ou are contractually obligated corresponding to clause 13. of the Agreement, to render statements and payments 60 days after the applicable quarter. You have failed to comply these statements and payments in time. Once more the statement for the fourth quarter of 2010 is due since the 28th of February and we have not received it yet…Also you have told us, for example, that on Agreement #100487 you have not delivered our Materials to CP Media and that the agreement had not been executed. We have checked on this and figured out, that CP Media do actually distribute our titles and that these titles were offered over the Internet as well.* For some of the titles we have even found out that CP Media has even renewed their distribution agreement with Screen Media from 2013 until 2018, as it is the case for the film "Austin Powers" for example…Since the cure period has elapsed and you as the Distributor have failed to cure

654358/2012 SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.          Page 3 of 10
Motion No. 008

3 of 10

the breach of the Agreement, it is hereby notified that: 1. The Agreement is hereby terminated effective immediately and all rights granted to Distributor thereunder in connection with the Picture revert to Licensor…

(*id*., at 1 [emphasis added])

Notably, the parties provided that certain distribution costs should be advanced and recouped by Screen Media before payments are made to Capella. Attorneys' fees in disputes with Capella, however, are not included:

> 8. Distribution Costs. To be advanced and recouped by Screen Media. "Soft" casts (i.e., trade ads, convention expenses, promotion, marketing, etc.) shall be capped at 5% of Gross Revenues, as that term is herein below defined, unless otherwise agreed to in writing by the parties. There shall be no cap on "hard" costs (i.e., preparation and printing of sales sheets, tape duplication and shipping, mastering, Nielsen ratings, insurance, satellite feeds, dubbing, editing, subtitling, etc.). Both "soft" and "hard" costs shall be limited to Screen Media's actual, out-of-pocket costs paid to third parties. All costs incurred which relate to multiple pictures shall be allocated among such pictures in a fair and reasonable manner.

(*id*., at 2-3)

Following the Termination Notice, Capella sent out a second letter to Screen Media dated April 5, 2011 (NYSCEF Doc. No. 211), itemizing Screen Media's alleged material breaches of the Agreement based on: (i) improper allocations of gross revenues, (ii) failure to pay a certain advance amounts, (iii) extending distribution agreements with third parties beyond the term of the License Agreement, (iv) overcharging costs that were deducted from gross revenues due to Capella, and (v) continued failures to provide accounting statements and make payments.

Subsequently, Capella became aware that during the term of the License Agreement, Screen Media had caused the licensed films to be streamed on Popcornflix, a video-on-demand

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.
Motion No.  008

Page 4 of 10

4 of 10

streaming service, in breach of Screen Media's limited "Internet Rights" under the License Agreement.

For its part, Screen Media rejected Capella's purported termination, arguing in sum and substance that the License Agreement can not be terminated because (i) Screen Media paid an advance to Capella and Capella could not therefore claim underpayment, and (ii) the attempt to terminate the Licensing Agreement constituted a breach of the Licensing Agreement by Capella (NYSCEF Doc. No. 212). In addition, Screen Media asserted that, even if Capella did have the right to terminate the License Agreement, such termination would not impact sublicenses entered into between Screen Media and third parties (*id.*).

Screen Media sued Capella by summons and complaint dated December 11, 2012 (NYSCEF Doc. 1) for the allegedly wrongful termination and ensuing contracting with third parties, asserting six causes of action: (i) breach of contract, (ii) tortious interference with prospective economic advantage, (iii) breach of the implied covenant of good faith and fair dealing, (iv) tortious interference with contract, (v) trade defamation and libel, and (vi) unjust enrichment (NYSCEF Doc. No. 1, ¶¶ 11-41).

Capella filed an answer and asserted three counterclaims (NYSCEF Doc. No. 16, at 12-13): (i) breach of contract, (ii) demanding immediate accounting from Screen Media, and (iii) a declaratory judgment that Capella effectively terminated the License Agreement based on Screen Media's material breaches and that Capella is entitled to an order (a) enjoining Screen Media from entering into any new license agreements, (b) declaring that all license agreements which

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.
Motion No. 008

Page 5 of 10

5 of 10

Screen Media entered into after March 9, 2011 are null and void, (c) declaring that all license agreements which Screen Media entered into before March 9, 2011 granting a license beyond 2016 are null and void, and (d) directing Screen Media to immediately turn over to Capella all assets delivered pursuant to the License Agreement.

Following extensive discovery in this case, Capella now moves for summary judgment, seeking (i) a declaratory judgment finding that Capella effectively terminated the License Agreement in March 2011, (ii) judgment on liability for Screen Media's breach of the License Agreement and (iii) judgment dismissing Screen Media's six causes of action or in the alternative striking its pleading.

## Discussion

On a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez*, 68 NY2d 320). Failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*id.*). Once this showing has been made, the burden shifts to the party opposing the motion to produce sufficient proof in admissible form to establish the existence of material issues of fact which require trial (*id.*).

### I. *Capella is entitled to a Declaration that the Termination Notice was valid*

Capella is entitled to a declaration that the Termination Notice was valid. It is well settled that when a party to a contract is in breach, the other party must make an election between declaring a breach and terminating the contract or, alternatively, ignoring the breach and continuing to

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.   Page 6 of 10
Motion No. 008

6 of 10

perform under the contract (*Rebecca Broadway LP v Hotton*, 143 AD3d 71, 80–81 [1st Dept 2016]; *Parlux Fragrances, LLC v S. Carter Enterprises, LLC*, 204 AD3d 72, 86 [1st Dept 2022]; *Albany Med. Coll. v Lobel*, 296 AD2d 701, 702 [3d Dept 2002]).   On the record before the Court, and as discussed above, Screen Media was in material breach of the License Agreement because Screen Media failed to timely provide accurate accounting statements, hid certain distribution for which it owed money (and to avoid making payments) and failed to make payments when due pursuant to the terms of the License Agreement. Thus, the Termination Notice was effective when sent.

### II.   *Capella is entitled to Summary Judgment that Screen Media breached the License Agreement*

Capella is also entitled to summary judgment that Screen Media breached the License Agreement because (i) Screen Media failed to furnish the accounting statements within 60 days following the end of the 4th quarter of 2010 as required by the License Agreement, (ii) they failed to pay amounts due under the License Agreement, (iii) they failed to report and pay for certain distribution of the films and (iv) they streamed licensed films on the online streaming service Popcornflix in violation of the License Agreement.  These are material breaches to the License Agreement.  They go to the very heart of the deal. For the avoidance of doubt, Screen Media's deduction of attorneys fees in pressing its claims in this case are also inappropriate and constitute damages due Capella.

### III.   *Screen Media's causes of action must be dismissed*

All six of Screen Media's causes of action must be dismissed because they are predicated on the incorrect theory that Capella's termination of the License Agreement on March 9, 2011 was

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.		Page 7 of 10
Motion No.  008

7 of 10

wrongful. Thus, summary judgment must be granted and Screen Media's complaint is dismissed.

The Court has considered Screen Media's remaining arguments and finds them unavailing.

It is hereby ORDERED that Capella's motion for summary judgment (Mtn. Seq. No. 008) is granted: (i) the License Agreement was effectively terminated by Capella on March 9, 2011, (ii) Screen Media materially breached the License Agreement, and (iii) Screen Media's complaint is dismissed; and it is further

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to determine Capella's damages, which is hereby submitted to the JHO/Special Referee for such purpose; and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court at www.nycourts.gov/supctmanh at the "References" link ), shall assign this matter at the initial appearance to an available JHO/Special Referee to determine as specified above; and it is further

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.   Page 8 of 10
Motion No. 008

8 of 10

ORDERED that counsel shall immediately consult one another and counsel for plaintiff/petitioner shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that the plaintiff(s)/petitioner(s) shall serve a proposed accounting within 24 days from the date of this order and the defendant(s)/respondent(s) shall serve objections to the proposed accounting within 20 days from service of plaintiff(s)/petitioner's(s') papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

ORDERED that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.
Motion No. 008
Page 9 of 10

9 of 10

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules).

1/13/2023
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

654358/2012   SCREEN MEDIA VENTURES, LLC vs. CAPELLA INTERNATIONAL, INC.
Motion No.  008

Page 10 of 10

10 of 10