# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC, *et al.*, | Case No. 24-11442 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | <u>Hearing Date</u>: October 9, 2024 at 2:00 p.m. (ET) <br> <u>Objection Deadline</u>: October 2, 2024 at 4:00 p.m. (ET) |

## MOTION OF BONDIT LLC FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT BONDIT TO EXERCISE RIGHTS AND REMEDIES

BondIt LLC ("<u>BondIt</u>"), by and through its counsel, respectfully moves (the "<u>Motion</u>") as follows:

## RELIEF REQUESTED

1.      BondIt requests entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (i) granting relief from the automatic stay to allow BondIt to exercise any and all of its state and federal law rights and remedies with respect to the Loan Agreement and Distribution Agreement (each as defined below), including, but not limited to, termination of the Distribution Agreement; (ii) waiver of the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3); and (iii) granting of such other and further relief as the Court may deem just and proper under the circumstances.  In support of this Motion, BondIt submits the *Declaration of Luke*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508) (collectively, the "<u>Debtors</u>").  The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

*Taylor in Support of Motion of BondIt LLC for Relief from the Automatic Stay to Permit BondIt to Exercise Rights and Remedies* (the "Taylor Declaration") attached hereto as **Exhibit B**.

## JURISDICTION

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), BondIt consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested herein is section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.      General Background**

5.      On June 28, 2024 (the "Petition Date"), Debtors Chicken Soup for the Soul Entertainment Inc. and Halcyon Television, LLC, together with certain of their affiliates, each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      On July 10, 2024, the Court entered the *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* (D.I. 73) (the "Conversion

<u>Order</u>").

7.      Following entry of the Conversion Order, the United States Trustee appointed George L. Miller as the Chapter 7 Trustee of these chapter 7 cases (the "<u>Chapter 7 Trustee</u>"). *See Notice of Interim Trustee/Trustee of Selection in an Asset Case* (D.I. 130).

8.      On July 30, 2024, the Chapter 7 Trustee filed a letter notifying all employees that the Debtors had ceased operations and all employees have been terminated (D.I. 192) (the "<u>Notice of Non-Operation</u>").

**B.      Pre-petition Relationship**

9.      On January 20, 2022, Debtor Redbox Entertainment, LLC ("<u>Redbox</u>"), as distributor, and Bad Hombres Production, LLC ("<u>BHP</u>"), as grantor, entered into that certain Distribution Agreement (the "<u>Distribution Agreement</u>") whereby BHP granted certain distribution rights to Redbox in and to the theatrical motion picture titled "Bad Hombres" (the "<u>Picture</u>"). *See* Distribution Agreement ¶ 4. Pursuant to the Distribution Agreement, Redbox was required to pay BHP a license fee in the amount of $1,175,000 payable in full upon Redbox's receipt and approval of all Delivery Materials (as defined in the Distribution Agreement). *See id.* ¶ 5. BHP provided all the Delivery Materials in accordance with the Distribution Agreement.

10.     BHP assigned its right to receive the license fee pursuant to the Distribution Agreement to BondIt in accordance with that certain Notice of Irrevocable Assignment, dated April 22, 2022. Redbox acknowledged receipt of assignment and agreed to pay the license fee directly to BondIt. To date, Redbox has not paid the license fee in full.

11.     BondIt, as lender, and BHP, as borrower, are parties to that certain Loan and Security Agreement, dated January 26, 2022 (as amended, the "<u>Loan Agreement</u>"), pursuant to which BondIt agreed to lend $1,482,000 to BHP for use in the payment of pre-production,

production, post-production, and delivery costs in the Picture. The parties amended the Loan Agreement on March 13, 2023, to, among other things, increase the loan amount to $1,740,000. Pursuant to the Loan Agreement, BHP granted BondIt a first priority security interest in and to all of BHP's assets, including any interests in distribution agreements, which is defined to include the Distribution Agreement between BHP and Redbox (the "Collateral"). *See* Loan Agreement, Sections 1.16 & 4.1.[2]

12.     On February 22, 2022, BondIt filed a UCC-1 financing statement with the New Mexico Secretary of State against BHP. BondIt also entered into a Copyright Mortgage and Assignment with BHP, which BondIt recorded with the United States Copyright Office on January 9, 2024, perfecting BondIt's security interest in the Collateral.

13.     BHP is in default under the Loan Agreement for, among other things, BHP's failure to make, or cause to be made, payments owed to BondIt under the Loan Agreement by the applicable repayment dates. *See* Loan Agreement, Section 9.1.1.

14.     BondIt, as financier, BHP, as licensor, and Redbox, as distributor, are parties to that certain Non-Disturbance Letter, dated April 22, 2022 (the "Non-Disturbance Letter"). The Non-Disturbance Letter provides, among other things, that:

> Subject to Distributor's payment of the License Fee when due pursuant to the terms of the [Distribution Agreement], and this Non-Disturbance Letter, as applicable, Financier shall not take any action under the Loan Agreement and/or any supplemental documents granting Financier a security interest in the Picture (the "**Collateral Agreements**") at any time during the Term of the Agreement which shall interfere with, derogate from, diminish or otherwise impair the Rights of Distributor to distribute, exhibit and/or exploit the Picture

---

[2]     BondIt is party to that certain Intercreditor Agreement, dated January 28, 2022, with Parce Productions, LLC (the "Intercreditor Agreement"). Pursuant to the Intercreditor Agreement, BondIt has a first priority lien on all assets of BHP located in the United States, Canada, Bermuda, the Bahamas, and Turks and Caicos, including, but not limited to the payments from Redbox pursuant to the Distribution Agreement.

> in the Territory, including, without limitation, the right to receive
> and retain all materials or have access to all materials relating to the
> Picture to which it has been granted Rights pursuant to the
> Agreement and the right to collect, receive and retain any and all
> products and proceeds of the exploitation of all the Rights granted
> to Distributor in and to the Picture.

Non-Disturbance Letter ¶ 4.  As noted above, Redbox has not paid the license fee in full.

**C.      The Chapter 7 Cases**

15.      On August 22, 2024, counsel to BondIt emailed counsel to the Chapter 7 Trustee

providing a summary of the above-described agreements and requesting, among other things, that

the Chapter 7 Trustee (a) file a motion with the Court seeking to abandon the Debtors' rights and

interests in the Picture or stipulate to relief from the automatic stay to allow BondIt to exercise any

and all of its rights and remedies as a secured creditor, and (b) hold a conference call with BondIt's

counsel to discuss a path forward for BondIt to recover its Collateral.  Counsel to the Chapter 7

Trustee did not respond.  Counsel to BondIt sent a follow-up email on August 27, 2024, to which

counsel for Chapter 7 Trustee has also not responded.

16.      Pursuant to sections 348(c) and 365(d)(1) of the Bankruptcy Code, the Distribution

Agreement was deemed rejected as of September 9, 2024.  Nonetheless, out of an abundance of

caution, BondIt seeks relief from the automatic stay to exercise its rights and remedies under the

Loan Agreement, including to foreclose on its security interest with respect to the Distribution

Agreement and subsequently terminate the Distribution Agreement.

<u>**BASIS FOR RELIEF REQUESTED**</u>

**I.      Cause Exists under Section 362(d)(1) of the Bankruptcy Code to Grant the Relief
        Requested in this Motion.**

17.      Cause exists to grant the relief requested in this Motion.  Section 362(d) of the

Bankruptcy Code provides that the court shall grant relief from the automatic stay, including

terminating, annulling, modifying or conditioning the stay for "cause."  11 U.S.C. § 362(d)(1).

The term "cause" is not defined in section 362(d)(1) of the Bankruptcy Code.  Rather, cause is "a

flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining

the totality of the circumstances to determine whether sufficient cause exists to lift the stay."  *In

re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (internal citations omitted).

18.    Courts in this District use a three-pronged balancing test to determine whether

"cause" exists for granting relief from the automatic stay:

> (1) Whether any great prejudice to either the bankruptcy estate or
> the debtor will result from continuation of the civil suit; (2) Whether
> the hardship to the non-bankrupt party by maintenance of the stay
> considerably outweighs the hardship to the debtor, and (3) Whether
> the creditor has a probability of prevailing on the merits.

*In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (internal citations omitted).  While the

movant bears the initial burden to provide a *prima facie* case of "cause" for lifting the stay, the

ultimate burden rests with the party opposing stay relief.  11 U.S.C. § 362(g); *see also In re

Tribune*, 418 B.R. at 127 (quoting section 362(g) of the Bankruptcy Code).  BondIt has met its

burden to provide an initial showing of "cause" to lift the stay.

19.    As to the first prong, the Debtors' estates will suffer no harm or prejudice if the

Court grants relief from the automatic stay to allow BondIt to exercise its rights and remedies

under the Loan Agreement, including terminating the Distribution Agreement.  Redbox can no

longer perform under the Distribution Agreement because the Debtors are now subject to

liquidation pursuant to chapter 7 of the Bankruptcy Code and, as indicated in the Notice of Non-

Operation, will not be operating as a going concern.  The Chapter 7 Trustee has not filed a motion

with the Court seeking to operate the Debtors' business and, to date, BondIt is not aware of any

plan for the Chapter 7 Trustee to sell the Debtors' interests in the Distribution Agreement.  In fact,

the Distribution Agreement has been deemed rejected by operation of sections 348(c) and 365(d) of the Bankruptcy Code.  Accordingly, the relief sought in this Motion will not prejudice the Debtors or their estates.

20.    As to the second prong, the balance of harms favors lifting the automatic stay. BondIt will suffer substantial and irreparable harm if it is denied the ability to properly execute its rights and remedies under the Loan Agreement and terminate the Distribution Agreement.  Under the Distribution Agreement, Redbox holds the right to distribute the Picture in perpetuity.  Absent relief from the automatic stay to terminate the Distribution Agreement, BondIt is unable to maximize or protect the value of its Collateral as distribution of the Picture, and as a result all proceeds, have stalled.  This is a clear-cut example of prejudice to BondIt, while no such prejudice to the Debtors or their estates exists.

21.    As to the third prong, probability for success on the merits, courts require only a "very slight" showing of probability of success.  *In re Rexene Products Company*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations omitted).  "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where, as here, we believe the decision-making process should be relegated to bodies other than [the bankruptcy] court." *Id.* (quoting *Fonseca v. Philadelphia Housing Authority (In re Fonseca)*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)).  Here, absent the automatic stay, BondIt has the legal right to foreclose on its Collateral against BHP, including BHP's interest in the Distribution Agreement. With respect to the Distribution Agreement, Redbox not only can no longer provide the required distribution services and obligations under the Distribution Agreement due to these chapter 7 cases, it stopped performing under the Distribution Agreement and failed to pay the license fee pursuant to the terms of the Distribution Agreement.  BondIt would prevail on the merits of any

7

proceeding arising from Redbox's breaches.

22.    For the foregoing reasons, good cause exists to lift the automatic stay imposed by section 362 of the Bankruptcy Code for BondIt to exercise its rights and remedies as a secured creditor under applicable non-bankruptcy law, including to terminate the Distribution Agreement.

**II.    Waiver of Bankruptcy Rule 4001(a)(3) is Appropriate.**

23.    Pursuant to Bankruptcy Rule 4001(a)(3), BondIt requests that the Court direct that any order modifying the stay is immediately enforceable and not subject to the customary 14-day stay.  Continuance of the automatic stay does not serve any purpose other than to delay BondIt's rights to foreclose on its Collateral and terminate the Distribution Agreement.  For the reasons set forth above, this is not a case where granting relief from the automatic stay will create immense consequences for the parties involved or dictate the success or failure of the bankruptcy case as a whole.  Thus, this Court should waive the 14-day stay imposed under Bankruptcy Rule 4001(a)(3).

**NOTICE**

24.    Notice of this Motion has been or will be provided to the following parties or their counsel of record: (i) counsel to the Debtors; (ii) the Office of the United States Trustee; (iii) the Chapter 7 Trustee and his counsel; (iv) BHP; (v) Parce Productions, LLC; and (vi) all parties that have filed in these Chapter 7 Cases a request for service under Bankruptcy Rule 2002.  BondIt submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, BondIt respectfully requests entry of an order, substantially in the form of the Proposed Order, granting the relief requested in this Motion and granting such other and further relief as the Court deems just and proper.

Dated: September 25, 2024           **SAUL EWING LLP**

*/s/ Paige N. Topper*
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Email: paige.topper@saul.com

and

Zev Shechtman
1888 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 255-6130
Email: zev.shechtman@saul.com

*Attorneys for BondIt LLC*

9