# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Chapter 7 |
| | ) |
| CHICKEN SOUP FOR THE SOUL | ) Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC. *et al.*,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Obj. Deadline: October 16, 2024 at 4:00 pm** |
| | ) **Hearing Date: October 23, 2024 at 2:00 pm** |

## MOTION OF BUNGALOW MEDIA LLC TO COMPEL TRUSTEE TO REJECT DISTRIBITORSHIP AGREEMENT AND FOR RELATED RELIEF

BUNGALOW MEDIA, LLC ("Bungalow"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order, pursuant to section 365(d) of the Bankruptcy Code, compelling George L. Miller, as Chapter 7 trustee (the "Trustee") of the estates of the above captioned debtors (the "Debtors"), hereby moves for the entry of an Order (i) compelling the rejection of the Estates' interest in the Distributorship Agreement (as that term is defined below); and (ii) compelling the Trustee to abandon and return any personal property in the possession or under the control of Debtors. In support of this Motion, Bungalow respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M), and pursuant to Local Rule 9013-1(f).

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc.(4038); CCSESID, LLC (7150); Digital Media Enterprises LLC; Halycon Studios, LLC (3312); Halycon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085);Redbox Holdings, LLC *7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**BACKGROUND**

2.      On June 29, 2024, the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

3.      On July 10, 2024, the Court entered an Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief [Dkt. No. 120] (the "Conversion Order"). In the Conversion Order, the Court ordered that the Bankruptcy Cases were converted to Chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. On July 11, 2024, the Trustee was appointed as interim Chapter 7 trustee of the Estates.

4.      Prior to the Petition Date, the Debtors provided entertainment content to consumers. The Debtors' flagship services were Redbox, Crackle and Chicken Soup for the Soul. In addition, through Redbox Automated Retail, LLC ("Redbox Automated"), one of the above-captioned Debtors, the Debtors operated (i) Redbox Free Live TV, a streaming television service; (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

**THE DISTRIBUTORSHIP AGREEMENT**

5.      Redbox Entertainment, LLC ("Redbox") is a debtor herein. Upon information and belief, Redbox is wholly owned by debtor Chicken Soup for the Soul Entertainment, Inc. herein.

6.      Bungalow and Redbox are parties to a Distributorship Agreement, dated May 18, 2022 (the "Distributorship Agreement"). A copy of the Distributorship Agreement is attached hereto as Exhibit A.

7.      Pursuant to the terms of the Distributorship Agreement, Redbox was granted the rights to distribute "The Bell Keeper," a film produced by Bungalow (the "Film"). The

distributorship territory and term granted to Redbox as specified in the agreement was in the United States, Canada, Bermuda and the Bahama Islands, and Turks and Caicos for a period of twenty (20) years, in consideration of a minimum guaranteed price of $500,000.00, due and payable upon the delivery of the firm by Bungalow to Redbox.

8. Bungalow delivered, and Redbox accepted the delivery of the movie. Upon delivery of the movie, debtors' commenced distribution of the movie.

9. As of June 29, 2024, the date of the filing of this bankruptcy petition, Redbox was in arrears on the payment of the minimum financial obligation in the amount of $500,000.00 pursuant to the Distributorship Agreement.

## **SUMMARY OF RELIEF REQUESTED**

10. By this Motion, the Bungalow respectfully requests the entry of an Order:

    (i) compelling the Estates' rejection of the Distributorship Agreement; and

    (ii) abandoning any further distribution of the Film (The Bell Keeper); and,

    (iii) the return of the Film (The Bell Keeper) to Bungalow.

## **RELIEF REQUESTED AND APPLICABLE AUTHORITY**

11. Pursuant to section 365(a) of the Bankruptcy Code, "the trustee, subject to the court's approval, may assume or reject any executory contract . . . . of the debtor." 11 U.S.C. § 365(a). The trustee may not assume an unexpired executory contract unless, at the time of assumption of such contract . . . , the trustee cures existing defaults of an executory contract and provides adequate assurance that the trustee will promptly cure existing defaults. 11 U.S.C. § 365(b)(1)(A).

12. With respect to executory contracts, the trustee's decision to assume or reject must ordinarily be made by the date that is 60 days after the date of the order for relief. 11 U.S.C. §

365(d)(1). If an executory contract is not assumed or rejected during this period, it is deemed rejected. 11 U.S.C. § 365(d)(1).

13. The Trustee has not cured or provided adequate assurance of Redbox's obligations under the Distributorship Agreement as the minimum payment of $500,000.00 remains outstanding and overdue and the Film is not being distributed. It is highly unlikely that the Distributorship Agreement will be of any value to the Estates when a precondition of assumption is that this large existing default must be cured or adequate assurance provided. Finally, Bungalow understands that Redbox is no longer operating and that the Film which is the subject of the Distributorship Agreement is not presently being used or distributed in the operation of its business.

14. Section 554(b) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

15. This moving creditor respectfully submits that its film, The Bell Keeper, is of no value to the debtor's estate as it would have to be distributed in accordance with the Distributorship Agreement to obtain any monetary benefit whatsoever. Inasmuch as the debtor's estate is in a Chapter 7 liquidation proceeding, there appear to be no distribution channels available to the estate to justify the confirmation or affirmation of the Distributorship Agreement.

16. Accordingly, this moving party requests, pursuant to section 554(b) of the Bankruptcy Code, that this Court enter an Order compelling the Trustee's rejection of the Distribution Agreement and abandonment and return of the Film.

**CONCLUSION**

WHEREFORE, Bungalow, respectfully requests the entry of an Order: (i) compelling the Trustee's rejection of the Distributorship Agreement; (ii) compelling the Trustee's abandonment and return of the Film (The Bell Keeper) that remains in the possession of Redbox; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

Dated: October 1, 2024

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
**HOGAN ♦ MCDANIEL**
1311 Delaware Avenue
Wilmington, DE, 19806
(302) 656-7540
gfmcdaniel@dkhogan.com

-and-

John M. Boyko, Esq. (73976)
(*pro hac vice* to be filed)
**Law Offices of John M. Boyko**
27555 Ynez Rd., Suite 110
Temecula, California 92591
 (310) 920-5037
boyko@gmail.com

*Attorneys for Bungalow Media, LLC*