**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 225, 226 & 283** |

## NOTICE OF 30(b)(6) DEPOSITION OF CHICKEN SOUP FOR THE SOUL, LLC

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable herein pursuant to Federal Rules of Bankruptcy Procedure 7030 and 9014, the Strategic Review Committee (the "SRC") of Chicken Soup for the Soul Entertainment, Inc. ("CSSE") and the other above-captioned debtors (the "Debtors"), the Debtors, and George L. Miller, the duly appointed chapter 7 trustee of the Debtors' estates (the "Trustee" and, together, the "Applicants"), shall take the deposition of the person designated by Chicken Soup for the Soul, LLC ("CSS") to testify on CSS's behalf with respect to the topics described in **Exhibit A** attached hereto in connection with the contested matters relating to the *Application of the Strategic Review Committee and the Debtors for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Chapter 11 Counsel Effective as of June 28, 2024 through and including July 10, 2024* [Docket No. 226] and the *Application of the Chapter 7 Trustee for an Order Authorizing the Retention of Pachulski Stang Ziehl & Jones LLP as Special Litigation and Transactional Counsel*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

*to the Chapter 7 Trustee Effective as of July 11, 2024* [Docket No. 225] (the "<u>Applications</u>"), and in response to the *Omnibus Objection* to the Applications [Docket No. 283] (the "<u>Objection</u>") filed by CSS and William Rouhana, CEO of CSS and former CEO and director of CSSE (the "<u>Objectors</u>").

The deposition shall take place remotely via video platform on **October 22, 2024**, beginning at **11:00 a.m. Eastern Time**, or at such other day and time as counsel may agree.

With respect to the conduct of the remote deposition, please note the following:

1. Counsel for the parties and their clients, as well as the court reporter, will be participating from various, separate locations;

2. The court reporter will administer the oath to the witness(es) remotely;

3. All participating attorneys must be visible to all other participants, and their statements must be audible to all participants;

4. All exhibits will be provided simultaneously and electronically to the witness and all participants;

5. The court reporter will record the testimony;

6. The deposition may be videotaped;

7. The deposition may be recorded electronically through the use of Realtime or a similar application; and

8. Parties that wish to participate in the deposition should contact Patricia Jeffries at Pachulski Stang Ziehl & Jones LLP, at pjeffries@pszjlaw.com, **no fewer than 24 hours before the start of the deposition** for more information regarding participating remotely in this deposition.

| | |
|---|---|
| Dated: October 8, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ Steven W. Golden* |
| | Richard M. Pachulski (*admitted pro hac*) |
| | Alan J. Kornfeld (*admitted pro hac*) |
| | Debra I. Grassgreen (*admitted pro hac*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:  rpachulski@pszjlaw.com |
| | akornfeld@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | joneill@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | *Proposed Counsel to the Applicants* |

**EXHIBIT A**

**Deposition Topics**[2]

1. The Objectors' contention at Paragraph 55 of the Objection that "Debtors owned very contentious claims against PSZJ's client the SRC (and, by extension, Warshauer and Young) relating to their roles in executing and facilitating HPS's plan to prevent CSSE from obtaining the $40 million working capital it needed."

2. The Objectors' contention at Paragraph 55 of the Objection that "Debtors' claims against HPS were one of the Estates' most valuable assets that any counsel for Debtors ought to have vigorously preserved and, at the appropriate time, pursued."

3. The Objectors' contention at Paragraph 55 of the Objection that "Warshauer and Young, were key witnesses to, and targets of, such claims [against HPS]."

4. The Objectors' contention at Paragraph 56 of the Objection that "the circumstances and timing of PSZJ's retention by the SRC strongly suggest PSZJ and HPS were working together to execute HPS's prepetition plan to force Debtors' liquidation for HPS's gain to the detriment of Debtors' shareholder, creditors, business partners, and employees."

5. The Objectors' contention at Paragraph 68 of the Objection that "PSZJ became the conduit for the SRC's destruction of the value-preserving strategy Reed Smith had set into motion for the cases, including derailment of Debtors' potential claims and causes of action against HPS."

6. The Objectors' contention at Paragraph 69, footnote 10 of the Objection that there are "claims and causes of action Debtors' Estates may have or hold against the SRC and HPS relating to value-destructive actions taken by the SRC[.]"

---

[2] Terms used herein shall have the meanings set forth in the Objection.

7. The Objectors' contention at Paragraph 77 of the Objection that "these PSZJ [current and former] clients caused the financial distress and the circumstances that ultimately led to Debtors seeking bankruptcy protection."