IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.*, et al.,*[1]<br><br>                        Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No.: 226** |

**CHICKEN SOUP FOR THE SOUL, LLC'S AND WILLIAM ROUHANA'S MOTION TO EXCLUDE THE APPLICATION OF THE STRATEGIC REVIEW COMMITTEE AND THE DEBTORS FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CHAPTER 11 COUNSEL EFFECTIVE AS OF JUNE 28, 2024 THROUGH AND INCLUDING JULY 10, 2024 [D.I. 226]**

Chicken Soup for the Soul, LLC ("CSS") and William Rouhana ("Rouhana," and together with CSS the "Movants") hereby move the Court for an order, pursuant to 11 U.S.C. § 105(a), excluding (this "Motion to Exclude") the *Application Of The Strategic Review Committee And The Debtors For Authorization To Employ And Retain Pachulski Stang Ziehl & Jones LLP As Chapter 11 Counsel Effective As Of June 28, 2024 Through And Including July 10, 2024* (D.I. 226) (together with the declaration of Richard M. Pachulski filed therewith, the "327(a) Application") from the November 14, 2024 hearing date set by the Court. In support thereof, the Movants state as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

**INTRODUCTION**

1. As discussed further below, the Movants respectfully submit that the 327(a) Application is defective and ineffective as a matter of Delaware corporate law and should not be considered by the Court.

2. By this Motion to Exclude, the Movants request the Court exercise its inherent authority under 11 U.S.C. 105(a) to schedule a preliminary hearing on the proposed 327(a) Application to determine if the Applicant, Robert Warshauer, a former director of the Debtors and former member of the CSSE Strategic Review Committee (the "SRC"), holds the requisite corporate authority and power to file the Application in the first instance given he resigned from the CSSE Board at or around July 10, 2024, approximately one (1) month before the Application was filed with the Court. Movants respectfully submit that the Court's consideration of the relief requested would potentially help streamline the matters set for hearing on November 14, 2024, while also potentially reducing anticipated costs and expenses associated with the hearing and ongoing discovery served and requested by the parties.

3. The Movants respectfully submit the following facts are undisputed and compel the Court's exclusion of the 327(a) Application from the November 14, 2024 hearing.

**UNDISPUTED FACTS BEFORE THE COURT COMPELLING
EXCLUSION OF THE 327(a) APPLICATION[2]**

4. On June 28, 2024 and June 29, 2024, as applicable, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). (*See* D.I. 226 ¶ 4.)

---

[2] Capitalized terms not defined in this Motion to Exclude have the meaning ascribed to them in the 327(a) Application.

5. Chicken Soup for the Soul Entertainment, Inc. ("CSSE") is a Delaware corporation formed on May 4, 2016. CSSE currently owns or controls, directly or indirectly, each of the other Debtors. CSSE became a publicly traded company in 2017 (ticker: CSSE).

6. The 327(a) Application was filed on August 12, 2024 by Robert Warshauer ("Mr. Warshauer").

7. Mr. Warshauer is a former director of CSSE and former member of CSSE's Strategic Review Committee (the "SRC"). (*See generally* D.I. 226.)

8. Mr. Warshauer resigned from his director position on or before July 10, 2024. (*See* **Exhibit A**, Robert Warshauer and John Young email to CSSE employees, July 10, 2024 (stating that Mr. Warshauer and Mr. Young "have resigned as Board Members" and were "Former Board Members" of CSSE).)

9. Mr. Warshauer was not a director of CSSE, or a member of CSSE's SRC, at the time he filed the 327(a) Application.

10. The opening paragraph of the states, in relevant part, the Applicant "seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") ***authorizing the SRC to retain and employ PSZJ from June 28, 2024 through and including July 3, 2024*** and ***authorizing the Chapter 11 Debtors to retain and employ PSZJ as their chapter 11 counsel from July 4, 2024 through and including July 10, 2024, the conversion date for these cases.***" (*See* D.I. 226 at Opening Recital, pp. 1-2 (emphasis added).)

11. However, paragraph 8 of the 327(a) Application, and the proposed order submitted with the 327(a) Application indicate that the Applicant seeks to retain PSZJ *as chapter 11 counsel for Debtors from June 28, 2024 to July 10, 2024.*

12. The Debtors, through the Debtors' then governing body commenced the chapter 11 cases on June 28, 2024 and June 29, 2024. (*See, Joint Written Consent of the Board of Directors of CSSE,* Voluntary Petition, D.I. 1 at pp. 14 – 22.)

13. The Applicant, Mr. Warshauer, did not sign the voluntary petitions. *Id.*

14. On July 4, 2024, the Court entered the Interim DIP Order. (D.I. 85.)

15. Pursuant to paragraph 18 of the Interim DIP Order, on July 4, 2024, the SRC was "reinstated and [was] empowered to be the sole body entitled to manage all of the affairs and operations of the Debtors and their subsidiaries with all of the powers customarily given to a board of directors and with . . . all of those powers contemplated by the organizational documents executed in connection with the Forbearance Agreement . . . ." (*Id.* ¶ 18.)

16. On July 10, 2024 (the "Conversion Date"), after oral motion, the Court entered the *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* (D.I. 120). (*See* D.I. 226 ¶ 6.)

17. The Court has set November 14, 2024 as the date for the hearing on the 327(a) Application.

## LEGAL ARGUMENT

18. The 327(a) Application is ineffective as a matter of Delaware corporate law and should be excluded from consideration by the Court.

19.     **First**, Mr. Warshauer resigned his CSSE board position as of July 10, 2024, at the latest.  (**Exhibit A** hereto.)  He was neither a director of CSSE, nor a member of CSSE's SRC, at the time he filed the 327(a) Application.

20.     Under Delaware law, once a director resigns from a corporation, he or she no longer has any authority to act on behalf of the corporation.  *See* 8 Del. C. § 141.  Section 141(b) of the Delaware General Corporation Law ("DGCL") is clear and unequivocal: a director's resignation is effective when delivered unless it specifies a later effective date.[3]  Accordingly, after resignation, the former director cannot participate in corporate decisions or actions because his or her authority ceases upon resignation.  (*See Fogel v. U.S. Energy Systems, Inc.*, No. Civ. 3271-CC, 2007 WL 4438978, at *1 (Del. Ch. Dec. 13, 2007) (noting that if the CEO-chairman of the board was terminated prior to calling a special meeting, he lacked authority to call the special meeting, and the board could properly ignore the request), *overruled on other grounds by Klaassen v. Allegro Dev. Corp.*, 106 A.3d 1035 (Del. 2014) (relating to the procedures for removal of a CEO-director).)

21.     Article 3.9 of CSSE's By-Laws follows the DGCL, stating:

---

[3] The DGCL provides in part: "(b) The board of directors of a corporation shall consist of 1 or more members, each of whom shall be a natural person. The number of directors shall be fixed by, or in the manner provided in, the bylaws, unless the certificate of incorporation fixes the number of directors, in which case a change in the number of directors shall be made only by amendment of the certificate. Directors need not be stockholders unless so required by the certificate of incorporation or the bylaws. The certificate of incorporation or bylaws may prescribe other qualifications for directors. **Each director shall hold office until such director's successor is elected and qualified or until such director's earlier resignation or removal. Any director may resign at any time upon notice given in writing or by electronic transmission to the corporation. A resignation is effective when the resignation is delivered unless the resignation specifies a later effective date or an effective date determined upon the happening of an event or events**. A resignation which is conditioned upon the director failing to receive a specified vote for reelection as a director may provide that it is irrevocable. A majority of the total number of directors shall constitute a quorum for the transaction of business unless the certificate of incorporation or the bylaws require a greater number. Unless the certificate of incorporation provides otherwise, the bylaws may provide that a number less than a majority shall constitute a quorum which in no case shall be less than ⅓ of the total number of directors. The vote of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors unless the certificate of incorporation or the bylaws shall require a vote of a greater number." 8 Del. C. § 141(b) (emphasis added).

> Any director may resign at any time by submitting his written resignation to the Board of Directors or Secretary of the Corporation. Such resignation shall take effect at the time of its receipt by the Corporation unless another time be fixed in the resignation, in which case it shall become effective at the time so fixed. **The acceptance of a resignation shall not be required to make it effective**.

(**Exhibit B**, CSSE By-Laws, Article 3.9 (emphasis added).)

22.     Accordingly, having resigned his director position on or around July 10, 2024, Mr. Warshauer lacked the requisite corporate authority on August 12, 2024 to seek to retain PSZJ as SRC counsel from June 28, 2024 through July 3, 2024, or as Debtors' counsel from July 3, 2024 through July 10, 2024.

23.     **Second**, as noted above, the 327(a) Application seeks, in part, to retain PSZJ *as counsel to the SRC* from June 28, 2024 through July 3, 2024 pursuant to section 327(a) of the Bankruptcy Code. Section 327(a) applies to the retention of a professional by a debtor in possession or trustee, not the retention of counsel to an independent committee or special or strategic review committee, such as the SRC. Indeed, the Chapter 11 Debtors were represented by Reed Smith LLP, not PSZJ, at the commencement of the Chapter 11 Cases, while PSZJ initially appeared in the Cases on behalf of the SRC. (*See*, First Day Hr'g Tr., July 1, 2024; D.I. 283-17, First Day Hr'g Tr., July 2, 2024.) It was not until July 5, 2024, that PSZJ entered a purported appearance on behalf of the Debtors in the Chapter 11 Cases. (*See* Notice of Appearance, D.I. 89.) However, no formal retention application was filed, nor approved by the Court, on behalf of PSZJ as Debtors' counsel.

24.     The SRC was not a debtor-in-possession in the Chapter 11 Cases, and Section 327(a) does not extend to the SRC.

25.     Consequently, the SRC's request to employ PSZJ from the period June 28, 2024 through July 3, 2024 fails under section 327(a).

26. **Lastly**, although the SRC was reinstated on July 4, 2024 pursuant to paragraph 18 of the Interim DIP Order,[4] the Interim DIP Order does not provide that the SRC's corporate powers related back to the Petition Date. (D.I. 85 ¶ 18.) Accordingly, neither the SRC nor Mr. Warshauer possess the authority to seek to retain PSZJ as counsel to Debtors prior to July 4, 2024. Moreover, having resigned from CSSE's board on or around July 10, 2024, Mr. Warshauer lacks the requisite corporate authority to seek to retain PSZJ as the chapter 11 Debtors' counsel *ex post facto*, whether from June 28, 2024 or July 4, 2024.

## CONCLUSION

WHEREFORE, Chicken Soup for the Soul, LLC and William Rouhana respectfully request the Court conduct a preliminary hearing consistent with the Court's inherent authority and powers under Section 105(a) to determine if the 327(a) Application should be excluded from the November 14, 2024 hearing scheduled before the Court.

---

[4] The SRC was established in connection with a forbearance agreement with Creditor HPS Investment Partners, LLC. Mr. Warshauer and Mr. Young were appointed to the CSSE board and served on the SRC until the board was reconstituted prior to the petition date. The SRC was reinstated on July 4, 2024 as part of the Interim DIP Order.

Dated: October 17, 2024

Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Donald J. Detweiler*
Donald J. Detweiler (DE Bar No. 3087)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:  don.detweiler@wbd-us.com

-and-

Cathy A. Hinger (pro hac vice)
Claire J. Rauscher (pro hac vice)
2001 K. Street, NW
Suite 400 South
Washington, D.C. 20006
Telephone: (202) 467-6900
Facsimile:  (202) 467-6910
Email:  cathy.hinger@wbd-us.com
          claire.rauscher@wbd-us.com

*Counsel for Chicken Soup for the Soul, LLC and William Rouhana*