**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.*, et al.,*[1] | Case No. 24-11442 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No.: 225, 226, 283, 396, 397** |

**REQUEST TO SCHEDULE EMERGENCY HEARING IN CONNECTION WITH CHICKEN SOUP FOR THE SOUL, LLC'S AND WILLIAM ROUHANA'S MOTION FOR ENTRY OF A PROTECTIVE ORDER AND MOTION TO EXCLUDE**

Chicken Soup for the Soul, LLC ("CSS") and William Rouhana ("Rouhana" and together with CSS the "Movants") hereby request the Court, pursuant to Rule 2002-1(a)(ii) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), to schedule an emergency hearing on one or both of *Chicken Soup For The Soul, LLC's And William Rouhana's Motion For Protective Order* (the "Motion for Protective Order") (D.I. 396) and *Chicken Soup For The Soul, LLC's And William Rouhana's Motion To Exclude The Application Of The Strategic Review Committee And The Debtors For Authorization To Employ And Retain Pachulski Stang Ziehl & Jones LLP As Chapter 11 Counsel Effective As Of June 28, 2024 Through And Including July 10, 2024* (the "Motion To Exclude") (D.I. 397).  In support of this Motion, the Movants respectfully state as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

**INTRODUCTION**

1.      The Movants request an emergency hearing to address certain discovery disputes that have arisen in connection with the November 14, 2024 hearing on: (a) the *Application Of The Strategic Review Committee And The Debtors For Authorization To Employ And Retain Pachulski Stang Ziehl & Jones LLP As Chapter 11 Counsel Effective As Of June 28, 2024 Through And Including July 10, 2024* (the "327(a) Application") (D.I. 226); and (b) the *Application Of The Chapter 7 Trustee For An Order Authorizing The Retention Of Pachulski Stang Ziehl & Jones LLP As Special Litigation And Transactional Counsel To The Chapter 7 Trustee Effective As Of July 11, 2024* (the "327(e) Application") (D.I. 225), and together with the 327(a) Application, the "Applications").

2.      The Movants objected to the Applications on August 8, 2024. *See Omnibus Objection to the Applications* (the "Omnibus Objection") (D.I. 283).

3.      On October 8, 2024, the Applicants served two Notices of Deposition on the Movants in connection with the Applications. The first Notice of Deposition (the "30(b)(6) Deposition")[2] seeks to take the oral deposition of CSS pursuant to Federal Rule of Civil Procedure ("F.R.C.P") 30(b)(6), while the second Notice of Deposition (the "Rouhana Deposition")[3] seeks to take the individual deposition of Mr. Rouhana pursuant to F.R.C.P. 30. (The 30(b)(6) Deposition and Rouhana Deposition are collectively referred to herein as the "Depositions".)

4.      In addition to the Notices of Depositions, the Applicants also served a Request for Production of Documents (the "RFPs")[4] on CSS on October 8, 2024. The RFPs seek the production of certain documents from CSS pursuant to F.R.C.P. 26 and 34.

---

[2]   Attached as Exhibit A to the Motion for Protective Order.
[3]   Attached as Exhibit B to the Motion for Protective Order.
[4]   Attached as Exhibit C to the Motion for Protective Order.

5.      On October 9, 2024, the Court held a status conference in connection with the Applications.  During the status conference, the Movants' counsel advised the Court that the Movants may seek relief from the Court in connection with the discovery being sought by the Applicants.

6.      Following the status conference, the Court set November 14, 2024 as the date for the hearing on the Applications.

7.      On October 15, 2024, the parties held a meet and confer in connection with the Applications, the Omnibus Objection, the Depositions, the RFPs, the Movants' potential written discovery directed to Applicants, and the Movants' potential depositions of the Applicants' trial witnesses.

8.      During the meet and confer, the Movants' counsel advised the Applicants' counsel that the Movants object to the Depositions and RFPs and that the Movants would seek a Motion for Protective Order from the Court quashing or otherwise limiting the Depositions and RFPs.  The Movants' counsel further advised the Applicants' counsel that the Movants believe the Court may be able to decide the 327(a) Application on the undisputed facts before the Court; and that the Movants intended to file a Motion to Exclude (or similarly styled motion) with the Court seeking to exclude the Court's consideration of the 327(a) Application at the November 14, 2024 hearing. The Movants respectfully submit that if the Motion to Exclude is considered simultaneously with a hearing on the Motion for Protective Order, the Motion to Exclude could serve as an efficient way to winnow down the issues set for hearing on November 14, 2024.

9.      The Applicants' counsel advised the Movants' counsel that the Applicants oppose any Motion for Protective Order, as well as any Motion to Exclude (or similarly styled motion) seeking the Court's determination of the 327(a) Application prior to the November 14, 2024

hearing date.  The Applicants' counsel further advised that they intended to re-notice the 30(b)(6) Deposition of CSS to November 1, 2024 and the Rouhana Deposition to November 5, 2024.

10.     The parties did not reach agreement on the necessity of the Depositions and RFPs. Nor did the parties reach agreement on the Movants' desire to have the Court consider the Movants' Motion to Exclude prior to the November 14, 2024 hearing date.

11.     For the reasons set forth in the Motion for Protective Order [D.I. 396], the Movants request an emergency hearing in connection with the Motion for Protective Order so that the relief requested in the motion may be determined in a timely manner before the proposed deposition dates and the November 14, 2024 hearing date.

12.     For the reasons set forth in the Motion to Exclude [D.I. 397], the Movants request an emergency hearing in connection with the Motion to Exclude so that the relief requested by the motion may be determined in a timely manner and in advance of the November 14, 2024 hearing date.

## LEGAL STANDARD

13.     Local Rule 2002-1(a)(ii) provides that "the Court may . . . upon request of a party in interest, schedule a special or emergency hearing date in a case for a specific motion or other issues . . . ."  The party requesting such a hearing must promptly file a notice of hearing on the docket specifying the date and time of the hearing and the general issue before the Court. *Id*

14.     An emergent need exists for the Court to schedule an emergency hearing on the Motion for Protective Order, as the Depositions are being rescheduled by the Applicants for November 1, 2024 and November 5, 2024.  Moreover, the hearing on the Applications is currently scheduled for November 14, 2024.

15.     The Movants respectfully submit an emergent need also exists to schedule a hearing on the Motion to Exclude, as the Court's determination of the Motion to Exclude may narrow the issues for the hearing on the Applications and save the parties considerable cost and expense in connection with the hearing on the Applications, including alleviating the need for certain discovery related to the Applications.

## CONCLUSION AND REQUESTED RELIEF

WHEREFORE, Chicken Soup for the Soul, LLC and William Rouhana respectfully request the Court schedule an emergency hearing for consideration on the Motion for Protective Order and the Motion to Exclude at the Court's earliest convenience.

Dated: October 17, 2024

Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Donald J. Detweiler*
Donald J. Detweiler (DE Bar No. 3087)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email:  don.detweiler@wbd-us.com

-and-

Cathy A. Hinger (pro hac vice)
Claire J. Rauscher (pro hac vice)
2001 K. Street, NW
Suite 400 South
Washington, D.C. 20006
Telephone: (202) 467-6900
Facsimile:  (202) 467-6910
Email:  cathy.hinger@wbd-us.com
         claire.rauscher@wbd-us.com

*Counsel for Chicken Soup for the Soul, LLC and William Rouhana*