## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*, | Case No. 24-11442 (TMH) |
| Debtors. [1] | (Jointly Administered) |
| | **Hearing Date: October 23, 2024, at 4:00 p.m.** |
| | **Related Docket Nos. 225, 226, 283 and 396** |

### APPLICANTS' OPPOSITION TO CHICKEN SOUP FOR THE SOUL, LLC'S AND WILLIAM ROUHANA'S MOTION FOR PROTECTIVE ORDER

Applicants, the SRC/Debtors and the Trustee, submit this Opposition to the Motion for Protective Order pursuant to which the Rouhana Objectors seek to prevent Applicants from taking relevant, limited and tailored discovery in connection with the Rouhana Objectors' assertions raised in their objection to the employment of PSZJ as counsel for Applicants in these bankruptcy cases.[2]  In support of this Opposition, Applicants respectfully state as follows:

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media  Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

[2]   Capitalized terms used herein have the meanings ascribed to them in the *Application of the Strategic Review Committee and the Debtors for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Chapter 11 Counsel Effective as of June 28, 2024 through and including July 10, 2024* [Docket No. 226] and the *Application of the Chapter 7 Trustee for an Order Authorizing the Retention of Pachulski Stang Ziehl & Jones LLP as Special Litigation and Transactional Counsel to the Chapter 7 Trustee Effective as of July 11, 2024* [Docket No. 225] (together, the "Applications").

4881-5789-2849.5 57100.00001

## ARGUMENT AND LEGAL AUTHORITIES

1.      The Rouhana Objectors assert in their Objection to PSZJ's employment that there are various nefarious acts that give rise to a conclusion that PSZJ is conflicted and holds interests adverse to the estates and that, as a result, PSZJ should be disqualified from representing the estates under both sections 327(a) and 327(e) of the Bankruptcy Code.  In fact, all but a few paragraphs of their 34-page Objection deal with these allegations of conflict and adverse interest.  By their discovery requests, Applicants seek to understand the factual basis of the allegations of adverse interest that form the very foundation of the Rouhana Objectors' objection to PSZJ's employment as requested by the Applications.  By their Motion for Protective Order, the Rouhana Objectors seek to block that discovery.

2.      Applicants' discovery that is subject to the Motion for Protective Order is comprised of: (a) a deposition notice to Mr. Rouhana, one of the objecting parties and the sole declarant providing testimony in support of the Objection (by way of Mr. Rouhana's previously filed "first day" declaration, attached as an exhibit and cited to 20 times in the Objection), and (b) a deposition notice seeking CSS's designation of a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure with respect to the factual bases for seven specific contentions the Rouhana Objectors have made in support of their allegations that PSZJ is conflicted and holds interests adverse to the estates.[3] Applicants also sought CSSE board minutes that are in the possession and control of CSS as a result of its provision of management services to the Debtors. To date, the Rouhana Objectors have not produced those board minutes.[4]

---

[3]     The seven deposition topics are set forth in the 30(b)(6) deposition notice attached as Exhibit A to the Motion for Protective Order and are also listed in paragraph 26 of the motion.

[4]     The Rouhana Objectors have noticed the depositions of Mr. Pachulski and two members of the SRC, Mr. Robert Warshauer and Mr. John Young, and have served document requests in connection with the Applications. Applicants have not sought to quash the Rouhana Objectors' discovery which is far more wide-reaching than that requested by Applicants.

3.      The Rouhana Objectors' various assertions in support of the issuance of a protective order can be condensed down to three basic arguments.  First, that the information sought is not relevant to the Court's consideration of the Applications.  Second, that the request is burdensome.  Third, that the information is privileged.    None of these arguments provide a basis for the requested protective order.

4.      ***First***, the information sought by Applicants is directly relevant to the Court's consideration of whether or not PSZJ has a disqualifying conflict and such inquiry is proper under Third Circuit law.  *Redland Soccer Club v. Dept. of the Army*, 55 F.3d 827, 856 (3d Cir. 1995) (Rule 26 of the Federal Rules of Civil Procedure authorizes "broad discovery" into "any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]").[5]  The Rouhana Objectors have alleged that PSZJ has participated in what amounts to a conspiracy with HPS and the SRC to force the Debtors' liquidation[6] and have asserted that there exists a "troubling sequence of events and facts" which will impact the Court's consideration of the Applications, stating as follows:[7]

> [The troubling sequence of events and facts set forth in the objection …] informs the Court of the events and questionable relationships and interests among the SRC, HPS, and PSZJ, all of which bear upon the Applicants' burden of proof before the Court.  To meet their burden for the Applications, Applicants must, inter alia, demonstrate that: (i) under the 327(a) Application, PSZJ did not hold or represent an interest adverse to the Debtors' estates and was disinterested at the time of its alleged engagement by the Debtors in the chapter 11 cases; and (ii) under the 327(e) Application, the proposed retention of PSZJ is in the best interest of the estates, and PSZJ does not represent or hold any interest adverse to the Debtors or the estates with respect to the matters on which PSZJ would be employed.

---

[5]    Fed. R. Civ. Proc. 26(b)(3).

[6]    Objection at ¶¶ 56, 68-69.

[7]    Motion for Protective Order at ¶¶ 4-5.

5.      Applicants here seek discovery on whether or not there exist facts to support or disprove the Rouhana Objectors' allegations relating to PSZJ's alleged adversity to the estates. This is discovery that is expressly allowed under applicable law.  Third Circuit law provides that "parties may use depositions to explore facts underlying a legal claim." *In re Generic Pharms. Pricing Antitrust Litig.*, 2024 U.S. Dist. LEXIS 107559, *24 n. 5 (E.D. Pa. Apr. 23, 2024) ("In this Circuit, parties may use depositions to explore facts underlying a legal claim."); *Lopez v. CSX Transp., Inc.*, 2015 U.S. Dist. LEXIS 139913, *39-40 (W.D. Pa. Oct. 14, 2015). In the *Lopez* decision, the court denied a motion for protective order on the grounds that "[c]ourts within the Third Circuit follow the approach that parties may use Rule 30(b)(6) depositions to explore facts underlying legal claims and theories."[8]

6.      Here, the 30(b)(6) deposition topics are narrowly tailored to cover specific factual contentions relating to the alleged "events and questionable relationships" that the Rouhana Objectors assert should result in PSZJ's disqualification.  These 7 topics were limited to allegations contained in just 5 paragraphs of the 87 paragraph, 34-page Objection.  For example, the Rouhana Objectors have asserted in the Objection that "the circumstances and timing of PSZJ's retention by the SRC strongly suggest PSZJ and HPS were working together to execute HPS's prepetition plan to force Debtors' liquidation for HPS's gain to the detriment of Debtors' shareholder, creditors, business partners, and employees."[9]  CSS, as an objecting party making this assertion, should be required to designate a witness (or witnesses) to provide testimony with respect to this and the other narrowly tailored 30(b)(6) deposition topics.  In addition, Mr. Rouhana is an objecting party and is properly deposed about the basis for his assertions in the Objection.  If there

---

[8]     *Lopez*, 2015 U.S. Dist. LEXIS 139913, at *39-40.

[9]     Rule 30(b)(6) Deposition Topic 4.

is no witness with knowledge of the facts underlying the allegations of adversity in the Objection, Applicants (and this Court) are entitled to know this in the form of deposition testimony – and the allegations will be given the weight they deserve. *Ierardi v. Lorillard, Inc.*, 1991 U.S. Dist. LEXIS 11320, *2-3 (E.D. Pa. Aug. 5, 1991) (party was "allowed to test this claim [of lack of knowledge] by deposing the witness").

7.     Although Mr. Rouhana's first day declaration is cited 20 times by the Rouhana Objectors in support of the Objection, the Rouhana Objectors now assert "Mr. Rouhana has limited firsthand knowledge of any issues relating to resolution of the Omnibus Objection…."[10]    The assertion that the Rouhana Objectors may lack knowledge of the facts that underlie contentions made in their Objection[11] is not grounds to issue a protective order preventing Applicants from inquiring into such facts. *Ierardi*, 1991 U.S. Dist. LEXIS 11320 at *2-3 (denying a motion for protective order, holding "that the corporation must submit witnesses for deposition because lack of knowledge was not a sufficient basis for a protective order."); *Hogg v. Abington Co.*, 1986 U.S. Dist. LEXIS 26304, *1 (E.D. Pa. Apr. 25, 1986) ("the mere allegation that the deponent knows nothing about the matters involved does not justify prohibiting the taking of the deposition"); *Bynum v. Dist. of Columbia*, 217 F.R.D. 43, 51 (D. D.C. 2003) (the "overwhelming authority indicates that an alleged lack of knowledge is an insufficient ground to prohibit the taking of a deposition").

8.     **Second**, the Rouhana Objectors' claim of undue burden does not support the issuance of a protective order.  As a preliminary matter, Mr. Rouhana and CSS are the parties objecting to the Applications and asserting that PSZJ should be disqualified based on alleged

---

[10]    Motion for Protective Order at ¶ 38.

[11]    *Id.* at ¶¶ 28, 38.

conflicts and adverse interests.   They are litigants asking this Court to base a significant determination – disqualifying PSZJ as counsel – on the allegations set forth in the Objection.   Yet they are asking this Court to insulate them from questioning as to the evidence underlying these assertions.   This is not the way the litigation and discovery process works – a party to a litigated matter must back up its claims with facts, not hyperbole and unsupported allegations.

9.   Mr. Rouhana is the sole declarant that has been offered in support of the Objection (the rest of the "evidence" consist of exhibits simply filed with the Objection without a declarant). Contrary to the Rouhana Objectors' assertions,[12] Applicants intend to list Mr. Rouhana – and any other knowledgeable person identified by CSS as a 30(b)(6) witness – as potential witnesses at the hearing on the Applications.   Moreover, there is no burden as the depositions will be virtual – no travel is necessary.   "[O]rdinary costs" to prepare and present a deposition witness "do not constitute serious injury to warrant issuance of a protective order." *Eitel v. PNC Bank, N.A.*, 2022 U.S. Dist. LEXIS 54161, *8 (W.D. Ky. Mar. 23, 2022).[13]

10.   ***Third***, Applicants are not seeking discovery on these issues for the purpose of exploring claims against or harassing the Rouhana Objectors or any other improper purpose,[14] or

---

[12]   Motion for Protective Order at ¶ 18.

[13]   *See also Hillman v. Gree USA, Inc.*, 2024 U.S. Dist. LEXIS 41023, *13-14 (E.D. Mo. Mar. 8, 2024) ("[T]he claim that the 'inherent cost and burden to prepare' for a deposition outweighs any benefit to Plaintiff is too vague to support a protective order."); *Stanley v. T Arget Corp.*, 2009 U.S. Dist. LEXIS 154203, *3-4 (S.D. Tex. June 10, 2009) ("Yet the only burdens Bumbo cites are preparing for the depositions and having to travel to Dallas from Houston to attend them.  These burdens are not undue.  Preparation is a necessary burden of attending any deposition, and travel from Houston to Dallas is hardly an exorbitant cost of time or money.").

[14]   *See, e.g., Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("Rule 26(c) places the burden of persuasion on the party seeking the protective order.  To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.  Moreover, the harm must be significant, not a mere trifle.") (internal citations omitted); *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 334 (D. R.I. 1976) ("A showing that the likelihood of harassment is more probable than not is in my view insufficient without a concomitant showing that the information sought was fully irrelevant and could have no possible bearing on the issues.") (internal quotations omitted).

delving into privileged matters.[15]    Rather, the requested depositions are necessary to probe the

veracity of the factual allegations in the Objection as to the propriety of PSZJ's employment under

section 327.  By their allegations of adversity, the Rouhana Objectors put these matters squarely

at issue in the context of the Applications.  Testimony as to the facts as they relate to the allegations

and legal conclusions posited by the Rouhana Objectors could not be more relevant to the

Applications, and Applicants are entitled to question the objecting parties as to the facts underlying

their allegations so that they can respond to such allegations.

11.    Finally, the Rouhana Objectors' argument that the "evidence" of claims against

HPS and the alleged "bad acts" by PSZJ in concert with HPS and the SRC can be established by

a letter from Reed Smith (counsel for the Debtors while under Mr. Rouhana's control) dated

November 8, 2023[16] borders on the incomprehensible – especially when the Rouhana Objectors

(on behalf of themselves and the Debtors) released these very claims against HPS in connection

with the forbearance agreement in April 29, 2024.  There is no basis – and it is illogical – to assert

that claims described in a November 2023 letter could implicate the SRC, which was not even in

existence until May 3, 2024 – or PSZJ, which was retained as counsel for the SRC/Debtors on

June 5, 2024.[17]    In any event, under Third Circuit law, Applicants are entitled to depose the

Rouhana Objectors as to the factual bases underlying their contentions and legal theories upon

which their objection to PSZJ's employment is based.

---

[15]    Blanket assertions of privilege are insufficient to support the issuance of a protective order.  *Burns v. Imagine Films Entertainment*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996).  In any event, the Trustee is the holder of the Debtors' corporate privilege, not the Rouhana Objectors.  *See e.g., Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 356-57, 105 S. Ct. 1986, 85 L. Ed. 2d 372 (1985).

[16]    Motion for Protective Order, Ex. C.

[17]    The evidence to be provided in support of Applicants' reply to the Objection will show that PSZJ did not represent the SRC or its individual members separate or apart from the Debtors, HPS is represented by Milbank as counsel, and PSZJ's prior representation of HPS was in connection with two small matters wholly unrelated to the Debtors, both of which were concluded over three years ago.

## CONCLUSION

12.     Applicants' limited and targeted discovery is necessary to understand the factual basis underlying the allegations of adverse interest in the Objection so that Applicants are in a position to properly respond to these allegations.  Accordingly, the Motion for Protective Order should be denied and the requested depositions should proceed as noticed.

Dated:  October 22, 2024          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (*admitted pro hac*)
Alan J. Kornfeld (*admitted pro hac*)
Debra I. Grassgreen (*admitted pro hac*)
James E. O'Neill (DE Bar No. 4042)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:     rpachulski@pszjlaw.com
              akornfeld@pszjlaw.com
              dgrassgreen@pszjlaw.com
              joneill@pszjlaw.com
              sgolden@pszjlaw.com

*Proposed Counsel to the Applicants*