IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *ET AL.*,<br><br>DEBTORS[1] | Chapter 7<br><br>Case No.: 24-11442 (TMH)<br><br>Jointly Administered |

### DECLARATION OF THOMAS TOMASELLI IN SUPPORT OF MOTION OF THE GOLUB CORPORATION FOR AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(A) AND 362(D) TO PERMIT THE GOLUB CORPORATION TO REMOVE AND DISPOSE OF KIOSKS

I, Thomas Tomaselli, hereby declare (this "Declaration"), pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen, of sound mind, capable of making this Declaration and personally acquainted with the facts stated herein, which are true and correct to the best of my knowledge, information, and belief.

2. I am the Group Vice President of Merchandising for Project P Holdings, LLC d/b/a Northeast Shared Services, which provides merchandising services to The Golub Corporation ("Golub") and its Price Chopper and Market 32 stores, and I am authorized to submit this Declaration on behalf of Golub.

3. Golub and Redbox Automated Retail, LLC ("Redbox") entered into the Kiosk Operating Agreement, effective as of July 1, 2020 (as amended, restated, supplemented, or

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

modified from time to time, the "<u>Agreement</u>"), a true and correct copy of which is attached hereto as <u>Exhibit 1</u>.

4. Pursuant to the Agreement, Redbox installed and operated 150 plus kiosks at various Price Chopper and Market 32 retail locations (the "<u>Kiosks</u>"). Redbox retained ownership over the Kiosks. Exhibit 1 at § 2.3.

5. In exchange for the right to operate the Kiosks on Golub's premises, Redbox agreed to pay Golub a commission each quarter, among other terms. Redbox has not paid commissions since 2022, and presently owes Golub no less than $19,810.95 in unpaid commissions.

6. The Agreement expired on June 30, 2023. Pursuant to the Agreement, Redbox was required to "remove the Kiosks, surrender possession of the Premises, and return the Premises in good clean condition, subject to normal and reasonable wear and tear related to the use and operation of the Kiosks" at its "sole cost and expense[.]" Exhibit 1 at § 6.7. The Agreement required Redbox to consult with Golub within 30 days from expiration to coordinate these tasks. *Id.*

7. To date, Redbox has not removed the Kiosks or consulted with Golub to coordinate removal as required by the Agreement. Redbox also stopped servicing the Kiosks during this period as required by the contract. Ex. 1 § at 5.1. Redbox failed to provide hardware and software support, maintenance and repairs, and maintain the Kiosks in an attractive good state of repair. The burden of these costs now fall on Golub.

8. On May 21, 2024, an account manager at Redbox emailed Golub indicating that Redbox "will not be able to assist with kiosk removals or relocations at this present time" due to a capital shortfall and a proposed restructuring of Redbox and its affiliates. A true and correct copy of that email is attached hereto as <u>Exhibit 2</u>.

9. The failure to remove the Kiosks is causing Golub economic harm and interferes with its use and enjoyment of the premises. Specifically, the maintenance of the Kiosk prevents Golub and its affiliate stores from repurposing the space for their own benefit and subjects the stores to unnecessary administrative and cleaning expenses given the termination of the Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21 day of October 2024

at 11:50 AM

Thomas Tomaselli
Project P Holdings, LLC
d/b/a/ Northeast Shared Services