IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., et al.,[1] | ) ) | Case No. 24-11442 (TMH) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | Re: _____ |

# [PROPOSED] ORDER GRANTING MOTION OF LOVEDOG PRODUCTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

AND NOW THIS _____ day of _____ 2024, upon consideration of the *Motion of LoveDog Productions* (the "Motion"), the Court having found that notice of the Motion and of the hearing on the Motion was timely, proper and adequate under all applicable rules of procedure; and the Court, having found that cause exists under 11 U.S.C. § 362(d)(1) and that good and adequate cause exists for approval of the Motion,

IT IS ORDERED:

1. That the Motion is GRANTED as set forth herein; and

2. The automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code is immediately lifted and:

    (i) The Distribution Agreement is terminated immediately; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

      (ii)  Movant is granted recovery of all distribution and exploitation rights of the Picture, including the right to contract with and/or transfer such rights to one or more third parties; and

      (iii)  Any third-party of Movant's choosing is authorized to assume distribution of the films and any non-debtor provider of Licensed Rights is authorized to take necessary steps to replace Debtor(s) as distributor of the Picture; and

      (iv)  Movant and/or any representative acting on its behalf, including counsel and distributor(s), are authorized to obtain information from third-party non-debtor providers of Licensed Rights concerning past and future royalties concerning the films; and

3. Movant and/or any representative acting on his behalf is further authorized to take any and all steps necessary to accomplish the transfer of distribution rights and duties away from Debtors; and

4. This Order does not waive or prevent Movant from asserting its rights to payments due under the Distribution Agreement in the Bankruptcy or otherwise seeking further relief from the automatic stay to protect its rights under the Distribution0020Agreement; and

5. Relief from the automatic stay shall be effective immediately upon entry of this Order and the 14 day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply; and

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.