## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC, *et al.*, [1] | Case No. 24-11442 (MFW) (Jointly Administered) |
| Debtors. | **Related Doc. No. 400** |

### CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO THE MOTION OF JOSHUA POMER, D/B/A JOSH POMER FILMS FOR RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

George L. Miller in his capacity as Chapter 7 Trustee (the "Trustee") for the Estates of the above-captioned Debtors (the "Debtors"), by and through his undersigned counsel, files this limited objection (the "Limited Objection") to the *Motion of Joshua Pomer d/b/a Josh Pomer Films for Relief from the Automatic Stay and Related Relief* [D.I. 400] (the "Motion") as follows:

1.     The Trustee objects to the Motion by Joshua Pomer d/b/a Josh Pomer Films (the "Movant") and the proposed order for relief submitted by the Movant, a copy of which is attached hereto as Exhibit "A" (the "Movant's Proposed Order") to the extent the Movant's Proposed Order seeks declarations of rights in property and authorizations to terminate which exceed a mere grant of relief from the automatic stay of 11 U.S.C. §362 to pursue its remedies as permitted under applicable law regarding the Distribution Agreement[2] and the relief sought by the Movant in the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms unless expressly defined herein shall have the meanings ascribed to them in the Motion.

Motion can only be properly obtained by the Movant initiating an adversary proceeding as required under Federal Rule of Bankruptcy Procedure 7001.

2.        The Trustee further objects to the Motion and the Movant's Proposed Order on the basis that the Distribution Agreement in Section 12.04 expressly prohibits termination in the event of breach[3] and instead provides *inter alia* as follows:

> ***In no event shall any breach entitle either party to terminate this Agreement or rescind the rights granted hereunder***, but rather the aggrieved party shall only be entitled to damages reasonably related to the breach concerned and no penalty, statutory or punitive damages shall be awarded to either party. Without limitation, any failure to delete any Videos from any Digital Service after the end of the Term shall not subject Orchard to any liability, but rather the parties shall cooperate in ensuring prompt take-down after notice of such failure. (emphasis added)

Accordingly, Movant has no basis for the bankruptcy court to enter Movant's Proposed Order which provides for a determination of termination by virtue of breach.

3.        The Trustee does not object to the entry of a revised Proposed Order in the form attached hereto as Exhibit "B" (the "Trustee's Revised Proposed Order") which is limited to granting the Movant's relief from the automatic stay of 11 U.S.C. §362 to pursue its remedies as permitted under applicable law regarding the Distribution Agreement.

---

[3] The Trustee asserts that the termination on bankruptcy provision contained within the third amendment to the Distribution Agreement dated December 15, 2023 attached as part of Exhibit "A" of the Motion is unenforceable as an *ipso facto* clause under 11 U.S.C. §365(e)(1).

WHEREFORE, the Trustee respectfully requests based upon the foregoing Limited Objection that the Movant's Proposed Order not be entered, but rather the Trustee's Revised Proposed Order be entered.

Dated: November 1, 2024
   Wilmington, Delaware

         COZEN O'CONNOR

       By: */s/ John T. Carroll, III*
          John T. Carroll, III (DE No. 4060)
          1201 N. Market Street
          Suite 1001
          Wilmington, DE  19801
          (302) 295-2028 Phone
          (302) 295-2013 Fax No.
          jcarroll@cozen.com

          *Counsel to George L. Miller,*
          *Chapter 7 Trustee*

LEGAL\73888117\1 6010823/00617521