**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: November 14, 2024, at 11:00 a.m.**<br><br>**Related Docket Nos. 225, 226, 283 and 397** |

**OPPOSITION TO CHICKEN SOUP FOR THE SOUL, LLC'S AND WILLIAM ROUHANA'S MOTION TO EXCLUDE THE APPLICATION OF THE STRATEGIC REVIEW COMMITTEE AND THE DEBTORS FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CHAPTER 11 COUNSEL EFFECTIVE AS OF JUNE 28, 2024 THROUGH AND INCLUDING JULY 10, 2024**

The SRC/Debtors submit this Opposition to the Motion for Exclude pursuant to which the Rouhana Objectors seek to exclude the Chapter 11 Application on the grounds that Robert Warshauer, the authorized representative of the SRC/Debtors for the time period covered by the Chapter 11 Application, lacks the corporate authority to execute the Chapter 11 Application.[2] In support of this Opposition, Applicants respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

[2] Capitalized terms used herein have the meanings ascribed to them in the *Application of the Strategic Review Committee and the Debtors for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Chapter 11 Counsel Effective as of June 28, 2024 through and including July 10, 2024* [Docket No. 226] (the "Chapter 11 Application").

**PRELIMINARY STATEMENT**

1. Excluding the Chapter 11 Application on the theory that Mr. Warshauer no longer serves as a director of the Debtors or a member of the SRC following the Conversion conflicts with Delaware and Third Circuit law and the very tenets of the Bankruptcy Code law authorizing the employment of, and opportunity for fair compensation to, professionals providing valuable services to the estates.

2. Contrary to the Rouhana Objectors' assertions, Mr. Warshauer is not the Applicant. The Applicants are the corporate entities – the Debtors and the SRC acting on behalf of the Debtors.[3] Mr. Warshauer is not acting in his individual capacity, but is acting in his capacity as representative of the SRC/Debtors for the 13-day period of time (from June 28 through July 10, 2024) covered by the Chapter 11 Application. Mr. Warshauer is acting on behalf of the SRC/Debtors in connection with the wind-up of the Chapter 11 Cases during a timeframe in which he served as the authorized representative of the SRC/Debtors. This is not a case where Mr. Warshauer is seeking to act on behalf of the corporate entities for activities occurring post-resignation or post-Conversion. The Rouhana Objectors' argument, if accepted, would leave PSZJ without anyone to sign the employment application on behalf of the SRC/Debtors.

3. The relief requested by the Rouhana Objectors is legally unsupported, inequitable and should be denied. Mr. Warshauer is entitled to execute the Chapter 11 Application on behalf of the SRC/Debtors. PSZJ's employment during the Chapter 11 Cases should be determined on

---

[3] In the Motion to Exclude (¶¶ 23-25), the Rouhana Objectors assert, in a cursory fashion, that PSZJ represented the SRC as an entity separate and apart from the Debtors. This is incorrect. PSZJ represented the SRC, acting through its members, pursuant to its exclusive authority to act on behalf of each of the Debtors with respect to all "Restructuring Matters" – both prior to and following the commencement of the Chapter 11 Cases. This argument is one that runs through the adverse interest assertions raised in the Objection and will be addressed in detail in the Reply to the Objection. This Opposition is due November 7. The Reply will be filed when due on November 8.

its merits and, based on the factual record and applicable law discussed in detail in the Reply, should be approved.

## FACTUAL BACKGROUND

4. A more detailed recitation of the factual background relevant to this Court's consideration of PSZJ's employment in these cases will be set forth in the Reply, the supporting declarations and the appendix of exhibits filed in support hereof and thereof. For purposes of the corporate authority issue raised by the Motion to Exclude, the relevant factual background establishing Mr. Warshauer's corporate authority to act on behalf of the SRC/Debtors is summarized in the chart below:

### Overview of PSZJ's Representation of SRC/Debtors

| | |
|---|---|
| June 5 – June 11 | PSZJ represented the SRC as a committee of the Board (pre-forbearance termination date) |
| June 11 – June 28 | PSZJ represented the Debtors through the SRC (post-forbearance termination date; under forbearance and related agreements, SRC responsible for all Restructuring Matters) |
| June 28 – July 4 | PSZJ continued to represent the Debtors through the SRC (post-Petition Date until the SRC reconstituted on July 4) |
| July 4 – July 10 | SRC reconstituted pursuant to Interim DIP Order – Undisputed that PSZJ represented the Debtors until conversion to chapter 7 |

| Date | Document / Event | Relevant Provisions / Actions | Exhibit / Reference |
|---|---|---|---|
| April 29, 2024 | **Amended CSSE Credit Agreement & Forbearance Agreement**<br><br>Parties: CSSE Parties (CSSE and its subsidiaries, including all Debtors) and HPS<br><br>Executed by Mr. Rouhana on behalf of CSSE Parties | • HPS agreed to a limited forbearance under the Amended CSSE Credit Agreement with respect to defaults through June 6, 2024 (which date was subsequently extended to June 11, 2024) in order to allow the CSSE Parties the opportunity to put into place additional funding to pay HPS (which they were unable to do). (Forbearance Agreement at § 2.02).<br><br>• Among others, CSSE Parties (including the Debtors), CSS, and Mr. Rouhana individually and on behalf of his affiliated entities granted HPS a broad | Appendix Exhibit 1<br>(CSSE 8-K filed May 3, 2024 (without exhibits))<br><br>Appendix Exhibit 2<br>(Amended CSSE Credit Agreement)<br><br>Appendix Exhibit 3<br>(Forbearance Agreement) |

| Date | Document / Event | Relevant Provisions / Actions | Exhibit / Reference |
|---|---|---|---|
| | | release of all claims (Forbearance Agreement § 8). | |
| | | • The CSSE Parties agreed to form a Strategic Review Committee, consisting of not less than two independent directors (the "<u>Independent Directors</u>"), of each CSSE Party. (Forbearance Agreement at § 3.02(a)(x)(3); Amended CSSE Credit Agreement at §§ 5.18; 5.19). | |
| | | • The CSSE Parties covenanted against removing or replacing any of the Independent Directors from the board of directors or managers of each CSSE Party without the prior written consent of HPS. (Amended CSSE Credit Agreement at §§ 6.12(a) and 7.01(d)). | |
| | | • The corporate governance documents of each of the CSSE Parties were amended to reflect these restrictions against removing or replacing any of the Independent Directors without the consent of HPS. (Amended CSSE Credit Agreement at §§ 5.21(a)(4), 6.12(a)). | |
| | | • Robert H. Warshauer and John T. Young, Jr. (and one other) were identified as Independent Directors that would be acceptable to both HPS and the CSSE Parties. (Amended CSSE Credit Agreement, p. 34 ("Independent Director" shall mean, initially, any two of the following individuals, Sreekant Kasibhatta, John T. Young, Jr. and Robert H. Warshauer, …"). | |
| April 29, 2024 | **Amended Governance Documents**<br><br>Executed by Mr. Rouhana on behalf of CSSE Parties | • Governance Documents of the CSSE Parties were amended to provide that on and after the Forbearance Termination Date, the SRC shall have exclusive authority over all Restructuring Matters. | <u>Appendix Exhibit 4</u> (Exemplar of the amendments to the Governance Documents (CSSE Amended Bylaws dated April 29, 2024, attached to 8-K filed May 3, 2024, at ¶ 3))<br><br><u>Appendix Exhibit 5</u> (CSSE Board Minutes dated April 30, 2024, pp. 1-2) |

| Date | Document / Event | Relevant Provisions / Actions | Exhibit / Reference |
|---|---|---|---|
| May 3, 2024 | **CSSE Board Minutes dated April 30, 2024** | • SRC was formed and Mssrs. Warshauer and Young (along with Fred M. Cohen, an existing member of the Board) were selected by the Debtors to serve on the Board and the SRC as Independent Directors effective May 3, 2024. | Appendix Exhibit 5 (CSSE Board Minutes dated April 30, 2024, p. 2) |
| May 3, 2024 | **Irrevocable Proxy** | • Stockholders of CSSE (CSS and Chicken Soup for the Soul Productions, LLC ("CSSP")), by Mr. Rouhana, executed an Irrevocable Proxy in favor of HPS, pursuant to which CSS and CSSP agreed to vote their shares against the removal of any of the Independent Directors and irrevocably appointed HPS as their sole and exclusive proxy in connection with voting or consents related to their shares. | Appendix Exhibit 6 (Irrevocable Proxy at §§ 2(a)(iii) and 2(b)) |
| June 5, 2024 | | • On June 5, 2024, PSZJ interviews and is retained by the SRC (Mssrs. Warshauer, Young, and Cohen) for the role of restructuring counsel to CSSE and its subsidiaries in light of the impending Forbearance Termination Date (initially June 6, 2024 but extended to June 11, 2024) and the SRC's concomitant control of the Debtors. | Appendix Exhibit 7 (Emails dated June 5, 2024 between PSZJ and members of the SRC regarding selection of PSZJ as counsel) |
| June 11, 2024 | **Forbearance Agreement** | • Forbearance Termination Date (extended from June 6 to June 11). | Appendix Exhibit 3 (Forbearance Agreement at § 2.02) |
| | **Amended Governance Documents** | • Upon the Forbearance Termination Date, in accordance with the Governance Documents, the SRC had "exclusive authority to approve, authorize and direct, or otherwise implement" any Restructuring Matter, which included any asset sale or chapter 11 bankruptcy filing. | Appendix Exhibit 4 (CSSE Amended Bylaws dated April 29, 2024) |
| | | • The SRC's authority included the retention of counsel to advise the SRC in connection with its duties upon the Forbearance Termination Date. | Warshauer Dec. |
| June 11, 2024 | | • Mr. Rouhana purported to remove all members of the Board, except for himself. | Objection, ¶ 38 |
| | | • The act of removing the Board members was in contravention of the terms of the Forbearance Agreement, the Amended CSSE Credit Agreement, Irrevocable Proxy and the Governance Documents. | |
| June 12, 2024 | **Correspondence from PSZJ to Reed Smith and Graubard Miller dated June 12, 2024** | • In its capacity as counsel to CSSE and its subsidiaries, at the direction of the SRC, PSZJ sent correspondence to Reed Smith and Graubard Miller (both counsel for the | Objection, Exhibit 13 |

| Date | Document / Event | Relevant Provisions / Actions | Exhibit / Reference |
|---|---|---|---|
| | | company while under Mr. Rouhana's control), requesting a consensual transition of authority from Mr. Rouhana to the SRC. | |
| June 28, 2024 | | • Mr. Rouhana purported to reconstitute the Board with himself, Chris Mitchell (the CFO of CSS), Bart Schwartz, Joshua Mandel, and Steven Goldsmith. | Objection, Exhibit 2, Docket No. 7 (Rouhana First Day Declaration) at ¶ 10 |
| June 28 and 29, 2024 | | • Chapter 11 petitions filed.<br>• Reed Smith serves as counsel under Mr. Rouhana's direction. | |
| July 2 and July 3, 2024 | | • PSZJ appeared at the first day hearings "For the Debtors Through Strategic Review Committee." | Appendix Exhibit 8 (July 2 Transcript, p. 2)<br><br>Appendix Exhibit 9 (July 3 Transcript, p. 2) |
| July 4, 2024 | | • Court entered Interim DIP Order approving the HPS DIP | Docket No. 85 |
| | | • Pursuant to the Interim DIP Order, on July 4, 2024, the SRC was "reinstated and [was] empowered to be the sole body entitled to manage all of the affairs and operations of the Debtors and their subsidiaries with all of the powers customarily given to a board of directors and with . . . all of those powers entitled to manage all of the affairs and operations of the Debtors and their subsidiaries with all of the powers customarily contemplated by the organizational documents executed in connection with the Forbearance Agreement . . ." | Interim DIP Order at ¶ 18 |
| July 4, 2024 | | • The SRC unanimously voted to retain PSZJ as counsel to the Debtors in the Chapter 11 Cases. | Appendix Exhibit 10 (Email dated July 4, 2024 from members of SRC to PSZJ regarding selection of PSZJ as counsel)<br><br>Second Supplemental Pachulski Dec.; Warshauer Dec. |
| July 10, 2024 | | • PSZJ appeared at the July 10 status conference hearing "For the Debtors." | Appendix Exhibit 11 (July 10 Transcript, p. 1) |
| July 10, 2024 | | • Court entered order converting the Debtors' Chapter 11 Cases to chapter 7. | Docket No. 120 |

| Date | Document / Event | Relevant Provisions / Actions | Exhibit / Reference |
|---|---|---|---|
| July 10, 2024 | | • Mssrs. Warshauer and Young resigned as members of the Board. | Motion to Exclude, Exhibit A |
| June 11, 2024 – July 10, 2024 | | • PSZJ, directed by the SRC, represented the Debtors commencing on June 11, 2024 and continuing to the Conversion on July 10, 2024. | |
| July 11, 2024 | | • George L. Miller appointed as chapter 7 trustee. | Docket No. 130 |
| | | • Trustee selected Cozen O'Connor as general bankruptcy counsel and PSZJ as special litigation and transactional counsel in the Chapter 7 Cases. | |
| | | • Trustee filed the Chapter 7 Application. | Docket No. 225 |
| August 12, 2024 | | • SRC/Debtors filed the Chapter 11 Application. | Docket No. 226 |
| | | • Mr. Warshauer signed the Chapter 11 Application on behalf of the SRC/Debtors, as their authorized representative during the 13-day pendency of the Chapter 11 Cases. | |

## **ARGUMENT**

**I.    Mr. Warshauer Appropriately Signed the Chapter 11 Application as the Authorized Representative for the SRC/Debtors During the Time Period Covered by the Chapter 11 Application**

5.    The Rouhana Objectors assert that, because Mr. Warshauer is not currently a member of the Board or the SRC, he lacks the corporate authority to sign the Chapter 11 Application on behalf of Applicants. Mr. Warshauer, however, was the authorized representative for the SRC/Debtors for the 13-day period covered by the Chapter 11 Application (June 28, 2024 – July 10, 2024), the timeframe when PSZJ performed its post-petition services to the SRC/Debtors. Upon Conversion on July 10, the Trustee was appointed and the then current Board, including Mr. Warshauer, resigned. Mr. Warshauer's resignation, however, should not impact his ability to sign a document requesting authorization for PSZJ's employment during a time frame in

which he served as the authorized representative of the SRC/Debtors and during which PSZJ was retained and acted as counsel for the Debtors. Indeed, the Rouhana Objectors' assertion, if accepted, would mean that there would be no one that could sign the Chapter 11 Application on behalf of the SRC/Debtors for this period of time.

6. The Rouhana Objectors would have this Court impose a rule which, taken to its inequitable conclusion, would prevent the employment and fair compensation of a chapter 11 debtor's counsel in every converted case where employment was not approved prior to the conversion because the prior chapter 11 representatives would no longer be "in place" once a chapter trustee 7 is appointed. This result would be extraordinarily harsh and inequitable. The decision to hire PSZJ was made by the Debtors' authorized representatives and PSZJ performed, in good faith, work during this time for which it should be entitled to seek compensation under section 330 of the Bankruptcy Code.[4]

7. Mr. Warshauer's ability to act on behalf of the Debtors prior to the Conversion is supported by Delaware law, which provides for the ongoing authority of a corporation's directors and officers to wind-up a corporation's affairs following dissolution. Section 278 of the Delaware General Corporation Law ("DGCL") provides that, upon a dissolution, a corporation nevertheless exists for a period of three years for the purpose of winding up its corporate and business affairs.[5]

---

[4] *Lamie v. United States Tr.*, 540 U.S. 526, 538-39 (2004) (section 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds unless they were employed as authorized by section 327).

[5] 8 Del. C. § 278 (Continuation of corporation after dissolution for purposes of suit and winding up affairs) provides as follows:

> All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation; the

During this period, the corporation may not carry on any business for which it previously existed, but it may do that which is necessary to bring its former business affairs to a conclusion, specifically for any or all of the following purposes: (1) for the purpose of prosecuting and defending suits by or against it, (2) for the purpose of enabling the dissolved corporation to gradually settle and close its business, (3) so as to permit it to dispose of and convey property still possessed by it, (4) so as to enable it to discharge its liabilities, and (5) for the purpose of distributing any remaining assets to the stockholders. 8 Del. C. § 278; *In re Citadel Indus., Inc.*, 423 A.2d 500, 501, 504-05 (Del. Ch. 1980). Section 278 contemplates the continuation of the legal existence of the corporation for the purposes of winding up its affairs by action through its officers and directors. *Id.* at 505. Like a director of a dissolved corporation may act on behalf of a dissolved corporation to wind up the corporation's affairs, Mr. Warshauer, a director and member of the SRC and authorized representative of the Debtors prior to the Conversion, is properly authorized to act on behalf of the chapter 11 Debtors in the wind-up of the chapter 11 process.

8. The Rouhana Objectors' authorities do not lead to a different result. Section 141 of the DGCL simply specifies when a director's resignation is effective. It does not address the right of a director to sign an employment application relating to a period of time where the director was the authorized representative of the corporate entities and had authorized the very retention that is covered by the Chapter 11 Application. Nor does the court's decision in *Fogel v. U.S. Energy Systems, Inc.*, 2007 Del. Ch. LEXIS 178 (Del. Ch. Dec. 13, 2007) lead to the draconian result urged by the Rouhana Objectors. In *Fogel*, the dispute was whether a CEO and chairman of the board was properly terminated. The court held that he had not been properly terminated and

---

corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery.

thus he could call special meeting of the board. This decision stands for the uncontroversial proposition that, after proper termination, a board member is without authority to call a special meeting and act on behalf of the corporation as to determinations on current or future matters. In this case, Mr. Warshauer does not seek to act on behalf of the Debtors' estates post-Conversion. That is the Trustee's role. The Chapter 11 Application covers a period of time during which Mr. Warshauer acted on behalf of the corporate entities and his signing of the Chapter 11 Application in this capacity is not contrary to Delaware law.

9. Bankruptcy courts have long been recognized as courts of equity that apply the principles and rules of equity jurisprudence. Bankruptcy courts across the country have exercised their equitable discretion to grant after-the-fact authorizations of professional services already performed under § 327(a). It is the province of the bankruptcy courts to decide which professionals a trustee may employ to assist him in carrying out his duties and to determine the value of such services. In the Third Circuit, "bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power . . . [w]here equitable concerns weigh in favor of granting retroactive approval to enable deserving professionals to recovery compensation for work actually done" and "have traditionally been governed by equitable principles rather than statutory technicalities." *In re Arkansas Co.,* 798 F.3d 645, 648-50 (3rd Cir. 1986); *City of Rockford v. Mallinckrodt PLC (In re Mallinckrodt PLC)*, 2022 U.S. Dist. LEXIS 54786, *21-22 (D. Del. Mar. 28, 2022). The Rouhana Objectors' technical objection based on Mr. Warshauer's resignation – where he is seeking approval of PSZJ's employment for the time period during which he held the corporate authority to act on behalf of the SRC/Debtors, including with respect to the retention of counsel – would be highly inequitable and would deny out of hand PSZJ's right to seek compensation for its services during the pendency

of the Chapter 11 Cases. This result would be inconsistent with Delaware and Third Circuit law and should not be adopted by this Court.

## **CONCLUSION**

10. Based on the foregoing, and the record in these cases, the SRC/Debtors request that the Court deny the Motion to Exclude.

Dated: November 7, 2024                **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (*admitted pro hac*)
Alan J. Kornfeld (*admitted pro hac*)
Debra I. Grassgreen (*admitted pro hac*)
James E. O'Neill (DE Bar No. 4042)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
akornfeld@pszjlaw.com
    dgrassgreen@pszjlaw.com
    joneill@pszjlaw.com
    sgolden@pszjlaw.com

*Proposed Counsel to the Applicants*