# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC. *et al*, [2]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Hearing Date: January 8, 2025 at 2:00 p.m. ET<br>Objection Deadline: December 27, 2024 at 4:00 p.m. ET |

### TRUSTEE'S APPLICATION FOR APPROVAL OF RETENTION OF CULPEPPER IP, LLLC AS SPECIAL COPYRIGHT LITIGATION COUNSEL AND FOR RELATED RELIEF

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, pursuant to sections 105, 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby applies (the "Application") for entry of an order: (i) approving the retention of Culpepper IP, LLLC (the "Culpepper Firm") as the Trustee's special counsel to pursue certain copyright infringement litigation, (ii) approving the Trustee's compensation arrangement with the Culpepper Firm, and (iii) granting related relief. In support of the Application, the Trustee respectfully states as follows:

---

[2] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

LEGAL\74393334\2

**Jurisdiction, Core Nature and Venue**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

**Background**

A. Overview

3. On June 29, 2024, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

4. On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "Conversion Order"). In the Conversion Order, the Court ordered conversion of the Bankruptcy Cases to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. (*See* Conversion Order ¶ 2.)

5. On July 11, 2024, the United States Trustee for Regions 3 and 9 appointed Mr. Miller as the chapter 7 trustee of the Estates.

6. Prior to the Petition Date, the Debtors provided premium entertainment content to value-conscious consumers. The Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, with three flagship streaming services: *Redbox*, *Crackle*, and *Chicken Soup for the Soul*. In addition, through Debtor Redbox Automated Retail LLC, the Debtors operated (i) Redbox Free Live TV, a free ad-supported streaming television

service with approximately 180 channels, (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

### B. Retention of the Culpepper Firm

7. Prior to the Petition Date, the Debtor Screen Media Ventures, LLC ("Screen Media") retained the Culpepper Firm to pursue copyright infringement litigation against various internet service providers ("ISPs"). As of the Petition Date, the Culpepper Firm represented Screen Media in certain pending litigation, summarized below (the "Pending Litigation"):

(a) a contested proceeding over proof of claim in In re: Frontier Communications Corp. et al., Case No. 20-22476(MG) (Bankr. Court Southern District of NY) and related ancillary proceeding: In re: subpoena to Reddit, Inc., Case no. 24-3893 (Ninth Cir.), Case no. 24-80005-JD (ND Cal); and

(b) judgment enforcement litigation against Charles Muszynski et al. in: (i) In re: Charles Muszynski, Case No. 23-0-2870(MCF) (Bankr. Court Dist. Of P.R.); (ii) Muszynski v. Millennium Funding, Inc., et al. Case No. 24-11 (B.A.P. for First Cir.); (iii) Millennium Funding, Inc., et al. v. 1701 Management LLC, et al., 21-cv-20861 (S.D. Fla.); (iv) Millennium Funding, Inc., et al. v. AUH2O, LLC, et al., Claim No. NEVHCV2022/0183 (Eastern Caribbean Supreme Court in The High Court of Justice St. Christopher And Nevis, Nevis Circuit); and (v) all other proceedings related to enforcement of the S.D. Fla. Judgment (collectively, the "Alleged Defendant Infringers").

In addition, the Culpepper Firm represents Screen Media in ongoing, confidential discussions with certain ISPs (together with the Pending Litigation, the "Pending Matters").

8. As of the Petition Date, the Culpepper Firm is owed $75,496.47 in outstanding costs and expenses (the "Unpaid Expenses") and holds $67,379.81 in the firm's IOLTA account representing recoveries from certain infringement litigation over which the firm asserts an attorney's lien.

9. Subject to the Court's approval, the Trustee has agreed to retain the Culpepper Firm to represent the Trustee in the Pending Matters, as well as other copyright infringement litigation

LEGAL\74393334\2

that the Trustee may request that the Culpepper Firm pursue (collectively, the "Copyright Litigation Services"), pursuant to the Attorney Client Agreement attached hereto as Exhibit A (the "Engagement Agreement").

### Relief Requested

10. By this Application, the Trustee requests that the Court: (i) approve the Trustee's retention of the Culpepper Firm as special counsel to provide the Copyright Litigation Services, effective as of October 1, 2024, pursuant to the terms of the Engagement Agreement, (ii) approve the Trustee's proposed compensation arrangement as described in the Engagement Agreement and summarized below, and (iii) grant related relief. The Trustee submits this Application in reliance upon the *Declaration of Kerry Culpepper* (the "Culpepper Declaration"), a copy of which is attached hereto as Exhibit B.

### Basis for Relief

11. Section 327(e) of the Bankruptcy Code allows the Trustee to employ, with the Court's approval, an attorney that has previously represented the debtor "for a specified special purpose, other than to represent the trustee in conducting the case," provided that such retention is in the best interests of the Estates, and that such attorney does not represent or hold any interest adverse to the debtor or to the Estates with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

**A. Qualifications and Proposed Services of Special Counsel**

12. The proposed employment of the Culpepper Firm is in the best interest of the Estates. The Culpepper Firm is well qualified to provide the Copyright Litigation Services. Mr. Culpepper, who would be primarily responsible for providing the Copyright Litigation Services, has advised companies with respect to the enforcement of their intellectual property rights for over 15 years and has substantial experience representing plaintiffs in infringement litigation.

Moreover, the Culpepper Firm has in-depth knowledge regarding the Debtors' copyrights and possible infringement claims. Retaining new counsel would force the Estates to incur administrative expenses associated with getting the new firm up to speed on the Estates' copyright portfolio, and more importantly, could jeopardize the Estates' interests in the Pending Matters. Accordingly, the Culpepper Firm is well suited to provide the Copyright Litigation Services to the Estates.

### B. Proposed Compensation

13. As described fully in the Engagement Agreement, the Trustee has agreed to pay the Culpepper Firm a contingency fee based on Cash Recoveries (as defined in the Engagement Agreement) received by the Estates, net of reimbursable costs as discussed below, as follows: (1) thirty-five percent (35%) if the matter is settled without filing litigation; (2) forty percent (40%) if litigation is filed but the matter is settled prior to the defendant filing a responsive motion or answer to the complaint; (3) forty-five percent (45%) if litigation is filed but the matter is settled or judgment is obtained after the defendant files a responsive motion or answer to the complaint (including if the matter goes to trial); and (4) fifty percent (50%) in the event of an appeal to any appellate court initiated by defendants which the Trustee instructs the Culpepper Firm to oppose, or, an appeal initiated at the request of the Trustee (collectively, the "Contingency Fees").

14. As set forth fully in the Engagement Agreement, the Trustee has also agreed to reimburse the Culpepper Firm, solely from Cash Recoveries, for all costs and expenses incurred by the firm in connection with the Copyright Litigation Services in an amount not to exceed $25,000, subject to increase upon the Trustee's express approval (the "Expenses"). The Culpepper Firm has agreed to charge nothing for its professional services if there are no Cash Recoveries.

15. In addition, in an effort to reduce the administrative expenses associated with filing separate fee applications, and given that the Fees are based on a percentage of Cash Recoveries

and not hourly, the Trustee requests that the Court authorize the Trustee to pay the Culpepper Firm the Contingency Fees and Expenses from Cash Recoveries without further order of Court.

16. Finally, the Trustee has agreed that the Culpepper Firm may offset the Unpaid Expenses against the Estates' funds in the firm's IOLTA account.

### C. Connections and Absence of Adverse Interests

17. In reliance upon the Culpepper Declaration, and to the best of the Trustee's knowledge, information, and belief, the Culpepper Firm and its attorneys have no connection with the Trustee, the Estates, the Debtors, their creditors or any other party in interest herein, except as otherwise disclosed in the Culpepper Declaration.

18. In addition, in reliance upon the Culpepper Declaration, the Trustee submits that the Culpepper Firm has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under section 504(b) of the Bankruptcy Code, and no attorney at the Culpepper Firm is a relative of the bankruptcy judge approving the firm's retention as proscribed by Fed. R. Bankr. P. 5002(a).

19. Accordingly, the Trustee submits that the Culpepper Firm's representation is permissible under section 327(e) of the Bankruptcy Code and is in the best interest of the Estates and their creditors.

### Notice

20. Notice of the hearing Application, together with a copy of this Application, will be given to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel for the Debtors; and (iii) all parties who have requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order in substantially the attached form: (i) granting the relief requested in this Application; (ii) authorizing the Trustee to retain the Culpepper Firm as special counsel to perform the Copyright Litigation Services, effective as of October 1, 2024, pursuant to the terms in the Engagement Agreement; (iii) approving the compensation arrangement described herein; (iv) authorizing the Trustee to enter into settlements relating to the Copyright Litigation Services; and (v) granting any such further relief as may be appropriate.

Dated: December 6, 2024

COZEN O'CONNOR

By: /s/ John T. Carroll, III
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-1648 Phone
(312) 382-8910 Fax No.
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*