# EXHIBIT "A"

## ATTORNEY CLIENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS, that George L. Miller, Chapter 7 trustee (the "Trustee" or "Client") for the bankruptcy estate (the "Estate") of Screen Media Ventures LLC, a Delaware Limited Liability Company, subject to approval of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Lead Case No. 24-11442 (MFW) (the "Bankruptcy Cases"), agrees to retain and employ (the "Agreement") the attorneys of Culpepper IP, LLLC, (the "Law Firm"), as its true and lawful attorneys in prosecuting and handling Client's claim(s) in the following matters:

(a) a contested proceeding over proof of claim in In re: Frontier Communications Corp. et al., Case No. 20-22476(MG) (Bankr. Court Southern District of NY) and related ancillary proceeding: In re: subpoena to Reddit, Inc., Case no. 24-3893 (Ninth Cir.), Case no. 24-80005-JD (ND Cal);

(b) judgment enforcement litigation against Charles Muszynski et al. in: (i) In re: Charles Muszynski, Case No. 23-0-2870(MCF) (Bankr. Court Dist. Of P.R.); (ii) Muszynski v. Millennium Funding, Inc., et al. Case No. 24-11 (B.A.P. for First Cir.); (iii) Millennium Funding, Inc., et al. v. 1701 Management LLC, et al., 21-cv-20861 (S.D. Fla.); (iv) Millennium Funding, Inc., et al. v. AUH2O, LLC, et al., Claim No. NEVHCV2022/0183 (Eastern Caribbean Supreme Court in The High Court of Justice St. Christopher And Nevis, Nevis Circuit); and (v) all other proceedings related to enforcement of the S.D. Fla. Judgment (collectively, the "Alleged Defendant Infringers");

(c) confidential ongoing out of court discussions with U.S. Internet service providers; and

- 1 -

LEGAL\73495027\6 6010823/00617521
10/15/2024

(d) upon express written approval by the Client, any and all persons, business entities, or other insurance companies or corporations ("Alleged Infringers") who are or may be liable for Copyright Infringement of Client's Motion pictures and related causes of action including but not limited to actions for Contributory Copyright Infringement, Intentional Inducement, Direct Copyright Infringement, violations of Lanham Act and Unfair Competition, etc. ("Claims") in the appropriate Federal District in the United States (the "Work").

The Law Firm will obtain approval from the Trustee regarding whether to accept or to reject any offer to settle on behalf of Client.

To the extent practicable and otherwise allowed under applicable law, the Law Firm will seek to recover awards of attorney's fees pursuant to 17 U.S.C. § 505 with respect to the claims asserted in the Work.

The Law Firm will communicate their informed advice and any and all offers to Client for Client's acceptance or rejection.  Client will make himself available to provide timely responses to offers presented by the Law Firm.

The Client agrees that in consideration of the rendering of the foregoing services that the Law Firm shall be entitled to receive a fee equal to: (1) thirty-five percent (35%) if the matter is settled without filing litigation; (2) forty percent (40%) if litigation is filed but the matter is settled prior to Defendant filing a responsive motion or answer to the Complaint; (3) Forty-five percent (45%) if litigation is filed but the matter is settled or judgment is obtained after Defendant files a responsive motion or answer to the Complaint (including if the matter goes to trial).  The percentages referred to in (1)-(3) above refer to the percentage of the total amount of all cash recovered and received by the Client from such Alleged Defendant Infringer(s) or Alleged Infringer(s), which amount includes cash realized as part of the settlement, adjustment,

- 2 -

compromise or verdict obtained on said claim or claims, including any Fee Award (as defined below) received by the Trustee (a "Cash Recovery" or "Cash Recoveries"), but net of costs and expenses reimbursable to the Law Firm relating to such matter, as addressed herein. In addition to the contingency fee, the Law Firm shall be entitled to reimbursement from the Cash Recovery of all cost advances made by Law Firm to third parties and ordinary office expenses such as postage and copying, related to the case, subject to the Expense Cap. In the event of an appeal to any Appellate Court initiated by defendants which the Client instructs the Law Firm to oppose, or, an appeal initiated at the request of the Client, Client agrees that the Law Firm shall be entitled to a fee equal to **fifty percent (50%)** of any Cash Recovery in such matter, net of costs and expenses reimbursable to the Law Firm, as addressed herein, plus reimbursement of all cost advances made by them in the prosecution of Client's claim or claims, payable solely from Cash Recoveries. For the avoidance of doubt, the Law Firm shall only be entitled to receive payment of fees to the extent the Trustee has received Cash Recoveries.

Client authorizes Law Firm to expend, advance, or incur all costs and expenses in an aggregate amount not to exceed $25,000 (the "Expense Cap") subject to the Client providing express written approval to increase such amount reasonably necessary in the prosecution of Client's Claim(s), including costs and expenses for investigators, expert witnesses, other attorneys, research services, internet access and usage, data reporting services, depositions, court costs, pictures, exhibits, travel, preparation of transcripts for appeal, printing or binding of briefs, copying costs, telephone charges, fax charges, legal research charges, subpoenas, etc. Client agrees that all such costs and expenses shall be reimbursed to the Law Firm by Client solely from Cash Recoveries.

LEGAL\73495027\6 6010823/00617521
10/15/2024

In the event that Client receives funding from a third party such as a Litigation Funding company agreed upon by Client, which funding shall be subject to approval of the Bankruptcy Court, the Law Firm is permitted to apply funds received from said Litigation Funding company to the above costs.

Client agrees that Law Firm, in their sole discretion, may associate other attorneys to assist in prosecuting Client's claim or to be co-counsel in pursuing Client's claim, which co-counsel shall be employed and paid by Law Firm. Client agrees to fully cooperate with and assist these attorneys in prosecuting such claim. Client understands that Law Firm is licensed in Virginia, Hawaii and the District Columbia, and will have to associate with local counsel for any Civil Actions or litigation filed outside of Hawaii.

The Law Firm agrees to charge nothing for their professional services rendered in the prosecuting Claim(s) if there are no Cash Recoveries.

Client agrees that Law Firm may withdraw from representation of Client in this claim at any time, on reasonable notice to Client and in compliance with applicable Rules of Professional Responsibility of Lawyers.

If Client discharges Law Firm while the Law Firm has been actively pursuing enforcement of Client's rights in a particular matter, then (i) Client agrees to pay to Law Firm their full applicable attorney's fee of 40% or 45% as provided above plus reimbursement of all costs and expenses pertaining to such matter where such Cash Recovery is made in such matter without the assistance of substitute counsel; and (ii) Client agrees to pay Law Firm thirty-five percent (35%) of the Cash Recovery relating to such matter, plus reimbursement of all costs and expenses pertaining to such matter, if it was with the assistance of substitute counsel.

LEGAL\73495027\6 6010823/00617521
10/15/2024

Client agrees since the Law Firm is being employed on a contingency fee basis that the Law Firm shall not be required to submit or provide an itemization of the time expended in Client's behalf in order to be entitled to the above stated attorney's fee.  Client agrees that Law Firm shall have an attorneys' lien against the Cash Recovery on the Claims for attorneys' fee, costs and expenses as provided in this Agreement and hereby issues said lien.

The fee due to the Law Firm is to be determined by multiplying the appropriate percentage as agreed in the Agreement against the Cash Recovery net of costs and expenses authorized under this Agreement.

The Law Firm shall remit the gross amount of all Cash Recoveries to the Trustee and Trustee will make payment of attorneys' fees and reimburse attorneys' fees and costs as provided herein.

For purposes of illustration:

(1)     If the Cash Recovery is $7,000, and the Law Firm has advanced reimbursable expenses of $10,000 with respect to that matter, the Law Firm shall be entitled to reimbursement of its expenses of $7,000, but shall not be entitled to a contingency fee nor to reimbursement of the balance of its expenses.

(2)     If the Cash Recovery is $10,000, and the Law Firm has advanced reimbursable expenses of $1,000 with respect to that matter, the Law Firm shall be entitled to reimbursement of such expenses, and the contingency fee shall be calculated based on the net Cash Recovery of $9,000.

(3)     If the Law Firm obtains a final judgment awarding the Client attorney's fees (a "Fee Award") pursuant to 17 U.S.C. § 505, then (i) any Fee Award shall be remitted to the Client, and (ii) the Law Firm shall be entitled to a fee calculated as forty-five

LEGAL\73495027\6 6010823/00617521
10/15/2024

percent (45%) of the Cash Recovery (or fifty percent (50%) if there is an appeal, as described above), including the Fee Award, but net of costs and expenses reimbursable to the Law Firm relating to such matter.

In case any term or provision of this Agreement shall be held invalid, illegal or unenforceable, in whole or in part, neither the validity of the remaining part of such term or provision, nor the validity of any other term or provision of this Agreement, shall in any way be affected thereby, and in such event, this Agreement shall be deemed to be modified so as to be construed and in force to affect the terms thereof to the fullest extent possible.

Limited Scope of Representation:

The scope of our representation does not include advice or services regarding accounting, tax, personal financial matters or business management, and related non-legal matters and advice. If you wish for Law Firm to consult with other professionals retained by you regarding this matter, we will communicate with you in writing to confirm the scope of such consultations prior to initiating same.

Communication

All communication will be by email including confidential and non-confidential correspondence. If the Client requests, confidential documents attached to email can be password encrypted. Documents which cannot be sent via email will be sent by mail at Client's expense.

The Law Firm's understanding is that all communications shall be directly with the Client and that copies should also be provided to John T. Carroll at jcarroll@cozen.com and David Doyle at daviddoyle@cozen.com.

LEGAL\73495027\6 6010823/00617521
10/15/2024

## Document Retention Policy

In the interest of facilitating our services to the Client, the Law Firm may communicate with the Client or others by email, facsimile transmission, send data over the Internet, store electronic data via computer software applications hosted remotely on the Internet, or allow access to data through third-party vendors' secured portals or clouds. Electronic data that is confidential to your case may be transmitted or stored using these methods. In using these data communication and storage methods, our firm makes reasonable efforts to keep such communications and data access secure in accordance with our obligations under applicable laws and professional standards. Client recognizes and accepts that Law Firm has no control over the unauthorized interception or breach of any communications or data once it has been sent or has been subject to unauthorized access, notwithstanding all reasonable security measures employed by us or our third-party vendors. Client consents to our use of these electronic devices and applications and submission of confidential client information to third-party service providers during this engagement.

## File Retention and Destruction

The Law Firm shall provide the Client with thirty (30) days' written notice before deleting any documents related to Client's Claim(s) (the "Notice Period"). If the Client notifies the Law Firm in writing within the Notice Period of Client's desire to retain the documents earmarked for Debtors related to Client's Claims(s), then the Law Firm shall not destroy the documents but shall make arrangements for the Client to take possession of the documents. If the Client does not notify the Law Firm in writing within the Notice Period of the Client's desire to retain the documents, then the Law Firm shall delete the documents provided the prosecution of the Claim(s) has been completed and representation by the Law Firm has been terminated. The Law Firm reserves the

- 7 -

right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

No Guarantee of Success:

It is expressly acknowledged by Client that the Law Firm has not made any warranties or representations to Client, nor have we given Client any assurances as to the favorable or successful resolution of Client's Claim(s) or defense of the action referred to above; nor as to the favorable outcome of any legal action that may be filed; nor as to the nature or amount of any awards or distributions of property, attorney fees, costs, or any other aspects of this matter. All of the Law Firm's expressions relative to the Client's Claim(s) are limited only to estimates based upon the Law Firm's experience and judgment and are only our opinion. Such expressions should not be considered as representations, promises, or guarantees of results, which might be obtainable, either by way of a negotiated settlement or in a contested trial.

Conflicts of Interests

The Law Firm discloses that it represents other film companies such as Millennium Films and Voltage Pictures and other companies associated with the film industry such as 42 Ventures, LLC in connection with infringement claims for monies other than Client's, which infringement claims may be against the same Alleged Defendant Infringers.  Law Firm has investigated and is not aware of any conflicts at this point.

GOVERNING LAW

The rights and obligations of the parties and the interpretation and performance of this Agreement shall be governed by the laws of Delaware. Client and the Law Firm agree that any and all disputes regarding this Agreement shall be resolved by the Bankruptcy Court.  In the event either the Bankruptcy Court or the U.S. District Court for the District of Delaware (in the event

- 8 -

that the reference is withdrawn) declines jurisdiction over such dispute, such dispute shall be brought in any appropriate court in Superior Court of New Castle County in the State of Delaware.

We, the undersigned Client and Law Firm, do hereby acknowledge that we have read this Agreement, and fully understand and agree to each and every term, provision and condition contained in it.

In witness whereof, we, intending to be legally bound, subject to Bankruptcy Court approval, for consideration the receipt of which acknowledged, we the undersigned Client and Law Firm have executed this Agreement to be effective as of the _____ day of October, 2024.

Client:

George L. Miller, Chapter 7 Trustee for estate of Screen Media Ventures, LLC
8 Penn Center, Suite 950
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103

Dated: 11/28/2024
By:    GEORGE L. MILLER
Title:  Chapter 7 Trustee


Law Firm:

CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
kculpepper@culpepperip.com

Dated: Nov. 28, 2024
By:    Kerry S. Culpepper
Title:  Principal, Culpepper IP, LLLC

-9-