## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
| CHICKEN SOUP FOR THE SOUL | : Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*,[1] | : (Jointly Administered) |
|  | : |
|  | : **Hearing Date: January 8, 2025 at 2:00 p.m.** |
| Debtors. | : **Objection Deadline: December 23, 2024 at 4:00 p.m.** |
|  | : |

### MOTION OF BLAKE RIDDER LIMITED FOR ENTRY OF AN ORDER COMPELLING TRUSTEE TO REJECT MOTION PICTURE DISTRIBUTION AGREEMENT AND GRANTING RELATED RELIEF

Blake Ridder Limited ("BRL"), by and through its undersigned counsel, as and for its motion (the "Motion") for entry of an Order, pursuant to §§ 105(a), 365(d) and 554(b) of title 11 of the United States Code (the "Bankruptcy Code"), and in substantially the same form as attached hereto as Exhibit A, compelling George L. Miller, as Chapter 7 Trustee (the "Trustee") of the Debtors' estates (collectively, the "Estates"), to: (a) reject, on behalf of the Estates, a certain Distribution Agreement (as hereinafter defined); and (b) abandon the Estates' interests in the Film (as hereinafter defined) that is the subject of the Distribution Agreement and return the Film to BRL together with any other personal property held by the Estates related to the Film and/or the Distribution Agreement, respectfully represents and alleges as follows:

---

1   The Debtors in these chapter 7 cases (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).   The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

## BACKGROUND

1.      The Debtors had been engaged in the business of providing entertainment content to consumers.   On June 28, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.   The Debtors had initially remained in possession of their assets and continued to operate and manage their businesses as debtors-in-possession.

2.      On July 10, 2024, an Order was entered by this Court converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.   George L. Miller is the duly appointed permanent Chapter 7 Trustee of the Debtors' Estates.

3.      Prior to the Petition Date, and on or about September 8, 2021, BRL, as "Licensor", and debtor TOFG LLC d/b/a 1091 ("TOFG"), as "Distributor", entered into a written "Motion Picture Distribution Agreement" (the "Distribution Agreement"), a copy of which is attached hereto as Exhibit B.   Pursuant to the terms of the Distribution Agreement, TOFG was granted the rights to distribute "*HELP*", a film produced and owned by BRL (the "Film").   The distributorship territory granted to TOFG as specified in the Distribution Agreement included, among others, the United States, Canada, Australia, New Zealand, the United Kingdom, Bermuda and the Bahama Islands.   The initial term of the Distribution Agreement was nine (9) years.   In consideration of the rights granted to it by BRL under the Distribution Agreement with respect to the Film, TOFG agreed to market the Film and to account for and pay to BRL, on a quarterly basis, the remaining "Gross Receipts" derived from the exploitation of the licensed rights to the Film after deduction of a 30% "Distribution Fee" payable to TOFG and reimbursement to TOFG of any "Distribution Expenses" expended with respect to the Film.   BRL delivered, and TOFG accepted the delivery of the "master" of the Film, as well as other "Delivery Materials" as more fully described in

Schedule A to the Distribution Agreement (such as files, documents, advertising materials, artwork, photos, and the like) which constitute property of BRL, and TOFG commenced distribution of the Film.

4.      TOFG defaulted under the Distribution Agreement by, among other things, failing to market the Film in good faith and to maximize receipts, improperly deducting unsubstantiated and/or artificially inflated "Distribution Expenses" from "Gross Profits" and failing to make timely quarterly payments of royalties to BRL.   As a result, on June 20, 2023, BRL commenced an action against TOFG in the Supreme Court of the State of New York, County of New York, entitled *Blake Ridder Limited v. TOFG LLC d/b/a 1091 Pictures, a subsidiary of Chicken Soup for the Soul Entertainment, Inc.*, Index No. 652949-2023 (the "Court Action"), seeking, among other things, a money judgment in an amount of not less than $250,000 and voiding the Distribution Agreement. A copy of the Complaint filed in the Court Action is attached hereto as Exhibit C.   As of the Petition Date, TOFG was in arrears on the payment of its financial obligations to BRL under the Distribution Agreement in the amount of not less than $5,000.   Upon information and belief, the Debtors had continued to distribute and exploit the Film subsequent to the Petition Date, but did not pay any of the amounts owed to BRL under the Distribution Agreement on account thereof.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicates for the relief requested herein are §§ 105(a), 365(d) and 554(b) of the Bankruptcy Code.

## **RELIEF REQUESTED**

6.      Pursuant to § 365(a) of the Bankruptcy Code, "the trustee, subject to the court's approval, may assume or reject any executory contract…of the debtor." 11 U.S.C. § 365(a). The trustee may not assume an unexpired executory contract unless, at the time of assumption of such contract…the trustee cures existing defaults of an executory contract and provides adequate assurance that the trustee will promptly cure existing defaults. 11 U.S.C. § 365(b)(1)(A).  With respect to executory contracts, the trustee's decision to assume or reject must ordinarily be made by the date that is 60 days after the date of the order for relief. 11 U.S.C. § 365(d)(1). If an executory contract is not assumed or rejected during this period, it is deemed rejected. 11 U.S.C. § 365(d)(1).   Additionally, § 554(b) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

7.      The Debtors are no longer operating and the Film which is the subject of the Distribution Agreement is not presently being used or distributed.   As a result, BRL is not being compensated on account of the license that it granted to TOFG under the Distribution Agreement with respect to the Film.   To date, the Trustee has not sought to assume the Distribution Agreement, which would require a cure of all defaults and adequate assurance of performance of TOFG's obligations under the Distribution Agreement.   Any such assumption would also be subject to the claims asserted by BRL against TOFG in the Court Action with respect to its multiple breaches of the Distribution Agreement.

8.      BRL respectfully submits that the Film has no value (or, at best, is of inconsequential value) to the Estates.   In this respect, the Film would have to be distributed in

accordance with the Distribution Agreement to obtain any monetary benefit whatsoever therefrom. Inasmuch as the Debtors are in a Chapter 7 liquidation proceeding, there appear to be no distribution channels available to the Estates to justify the Estates' continued retention of the Film.

9.      Accordingly, BRL respectfully requests that the Court enter an Order compelling the Trustee's rejection of the Distribution Agreement and abandonment and return of the Film and all related personal property belonging to BRL.

**WHEREFORE**, BRL respectfully requests that the Court grant the Motion in its entirety together with such other and further relief as may be just and proper.

Dated: December 9, 2024
Wilmington, Delaware                          CROSS & SIMON, LLC

By: */s/ Kevin S. Mann*
Kevin S. Mann (Del. Bar No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
kmann@crosslaw.com

*Counsel to Blake Ridder Limited*