IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.,* | Case No. 24-11442 (MFW) (Jointly Administered) |
| Debtors.[1] | Related to Docket No. 520 and 525 |

**ORDER GRANTING MOTION OF GOOD FUNK, LLC**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the motion of Good Funk, LLC for Relief from the Automatic Stay the Court having found that notice of the Motion and of the hearing on the Motion was timely, proper and adequate under all applicable rules of procedure; and the Court, having found that cause exists under 11 U.S.C. § 362(d)(1) and that good and adequate cause exists for approval of the Motion,

IT IS ORDERED:

1. That the Motion is GRANTED as set forth herein; and

2. The automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code is immediately lifted and:

    (i) The Distribution Agreement is terminated immediately; and

    (ii) Movant's is granted recovery of all distribution rights of the Film including

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

the right to contract with and/or transfer such rights to one or more Third parties; and

(iii) Any third-party of Movant's choosing is authorized to assume distribution of the Film and any third party distributors are authorized to take necessary steps to replace Debtor(s) as distributor of the Film; and

3. Movant and/or any representative acting on its behalf is further authorized to take any and all steps necessary to accomplish the transfer of distribution rights and duties away from Debtors and to receive royalties from the Film; and

4. This Order does not waive or prevent Movant from asserting its rights to payments due under the Agreement in the Bankruptcy or otherwise seeking further relief from the automatic stay to protect its rights under the Agreement; and

5. Relief from the automatic stay shall be effective immediately upon entry of this Order and the 14 day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply; and

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: January 2nd, 2025         MARY F. WALRATH
Wilmington, Delaware             UNITED STATES BANKRUPTCY JUDGE