**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Re D.I. 515 |

**TRUSTEE'S LIMITED OBJECTION TO MOTION OF 800 THIRD AVENUE ASSOCIATES, LLC FOR ENTRY OF AN ORDER ALLOWING CHAPTER 7 AND CHAPTER 11 ADMINISTRATIVE CLAIMS**

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby objects to the *Motion of 800 Third Avenue Associates, LLC for Entry of an Order Allowing Chapter 7 and Chapter 11 Administrative Claims* [D.I. 515] (the "Motion"). In support of this Limited Objection, the Trustee respectfully states:

**Background**

1. On June 28, 2024 and June 29, 2024 (the "Petition Date"), the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court"). On July 10, 2024, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

2. The movant, 800 Third Avenue Associates, LLC ("800 Third Avenue") was once a landlord of the Debtors, having been the lessor under a certain commercial lease agreement (the "Lease") pursuant to which the Debtors occupied certain office space located at Suites 300 and 305, 800 Third Avenue, New York, New York (the "Leased Premises").

3. The Trustee promptly after conversion vacated the Leased Premises, and rejected the Lease effective as of July 31, 2024. See D.I. 282. Additionally, on December 5, 2024, on 800 Third Avenue's Motion, the Court entered an order granting relief from the automatic stay to allow Third Avenue to apply the security deposit that it was holding on account of the Lease, which totaled a little over $305,000. See D.I. 507.

4. As 800 Third Avenue is, or should be, aware, the Trustee has not yet been able to recover any unencumbered funds or negotiate a carve-out and/or sharing agreement with alleged secured creditors in these cases.

5. On December 12, 2024, 800 Third Avenue filed the Motion, in which it incorrectly alleges, among other things, "Upon information and belief, the Trustee has recovered substantial amounts on behalf of the Debtors' estates and is continuing to liquidate the assets of the Debtors' estates." These statements by 800 Third Avenue are incorrect. On the contrary, as mentioned above, the Trustee has not yet recovered any funds against which liens are not asserted nor negotiated a carve-out agreement or agreement for use of cash collateral.

6. In its Motion, 800 Third Avenue requests that the Court allow it a chapter 7 administrative expense claim in the amount of $70,500.40, and a chapter 11 administrative expense claim in the amount of $42,519.54. However, not only does 800 Third Avenue seek allowance of administrative claims but adds a request that the Court order immediate payment of the chapter 7 administrative claim.

7.      The Trustee objects to this request for immediate payment.  As explained above, the Trustee has no access to unencumbered funds with which to make such a payment.  Even if the Trustee did have access to such funds, immediate payment to 800 Third Avenue would be inequitable and inappropriate under the circumstances.  Accordingly, for the sake of ensuring that the Estates can be properly administered to the benefit of all creditors and that allowed administrative claims will be paid in a *pari passu* fashion, 800 Third Avenue's request for immediate payment should be denied.

8.      Nothing in the Bankruptcy Code requires the Trustee to pay administrative claims prior to final distribution in the now Chapter 7 case.  As the court observed in *In re Cryptek, Inc.*:

> Although the court agrees that the amount [previously] approved is an administrative expense that requires no further application or approval simply because the case has been converted, and although the court agrees that the order is binding on the chapter 7 trustee, **nothing in the Bankruptcy Code or Rules requires immediate payment of allowed administrative expense claims. Indeed, the normal practice in chapter 7 cases is to pay administrative expenses at the time the trustee's final report and account before distribution is approved.**

*In re Cryptek, Inc.,* No. 08-17324-SSM, 2010 WL 5330507, at *2 (Bankr. E.D. Va. Dec. 21, 2010) (quoting with approval previous order in case denying request for immediate payment of committee counsel fees) (emphasis added).

9.      Trustees have discretion on whether to pay administrative claims and the court should not supplant its judgment for that of the Trustee in such administrative matters.  *See In re McConkey*, No. BR 15-60092-JDP, 2017 WL 6276094, at *2 (Bankr. D. Mont. Dec. 8, 2017) ("[T]he Court concludes that whether distributions should occur by Trustee to estate professionals prior to the approval of Trustee's final accounting in this case was a matter submitted to Trustee's sound discretion and good judgment").

10. "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." In re Garden Ridge Corp., 323 B. R. 136, 143 (Bankr. D. Del. 2005).

11. Importantly, in a case where uncertainty exists as to whether the estate will have sufficient funds to pay all allowed administrative expense claims in full, immediate payment of any particular such claims is inappropriate, as it would prejudice the estate's ability to make *pari passu* distributions to all such claims. As the Court has explained, when assessing a request for immediate payment of an allowed administrative expense:

> In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." Distributions to administrative claimants are generally disallowed prior to confirmation if there is a showing that the bankruptcy estate may not be able to pay all of the administrative expenses in full. . . . To qualify for exceptional immediate payment, a creditor must show that there is a necessity to pay and not merely that the Debtor has the ability to pay.

In re Global Home Products, LLC, 06–10340, 2006 WL 3791955, *3 (Bankr. D. Del. Dec. 21, 2006). See also In re ATP Oil & Gas Corp., No. 12-36187, 2014 WL 1047818, at *10 (Bankr. S.D. Tex. Mar. 18, 2014) (denying request for immediate payment of administrative expense claim and explaining, "Compelling immediate payment of [movant's] claim only encourages a race to the courthouse, and threatens any pro rata sharing among administrative claimants as [the debtor] seeks to manage an orderly wind down of its estate."); In re LTV Steel Co., Inc., 288 B.R. 775, 778–79 (Bankr. N.D. Ohio 2002) (denying request for immediate payment of administrative expense claim on grounds that "ordering immediate payment contradicts the Code's *pro rata* distribution to administrative expense claimants.").

## Analysis

12. As described above, the Trustee presently has no access to unencumbered funds nor has the universe of administrate claims been quantified. Accordingly, the immediate payment

of any administrative expense claims in these cases is simply not possible. This unfortunate reality should end the analysis.

13. Putting this reality aside, even if the Trustee did have access to sufficient funds to pay 800 Third Avenue's asserted expenses, applying the standards mentioned above would lead to the conclusion that 800 Third Avenue is not entitled to immediate payment. First, the prejudice to the estates would be great. As it is, the Trustee is still in the process of attempting to generate funds for the administration of the Estates. If the Trustee were to expend any precious funds obtained to immediately pay 800 Third Avenue, the Estates and the entire creditor body would be prejudiced, as those funds would be much better spent in the exercise of the Trustee's business judgment in attempting to augment the Estates for the benefit of the entire creditor body.

14. Second, the hardship to 800 Third Avenue from having to wait in line with the rest of the administrative claimants is no greater than the hardship experienced by any other such party. This is the reality that parties must face when an estate has no unencumbered cash.

15. Finally, and most importantly, the detriment to other creditors would be severe. Any immediate payment to 800 Third Avenue would jeopardize any ability that the Trustee may come to possess to generate funds enabling payment to administrative claimants in a *pari passu* fashion and in essence would be an improper usurping of the Trustee's business judgment in administering the Estates.

16. Aside from the incorrect statements of fact that it made in the Motion concerning available funds, it should be noted that 800 Third Avenue has not articulated any significant reason why it should be entitled to immediate payment. Every administrative claimant in these cases would like to be paid immediately. 800 Third Avenue is not special. It is essentially requesting a

superpriority administrative claim at the expense of every similarly situated party. This relief is inequitable, unsupported by the applicable legal standards, and should be denied.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, in substantially in the form attached: (i) denying the request in the Motion for immediate payment; and (ii) providing any such other relief as may be appropriate.

Dated:  January 3, 2025                                COZEN O'CONNOR

By:   */s/*   John T. Carroll, III
John T. Carroll, III (No. 4060)
Simon E. Fraser (No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE  19801
Tel: (302) 295-2000
jcarroll@cozen.com
sfraser@cozen.com

*Counsel to George L. Miller,
Chapter 7 Trustee*