# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

CHICKEN SOUP FOR THE SOUL
ENTERTAINMENT, INC., et al.,

Debtors.

Chapter 7

Case No.: 24-11442 (MFW)

Jointly Administered

**FILED 2025 JAN 10 PM 12:47 US BANKRUPTCY CLERK DISTRICT OF DELAWARE**

## TRANSMITTAL OF NOTICE OF APPEAL TO BANKRUPTCY JUDGE PROVIDED PURSUANT TO LRBP 8003-1

**TO THE HONORABLE COURT:**

1. COMES NOW admitted (without objection) party in interest Charles Muszynski, pro se, ("Movant") and subsequent to providing notice of appeal pursuant to FRBP 8002 after the court's decision in the 8 January 2025 hearing held at 2:00 before Judge Mary Walwrath in the above-captioned action and before entry of an order, such that this notice will be treated as filed on the date of, and after entry of said Order.

2. Pursuant to LRBP 8003-1, Transmittal of Notice of Appeal to Bankruptcy Judge, Movant herewith provides the required "Transmittal of Notice of Appeal to Bankruptcy Judge" required when appealing, substantially contemporaneous with the filing of Movant's notice of appeal where delivery of this copy of the notice of appeal to the judge whose order is the subject of the appeal occurs through the Court Clerk's posting of it in the ECF system for notice to all parties.

3. Pursuant to LRBP 8003-2, Opinion in Support of Order, Movant provides the bankruptcy judge whose order is the subject of the appeal, seven (7) days from the filing date of this notice to file a written opinion supporting the order subject of Movant's appeal or the recorded oral bench ruling/opinion.

4. Movant ordered and pre-paid for the hearing transcript through an authorized transcription service 9 January 2025 but the recording has yet to be delivered to the transcriptionist.

5. Due to Trustee's counsel's highly abbreviated notice (less than 10 hours prior to hearing) permitting witnesses, which Movant objected to, Movant was denied opportunity to prepare for same, was denied opportunity to present his own witnesses' testimony regarding Culpepper IP,

LLLC's myriad adverse interests to the estate, proven conflicts with the estate, and multiple other grounds disqualifying him as "Special Counsel".

6. Although permitted Mr. Culpepper to appear as a witness and to make unsworn statements in the record, Mr. Culpepper nevertheless is an Officer of the Court who appears under his oath and affirmative duty to honestly represent facts before the court.

7. Movant was also not placed under oath and affirms here that, were he under oath, his statements and factual reference and arguments would have been made as they were at the hearing.

8. As Mr. Culpepper was not sworn, he was protected from accountability for his untruthful statements and perjury.

9. Had Movant been provided equitable opportunity to prepare and examine Mr. Culpepper's last-minute appearance and testimony, Movant would have thoroughly ventilated Mr. Culpepper's statements with evidence and witnesses, Movant is certain the court, Trustee, and estate would have been well-served and benefited from impeachment of Mr. Culpepper's falsehoods that he presented as "facts".

10. The court's order permits Mr. Culpepper to proceed in litigation the estate initiated in Nevis and attempts to handcuff Movant through an impermissible stay to inequitably strips Movant's due process rights – this fact alone aggrieves Movant.

11. In addition to Movant's clear aggrievement as a result of the Court's decision, dozens of disqualifying factors related to Mr. Culpepper's impermissible engagement as a purportedly "disinterested", "non-conflicted", "ethical" "Special Counsel" were obviously not viewed in Movant's Motion. Facts Movant was prevented from presenting the court on behalf of the estate due to Trustee's counsel's switcheroo mere hours before a hearing set the month prior.

12. Despite Mr. Carroll's perjorative references to Movant's Motion, he offered zero basis to justify Mr. Culpepper's engagement contrary to the Motion's cites nor any argument against the multitude of precedents, statutory prohibition, or uncontested facts proving Mr. Culpepper is a highly conflicted candidate for a "Special Counsel". Movant attempted two meet and confer emails with Mr. Carroll after the hearing to clarify his concerns; they remain ignored.

13. At the hearing, Mr. Culpepper admitted listing himself as a witness, appearing twice as a fact witness, and did not dispute he will be required to appear in Nevis as a fact witness. Mr. Culpepper confirmed he owns 42 Ventures, LLC (which unquestionably has adversarial interests

to the estate). He did not deny he has pecuniary interest in the litigation. Neither Mr. Culpepper, the record, nor the Trustee or his counsel provided evidence that the other, nearly 40 joined creditors' corporate officers signed waivers yet Mr. Culpepper unilaterally claimed all of his other purported "clients" (paraphrasing without transcript) "...do not object to his entry as Special Counsel despite their claims..." Mr. Culpepper did not deny that the funds belonging to the estate in his IOLTA account would become available to him for expenses that have not been quantified to the Trustee.

14. Both Mr. Carroll and Mr. Culpepper alleged no third party litigation funding involvement in the case yet, specifically, the Trustee's agreement with Mr. Culpepper contemplates the use of TPLF; this begs the question..."WHY?" Why would it be included if it were not either in place already or contemplated from a replacement NPE. Mr. Culpepper's whopping falsehood, claiming that PML Process Management Limited has no involvement/interest/or funding in the case is directly impeached by his own papers - as outlined in Movant's Objection.

15. Both Mr. Carroll an Mr. Culpepper admitted that Mr. Culpepper had continuously proceeded in numerous matters without the prior approval of the court. Both admit Mr. Culpepper withheld information from the Trustee and the court that is required by disclosure and ethics rules.

16. For these and a many more reasons in Movant's brief, he will appeal the court's decision to the District Court for review and redress. It appears the court utterly ignored Movant's brief.

RESPECTFULLY SUBMITTED, 10 January 2025 and signed in the Federation of St. Christopher and Nevis.

*[signature]*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
1-424-333-0569

## CERTIFICATE OF SERVICE

The undersigned states service herein was provided upon the parties/entities related to the proceedings above by way of the Court's CM/ECF system on the date he submitted the filing below and subsequent to courier delivery at the Court's physical location in Wilmington, DE. This constitutes the "delivery" required by LRBP 8003-1.

10 January 2025
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies