(b) upon delivery of the original signed and acknowledged instrument with the required receipt and an exact signed and acknowledged duplicate, the Registrar of Companies shall certify that the instrument has been filed by endorsing the word *"Filed"* and the date of the required receipt upon the original instrument and this date shall be the date of filing;

(c) the Registrar of Companies shall compare the signed and acknowledged duplicate with the original signed and acknowledged instrument, and if the text of both instruments is identical, the Registrar of Companies shall affix on the duplicate the same endorsement of filing as he affixed on the original and the original, as endorsed, shall be returned to the limited liability company;

(d) the endorsement by the Registrar of Companies under paragraph *(c)* constitutes the certificate of the Registrar of Companies, that the document is a true duplicate of the instrument filed in his office and that it was filed as of the date stated in the endorsement;

(e) an instrument filed in accordance with paragraph *(b)* shall be effective as of the filing date stated thereon; and

(f) upon the filing of any instrument, the Registrar of Companies shall issue an Endorsement Certificate under his hand and seal certifying that the instrument is filed.

(9) An instrument relating to a domestic or foreign limited liability company and filed with the Registrar of Companies under this Ordinance may be corrected with respect to—

(a) any error apparent on the face; or

(b) a defect in the execution of that instrument,

by filing with the Registrar of Companies a Certificate of Correction, executed and acknowledged in the manner required for the original instrument.

(10) The Certificate of Correction shall specify the error or defect to be corrected and shall set forth the portion of the instrument in correct form.

(11) The correcting instrument when filed shall be effective as of the date the original instrument was filed, except as to those persons who are substantially and adversely affected by the correction and as to those persons, the instrument as corrected shall be effective from the filing date.

### Certificates and certified copies as evidence

5.      All certificates issued by the Registrar of Companies in accordance with the provisions of this Ordinance and all duplicates of instruments filed with the Registrar of Companies in accordance with the provisions of this Ordinance shall, when certified by the Registrar of Companies or his Deputy, be taken and received in all courts, public offices and official bodies as *prima facie* evidence of the facts therein stated and of the execution of such instruments.

### Fees on filing Articles of Organisation and other instruments

6.      (1) The Minister shall prescribe a Schedule of Fees for the filing and issuance of instruments under this Ordinance and the fees payable in respect of this Ordinance shall be paid in dollars or in another currency as prescribed by the Minister.

(2) The Minister shall prescribe the fees for certified copies of documents and for filing, recording or indexing papers.

### Annual registration fee

7.    A limited liability company shall pay to the Office of the Registrar of Companies an annual fee as prescribed in the Schedule of Fees required to be prescribed by the Minister under section 6 and that annual fee shall be paid on behalf of the limited liability company by its registered agent.

### Waiver of notice

8.    Where a notice is required to be given to any member or manager of a limited liability company or to any other person under the provisions of this Ordinance or under the provisions of the Articles of Organisation or the operating agreement of the limited liability company, a waiver thereof in writing, signed by the person or persons entitled to such notice whether before or after the time stated therein, shall be deemed to be equivalent to the giving of such notice.

### Notice to members

9.    (1) Any notice or information required to be given to members shall be provided in the manner designated in the limited liability company's operating agreement or Articles of Organisation or, if the notice can no longer be provided as stated therein, the notice shall be published in a publication of general circulation in Nevis or in a place where the limited liability company has a place of business.

(2) Any notice requiring a member to take action in order to secure a right or privilege shall be published or given in time to allow a reasonable opportunity for such action to be taken.

## PART II

### COMPANY PURPOSES AND POWERS

### Company purposes and duration

10.    (1) A limited liability company may be formed under this Ordinance for any lawful business purpose, including, without limitation, the rendering of professional services by or through its members, managers, officers or agents, subject to any licencing or registration requirements applicable in any jurisdiction in which the services are rendered or in which such persons are licensed or registered.

(2) A limited liability company formed under this Ordinance shall have an unlimited duration, or such limited duration, if any, as shall be stated in its Articles of Organisation or operating agreement.

### General powers

11.    Subject to any limitations provided in—

(a) this Ordinance;

(b) any other Ordinance of Nevis;

(c) any act of Saint Christopher and Nevis;

    (d)  its Articles of Organisation; or

    (e)  operating agreement,

a limited liability company shall have the same powers as a natural person to do all things necessary or convenient in furtherance of its purposes, irrespective of company benefit and whether or not enumerated in its Articles of Organisation or its operating agreement.

## PART III

### REGISTERED AGENT AND SERVICE OF PROCESS

**Registered agent**

**12.**    (1) A limited liability company which is subject to this Ordinance shall at all times have a registered agent in Nevis. A company which fails to maintain a registered agent shall be in contravention of this Ordinance.

    (2) A registered agent shall at all times be licensed by the Nevis Island Administration and shall maintain a physical place of business in Nevis which shall be the address of the limited liability company's registered office.

    (3) The Minister shall prescribe the application process and fees for the licencing of registered agents under this Ordinance.

    (4) No person shall be or agree to be the registered agent of a limited liability company unless that person holds a valid licence to provide registered agent services issued by the Nevis Island Administration under this Ordinance.

**Resignation and change of registered agent**

**13.**    (1) A registered agent of a limited liability company may resign as such registered agent by giving not less than thirty (30) days written notice to the limited liability company of his intention to resign as registered agent of that limited liability company on the date specified in the notice.

    (2) A notice given to a limited liability company by a registered agent under subsection (1) shall—

        (a)  state that it is a requirement under this Ordinance that the limited liability company have a registered agent in Nevis duly licensed by the Nevis Island Administration;

        (b)  direct the limited liability company to the list of authorised registered agents as published from time to time; and

        (c)  notify the limited liability company of all penalties applicable under the Ordinance for failure to maintain a registered agent in accordance with section 12.

    (3) Any resignation pursuant to subsection (1) shall not become effective until written notice of such resignation, together with the prescribed fee is delivered to the Registrar of Companies.

    (4) The written notice of resignation filed by the registered agent with the Registrar of Companies under subsection (3) shall contain a statement that—

(a) written notice of resignation was given to the affected limited liability company at least thirty (30) days prior to filing the notice with the Registrar of Companies, by mailing or delivering such notice to the limited liability company at its address last known or by email to the limited liability company's last known email address and shall set forth the date of such notice; and

(b) all fees and charges owing to the said registered agent have been paid in full by the limited liability company.

(5) The Registrar of Companies shall not accept any resignation from a registered agent under subsection (4) unless the notice filed by the registered agent complies with the provisions of that subsection.

(6) After receipt of the notice of resignation of its registered agent, a limited liability company shall obtain and designate a new registered agent to take the place of the registered agent so resigning. A limited liability company who fails to obtain and designate a new registered agent as aforesaid prior to the expiration of a period of thirty (30) days after the filing by the registered agent of the notice of resignation, contravenes this Ordinance and is liable to a penalty fee of One Thousand Three Hundred and Fifty Dollars ($1,350.00) or Five Hundred Dollars United States Currency (USD$500.00).

(7) A registered agent of a limited liability company may resign and appoint a successor registered agent by paying the prescribed fee and filing a notice of change of registered agent with the Registrar of Companies.

(8) A notice of change of registered agent under subsection (7) shall state that the registered agent resigns and the name and physical place of business of the successor registered agent, and shall have attached—

(a) a statement that the limited liability company has ratified and approved such change of registered agent; and

(b) written consent to act by the successor registered agent.

(9) Upon filing a notice of change of registered agent and provided it satisfies the requirements of subsections (7) and (8), the successor registered agent shall become the registered agent of the limited liability company and the successor registered agent's address, as stated in the notice of change of registered agent shall become the address of the registered office of the limited liability company in Nevis.

(10) The Registrar of Companies may issue a certificate under this section certifying the resignation or change of registered agent of a limited liability company.

(11) The filing of any notice under sections 13 and 14 shall be deemed to be an amendment to the Articles of Organisation of the limited liability company affected thereby but a limited liability company affected by the change shall not be required to take any further action to amend its Articles of Organisation.

## Registered agent resigned by limited liability company

14. (1) A limited liability company may resign its registered agent by giving not less than thirty (30) days written notice to the registered agent of its intention to revoke the designation as registered agent, provided that a successor registered agent is appointed.

(2) A resignation under subsection (1) shall not be effective until notice of such resignation and appointment of a successor registered agent, is filed with the

Registrar of Companies by the successor registered agent, together with the prescribed fees and shall have attached—

   (a) a statement that the limited liability company has given written notice of resignation to the affected registered agent at least thirty (30) days prior to filing the notice with the Registrar of Companies, by mailing or delivering such notice to the registered agent at its address last known or by email to the registered agent's last known email address and shall set forth the date of such notice; and

   (b) a statement by the resigned registered agent that all fees and charges owing to the said registered agent have been paid in full by the limited liability company.

   (3) The Registrar of Companies shall not accept any resignation from a limited liability company by its successor registered agent under subsection (2) unless the notice filed by the successor registered agent complies with the requirements of this section.

## Change of registered office of limited liability company

**15.**   (1) Where a registered agent changes its physical place of business which is also the registered office address of the limited liability company then that registered agent shall notify the limited liability company in writing of its new address at which such registered agent will maintain the registered office of the limited liability company.

   (2) The registered agent shall file a notice of change of address together with the prescribed fees, with the Registrar of Companies, setting forth the address at which such registered agent has maintained the registered office of the limited liability company and further certifying the new address to which such registered office will be changed on a given day.

   (3) A copy of the notice as filed with the Registrar of Companies shall be delivered to the limited liability company by the registered agent.

   (4) The filing of a notice of change of registered address under this section shall be deemed to be an amendment to the Articles of Organisation of the limited liability company but the limited liability company affected by the change shall not be required to take any further action to amend its Articles of Organisation.

## Service of process

**16.**   (1) The address for service of process of any documents to be served on a limited liability company in a legal action shall be the registered office of the limited liability company and shall be delivered to the registered agent of the limited liability company.

   (2) Service of process on a registered agent may be made by personal delivery or by registered mail addressed to the registered agent or in any other manner provided by law for the service of summons as if the registered agent were a defendant.

   (3) A registered agent, when served with process, notice or demand for the limited liability company which he represents, shall transmit the same to the limited liability company by personal notification or in the following manner: Upon receipt of the process, notice or demand, the registered agent shall cause a copy of such paper to be mailed to the limited liability company named therein at its last known address. Such mailing shall be by registered mail. As soon thereafter as possible, if

process was issued in Nevis, the registered agent may file with the clerk of the court issuing the process, either the receipt of such registered mailing or an affidavit stating that such mailing has been made, signed by the registered agent. Compliance with the provisions of this section shall relieve the registered agent from any further obligation to the limited liability company for service of the process, notice or demand, but the registered agent's failure to comply with the provisions of this section shall in no way affect the validity of the service of the process, notice or demand.

(4) Where a limited liability company which is registered under this Ordinance fails to maintain a registered agent, or whenever said registered agent cannot with reasonable diligence be found at their physical place of business, then the Registrar of Companies or his appointee shall be the agent of such limited liability company upon whom any process or notice or demand required or permitted by law to be served may be served.

(5) Service on the Registrar of Companies or his appointee as agent of a limited liability company shall be made by personally delivering to any person authorised by the Registrar of Companies to receive such service, at the office of the Registrar of Companies, duplicate copies of such process together with the prescribed fee.

(6) The Registrar of Companies or his appointee shall promptly send one (1) of such copies by registered mail, return receipt requested, to such limited liability company at the business address of its registered agent, or if there is no such office, then the Registrar of Companies or his appointee shall mail such copy in care of any manager named in the Articles of Organisation at his address stated therein or at the address of the limited liability company without Nevis, or if none, at the last known address of a person at whose request the limited liability company was formed or in any other manner permitted by law.

(7) The Registrar of Companies shall keep a record of each process served upon him under this section, including the date of service.

(8) The Registrar of Companies shall, upon request made within five (5) years of such service, issue a certificate under his seal certifying as to the receipt of the process by an authorised person, the date and place of such service, and the receipt of the prescribed fee.

(9) Nothing contained in this section shall affect the validity of service of process on a limited liability company effected in any other manner permitted by law.

PART IV

FORMATION AND NAMES OF LIMITED LIABILITY COMPANIES

**Formation**

**17.**   (1) Any person may form a limited liability company under this Ordinance.

(2) Articles of Organisation shall be executed by each organiser forming the limited liability company and shall be filed with the Registrar of Companies in conformity with the provisions of section 4.

## Company name

**18.**    (1) Except as otherwise provided in subsection (2), the name of a limited liability company shall—

(a) end with the company suffix *"limited liability company"* or *"limited company"* or the abbreviations *"LLC", "L.L.C.", "LC" or "L.C."* and

(b) not be the same as the name of a limited liability company or of any other company of any type or kind, as such name appears on the register of companies or on the reserved name list of companies maintained by the Registrar of Companies or a name so similar to any such name as to tend to confuse or deceive.

(2) The provisions of subsection (1) shall not prevent a limited liability company—

(a) with which another limited liability company, either domestic or foreign, is merged; or

(b) which is formed by the reorganisation or consolidation of one (1) or more domestic or foreign limited liability companies; or

(c) upon a sale, lease or other disposition to or exchange with, a domestic limited liability company of all or substantially all the assets of another domestic limited liability company, including its name,

from having the same name as any of such limited liability companies if at the time such other limited liability company was existing under this Ordinance.

## Non-Latin alphabet characters

**19.**    (1) The name of the limited liability company on the Articles of Organisation may be written in characters using the Latin alphabet or any other alphabet.

(2) If the name of the limited liability company is not written in the Latin alphabet, the name on the Articles of Organisation must also include an authenticated translation and the registered agent shall forward the limited liability company's name and its authenticated translation to the Registrar of Companies via any mechanical, electronic or digital communication and data storage method now known or hereinafter invented or adopted.

(3) When a limited liability company has been formed under this Ordinance and the name on its Articles of Organisation is written in non-Latin alphabet characters, the Registrar of Companies shall issue a Certificate of Formation and any other certificates using the limited liability company's non-Latin alphabet character name and its authenticated translation.

## Register of companies

**20.**    The Registrar of Companies shall maintain a register of companies which contains an alphabetical and/or numerical list of all of the names of the limited liability companies registered under this Ordinance and a list of reserved names of limited liability companies.

## Reservation of name

**21.**    (1) A registered agent may reserve a name with the Registrar of Companies provided said reservation is made in accordance with this section and is made in good faith for subsequent use in formation of a limited liability company under this

Ordinance or for use in changing the name of a limited liability company already subject to this Ordinance.

(2) A name may be reserved on behalf of a foreign limited liability company which has filed for a transfer of domicile to Nevis.

(3) An application to reserve a name shall be delivered to the Registrar of Companies together with the prescribed fee and that application shall set forth—

    (a) the name to be reserved;

    (b) the name and address of the applicant; and

    (c) a statement of the reasons for the application in accordance with subsections (1) and (2) above.

(4) If the name to be reserved is available for use, then the Registrar of Companies shall enter the name upon the reserved name list and issue a Certificate of Name Reservation in the name to be reserved, to the registered agent making the application and the Certificate of Name Reservation shall set forth—

    (a) the information contained in the application thereof; and

    (b) the date the name was entered upon the reserved name list, which date shall be the date of reservation.

(5) As of the date of the name reservation, the name reserved shall be maintained upon the reserved name list by the Registrar of Companies and shall not be used except by the registered agent, in whose name the Certificate of Name Reservation has been issued.

(6) The reservation shall terminate upon the expiration of one hundred twenty (120) days following the date of reservation unless sooner renewed.

(7) Upon payment of the required fees, the reservation may be renewed with the Registrar of Companies for one like period. An appropriate receipt for the required fees shall be taken along with the Certificate of Name Reservation to be proof of the extension of the reservation.

(8) The Certificate of Name Reservation or any renewal thereof shall be evidenced to the Registrar of Companies at the time the name is utilised by the registered agent in whose name the certificate has been issued.

**Contents of Articles of Organisation**

22.    The Articles of Organisation shall set forth—

    (a) the name of the limited liability company;

    (b) the authenticated translation of the name of the limited liability company, if it is so registered;

    (c) a statement that the limited liability company is formed under this Ordinance;

    (d) the latest date on which the limited liability company is to dissolve, or if the limited liability company shall have unlimited duration;

    (e) the name of the registered agent of the limited liability company;

    (f) the address of the registered office of the limited liability company in Nevis which shall be the physical place of business of its registered agent;

(g) whether the limited liability company is managed by managers exclusive of the members or by all of the members in their capacity as members;

(h) the purposes for which the limited liability company is formed and it shall be sufficient to state, either alone or with other businesses or purposes, that the purpose of the limited liability company is to engage in any lawful act or activity for which limited liability company may be formed under this Ordinance, and by such statement all lawful acts and activities shall be within the purposes of the limited liability company, except for express limitations, if any;

(i) the name and address of each organiser of the limited liability company; and

(j) any provision, which is not inconsistent with the Ordinance, which the organisers elect to set forth in the Articles of Organisation for the regulation of the affairs of the limited liability company, and any provision which under this Ordinance is required or permitted to be set forth in the operating agreement.

## Effect of filing Articles of Organisation

**23.**   (1) The limited liability company's existence shall, upon filing the Articles of Organisation, be effective as of the filing date stated thereon.

(2) The endorsement by the Registrar of Companies, as required by section 4, shall be conclusive evidence that all conditions precedent required to be performed by the organisers have been complied with and that the limited liability company has been formed under this Ordinance.

(3) When a limited liability company has been formed under this Ordinance, the Registrar of Companies shall issue a Certificate of Formation under his endorsement certifying that the limited liability company is duly formed and an Endorsement Certificate certifying that the limited liability company has filed Articles of Organisation.

## Inspection of register of companies

**24.**   (1) A person who has paid the prescribed fee is entitled during normal business hours, to examine, and to make copies of or extracts from all documents filed with the Registrar of Companies.

(2) The Registrar of Companies shall upon request and payment of the prescribed fee, furnish any person with a copy or certified copy of any document received by the Registrar of Companies under this Ordinance.

(3) If the records maintained by the Registrar of Companies are prepared and maintained other than in written form, then upon payment of the prescribed fee, the Registrar of Companies shall furnish any copy required to be furnished under this Ordinance in an intelligible written form.

## Company Search Report

**25.**   (1) The Registrar of Companies shall, upon request of any person who has paid the prescribed fee, issue a Company Search Report under his endorsement giving public information available on the records of a limited liability company in any format as determined by the Registrar of Companies.

(2) A Company Search Report issued by the Registrar of Companies or his deputy is admissible in evidence to the same extent as the original written records or instruments would be.

## Certificate of Good Standing

**26.**    (1) The Registrar of Companies shall, upon request by the registered agent, issue a Certificate of Good Standing under his endorsement certifying that a limited liability company is in good standing if he is satisfied that—

(a) the name of the limited liability company is on the register of companies;

(b) the limited liability company has paid all fees required under this Ordinance;

(c) the limited liability company is not in contravention of any of the provisions of this Ordinance; and

(d) the limited liability company is not in the process of being wound up and dissolved.

(2) The Certificate of Good Standing issued by the Registrar of Companies under this section is limited to the company's current state of compliance under this Ordinance and should not be taken as a warranty or representation by the Registrar of Companies concerning the company's compliance with other laws of Nevis which the Registrar does not administer.

## Operating agreement

**27.**    (1) The members of a limited liability company may enter into an operating agreement which may contain any provision relating to—

(a) the business of the limited liability company;

(b) the conduct of its affairs;

(c) its rights or powers, and the rights of, and its relationship to and among, its members and managers,

not inconsistent with this Ordinance, any other Ordinance of Nevis, any act of Saint Christopher and Nevis or the Articles of Organisation.

(2) An operating agreement shall be agreed to by all members before it becomes effective and the operating agreement shall not require the consent of any future member to remain effective.

(3) Unless the Articles of Organisation require otherwise, an operating agreement need not be in writing.

(4) If the operating agreement does not provide for the method by which it may be amended, then all of the members must agree to any amendment.

(5) A court may enforce an operating agreement by injunction or by granting such other relief that the court in its discretion determines to be fair and appropriate in the circumstances.

(6) The operating agreement may be filed as an exhibit to the Articles of Organisation.

## PART V

### AMENDMENT OF ARTICLES OF ORGANISATION

**Amendment of Articles of Organisation**

**28.**    (1) A limited liability company may amend its Articles of Organisation at any time to add or change a provision that is required or permitted in the Articles of Organisation or to delete a provision not required in the Articles of Organisation.

(2) Except as set forth in subsection (3), an amendment of the Articles of Organisation shall be subject to the consent of the members entitled to vote thereon.

(3) Any one or more of the following amendments may be approved by the managers without the consent of the members—

(a) to specify or change the location of the registered office of the limited liability company; and

(b) to make, revoke or change the designation of a registered agent, or to specify or change the address of its registered agent.

(4) The Articles of Amendment shall be executed for the limited liability company, acknowledged and filed with the Registrar of Companies in accordance with the provisions of section 4, and shall set forth—

(a) the name of the limited liability company, and if it has been changed, the name under which it was formed;

(b) the authenticated translation of the name of the limited liability company, if any;

(c) the date its Articles of Organisation were filed with the Registrar of Companies and the date of filing of any amendments to the Articles of Organisation;

(d) each section affected by the Articles of Amendment; and

(e) the manner in which the amendment of the Articles of Organisation was authorised.

**Status of legal action**

**29.**    (1) No amendment to the Articles of Organisation of a limited liability company shall affect any existing cause of action in favour of or against that limited liability company, or any pending legal action to which it shall be a party, or the existing rights of persons other than members.

(2) Where the name of a limited liability company has been changed, no legal action brought by or against the limited liability company under its former name shall abate for that reason.

**Restated Articles of Organisation**

**30.**    (1) At any time after its Articles of Organisation have been amended, a limited liability company may, by action of its managers, without necessity of vote of the members, prepare an instrument entitled "Restated Articles of Organisation", which will integrate into one (1) instrument, its original Articles of Organisation (or articles of consolidation) and all amendments thereto, including those effected by articles of merger.

(2) The restated Articles of Organisation shall also set forth that this instrument purports merely to restate but not to change the provisions of the original Articles of Organisation as amended and that there is no discrepancy between the said provisions and the provisions of the restated Articles of Organisation.

(3) The restated Articles of Organisation shall be executed, acknowledged and filed as provided in section 4.

(4) The restated Articles of Organisation filed with the Registrar of Companies in the manner provided in section 4 shall be presumed, until otherwise shown, to be the full and true Articles of Organisation as in effect on the date filed.

# PART VI

## COMPANY FINANCE

**Capital contributions**

**31.** The capital contribution of a member to a limited liability company may be in cash, property, services rendered, or a promissory note or other binding obligation to contribute cash or property or to perform services.

**Liability for capital contributions**

**32.** (1) A promise by a member to contribute to the limited liability company is not enforceable unless set forth in writing and signed by the member.

(2) Unless otherwise provided in the operating agreement, a member is obligated to the limited liability company to perform any enforceable promise to contribute cash or property or to perform services.

(3) Except as set forth in subsection (4), if a member for any reason fails to perform any enforceable promise to make the required contribution of property or services, the member is obligated, at the option of the limited liability company, to contribute cash equal to that portion of the value of the stated contribution that has not been made.

(4) If the member is unable to perform an enforceable promise to perform services because of death or disability, the member's estate or other successor is obligated to contribute cash equal to that portion of the value of the stated contribution that has not been made.

(5) An operating agreement may provide that the interest of a member who fails to make a contribution or other payment that the member is required to make shall be subject to specified remedies for, or specified consequences of, the failure in addition to, and not in lieu of, any other rights that the limited liability company may have against such member.

(6) A remedy or consequence specified under subsection (5) may take the form of—

    (a) reducing the defaulting member's interest in the limited liability company;

    (b) subordinating the defaulting member's interest in the limited liability company to the non-defaulting members;

(c) a forced sale of the interest in the limited liability company;

(d) forfeiture of the interest in the limited liability company;

(e) the lending by the non-defaulting members of the amount necessary to meet the commitment;

(f) a fixing of the value of the member's interest in the limited liability company by appraisal or by formula; or

(g) redemption and sale of the member's interest in the limited liability company at that value, or other remedy or consequence.

(7) Unless otherwise provided in the operating agreement, the obligation of a member to make a contribution may be compromised only with the unanimous consent of the members.

**Distributions**

**33.** (1) Except as otherwise provided in sections 58 and 79, distributions of cash or other assets of a limited liability company shall be shared among the members, and among classes or groups of members, in the manner and at the times or upon the occurrence of events provided in the operating agreement.

(2) If the operating agreement does not provide the manner in which distributions of cash or other assets of a limited liability company are to be shared, then distributions shall be made on the basis of the value of the contributions made by each member to the extent they have been received by the limited liability company and have not been returned.

(3) Unless otherwise provided in the operating agreement, a member, regardless of the nature of the member's contribution, has no right to demand and receive any distribution from the limited liability company in any form other than cash.

(4) When a member becomes entitled to receive a distribution, the member has the status of a creditor of the limited liability company with respect to the distribution.

PART VII

REGISTRATION OF CHARGES

**Creation of charges**

**34.** (1) Subject to its Articles of Organisation and operating agreement, a limited liability company may, by an instrument in writing create a charge.

(2) The governing law of a charge created by a limited liability company shall be the law of such jurisdiction that may be agreed between the limited liability company, the chargee and such parties to the charge, and the charge shall be binding on the limited liability company to the extent, and in accordance with, the requirements of the governing law.

(3) If the limited liability company and the chargee do not agree on a governing law of the charge, the governing law of the charge shall be the laws of Saint Christopher and Nevis.

## Charges of interest or property

**35.**    (1) A charge shall be in an instrument in writing signed by, or with the authority of the member or the limited liability company, to which the charge relates. Any variation to a charge shall be in writing.

(2) A charge shall clearly indicate—

(a) the intention to create a charge;

(b) the amount secured by the charge; and

(c) how the interest and fees on such amount is to be calculated.

(3) Where the governing law of a charge is not the laws of Saint Christopher and Nevis—

(a) the charge shall be in compliance with the requirements of its governing law in order for the charge to be valid, enforceable and binding against the limited liability company; and

(b) the remedies which are available pursuant to a charge shall be governed by the governing law save, the rights between the chargor or chargee as a member of the limited liability company shall continue to be governed by its Articles of Organisation, operating agreement and this Ordinance.

(4) Where the governing law of a charge is the law of Saint Christopher and Nevis, then in the event of default by the chargor on the terms of the charge, the chargee is immediately entitled to the following remedies—

(a) subject to any limitations to the contrary in the terms of the charge, the right to sell or transfer the interest or property; and

(b) the right to appoint a receiver who, subject to any limitations to the contrary in the terms of the charge, may until such time as the charge is discharged—

(i) vote the interest or property;

(ii) receive distributions in respect of the interest or property; and

(iii) exercise other rights and powers of the chargor in respect of the interest or property.

(5) The failure of the chargee to exercise or delay in exercising any of its respective rights and remedies under this section shall not operate as a waiver of such right or remedy.

(6) The rights and remedies provided for in this section do not exclude any other rights and remedies provided by law unless expressly prohibited.

(7) Subject to any language to the contrary in the terms of the chargees, all amounts that accrue from the enforcement of the charge shall be applied in the following manner—

(a) firstly, in meeting the costs incurred in enforcing the charge;

(b) secondly, in discharging the sums secured by the charge; and

(c) thirdly, in paying any balance due to the chargor.

## Registration of charges

**36.**    (1) Where a limited liability company creates a charge, an application to register the charge may be made to the Registrar of Companies by the registered agent of that limited liability company or by another registered agent with the consent of the limited liability company's registered agent.

(2) If a charge is not drafted in the English language, an authenticated translation of such charge shall also be filed with the application.

(3) An application under subsection (1) shall be filed together with the charge or a certified copy of the charge, along with the prescribed fee for registration of charge.

(4) Upon registration of the charge with the Registrar of Companies, and its authenticated translation, if applicable, the Registrar of Companies shall issue a Certificate of Registration of Charge which details the date and time that the charge was registered to the applicant and a copy of the Certificate of Registration of Charge shall be sent to the limited liability company by the applicant, if the applicant is not the registered agent of the limited liability company.

(5) A Certificate of Registration of Charge is conclusive proof that the requirements of registration have been complied with and the charge was registered on the date and time stated in that certificate.

(6) The date and time evidenced by the receipt of payment of the prescribed fee as delivered to the Registrar shall be deemed by the Registrar to be the date and time of registration for the purposes of this section.

## Registration of variation of a registered charge

**37.**    (1) Where there is a variation in the terms of a charge which has been registered under section 36, an application for the variation of the registered charge to be registered in the register of charges may be made to the Registrar of Companies by the registered agent of that limited liability company or by another registered agent with the consent of the limited liability company's registered agent.

(2) If a variation of registered charge is not drafted in the English language, an authenticated translation of such variation of registered charge shall also be filed with the application.

(3) An application under subsection (1) shall be filed together with the variation of the registered charge or a certified copy of the variation, along with the prescribed fee for variation of registered charge.

(4) Upon registration of the variation of registered charge with the Registrar of Companies, and its authenticated translation, if applicable, a Certificate of Variation of Registered Charge which details the date and time of registration of the variation of registered charge shall be issued to the applicant by the Registrar of Companies and a copy of the Certificate of Registration of Variation of Registered Charge shall be sent to the limited liability company by the applicant, if the applicant is not the registered agent of the limited liability company.

(5) A Certificate of Variation of Registered Charge is conclusive proof that the requirements of registration of the variation of registered charge have been complied with and the variation of registered charge was registered on the date and time stated in the certificate.

(6) The date and time evidenced by the receipt of payment of the prescribed fee as delivered to the Registrar shall be deemed by the Registrar to be the date and time of registration for the purposes of this section.

### Registration of satisfaction of a registered charge

**38.**   (1) Where a charge which was registered under section 36 ceases to affect the interest or property of a limited liability company, the limited liability company, the chargee or any person who is authorised to act on behalf of the limited liability company or chargee, may file with the Registrar of Companies, through the limited liability company's registered agent, a satisfaction of registered charge which is signed by or on behalf of the chargee and specifies that the limited liability company's interest or property has ceased to be affected by the charge.

(2) If a satisfaction of registered charge is not drafted in the English language, then an authenticated translation of such satisfaction of registered charge shall also be filed with the application.

(3) An application under subsection (1) shall be filed together with the satisfaction of registered charge or a certified copy of the satisfaction, along with the prescribed fee for filing satisfaction of registered charge.

(4) Upon registration of the satisfaction of registered charge, and an authenticated translation, if applicable, the Registrar of Companies shall issue a Certificate of Registration of Satisfaction of Registered Charge to the limited liability company's registered agent.

(5) The Certificate of Registration of Satisfaction of Registered Charge shall state the date and time that the limited liability company's interest or property has ceased to be affected by the charge.

(6) Effective as of the date and time stated in the Certificate of Registration of Satisfaction of Registered Charge, the charge is deemed to be no longer registered.

(7) A Certificate of Satisfaction of Registered Charge is conclusive proof that the requirements of the satisfaction of charge have been complied with and the charge was no longer registered as of the date and time stated in the certificate.

### Form of application and payment of fees

**39.**   An application made under this Part to register a charge, variation of registered charge or satisfaction of registered charge shall be submitted in a form approved by the Registrar of Companies and be accompanied by the relevant prescribed fee.

### Maintenance by limited liability company of a register of charges

**40.**   (1) A limited liability company shall keep a copy of the charge, variation or satisfaction of registered charge created by the limited liability company at its registered office.

(2) A limited liability company shall keep a register of all relevant charges created by the limited liability company outlining in respect of each charge—

(a) the date of creation of the charge, variation or satisfaction of registered charge as created by the limited liability company;

(b) the date on which the property was acquired by the limited liability company if the charge is one which relates to existing property acquired by the limited liability company;

    (c) a short description of the liability secured by the charge;

    (d) a short description of the property charged;

    (e) the name and address of the chargee; and

    (f) details of any prohibition or restriction, if any, contained in the instrument creating the charge on the power of the limited liability company to create any future charge ranking in priority to, or equally with the charge.

(3) The limited liability company shall maintain the register of charges in such form as the managers may approve and which easily allows the limited liability company to produce legible evidence of its contents.

(4) If either the charge, variation or satisfaction of registered charge, or Register of Charges is not kept at the limited liability company's registered office, then the limited liability company shall notify the Registrar of Companies of such place of business, where the charge, variation or satisfaction of registered charge or Register of Charges is kept.

(5) The copy of the charge, variation and satisfaction of registered charge may be maintained in any such data storage form now known or hereinafter invented or adopted, that the managers approve which easily allows the limited liability company to produce legible evidence of its terms.

(6) The Registrar of Companies shall be entitled, without charge, to inspect the limited liability company's register of charges subject to providing reasonable notice to the limited liability company of his intention to do so.

(7) The copy of the charge, variation and satisfaction of registered charge shall be maintained by the limited liability company for a period of five (5) years after a Certificate of Registration of Satisfaction of Registered Charge has been issued.

(8) A limited liability company that fails to maintain a register of charges in contravention of subsection (2) shall be liable to a fine of Five Thousand Dollars ($5,000.00) to be imposed by the Registrar of Companies under this Ordinance.

### Execution, acknowledgement and attestation

**41.** All charges, variation and satisfaction of registered charges for applications for registration with the Registrar of Companies shall be—

    (a) in a written instrument which shall be executed by the limited liability company, the chargor, the chargee or any person who is authorised to act on behalf of the limited liability company, chargor or chargee; and

    (b) acknowledged before a notary public or any person who is authorised to take acknowledgements according to the laws of the place of execution and the acknowledgement shall be attested to in accordance with section 4.

### Register of registered charges

**42.** (1) The Registrar of Companies shall maintain a register of charges of all charges, variations or satisfactions of registered charges which have been made pursuant to sections 36, 37 and 38.

(2) Upon the issuance by the Registrar of Companies of a certificate, all persons, whether resident or registered in Nevis or anywhere else in the world shall

be deemed to have notice of the existence and terms of charges, variations or satisfactions of registered charges.

## Priority of registered charges

**43.** (1) Any charge, variation of registered charge and satisfaction of registered charge of a limited liability company that is registered in accordance with sections 36, 37 and 38 have priority over any charge, variation of registered charge and any satisfaction of registered charge that is subsequently registered in accordance with sections 36, 37 and 38 respectively.

(2) A charge, variation of registered charge and satisfaction of registered charge shall have priority over a charge, variation of registered charge and satisfaction of registered charge that is not registered in accordance with sections 36, 37 and 38 respectively.

(3) Charges, variations of charges and satisfactions of charges which are not registered shall rank among themselves in the order in which they would have been ranked had this Ordinance not come into force.

(4) No charge, variation of charge or satisfaction of charge shall be received into evidence in any legal action before the High Court, unless such charge shall have been duly registered.

## Priority of earlier charges

**44.** (1) Earlier charges may be registered in accordance with section 36 and shall be prioritised in accordance with section 43.

(2) Earlier charges which were not registered in accordance with section 36 shall continue to be prioritised in the order in which they would have been prioritised had this Ordinance not come into force.

## Variation of order of priority of charges

**45.** (1) Notwithstanding sections 43 and 44, the order of priorities of charges is subject to—

(a) an express consent of the chargee that varies the priority of that charge in relation to one (1) or more other charges that it would, but for the consent, have had priority over; or

(b) any agreement between chargees that affects the priorities in relation to the charges held by the respective chargees.

(2) A registered floating charge is postponed to a subsequently registered fixed charge unless the floating charge contains a prohibition or restriction on the power of the limited liability company to create any future charge ranking in priority to or equally with the charge.

## Registration and Records Act

**46.** Nothing contained in the provisions of the Registration and Records Act, Cap. 23.25 shall preclude the collection of fees by the Registrar of Companies in relation to charges which are registered under this Ordinance.

## Conflict in translations

**47.** (1) The authenticated translation of a charge, variation of registered charge or satisfaction of registered charge shall be translated by a certified translator to be

chosen and agreed upon by the limited liability company, the chargee and all other parties to the charge, the variation of registered charge or satisfaction of registered charge.

(2) In the event of any conflict between—

(a) a non-English language charge and the authenticated translation of the charge; or

(b) a non-English language variation of registered charge and the authenticated translation of the variation of registered charge; or

(c) a non-English language satisfaction of registered charge and the authenticated translation of the satisfaction,

the authenticated translation of charge, variation of registered charge or satisfaction of registered charge shall prevail.

PART VIII

MANAGEMENT

## Management of the business of a limited liability company

**48.** (1) Unless otherwise provided in the Articles of Organisation or the operating agreement and subject to subsection (2), the management of the business and affairs of a limited liability company shall be vested in all of its members exclusively in their capacity as members.

(2) The Articles of Organisation or operating agreement may fully or partially vest management duties in one or more managers, who may, but need not, be members.

(3) Managers shall have the power to manage the business and affairs of the limited liability company to the extent so vested, exclusive of the members who are not managers.

(4) To the extent not vested in managers as provided in subsection (2), the members in their capacity as members shall retain the power to manage the business and affairs of the limited liability company as set forth in subsection (1).

(5) The management and control of the limited liability company shall vest in the managers and shall be presumed to be in Nevis if at least one (1) manager is resident or registered in Nevis, and meetings of the managers are regularly convened from Nevis, even though no manager may be present in person but only present by any method of instantaneous oral communication, now known or hereinafter invented or adopted.

(6) The management of a limited liability company may be organised in any manner and the managers may be designated by title, as deemed appropriate by the organisers of the limited liability company.

## Voting

**49.** (1) Unless otherwise provided in this Ordinance or the operating agreement, if the management of a limited liability company is vested in the members pursuant to section 48(1) or where any affirmative consent of the members is required in this