which will provide proof of delivery and receipt of such communication to the last known address of each person believed to be a creditor of or claimant against the limited liability company, whose name and address are known to or can with due diligence be ascertained by the limited liability company.

(4) The giving of notice shall not constitute a recognition that any person is a proper creditor or claimant, and shall not revive or make valid or operate as a recognition of the validity of, or a waiver of any defence or counterclaim in respect of any claim against the limited liability company, its assets, managers or members, which has been barred by any statute of limitation or which has become invalid by any cause, or in respect of which the limited liability company, its members or managers have any defence or counterclaim.

(5) Any claims which shall have been filed as provided in such notice and which shall be disputed by the limited liability company may be submitted for determination to the High Court.

(6) A person whose claim is, at the date of the first publication of the notice, barred by any statute of limitations is not a creditor or claimant entitled to any notice under this section.

(7) The claim of any such person and all other claims which are not timely filed as provided in the notice, except claims which are the subject of legal action on the date of the first publication of such notice, and all claims which are so filed but are disallowed by the High Court, shall be forever barred as against the limited liability company, its assets, members or managers, except to such extent, if any, as the High Court may allow them against any remaining assets of the limited liability company in the case of the creditor who shows satisfactory reason for his failure to file his claim as so provided.

(8) Notwithstanding this section, tax claims and other claims by the Nevis Island Administration shall not be required to be filed under this Ordinance, and such claims shall not be barred because not so filed, and distribution of the assets of the limited liability company, or any part thereof, may be deferred until determination of any such claims.

### Distribution of assets upon winding up

**79.**    Upon the winding up of a limited liability company, the assets shall be distributed as follows—

(a) payment, or adequate provision for payment, shall be made to creditors, including, to the extent permitted by law, members who are creditors in satisfaction of liabilities of the limited liability company;

(b) unless otherwise provided in the operating agreement, to members or former members in satisfaction of liabilities for distributions; and

(c) unless otherwise provided in the operating agreement, to members and former members first, for the return of their contributions and second, in proportion to the members' portion of distributions from the limited liability company prior to dissolution.

### Articles of Dissolution

**80.**    (1) Upon the dissolution of the limited liability company pursuant to section 74, the limited liability company shall file Articles of Dissolution with the Registrar of Companies in accordance with the provisions of section 4.

(2) The Articles of Dissolution shall be signed and delivered to the Registrar of Companies and shall set forth—

    (a) the name of the limited liability company;

    (b) the date its Articles of Organisation were filed with the Registrar of Companies and date of filing of amendments, if any;

    (c) that the limited liability company elects to dissolve and the reason for such dissolution; and

    (d) the manner in which dissolution was authorised.

## PART XIV

### CHANGE OF DOMICILE

**Transfer of domicile to Nevis**

**81.**    (1) A foreign limited liability company may, subject to and upon compliance with the further provisions of this Part, transfer its domicile into Nevis, and may perform the acts described in the provisions of this Part, provided that the laws of such foreign domicile do not expressly prohibit such transfer.

(2) The transfer of domicile of any foreign limited liability company to Nevis shall not be deemed to affect any obligations or liabilities of said foreign limited liability company incurred prior to such transfer.

(3) Nothing in this Ordinance shall be regarded as permitting a foreign limited liability company which transfers its domicile to Nevis to transfer business operations to Nevis.

**Application to Transfer Domicile to Nevis**

**82.**    A foreign limited liability company may apply for permission to transfer its domicile to Nevis by filing with the Registrar of Companies an Application to Transfer Domicile to Nevis which shall be filed in accordance with section 4.

**Contents of Application to Transfer Domicile to Nevis**

**83.**    An Application to Transfer Domicile to Nevis by a foreign limited liability company shall contain—

    (a) the date on which, and the jurisdiction where, the foreign limited liability company was formed, organised, created or otherwise came into existence;

    (b) the name of the foreign limited liability company and the authenticated translation of its name, if any;

    (c) the name of the foreign jurisdiction that constitutes the domicile;

    (d) a declaration that the transfer of domicile has been approved by all necessary corporate action;

    (e) a declaration that the transfer of domicile is made in good faith and will not serve to hinder, delay or defraud existing members, creditors, claimants or other parties in interest;

(f) a declaration that the limited liability company at the time of application to transfer domicile to Nevis is not in breach of any duty or obligation imposed upon it by the laws of its current jurisdiction;

(g) the name of the limited liability company's registered agent in Nevis;

(h) the address of the limited liability company's registered office in Nevis which will be the registered office of the registered agent;

(i) any other pertinent information required to be set forth in Articles of Organisation under section 22; and

(j) any amendments of its Articles of Organisation or their equivalent, that are to be effective upon filing the application to transfer domicile to Nevis.

## Instruments to be submitted with application

**84.**     An application by a foreign limited liability company under section 82 shall be submitted to the Registrar of Companies together with—

(a) a Certificate of Good Standing or its equivalent, duly issued by an authorised officer of the foreign domicile and such certificate to be issued no earlier than sixty (60) days prior to its submission to the Registrar of Companies;

(b) a certified copy of the charter of the foreign limited liability company, with amendments, if any, and if said instruments are not in the English language, the authenticated translation of such instruments duly certified;

(c) a certified copy of the Certificate of Formation or its equivalent, issued by an authorised officer of the foreign domicile;

(d) a certified copy of a Certificate of Continuation or its equivalent, issued by an authorised officer of the foreign domicile, if any; and

(e) a certified copy of the certificate issued to the limited liability company, or an irrevocable undertaking that application has been made to discontinue the limited liability company on the foreign register.

## Execution of Application to Transfer Domicile to Nevis

**85.**     The Application to Transfer Domicile shall be in the English language and notwithstanding the requirements of section 4, shall be signed by a manager of the limited liability company or any other officer performing functions equivalent to those of a manager, however named or described and who is authorised to sign such application to transfer domicile to Nevis on behalf of the limited liability company.

## Certificate of Transfer of Domicile to Nevis

**86.**     (1) Upon the filing of the Application to Transfer Domicile to Nevis and the documents referred to in sections 83 and 84, together with the prescribed fees, if the Registrar of Companies shall find that such instruments are in proper form and satisfy the requirements of this Part, and if the name of the company meets the requirements of sections 18 and 19, then the Registrar of Companies shall deliver to the limited liability company a Certificate of Transfer of Domicile to Nevis and the limited liability company shall become domiciled in Nevis and shall thereafter be subject to all the provisions of this Ordinance.

(2) Where a limited liability company is issued a Certificate of Transfer of Domicile to Nevis under subsection (1), that limited liability company shall be deemed to have commenced its existence on the date the limited liability company was first formed, organised, created or came into existence and shall have continued existence in Nevis thereafter.

(3) A limited liability company shall promptly adapt its Articles of Organisation, operating agreement, management and records to comply with this Ordinance.

### Applicable law

87.    The filing of an Application to Transfer Domicile to Nevis shall not affect the choice of law applicable to prior obligations and rights of the limited liability company, except that from the date the Application to Transfer Domicile to Nevis is filed, the laws of Nevis, including the provisions of this Ordinance, shall apply to the limited liability company to the same extent as if the limited liability company had been originally formed as a domestic limited liability company on that date and title to the limited liability company's assets shall also be governed by this Ordinance.

### Prior obligations and liabilities

88.    (1) A foreign limited liability company that has been redomiciled pursuant to this Part, is for all purposes the same entity that existed before the redomiciliation.

(2) When a redomiciliation takes effect then—

(a) all property owned by the redomiciled foreign limited liability company is vested in the limited liability company without further act or deed and if deeds or other instruments evidencing ownership or title must be filed in any foreign domicile, such instrument shall be filed only to give notice that the name and form of owner of such property has been changed, and not to evidence or record a change of owner or title holder;

(b) all debts, liabilities and other obligations of the redomiciled foreign limited liability company continue as obligations of the limited liability company;

(c) any legal action pending by or against the redomiciled foreign limited liability company may be continued as if the redomiciliation had not occurred, except that, if appropriate in the jurisdiction in which the legal action is pending, the caption of the legal action may be changed to reflect the redomiciliation;

(d) except as prohibited by other law, all the rights, privileges, immunities, powers and purposes of the redomiciled foreign limited liability company are vested in the limited liability company; and

(e) all of the members of the redomiciled foreign limited liability company continue as members of the limited liability company.

(3) The transfer of domicile of any foreign limited liability company to Nevis shall not be deemed to affect any obligations or liabilities of said foreign limited liability company incurred prior to such transfer.

### Departure and jurisdiction of courts after departure

**89.**     (1) A limited liability company formed or otherwise existing under or subject to this Ordinance may become domiciled in any foreign domicile upon compliance with this Ordinance and the laws of the foreign domicile into which the limited liability company seeks to become domiciled.

(2) The transfer of domicile of any limited liability company from Nevis shall not affect the jurisdiction of the High Court to hear and determine any legal action, by or against the limited liability company which was commenced before the limited liability company ceased to be domiciled in Nevis.

### Certificate of Departure

**90.**     (1) A limited liability company formed under this Ordinance shall submit for filing with the Registrar of Companies, a Certificate of Departure which shall be filed in accordance with the provisions of section 4.

(2) The Certificate of Departure shall set forth—

(a) the names and addresses of the limited liability company's creditors and the total amount of its indebtedness to such creditors, and the names and addresses of all persons or entities which have notified the limited liability company in writing of a claim in excess of one thousand dollars ($1,000) and the total amount of such claims;

(b) that the intended departure from Nevis and transfer of domicile to a foreign domicile is unlikely to be detrimental to the rights or property interests of any creditor of or claimant against the limited liability company;

(c) that the limited liability company at the time of application to the foreign domicile is not in breach of any duty or obligation imposed upon it by this Ordinance or any other law of Nevis;

(d) that the transfer of domicile to the foreign domicile is made in good faith and will not serve to hinder, delay or defraud existing members or other parties in interest; and

(e) a consent and agreement by the limited liability company that it may be served with process in Nevis in any legal action arising out of actions or omissions occurring prior to its departure from Nevis, which agreement shall include the appointment of the Registrar of Companies as the agent of the limited liability company to accept such service of process and shall set forth an address to which a copy of such process shall be forwarded via registered mail.

(3) Upon the filing of a Certificate of Departure together with the prescribed fee, if the Registrar of Companies shall find the instrument to be in proper form, then the Registrar of Companies shall issue an Endorsement Certificate under his hand and seal certifying that the limited liability company has filed a Certificate of Departure out of Nevis.

### Effective date of departure

**91.**     (1) Upon payment of all fees outstanding in Nevis and upon proper compliance with this Ordinance and applicable laws for transfer of domicile to the foreign domicile, the departing limited liability company shall notify the Registrar of Companies as to the effective date of the transfer of domicile outside of Nevis by

filing with the Registrar of Companies an instrument or copy thereof, duly issued by the relevant authority permitting or agreeing to the change of domicile.

(2) As of the effective date of a transfer by a limited liability company under subsection (1) to the foreign domicile, that limited liability company shall be deemed to have ceased to be a limited liability company domiciled in Nevis and the Certificate of Departure shall take effect as at that date.

(3) The departure of a limited liability company from Nevis is not valid until the provisions of this section have been fully complied with.

(4) If a limited liability company fails to make the required filing under subsection (1) within thirty (30) days of the filing of the Certificate of Departure, the process of transfer to the foreign domicile shall be deemed to have been so cancelled by the limited liability company.

(5) Where a Certificate of Departure has been cancelled under subsection (4), and a limited liability company wishes to transfer its domicile, the Certificate of Departure shall be reissued and filed with the Registrar of Companies in accordance with the provisions of sections 89 to 91.

PART XV

EMERGENCY TRANSFER OF DOMICILE INTO NEVIS

**Application for emergency transfer of domicile**

92.   (1) During the existence of an emergency condition in a foreign domicile, any foreign limited liability company may, subject to and upon compliance with the further provisions of this Part, apply for an emergency transfer of its domicile to Nevis.

(2) A foreign limited liability company may apply for emergency transfer of domicile to Nevis by filing with the Registrar of Companies—

(a) instruments and certificates similar in respect to those required by sections 83 and 84, except that such instruments shall refer to an emergency transfer of domicile pursuant to this Part; and

(b) a certificate of a manager, officer or agent of the foreign limited liability company specifying the emergency condition which exists in the foreign domicile.

(3) The Registrar of Companies, in his discretion, may waive any of the above requirements upon request by such foreign limited liability company supported by facts (including without limitation, the existence of an emergency condition) justifying such waiver.

(4) If emergency conditions have affected ordinary means of communication, any of the documents or certificates hereby required may be submitted in writing by any mechanical, electronic or digital form of communication now known or hereinafter invented or adopted so long as the duly executed original documents and supporting documentation are received by the Registrar of Companies within thirty (30) days thereafter or as soon as the emergency conditions cease to exist.

(5) If the Registrar of Companies finds the required documents and certificates to be in proper form and upon payment of the prescribed fee, the Registrar of

Companies shall certify that the foreign limited liability company has filed all documents and paid all fees required by this Part, and shall deliver to the foreign limited liability company a Certificate of Emergency Transfer of Domicile, and such certificate of the Registrar of Companies shall be *prima facie* evidence of the transfer by such foreign limited liability company of its domicile into Nevis.

### Governing law after emergency transfer of domicile

**93.**    (1) Except to the extent expressly prohibited by this Ordinance or the laws of Nevis, after a foreign limited liability company transfers its domicile to Nevis pursuant to this Part, the limited liability company shall have all of the powers which it had immediately prior to such transfer under the laws of the foreign domicile and the managers of the limited liability company and their successors may manage the business and affairs of the limited liability company, in accordance with the provisions of this Ordinance.

(2) The emergency transfer by any foreign limited liability company from its foreign domicile into Nevis pursuant to this Part shall not be deemed to affect any obligations or liabilities of such foreign limited liability company incurred prior to such transfer.

### Service of process after emergency transfer of domicile

**94.**    All process issued out of the High Court, all orders made by the High Court, and all rules and notices of any kind required to be served on any foreign limited liability company which has transferred its domicile into Nevis pursuant to this Part may be served on the limited liability company pursuant to section 16 in the same manner as if such foreign limited liability company were a domestic limited liability company.

### Return to foreign domicile

**95.**    (1) Any foreign limited liability company which has transferred its domicile into Nevis pursuant to this Part may return to the foreign domicile by filing with the Registrar of Companies a Certificate of Departure pursuant to sections 90 and 91.

(2) Such application shall be accompanied by a certified resolution of the managers of the limited liability company authorising the return to the foreign domicile.

*PART XVI

CORPORATE TAX

### Corporate taxation

**96.**    (1) A limited liability company subject to this Ordinance which does notcarry on business in Saint Christopher and Nevis, shall not be subject to any corporate tax, income tax, withholding tax, stamp tax, asset tax, exchange controls, or other fees or taxes based upon or measured by assets or income originating outside of Saint Christopher and Nevis or in connection with other activities outside of Saint

---

* Part XVI repealed and replaced by Ordinance 7 of 2018

Christopher and Nevis or in connection with matters of corporate administration which may occur in Saint Christopher and Nevis.

(2) Any profits on member's interest paid by a limited liability company which does not carry on business in Saint Christopher and Nevis to its members, shall be exempt from any tax or withholding provisions of the laws of Nevis which would otherwise be applicable to such limited liability company or the recipient of the profits.

(3) No limited liability company shall be considered to be carrying on business in Nevis solely because it engages in one (1) or more of the following activities—

    (a) maintaining bank accounts in Nevis;

    (b) holding meetings of managers or members in Nevis;

    (c) maintaining company or financial books and records in Nevis;

    (d) maintaining an administrative office in Nevis with respect to assets, business or activities done outside of Nevis;

    (e) maintaining a registered agent in Nevis;

    (f) investing in shares of a Nevis company, international business corporations or investing in the interest of Nevis limited liability companies, acting as a partner of a partnership registered under the Partnership Act or the Limited Partnership Act, or as a beneficiary of an international trust or qualified foreign trust; or

    (g) acquires real property in a local, industrial or tourist facility provided always that such property shall be situated in a project or development approved and authorised by the Nevis Island Administration.

(4) Any limited liability company that wishes to carry on business pursuant to subsection (1), shall only do so if it is formed in Nevis on or before the 31st of December, 2018.

(5) Notwithstanding the provisions of subsections (1), (2), (3) and (4) the tax exemptions granted to all companies shall cease to take effect on the earlier of—

    (a) 30th June, 2021; and

    (b) if applicable, the date the company acquires, holds, owns or deals with any new assets or engages in any new business activity that would give rise to assessable income in the absence of the exemption.

*(Substituted by Ordinance 7 of 2018 and amended by Ordinance 7 of 2019)*

## *PART XVII

### MISCELLANEOUS PROVISIONS

**Advisory Committee**

**97.**    (1) The Minister may establish the Nevis Limited Liability Company Ordinance Advisory Committee which shall function as an advisory body for matters

---

* Sections 97 through to 103 repealed by Ordinance 7 of 2018 and section 104 renumbered as section 97 and subsequent sections renumbered accordingly

affecting this Ordinance and such body so established, shall consist of members appointed by the Minister.

(2) In establishing the Advisory Committee under subsection (1), the Minister shall have regard to the desirability of having members who possess the requisite expertise and knowledge of the Ordinance, the law of companies and knowledge of the financial services industry.

### Functions of the Advisory Committee

**98.**    (1) The Advisory Committee shall—

(a) advise the Minister on any matter that the Advisory Committee believes that the Minister should be aware of, on an annual basis by the 30th day of September of each year or on such more frequent occasions as may be necessary;

(b) provide recommendations regarding possible amendments to this Ordinance; and

(c) advise the Minister on any matter that relates to the Ordinance which is referred to it by the Minister.

(2) The Minister may defray or contribute towards the expenses of the Advisory Committee established under this section.

### Secretary to Advisory Committee

**99.**    (1) There shall be a Secretary to the Advisory Committee who shall be a public servant appointed by the Permanent Secretary.

(2) The duties of the Secretary shall be—

(a) to attend meetings of the Committee;

(b) to record the minutes of each meeting in a proper form; and

(c) generally to perform duties connected with the work of the Committee and as directed by the Committee.

### Appointment of Deputy Registrar

**100.**    (1) The Minister may appoint a person or persons to be Deputy Registrar of Companies.

(2) The Deputy Registrar of Companies shall assist the Registrar of Companies in the performance of his duties under this Ordinance.

### Regulations

**101.**    The Minister may make regulations for the purpose of carrying out and effectively administering the provisions of this Ordinance and for prescribing anything that needs to be prescribed.

### Penalty for default

**102.**    Any person, natural or corporate, found in default of one (1) or more provisions of this Ordinance for which no specific penalty is applicable, shall be liable to a fine not to exceed Ten Thousand dollars ($10,000) dollars.

**Immunity from suit**

**103.**    (1) No personal liability, action or other proceeding shall attach to or lie against the Registrar of Companies, Deputy Registrar or any other officer authorised to administer this Ordinance in respect of any act done or omitted to be done in good faith in the exercise or purported exercise of his functions under this Ordinance.

(2) No action shall lie against the Nevis Island Administration, the Registrar, Deputy Registrar or any other authorised officer for any sums of money, damages or legal costs in respect of any act or failure to act or in respect of any act or thing done in good faith for the purpose of carrying the provisions of this Ordinance into effect.

**Repeal and savings**

**104.**    (1) The Nevis Limited Liability Company Ordinance, No. 1 of 1995 (N) as amended is hereby repealed.

(2) Any existing limited liability company which at the commencement of this Ordinance is validly registered under the Nevis Limited Liability Company Ordinance, No. 1 of 1995 (N), as amended shall continue to be registered under this Ordinance.

(3) Any registered agent of limited liability companies which at the commencement of this Ordinance is validly licensed under the Nevis Limited Liability Company Ordinance, No. 1 of 1995 (N), as amended shall continue to be a registered agent under this Ordinance.

(4) This Ordinance shall not affect any cause of action, liability, penalty or action or special proceeding which on the effective date of this Ordinance is accrued, existing, incurred or pending, but the same may be asserted, enforced, prosecuted or defended as if this Ordinance had not been enacted.

———————

## SCHEDULE

*(Section 101)*

## NEVIS LIMITED LIABILITY COMPANY
## (FORMS AND FEES) REGULATIONS

## ARRANGEMENT OF REGULATIONS

1.   Citation
2.   Interpretation
3.   Applicable fees, fines and penalties
4.   Prohibited and restricted words in names of limited liability companies
5.   Non-latin alphabet character names
6.   Powers of Registrar in relation to non-latin alphabet character names
7.   Refusal power
8.   Filing of documents
9.   Form of documents
10.  Signing of documents by Registrar of Companies
11.  Registration of charges
12.  Registration of variation of registered charge
13.  Registration of satisfaction of registered charge
14.  Application for restoration to register
15.  Application for licence for administrative office
16.  Application for tax resident certificate
17.  Application for cessationas a tax resident company
     SCHEDULE 1:  Schedule of Fees , Fines and Penalties
     SCHEDULE 2:  Table of Prescribed Forms

## NEVIS LIMITED LIABILITY COMPANY
## (FORMS AND FEES) REGULATIONS

**Citation.**

**1.**    These Regulations may be cited as the Nevis Limited Liability Company (Forms and Fees) Regulations.

**Interpretation.**

**2.**    In these Regulations, unless the context otherwise requires—

"Ordinance" means the Nevis Limited Liability Company Ordinance, 2017;

"Registrar of Companies" has the same meaning assigned to it as under section 2 of the Ordinance.

**Applicable fees, fines and penalties.**

**3.**    (1) The prescribed fees payable to the Registrar of Companies for the issuance by, or as the case may be, the filing with the Registrar of Companies of the document or documents for a given matter, or the Registrar of Companies otherwise

undertaking the given matter, or fines and penalties which may be imposed for the failure to comply with the provisions of the Ordinance, shall be as specified in the Schedule of Fees in Schedule 1 to these Regulations.

(2) A limited liability company shall pay an annual fee as outlined in the Schedule of Fees in Schedule 1 before the anniversary date of its registration.

(3) A limited liability company which fails to pay the annual fee under sub-regulation (2) as outlined in the Schedule of Fees in Schedule 1 shall be subject to an additional charge as penalty for late filing of its annual fee as follows—

(a) if the annual fee is paid after one month but before the expiration of six months from the due date, the sum of EC$311.00 or US$115.00 is payable;

(b) if the annual fee is paid after six months but before the expiration of one year from the due date, the sum of EC$675.00 or US$250.00 is payable.

(4) The Registrar of Companies shall not permit any person to conduct any search unless that person first pays a fee of EC$27.00 or US$10.00.

(5) A Company Search Report which is generated by the Registrar of Companies at the request of a person who requests a search under sub-regulation (4) shall attract a cost of EC$55.00 or US$20.00.

(6) A request for a Certificate to be printed with non-latin alphabet characters and authenticated translation of the name of the limited liability company, shall attract an additional cost of EC$27.00 or US$10.00.

(7) A limited liability company that is removed from the register shall pay a fee as prescribed in the Schedule of Fees in Schedule 1 in addition to all outstanding fees and charges.

(8) A limited liability company shall submit an application for restoration to the register together with the prescribed fee for restoration to the Registrar of Companies before that company is restored on the register.

(9) The prescribed fees payable to the Registrar of Companies under these Regulations shall be non-refundable.

**Prohibited and restricted words in names of limited liability companies.**

4.      (1) The Registrar of Companies may from time to time issue a list of prohibited and restricted words.

(2) Words or phrases, including any derivative or cognate term of the said word or phrase whether or not spaced, in brackets or punctuated or in a singular or plural or any combination thereof that is issued by the Registrar of Companies on the list of prohibited words should not be used in the name of any limited liability company.

(3) Words or phrases including any derivative or cognate term of the said word or phrase whether or not spaced, in bracket or punctuated or in singular or plural or any combination thereof issued by the Registrar of Companies on the list of restricted words may only be used in the name of a limited liability company with the permission of the Registrar of Companies and upon such terms and conditions as the Registrar of Companies may specify.

(4) When a name has been reserved and no Certificate of Name Reservation has been issued, the Registrar of Companies reserves the right to reject any name

submitted, prior to formation, should he become aware of circumstances which would make the use of the name undesirable or it is in the best interest of the jurisdiction to do so.

(5) The Registrar of Companies shall assess religious words or words with religious connotations on a case by case basis, but these words are generally not desired.

(6) The phrase "Precious Metals and Stones" denotes all precious metals and precious stones.

**Non-latin alphabet character names.**

5.    (1) Subject to Sections 18 and 19 of the Ordinance and Regulation 8, the Registrar of Companies may register the name of a limited liability company with non-latin alphabet characters together with authenticated translation.

(2) Where a limited liability company is registered with non-latin alphabet characters in its name—

(a) the Articles of Organisation shall contain a statement that the limited liability company has a non-latin alphabet character name and shall state the authenticated translation of the non-latin alphabet character name; and

(b) wherever the name of the limited liability company appears in the Articles of Organisation and Operating Agreement of the limited liability company, there shall also be a reference to the non-latin alphabet character name and the authenticated translation name.

(3) A limited liability company shall not be registered with a non-latin alphabet character name that is—

(a) identical to a non-latin alphabet character name that is registered, or has been registered to another limited liability company under the Ordinance;

(b) its authenticated translation is identical to a name of a limited liability company already registered; or

(c) so similar to a non-latin alphabet character name that is registered, or has been registered to another limited liability company under the Ordinance or the authenticated translation of the non-latin alphabet character name, that the use of the name would, in the opinion of the Registrar of Companies, be likely to confuse or mislead.

(4) Notwithstanding sub-regulation (3), the Registrar of Companies may register a limited liability company with a non-latin alphabet character name that is similar to the non-latin alphabet character name of another limited liability company, if both limited liability companies are affiliates.

**Powers of Registrar in relation to non-latin alphabet character names.**

6.    (1) The Registrar of Companies may issue a notice under sub-regulation (2) to a limited liability company if—

(a) he considers that—

(i) the limited liability company's non-latin alphabet character name or authenticated translation of such non-latin alphabet character

name does not comply with the Ordinance or these Regulations or is offensive or objectionable; or

(ii) it is contrary to public policy or to the public interest for the non-latin alphabet character name to remain on the Register of Companies; or

(b) he forms the opinion that he does not understand the full or true meaning of the name.

(2) Where sub-regulation (1) applies, the Registrar of Companies may issue a notice to the limited liability company directing it to apply to change its non-latin alphabet character name to a name approved by the Registrar of Companies on or before a date specified in the notice, which shall be not less than fourteen days after the date of the notice.

(3) If a limited liability company that has received a notice under sub-regulation (2) fails to file an application to change its non-latin alphabet character name to a name approved by the Registrar of Companies on or before the date specified in the notice, the Registrar of Companies may deregister the name.

(4) Where the Registrar of Companies deregisters a limited liability company with a non-latin alphabet character under this regulation, he shall issue a certificate of change of name to the limited liability company in the name of the authenticated translation.

(5) Where a limited liability company's non-latin alphabet character name has been deregistered under this regulation it shall, within fourteen days of the date of the certificate of change of name, file a notice of amendment of its Articles of Organisation removing all references to the non-latin alphabet character name and shall also remove such references in the limited liability company's Operating Agreement.

**Refusal power**

7. (1) The Registrar of Companies may refuse to receive, file or register a document submitted to him if he is of the opinion that the document—

(a) contains any matter contrary to law;

(b) by reason of any omission or error in description, has not been duly completed;

(c) does not comply with the provisions of the Ordinance;

(d) contains an error, alteration or erasure;

(e) is not sufficiently legible;

(f) is not sufficiently permanent for his records; or

(g) is torn, soiled or damaged.

(2) The Registrar of Companies may request that a document refused under subregulation (1) be amended or completed and resubmitted, or that a new document be submitted in its place.

(3) If a document that is submitted to the Registrar of Companies is accompanied with a statutory declaration by an attorney-at-law and that document contains no matter contrary to law and has been duly completed in accordance with the requirements of the Ordinance, the Registrar of Companies may accept the declaration as sufficient proof of the facts therein declared.

## Filing of documents

**8.**      (1) All documents required to be filed with the Registrar of Companies under the Ordinance, except documents filed voluntarily, shall be dated no later than 3 months prior to the date of submission to the Registrar of Companies unless expressly stated otherwise in the Ordinance.

(2) Every document submitted to the Registrar of Companies shall be in typed or printed form for it to be accepted.

## Form of documents

**9.**      Where the Ordinance requires a document to be delivered to the Registrar of Companies, and the form of the document has not been prescribed, it shall be in sufficient compliance with that requirement if the document is delivered in a form which is acceptable to the Registrar of Companies and accompanied by the prescribed fee.

## Signing of documents by the Registrar of Companies

**10.**     Any document required to be signed by the Registrar of Companies under the Ordinance or in any regulations made thereunder, including these Regulations, or otherwise as may be signed by the Registrar of Companies in carrying out his functions and responsibilities under the Ordinance and any regulations made thereunder, shall be treated for the purposes of evidence as signed by him if signed under his original hand or on his behalf by the Deputy Registrar of Companies appointed under section 100 of the Ordinance or any of his duly appointed officers.

## Registration of charges

**11.**     An application for registration of a charge under section 36 of the Ordinance shall be in the form as prescribed in Form 36(1) in the Table of Prescribed Forms in Schedule 2.

## Registration of variation of registered charge

**12.**     An application for registration of a variation of a registered charge under section 37 of the Ordinance shall be in the form as prescribed in Form 37(1) in the Table of Prescribed Forms in Schedule 2.

## Registration of satisfaction of registered charge

**13.**     A memorandum of satisfaction of registered charge to be filed with the Registrar of Companies under section 38 of the Ordinance shall be in the form as prescribed in Form 38(1) in the Table of Prescribed Forms in Schedule 2.

## Application for restoration to the register

**14.**     A limited liability company which has been struck from the register pursuant to section 73 of the Ordinance shall file an application for restoration to the register with the Registrar of Companies in the form as prescribed in Form 73(4) in the Table of Prescribed Forms in Schedule 2.

### *Application for licence for administrative office

**15.**   (1) An application for a licence under section 97(2) of the Ordinance to maintain an administrative office shall be in the Form as prescribed in Form 97(2) in the Table of Prescribed Forms in Schedule 2.

(2) An applicant for a licence under section 97(2) of the Ordinance shall complete the prescribed Form 97(2) and append any supporting documents along with the prescribed fee and submit that application to the office of the Registrar of Companies.

(3) The Registrar of Companies, upon receipt of an application under sub-regulation (2) shall forward that application to the Minister of Finance for consideration.

(4) A licence to maintain an administrative office is valid from the date of first issue to the 31st December of that year and is renewable each year upon payment of the prescribed annual fee renewal fee on or before the 15th day of January.

### †Application for tax resident certificate

**16.**   (1) An application for a tax resident certificate under section 99 of the Ordinance shall be in the form as prescribed in Form 99(2) in the Table of Prescribed Forms in Schedule 2.

(2) An applicant for a tax resident certificate under section 99 of the Ordinance shall complete the prescribed Form 99(2) and append any supporting documents along with the prescribed fee and submit that application to the office of the Registrar of Companies.

(3) The Registrar of Companies, upon receipt of an application under sub-regulation (2) shall forward that application to the Minister of Finance for consideration.

### §Application for cessation as a tax resident company.

**17.**   (1) An application by a limited liability company to cease to be a tax resident company under section 103(2) of the Ordinance shall be in the form as prescribed in Form 103(2) in theTable of Prescribed Forms in Schedule 2.

(2) An applicant for a cessation as a tax resident under section 103(2) of the Ordinance shall complete the prescribed form in Form 103(2) and submit that application to the office of the Registrar of Companies.

(3) The Registrar of Companies, upon receipt of an application under sub-regulation (2) shall forward that application to the Minister of Finance for consideration and the Registrar of Companies shall communicate the acknowledgement of the application on approval.

---

\* Section 97 has been repealed by Ordinance 7 of 2018
† Section 99 has been repealed by Ordinance 7 of 2018
§ Section 103 has been repealed by Ordinance 7 of 2018

## SCHEDULE 1

## SCHEDULE OF FEES

*(Regulation 3)*

| Type of Document or Service | | EC$ | US$ |
|---|---|---|---|
| 1. | Articles of Organisation | 675.00 | 250.00 |
| 2. | Articles of Organisation with Operating Agreement | 810.00 | 300.00 |
| 3. | Certificate of Formation | 27.00 | 10.00 |
| 4. | Endorsement Certificate | 27.00 | 10.00 |
| 5. | Articles of Amendment | 432.00 | 160.00 |
| 6. | Articles of Merger | 932.00 | 345.00 |
| 7. | Articles of Consolidation | 932.00 | 345.00 |
| 8. | Articles of Conversion | 932.00 | 345.00 |
| 9. | Restated Articles of Organisation | 311.00 | 115.00 |
| 10. | Articles of Dissolution | 405.00 | 150.00 |
| 11. | Certificate of Dissolution | 27.00 | 10.00 |
| 12. | Annual Renewal Fee | 675.00 | 250.00 |
| 13. | Certificate of Renewal | 27.00 | 10.00 |
| 14. | Reinstatement/Restoration Fee | 540.00 | 200.00 |
| 15. | Certificate of Good Standing | 95.00 | 35.00 |
| 16. | Certificate of Correction | 270.00 | 100.00 |
| 17. | Voluntary Filings | 108.00 | 40.00 |
| 18. | Application for Registration of a Charge | 540.00 | 200.00 |
| 19. | Application for Variation of a Registered Charge | 432.00 | 160.00 |
| 20. | Registration of Satisfaction of a Registered Charge | 270.00 | 100.00 |
| 21. | Name Reservation | 80.00 | 30.00 |
| 22. | Renewal of Name Reservation | 80.00 | 30.00 |
| 23. | Certified True Copies of Filed Documents | | |
| | (including first 3 pages) | 27.00 | 10.00 |
| | (each additional page after first 3 pages) | 2.00 | 0.75 |
| 24. | Copies of Filed Documents (per page) | 2.00 | 0.75 |
| 25. | Certificate Certifying True Copy of filed documents | 68.00 | 25.00 |

| | | | |
|---|---|---|---|
| 26. | Filing Notice of Resignation of Registered Agent | 100.00 | 37.00 |
| 27. | Filing Notice of Change of Registered Agent | 100.00 | 37.00 |
| 28. | Filing Notice of Change of Registered Office | 100.00 | 37.00 |
| 29. | Apostille | 68.00 | 25.00 |
| 30. | Transfer of Domicile to Nevis | 702.00 | 260.00 |
| 31. | Certificate of Continuation | 27.00 | 10.00 |
| 32. | Certificate of Departure | 702.00 | 260.00 |
| 33. | Emergency Transfer of Domicile to Nevis | 932.00 | 345.00 |
| 34. | Company Search (includes inspection only) | 27.00 | 10.00 |
| 35. | Company Search Report | 55.00 | 20.00 |
| 36. | Tax Exemption Letter | 176.00 | 65.00 |
| 37. | Miscellaneous Letter | 135.00 | 50.00 |
| 38. | Issuing a Statement/Declaration of Involuntary Dissolution | 27.00 | 10.00 |
| 39. | Any Other Certificate | 68.00 | 25.00 |
| 40. | Acceptance of Service of Process by the Registrar | 162.00 | 60.00 |
| 41. | Application fee for licence for administrative office | 5,400.00 | 2,000.00 |
| 42. | Annual renewal of licence for administrative office | 5,400.00 | 2,000.00 |
| 43. | Application for tax resident certificate | 4,050.00 | 1,500.00 |
| 44. | Annual renewal of tax resident certificate | 4,050.00 | 1,500.00 |
| 45. | Administrative Fee (rush requests, re-application of fees request etc.) | 80.00 | 30.00 |

## FINES AND PENALTIES

| The matter in respect of which the penalty shall be payable | Amount of fee in ECS | US$ | Enabling and referred to sections/ paragraphs of the Ordinance/Regulations |
|---|---|---|---|
| For late filing of annual fee (first six months) (after six months) | 311.00 675.00 | 115.00 250.00 | Paragraph 4(3) of the Regulations |
| For failing to obtain and designate a new registered agent | 1,350.00 | 500.00 | Section 13(6) of the Ordinance |
| For failing to maintain register of charges | 5,000.00 | 1,852.00 | Section 40(8) of the Ordinance |
| *For maintaining an administrative office without licence | $30,000.00 | $11,112.00 | Section 97(5) of the Ordinance |
| General penalty for default of or more provisions of the Ordinance for which no specific penalty is applicable | Not exceeding EC$10,000.00 | | Section 102 of the Ordinance |
| Return cheque charge (payable in addition to any bank charges) | 100.00 | 37.00 | Section 101 of the Ordinance |

---

* Section 97(5) has been repealed by Ordinance 7 of 2018

## SCHEDULE 2

### TABLE OF PRESCRIBED FORMS

*Note:* Unless otherwise indicated, the prescribed form number corresponds to the section of the Ordinance for which that form is prescribed and with respect to the given matter.

| Prescribed Form Number | Description of Particulars |
|---|---|
| Form 36(1) | Application for Registration of a Charge |
| Form 37(1) | Application for Variation of Registered Charge |
| Form 38(1) | Satisfaction of Registered Charge |
| Form 73(4) | Application for Restoration to Register |
| *Form 97(2) | Application for Licence for Administrative Office |
| *Form 99(2) | Application for Tax Resident Certificate |
| *Form 103(2) | Election of Cessation as a Tax Resident Company |

### FORM 36(1)

### APPLICATION FOR REGISTRATION OF A CHARGE

This form is to be used for the registration of a charge. Please complete all applicable parts of this form. If insufficient space has been provided for a reply at any point, please provide the information on a separate sheet and refer to it in the space provided for your response. If any further information or clarification is required, it will be requested during the processing of the application.

**Please append (where applicable) the following documents or information as part of the application to register a charge—**

    (a) Cheque assigned to the Nevis Island Administration.

    (b) The charge or certified copy of the charge.

    (c) The authenticated translation (if any) of the charge.

### PART 1

#### Applicant Details

I/We the undermentioned, hereby apply to register the following charge created by the limited liability company described below.

1.    **Name of Registered Agent:** _____

2.    **Registered Address:** _____

3.    **Company Number:** _____

---

* Sections 97(2), 99(2) and 103(2) have been repealed by Ordinance 7 of 2018

LAWS OF SAINT CHRISTOPHER
AND NEVIS
Revision Date: **31 Dec 2020**          *Nevis Limited Liability Company Ordinance*          **CAP. 7.04(N)**          71
[Nevis Ordinance]

4.    **Company Name:**

5.    **Contact information:**

*(telephone, fax, email)*

## PART 2

### Details of Charge

1.  **Date of creation of charge; or if the charge is a charge existing on property acquired by the limited liability company, the date on which the property was acquired**

2.  **Name of chargee:**

3.  **Address of chargee:**

4.  **Brief description of liability secured by the charge:**

5.  **Brief description of the property charged:**

6.  **Prohibitions or restrictions contained in the instrument creating the charge (if any):**

7.  **Date and time of registration of the charge:**

8.  **Name of applicant:**

9.  **Address of applicant:**

## Certification

I hereby certify that I am duly authorised to file and sign this application for registration of a charge on behalf of the limited liability company and that the information and attached documents and particulars of the charge are an accurate description of it.

The applicant authorises the Nevis Financial Services (Regulation and Supervision) Department to make such inquiries as it may consider necessary in connection with this application.

Signature of applicant:

Full name of signatory:

Date:

| FOR REGISTRY USE ONLY |
| :-- |
| Date filed: |
| Received by: |
| Processed by: |

FORM 37(1)

## APPLICATION FOR REGISTRATION OF VARIATION OF REGISTERED CHARGE

This form is to be used for the registration of a variation of registered charge. Please complete all applicable parts of this form. If insufficient space has been provided for a reply at any point, please provide the information on a separate sheet and refer to it in the space provided for your response. If any further information or clarification is required, it will be requested during the processing of the application.

**Please append (where applicable) the following documents or information as part of the application for registration of a variation of a registered charge:**

    (a) Cheque assigned to the Nevis Island Administration.

    (b) The registered charge or certified copy of the registered charge.

    (c) The instrument evidencing the variation in the terms of the registered charge.

    (d) The authenticated translation (if any) of the registered charge.

### PART 1

#### Applicant Details

I/We the undermentioned, hereby apply to register the following variation in the terms of a registered charge created by the limited liability company described below.

1. **Name of Registered Agent:**

2. **Registered Address:**

3. **Company Number:**

4. **Company Name:**

5. **Contact information:**

*(telephone, fax, email)*

### PART 2

#### Details of Registered Charge

1. **Details of the existing charge:**
   (See Note 1 below)

2. **Description of instrument varying the charge:**