The New Ordinance also defines the rights of the LLC regarding the member whose interest is charged. A charging order does not affect the LLC's ability to make calls on its members. NLLCAO § 43(13). A distribution made (but retained) to satisfy a call is not subject to a charging order. Id. The call may be satisfied by a distribution otherwise payable to the debtor-member.

Sheltering distributions through capital calls potentially allows for continued investment by the LLC. An LLC could therefore order a call before making a distribution. This would likely preserve the value of any otherwise charged distribution by means of a mandatory reinvestment of the called distribution. Distribution by a single-member LLC called for reinvestment could even potentially avoid exposure to a fraudulent transfer claim, as the call and reinvestment likely effect no change in the economic position of the member.

**Curbing the Charge.** The New Ordinance limits any charging order of a Nevis LLC interest to the amount of the judgment. NLLCAO § 43(1). The charging order cannot be used to collect beyond the amount of the judgment for either actual or consequential damages. The creditor also may not collect punitive or treble damages. Id.

The charging order under the New Ordinance differs from the traditional charging order that persists indefinitely until the judgment is satisfied. Under the New Ordinance, three years after the charging order is issued, it terminates and is not renewable. NLLCAO § 43(11). A creditor is limited to a single, one-time charging order against a member's interest. Id. That charging order remains in effect for three years, leaving the member and LLC assets undisturbed. The time limitation affords the debtor-member leverage to wait out the creditor or force the creditor into settlement if the member's other assets are protected.

The charging order is further curbed by language allowing a member to petition for discharge of a charging order. The petition is available to any member of the LLC, including a member whose interest is subject to a charging order. See NLLCAO § 43(12) ("Any member may apply for the discharge of a charging order"). The amendment provides two bases for discharge.

The first basis for a petition of discharge *requires* the court to discharge the charging order when the creditor has been "paid all sums payable under the charging order." NLLCAO § 43(12). Before these amendments, the charging order apparently expired naturally once the debt was satisfied. See NLLCO § 43. The new requirement that a member go to court to have the charging order lifted forces the creditor and member-debtor into a proper forum for any payment dispute. The resulting court order also creates closure.

The second basis for a petition for discharge gives the court the discretion to discharge the charging order on its conclusion that "the circumstances giving rise to the charging order have changed such that it is just and proper to discharge the charging order." NLLCAO § 43(12)(b). Any change in the relationship between the creditor and the debtor can be a basis to support a petition for discharge. This language potentially allows the member to seek discharge of the charging order whenever circumstances change. The scope of the right to discharge based on a change in circumstances is unclear.

**Charging Order Not a Lien.** New section 43(6) provides that a charging order "shall not be construed to constitute a lien on a member's interest. . . ." NLLCAO § 43(6). The language was likely intended to prevent the encumbrance and foreclosure of a member's interest. This section seems to have limited purpose, because other sections of the Ordinance prevent foreclosure.

Section 43(6) seems targeted particularly at American law and more specifically at the Revised Uniform Limited Liability Act, which states that a charging order "constitutes a lien" on the interest. Rev. Unif. LLC Act § 503(a). As a matter of background, the lien is a device that originated in civil law adopted into American law by Thomas Jefferson. See Charles Davidson, *The Mechanic's Lien Law of Illinois: A Lawyer's Brief upon the Topic* 6 (1922). A lien is the primary method by which a creditor denotes interest in a debtor's property (garnishment and attachment being the others). Under American law, the charging order gives rise to a lien that attaches to a member's interest. *Arkansas City v. Anderson*, 752 P.2d 673, 684 (Kan. 1988). Practically, however, U.S. lien law would likely be given little effect in a Nevis court.

As Nevis law is likely derived from English common law, a charging order would likely be treated as a remedy distinct from a lien. See Fredrick Walton Atickson, *The Law and Practice Relating to Solicitor's Liens and Charging Orders* 1, 9 (1905). The charging order is the remedy by which a judgment creditor took an interest in the judgment debtor's property, but a lien under English common law is a possessory interest in property. Judgments Act 1838, 1 & 2 Vict., c. 110, § XIV (Eng.). See also generally Lancelot Hall, *Possessory Liens in English Law* (1917). Of course, a foreign court, particularly a U.S. court, may ignore Nevis law and its origins on the issue of remedies affecting a member's interest. See *Wells Fargo Bank, N.A.*, 85 F. Supp. 3d at 1308.

**Conclusion**

The New Nevis LLC Ordinance clarifies and enhances the Prior Ordinance. Foreign judgments against a member are no longer a threat to assets held in a Nevis LLC if the assets are held in Nevis or in another jurisdiction respecting the New Ordinance. The Nevis Ordinance specifically applies to the single-member LLC. A creditor attempting to collect in Nevis must now relitigate the remedial portion of a foreign judgment in Nevis. The sole remedy against Nevis LLC equity, the charging order, is limited to the amount of the judgment, if it can be collected within three years. Lastly, fraudulent transfers to a Nevis LLC are no longer the major vulnerability they once were. A creditor seeking assets in Nevis or in other jurisdictions respecting the New Ordinance must relitigate a fraudulent transfer claim by proving his case "beyond a reasonable doubt." The creditor is left with a limited and unattractive remedy. For practitioners and their clients, these are welcome additions that strengthen and update the Nevis limited liability company. ■