# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC. *et al,* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Related Doc. No. 508, 524, 542 |

## ORDER GRANTING TRUSTEE'S APPLICATION FOR APPROVAL OF RETENTION OF CULPEPPER IP, LLLC AS SPECIAL COPYRIGHT LITIGATION COUNSEL AND FOR RELATED RELIEF

This matter coming to be heard on the application (the "Application")[2] of George L. Miller, as chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), for entry of an order pursuant to sections 105, 327(e), and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1 authorizing the Trustee to employ Culpepper IP, LLLC (the "Culpepper Firm") as special counsel to pursue certain copyright infringement litigation, effective as of October 1, 2024, approving the related compensation arrangement, and granting related relief; and upon consideration of the *Objection to Trustee's Engagement of Special Counsel, Request for Disqualification of Culpepper IP, LLLC Pursuant to 105, 327(e), and 328(a) Request for Sanctions* filed by Charles Muszynski, pro se [Docket No. 524] (the "Muszynski Objection"); the Court finds that: (a) the Court has jurisdiction

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] All undefined terms herein shall have the meanings given them in the Application.

over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the Culpepper Declaration, the Culpepper Firm neither has nor represents any interest materially adverse to the interests of the Estates, or any other parties in interest, in connection with the Copyright Litigation Services; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Culpepper Declaration establish just cause for the relief granted herein; and it appearing to the Court that the Application should be approved; IT IS HEREBY ORDERED

1. The Application is granted as provided herein and the Muszynski Objection is overruled.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Trustee is authorized to retain the Culpepper Firm as special counsel to provide the Copyright Litigation Services to the Estates pursuant to the terms of the Engagement Agreement, effective as of October 1, 2024, and to take such actions as are necessary to maintain and enforce the Estates' interests in the Pending Matters.

3. The compensation arrangement described in the Application is approved pursuant to section 330 of the Bankruptcy Code.

4. The Culpepper Firm is authorized to apply the Unpaid Expenses against the funds in the IOLTA account maintained for Screen Media.

5. The Trustee is authorized to pay the Contingency Fees and Expenses to the Culpepper Firm from Cash Recoveries without further order of Court.

6. Notice of the Application is approved, and further notice of the Application is waived for cause shown.

7.        Notwithstanding anything in the Application to the contrary, Culpeper IP shall (i) to the extent that the firm uses or employs the services of co-counsel or contract attorneys (collectively, "Co-Counsel") in these cases, Culpepper IP shall ensure that Co-Counsel is subject to the same conflicts checks as required for Culpepper IP and ensure that such disclosures as required by Bankruptcy Rule 2014 are promptly made and filed with this Court.

**Dated: January 14th, 2025**  
**Wilmington, Delaware**

MARY F. WALRATH  
**UNITED STATES BANKRUPTCY JUDGE**

3

LEGAL\75032535\2