IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Chicken Soup for the Soul Entertainment, Inc.<br><br>Debtor. | ) Chapter 7<br>)<br>) Case No. 24-11442-MFW<br>)<br>) Objection Deadline: February 12, 2025<br>) at 4:00 p.m. ET<br>)<br>) Hearing Date: February 19, 2025 at<br>) 2:00 p.m. ET |

**AMAZON WEB SERVICES, INC.'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY TO TERMINATE EXECUTORY
CONTRACT WITH CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.**

Amazon Web Services, Inc. ("AWS") files this motion (the "Motion") for relief from the automatic stay to terminate the AWS Customer Agreement (the "Agreement") governing AWS' provision of cloud computing and storage services to the Debtor Chicken Soup for the Soul Entertainment, Inc. (the "Debtor"). Pursuant to 11 U.S.C. § 365(d)(1), the Agreement was deemed rejected sixty days from the date the case was converted to a chapter 7 case. However, the Debtor's AWS accounts continue to accrue unpaid storage and service charges until the Agreement is formally terminated. AWS seeks relief from the automatic stay to proceed with formal termination given that termination will eliminate the chapter 7 trustee's ability to access the accounts and result in deletion of any stored data in connection with the AWS accounts. In support of this Motion, AWS submits the concurrently filed Declaration of Steve Beranek ("Beranek Decl."), and AWS respectfully represents the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 362, 365 and 105 of the United States Bankruptcy Code (the "Bankruptcy Code").

## BACKGROUND

4. On June 28, 2024, (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* in the United States Bankruptcy Court for the District of Delaware. On July 10, 2024, the Court entered the *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* (the "Conversion Order"). Thereafter, George L. Miller was appointed as the chapter 7 Trustee for the Debtor's bankruptcy estate.

5. AWS is a worldwide leader in the provision of cloud computing and storage services. Prior to the Petition Date, the Debtor entered into the Agreement with AWS. A true and accurate copy of the Agreement is attached as Exhibit A to the Beranek Decl. AWS provides cloud computing and storage services to the Debtor pursuant to the terms of the Agreement. The Debtor's cloud computing and storage accounts with AWS are identified by the main payor account numbers ending in "29114" "66353", "89831", "81264", "09701", "87899", "39742", and "57966". The AWS account identified by main payor account number ending in "29114" has certain linked accounts ending in the following numbers: "91635", "75283", "20549", "29876", "49408", "65040", "20253", "70846", "22957", "41012", "33530", "87868", "77566", "55348", "50694". The AWS account identified by main payor account number ending in "89831" has certain linked accounts ending in the following numbers: "53637", "30865", "57301", "22842","18890", "76612", "82133", "01037", "52570", "06667". The main payor accounts,

2

together with all linked accounts are hereafter defined as the "AWS Accounts." Beranek Decl., ¶ 3. Charges are billed to the Debtor on a monthly basis for services rendered by AWS in the prior month. *Id.* at ¶2.

6. Paragraph 6.1 of the Agreement allows AWS to suspend the Debtor's right to access any portion or all of the AWS service offerings should the user default on its payment obligations. Paragraph 6.2 clarifies that even with the Debtor's access suspended, the Debtor remains responsible for all fees and charges the user may incur during the period of suspension. Section 7 of the Agreement permits AWS to terminate the Agreement immediately upon notice if AWS has the right to suspend the Debtor's access pursuant to Section 6.

7. Pursuant to 11 U.S.C. § 365(d)(1), the Agreement was deemed rejected on or about September 8, 2024, sixty days from the date the case converted to a case under chapter 7 of the Bankruptcy Code.

8. Although the Agreement has been rejected, AWS has not exercised its contractual right to suspend access to the Debtor's AWS Account and AWS has not terminated the Agreement and deleted the data being stored in connection with the Debtor's AWS Accounts.

9. As of February 1, 2025, the Debtor owed AWS a total of $1,783,113.42 for pre-petition charges, and $2,991,522.38 for post-petition charges in connection with the AWS Accounts. Beranek Decl., ¶4. The Debtor's AWS Accounts have been delinquent since at least September 2, 2023. *Id.*

10. AWS has, in order to satisfy any concerns with respect to the continued effect of the automatic stay, requested that the Trustee enter into a stipulation allowing AWS to formally terminate the Agreement and the AWS Accounts and suspend all access thereto. The termination of the AWS Accounts will ultimately result in the deletion of any of the Debtor's stored data unless

the Trustee moves such data from the AWS Accounts. AWS does not have any visibility into its customers' data, including any of the estate's data being stored in connection with the AWS Accounts.

11. The Trustee has not brought the AWS Accounts current. Counsel for AWS sent a draft stipulation to counsel for the Trustee that would provide for termination of the Agreement and the AWS Accounts after granting the Trustee access to the AWS Accounts for a period of 30 days, but the Trustee has not provided comments to the proposed stipulation. To protect against the possibility that the automatic stay may continue to apply to any data being stored in connection with the AWS Accounts, AWS brings this motion for relief from the automatic stay to permit termination of the Agreement and the AWS Accounts.

## RELIEF REQUESTED

12. AWS requests the entry of an order pursuant to 11 U.S.C. § 362(d)(1), and Federal Rules of Bankruptcy Procedure Rule 6006(b) authorizing AWS to terminate the Agreement and further authorize the termination of all storage and cloud computing services and the Debtor's AWS Accounts.

## ARGUMENT

13. AWS provides ongoing cloud data storage and computing services to the Debtor under the terms of the Agreement, which constitutes an executory contract. Section 365(d)(1) of the Bankruptcy Code provides the Court with the power to compel a debtor to assume or reject an executory contract within a specified period of time:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract . . . within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract . . . is deemed rejected.

11 U.S.C. § 365(d)(1).

4

14. "Congress intended this provision to 'prevent parties in contractual . . . relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.'" *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

15. The Agreement has been rejected pursuant to Section 365(d)(1) of the Bankruptcy Code, but the contract has not been *terminated*, and AWS continues to provide services to the estate in the form of cloud storage of electronic data. To date, the Trustee has not brought the AWS Accounts current. Initially, the Trustee expressed a desire to have access to the AWS Accounts. Counsel for AWS prepared a stipulation that would grant the Trustee access for a period of 30 days, but counsel for the Trustee has failed to provide any comments to the proposed stipulation.

16. Pursuant to Section 362(d)(1), cause exists to grant AWS relief from the automatic stay to the extent such relief is necessary for AWS to terminate the Agreement and the AWS Accounts. AWS continues to provide cloud computing and storage services to the estate without receiving any compensation or any assurances that it will be promptly compensated for its continued services. Absent the Court granting the relief requested herein, AWS will be forced, indefinitely, to continue to perform services free of charge.

17. For the reasons set forth herein, AWS requests entry of an order authorizing immediate termination of the Agreement, the AWS Accounts, and any underlying data or records of the Debtor on the AWS Account.[1]

---

[1] Upon entry of the order requested by AWS, AWS will remove from cloud storage all records relating to the AWS Account and such records will no longer be accessible or recoverable. AWS reserves its rights to assert an administrative priority claim on account of post-petition services provided to the estate in connection with the Debtor's AWS Account.

## NOTICE

18. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; (ii) counsel for the Debtor, Steven Golden, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Debra Grassgreen and Maxim Litvak, Pachulski Stang Ziehl & Jones LLP, One Sansome Street, 34th Floor, San Francisco, CA 94104, Alan Kornfeld and Richard Pachulski, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd, 11th Floor, Los Angeles, CA 90067, James O'Neill, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Ricardo Palacio and Gregory Taylor, Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801; (iii) the Trustee, George L. Miller, 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103; (iv) counsel for the Trustee, John Carroll, III, Steven Golden and James O'Neill, Cozen O'Connor, 1201 North Market Street, Suite 1001, Wilmington, DE 19801; (v) those parties requesting notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

19. WHEREFORE, AWS respectfully requests that this Court enter an order (i) terminating the Agreement; (ii) relieving AWS of further performance in connection with the Agreement, including by authorizing AWS to terminate storage and cloud computing services and the AWS Accounts; and (iii) granting AWS such further relief as is just and proper.

Dated: January 28, 2025

K&L GATES LLP

*/s/ Matthew B. Goeller*
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7080
matthew.goeller@klgates.com

*Attorney for Amazon Web Services, Inc.*

7