IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC. *et al,* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>Related Doc. No.    554 |

**OBJECTION OF TRUSTEE TO AMAZON WEB SERVICES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE EXECUTORY CONTRACT**

George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, hereby objects to *Amazon Web Services, Inc.'s Motion for Relief from the Automatic Stay to Terminate Executory Contract with Chicken Soup for the Soul Entertainment, Inc.* [D.I. 554] (the "Stay Relief Motion"), filed by Amazon Web Services, Inc. ("AWS"), and respectfully states as follows:

1.    Prior to the Petition Date,[2] the Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, operating three flagship streaming services: *Redbox*, *Crackle*, and *Chicken Soup for the Soul*.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] All undefined terms herein shall carry the meanings given to them in the Stay Relief Motion.

2.    One of the Debtors' most valuable assets – and one of the primary sources of recovery for creditors – is a vast digital library of movie and television show titles and related copyright licensing agreements (the "Library Assets"). The Trustee has received offers in conjunction with the Library Assets in excess of $100 million. The Library Assets are stored on a cloud computing platform maintained by AWS pursuant to a certain agreement between the Debtors and AWS (the "Agreement"). In addition to the Debtors, various third parties assert ownership and other interests in the titles maintained on the AWS Accounts. Based on information and belief, the Debtors also stored substantially all of the Debtors' books and records on AWS (the "Books and Records," and together with the Library Assets, the "Digital Assets"), which are critical for the Trustee's administration of the Estates, including with respect to his efforts to monetize the Debtors' assets.

3.    Since his appointment, the Trustee has been working diligently to sell or otherwise monetize the Library Assets for the benefit of the Estates. The Trustee's efforts in this regard, thus far, have been hamstrung by his inability to use cash collateral of the Debtors' secured lender, HPS Investment Partners, LLC ("HPS").[3] However, the Trustee and HPS are currently engaged in active negotiations regarding a sharing agreement which would, among other things, permit the Trustee to use cash collateral, including to make a substantial payment to AWS, and facilitate the disposition of the Library Assets.

4.    In the Stay Relief Motion, AWS asks the Court to modify the automatic stay for "cause" under section 362(d)(1) of the Bankruptcy Code to permit termination of the Agreement.

---

[3] Relatedly, the Trustee has also had difficulty obtaining access to the AWS Accounts, and the Debtors' former employees have been unresponsive or unwilling to assist. Once the Stay Relief Motion is resolved, the Trustee anticipates working with AWS to obtain login credentials and facilitate access to the AWS Accounts.

According to AWS, termination of the Agreement will "ultimately result in the deletion of any stored data" on the AWS Accounts. (Stay Relief Motion ¶ 10).

### Argument

5. Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). "The term 'cause' as used in § 362(d)(1) is undefined; courts have ruled that whether there is cause to lift the automatic stay must be determined on a case-by-case basis." *In re DBSI, Inc.,* 407 B.R. 159, 166 (Bankr. D. Del. 2009). "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Trib. Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009). The Court has "considerable discretion" in making this determination. *In re Maritas,* 664 B.R. 670, 675 (Bankr. W.D. Pa. 2024).

6. The Trustee objects to the Stay Relief Motion. The Digital Assets have substantial value. Maintaining the Digital Assets is critical to the Estates' efforts to obtain any recovery for the creditors of the Estates. If the Stay Relief Motion is granted, the AWS Accounts will be terminated, resulting in the permanent deletion of the Digital Assets and wiping out any chance of the Estates recovering their value. Under these circumstances, "cause" does not exist under section 362(d)(1). AWS's primary argument is the possibility that it will be "forced, indefinitely, to continue to perform services free of charge." (Stay Relief Motion ¶ 16). But the Trustee is not asking HPS to provide the services free of charge. The Trustee has informed AWS that, if negotiations with HPS are successful, the Trustee will be in a position to pay compensation to AWS for the continued hosting of the AWS Account and preservation of the Digital Assets.

7. Section 105(a) of the Bankruptcy Code, with respect to the powers of this Court, provides:

> ***The court may issue any order***, process, or judgment ***that is necessary or appropriate to carry out the provisions of this title***. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (emphasis added).

8. In these chapter 7 cases, the primary provision of section 704(a) of the Bankruptcy Code enumerates the Trustee's threshold duty as follows:

> (a) The trustee shall—
>
> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

11 U.S.C. § 704(a).

9. Accordingly, the Trustee, in light of the foregoing circumstances, respectfully represents that, as provided in section 105(a) of the Bankruptcy Code, it is necessary and appropriate to enable the Trustee to carry out the provisions of § 704 of the Bankruptcy Code for the Court to exercise its power under § 105(a) and requests the entry of an order denying the Stay Relief Motion without prejudice, or in the alternative, continuing the Stay Relief Motion for 60 days, pending the outcome of the Trustee's negotiations with HPS.

WHEREFORE, the Trustee respectfully requests that the Court deny the Stay Relief Motion without prejudice, or in the alternative, continue the Stay Relief Motion for 60 days,

pending the outcome of the Trustee's negotiations with HPS, and grant such other just and appropriate relief.

Dated:  February 14, 2024

COZEN O'CONNOR

By:   */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE  19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-1648 Phone
(312) 382-8910 Fax No.
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*

5

LEGAL\75653265\3