# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Chicken Soup for the Soul Entertainment, Inc.<br><br>Debtor. | ) Chapter 7<br>)<br>) Case No. 24-11442-MFW<br>)<br>) Hearing Date: February 19, 2025 at<br>) 2:00 p.m. ET<br>)<br>) **Related Doc. No. 568** |

**REPLY IN FURTHER SUPPORT OF AMAZON WEB SERVICES, INC.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO TERMINATE EXECUTORY CONTRACT
WITH CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.**

Amazon Web Services, Inc. ("AWS") files this reply in further support of its Motion for Relief from the Automatic Stay to Terminate Executory Contract with Chicken Soup for the Soul Entertainment, Inc. [D.I. 554] (the "Motion"), and respectfully states as follows:

1. In his objection to the Motion [D.I. 568] (the "Objection"), George L. Miller, in his capacity as chapter 7 trustee (the "Trustee") represents that one of the most valuable assets for the Debtors is a digital library of movie and television show titles and related copyright licensing agreements. Objection ¶ 2.

2. According to the Trustee, these assets are stored on Debtors' AWS accounts (the "AWS Accounts") pursuant to the agreement between the Debtors and AWS (the "Agreement"). *Id.*[1]

3. The Trustee further represents that the Debtors also stored substantially all of the Debtors' books and records, which are critical for the Trustee's administration of this case, on the AWS Accounts. *Id.*

---

[1] As explained in its Motion, AWS does not have any visibility into its customers' data, including any of the estate's data being stored in connection with the AWS Accounts. Mot. ¶ 10.

4. The Trustee further represents that he and HPS are currently engaged in active negotiations regarding a sharing agreement which would, among other things, permit the Trustee to use cash collateral, including to make a substantial payment to AWS, and facilitate the disposition of the assets on the AWS Accounts. *Id.* at ¶ 3.

5. The Trustee requests that the Motion be stayed for 60 days.

6. AWS accepts these representations and is pleased to hear the parties are making progress on a funding arrangement that would result in a payment to AWS.

7. AWS, however, does not agree to continue the Motion for 60 days.

8. As noted in the Motion, as of February 1, 2025, the Debtor owed AWS a total of $1,783,113.42 for pre-petition charges, and $2,991,522.38 for post-petition charges in connection with the AWS Accounts. *See* Mot. Beranek Decl., ¶ 4 [D.I. 554-1]. The Debtor's AWS Accounts have been delinquent since at least September 2, 2023. *Id.* at ¶ 10. AWS has tried for months to resolve this matter and is not amenable to any further delays.

9. Counsel for AWS first reached out to Trustee in July 2024. M. Gearin Decl. ¶ 4.

10. The Trustee responded that he was developing a liquidation plan and would follow up on next steps regarding the AWS Account. *Id.* at ¶ 5.

11. Counsel for AWS followed up in October 2024, to which the Trustee requested that counsel for AWS contact counsel for the Trustee. *Id.* at ¶ 6.

12. In November 2024, counsel for the Trustee informed counsel for AWS that the Trustee wanted to enter into a stipulation to maintain the data and then transfer it. *Id.* at ¶ 7. Counsel for the Trustee asked if counsel for AWS could provide access to the AWS Account. *Id.*

13. Counsel for AWS informed counsel for the Trustee that AWS does not have the ability to access the content in the AWS Account and would need a court order to reset the access credentials for the Trustee. *Id.*

14. On December 12, 2024, counsel for AWS circulated a draft stipulation to terminate the Agreement. *Id.* at ¶ 8.

15. The Trustee did not provide any comments or response to the draft stipulation. *Id.* at ¶ 9.

16. Multiple members of AWS's legal team followed up on December 26, 2024; December 30, 2024; January 3, 2025; and January 8, 2025. *Id.* at ¶ 10.

17. The monthly cost to maintain the AWS accounts exceeds $250,000. Without any response to the proposed stipulation, AWS was required to file the Motion.

18. Since the filing of the Motion, counsel for AWS has received inquiries from creditors who express an interest in recovering stored data from the Debtor's records.

19. AWS remains willing to work with the Trustee and creditors but does not agree to continue the Motion for an additional 60 days. AWS has proposed a resolution of the motion on terms that include maintaining the data for a thirty day period following entry of the order. AWS has circulated a proposed form of order to the Trustee and creditors for that purpose.

20. AWS requests the entry of an order which provides that the Agreement is terminated effective upon entry of the order and that the data in the AWS Accounts remains available for a period of thirty (30) days after the date of entry of the order so that the Trustee may copy or transfer data from the AWS Accounts. A copy of the proposed order is attached hereto as Exhibit A.

Dated: February 17, 2025

**K&L GATES LLP**

<u>*/s/ Matthew B. Goeller*</u>
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7080
matthew.goeller@klgates.com

*Attorney for Amazon Web Services, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Chicken Soup for the Soul Entertainment, Inc.<br><br>Debtor. | ) Chapter 7<br>)<br>) Case No. 24-11442-MFW<br>)<br>)<br>)<br>) Hearing Date: February 19, 2025 at<br>) 2:00 p.m. ET |

**CERTIFICATE OF SERVICE REGARDING**
**REPLY IN FURTHER SUPPORT OF AMAZON WEB SERVICES, INC.'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**TO TERMINATE EXECUTORY CONTRACT**
**WITH CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.**

I, Matthew B. Goeller, counsel to Amazon Web Services, Inc. in the above-captioned matter, hereby certify that on February 17, 2025, the *Reply In Further Support Of Amazon Web Services, Inc.'s Motion For Relief From The Automatic Stay To Terminate Executory Contract With Chicken Soup For The Soul Entertainment, Inc.* was electronically filed with the Court using the Court's Case Management/Electronic Case Files System (CM/ECF). Notification of filing the Objection was received by way of electronic service via a Notice of Electronic Filing (NEF) through the Court's CM/ECF system on the registered participants in the above-captioned matter.

Dated: February 17, 2025                        **K&L GATES LLP**

                                                                              */s/ Matthew B. Goeller*
                                                        Matthew B. Goeller (No. 6283)
                                                        600 King Street, Suite 901
                                                         Wilmington, DE 19801
                                                        Telephone: (302) 416-7000
                                                        Email: matthew.goeller@klgates.com

                                                        *Attorney for Amazon Web Services, Inc.*