# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Chicken Soup for the Soul Entertainment, Inc. *et al* [1]<br><br>Debtors. | ) Chapter 7<br>)<br>) Case No. 24-11442-MFW<br>) (Jointly Administered)<br>)<br>) Related Doc. Nos. 554, 568, 570, 575<br>) |

## ORDER GRANTING AMAZON WEB SERVICES, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE EXECUTORY CONTRACT WITH CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.

Upon the *Motion of Amazon Web Services, Inc. to Terminate Executory Contract with Chicken Soup for the Soul Entertainment, Inc.* (the "Motion"), in which Amazon Web Services, Inc. ("AWS") requests entry of an order granting it relief from stay, terminating the Agreement[2] with Chicken Soup for the Soul Entertainment, Inc., and relieving AWS from further performance in connection therewith, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion as provided to the parties listed therein is reasonable and sufficient, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion, the Agreement, and the Beranek Decl.; and

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

LEGAL\75782791\1 6010823/00617521

this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; **NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is granted solely as set forth herein.

2. The AWS Agreement is hereby terminated without further notice.

3. The Trustee will no later than February 21, 2025, provide a separate email address for each of the thirty-three (33) AWS Accounts to AWS which is distinct from any email addresses previously used by the Debtors for the AWS Accounts for purposes of the provision of password reset credentials.

4. Upon provision of the email addresses reference above, AWS shall promptly provide the Trustee with password reset credentials in order to afford the Trustee to access to AWS Accounts.

5. The data in the AWS Accounts shall remain available for a period of thirty (30) days after AWS provides the Trustee with password reset credentials for the AWS Accounts so that the Trustee may copy or transfer data from the AWS Accounts.

6. After the conclusion of the 30-day period set forth above in paragraph 3, AWS is hereby granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to delete the Debtor's AWS Accounts and all data stored in connection therewith, without further notice.

7. The Prepetition Secured Lenders[3] reserve all rights to seek relief from the Court to obtain access to, copy, or transfer the data in the AWS Accounts, from the Trustee or otherwise, in accordance with applicable law and the Trustee reserves all rights in opposition thereto.

---

[3] For purposes of this Order, "Prepetition Secured Lenders" shall refer to the Prepetition Secured Parties and MidCap, each as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 85], as well as their designated representatives.

LEGAL\75782791\1 6010823/00617521

8. This Order shall be effective immediately, and the stay set forth in Bankruptcy Rule 4001(a)(3) shall not apply.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 20th, 2025  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

3

LEGAL\75782791\1 6010823/00617521