**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>**Related Doc. No. 588** |

**CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO TABOO PRODUCTIONS LTD.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE SERIES DISTRIBUTION AGREEMENT AND GRANTING RELATED RELIEF**

George L. Miller in his capacity as Chapter 7 Trustee (the "Trustee") for the Estates of the above-captioned Debtors (the "Debtors"), by and through his undersigned counsel, files this limited objection (the "Limited Objection") to *Taboo Productions Ltd.'s Motion for Relief from the Automatic Stay to Terminate Series Distribution Agreement and Granting Related Relief* [D.I. 588] (the "Motion")[2] as follows:

1. The Trustee objects to the Motion by Taboo Productions Ltd. (the "Movant") and the proposed order for relief submitted by the Movant, a copy of which is attached hereto as Exhibit "A" (the "Movant's Proposed Order") to the extent the Movant's Proposed Order seeks declarations of rights in property and authorizations to terminate which exceed a mere grant of relief from the automatic stay of 11 U.S.C. §362 to pursue its remedies as permitted under

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms unless expressly defined herein shall have the meanings ascribed to them in the Motion.

applicable law regarding the Series Distribution Agreement as amended and the relief sought by the Movant in the Motion can only be properly obtained by the Movant initiating an adversary proceeding as required under Federal Rule of Bankruptcy Procedure 7001.

2. The Trustee further objects to the Motion and the Movant's Proposed Order on the basis that Motion fails to aver compliance with the requirements of section 18 of the Series Distribution Agreement to provide written notice of a material default and a thirty (30) day cure period. Additionally, section 18 limits remedies for breach of the Series Distribution Agreement to obtaining damages at law and prohibits equitable remedies as requested in the proposed Order absent special circumstances as set forth therein. Section 18 of the Series Distribution Agreement is as follows:

> 18. TERMINATION. This Agreement may be terminated by written notice (i) by Sonar or Producer if the other party shall be in material default hereunder and shall have failed to cure such default within thirty (30) days after written notice thereof and (ii) by the Producer in the event Sonar goes into receivership or liquidation or has a receiver, administrator, administrative receiver, liquidator or any other insolvency practitioner appointed to all or part of its assets, or ceases or threatens to cease carrying on business or is unable to pay its debts or has a meeting of creditors held or any arrangement or composition with or for the benefit of its creditors is proposed or entered into.
>
> (a) Except as specifically outlined in this Paragraph, no breach of Sonar's obligations under this Agreement shall entitle Producer to equitable remedies, and Producer agrees that its rights and remedies shall be limited to the right, if any, to obtain damages at law, unless the breach is with respect to Sonar's distribution of the Series in violation of the Rights granted in Paragraph 2, above and/or with respect to a persistent failure to pay or otherwise account to Producer in accordance with the terms of this Agreement, in which case Producer shall be entitled to seek equitable remedies.
>
> (b) If either party has terminated this Agreement pursuant to this Paragraph, within thirty (30) days thereafter, Sonar shall return to Producer, or at Producer's request, destroy all Delivery Materials.
>
> (c) If Producer has terminated this agreement pursuant to this Clause 18, then in such circumstances the Rights licensed to Sonar pursuant to this Agreement, and all other benefits accruing to Sonar hereunder, shall automatically terminate, without further notice.

Accordingly, Movant has no basis for the bankruptcy court to enter Movant's Proposed Order which provides for an affirmative determination of termination of the Series Distribution Agreement by virtue of breach.

3. The Trustee also objects to the proposed Order to the extent it provides for abandonment of property to the Movant. Although Section 554(b) of the Bankruptcy Code does provide for entry of an Order for abandonment, any such Order is an abandonment of property from the Estate in which case such property reverts to the Debtor (not to the Movant) and thereafter Movant upon being granted relief from stay can proceed to exercise remedies, if any, permitted under the Series Distribution Agreement.

4. The Trustee does not object to the entry of a revised Proposed Order in the form attached hereto as Exhibit "B" (the "Trustee's Revised Proposed Order") which is limited to granting the Movant's relief from the automatic stay of 11 U.S.C. §362 to pursue its remedies as permitted under applicable law regarding the Series Distribution Agreement.

WHEREFORE, the Trustee respectfully requests based upon the foregoing Limited Objection that the Movant's Proposed Order not be entered, but rather the Trustee's Revised Proposed Order be entered.

Dated: March 19, 2025
      Wilmington, Delaware

COZEN O'CONNOR

By: */s/ John T. Carroll, III*
    John T. Carroll, III (DE No. 4060)
    1201 N. Market Street
    Suite 1001
    Wilmington, DE 19801
    (302) 295-2028 Phone
    (302) 295-2013 Fax No.
    jcarroll@cozen.com

    *Counsel to George L. Miller,*
    *Chapter 7 Trustee*