# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Hearing Date: April 16, 2025 at 2:00 p.m. ET<br>Objection Date: April 9, 2025 at 4:00 p.m. ET |

### MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BETWEEN CHAPTER 7 TRUSTEE AND FRONTIER COMMUNICATIONS CORPORATION PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), seeking an order from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approving the Settlement Agreement and Release (the "Agreement") entered into by and between George L. Miller in his capacity as chapter 7 trustee for the estate of Screen Media Ventures, LLC and Frontier Communications Corporation ("Frontier", together with the Trustee, the "Parties"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Agreement.    In support of the Motion, the Trustee respectfully avers the following:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

**BACKGROUND**

**A.    The Chicken Soup for the Soul Entertainment Inc. et al Bankruptcy Proceeding**

4. On June 28 and 29, 2024 (as applicable, the "Petition Date"), each of the Debtors, including Screen Media Ventures, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases under chapter 11 (the "Bankruptcy Cases").

5. On July 2, 2024, the Court entered an order [D.I. 73] providing for the joint administration of the Bankruptcy Cases jointly administered under Case No. 24-11442.

6. On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "Conversion Order"). In the Conversion Order, the Court ordered that the Bankruptcy Cases are converted to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. (*See* Conversion Order ¶ 2.)

7. On July 11, 2024, George L. Miller was appointed as the interim chapter 7 trustee of the Estates [D.I. 130]. The meeting of creditors pursuant to section 341 of the Bankruptcy Code was held on August 20, 2024 [D.I. 158].

8. Prior to the Petition Date, the Debtors provided premium entertainment content to value-conscious consumers. The Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, with three flagship streaming services: *Redbox*, *Crackle*, and *Chicken Soup for the Soul*. In addition, through Debtor Redbox Automated Retail LLC, the Debtors operated (i) Redbox Free Live TV, a free ad-supported streaming television service with approximately 180 channels, (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

B. **The Frontier Communications Corporation Bankruptcy Proceeding**

9. On April 14, 2020, Frontier and certain of its direct and indirect subsidiaries and affiliates (collectively, the "Frontier Debtors") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the Southern District of New York, jointly administered under Case No. 20-22476 (the "Frontier Bankruptcy Cases").

10. On August 21, 2020 Frontier Debtors filed their *Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 984] (the "Plan") in the Frontier Bankruptcy Cases.

11. On August 27, 2020, the Bankruptcy Court entered an Order in the Frontier Bankruptcy Cases confirming the Plan and on April 30, 2021, the Effective Date of the Plan occurred and the Plan as consummated.

12. On August 28, 2020, Screen Media Ventures, LLC filed a proof of claim in the Frontier Bankruptcy Cases asserting a general unsecured claim in the amount of $1,375,000.00 based on theories of secondary copyright infringement with respect to movies – ***The Last Full Measure, The Hurricane Heist, And So It Goes, Lone Survivor, 2 Guns, Universal Soldier: Day of Reckoning, Flypaper, The Ledge,*** and ***Beyond a Reasonable Doubt*** (the "SMV Works") [Claim No. 2659] (the "SMV Claim").

13. On May 17, 2021, the Frontier Debtors filed the *Reorganized Debtors' Omnibus Objection to Certain Disputed Copyright Claims* [D.I. 1818] (the "Claim Objection"), seeking, *inter alia*, to disallow and expunge certain claims including the SMV Claim.

## THE AGREEMENT

14. After arm's length negotiations, the Trustee and Frontier have agreed subject to Bankruptcy Court approval to resolve their disputes concerning the SMV Claim on the terms and subject to the conditions set forth in the Agreement in order to avoid the potential costs, risks, and delay of litigation. In summary, the Agreement provides that Frontier will pay certain financial considerations (the "Financial Considerations") to the Trustee in exchange for the Trustee, in his capacity as the trustee for the Estates and Frontier exchanging mutual releases. The Agreement is hereby incorporated by reference into this Motion as Exhibit "A," and is being filed under seal subject to a motion to seal being filed substantially contemporaneously with this Motion.

## RELIEF REQUESTED

15. By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the Agreement attached hereto as Exhibit "A", authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Agreement and providing that the Bankruptcy Court shall retain jurisdiction to enforce the Agreement.

## BASIS FOR RELIEF REQUESTED

16. This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Rule 9019 of the

Bankruptcy Rules grants the Bankruptcy Court authority to approve settlements of claims and controversies after notice and a hearing.[2] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)

17. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

 a. the probability of success in the litigation;

 b. the complexity, expense and likely duration of the litigation;

 c. the possibilities of collecting on any judgment which might be obtained;

 d. all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

 e. whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968). *See also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating

---

[2] Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

5

proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

18. The Agreement and the proposed settlement and compromise embodied therein meet all of the above criteria. If there were no Agreement, the Estates would potentially face complex, time-consuming and expensive litigation litigating the SMV Claim in a trial set to start on May 5, 2025. Such litigation involves inherent risk, with little or no certainty that the Trustee would prevail, potentially leaving the Estates with no recovery. These risks are heightened by virtue of the filing of the Frontier Bankruptcy Cases which increases the prospects of lack of collectability. Furthermore, in making the decision to enter into the Agreement, the Trustee has considered, among other factors: (i) the need and benefit of resolving litigation in an expeditious manner; and (ii) the fact that the Financial Considerations for the Agreement represents a recovery for the Estates. If the Trustee did not prevail in the litigation, the Estates could be potentially liable for Frontier's attorneys' fees and costs per 17 U.S.C. §505.

19. Accordingly, by entering into the Agreement, the Trustee is obtaining a benefit for the Estates while avoiding the expenditure of the Estates' resources to litigate the SMV Claim.

20. Therefore, the Trustee, based upon the exercise of his sound business judgment, respectfully submits that all of the foregoing factors reflect that the Agreement is a fair and equitable settlement which meets or exceeds the required range of reasonableness and should be

approved by this Bankruptcy Court as being in the best interests of the Estates and the Debtors' creditors.

**NOTICE**

21.     The Trustee shall promptly serve a copy of this Motion on: (a) counsel to the Debtors, (b) the United States Trustee, (c) counsel to Frontier, (d) the Debtors' twenty largest unsecured creditors as appearing on the Debtors' filed listing of creditors, and (e) all parties in interest having requested notice to date pursuant to Bankruptcy Rule 2002 (the "Service Parties"). In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order substantially in the form attached hereto approving the Agreement, authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Agreement, and providing that the Bankruptcy Court retains jurisdiction to enforce the Agreement.

Dated:  March 26, 2025
        Wilmington, Delaware

COZEN O'CONNOR

By:     /s/ John T. Carroll, III
        John T. Carroll, III (DE No. 4060)
        1201 N. Market Street
        Suite 1001
        Wilmington, DE  19801
        (302) 295-2028 Phone
        (302) 295-2013 Fax No.
        jcarroll@cozen.com

        *Counsel to George L. Miller,*
        *Chapter 7 Trustee*