## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC, *et al.*, [1] | Case No. 24-11442 (MFW) (Jointly Administered) |
| Debtors. | **Related Doc. No.  597, 598** |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BETWEEN CHAPTER 7 TRUSTEE AND FRONTIER COMMUNICATIONS CORPORATION PURSUANT TO FED. R. BANKR. P. 9019**

**SETTLEMENT AGREEMENT AND RELEASE BETWEEN CHAPTER 7 TRUSTEE AND FRONTIER COMMUNICATIONS CORPORATION**

<span style="color:red">REDACTED PUBLIC VERSION</span>

Dated:  March 26, 2025
       Wilmington, Delaware

COZEN O'CONNOR

By:   /s/ John T. Carroll, III
      John T. Carroll, III (DE No. 4060)
      1201 N. Market Street
      Suite 1001
      Wilmington, DE  19801
      (302) 295-2028 Phone
      (302) 295-2013 Fax No.
      jcarroll@cozen.com

      *Counsel to George L. Miller,*
      *Chapter 7 Trustee*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between Frontier Communications Corporation ("Frontier") and George L. Miller in his capacity as Chapter 7 trustee for the estate of Screen Media Ventures, LLC ("Trustee"). Hereinafter, Frontier and Trustee are referred to collectively as the "Parties."

## RECITALS

**WHEREAS**, on April 14, 2020, Frontier and certain of its direct and indirect subsidiaries and affiliates (collectively, "Debtors") voluntarily filed petitions under Chapter 11 of the United States Bankruptcy Code in the Southern District of New York, jointly administered under Case No. 20-22476 (the "Bankruptcy Case");

**WHEREAS**, on August 21, 2020 Debtors filed their *Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 984] (the "Plan") in the Bankruptcy Case;

**WHEREAS**, on August 27, 2020, the Bankruptcy Court entered an Order in the Bankruptcy Case confirming the Plan;

**WHEREAS**, on April 30, 2021, the Effective Date of the Plan occurred, and the Plan was consummated;

**WHEREAS**, on Aug. 28, 2020, **Screen Media Ventures, LLC** filed a proof of claim in the Bankruptcy Case asserting a general unsecured claim in the amount of $1,375,000.00 based on theories of secondary copyright infringement with respect to movies – *The Last Full Measure, The Hurricane Heist, And So It Goes, Lone Survivor, 2 Guns, Universal Soldier: Day of Reckoning, Flypaper, The Ledge,* and *Beyond a Reasonable Doubt* (the "SMV Works") [Claim No. 2659] (the "SMV Claim");

119055035.1

**WHEREAS**, on May 17, 2021, Debtors filed the *Reorganized Debtors' Omnibus Objection to Certain Disputed Copyright Claims* [ECF No. 1818] (the "Claim Objection"), seeking, *inter alia*, to disallow and expunge certain claims;

**WHEREAS,** on June 29, 2024, **Screen Media Ventures, LLC** and its parent company filed voluntary petitions in the United States Bankruptcy Code in the District of Delaware ("Del. Bankr. Court") for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS,** on July 10, 2024, the Del. Bankr. Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "Conversion Order") effective as of July 10, 2024.

**WHEREAS,** on July 11, 2024, the United States Trustee for Regions 3 and 9 appointed the Trustee (Mr. Miller) as the chapter 7 trustee of the Estates.

**WHEREAS,** following good faith, arms' length negotiations, the Parties have agreed to resolve the SMV Claim on the terms set forth in this Agreement.

**NOW THEREFORE,** in consideration of the promises and mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## TERMS OF AGREEMENT

1.    Settlement Effective Date. This Settlement Agreement shall become effective on the last of the following to occur: (a) it has been duly executed by all Parties; (b) Trustee has received the full amount of the Settlement Payment (as defined herein); and (c) final approval by the Del. Bankr. Court.

2.      <u>No Bankruptcy Court Approval Required</u>. Pursuant to Article VII.B of the Plan,

Frontier is authorized to settle the Claims without further order of the Bankruptcy Court.

However, Frontier acknowledges that Trustee must obtain approval from Del. Bankr. Court.

3.      <u>Settlement Payment</u>. Frontier shall pay or cause to be paid to Trustee within 14

days of the full execution of this Agreement the amount of ▮▮▮▮ (the "<u>Settlement Payment</u>")

in accordance with the payment instructions to be provided by Trustee's counsel.

The settlement amount shall be paid by either: (a) a wire transfer at Frontier's expense to
account to be specified by Trustee by separate communication; or (b) a check made payable to
"<u>Screen Media Ventures, LLC</u>" or "<u>George L. Miller, Chapter 7 Trustee</u>" sent to

George L. Miller
8 Penn Center, Suite 950
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103

Postmark date shall be considered compliance with the Settlement Payment Due Date.  Any
necessary tax reporting by Frontier shall show payment made to Trustee and not Culpepper IP,
LLLC.

4.      <u>Mutual Release</u>. On the Settlement Effective Date, each of the Parties, on its own

behalf and on behalf of its agents, servants, officers, directors, partners, employees, subsidiaries,

divisions, branches, units, affiliates, parents, attorneys, successors, heirs, personal

representatives, and assigns (collectively, the "<u>Releasing Parties</u>") release and shall be deemed to

have released the other of the Parties and each of their present and former agents, servants,

officers, directors, partners, employees, subsidiaries, divisions, branches, units, affiliates to the

extent it is considered an affiliate, parents, attorneys, successors, heirs, personal representatives,

and assigns (collectively, the "<u>Released Parties</u>") from all manners of action, causes of action,

judgments, executions, debts, demands, rights, damages, costs, expenses, and claims of every

kind, nature, and character whatsoever, whether in law or in equity, whether based upon contract,

-3-

statute, regulation, tort, or otherwise, accrued or unaccrued, known or unknown, ripened or unripened, matured or unmatured, liquidated or unliquidated, certain or contingent that the Releasing Parties (individually or collectively) ever had or claimed to have, or now have or claim to have, presently or at any future date, against the Released Parties, based on, relating to, or in any manner arising from, in whole or in part, alleged copyright infringement, including, without limitations, the SMV Claim or any compulsory or permissive counterclaim.  For the avoidance of doubt, this mutual release shall have no effect on the separate claims by any other movie company claimants.  Notwithstanding anything to the contrary in this paragraph, it is expressly understood and agreed that Frontier and Debtors' releases of any agents of **Screen Media Ventures, LLC and Trustee** are strictly limited to their actions on behalf of **Screen Media Ventures, LLC and Trustee** and do not extend to and explicitly exclude any liability they may have for their actions on behalf of others.

5.    Joint Stipulation of Dismissal.  Within five (5) business days of the Settlement Effective Date, the Parties shall submit to chambers and file the Rule 41 joint stipulation for dismissal attached as Exhibit "A".

6.    No Admission of Liability.  This Settlement Agreement is a compromise of a disputed claim and the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by any of the Parties.

7.    Entire Agreement. This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

8.    Voluntary Act. Each of the Parties hereby warrants, with respect to itself only, that (a) it is authorized and empowered to execute this Settlement Agreement (b) it has read this

Settlement Agreement in its entirety and fully understands and accepts the terms set forth herein, (c) it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement, and (d) it is signing this Settlement Agreement of its own free will.

9.      <u>No Assignment</u>. Trustee hereby represents and warrants to Frontier that it has made no assignment, and hereafter will make no assignment, of any claim, cause of action, right of action, or any other right released under this Settlement Agreement.

10.     <u>Execution in Counterparts</u>. It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the date first set forth above.

**FRONTIER COMMUNICATIONS CORPORATION**

Signature: _Mark D. Niel_

By: _Mark D. Nielsen_

Title: _Chief Legal and Regulatory Officer_

**GEORGE L. MILLER, CHAPTER 7 TRUSTEE**

Signature: _George L Miller_

By: _GEORGE L. MILLER_

Title: _Chapter 7 Trustee_

119055035.1

-5-