IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| CHICKEN SOUP FOR THE SOUL ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*, ) | |
| ) | (Jointly Administered) |
| *Debtors*. ) | |
| _____ ) | |

**MOTION TO REQUEST ENTRY OF ORDER ALLOWING
LATE FILED PROOF OF CLAIM AND TO INFORM**

1. Comes now Charles Muszynski, pro se, unobjected party of interest and creditor (hereinafter "Movant"), and respectfully motions to request an entry of order and inform to allow late filing of Proof Of Claim due to the delays and circumstances beyond his control, caused by Debtors' Trustee's "Special Counsel's" actions. Movant repeatedly notified the Trustee and Court of these circumstances, their mounting malignancy, and their cause, the Trustee's "Special Counsel's" actions, inactions, and criminality which requires the following motion to inform the Court and request a late filed proof of claim.

2. The Court was not informed of the 15 May 2025 Nevis Court Order for security for costs of $30,000.00 (Claim No. NEVHCV/20220183 Millennium Funding, Inc. and Ors v AUH2O, LLC and Charles Muszynski), that it was paid, or that payment exceeded the expense cap of $25,000.00, or that the "Special Counsel" had engaged in criminality.

*A. Jurisdiction and venue.*

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

*B. Background.*

4. On 24 June 2024, the "Petition Date", Debtor Screen Media Ventures, LLC ("SMV") and affiliated entities filed voluntary petitions for relief under chapter 11. On 10 July 2024, the Bankruptcy Court entered an Order converting the cases from chapter 11 to chapter 7. On 11 July 2024 the U.S. Trustee appointed George Miller as Trustee.

5. Three years prior, SMV and 38 joined entities, purportedly "represented" by Kerry Culpepper's Culpepper IP, LLLC, ("Culpepper") and Joel Rothman's SRIP Law, LLC's, ("Rothman"), filed fraudulent copyright claims against multiple entities, including Movant. While knowing Movant not a U.S. resident or citizen, as he resided in the Federation of St. Chirstopher and Nevis, the lawyers intentionally made defective service and lied to the S.D. Florida to proceed in their fraud and obtained an unargued, default judgment based fraudulent claims.[1] Internationally recognized as vexatious copyright trolls, the lawyers partnered with German national Benjamin Perino's non-performing entity, PML Process Management Limited, LLC in the Republic of Cyprus to fund their scam, reprising a copyright barratry business that collapsed circa 2018/19 after the prior lawyers, Jonathan Steel and Paul Hansmeier, were incarcerated for decades after their crimes and frauds on U.S. federal courts were revealed, causing Perino to abandon it. Rothman and Culpepper restructured their respective firms' at the same time and reprised

---

[1] Reprised, the scam likewise relies on federal Court Clerk subpoenas to obtains IT firms' subscriber info to which Culpepper mails "settlement offers" threatening a jury trial. Sr. Judge Pregerson, 9th Cir. Court of Appeals, Case #13-55859, 10 years ago exposed it all: Paul Hansmeier v. John Doe, Hansmeier, and Prenda Law partners were incarcerated for decades; Culpepper plays his role in the revised scam: https://youtu.be/m37QqmBU7Dc

Prenda's scam – barratrous copyright trolling based on clerks' subpoenas and extortionate demand letters.

6. The scandalous lawyers' 39 "clients'" were joined in S.D. Florida, including SMV and given an unargued, default judgment for approximately $15,000,000.00 (U.S.D.), *See Millennium Funding, Inc., et al.*, 21-cv-20862-BB (S.D. FL, 25 March, 2022), D.I. 213.

7. After Movant learned he had been illicitly embroiled in the lawyers' champerty scam, unable to obtain U.S. representation to disprove their frauds, Movant filed a chapter 7 bankruptcy, later dismissed on technical issues, D.I. #185, now on appeal in the 1st Circuit Court of Appeals, *Muszynski v. Roman Valentin, Trustee*, Case No. 25-9003.

8. In 2022, years prior to SMV's Petition Date, Culpepper and Rothman introduced Movant's jurisdiction to their champerty and ex parte applied for and were granted a worldwide asset freeze Order against Movant and other entities. To do so, Culpepper knew, should have known, or ignored Debtor's Nevis barristers' advice and proceeded with a claim doomed to fail on multiple grounds that could never to be recognized, registered, domesticated, or collected, See D.I. 8 at 3 (citing *Millennium Funding, Inc., et al. v. AUH2O, LLC, et al.*, Claim No. NEVHCV2022/1083 (Eastern Caribbean Supreme Court in The High Court of Justice in St. Christopher and Nevis, Nevis Circuit); D.I. 9 at 5 (listing same litigation); Bankr. D.I. 552, Transcript of hearing held on 8 January 2025 ("1/8/2025 Tr.") at 8:22-9:10.

9. To obtain the S.D. FL unargued, default judgment, the scandalous lawyers lied to and defrauded the S.D. Florida, willfully making defective service on Movant (PACER shows abuse of process is rampant in their cases). Similarly, on arrival in Nevis, multiple

jailable criminal offenses by the lawyers ensued, violating Ordinances (U.S. Statutory equivalents), Court Rules, and committing fraud on the Court. Upon discovery, Movant reported the crimes to the Royal St. Christopher and Nevis Police Force. Its Chief Inspector for White Collar Crimes investigated, determined crime was committed, and has presented the case to the Federal Government's Director of Public Prosecution.

10. After Trustee entered Movant's matter, Movant repeatedly warned him, his counsel, and the Bankruptcy Court of the lawyers' scandalous barratry business model and unethical practices who, just in S.D. FL, had to repay over $260,000.00 in fees and costs for abusive practice.

11. Before approved as "Special Counsel", Culpepper appeared ex parte in Nevis and fraudulently represented authority to sign papers to "legitimize" his fraud and swore under oath to knowing falsehoods he presented to the Nevis Court.

12. To obtain ex parte asset freeze Order, Ordinance required claimants indemnify any and all damages, if it later determined Order's basis was improper.

13. Nevis Ordinance mandates a calculation for security of fees and costs to be paid in cash in the event a petitioner's ex parte application is flawed, to compensate the respondent(s) and the Nevis Court preliminary ordered $30,000.00 and will shortly require more than $6,100,000.00 to be paid for Culpepper to continue his case.

14. In Nevis, Culpepper falsely claimed the U.S. automatic bankruptcy stay prevents claims against the estates and falsely claimed it barred respondents from defending themselves, including Movant. Culpepper's farcical claim does not stand, opposed to established precedent as the joined Debtors' initiated litigation years prior to bankruptcy.

15. Without license to practice, permission to appear on behalf of "clients" in Nevis, without waivers from any of the 38 other joined entities, likely without having consulted any of the "clients", Culpepper signed on their behalf the signal document initiating their claim, ironically titled the "Certificate Of Truth". Similarly, in Movant's U.S. bankruptcy hearings Culpepper repeatedly volunteered to testify on behalf of his "clients" while in international press articles, Culpepper astoundingly claimed "we do not employ the Prenda Law model", yet many of the same entities and UBOs are his same "clients".

16. Regardless, Culpepper ignored experienced Nevis barristers' counsel that nobody, other than an admitted Nevis barrister or party in a case may sign a Certificate Of Truth and that doing so otherwise is a jailable criminal offense. Regardless, had any Certificate been executed properly, none was served on Movant, a willful malignant service pattern.

17. Fraudulently signing and failing to properly serve the Certificate, Culpepper nonetheless appeared, testified, and filed false affidavits and fraudulently attempted to domesticate the U.S. judgment in Nevis despite, surely, his Nevis barristers' counsel that the application was stillborn, unenforceable, un-noticed and based on an unargued case rooted in fraud, fraudulently obtained, merely a default judgment, reposed in statutory damages, opposed to natural justice and therefore a worthless paper by Nevis standards.

18. The lawyers also flouted Nevis law and Court Rules, unethically and illegally publicized confidential court papers outside proceedings and prior to conclusion, another jailable criminal offense, published in U.S. PACER filings.

19. The lawyers also extorted confidential legal documents from a prior legal firm that represented parties in Movant's case, another jailable criminal offense, and used

them in repeated attempts to extort Movant, another jailable, criminal offense.

20. The *estates and joined parties are liable for the action(s) and inaction(s)* of the "Special Counsel" and Trustee and Movant brought these facts to the Trustee's and Court's attention. Trustee ignored the scandalous histories of the lawyers and engaged "Special Counsel" nun pro tunc to October of 2024 per the Court's January 2025 Order on Retention Application Contract, 28 November 2024, D.I. 508-3.

21. The Order permitted Trustee to pay Culpepper's "law firm" expenses *without Court oversight* nor required oversight for dispersal of recoveries among the 38 joined parties other than SMV (total of 39). The Court's Order was based on Trustee' representations which were based on Culpepper's representations.[2]

22. The Trustee either neglected to perform due diligence to protect creditors or determined joining "Special Counsel's" barratry business, copyright trolling, would benefit the estates and creditors. The "Special Counsel" has, so far, cost estates nearly $100,000.00 and ensnared them in millions for Court liabilities, and respondents' damages. An ex parte grant to proceed required Culpepper "clients" agree to repay damages if the 2022 freezing order was flawed (it was and is). This includes concealed UBO and third-party litigation funding partner Benjamin Perino behind PML Process Management Limited, LLC. 3rd D. DE knows TPLF has "issues", causing Chief Judge Connolly's 18 April 2022 Standing Order Regarding Third-Party Litigation Funding.pdf.

---

[2]Culpepper's "*law firm*" lawyers are Culpepper, his non-lawyer wife who calls IT companies' subscribers demanding payment after "settlement" letters from Court Clerks' subpoenas arrive, and a paralegal who returned her CA law license that writes his briefs. "Special Counsel" in a nearly $1B bankruptcy, including SMV's, and 38 joined entities.

The Trustee's actions married estates' interests with Culpepper's joined parties, TPLF claims, criminal acts, and obligations to respondents' for damages.

23. After Trustee drained approximately $100,000.00 from the estates to subsidize his "Special Counsel's" copyright champerty business (no record explains who paid the $30,000.00) and the trolls' 38 other joined "clients" (one of which is owned by Culpepper and none of which waived objection to Culpepper's representation of SMV), the record proves the only benefits inuring belong to the "Special Counsel", not the estates who, additionally are now married to circumstances the "Special Counsel" presence has caused - $100,000.00 depleted from the estates, $30,000.00 already paid in security for fees and costs, soon more than $6,100,000.00 in additional security for fees and costs, and millions more in damages resulting from Movant's personal claims and like others' due to the fraudulent ex parte freezing order and litigation activity related thereto.

24. Reliant on Culpepper's unsworn hearing statements, without questioning record evidence Movant raised regarding Culpepper's scandalous history, champerty business, crimes in Nevis, or the proposed agreement's depletion of estate funds without Court oversight, and without testimony or evidence to suggest Culpepper might be qualified as a collections lawyer in a foreign country, the Court approved his "Special Counsel". PACER shows Culpepper's copyright cases "settle" when discovery approaches since it is an anathema to his barratry business. The shabby practice, a business run by "Special Counsel" demonstrates why Movant was unable to make timely application for a proof of claim and delayed.

25. Culpepper's principal litigant and third-party litigation funder Benjamin Perino,

the UBO behind PML Process Management Limited, LLC is not mentioned in the Trustee's engagement. Neither does it recognize Culpepper owns 42 Ventures, LLC besides his "law firm"; D.I. 508-3:

P.2:

> "Bankruptcy Cases"), agrees to retain and employ (the "Agreement") the attorneys of Culpepper IP, LLLC, (the "Law Firm"), as its true and lawful attorneys in prosecuting and handling Client's

P.5:

> In the event that Client receives funding from a third party such as a Litigation Funding company agreed upon by Client, which funding shall be subject to approval of the Bankruptcy Court, the Law Firm is permitted to apply funds received from said Litigation Funding company to the above costs.

P.5:

> attorneys in prosecuting such claim. Client understands that Law Firm is licensed in Virginia, Hawaii and the District Columbia, and will have to associate with local counsel for any Civil Actions or litigation filed outside of Hawaii.

P.9:

> Conflicts of Interests
>
> The Law Firm discloses that it represents other film companies such as Millennium Films and Voltage Pictures and other companies associated with the film industry such as 42 Ventures, LLC in connection with infringement claims for monies other than Client's, which infringement claims may be against the same Alleged Defendant Infringers. Law Firm has investigated and is not aware of any conflicts at this point.

26. The Trustee ignored Movant's warnings, ignored the record, ignored or never inquired what "Special Counsel's" Nevis barristers' advised, and instead of investigating, the record shows he relied on Culpepper's Declaration, D.I. 508-3, p.4, ¶10:

> summarized below, and (iii) grant related relief. The Trustee submits this Application in reliance upon the *Declaration of Kerry Culpepper* (the "Culpepper Declaration"), a copy of which is attached hereto as Exhibit B.

It's impossible to believe an experienced Trustee and bankruptcy counsel would not recognize a copyright troll's champerty business does not qualify a lawyer as a collections expert in foreign jurisdictions besides overwhelming record evidence that Culpepper is not only inept at trolling but has failed to collect a penny in four years. Why then has the Court sanctioned Trustee's subsidization of Culpepper's 38 joined "clients"? The Trustee's engagement has no provision for distribution of recoveries among the 39 joined entities and estates' creditors (disregarding zero waivers by any of the joined "clients"). The Trustee's actions continue damaging the estate and creditors' claims and have delayed Movant's timely filing for Proof Of Claim, see D.I. 508, p.6, Sec. C, where adverse interests exist for Culpepper, PML, and 38 joined entities who share in claims:

> **C. Connections and Absence of Adverse Interests**
>
> 17. In reliance upon the Culpepper Declaration, and to the best of the Trustee's knowledge, information, and belief, the Culpepper Firm and its attorneys have no connection with the Trustee, the Estates, the Debtors, their creditors or any other party in interest herein, except as otherwise disclosed in the Culpepper Declaration.
>
> 18. In addition, in reliance upon the Culpepper Declaration, the Trustee submits that the Culpepper Firm has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under section 504(b) of the Bankruptcy Code, and no attorney at the Culpepper Firm is a relative of the bankruptcy judge approving the firm's retention as proscribed by Fed. R. Bankr. P. 5002(a).

27. Trustee's counsel argued Movant was not a creditor (*See* 8 January 2025 Tr.

7:17-8:13) and challenged standing. Movant is unquestionably a Creditor due to Nevis' Order and the significant, continuing damages Culpepper's fraudulent ex parte action that absolutely aggrieved and continues to aggrieve Movant, a Creditor.

*C. The Barton Doctrine Establishes Movant's Late Claim and Right To Sue.*

28. Movant's will forthcoming motion for leave to sue Trustee as Trustee either knew or should have known his "Special Counsel" was committing crimes in Nevis, incompetent in the special purpose for which he was engaged, subject to civil and criminal penalties in Nevis and that, when SMV, the estates, 38 joined entities lose in Nevis, in addition to having already wasted $100,000.00 of the estates' monies, the Nevis Court's Order for security for costs of at least $6,100,000.00 will have been paid in addition to continuously accruing damages to Movant (and likely others).

29. The granting of leave to sue pursuant to Barton Doctrine is likely an unnecessary but conservative request since Culpepper's joined "clients" were married to the estates' interested and had initiated litigation in December of 2022. Out of an abundance of caution and in addition to the prima facia evidence of Trustee's negligence (perhaps malfeasance) regarding the estates, required securities for cost, criminal penalties, and mounting damages, Movant's claim has a clear cut basis.

30. The Third Circuit concluded the *Barton doctrine* remains valid despite changes in bankruptcy law since 11 U.S.C. §323(b) provides a trustee can "sue and be sued", see In Re: Vistacare Group, LLC, et al., Case No. 11-2695. Movant will seek leave to sue Trustee as a *prima facie* case exists showing Movant's claim is "not without foundation" and due to Trustee's clear lack of due diligence, engagement of a "Special Counsel" that

is provably scandalous, incompetent, and criminal in practice and that defrauded this Court ("lawyers" at the "Law Firm", exceeding the expense cap of $25,000.00 without written authorization, concealment of principal litigant PML, preferred payment for fees despite not a preferred creditor, etc.) and the Nevis Court (multiple criminal acts), and Trustee has damaged the estates by subsidizing Culpepper's copyright trolling business.

31. Movant has basis to seek resolution of damages against Trustee, the estates, joined parties, and their representatives. The, in part, prima facia circumstances discussed herein establish Movant's right to sue and allow Movant to do so and are not an abuse of discretion by the Court. Movant repeatedly forewarned of circumstances the Trustee was inviting the estates to enter and that they would collapse and damage Trustee, the estates, their creditors, and their representatives. Movant's motion has clear basis to be granted for late proof of claim caused by Trustee's and his "Special Counsel's" actions.

*D. Claim calculation.*

32. Neither Trustee nor Culpepper informed the Court the $30,000.00 security for costs exceeded the Court's cap for "Special Counsel's" expenses of $25,000.00 or that the $30,000.00 was paid without the Court's written approval contrary to D.I. #508-3, p.4:

> Client authorizes Law Firm to expend, advance, or incur all costs and expenses in an aggregate amount not to exceed $25,000 (the "Expense Cap") subject to the Client providing express written approval to increase such amount reasonably necessary in the prosecution of Client's Claim(s), including costs and expenses for investigators, expert witnesses, other attorneys, research services, internet access and usage, data reporting services, depositions, court costs, pictures, exhibits, travel, preparation of transcripts for appeal, printing or binding of briefs, copying costs, telephone charges, fax charges, legal research charges, subpoenas, etc. Client

33. Culpepper was paid $67,379.81, is not preferred creditor, see D.I. 508, p.3, ¶8. Trustee depleted the estates by nearly $100,000.00. Besides having nothing to show for it, Trustee has married the estates to damages and liabilities in the millions for security of fees and costs in addition to years of mounting personal damages from Movant (and likely other entities).

34. The Nevis Ordinance requires at least an additional $6,100,000.00 in security for fees and costs, as Movant repeatedly warned. Trustee ignored and dismissed Movant as another inarticulate pro se rambler while ignoring Culpepper's crimes, frauds, and failure to make notices to the Court and ask for written authorization, see D. I. 508-3, p.6:

> Client agrees since the Law Firm is being employed on a contingency fee basis that the Law Firm shall not be required to submit or provide an itemization of the time expended in Client's behalf in order to be entitled to the above stated attorney's fee. Client agrees that Law Firm shall

At least $6,100,000.00 in further security will be required to be paid as this Court's Order was based on Trustee's selection of Culpepper's "Special Counsel", D.I. 508-2, p.2:

> 3. The compensation arrangement described in the Application is approved pursuant to section 330 of the Bankruptcy Code.
> 4. The Culpepper Firm is authorized to apply the Unpaid Expenses against the funds in the IOLTA account maintained for Screen Media.
> 5. The Trustee is authorized to pay the Contingency Fees and Expenses to the Culpepper Firm from Cash Recoveries without further order of Court.

35. Culpepper's fraudulent, unargued, default judgment for statutory damages was introduced to Nevis with criminal actions. Culpepper's fraud and criminality inflict continuing damages on Movant that conservatively exceed $1,000,000.00. The joined entities including SMV, estates, Trustee (personally), and likely Culpepper and Rothman

(due to their criminal acts) must be held accountable. And Movant unquestionably has been and continues to be aggrieved by the lawyers' actions, Movant is a creditor, and Movant will pursue litigation, discovery, and recovery…thoroughly.

36. Movant's request for entry of late Proof Of Claim directly results from tortured circumstances stemming from Trustee's actions, ignoring the foreseeable and predicted outcomes of hiring a scandalous "Special Counsel" involved in fraud and criminality after eliminating Court oversight. Culpepper's scandalous business model and vexatious delays and malicious harassment are factors beyond Movant's control and courts have refused to hold him accountable. Movant is a Creditor, is aggrieved, is damaged, and has prima facia has basis for a late filed Proof Of Claim and to seek redress from Trustee.

*E. Basis for relief.*

37. Bankruptcy Rule 9006(b)(1) permits a late filing where the delay was the result of "excusable neglect." Movant's case is not merely "excusable neglect" but a result of Trustee's failures to investigate, act as an ethical fiduciary, not permit a "Special Counsel" to engage in criminal acts or fraudulently create delays. Culpepper must have told the Trustee millions existed, without proof, and lead him into the Nevis Court's beleaguered Order for preliminary security for fees and costs of $30,000.00 and a forthcoming requirement for $6,100,000.00 more. For years, Movant has tolerated Culpepper's U.S. lawfare, vexation, and baseless harassment. Now the Bankruptcy Court and Trustee have been sucked into the rogue lawyer's criminality and barratry business. Culpepper knew or should have known his actions in Nevis were stillborn yet managed to sell an experience Philly Trustee and his counsel on hiring him to cover his costs and risk.

38. Movant has proceeded in good faith and as soon as possible under the standard for excusable neglect and qualifies for a Proof Of Claim. Therefor Movant respectfully requests the Court consider the following regarding delayed submission:

   a) *There is no prejudice to the Debtors*, as the claim relates to ongoing damages created by "Special Counsel" activity that originated prior to Bankruptcy and continues post-petition as was repeatedly disclosed by Movant to the Court, not "Special Counsel" or Trustee, despite their affirmative duties to do so;

   b) *The delay was minimal and Movant promptly filed* his claim upon becoming aware of the Bar Date, its necessity, and criminal actions of "Special Counsel", Nevis' required Ordinance calculations, and notice of the Court;

   c) *The delay resulted from lack of notice or misunderstanding* about the need to file a formal proof of claim, as Movant was already a party of interest, repeated appeared, made prior notice, and the "Special Counsel" ignored ethical duties to cause the Court and Trustee to fail recognizing the claim;

   d) *Movant has acted in good faith throughout*, made no attempt to delay or disrupt the administration of the estate despite numerous attempts by Trustee to thwart Movant's notices and Movant desires to preserve his Creditor rights and to recover damages resulting form "Special Counsel" felonious actions.

39. Movant's delay in filing was minimal and does not prejudice Debtors. Movant is forced to appear pro se while in bankruptcy and unable to afford, much less find, an attorney willing to represent him since, were money even available, no attorney would appear; in one's words (a former Asst. U.S. Atty.'s), the "not with the distasteful presence of that scandalous lawyer around".

40. Movant's interest in the estates for security for fees and costs is exceeded by the damages that have continued since 2021, long before Culpepper's champerty caused him to defraud the Nevis Court to have it issue: Order of the Eastern Caribbean High Court of

St. Chirstopher and Nevis for Security for Costs, Claim No. NEVHCV2022/0183, in re: Millennium Funding, Inc., and Ors. V. AUH2O, LLC).

*F. Relief requested.*

41. Movant respectfully requests:

    a) Entry of an order, substantially in the form attached as Exhibit B, allowing the late-filed proof of claim as timely filed pursuant to Bankruptcy Rule 9006(b)(1) where $30,000.00 and a forthcoming amount of $6,100,000.00 (est.), establish Movant as an aggreived Creditor, and;

    b) Sua sponte the Court require Trustee provide an accounting of the "Special Counsel" transactions on behalf of creditors and ensure estates are not being depleted to underwrite Culpepper's champerty business and crimes, and;

    c) Considering the partial list of negligence, malfeasance, and crimes related to Trustee's "Special Counsel", sua sponte review to determine if circumstances merit removal of either or both Trustee and/or Culpepper given zero positive results, approximately $100,000.00 depleted from estates, Culpepper's criminality, failure to report to the Court, degradation of estates' interests, Trustee's subsidization of "Special Counsel's" barratry and partnering the estates therewith (as it was SMV's business model), and;

    d) For such other and further relief as this Court deems just and proper.

*G. Conclusion.*

42. For years, Movant has been harassed and vexed by rogue, scandalous U.S. lawyers

who, upset Movant cannot be extorted with lawfare and manipulation of court processes for their barratry business, have now defrauded a Nevis Court too. The Trustee either failed to perform due diligence or ignored record facts and chose to expose the estates and put in with "Special Counsel's" barratry business. Movant is aggrieved, a Creditor, and deserves authorization for late Proof Of Claim due to egregious practice, delays, and criminality of Trustee's "Special Counsel".

43. Wherefore, Movant respectfully requests this Court accept Exhibit A, Official Form 104, enter the proposed Order for Proof Of Claim, Exhibit B, and any other relief it deems necessary. Respectfully submitted 31st July 2025:

*[signature]*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The undersigned respectfully submits this filing, certifies it was served on the parties and entities named in the case by way of the Court's CM/ECF system and/or email after courier delivery to the Clerk of Court made on the date below for upload and inclusion in the Court's record as of the date indicated in this submission and certification.

31 July 2025

Respectfully submitted,

*[signature]*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies