## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Re D.I. 665, 666 |

### TRUSTEE'S OBJECTION TO MOTION TO REQUEST ENTRY OF ORDER ALLOWING LATE FILED PROOF OF CLAIM AND TO INFORM FILED BY CHARLES MUSZYNSKI

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby objects to the *Motion to Request Entry of Order Allowing Late Filed Proof of Claim and to Inform* [D.I. 665] (the "Motion") filed by Charles Muszynski.  In support of this Objection, the Trustee respectfully states:

### Background

**A.    Mr. Muszynski's Awareness of the Chapter 7 Cases**

1.    On June 28, 2024 and June 29, 2024 (as applicable, the "Petition Date"), the Debtors commenced the above-captioned cases by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").  On July 10, 2024, the Court entered an order converting these

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

cases to cases under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").  The Trustee was appointed on or shortly after that date, and is now serving as the permanent chapter 7 trustee.

2.      Mr. Muszynski has been aware of, and familiar with, the Chapter 7 Cases since almost their inception.  On July 26, 2024, he sent an email to the Trustee concerning the Chapter 7 Cases, a copy of which is attached hereto as Exhibit "A."  In his email of July 26, 2024, among other things, Mr. Muszynski stated that he had just learned of the Chapter 7 Cases.  On July 29, 2024, Mr. Muszynski filed a document titled *Motion to Inform Notice of Bankruptcy* on the docket in his own personal chapter 7 bankruptcy case, which is pending in the U.S. Bankruptcy Court for the District of Puerto Rico at case No. 23-02870 (MCF).  A copy of this *Motion to Inform Notice of Bankruptcy* is attached hereto as Exhibit "B" [USBC P.R.; D.I. 236].  In it, Mr. Muszynski made multiple references to the Chapter 7 Cases of the Debtors, including references to this Court's then-recently-entered order converting the Debtors' cases from chapter 11 to chapter 7.

3.      Mr. Muszynski went on to communicate with the Trustee or his counsel on a number of other occasions, both via email and on the telephone, as well as to file multiple pleadings in these cases.  In short, Mr. Muszynski has undoubtedly known of the existence of the Chapter 7 Cases since soon after their conversion and, at the very latest, since July 26, 2024.

4.      On September 18, 2024, the general bar date in the Chapter 7 Cases came and went without Mr. Muszynski filing a proof of claim.  This was unremarkable, as he does not possess a claim against any of the Debtors.  In fact, as described below, his relationship with the Debtors is the precise opposite – Debtor Screen Media Ventures, LLC possesses an unsatisfied $225,000 judgment against Mr. Muszynski.

LEGAL\79861144\2 6010823/00617521

**B.** **The Trustee's Retention of Culpepper and the Nevis Action**

5.      On December 6, 2024, the Trustee filed an *Application for Approval of Retention of Culpepper IP, LLLC as Special Copyright Litigation Counsel and for Related* Relief [D.I. 508] (the "Culpepper Application").  The Trustee sought to retain the firm of Culpepper IP, LLLC (the "Culpepper Firm") to pursue certain copyright infringement litigation on behalf of one or more of the Estates, including without limitation a certain action previously commenced by Debtor Screen Media Ventures, LLC in St. Kitts & Nevis (where Mr. Muszynski resides), titled Millennium Funding, Inc. *et al.* v. AUH2O LLC, *et al.*, which is pending at case No. NEVHCV2022/0183 in the Eastern Caribbean Supreme Court, High Court of Justice division, St. Christopher and Nevis, Nevis Circuit (the "Nevis Action").  In the Nevis Action, Screen Media Ventures, LLC's Estate seeks to enforce a certain judgment that this Debtor had previously obtained against Mr. Muszynski in the United States District Court for the Southern District of Florida in the amount of approximately $225,000.

6.      On December 26, 2024, Mr. Muszynski filed an objection to the Culpepper Application [D.I. 524].  On January 8, 2025, the Court held a hearing on the Culpepper Application, at which Mr. Muszynski appeared telephonically.  The transcript of the hearing is attached hereto as Exhibit "C" [D.I. 552].

7.      At the hearing, the Trustee's counsel raised the fact that Mr. Muszynski "is not a creditor, nor is he a party in interest."  See Transcript of Hearing at p.7, 19:20 [D.I. 552].  Mr. Muszynski responded, "And I should also say I may not be a creditor of the estate yet, but when he [Mr. Culpepper] presses the case in Nevis[2] and it loses, they lose, I will become a creditor."  Id. at p.8, 4:6.  The Court then stated, "Well, you're not currently a creditor, Mr. Muszynski.  You

---

[2] Mr. Muszynski was referring to the Nevis Action.

LEGAL\79861144\2 6010823/00617521

have no claim against the estate that's been confirmed by any court or by this Court," to which Mr. Muszynski responded, "Yes, ma'am." Id. at p.8, 10:13.

8.      The Court went on to overrule Mr. Muszynski's objection, and enter an order approving the Culpepper Application [D.I. 547] (the "Culpepper Order").  Mr. Muszynski then filed a notice of appeal of the Culpepper Order with the United States District Court for the District of Delaware (the "District Court") [D.I. 540].  The Trustee filed a motion with the District Court to dismiss the appeal.

9.      On July 22, 2025, the District Court entered an Order dismissing the appeal [Dist. Ct. D.I. 15], together and an accompanying Memorandum explaining its decision [Dist. Ct. D.I. 14].  Copies of the Order and Memorandum are attached, together, as Exhibit "D" hereto.  In its Memorandum, the District Court pointed to the fact that Mr. Muszynski is not a creditor of the Estates, and held, accordingly, that Mr. Muszynski lacked standing to appeal the Culpepper Order. See Memorandum at pp. 4, 7-9.

10.     In responding to an assertion that Mr. Muszynski had made in his pleadings that he held "pending claims" against the Estates, the District Court stated:

> Appellant asserts his "pending claims" against the Debtors' estates, but he points to no proof of claim he has filed against the Debtors nor does he explain how retention of special counsel affects those claims.  It appears that Appellant's "pending claims" are in the nature of possible claims against the Estates that he speculates may arise out of a possible dismissal of the *already filed* Nevis action to recognize and enforce the Judgment. (*See* D.I. 9 at p. 16 of 21[3] (asserting "the Nevis case will be thrown out," and as a result, "costs, fees, and penalties will be assessed to the Estates, the Trustee, and Culpepper.").
>
> Id. at p. 7.

11.     On July 31, 2025 – 316 days after the bar date, and seemingly only in response to the District Court's Memorandum – Mr. Muszynski filed a proof of claim on the claims register

---

[3] D.I. 9 is Mr. Muszynski's response to the Trustee's motion to dismiss the appeal.

LEGAL\79861144\2 6010823/00617521

of Debtor Chicken Soup for the Soul Entertainment, Inc. at claim No. 457 (the "Proof of Claim").

The Proof of Claim asserts a priority claim pursuant to section 507(a)(3) of the Bankruptcy Code

in the amount of $6,130,000.  It attaches no support or explanation of how this amount was derived,

and no explanation for why the claim should be entitled to priority under section 507(a)(3), which

is applicable only to "gap claims" arising under section 502(f) in involuntary cases.  Among other

defects, it does not identify the Debtor against which the claim is asserted.[4]

12.    On that same day, Mr. Muszynski filed his Motion, in which he seeks relief

including entry of an order deeming his Proof of Claim timely filed.  Because Mr. Muszynski is

not entitled to relief under the applicable standard, the Trustee submits that the Court should deny

the Motion.

## Applicable Standard

13.    "Bankruptcy Rule 9006(b)(1) empowers a bankruptcy court to permit a creditor to

file a late claim if the movant's failure to comply with an earlier deadline 'was the result of

excusable neglect.'" Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995) (citing Pioneer

Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 382–84, 113 S.Ct. 1489,

1491–92 (1993).  As this Court recently explained, in its Pioneer opinion:

> The Supreme Court articulated four non-exclusive factors to consider when
> evaluating claims of excusable neglect: (1) "the danger of prejudice to the debtor,"
> (2) "the length of delay and its potential impact on judicial proceedings," (3) "the
> reason for the delay, including whether it was within the reasonable control of the
> movant," and (4) "whether the movant acted in good faith." "The determination
> whether a party's neglect of a bar date is 'excusable' is essentially an equitable one,
> in which courts are to take into account all relevant circumstances surrounding a
> party's failure to file." "All factors must be considered and balanced; no one factor
> trumps the others."

---

[4] In the box at the top of the form for the name of the applicable debtor, Mr. Muszynski inserted only his own name.
Regardless, he does not possess any claims against any of the Debtors.

*In re Boy Scouts of America*, No. 20-10343 (LSS), 2024 WL 5133720, at *2 (Bankr. D. Del. Dec. 16, 2024) (quoting *Pioneer*, 507 U.S. at 382-84, 113 S.Ct. at 1491-92; *Chemetron*, 72 F.3d at 349; *In re Tribune Co.*, No. 08-13141, 2013 WL 5966885, at *4 (Bankr. D. Del. Nov. 8, 2013)).

## Analysis

14.     The Proof of Claim asserts an unsupported and patently invalid priority claim in the amount of $6,130,000.  If this claim were deemed timely filed and allowed, it would obviously have an outsized effect on the Estate of whichever Debtor it were allowed against.  Even if the claim were reclassified to asserted only a general unsecured claim, its effect on the unsecured claims pool would still be outsized.[5]  Accordingly, any Estate would certainly be prejudiced if the claim were to be deemed timely filed and allowed.

15.     Mr. Muszynski waited 316 days after the bar date to file his claim, and over a year from the time when he first learned of the Chapter 7 Cases' existence.  He provides no coherent reason for his delay in filing the Proof of Claim, much less a delay of this length, when all the while he was clearly aware of the existence of the Chapter 7 Cases.  His Motion makes vague references to his delay having been caused by certain actions of the Trustee and the principal of the Culpepper Firm, Kerry Culpepper, Esq.  However, the Motion does not explain what specifically these actions were, or how they prevented him from filing a timely claim.  *See*, *e.g.*, Motion at ¶24 (making unsubstantiated ad hominem attacks on Mr. Culpepper, and concluding, "The shabby practice, a business run by 'Special Counsel' demonstrates why Movant was unable to make timely application for a proof of claim and delayed."); *Id.* at ¶26 (making similar attacks

---

[5] The Trustee intends to file an objection to the Proof of Claim substantially contemporaneously with this Objection.

LEGAL\79861144\2 6010823/00617521

on Mr. Culpepper and the Trustee, and concluding, "The Trustee's actions continue damaging the estate and creditors' claims and have delayed Movant's timely filing for Proof Of Claim.").

16.     Having read the Motion, the Trustee can only conclude that Mr. Muszynski has no reason for his delay.

17.     Given the timing, rather than a good faith assertion of a legitimate claim, Mr. Muszynski's filing of the Proof of Claim appears to have been a reaction to the District Court's dismissal of his appeal on the grounds that he is not a creditor of any of the Debtors.   In its Memorandum, the District Court specifically pointed to the fact that Mr. Muszynski had not filed a proof of claim.   In response – despite having recently informed the Court that he was <u>not</u> a creditor – Mr. Muszynski went ahead and filed the Proof of Claim.   The Trustee suspects that he did so not out of a genuine belief that he is a creditor in these cases (he is not), but rather to cure what he saw as a procedural restraint on his ability to use these Chapter 7 Cases to advance his personal interests and obtain a perceived advantage in the Nevis Action.

18.     This apparent motivation, combined with the fact that the Proof of Claim is patently baseless and devoid of support, lead the Trustee to conclude that the Proof of Claim was not filed in good faith.

19.     For all of these reasons, the Trustee respectfully submits that the Motion should be denied.

### Mr. Muszynski's Additional Requested Relief

20.     In addition to his request that the Court deem the Proof of Claim timely filed, Mr. Muszynski asks the Court to "Sua Sponte require Trustee provide [sic] an accounting of the 'Special Counsel' transactions" and "sua sponte review to determine if circumstances merit removal of either or both Trustee and/or Culpepper." <u>See</u> Motion at ¶41.  These two extraordinary

7

requests are unsupported by any coherent allegations in the Motion or facts of record, and the Trustee does not view them as deserving of any discussion.  However, the Trustee notes his opposition to these requests.

**Mr. Muszynski's Motion to Appear Remotely**

21.    On or about August 26, 2025, Mr. Muszynski filed a Motion to Appear Remotely (the "Motion to Appear Remotely"), [D.I. 666] in connection with the Motion.   Trustee's counsel notified Mr. Muszynski in writing on August 27, 2025 the Trustee does not oppose the Motion to Appear Remotely seeking to permit Mr. Muszynski to appear remotely at the hearing on the Motion.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, in substantially in the form attached: (i) denying the Motion in full with prejudice; and (ii) providing any such other relief as may be appropriate.

Dated:   September 3, 2025                         COZEN O'CONNOR

                                   By:    */s/  Simon E. Fraser*
                                        John T. Carroll, III (No. 4060)
                                        Simon E. Fraser (No. 5335)
                                        1201 N. Market Street
                                        Suite 1001
                                        Wilmington, DE  19801
                                        Tel: (302) 295-2000
                                        jcarroll@cozen.com
                                        sfraser@cozen.com

                                        *Counsel to George L. Miller,*
                                        *Chapter 7 Trustee*