**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| CHICKEN SOUP FOR THE SOUL | : | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., et al.,[1] | : | (Jointly Administered) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**ORDER GRANTING MOTION OF THE INSURERS FOR RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT APPLICABLE, TO ALLOW FOR THE PAYMENT OF DEFENSE COSTS PURSUANT TO POLICIES ISSUED BY INSURERS**
**[Dkt. No. 659]**

Upon the motion (the "Motion")[2] of Federal Insurance Company ("Federal") and Illinois National Insurance Company ("Illinois National," together "Insurers") for entry of an order (this "Order"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1, modifying the automatic stay to the extent necessary to allow Insurers to pay from the available proceeds of the Policies all reasonable and necessary defense costs incurred by the Debtors and other insureds under the Policies, subject to the Policies' terms and conditions and the Insurers' reservation of rights; and this Court having found that the proceeds payable to the Debtors and other insureds under the Policies do not constitute property of the Debtors' estates; and this Court having jurisdiction to consider the Motion pursuant to 28

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified to allow Insurers, without further order of the Court or notice to any party, to pay from the available proceeds of the Policies all reasonable and necessary defense costs incurred by the Debtors and other insureds in connection with the State Action, subject to the terms and conditions of the Policies and the reservation of rights set forth in the coverage letters issued by Insurers.

3. The Insurers are authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

4. Nothing in the Motion or this Order shall (a) affect, impair, prejudice, or otherwise alter the terms and conditions of the Policies, any related agreements, and/or any related reservation(s) of rights provided by the Insurers, the Debtors or other insureds in connection therewith; (b) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of

the Insurers, the Debtors or other insureds under the Policies, any related agreements, and/or any related reservation(s) of rights provided by the Insurers, the Debtors or other insureds in connection therewith; (c) relieve the Debtors and/or their estates of any of their obligations under any insurance policies, including but not limited to the Policies, and related agreements; or (d) preclude or limit, in any way, the rights of any insurers, including, without limitation, the Insurers, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policies, including, without limitation, the Policies, or to otherwise assert any defenses to coverage, and such insurers, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

5. Nothing in this Order shall be interpreted as applying to any rights, claims, demand or requests for relief the Insurers, the Debtors, other insureds, and the chapter 7 Trustee may have, hold or seek in connection with any excess insurance policies or excess insurance coverage.

6. This Order is immediately valid and fully effective upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: September 5th, 2025  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE