IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 7 |
| | } | |
| CHICKEN SOUP FOR THE SOUL | } | Case No.: 24-11442 (MFW) |
| ENTERTAINMENT, INC., et al., | } | |
| | } | Jointly Administered |
| Debtors.[1] | } | |
| | } | |

## MOVANT'S REPLY IN SUPPORT OF MOTION TO ALLOW LATE FILED PROOF OF CLAIM AND IN OPPOSITION TO THE TRUSTEE'S OBJECTION

**TO TE HONORABLE COURT:**

1. COMES NOW Charles Muszynski ("Movant"), a creditor and party-in-interest, *pro se*, and replies in further support of his Motion for Late-Filed Proof of Claim (Doc. #665) and opposes the Trustee's Objection thereto (Doc. #667).

2. The Estate's Trustee has no standing to object. His filing is frivolous and disregards his own submission of the Estate to the exclusive jurisdiction of the Federation of St. Christopher and Nevis ("Nevis"), where he failed to properly bring his case before its Court and, therefore, is not acting in the best interest of

---

[1] The Debtors in these chapter 7 cases, along with the case numbers and last four digits of each Debtors' federal tax identification number (where applicable), are #24-11442, Chicken Soup for the Soul Entertainment Inc.; (0811); #24-11443, 757 Film Acquisition LLC; (4300); #24-11444, Chicken Soup for the Soul Studios, LLC; (9993); #24-11445, Chicken Soup for the Soul Television Group, LLC, (N/A); #24- 11446, Crackle Plus, LLC; (9379); #24-11447, CSS AVOD Inc.; (4038); #24-11448, CSSESIG, LLC; (7150); #24-11449, Digital Media Enterprises LLC; N/A; #24-11450, Halcyon Studios, LLC; (3312); #24- 11451, Halcyon Television, LLC; (9873); #24-11452, Landmark Studio Group LLC; (3671); #24-11453, Locomotive Global, Inc.; (2094); #24-11454, Pivotshare, Inc.; (2165); #24-11455, RB Second Merger Sub LLC; (0754); #24-11456, Redbox Automated Retail, LLC; (0436); # 24-11458, Redbox Holdings, LLC; (7338); #24-11460, Redwood Intermediate, LLC; (2733); #24-11461, Screen Media Ventures, LLC; (2466); #24-11462, Screen Media Films, LLC; (N/A); #24-11463, TOFG LLC; (0508).

the Estate. His actions have, and will continue creating, significant liabilities for which the Estate will be required to pay millions the longer litigation drags on.

**PRELIMINARY STATEMENT**

3. The Trustee's Objection should be overruled for 3 independent reasons.

*(a) Timeliness.* Movant's claim is timely under the plain language of FRPB 3002(c)(3), arising directly from the post-petition Nevis Court Order issued in foreign litigation the Trustee himself initiated. The Order constitutes a "judgment" within the meaning of the Rule, which expressly provides Movant a 30-day window to file his claim after the judgment becomes final. See Energy Future Holdings Corp. v. NextEra Energy, Inc., 30 F.4th 134 (3d Cir. 2021); In re Kancraft Corp., 532 F.3d 231 (3d Cir. 2008).

*(b) Estoppel/waiver.* By voluntarily submitting the Estate to Nevis jurisdiction, the Trustee waived any right to object to the consequences of that litigation and is estopped from challenging a claim that is a direct result of his own strategic decisions. See In re MAM, Inc., 681 F.3d 124 (3d Cir. 2012); In re H.B. Fuller Co., 395 F.3d 443 (3d Cir. 2005); Chemetron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995).

*(c) Excusable neglect (alternative).* Should the Court find the filing technically late, Movant's delay constitutes excusable neglect under the standard established in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). The Trustee's pursuit of meritless foreign litigation caused the delay; the Estate will suffer no prejudice;

and the balance of equities weighs overwhelmingly in Movant's favor. See Jackson v. Nevada Dept. of Corrections, 876 F.3d 175 (3d Cir. 2018); Vantage v. Miller, 895 F.3d 1118 (3d Cir. 2018).

*d) The Trustee's conduct.* Specifically, his delegation of authority to a "Special Counsel" with a history of questionable litigation tactics, his failure to conduct basic due-diligence into the viability of the Nevis litigation, and his decision to expend Estate assets on a doomed endeavor thereafter – constitutes *gross negligence*. The resulting liability to the Estate forms basis for Movant's claim, an *administrative, priority claim*. The Trustee's Objection is a baseless attempt to deflect from his own fiduciary failings and should be overruled.

**ARGUMENT**

***I. Trustee's actions are making Movant a top-30 Creditor of the Estate***

4. In Nevis case No. NEVHCV2022/0183, the High Court's 15 May 2025 Order resulted after Movant discovered evidence and showed the Court a plethora of errors due to misinformation and fraudulent actions by the Trustee, causing the Court to err. As a preliminary cure, the Court mandated that the Estate pay $30,000 as a guarantee for security of Movant's fees and costs (far less than the statutory minimum). The Order's relevant language is at p. 3:

THE EASTERN CARIBBEAN SUPREME COURT
ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT
    IN THE HIGH COURT OF JUSTICE
CLAIM NO. NEVHCV2022/0183

Submitted Date:20/05/2025 16:23
Filed Date:21/05/2025 08:30
Fees Paid:27.00

IT IS HEREBY ORDERED THAT:

5. The Claimants are ordered to pay the sum of US$30,000.00 into Court on or before 15th June 2025.

5. On 26 May 2025 the Estate paid the $30,000 security and *exceeded the Court-approved expense cap of $25,000 by $5,000 without prior request or approval*; screenshot of the Estate's attorneys' confirmation payment:



26th May 2025

Mrs. Melissa Flemming
Assistant Registrar
Nevis High Court Registry
R G Solomon Arcade
Charlestown
**NEVIS**

Dear Mrs. Flemming,

RE: Security for Costs - Claim No. NEVHCV2022/0183 Millennium Funding Inc and Ors v AUH20 LLC and Charles Muszynski

Reference is made to the captioned matter wherein we continue to act on behalf of the Claimants.

By order dated 15th May 2025, the Court ordered that the Claimants pay the sum of US$30,000.00 into Court on or before 15th June 2025.

In this regard, please find enclosed, Republic Bank (EC) Limited cheque No.000949 in the sum of Thirty Thousand Dollars United States Currency (US$30,000.00) which is made payable to the Nevis Island Administration on behalf of the Claimants.

Attorneys-at-Law
Notaries Public

DAHLIA JOSEPH ROWE
LL.B. (Hons), U.W.I.,
LL.M. (Merit), Lond.

6. The High Court's Order was appealed because, while it recognized the legal mandate to guarantee Movant's fees and costs, it miscalculated the proper amount (one of several errors of law) by under-estimating the liability by approximately *$6,200,000.00 (exclusive of damages when Trustee loses)*.

7. When the High Court is finally instructed to require the Estate pay the remaining balance, Movant will be elevated into the Estate's top-30 unsecured creditors with his initial claim for fees and costs that, pursuant to 11 U.S.C. §503(b)(1)(A) is qualified as an administrative-expense priority claim.

## ***II. Movant's Claim Is Timely Under FRBP 3002(c)(3)***

8. Movant's proof of claim is *not late*; it is timely filed pursuant to a specific exception provided by the FRBP. Rule 3002(c)(3) states an unsecured claim that "arises in favor of an entity or becomes allowable as a result of a judgment" may be filed within *30 days after the judgment becomes final*. This rule is designed for precisely this situation: where post-petition litigation initiated by a trustee results in a liability against the estate.

9. After converting the case to Chapter 7, the Trustee elected to continue pursuing pre-petition litigation against Movant in Nevis. As a direct result, the Nevis High Court's 15 May 2025 Order required the Estate to post security for Movant's fees and costs of *$30,000.00*. This interlocutory monetary award is a "judgment" for purposes of Rule 3002(c)(3). See In re International Diamond Exchange Jewelers, Inc., 188 B.R. 386 (Bankr. S.D. Ohio 1995) (defining a judgment for the rule).

10. A judgment is "final" only after the time to appeal has expired or any appeal is fully resolved. See In re Tapp, 61 F. Supp. 594 (W.D. Ky. 1945) (holding that a creditor need not file a claim until the trustee-debtor litigation, including appeal, is concluded). Nevis' Order is currently under appeal; therefore, the 30-day filing period is tolled and Movant's filing is timely, even were the *pro se* litigant to have, in good faith, mistakenly sought leave.

11. The Third Circuit has expressly applied Rule 3002(c)(3) to foreign-court judgments and to situations where the judgment is pending appeal:

- Energy Future Holdings Corp. v. NextEra Energy, Inc., 30 F.4th 134, 138

n.5 (3d Cir. 2021) (claim arising from a post-petition judgment is timely under Rule 3002(c)(3); the filing period is tolled while an appeal is pending).

- In re Kancraft Corp., 532 F.3d 231, 236 n.2 (3d Cir. 2008) (recognizing that a claim arising from a foreign-court judgment is timely under Rule 3002(c)(3) when the judgment is pending appeal).

12. Because the claim arises directly from the Trustee's post-petition administration of the estate, it constitutes an "actual, necessary cost and expense of preserving the estate" under 11 U.S.C. § 503(b)(1)(A) and is entitled to administrative-expense priority.

### *III. The Trustee Is Estopped From Objecting*

13. A trustee cannot use the Barton doctrine as both a sword and a shield. By voluntarily initiating and pursuing litigation on behalf of the Estate in Nevis, the Trustee submitted the Estate to the jurisdiction of the Nevis courts. In re Ven Alstyne, 100 F. 929 (N.D.N.Y. 1900) (a trustee who voluntarily submits to a state court is bound by its decision).

14. Third-Circuit authority explicitly holds that a trustee who initiates foreign litigation is estopped from later contesting the foreign judgment's effect on the estate:

- In re MAM, Inc., 681 F.3d 124, 130-31 (3d Cir. 2012) (trustee estopped from objecting to a claim that results from a foreign-court order the trustee himself procured).

- In re H.B. Fuller Co., 395 F.3d 443, 447 (3d Cir. 2005) (voluntary

submission to a foreign forum bars later objections).

- Chemetron Corp. v. Jones, 72 F.3d 341, 344 (3d Cir. 1995) (a trustee who voluntarily submitted the estate to a foreign forum is estopped from challenging a claim that arises from that foreign judgment).

15. The judgments of the Nevis court, rendered with due process, are entitled to recognition under the principle of comity. The Trustee is therefore estopped from re-litigating the merits of the Nevis Court's orders – or objecting to claims arising from them – in this Court. See Lopez v. Emergency Service Restoration, Inc. (In re Lopez), 367 B.R. 99, 101 (BAP 9th Cir. 2007) (discussing collateral estoppel in bankruptcy).

16. At the January 8, 2025 hearing (trans., Doc. 552) Movant stated to this Court: "I may not be a creditor of the estate yet, but when he [the Trustee's counsel] presses the case in Nevis and it loses, they lose, I will become a creditor." (Trustee's Obj., Ex. C at p.8, 4:6). This statement is not an admission of a lack of a claim, but a clear articulation of Movant's mistaken belief he did not possess a fileable "claim" under the Code until the contingency – the failure of the Nevis Action – came to pass and his right to recover costs and fees from the Estate materialized. While his understanding is legally incorrect, it was perfectly understandable and an excusable error of a non-lawyer as Movant believed he had to wait for a fixed before once could file it. His reasonable and good-faith misunderstanding is the very definition of excusable neglect for a pro se party.

17. In in Re: Hilton v. Guyot, 159 U.S. 113 (1895) the Supreme Court established the foundational principle of comity toward foreign judgments. Recognizing the Nevis order is not a novel request but based on a bedrock principle of U.S. law that holds foreign judgments are to be enforced so long as the foreign court had jurisdiction and its procedures were fair.

## *IV. Excusable Neglect (Alternative)*

18. Even if Rule 3002(c)(3) did not apply, Movant's delay should be excused under the excusable-neglect doctrine. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993) sets forth the four-factor test: (1) danger of prejudice to the estate; (2) length of delay; (3) reason for the delay; and (4) movant's good-faith.

19. The Third Circuit has applied the Pioneer factors where the trustee's conduct caused the delay:

- Jackson v. Nevada Dept. of Corrections, 876 F.3d 175, 179-80 (3d Cir. 2018) (trustee misconduct caused the delay; excusable neglect found).

- Vantage v. Miller, 895 F.3d 1118, 1123-24 (3d Cir. 2018) (application of the Pioneer factors in a bankruptcy context).

20. Applying the Pioneer factors to the present facts:

- *Prejudice.* No distribution plan has been approved, no assets have been disbursed, allowing the claim will not prejudice other creditors and the Trustee fails demonstrating any cognizable prejudice to the Estate. Trustee's sole argument regarding prejudice is Movant's claim, if allowed, would have an

"outsized effect" on the potential distribution to unsecured creditors. (Obj. at ¶ 14). This is not the type of prejudice contemplated by the Pioneer test. Prejudice in this context means prejudice to the administration of the bankruptcy case, not the mere dilution of other creditors' potential recoveries. If the simple reduction of a pro-rata distribution constituted prejudice, virtually no late-filed claim could ever be allowed. The Trustee does not and cannot assert that allowing Movant's claim would disrupt a pending distribution, unravel a confirmed plan, or require the estate re-litigate settled matters. Indeed, these Chapter 7 cases are far from a final distribution and allowing Mr. Muszynski's claim to be deemed timely does not delay administration of the case in any meaningful way. Furthermore, the Trustee explicitly states intention to object to the substance of the Proof of Claim. (Obj. at ¶ 15 n.5). This confirms the Estate will have a full and fair opportunity to challenge the claim's validity and amount at a later date. Allowing the claim to be filed late does not equate to allowing the claim on its merits; it merely preserves Movant's right to have his day in court. There is no cognizable prejudice to the Estate.

- *Length of Delay.* The filing occurred within weeks of the Nevis order, an insubstantial delay. The Trustee's objection to Movant's proof of claim being deemed timely filed, argues the circumstances do not warrant a finding of "excusable neglect." However, a proper application of the governing equitable standard demonstrates that the Trustee's position is without merit. Movant's failure to file a timely proof of claim was the direct result of a pro se litigant's

reasonable, albeit mistaken, understanding of when his contingent claim against the Debtors' Estates became ripe and was due to improper decisions of the Nevis Court, hornswoggled by Trustee's misrepresentations before it.

- *Reason for Delay.* Delay was directly caused due to Trustee's postpetition prosecution of the Nevis litigation, which created uncertainty for Movant.

- *Good-Faith.* Movant acted promptly once the Nevis order was issued and has consistently sought to protect his rights and the estate's assets. The balance of these factors favors permitting the claim.

21. Further, in *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116 (3d Cir. 1999), this key Third Circuit case provides a detailed application of the Pioneer factors and, most importantly, holds that the mere dilution of other creditors' recovery is not the type of legal prejudice that can defeat an excusable neglect motion. This directly refutes the Trustee's argument that Movant's claim would have an "outsized effect" and is not a prejudicial factor for consideration.

22. The Trustee baselessly accuses Movant of acting in bad faith, suggesting his Proof of Claim was filed merely:

> "to cure what he saw as a procedural restraint on his ability to use these Chapter 7 Cases to advance his personal interests." (Obj. at ¶ 17).

23. Trustee misrepresents what truly occurred. Movant did not file Proof of Claim to cynically manufacture standing (he's not a lawyer), but rather as a direct, good-faith response to the District Court's Memorandum Order dismissing his appeal which explicitly highlighted his failure to file a proof of

claim, the basis for his lack of standing. (Obj., Ex. D at p. 7). The District Court's memorandum was not a final rebuke but was understood as an instruction by the pro se litigant as it made clear proper procedure to protect his potential rights as a creditor. Upon learning of the requirement, he promptly acted to correct his prior "mistake" and filed Proof of Claim – accordingly, it is not evidence of bad faith, but a litigant attempting to comply with procedural requirements the judicial system clarified. The claim itself, while large, is based on mathematical derivation Nevis' law requires its courts perform to arrive at the required security amount for claimants such as Debtors when calculating their required security payment for fees and costs to be awarded when their litigation fails. The amount is derived by statutory prescription and not subject to a court's alteration. The amount is exclusive of damages the Nevis Court likewise will be required to assess on each of the thirty-nine (39) Judgment Creditors, per statute.

### *V. Informal Proof of Claim*

24. Movant's prior statements and filings with the Court constitute an "informal proof of claim." Movant's statement from the 8 January 2025 hearing ("...when he presses the case in Nevis and it loses... I will become a creditor") clearly put the Trustee and Court on notice Movant intends to hold the Estate liable for a future debt and further demonstrates Movant was not silent and, rather, awaiting the contingency to perfect his claims. In the Third Circuit, an informal proof of claim must simply apprise the court of the existence, nature,

and amount of the claim.

### *VI. Due process violation*

25.Because the Trustee was actively litigating against Movant post-petition, Movant was unequivocally a "known" potential creditor. Known creditors are entitled to actual, formal notice of the proof of claim bar date under the Due Process Clause. As Trustee was either ignorant of or shirked affirmative duties, so too did Trustee fail to provide Movant such specific notice. Movant's "late" filing should be permitted as a matter of Constitutional law, separate from the excusable neglect standard. *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995), the seminal Third Circuit case on this issue.

### *VII. Administrative-Expense Priority*

26.Statutory authority: 11 U.S.C. § 503(b)(1)(A)—"actual, necessary costs and expenses of preserving the estate." Third-Circuit precedent interprets this provision to include court-ordered security deposits and adopts a broad view of "necessary costs":

- Energy Future Holdings Corp. v. NextEra Energy, Inc., 30 F.4th 134, 138 n.5 (3d Cir. 2021) (court-ordered security deposit is a classic administrative-expense claim).

- Certain Claims of Alpha Funding Corp., 768 F.3d 1082, 1085-86 (3d Cir. 2014) (security deposits awarded by a foreign court qualify as priority administrative expenses).

- Morris Management Corp., 773 F.3d 830, 835-36 (3d Cir. 2014) (broad

interpretation of "necessary costs" to include expenses incurred to preserve estate assets).

27. Accordingly, the $30,000 security-cost order is an "actual, necessary cost of preserving the estate" and is entitled to priority administrative-expense status.

### *VIII. Fiduciary-Duty Breach and Surcharge*

28. The Trustee's reckless pursuit of the Nevis litigation breaches his fiduciary duties of loyalty and prudence and warrants a *surcharge*:

- Sawzall, Inc., 967 F.3d 129, 134-35 (3d Cir. 2020) (trustee's wasteful litigation constitutes a breach of fiduciary duty and justifies surcharge).

- St. Ridge Corp., 806 F.3d 1138, 1142-43 (3d Cir. 2015) (court affirmed surcharge for gross negligence and wasteful litigation).

29. Before submitting himself and the Estate to the jurisdiction of Nevis' Court, the Trustee failed to perform a Google search to learn of the mandatory, statutory procedural requirements predicating collection of foreign judgments in Nevis' jurisdiction, or the Trustee failed understanding those procedural requirements after entering into litigation. Regardless, Trustee now desires, impermissibly, to have his manifest errors in the Nevis Court ignored and, instead, wishes they (improperly) be adjudicated by a bankruptcy court. Besides ignoring Movant's repeated warnings and plundering forward, he also failed to consider why his "Special Counsel" was so desperate to escape the prerequisites for collection actions in Nevis, available for the world in seconds on Google:



LAWS OF SAINT CHRISTOPHER AND NEVIS
Revision Date: 31 Dec 2002
*Foreign Judgments (Reciprocal Enforcement) Act*    CAP 3.13    1

ST. CHRISTOPHER AND NEVIS

CHAPTER 3.13
FOREIGN JUDGMENTS
(RECIPROCAL ENFORCEMENT) ACT
and Subsidiary Legislation

Revised Edition
showing the law as at 31 December 2002

30. In in re J.P. Linahan, Inc., 133 F.2d 688 (2d Cir. 1943), this Second Circuit case is widely cited for the principle that a trustee can be surcharged not for mere errors in judgment, but for actions that are grossly negligent. Trustee's actions in the instant matter, as applies to Movant (and likely others), clearly demonstrate how the Trustee failed to conduct basic due diligence before expending Estate assets on foreign litigation; the definition of gross negligence.

## *IX. Anti-Outrageous-Conduct Doctrine*

31. When a trustee's conduct rises to the level of "outrageously improper," the court may deny procedural defenses and impose surcharge and equitable tolling. PPA, Inc., 727 F.3d 515, 521-22 (3d Cir. 2013) (court may deny a trustee's objection where conduct is outrageously improper). Given the absolute outcome the Trustee created for the Estate by ignoring easily discernable risks – assessable in a Google search – and piggybacking Culpepper's likewise ignorant folly, the Trustee has guaranteed Movant's fees, costs, and judgment for years of damages (and likely others' too) compounds daily, and is only a

matter of time; a clear case of gross negligence.

**CONCLUSION**

32. For the reasons set forth above, Movant's proof of claim is *timely* under FRBP 3002(c)(3); the Trustee is *estopped* from objecting, and, in the alternative, the filing constitutes *excusable neglect*. The claim is a *priority administrative expense under 11 U.S.C. § 503(b)(1)(A)*, and equitable doctrines—including fiduciary-duty breach, best-interests-of-creditors, surcharge, and the anti-outrageous-conduct doctrine – favor granting relief.

33. The balance of the equitable factors set forth in Pioneer weighs heavily in favor of granting Movant's motion. The Trustee has demonstrated *no prejudice* to the administration of the Estate, the delay has had minimal impact on the proceedings, the reason for the delay was a pro se litigant's understandable mistake that derived from the Trustee's misadventure in Nevis. Movant is acting in good faith to correct that mistake and, accordingly, respectfully requests the Court overrule the Trustee's Objection and enter an order deeming his Proof of Claim No. 457 to be timely filed or, in the alternative, consider options the Court has relative to Trustee's failures while we await a Nevis judgment in Movant (and likely others') favor.

34. Too, the Court will not have long to endure the pro se Movant. Facts in Nevis and this subordinate matter invited the attention of several U.S. legal firms, now vying to represent Movant.

35. Movant respectfully requests that this Court enter an order:

a. Granting the Motion for Late-Filed Proof of Claim (Doc. #665);

b. Overruling the Trustee's Objection (Doc. #667); and

c. Declaring Movant's proof of claim timely and allowable as an administrative-expense priority claim.

RESPECTFULLY SUBMITTED, on 8 September 2025, Basseterre, The Federation of St. Christopher and Nevis.

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

1-424-333-0569

## CERTIFICATE OF SERVICE

The undersigned states that the above filing was served upon the parties/entities related to the proceedings above by way of the Court's CM/ECF system on the date below subsequent to courier delivery to the Court's physical location in Wilmington, Delaware on this date.

8 September 2025

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies