# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Re D.I. 665, 667, 672 |

**TRUSTEE'S MOTION FOR LEAVE TO FILE SURREPLY TO MOVANT'S REPLY IN SUPPORT OF MOTION TO ALLOW LATE FILED PROOF OF CLAIM FILED BY CHARLES MUSZYNSKI AND IN OPPOSITION TO THE TRUSTEE'S OBJECTION**

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors") files this Motion for leave to file a surreply (the "Motion for Leave") to Charles Muszynski's *Reply in Support of Motion to Allow Late Filed Proof of Claim and in Opposition to the Trustee's Objection* [D.I. 672] (the "Reply"). A copy of the Trustee's proposed surreply (the "Surreply") is attached hereto as Exhibit "A." In support of his Motion for Leave, the Trustee respectfully states:

1. In his Reply, Mr. Muszynski made reference to a certain order dated May 15, 2025 (the "Nevis Order") entered in the Nevis Action[2] by the Eastern Caribbean Supreme Court, High Court of Justice division, St. Christopher and Nevis, Nevis Circuit (the "Nevis Court"). The Reply

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Trustee's *Objection to Motion to Request Entry of Order Allowing Late Filed Proof of Claim and to Inform Filed By Charles Muszynski* [D.I. 667].

includes a cutting-and-pasting, out of context, of one particular line from the Nevis Order. See Reply at ¶4. The Reply neither attaches nor "pastes in" the complete order, which contains two full pages of text.

2. The Trustee seeks leave to file the Surreply in order to provide the Court with a copy of the complete Nevis Order, which is attached to the Surreply as Exhibit "A, as well as some brief background of how the Nevis Order came to be entered.

3. It is fully within the Court's discretion to grant leave to file a surreply where, as here, it will "allow the Court to more fully and fairly evaluate [a] pending motion." St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co., 291 F.R.D. 75, 80 (D. Del. 2013). Leave to file a surreply is typically granted "where the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief." EMC Corp. v. Pure Storage, Inc., 154 F. Supp. 3d 81, 103 (D. Del. 2016). Surreplies have been permitted to address the opposing party's "interpretation and application" of "previously uncited legal authority." St. Clair Intellectual Prop. Consultants, Inc., 291 F.R.D. at 80; see also EMC Corp., 154 F. Supp. 3d at 103 (granting plaintiff leave to file a surreply even though defendant's reply "did not contain 'new' argument" because the "reply undoubtedly raised legal arguments that [plaintiff] did not have an opportunity to rebut and relied on case law not cited in [defendant's] opening brief").

4. In addition, the Court's authority under section 105(a) of the Bankruptcy Code allows it to issue any order that "is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

5. Mr. Muszynski's Reply selectively includes only one line excised from a much longer and broader order, to attempt to give the Court the false impression that the Nevis Court has entered a "judgment" against the Estate of Screen Media Ventures, LLC ("Screen Media

Ventures"). As explained in the Surreply, this notion is absolutely false, and has no basis in reality. Accordingly, the Trustee respectfully submits that leave to file the Surreply is appropriate under the circumstances, so that the Court may have before it a complete copy of the Nevis Order and a brief summary of the background of how that order came to be entered.

### Notice

6. Notice of this Motion for Leave has been provided to Mr. Muszynski.

WHEREFORE, the Trustee respectfully requests that the Court: (i) enter an order in substantially the attached form granting leave to file the Surreply; and (ii) grant such other relief as may be just and proper.

Dated: September 10, 2025

COZEN O'CONNOR

By: _/s/ Simon E. Fraser_
John T. Carroll, III (No. 4060)
Simon E. Fraser (No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2000
jcarroll@cozen.com
sfraser@cozen.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*