IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Re D.I. 665, 667, 672 |

**TRUSTEE'S SURREPLY TO MOVANT'S REPLY IN SUPPORT OF MOTION TO ALLOW LATE FILED PROOF OF CLAIM FILED BY CHARLES MUSZYNSKI AND IN OPPOSITION TO THE TRUSTEE'S OBJECTION**

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors") files this Surreply to Charles Muszynski's *Reply in Support of Motion to Allow Late Filed Proof of Claim and in Opposition to the Trustee's Objection* [D.I. 672] (the "Reply"), and respectfully states:

1.  In his Reply, Mr. Muszynski made reference to a certain order dated May 15, 2025 (the "Nevis Order") entered in the Nevis Action[2] by the Eastern Caribbean Supreme Court, High Court of Justice division, St. Christopher and Nevis, Nevis Circuit (the "Nevis Court"). The Reply includes a cutting-and-pasting, out of context, of one particular line from the Nevis Order. See

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

[2] Capitalized terms not otherwise defined herein shall have the meanings provided in the Trustee's *Objection to Motion to Request Entry of Order Allowing Late Filed Proof of Claim and to Inform Filed By Charles Muszynski* (the "Objection") [D.I. 667].

Reply at ¶4. The Reply neither attaches nor "pastes in" the full order, a complete copy of which the Trustee attaches to this Surreply as Exhibit "<u>A</u>".

2. Mr. Muszynski cherry-picked this single line to attempt to give the Court the false impression that the Nevis Court has entered a "judgment" against the Estate of Screen Media Ventures, LLC ("<u>Screen Media Ventures</u>"). This notion is the absolutely false, and has no basis in reality. In fact, the opposite is true – it is Screen Media Ventures that possesses a judgment against Mr. Muszynski, in the amount of approximately $225,000. Mr. Muszynski has devoted considerable effort to evading Screen Media Ventures' collection attempts, with the Nevis Action being the latest such attempt.

3. The single line from the Nevis Order that Mr. Muszynski pasted into the Reply is a reference to a certain security bond that the Culpepper Firm recently posted in accordance with the Nevis Court's applicable rules, due to the fact that the plaintiffs in the Nevis action, including Screen Media Ventures, are not residents of that jurisdiction. The Nevis Action includes a number of different plaintiffs, and the bond was attributable to all of them. Screen Media Ventures' share of the bond is $453.78.

4. The substance of the Nevis Order was in fact to award costs <u>in favor</u> of the plaintiffs, including Screen Media Ventures, and <u>against Mr. Muszynski</u>, in connection with Mr. Muszynski's prior unsuccessful attempt to set aside the world-wide freeze of his assets. The bond referenced in the single line cut-and-pasted by Mr. Muszynski referred only to the procedural requirement that the plaintiffs post a bond in connection with the Nevis Court's award of costs in favor of the plaintiffs and against Mr. Muszynski.

**Notice**

5.     A copy of this Surreply has been provided to Mr. Muszynski.

WHEREFORE, for the reasons stated above and in the Trustee's Objection, the Trustee respectfully requests that the Court deny Mr. Muszynski's Motion in full and with prejudice.

Dated: September 11, 2025

COZEN O'CONNOR

By:   /s/ *Simon E. Fraser*
John T. Carroll, III (No. 4060)
Simon E. Fraser (No. 5335)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2000
jcarroll@cozen.com
sfraser@cozen.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*