IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>Related Doc. No.   677 |

## STIPULATED PROTECTIVE ORDER

Whereas, George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), considers certain documents in his possession to be confidential, including, *inter alia*, sensitive personally identifiable information of certain former employees of the Debtors, and therefore, desires entry of a protective order limiting the use, access to and disclosure of such information and documents to the entered; and whereas the Court having been advised that the Trustee, the Illinois Department of Labor ("IDOL"), Chicken Soup for the Soul LLC ("CS LLC") and William Rouhana (individually, a "Party" and collectively, the "Parties") have stipulated and agreed to the entry of this Stipulated Protective Order; and the Court otherwise being fully informed;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

**IT IS HEREBY ORDERED** that, pursuant to 11 U.S.C. § 107(c), the production and use of documents and information produced or made available to IDOL, CS LLC, and William Rouhana by the Trustee shall proceed in accordance with the following terms:

## I. SCOPE OF THE ORDER

A. **Scope of Order:** This Order applies to all documents (and the contents thereof) served, transmitted, or produced by the Trustee to the IDOL, Mr. Rouhana and CS LLC, whether voluntarily or through discovery issued by such receiving Parties, in connection with any IDOL matter(s).

## II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

A. **Confidential Designation:** The Trustee may designate material produced to the IDOL (including paper or electronic documents and written discovery responses) as "Confidential" if the Trustee believes in good faith, and after reasonable inquiry, that such material includes personally identifiable information of the Debtors' former employees (such information, "PI Information").

B. **Persons Eligible to View Confidential Information:** Only Qualified Persons are authorized to view PI Information and such "Qualified Persons" are limited to the following:[2]

1. Attorneys and employees of the IDOL;
2. James Derrick and counsel of record in the above-captioned bankruptcy case for CS LLC and Mr. Rouhana, and secretaries, paralegals, law clerks and support staff employees to whom, in the opinion of the attorney of record for the receiving Party, it is necessary that the information be disclosed for purposes of this litigation.

---

[2] For the avoidance of doubt, the Trustee, as the disclosing party, is not subject to the viewing, disclosure or use restrictions of this Protective Order.

3. Any former employee of the Debtors, and his or her attorney of record, who is the subject of PI Information, except that such employee may not view PI Information of other employees;

4. Any other person who is designated as a Qualified Person by Order of this Court, or who, by written agreement of the Parties, is designated as a Qualified Person. Any person designated under no. (4) must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other Party before access is allowed to the Confidential information.

C. **Method of Designation:** All Information produced in this matter shall be accorded the protections of this Protective Order if affirmatively designated as "Confidential." Documents and things produced which contain Confidential information shall be designated as such by marking the email transmitting such document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

The designation of material as Confidential constitutes a representation by the Trustee and its counsel that they, in good faith, believe that the material so designated contains or constitutes PI Information.

D. **Effect of Designation and/or Failure to Designate:** Designation of materials as Confidential is a representation by the designating person that there is a valid basis for such designation. Notwithstanding the foregoing, the failure to designate materials as Confidential shall not be used against any person as an admission or concession that the materials are not eligible for designation, nor shall it constitute, be construed as, or have the effect of, a waiver of any kind. In the event that a person inadvertently fails to designate materials as Confidential, any person to

3

whom the materials were produced, shall, upon written notice, designate, and thereafter treat, such materials as though designated as Confidential.

### III. TREATMENT OF MATERIALS SUBJECT TO PROTECTIVE ORDER

A. **Prohibited Use of Materials**: Materials subject to this Order shall not be used for any purpose other than in connection with the IDOL's investigation into claims asserted by former employees against the Debtors, CS LLC and Mr. Rouhana (the "IDOL Investigation"). Furthermore, materials designated as Confidential shall not be: (1) made available, directly or indirectly or through paraphrasing, by the Party receiving it to any persons or entities other than Qualified Persons and (2) used by any person for any purpose other than in connection with the IDOL Investigation. The receiving Party shall exercise due care to ensure that materials designated as Confidential are maintained and stored in a manner that limits access to PI Information to Qualified Persons. Nothing herein is, however, intended to restrict counsel's use of the general knowledge it gains from reviewing materials subject to this Order, as long as such use does not include counsel communicating the specific contents of such materials.

B. **Permitted Use of Materials:** Nothing shall prevent disclosure beyond the terms of this Order if the Trustee consents, in writing, to such disclosure, withdraws the Confidential designation, or if the Court, after notice to all Parties, orders such disclosure. A Party may, in a deposition, show any witness Confidential information. This Protective Order does not prohibit the use or disclosure by a person of materials lawfully obtained or developed by such person independently of discovery in this matter.

C. **Inapplicability of Protective Order:** This Protective Order shall not apply to information that: (i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order); (ii) was or is acquired from a third party possessing such information and

having no obligation of confidentiality to the designating Party; or (iii) the receiving Party establishes was already in its rightful and lawful possession at the time of the disclosure.

        **D.**     **Filing and Use of Confidential Material in Court:** Materials marked "Confidential" shall not be filed of public record with any court unless the designating Party prior to filing consents in writing to de-designate the material or unless the filing Party uses good faith efforts to attempt to obtain an order from such court authorizing the filing of such materials under seal. This order does not authorize the filing of any documents or other materials under seal. A Party seeking to file such items under seal must file a motion for leave to do so in accordance with the applicable federal and/or local rules of procedure.

        **E.**     **Return of Materials Subject to the Protective Order:** As to all Confidential Information: Within thirty (30) days after the conclusion of the IDOL Investigation and upon request, originals or reproductions of any documents or things produced by a Party containing PI Information shall be destroyed, except as required by law. Principal counsel may retain all exhibits, deposition transcripts, correspondence and papers filed with any court.

**IV.**    **MISCELLANEOUS**

        **A.**     **Non-Waiver of Rights:** This Order shall not constitute a waiver of any right(s) to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any materials as evidence at any hearing or trial in this matter; (3) seek other and further protections as to any materials that may be offered or admitted as evidence at any hearing or trial; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Protective Order shall constitute an admission or waiver of any objection, claim or defense by any person or Party.

B.      **Modifications to Order:** Any person with proper standing may, on motion or other request to the Court and for good cause shown, seek a modification of this Order. No modification of this Order that adversely affects the protection of any materials produced by the Trustee shall be entered without first giving the Trustee appropriate notice and an opportunity to be heard.

C.      **Binding Order:** This Order shall bind all Parties to this litigation and any and all other persons to the fullest extent lawfully permissible.

D.      **Dispute Resolution:** A person need not challenge the propriety of the designation of materials as Confidential at the time of designation. In the event of a dispute concerning this Protective Order, including, but not limited to, a dispute over the designation of materials as Confidential, the attorneys for the Parties shall first attempt in good faith to negotiate a resolution. If the Parties are unable to resolve the dispute, the receiving Party shall have fourteen (14) days from the date the Trustee confirms in writing an impasse to file a motion pursuant to dispute the designation. Until the motion is resolved by the Court, the designated materials at issue shall continue to have the protections afforded by this Order. If the receiving Party fails to file a motion within fourteen (14) days, then the material that was the subject of the dispute shall no longer be entitled to protection under this Order. In the event of such a dispute, the Party designating materials as Confidential bears the burden of justifying that designation.

E.      **Survival of Litigation:** This Order shall survive the termination of this litigation, and shall remain in effect until modified, superseded, or terminated by order of the Court or by agreement of the Parties.

F.	**Violations:** Any person who violates this Order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

G.	**Filing Under Seal**: This order does not authorize the filing of any documents or other matter under seal.  Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.  A Party seeking to file such items under seal shall proceed in accordance with the applicable federal and/or local rules of procedure.

H.	**Freedom of Information Act**:.  IDOL will comply with the Illinois Freedom of Information Act (5 ILCS 140/1, et seq.) ( and any other applicable federal and state laws relating to privacy.

**IT IS SO ORDERED.**

| | |
|---|---|
| **Dated: September 11th, 2025**<br>Wilmington, Delaware | MARY F. WALRATH<br>UNITED STATES BANKRUPTCY JUDGE |

LEGAL\77701573\5