**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS OF MIDCAP FINANCIAL TRUST
TO TRUSTEE'S MOTION FOR APPROVAL
OF SHARING AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND AGENT
FOR THE PREPETITION LENDERS PROVIDING FOR (I) DETERMINATIONS
AND ALLOWANCE OF SECURED LENDER'S PRE-PETITION CLAIMS
AND LIENS; (II) TRUSTEE'S SALE OF CERTAIN OF DEBTORS' ASSETS AND
SECURED LENDER'S COLLATERAL; (III) SPECIFIED CARVE-OUT
FROM SECURED LENDER LIENS; AND OTHER MATTERS CONCERNING
THE TRUSTEE'S CONTEMPLATED SALES AND CERTAIN SETTLEMENTS**

MidCap Financial Trust ("MidCap") respectfully submits this reservation of rights (the "Reservation of Rights") to the Trustee's Motion for Approval of Sharing Agreement between Chapter 7 Trustee and Agent for the Prepetition Lenders Providing for (I) Determinations and Allowance of Secured Lender's Pre-Petition Claims and Liens; (II) Trustee's Sale of Certain of Debtors' Assets and Secured Lender's Collateral; (III) Specified Carve-Out from Secured Lender Liens; and Other Matters Concerning the Trustee's Contemplated Sales and Certain Settlements [ECF No. 687] (the "Trustee's 9019 Motion").

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

## Overview[2]

1. MidCap (in its capacity as administrative agent for itself and the other lenders under the MidCap Sonar Facility) and such lenders are secured creditors of Debtors Chicken Soup for the Soul Entertainment Inc. and Halcyon Television, LLC who, collectively with any other Debtor affiliate that may have an interest in any MidCap Debtor Collateral (as such term is defined in the MidCap Stay Relief Motion), are referred to herein as the "<u>Debtors</u>". As summarized in paragraph H of the Interim DIP Order[3] and the MidCap Stay Relief Motion (as defined below), the Debtors purchased the MidCap Debtor Collateral on April 8, 2021, subject in all respects to the MidCap Debtor Liens thereon. Any liens of the "Prepetition Secured Parties" on any MidCap Debtor Collateral pledged under the "Collateral Agreement" (as defined in the Trustee's 9019 Motion) dated August 11, 2022, are junior to the MidCap Debtor Liens.

2. The MidCap Debtor Collateral includes a film library (consisting of more than 1,000 television projects) and all copyrights, trademarks, distribution and other exploitation rights related to these film library assets and any proceeds thereof. On July 23, 2024, MidCap delivered a letter to the Trustee (annexed as Exhibit 1 to the MidCap Stay Relief Motion, the "<u>MidCap Letter</u>") that, among other things, summarized in detail the assets that comprise the MidCap Debtor Collateral:

> The Library (consisting of the more than 1,000 television Projects set forth on Schedule 5 to the APA) and all Project Assets (defined under the APA to include, among other assets with respect to any Project, ***all versions, physical elements, statutory and common law***

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the MidCap Stay Relief Motion or Trustee's 9019 Motion, as applicable.

[3] "<u>Interim DIP Order</u>" shall mean that certain Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [ECF No. 85].

> ***copyrights, trademarks, distribution and other exploitation rights, Contracts, claims and books and records***) related thereto (including any rights to distribute or otherwise exploit any Project in the Library that may be licensed (whether on an exclusive or non-exclusive basis) or otherwise transferred to any Affiliate of Buyer); and
>
> ***all products and proceeds thereof*** (other than Library Accounts Receivable, which are covered in Seller Contract Collateral above)."

*See* Ex. A to MidCap Letter.

3. On August 20, 2024, MidCap filed the Motion of Midcap Financial Trust for Relief from the Automatic Stay Under 11 U.S.C. § 362(d) To Permit MidCap to Exercise Rights and Remedies [ECF No. 245] (the "<u>MidCap Stay Relief Motion</u>") seeking relief from the automatic stay to exercise rights and remedies against the MidCap Debtor Collateral.

4. On September 3, 2024, this Court entered an order granting the MidCap Stay Relief Motion [ECF No. 301] and, since such time, MidCap has been working to locate and market the MidCap Debtor Collateral for sale.

5. Pursuant to the Trustee's 9019 Motion, the Trustee seeks approval of the Sharing Agreement that, among other things, agrees to the terms governing the sale of "IP Litigation Assets" (i.e., the rights to pursue litigation for copyright infringement claims against various third parties related to violations of the Digital Millenium Copyright Act ("DMCA") for media titles owned or controlled by the Debtors' estates). The Sharing Agreement does not carve out "MidCap Debtor Collateral" from the "IP Litigation Assets" proposed to be sold to Grove Street under the Sharing Agreement. Nor does the Sharing Agreement include MidCap in the payment waterfall for the sharing of net proceeds to the extent that the same are attributable to IP Litigation Assets that constitute MidCap Debtor Collateral.

6. MidCap has provided counsel to the Prepetition Secured Parties with proposed revisions to the Sharing Agreement that (i) provide for the remittance of net proceeds on account of the MidCap Debtor Collateral to MidCap, to the extent that tracing is possible, and in the alternative sharing net proceeds with MidCap on a pro rata basis according to the media titles subject to the liens of MidCap and HPS, and (ii) including MidCap in the necessary provisions in parallel with HPS.

7. MidCap submits this Reservation of Rights to preserve its rights to object to the Trustee's 9019 Motion and the relief sought therein, but remains in discussions with HPS, the Trustee and their counsels to resolve the issues raised herein through revisions to the Sharing Agreement.

## **RESERVATION OF RIGHTS**

8. MidCap reserves its rights to supplement this Reservation of Rights and respond to any filing of the Trustee or any other party-in-interest in these Chapter 7 Cases, either by further submission to this Court, at oral argument or by testimony presented at the hearing on the Trustee's 9019 Motion or any subsequent hearing to consider the relief requested therein. MidCap further reserves the right to review and comment on the proposed order granting the Trustee's 9019 Motion or any other order with respect to the same.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 17, 2025

Respectfully submitted,

**PAUL HASTINGS LLP**

By: */s/* Frank A. Merola
Frank A. Merola, Esq. (*pro hac vice*)
William P. Reily, Esq. (*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
frankmerola@paulhastings.com
williamreily@paulhastings.com

Counsel to MidCap Financial Trust

5