**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 687** |

**THE INDEPENDENT DIRECTORS' LIMITED OBJECTION AND RESERVATION OF RIGHTS TO TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND AGENT FOR THE PREPETITION LENDERS PROVIDING FOR (I) DETERMINATIONS AND ALLOWANCE OF SECURED LENDER'S PRE-PETITION CLAIMS AND LIENS; (II) TRUSTEE'S SALE OF CERTAIN OF DEBTORS' ASSETS AND SECURED LENDER'S COLLATERAL; (III) SPECIFIED CARVE-OUT FROM SECURED LENDER LIENS; AND OTHER MATTERS CONCERNING THE TRUSTEE'S CONTEMPLATED SALES AND CERTAIN SETTLEMENT**

Defendants Fred M. Cohen, Christina Weiss Lurie, Martin Pompadur, Diana Wilkin, Cosmo Denicola, and Vikram Somaya (collectively, the "Independent Directors"), by and through the undersigned counsel, hereby file this limited objection and reservation of rights (this "Limited Objection") to the *Trustee's Motion for Approval of Sharing Agreement Between Chapter 7 Trustee and Agent for the Prepetition Lenders Providing for (I) Determinations and Allowance of Secured Lender's Pre-Petition Claims and Liens; (II) Trustee's Sale of Certain of Debtors' Assets and Secured Lender's Collateral; (III) Specified Carve-Out from Secured Lender Liens; and Other*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

*Matters Concerning the Trustee's Contemplated Sales and Certain Settlements* [D.I. 687] (the "Motion").  In further support of this Limited Objection, the Independent Directors hereby represent as follows:

## RELEVANT BACKGROUND

1. On June 28 and 29, 2024 (the "Petition Date") each of the above-captioned debtors (the "Debtors") filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").  On July 10, 2024, this Court entered its *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120], converting the Debtors' chapter 11 bankruptcy cases to chapter 7 cases.  Thereafter, George L. Miller (the "Chapter 7 Trustee") was appointed as the chapter 7 trustee for the Debtors' estates.

2. On March 13, 2025, the Chapter 7 Trustee commenced an adversary proceeding in this Court (the "Adversary Proceeding") against the Independent Directors and others by filing his *Complaint for (I) Breach of Fiduciary Duty; (II) Aiding and Abetting Breach of Fiduciary Duty; (III) Avoidance of Fraudulent Transfers; (IV) Recovery of Illegal Dividends; (V) Damages for Non-Payment of Employee Wages, Benefits and Payroll Taxes; (VI) Equitable Subordination; and (VII) Disallowance of Claims* [A.D.I. 1] (the "Complaint").  The Adversary Proceeding is styled as *George L. Miller v. Rouhana, et al.*, Adv. Pro. 25-50399 (MFW) (Bankr. D. Del.).  As with the other co-defendants, the Independent Directors dispute the Complaint's allegations and any asserted liability and have sought to dismiss most of the counts in the Complaint [A.D.I. 31].

2

Briefing in connection with this motion (and the other defendants' motions to dismiss) is complete.[2]

3. On October 1, 2025, the Chapter 7 Trustee filed the Motion. The Chapter 7 Trustee extended the Independent Directors' deadline to respond to the Motion to October 27, 2025. Prior to filing this Limited Objection, counsel to the Independent Directors engaged with counsel to certain other co-defendants in the Adversary Proceeding, who proposed language resolving the concerns of the Independent Directors and other co-defendants to the Chapter 7 Trustee. As of the date hereof, the Chapter 7 Trustee has not agreed to language resolving the Independent Directors' concerns with respect to the Motion.

## LIMITED OBJECTION

4. The Independent Directors take no position on the Chapter 7 Trustee's request to sell certain estate assets and share certain proceeds and information with HPS Investment Partners, LLC ("HPS") as set forth in the Motion. The Independent Directors do, however, object to any requested relief that could prejudice the Independent Directors' rights to pursue claims against third parties, including in connection with the pending Adversary Proceeding. Specifically, as defendants in the Adversary Proceeding, the Independent Directors are entitled to dispute any liability for the claims asserted therein and pursue whatever claims and rights they may hold under applicable law, including without limitation claims for contribution against HPS or any wrongdoers who should be held responsible for all or a portion of any judgment or settlement obtained in the Adversary Proceeding. The Independent Directors therefore file this Limited

---

[2] The Independent Directors and their co-defendants also obtained relief from the automatic stay under 11 U.S.C. § 362 to access and use proceeds from the Debtors' primary D&O insurance policy. *See* D.I. 634.

3

Objection solely to preserve these rights to the extent any relief contemplated in the Motion can be construed to impair or affect these rights.

5. To address their concerns regarding the relief requested in the Motion, the Independent Directors request that any order approving the Motion include the following language:[3]

> Nothing in this Order, or the Sharing Agreement, shall be construed to release, waive or discharge, any and all claims (including any claims for contribution or indemnity), debts, refunds, demands, liabilities, agreements, obligations, controversies, actions, causes of action, suits, costs, attorneys' fees, expenses, damages, liens, and judgments and defenses, of any nature whatsoever, at law or in equity or otherwise, whether asserted or unasserted, whether known or unknown, that any creditor, employee, shareholder, party in interest or other third-party, including without limitation Fred M. Cohen, Christina Weiss Lurie, Martin Pompadur, Diana Wilkin, Cosmo Denicola, and Vikram Somaya may have or hold against the Trustee, the Trustee Parties, the Prepetition Lenders and DIP Lenders, or the Claimant Parties (including HPS) or their representatives, including without limitation any and all rights and claims under the Delaware Uniform Contribution Among Tortfeasors Act, 10 *Del. C.* § 6301, all of which are fully preserved and not being released, waived or discharged.

The Independent Directors believe this proposed language will both adequately protect their rights and interests and allow the Chapter 7 Trustee and HPS to proceed with the transactions contemplated in the Motion without prejudicing the Chapter 7 Trustee's and HPS' rights.

## **RESERVATION OF RIGHTS**

6. The Independent Directors hereby reserve their rights to amend or supplement this Limited Objection. Nothing in this Limited Objection shall affect or otherwise impair the Independent Directors' rights or claims in the Adversary Proceeding or their ability to access, obtain, advance, or use the proceeds of the Debtors' D&O policies.

---

[3] Capitalized terms in Paragraph 4 not defined herein are defined in the Motion.

## **CONCLUSION**

7. The Independent Directors request that the Court deny the Motion unless and until the Independent Directors' language proposed herein (or similar language approved by counsel to the Independent Directors) is included in any order approving the Motion.

Dated: October 27, 2025

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
1201 North Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6864
Facsimile: (302) 421-6813
Email: evan.miller@saul.com

-and-

**HOLLAND & KNIGHT LLP**
Jessica Magee (Admitted *Pro Hac Vice*)
Texas Bar No. 24037757
Steven J. Levitt (Admitted *Pro Hac Vice*)
Texas Bar No. 24092690
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:  214-964-9500
Jessica.Magee@hklaw.com
Steven.levitt@hklaw.com

*Counsel for Defendant Cosmo Denicola*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Tori L. Remington*
David M. Fournier (DE No. 2812)
Christopher B. Chuff (DE No. 5729)
Taylor B. Bartholomew (DE No. 6223)
Tori L. Remington (DE No. 6901)
Tyler R. Wilson (DE No. 7129)
1313 N. Market Street, Suite 1000
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
david.fournier@troutman.com
chris.chuff@troutman.com
tori.remington@troutman.com
tyler.wilson@troutman.com

*Counsel for Defendants Fred M. Cohen, Christina Weiss Lurie, Martin Pompadur, and Diana Wilkin*

**THOMAS LAW LLC**
*/s/ Mary S. Thomas*
 Mary S. Thomas (DE Bar No. 5072)
1521 Concord Pike, Suite 301
Wilmington, DE 19803
Telephone: (302) 647-1203
mthomas@marythomaslaw.com

-and-

**LAW OFFICES OF THIRU VIGNARAJAH LLC**
Thiru Vignarajah, Esq.
Ross Ingram, Esq.
211 Wendover Road
Baltimore, MD 21218
Telephone: (410) 456-7552
thiru@thirulaw.com
ross@thirulaw.com

*Counsel for Defendant Vikram Somaya*