IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., et al., | Case No.: 24-11442 (MFW) |
| Debtors.[1] | Jointly Administered<br>Re: D.I. 687, 700<br>Hearing on 12 Nov. 2025, 14:00 ET |

**MOTION OF CHARLES MUSZYNSKI, PRO SE, FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL, OF SHARING AGREEMENT, JOINDER, AND RESERVATION OF RIGHTS[1]**

**TO THE HONORABLE COURT:**

1. COMES NOW Charles Muszynski ("Objector"), pro se, who, with others are the holders (collectively, the "Objectors") of disclosed and forthcoming, multi-million dollar priority administrative expense claims and are entitled to first-priority payment under 11 U.S.C. §§ 503(b) and 726(a)(1), a subject of a pending motion before this Court, and respectfully move this Court for leave to file the sur-reply attached hereto as "Exhibit 1" (the "Proposed Sur-Reply") in further opposition to the Trustee's Mo

---

[1] The Debtors in these chapter 7 cases, along with the case numbers and last four digits of each Debtors' federal tax identification number (where applicable), are #24-11442, Chicken Soup for the Soul Entertainment Inc.; (0811); #24-11443, 757 Film Acquisition LLC; (4300); #24-11444, Chicken Soup for the Soul Studios, LLC; (9993); #24-11445, Chicken Soup for the Soul Television Group, LLC, (N/A); #24-11446, Crackle Plus, LLC; (9379); #24-11447, CSS AVOD Inc.; (4038); #24-11448, CSSESIG, LLC; (7150); #24-11449, Digital Media Enterprises LLC; N/A; #24-11450, Halcyon Studios, LLC; (3312); #24-11451, Halcyon Television, LLC; (9873); #24-11452, Landmark Studio Group LLC; (3671); #24-11453, Locomotive Global, Inc.; (2094); #24-11454, Pivotshare, Inc.; (2165); #24-11455, RB Second Merger Sub LLC; (0754); #24-11456, Redbox Automated Retail, LLC; (0436); # 24-11458, Redbox Holdings, LLC; (7338); #24-11460, Redwood Intermediate, LLC; (2733); #24-11461, Screen Media Ventures, LLC; (2466); #24-11462, Screen Media Films, LLC; (N/A); #24-11463, TOFG LLC; (0508).

tion for Approval of Sharing Agreement [D.I. 687] (the "Motion") and in response to HPS Investment Partners, LLC's Omnibus Reply to Objections [D.I. 700] (the "HPS Reply"). In support of this motion, the Objector states as follows:

**PRELIMINARY STATEMENT**

2. Leave to file a sur-reply is warranted where a reply brief raises new arguments or evidence not previously raised in the moving papers. That is precisely the case here. In its Reply, HPS Investment Partners, LLC ("HPS") introduced new factual evidence, in the form of the Declaration of Alexey Pazukha [D.I. 700-1] (the "Pazukha Declaration"), to defend the Trustee's release of valuable estate claims against HPS. Specifically, Mr. Pazukha attests for the first time that HPS funded every borrowing notice it received under the post-petition DIP financing facility.

3. This need for judicial scrutiny is profoundly heightened by the Trustee's disturbing lack of candor to this Court regarding the estate's litigation funding arrangements. The Trustee's Special Counsel, Kerry Culpepper, previously testified before this very Court that no third-party litigation funding was being used in connection with the estate's copyright litigation. This testimony was, at best, a gross misrepresentation. In reality, the litigation is financed by a concealed foreign entity, PML Process Management Limited, LLC of Cyprus ("PML"), which he admittedly represents, and which creates an irreconcilable conflict of interest. The Trustee's own filings obfuscated this third party litigation funding ("TPLF") arrangement, which tragically misled the Court into approving a Special Counsel agreement that improperly delegated

its authority to the Trustee to engage in TPLF without any oversight by the Court for review or approval. This pattern of concealment, conflict, and misrepresentation surrounding the monetization of the estate's primary assets makes it imperative for the Court to permit a full record, including the proposed sur-reply, to properly evaluate the Trustee's subsequent decision to abandon valuable claims against HPS based on the questionable ability of the agent's copyright trolling scheme.

4. This new evidence goes to the heart of the objections—namely, that the Trustee is abandoning valuable estate claims against HPS for little to no consideration in breach of his fiduciary duties. The Objector has not had an opportunity to address this new, self-serving, and misleading evidence. A sur-reply is therefore necessary and appropriate to correct the record and assist the Court in making a fully informed decision on the Motion, which seeks to approve a highly improper settlement that threatens the integrity of these chapter 7 cases. For the reasons set forth below, the Objector respectfully requests that the Court grant leave to file the Proposed Sur-Reply.

**ARGUMENT**

5. While sur-replies are not routinely granted, courts permit them when a movant's reply raises new issues that the non-movant has not had an opportunity to address. See, e.g., In re Tropicana Entm't, LLC, 520 B.R. 455, 461 n.1 (Bankr. D. Del. 2014) (considering a sur-reply where the reply "raised new arguments"). Here, leave is warranted for three principal reasons.

6. First, the HPS Reply and Pazukha Declaration introduce new evidence and ar-

guments. The objections filed by numerous parties, including the Objector and the Rouhana Objectors [D.I. 695], argued that the proposed Sharing Agreement improperly releases valuable claims the estates hold against HPS relating to HPS's failure to fully fund the DIP financing facility. In response, HPS did not simply rely on legal argument; it submitted new factual evidence via the Pazukha Declaration. Mr. Pazukha avers that HPS "funded all such amounts in response to the borrowing notices" it received and "did not receive any further borrowing notices." (Pazukha Decl. ¶ 10). This carefully worded testimony is a new factual assertion designed to create the impression that HPS fully complied with its obligations, thereby justifying the release of claims against it. The Objector has not had an opportunity to rebut this new evidence and demonstrate why it is misleading and incomplete. The Proposed Sur-Reply directly addresses this new evidence and is therefore necessary.

7. Second, the proposed sur-reply is necessary for a complete record. The Court's primary task in evaluating the Motion is to determine whether the proposed settlement is "fair, reasonable, and in the interests of the estate." In re Martin, 91 F.3d 389, 393 (3d Cir. 1996). This requires the Court to "assess the value of the claim that is being settled and balance it against the value to the estate of approval of the settlement." Id. HPS's new evidence is a direct attempt to devalue the estates' claims against it. Allowing this evidence to stand unrebutted would present the Court with an incomplete and potentially misleading record on a dispositive issue. The proposed sur-reply is

essential to provide the Court with a full and accurate picture of HPS's conduct and the true value of the claims the Trustee seeks to abandon.

8. Third, granting leave will not cause undue prejudice or delay. The hearing on the Motion is scheduled for 12 November 2025. The Proposed Sur-Reply is narrowly tailored to address only the new evidence and arguments raised in the HPS Reply. It is concise and can be filed immediately upon the Court's leave, giving all parties sufficient time to review it before the hearing and would be filed well before improperly short notice the Trustee's counsel provided creditors when filing 11 September 2025 [D.I. 680], less than twenty-four (24) hours prior to a hearing to deny Muszynski, denied PACER access, opportunity to respond. Denying leave, however, would substantially prejudice the Objector, other creditors, and the estates by preventing a full and fair hearing on the merits of a settlement that is predicated on a phantom buyer, a legally precarious litigation theory with a history of criminality, and the release of valuable claims based on the unrebutted, self-serving declaration of the party being released and who clearly seeks to insulate itself from others' claims, including Muszynski and related entities' claims.

**JOINDER**

9. The Objector hereby joins in the objections and arguments raised in the *Objection of William J. Rouhana, Jr., et al.* [D.I. 695] and *The Independent Directors' Limited Objection and Reservation of Rights* [D.I. 694]. The Objector incorporates the arguments and objections contained in those filings herein by reference as if fully set

forth herein.

**RESERVATION OF RIGHTS**

10. The Objectors object to any requested relief in the Motion that could prejudice rights to pursue claims against third parties. The Objectors are entitled to dispute any liability asserted against them and pursue whatever claims and rights they may hold under applicable law, including without limitation claims for contribution or indemnity against HPS or any other wrongdoers who should be held responsible for all or a portion of any judgment or settlement. The Objectors therefore file this Motion in part to preserve these rights to the extent any relief contemplated in the Motion can be construed to impair or affect these rights. Nothing in any order approving the Motion, or in the Sharing Agreement itself, shall be construed to release, waive, or discharge any and all claims that the Objector may have or hold against the Trustee, HPS, or their respective affiliates and representatives, all of which are fully preserved.

**CONCLUSION**

WHEREFORE, Charles Muszynski respectfully requests that the Court enter an order granting him leave to file the Proposed Sur-Reply attached hereto as Exhibit 1, and for such other and further relief as is just and proper.

                                                10 November 2025
                                                Respectfully submitted,

*[signature]*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The undersigned states that the above filing was served upon the parties/entities related to the proceedings above by way of the Court's CM/ECF system on the date below subsequent to courier delivery to the Court's physical location in Wilmington, Delaware on this date.

10 November 2025
Respectfully submitted,

*[signature]*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

# EXHIBIT 1

## Proposed Sur-Reply

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | } | Chapter 7 |
| | } | |
| CHICKEN SOUP FOR THE SOUL | } | Case No.: 24-11442 (MFW) |
| ENTERTAINMENT, INC., et al., | } | |
| | } | Jointly Administered |
| Debtors.[1] | } | Re: D.I. 687, 700 |
| | } | Hearing on 12 Nov. 2025, 14:00 ET |

### SUR-REPLY OF CHARLES MUSZYNSKI, PRO SE, IN OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT

1. Charles Muszynski ("Objector"), pro se, submits this sur-reply in further opposition to the Trustee's Motion for Approval of Sharing Agreement [D.I. 687] (the "Motion") and in response to the new evidence and arguments presented in HPS Investment Partners, LLC's Omnibus Reply to Objections [D.I. 700] (the "HPS Reply").

2. HPS's Reply, supported by the self-serving and carefully worded Declaration of Alexey Pazukha [D.I. 700-1], attempts to create a smokescreen to distract from the damning facts raised by the objectors. HPS's arguments are a masterclass in misdirection, focusing on the narrow mechanics of DIP funding while ignoring the catastrophic failures of due diligence by the Trustee and the scandalous nature of the underlying deal. This settlement is not, as HPS claims, a reasonable exercise of the Trustee's judgment; it is a reckless giveaway of estate assets predicated on a phantom buyer and a failed legal theory with a history of criminality.

3. The Pazukha Declaration is a red herring that evades the core issue. Mr. Pazu-

kha attests that HPS funded the three borrowing notices it received. (Pazukha Decl. ¶ 10). This statement artfully sidesteps the central allegation: that HPS's wrongful prepetition and post-petition conduct created the very conditions that prevented the Debtors from being able to issue further borrowing notices, thus ensuring the company's demise. As the Rouhana Objectors detailed, HPS starved the Debtors of crucial capital prepetition in breach of its agreements, forcing them into bankruptcy. (D.I. 695 at ¶¶ 15-17). HPS's post-petition conduct continued this pattern, rendering the full DIP facility inaccessible and guaranteeing a value-destructive liquidation. The claim is not merely that HPS failed to respond to a piece of paper; it is that HPS engineered the Debtors' failure. This is a substantial estate claim, likely worth millions, which the Trustee now proposes be released for nothing.

4. HPS ignores the fatal flaws of the Grove Street deal. HPS's Reply is entirely silent on the most glaring defects of the proposed settlement, because they are indefensible.

    a) The Buyer is a Phantom. HPS offers no response to the fact that "Grove Street Partners LLC" appears to be a non-existent, unregistered entity. The Trustee has failed the most basic diligence to confirm he is not selling the estate's primary asset to a ghost.

    b) The Buyer Has a Documented History of Failure. HPS is also silent on the fact that Grove Street's purported principal, Tom Murphy, has a history of operating a string of now-defunct, administratively dissolved companies

from his suburban Florida home and was sued by his own former CFO for unpaid salary.

c) The Deal Gambles on a Failed Legal Theory. HPS ignores that the entire premise of the deal - monetizing DMCA claims against ISPs - is a strategy that has already failed for these Debtors and is based on legal theory that the U.S. Department of Justice is actively arguing against before the Supreme Court.

d) The Releases are Overly Broad and Prejudicial to Third Parties. HPS argues that the releases in the Sharing Agreement are merely duplicative of prior releases. (HPS Reply ¶¶ 10-11). This is false. The Trustee is now releasing valuable post-petition claims arising from HPS's conduct during this bankruptcy case. More alarmingly, HPS is seeking releases so broad that they could be construed to impair the rights of other parties, including the Objector and the Debtors' former independent directors, to pursue their own claims for contribution or indemnity against HPS. As those directors noted in their own objection [D.I. 694], such releases threaten to prejudice their rights in other proceedings commenced by the Trustee. This is not a mere "belt-and-suspenders" provision; it is an improper attempt by HPS to use this settlement to insulate itself from liability to numerous other parties, at the expense of the estate and its stakeholders. The Trustee has an independent fiduciary

duty to investigate these post-petition causes of action, not summarily abandon them while simultaneously prejudicing the rights of other creditors.

5. This Court cannot find that a settlement is "fair and reasonable" where the Trustee has failed to perform basic due diligence, the supposed buyer is a phantom entity with a history of failure, the entire deal is premised on a losing legal strategy with a criminal history that is contrary to stated U.S. government policy, and valuable estate claims are being released for no discernible consideration. The HPS Reply and its new evidence do nothing to cure these fatal defects, which directly and improperly threaten to divert the estate's only significant assets away from first-priority administrative claimants, like the Objector, in direct violation of the Bankruptcy Code.

6. For all of these reasons (substantiated in "Exhibit A"), and the reasons stated in the Objector's initial objection, the Motion must be denied.

RESPECTFULLY SUBMITTED, on 10 November 2025, Basseterre, Federation of St. Christopher and Nevis.

10 November 2025
Respectfully submitted,

*[signature]*

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The undersigned states that the above filing was served upon the parties/entities related to the proceedings above by way of the Court's CM/ECF system on the date below subsequent to courier delivery to the Court's physical location in Wilmington, Delaware on this date.

                                                  10 November 2025
                                                Respectfully submitted,

*/s/ Charles Muszynski*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

# EXHIBIT A

## Index of Authorities and Supporting Documents

**Index of Authorities and Supporting Documents**

**I. Court Filings and Orders**

1. Trustee's Motion for Approval of Sharing Agreement, D.I. 687, In re CSS Entm't Inc., No. 24-11442 (MFW) (Bankr. D. Del. 1 Oct. 2025).

2. Sharing Agreement, D.I. 687-4, In re CSS Entm't Inc., No. 24-11442 (MFW) (Bankr. D. Del. 1 Oct. 2025).

3. Objection of William J. Rouhana, Jr., et al., D.I. 695, In re CSS Entm't Inc., No. 24-11442 (MFW) (Bankr. D. Del. 27 Oct. 2025).

4. Reservation of Rights of MidCap Financial Trust, D.I. 693, In re CSS Entm't Inc., No. 24-11442 (MFW) (Bankr. D. Del. 17 Oct. 2025).

5. HPS Investment Partners, LLC's Omnibus Reply to Objections, D.I. 700, In re CSS Entm't Inc., No. 24-11442 (MFW) (Bankr. D. Del. 7 Nov. 2025).

6. Declaration of Alexey Pazukha in Support of HPS Investment Partners, LLC's Omnibus Reply, D.I. 700-1, In re CSS Entm't Inc., No. 24-11442 (MFW) (Bankr. D. Del. 7 Nov. 2025).

7. Standing Order Regarding Third-Party Litigation Funding Arrangements, In re: All cases assigned to Chief Judge Connolly, (D. Del. 18 Apr. 2022).

**II. U.S. Supreme Court Filings and Related Materials**

8. Brief for the United States as Amicus Curiae Supporting Petitioners, Cox Commc'ns, Inc. v. Sony Music Entm't, et al., No. 24-171 (U.S. 2025).

**III. Legislative and Public Policy Documents**

9. Letter from Senator John Kennedy, U.S. Senate Committee on the Judiciary, to The Honorable Merrick Garland, Attorney General of the United States, and The Honorable John Roberts, Chairman, Judicial Conference of the United States (6 Jan. 2023).

**IV. Appellate Filings**

10. Brief of Amici Curiae Electronic Frontier Foundation, The Public Interest Patent Law Institute, and Engine Advocacy in Opposition to Petition for a Writ of Mandamus, In re Nimitz Techs. LLC, No. 2023-103 (Fed. Cir. 30 Nov. 2022).

**V. News Media and Online Publications**

11. Ernesto Van der Sar, Company Offers $100 Million for the Right to Sue ISPs Using Redbox's Piracy Claims, TORRENTFREAK (5 Oct. 2025).

12. Janko Roettgers, Redbox's next product may be piracy lawsuits, THE VERGE (6 Nov. 2025).

13. Grove Street Funding, Inc., Website, FAQ, and Token Pre-Issue pages (archived 8 Nov. 2025).

**VI. Corporate and Financial Records**

14. Florida Department of State, Division of Corporations, Administrative Dissolution of Facterra, Inc., Document No. P12000099668 (22 Sept. 2017).

15. Florida Department of State, Division of Corporations, Administrative Dissolution of Brackett Films, LLC, Document No. L13000041184 (25 Sept. 2015).