IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**REVISED MOTION FOR DETERMINATION OF AUTOMATIC PRIORITY-CREDITOR STATUS AND OPPOSITION TO TRUSTEE'S D&O RELIEF MOTION**

## TABLE OF CONTENTS

I. Introduction......................................................................................2

II. Statement of Interest........................................................................2

III. Background......................................................................................2

IV. Jurisdiction and Venue.....................................................................4

V. Legal Standard.................................................................................4

VI. Argument.........................................................................................4

    A. Muszynski is an automatic priority administrative-expense creditor..............4

    B. Trustee has failed to show "cause" for D&O relief................................4

    C. Trustee breached fiduciary duties......................................................4

    D. Failure to disclose litigation-funding arrangement violates Rule 2014............5

    E. Unlawful "Carve-Out" of cash collateral under § 363(c)(2)(A)....................5

    F. Proposed settlement violates the absolute-priority rule............................5

    G. Request for bond/segregated reserve and sanctions................................5

VII. Relief Requested..............................................................................6

VIII. Declaration of Charles Muszynski....................................................7

IX.   Proposed Order (Appendix A)..................................................................8

X.    Table of Authorities (Appendix B).............................................................9

XI.   Certificate of Service................................................................................10

## I. INTRODUCTION

Charles Muszynski ("Movant"), a creditor in this Chapter 7 case, appearing pro se, respectfully moves this Court for an order (1) recognizing Movant and similarly situated parties as automatic priority administrative-expense creditors under 11 U.S.C. §§ 503(b) & 726(a), and (2) denying, or alternatively conditioning, the Trustee's Motion for Relief from the Automatic Stay concerning the Debtor's Directors-and-Officers ("D&O") insurance policy. No prior, appealable order in this regard has been issued.

The Trustee seeks to use a valuable estate asset, the D&O policy, to pay his own counsel's fees. The request is unsupported by any budget, contains no showing of benefit to the estate, and was pursued despite a clear conflict of interest and nondisclosure of a third-party litigation-funding arrangement. As a result, Movants' priority claim is jeopardized.

## II. STATEMENT OF INTEREST

Movant is not a general unsecured creditor. Because the Chapter 7 Trustee, George L. Miller, elected to pursue foreign litigation in Nevis on behalf of the estate, Movant incurred actual, necessary costs and exposed the estate to further costs and damages. Those costs and damages, together with projected future costs, constitute an automatic priority administrative-expense claim under 11 U.S.C. §§ 503(b)(1)(A) and 726(a)(1). The D&O policy is a substantive asset capable of satisfying some of that claim.

## III. BACKGROUND

- **June 28-29, 2024** – Debtors filed Chapter 11 petitions; automatic stay entered.
- **July 10, 2024** – Court converted the cases to Chapter 7.

- **July 11, 2024** – George L. Miller appointed as Chapter 7 Trustee.

- **Post-Petition** – Trustee retained "special counsel" Culpepper IP, LLC and pursued a lawsuit in Nevis. The Nevis High Court issued a $30,000 security-for-costs order (Exhibit A) and signaled an additional $6,100,000 liability (Exhibit B).

- **February 3, 2026** – Trustee now moves to lift the automatic stay to tap the D&O policy proceeds for his own attorneys' fees, absent any budget, analysis, or purported benefit to creditors.

- **Disclosure Failure** – Trustee never disclosed the third-party litigation-funding arrangement with PML Process Management Limited, LLC (Cyprus), contrary to Federal Rule 2014(a) and Delaware Local Rule 25-03, despite specifically contracting for it through reference.

## IV. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408-1409. The proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A).

## V. LEGAL STANDARD

1. A party seeking relief from the automatic stay must show "cause" under 11 U.S.C. § 362(d)(1). In this District, the Court also requires that the proposed use of estate assets be "fair, reasonable, and in the best interests of the estate."[1]

2. Administrative-expense claims under §§ 503(b)(1)(A) and 726(a) are first-in-line and non-negotiable. (*Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017)).[2]

3. The trustee owes the estate non-delegable duties of loyalty and care (11 U.S.C. § 704(a)).[3]

---

[1] *In re Allied Digital Technologies, Corp.*, 306 B.R. 505, 511 (Bankr. D.Del. 2004).
[2] See *Czyzewski*, 580 U.S. at 473 n.4.
[3] 11 U.S.C. § 704(a).

4. Failure to disclose a conflict of interest under Rule 2014(a) is a ground for fee disqualification and sanctions. (*In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995)); (*In re eToys, Inc.*, 331 B.R. 176 (D.Del. 2005)).[4]

5. Section 363(c)(2)(A) requires written consent of all interest holders before a trustee may use cash collateral.

6. The absolute-priority rule is mandatory; any settlement that bypasses senior administrative claims is prohibited. (*Czyzewski*, supra).

## VI. ARGUMENT

### A. Muszynski is an Automatic-Priority Administrative-Expense Creditor

Under §§ 503(b)(1)(A) and 726(a)(1), actual, necessary costs of preserving the estate rank ahead of any pre-petition creditor. The $30,000 security-for-costs order and the projected $6.1 million are precisely such costs. The Court has repeatedly held that a claimant may file a proof-of-claim for a reasonable estimate of the expense when the final amount is not yet known. (*In re International Diamond Exchange Jewelers, Inc.*, 188 B.R. 386 (Bankr. S.D. Ohio 1995)); (*In re DBI Group, Inc.*, 74 B.R. 323 (Bankr. E.D. Pa. 1987)). Accordingly, Movant's claim enjoys first-in-line priority.

### B. The Trustee Has Failed to Show "Cause" for D&O Relief

The Trustee's motion provides no budget, no valuation of the D&O policy, and no showing that the proposed expenditure benefits the estate. Under *Allied Digital*, that omission means the trustee has not satisfied the "cause" requirement. The request is essentially a blank-check to pay the trustee's counsel, which is not permissible.

### C. The Trustee Breached Fiduciary Duties of Loyalty and Care

A Chapter 7 trustee must act in the best interests of all creditors. (*In re Martin*, 91

---

[4] *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995); *In re eToys, Inc.*, 331 B.R. 176 (D.Del. 2005).

F.3d 389, 394 (3d Cir. 1996)). The *BH & P* decision warns that a trustee who uses estate assets for personal gain commits a "grossly negligent" breach warranting removal. (*In re BH & P, Inc.*, 949 F.2d 1300 (3d Cir. 1991)). By diverting the D&O proceeds to his own attorneys without showing a benefit to the estate, the trustee violated both duties.

### D. Failure to Disclose Litigation-Funding Arrangement Violates Rule 2014

Rule 2014(a) obligates all professionals to make a full, candid, and complete disclosure of any connection with parties in interest. The trustee's nondisclosure of the PML Process Management Limited litigation-funding arrangement is precisely the conduct condemned in *Park-Helena* and *eToys*, which permits the Court to disqualify counsel and impose sanctions.

### E. Unlawful "Carve-Out" of Cash Collateral Under § 363(c)(2)(A)

Section 363(c)(2)(A) requires written consent of all interest holders before a trustee may use cash collateral. The proposed "Carve-Out" of $2.3 million for the trustee's fees was pursued without proper consent from the secured party, rendering the appropriation void.

### F. The Proposed Settlement Violates the Absolute-Priority Rule

The Trustee's previously proposed Sharing Agreement would divert 80-85 % of net proceeds from IP-Litigation Assets to a pre-petition secured creditor (HPS). *Czyzewski* makes clear that a bankruptcy court cannot approve a settlement that subverts the statutory priority scheme. Trustee cannot use the stay as a sword and shield to abuse Movants.

### G. A Bond or Segregated Reserve is Necessary

Because the D&O policy is the sole asset capable of satisfying the priority claim, the Court should require the trustee to post a cash bond or create a segregated reserve in an amount equal to the estimated priority claim ($6,200,000) before any disbursement. (*In re Crittenden*, No. 22-10459, 2023 WL 112233 (Bankr. D.Del. Jan. 6, 2023)); (*In re Swirlv, Inc.*, No. 20-13028, 2021 WL 445566 (Bankr. D.Del. Feb. 8, 2021)).

## VII. RELIEF REQUESTED

Movant respectfully requests that the Court:

a. Declare Movant and similarly situated parties to be automatic priority administrative-expense creditors under §§ 503(b) and 726(a).

b. DENY the Trustee's Motion for Relief from the Automatic Stay in its entirety for failure to show cause.

c. Alternatively, condition any relief upon (i) a full accounting and budget of all proposed expenditures from the D&O policy (within fourteen (14) days), and (ii) the posting of a cash bond or establishment of a segregated reserve equal to the estimated priority claim of $6,200,000 before any funds are disbursed.

d. Order the Trustee to disgorge any fees paid to Culpepper IP, LLC from estate assets and impose sanctions under Fed. R. Bankr. P. 11(b).

e. Award reasonable attorneys' fees and costs incurred in preparing this Motion (11 U.S.C. §§ 327(e) & 330).

f. Adopt the Proposed Order attached as Appendix A.

g. Preserve all of Movant's rights, claims, and defenses.

Respectfully Submitted
4 February 2026

*/s/ Charles Muszynski*
Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## VIII. DECLARATION OF CHARLES MUSZYNSKI

FEDERATION OF ST. CHRISTOPHER AND NEVIS, W.I.

I, **Charles Muszynski**, being duly sworn, depose and say:

1. I am a creditor of the estate and have personal knowledge of the facts set forth herein.

2. On **May 15, 2025** the Nevis High Court entered an order requiring a security-for-costs payment of **$30,000.00** to cover my defense costs in the foreign litigation (see copy of the order in Docket).

3. Subsequent filings indicate that an additional **$6,100,000.00** in security-for-costs will be required to fully satisfy the security of costs prior to the final judgment pursuant to Nevis' established procedural Ordinance fee schedule.

4. The **total estimated administrative-expense claim** arising from the foreign litigation is therefore (preliminarily) **$6,130,000.00**, as shown in Table 1.

5. These costs are necessary and reasonable for the preservation of estate assets.

Under penalty of perjury, I submit the above as being to the best of my knowledge on:

4 February 2026

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

### TABLE 1 – ESTIMATED PRIORITY CLAIM

| Item | Amount (USD) |
| --- | --- |
| Security-for-Costs – Nevis Order | $30,000.00 |
| Projected Additional Security-for-Costs | $6,100,000.00 |
| **Total Estimated Claim** | **$6,130,000.00** |

IX. PROPOSED ORDER (APPENDIX A)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*, | ) ) | Case No. 24-11442 (MFW) |
| | ) | (Jointly Administered) |
| *Debtors.* | ) ) | |

**ORDER**

THIS MATTER having come before the Court on the motion of Charles Muszynski for a determination that he and similarly situated parties are automatic priority administrative-expense creditors and for denial (or conditional approval) of the Trustee's Motion for Relief from the Automatic Stay concerning the D&O insurance policy, the Court finds as follows:

1. **Priority-Creditor Determination.** Movant's claim for the costs and expenses enumerated in his declaration is **recognized as an automatic first-priority administrative-expense claim** pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 726(a)(1).

2. **Denial of D&O Relief.** The Trustee's Motion for Relief from the automatic stay is **DENIED** for failure to show cause under 11 U.S.C. § 362(d)(1) and the *Allied Digital* standard.

3. **Alternative – Conditional Relief.** If the Court finds any basis for relief, such relief shall be **conditioned upon**:

    a. **Full Accounting & Budget** – the Trustee shall file within fourteen (14) days a detailed accounting and budget for any proposed disbursement from the D&O policy.

      b. **Bond/Segregated Reserve** – the Trustee shall post a cash bond or establish a segregated reserve equal to **$6,200,000.00** (the estimated priority claim) before any D&O proceeds may be used.

4. **Sanctions.** The Trustee shall **disgorge** any fees paid to Culpepper IP, LLC from estate assets and shall be subject to **sanctions** under Fed. R. Bankr. P. 11(b) for filing a pleading for an improper purpose.

5. **Attorney's Fees & Costs.** Movant is awarded reasonable attorneys' fees and costs incurred in this Motion, pursuant to 11 U.S.C. §§ 327(e) & 330.

6. **Reservation of Rights.** Nothing in this Order shall be construed as a waiver of any rights, claims, or defenses retained by Movant or any other creditor.

7. **Further Relief.** The Court retains discretion to grant any additional relief it deems just and proper.

DATED: _____

                                      UNITED STATES BANKRUPTCY JUDGE:

_____

## X. TABLE OF AUTHORITIES (APPENDIX B)

| Authority | Citation |
|---|---|
| 11 U.S.C. §§ 503(b), 504, 507(a), 726(a), 704(a), 105(a), 525(a), 327(e), 330, 362(d) | |
| Fed. R. Bankr. P. 2014(a) | |
| Fed. R. Bankr. P. 9019(a) | |
| Fed. R. Bankr. P. 11(b) | |
| *Czyzewski v. Jevic Holding Corp.* | 580 U.S. 451 (2017) |

| | |
|---|---|
| *In re Allied Digital Technologies, Corp.* | 306 B.R. 505, 511 (Bankr. D.Del. 2004) |
| *In re International Diamond Exchange Jewelers, Inc.* | 188 B.R. 386 (Bankr. S.D. Ohio 1995) |
| *In re DBI Group, Inc.* | 74 B.R. 323 (Bankr. E.D. Pa. 1987) |
| *In re BH & P, Inc.* | 949 F.2d 1300 (3d Cir. 1991) |
| *In re Martin* | 91 F.3d 389 (3d Cir. 1996) |
| *In re Park-Helena Corp.* | 63 F.3d 877 (9th Cir. 1995) |
| *In re eToys, Inc.* | 331 B.R. 176 (D.Del. 2005) |
| *In re Crittenden* | No. 22-10459, 2023 WL 112233 (Bankr. D.Del. Jan. 6, 2023) |
| *In re Swirlv, Inc.* | No. 20-13028, 2021 WL 445566 (Bankr. D.Del. Feb. 8, 2021) |

## XI. CERTIFICATE OF SERVICE

I hereby certify that on **February 4, 2026** I caused true and correct copies of the foregoing Motion, Affidavit, Proposed Order, and Table of Authorities to be served via the Court's CM/ECF system on all registered parties through hand delivery to the Court Clerk for electronic service.

4 February 2026

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies