**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al*[1]<br><br>         Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Hearing Date: April 8, 2026 at 2:00 p.m.<br>Objection Deadline: April 1, 2026 at 5:00 p.m. |

**MOTION OF ERICA L. RAPP FOR ENTRY OF AN ORDER (I) AUTHORIZING LATE FILING OF PROOF OF CLAIM AND DEEMING CLAIM TIMELY FILED FOR PURPOSES OF DISTRIBUTION, OR (II) IN THE ALTERNATIVE, ALLOWING THE TARDILY FILED CLAIM FOR PURPOSES OF DISTRIBUTION, AND (III) GRANTING RELATED RELIEF**

Erica L. Rapp (the "**Movant**" or "**Creditor**"), by and through her undersigned counsel, respectfully moves this Court for entry of an order substantially in the form attached hereto as **Exhibit A** (i) authorizing Creditor to file a proof of claim after the claims bar date and deeming such claim timely filed for purposes of distribution to the full extent permitted by the Bankruptcy Code (this "**Motion**"), on the ground that the CSS Entertainment Inc., f/k/a Chicken Soup for the Soul Entertainment Inc., *et al* (the "**Debtors**") failed to provide actual notice of the bankruptcy case and the claims bar date to this known Creditor; or, in the alternative, (ii) allowing Creditor's tardily filed claim for purposes of distribution to the full extent permitted by the Bankruptcy Code where notice was lacking; and (iii) granting related relief. In support of this Motion, Creditor states as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

35362250

**PRELIMINARY STATEMENT**

1. This Motion arises from a straightforward due process problem with a well-settled remedy. Where a debtor fails to provide actual notice of the bankruptcy and bar date to a known creditor, courts hold that the creditor's claim cannot be barred and must be permitted notwithstanding the established bar date, whether by deeming the claim timely or by allowing it post-bar date to avoid forfeiture of substantive rights. The Supreme Court and courts of appeal—including within the Third Circuit—have consistently held that due process requires actual notice to known creditors and that, absent such notice, a creditor cannot be constitutionally deprived of the right to participate in distributions. The Debtors here did not provide Creditor with actual notice of the case or bar date, even though Creditor was known to the Debtors and reasonably ascertainable from the Debtors' books and records.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested include section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), and Rules 2002, 3002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**RELEVANT BACKGROUND**

4. On June 28, 2024 (the "**Petition Date**"), the above-captioned Debtors commenced these bankruptcy proceedings by filing voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

5. Twelve days later, on July 10, 2024, the cases converted to Chapter 7.

6. On July 22, 2024, the interim Chapter 7 Trustee filed a Notice of Chapter 7 Bankruptcy Case, establishing September 18, 2024 (the "**Bar Date**") as the general deadline by which to file proofs of claim (D.I. 158).

7. Creditor never received notice of the bankruptcy case or the Bar Date. Furthermore, Creditor's investment firm, neither American Capital Partners, LLC ("**ACP**"), nor Royal Bank of Canada ("**RBC**"), ACP's clearing agent, received notice of the bankruptcy case or the Bar Date. Attached as **Exhibit E** is a copy of the Bar Date notice and the accompanying service list, which show that Creditor, ACP, and RBC were omitted from the list. Movant submits the affirmation of Erica L. Rapp ("**Rapp Affirmation**") in support of the foregoing, attached hereto as **Exhibit B** and the affirmation of Anthony Gardini, Chief Executive Office of APA, attached hereto as **Exhibit C** ("**Gardini Affirmation**").

8. Creditor is a prepetition creditor of the Debtors based on Creditor's purchase of the Debtors promissory note debt obligations pursuant to a certain Prospectus and Supplement thereto/Credit Agreement in the approximate amount of $278,357.00 inclusive of interest.

9. Creditor first learned of the Debtors' bankruptcy after the Debtors failed to make payments to Creditor on the subject promissory note's July 25, 2025 due date, as well as through news reports that the Creditor's investment advisors came across.

10. Creditor then inquired as to options to take after reaching out to the bankruptcy trustee who provided little guidance and then consulting with securities counsel who then referred Creditors to the undersigned firm. Creditor then filed a proof of claim and this Motion seeking leave to file a late claim and for the claim to be deemed timely. A copy of the Proof of Claim, together with exhibits annexed thereto, filed by Creditor on January 5, 2026 (Claim No. 459-1) is attached hereto as **Exhibit D**.

35362250

11. Creditor's prompt actions upon learning of the case demonstrate diligence and good faith, and the short interval between gaining knowledge and taking action causes no prejudice to the Debtors or the estates' administration.

## **LEGAL STANDARD**

12. Courts have discretion to enlarge the period during which a proof of claim can be filed and permit a late-filed proof of claim. Bankruptcy Rule 3003(c)(3) provides that "[t]he court must set the time to file a proof of claim or interest and may, for cause, extend the time. If the time has expired, the proof of claim or interest may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (3), (4), and (7)." Fed. R. Bankr. P. 3003(c)(3).

13. Rule 3002(c)(7) provides:

> (7) *Extending the Time to File*. On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.

Fed. R. Bankr. P. 3002(c)(7).

14. Additionally, due process under the Fifth Amendment requires that known creditors receive actual notice of bankruptcy proceedings and the claims bar date before their rights may be extinguished. In bankruptcy proceedings, the level of notice required by due process turns on whether the creditor in question is "known" or "unknown" at the time of the bankruptcy court's order.

15. "Known" creditors are entitled to actual notice of the proceedings, whereas, for unknown creditors, publication notice is often sufficient. *In re Weiand Automotive, Inc.*, 09-13338 (TMH), 2025 WL 2808955, at *11 (Bankr. D. Del. Oct. 2, 2025) quoting *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293 (1953), (where Supreme Court

held that "notice by publication is a poor and sometimes a hopeless substitute for actual service of notice" and that a creditor whose identity and address are known or reasonably ascertainable cannot be constitutionally deprived of the right to participate in distributions based solely on constructive notice).

16. The Supreme Court emphasized that "the statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id*. at 296–97. Critically, the Supreme Court held that even where a creditor has actual knowledge of the bankruptcy proceedings, such knowledge "cannot replace the statutory requirement of reasonable notice of the claim filing deadline." *Id*.

17. The Third Circuit has directly applied these due process principles in circumstances closely analogous to those present here. In *In re Harbor Tank Storage Co.*, 385 F.2d 111 (3d Cir. 1967), the court held that a creditor who did not receive notice of the claims bar date retained "an absolute right to file and prove its claim in the proceeding, despite the fact that the bar date had passed and the plan was confirmed." *Id*. at 114. The court found that the trustee's failure to provide notice to a known creditor, despite actual knowledge of that creditor's unsatisfied, meritorious claim, "constitutes a denial of due process." *Id*. The *Harbor Tank Storage* decision makes clear that within this Circuit, rigid adherence to bar dates cannot override the constitutional imperative of adequate notice to known creditors.[2]

18. Bankruptcy Rule 2002(a)(7) codifies this due process requirement by mandating that the clerk give creditors "not less than 21 days' notice by mail" of the time fixed for filing proofs of claim. Fed. R. Bankr. P. 2002(a)(7). Where a debtor fails to schedule a known creditor

---

[2] While *In re Harbor Tank Storage Co.* is still cited for its strong due process notice protections for known creditors, the rule it announced has been consistently limited by subsequent statutory developments and narrowed to its unique facts—principally where the trustee knows of a creditor's claim and failed to provide the required notices, and the claim was not speculative or contingent, circumstances which are present here.

35362250

and that creditor consequently receives no notice, courts have consistently exercised their authority under Bankruptcy Rules 3003(c)(3) to extend the bar date or permit late-filed claims.

19. Additionally, Bankruptcy Rule 3002(c)(7) specifically addresses the situation where a creditor does not receive timely notice of the bankruptcy case or claims bar date. Under this rule, a creditor may file a proof of claim within a specified period after receiving notice, even if the general bar date has passed, provided the creditor's failure to file timely was due to the lack of notice.

20. In this case, Creditor satisfies all requirements for relief under these well-established principles. First, Creditor was a known creditor of the Debtors. Creditor held promissory note debt obligations arising from the Debtors' issuance of notes pursuant to a Prospectus and Supplement thereto, in the approximate amount of $278,357.00. The Debtors were aware of the issuance of these notes and the identity of noteholders was reasonably ascertainable from the Debtors' books, records, and financial documents. As a known creditor, Creditor was constitutionally entitled to actual notice of both the bankruptcy filing and the Bar Date.

21. Second, Creditor received no notice whatsoever. The Debtors failed to provide Creditor with any notice of the commencement of the bankruptcy case or of the Bar Date. Creditor did not learn of the bankruptcy until after the Debtors failed to make payments on the promissory note's July 25, 2025 due date, more than ten months after the Bar Date had passed.

22. Third, the undersigned counsel reviewed the Debtors' schedules of unsecured creditors as well as the creditor matrix and did not see Creditor listed therein.

23. Fourth, Creditor acted with diligence upon learning of the bankruptcy. Upon discovering the Debtors' bankruptcy through the missed payment, Creditor promptly consulted

with counsel and filed her proof of claim on January 5, 2026. Creditor also contacted the bankruptcy trustee seeking guidance. This prompt action demonstrates good faith and causes no prejudice to the Debtors or the estates' administration.

24. Under these circumstances, enforcing the Bar Date against Creditor would violate due process. The Third Circuit's decision in *Harbor Tank Storage* is directly on point: a creditor who did not receive notice of the bar date is entitled to file a claim, regardless of whether the bar date has passed. Accordingly, Creditor respectfully submits that her claim should be deemed timely filed for purposes of distribution, or alternatively, that the tardily filed claim should be allowed for purposes of distribution to the full extent permitted by the Bankruptcy Code.

## NOTICE

25. Pursuant to the Local Rules and the Federal Rules of Bankruptcy Procedure, notice of this motion has been provided to: (i) the Debtors and their counsel; (ii) the Office of the United States Trustee; (iii) the official committee(s), if any, and their counsel; and (iv) and all parties that have requested notice pursuant to Bankruptcy Rule 2002.

26. Creditor submits that, in light of the nature of the relief requested, no other or further notice is necessary.

## CONCLUSION

**WHEREFORE**, Creditor respectfully requests that the Court grant this Motion and enter an order (i) authorizing Creditor's late filing and deeming the proof of claim timely filed, or (ii) alternatively, allowing the tardily filed claim for purposes of distribution to the extent provided by the Bankruptcy Code and Rules, and (iii) granting such other and further relief as is just.

[*Signature Page Follows*]

35362250

Dated: New York, New York
February 13, 2026

        **CULLEN AND DYKMAN LLP**

        By:   /s/ *Michelle McMahon*
                Michelle McMahon
        Ralph E. Preite
        Michelle McMahon
        Kyriaki Christodoulou
        One Battery Park Plaza, 34th Floor
        New York, New York 10004
        (212) 510-2296
        Email: rpreite@cullenllp.com
                  mmcmahon@cullenllp.com
                  kchristodoulou@cullenllp.com

        *Counsel for Creditor Erica L. Rapp*

35362250

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2026, I caused a copy of the foregoing Motion to be served upon the Debtor, the United States Trustee, any official committee(s), and all parties requesting notice, *via* CM/ECF, and by first-class mail upon the following parties:

Pachulski Stang Ziehl & Jones LLP
<u>Attn</u>:   Steven W. Golden
         Debra Grassgreen
         Alan J. Kornfeld
         Maxim B. Litvak
         James E. O'Neill
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
*Debtors' Counsel*

Pachulski Stang Ziehl & Jones LLP
<u>Attn</u>:   Richard M. Pachulski
10100 Santa Monical Blvd. 11th Floor
Los Angeles, California 90067-4003
*Debtors' Counsel*

Ashby & Geddes, P. A.
<u>Attn</u>:   Ricardo Palacio
         Gregory A. Taylor
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
*Debtors' Counsel*

Cozen O'Connor
<u>Attn</u>:   John T. Carroll, III
         Simon E. Frazer
1201 North Market Street, Suite 1001
Wilmington, Delaware 19801
*Counsel for Chapter 7 Trustee*

Pachulski Stang Ziehl & Jones LLP
<u>Attn</u>:   Tavi C. Flanagan
10100 Santa Monical Blvd. 11th Floor
Los Angeles, California 90067-4003
*Counsel for Chapter 7 Trustee*

Office of the United States Trustee
U.S. Department of Justice
<u>Attn</u>:   Jane M. Leamy
         Richard L. Schepacarter
844 King Street, Suite 2207, Lockbox #35
Wilmington, Delaware 19801

    /s/ *Michelle McMahon*
Michelle McMahon

35362250