## Exhibit B

## Rapp Affirmation

35460722

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date:**<br>**Objection Deadline:** |

**AFFIRMATION OF ERICA L. RAPP IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING LATE FILING OF PROOF OF CLAIM AND DEEMING CLAIM TIMELY FILED FOR PURPOSES OF DISTRIBUTION, OR (II) IN THE ALTERNATIVE, ALLOWING THE TARDILY FILED CLAIM FOR PURPOSES OF DISTRIBUTION, AND (III) GRANTING RELATED RELIEF**

ERICA L. RAPP, pursuant to 28 U.S.C. § 1746, hereby declares and affirms under penalty of perjury that the following statements are true and correct to the best of her knowledge, information, and belief:

1. I am the Movant and Creditor in the above-referenced *Motion for Entry of an Order (I) Authorizing Late Filing of Proof of Claim and Deeming Claim Timely Filed for Purposes of Distribution, or (II) in the Alternative, Allowing the Tardily Filed Claim for Purposes of Distribution, and (III) Granting Related Relief* (the "**Motion**"). I submit this Affirmation in support of the Motion and based upon my personal knowledge of the facts set forth herein.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

35460722

2. I am a prepetition creditor of CSS Entertainment Inc., f/k/a Chicken Soup for the Soul Entertainment Inc., *et al.* (the "**Debtors**"). My claim arises from my purchase of the Debtors' promissory note debt obligations pursuant to a certain Prospectus and Supplement thereto/Credit Agreement in the approximate amount of $278,357.00, inclusive of interest.

3. I am advised that the Debtors commenced their bankruptcy proceedings on June 28, 2024 (the "**Petition Date**") by filing voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. I am further advised that on July 10, 2024, the cases converted to Chapter 7. On July 22, 2024, the interim Chapter 7 Trustee filed a Notice of Chapter 7 Bankruptcy Case, establishing September 18, 2024 (the "**Bar Date**") as the general deadline by which to file proofs of claim.

4. I never received notice of the bankruptcy case or the Bar Date, by mail or otherwise. At no time prior to the Bar Date did I receive any written communication, mailing, electronic notice, or other form of notification from the Debtors, the bankruptcy trustee, any court official, or any other party regarding the commencement of the bankruptcy case or the deadline to file a proof of claim.

5. Furthermore, neither my investment firm, American Capital Partners, LLC ("**ACP**"), nor Royal Bank of Canada ("**RBC**"), ACP's clearing agent, received notice of the bankruptcy case or the Bar Date.

6. I first learned of the Debtors' bankruptcy after the Debtors failed to make payments to me on the subject promissory note's July 25, 2025 due date. I also became aware of the bankruptcy through news reports that my investment advisors came across. This was more than ten months after the Bar Date had passed.

35460722

7. Upon learning of the bankruptcy, I promptly sought guidance from the bankruptcy trustee, who provided little assistance. I then consulted with securities counsel, who referred me to my current counsel at Cullen and Dykman LLP.

8. Acting with diligence upon discovering the Debtors' bankruptcy, I filed my Proof of Claim (Claim No. 459-1) on January 5, 2026.

9. I understand that the Debtors' schedules of unsecured creditors and the creditor matrix have been reviewed by my counsel and that I am not listed therein. Notwithstanding my absence from these schedules, I was a known creditor of the Debtors because the Debtors were aware of the issuance of the promissory notes, and the identity of noteholders, including myself, was reasonably ascertainable from the Debtors' books, records, and financial documents.

10. I affirm that I had no actual knowledge of the bankruptcy proceedings or the Bar Date until well after the Bar Date had passed. My failure to timely file a proof of claim was solely due to the lack of notice provided to me, and not due to any neglect or delay on my part.

11. I respectfully submit that enforcing the Bar Date against me under these circumstances would be unjust and would deprive me of my constitutional right to due process, as I was never afforded the opportunity to file a timely claim due to the Debtors' failure to provide me with notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief. Executed on this __9th__ day of February, 2026.

_____
ERICA L. RAPP