## Exhibit C

## Gardini Affirmation

35460775

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al*[1]<br><br>　　　　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date:**<br>**Objection Deadline:** |

## AFFIRMATION OF ANTHONY GARDINI IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING LATE FILING OF PROOF OF CLAIM AND DEEMING CLAIM TIMELY FILED FOR PURPOSES OF DISTRIBUTION, OR (II) IN THE ALTERNATIVE, ALLOWING THE TARDILY FILED CLAIM FOR PURPOSES OF DISTRIBUTION, AND (III) GRANTING RELATED RELIEF

ANTHONY GARDINI, pursuant to 28 U.S.C. § 1746, hereby declares and affirms under penalty of perjury that the following statements are true and correct to the best of her knowledge, information, and belief:

1. I am the Chief Executive Officer of American Capital Partners, LLC ("**ACP**"), an investment firm located in the State of New York, among other locations. I have held this position at all times relevant to the matters set forth herein and have personal knowledge of the facts stated in this Affirmation.

2. I submit this Affirmation in support of the *Motion of Erica L. Rapp for Entry of an Order (I) Authorizing Late Filing of Proof of Claim and Deeming Claim Timely Filed for*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

35460775

*Purposes of Distribution, or (II) in the Alternative, Allowing the Tardily Filed Claim for Purposes of Distribution, and (III) Granting Related Relief* (the "**Motion**").

3. As part of my duties as CEO of ACP, I am familiar with ACP's client accounts, the securities and debt instruments held on behalf of clients, and the correspondence and notices received by ACP in connection with those investments.

4. Erica L. Rapp is a client of ACP. Through ACP, Ms. Rapp purchased promissory note debt obligations issued by CSS Entertainment Inc., f/k/a Chicken Soup for the Soul Entertainment Inc., et al. (the "**Debtors**") pursuant to a certain Prospectus and Supplement thereto/Credit Agreement in the approximate amount of $278,357.00, inclusive of interest.

5. Royal Bank of Canada ("**RBC**") serves as the clearing agent for ACP. In that capacity, RBC processes transactions, maintains custody of securities, and receives notices and communications from issuers on behalf of ACP and its clients.

6. I am advised that the Debtors commenced their bankruptcy proceedings on June 28, 2024, by filing voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. I am further advised that on July 10, 2024, the cases converted to Chapter 7. On July 22, 2024, the interim Chapter 7 Trustee filed a Notice of Chapter 7 Bankruptcy Case, establishing September 18, 2024 (the "**Bar Date**") as the general deadline by which to file proofs of claim.

7. At no time prior to the Bar Date did ACP receive any notice of the Debtors' bankruptcy case or the Bar Date. I have caused a review of ACP's records to be conducted, and that review confirms that ACP did not receive any written communication, mailing, electronic notice, or other form of notification from the Debtors, the bankruptcy trustee, any court official, or any other party regarding the commencement of the bankruptcy case or the deadline to file a proof of claim.

35460775

8. Furthermore, I have made inquiry with RBC, ACP's clearing agent, and have confirmed that RBC likewise did not receive any notice of the Debtors' bankruptcy case or the Bar Date. Had RBC received such notice, it would have been communicated to ACP in the ordinary course of business, and ACP would have notified Ms. Rapp accordingly.

9. ACP first became aware of the Debtors' bankruptcy after the Debtors failed to make payments on the subject promissory note's July 25, 2025 due date. ACP's investment advisors also became aware of the bankruptcy through news reports around that time. This was more than ten months after the Bar Date had passed.

10. Upon learning of the Debtors' bankruptcy, ACP promptly notified Ms. Rapp and assisted her in taking appropriate action, including consulting with counsel and filing a proof of claim.

11. To the best of my knowledge, information, and belief, neither ACP nor RBC was ever provided with actual notice of the bankruptcy case or the Bar Date by the Debtors or any other party. The failure to receive notice was not the result of any neglect or oversight on the part of ACP or RBC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief. Executed on this __6__ day of February, 2026.

_____
ANTHONY GARDINI, CEO
AMERICAN CAPITAL PARTNERS, LLC

35460775