**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC.) *et al.*, [1] | Case No. 24-11442 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re. Docket No. 757** |

**FORMER EMPLOYEE PUTATIVE CLASS'S STATEMENT AND RESERVATION OF RIGHTS WITH RESPECT TO THE MOTION OF WILLIAM J. ROUHANA, JR. FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OR SETTLEMENT OF DEFENSE EXPENSES, CLAIMS OR OTHER LOSS UNDER DIRECTORS AND OFFICERS INSURANCE POLICY**

Brian Skajem, Lisa Papatzimas, Erin Tuttle, David Ellender, Dara Cohen, Matt Loze, Jessica Stoeckeler, Heather Bundy, Carey Campbell, Kelly Burke Hopkins, Courtney Smith (collectively, the "Former Employee Putative Class"), by and through their undersigned counsel, representing former employees and others similarly situated, hereby file this statement and reservation of rights to the *Motion of William J. Rouhana, Jr., for Relief from the Automatic Stay, to the Extent Applicable, to Allow Payment or Settlement of Defense Expenses, Claims or Other Loss Under Directors and Officers Insurance Policy* [D.I. 757] (the "Rouhana Stay Relief Motion")[2].

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Rouhana Stay Relief Motion.

17868908/5

## RELEVANT BACKGROUND

### A. Procedural History

1.      On June 28 and 29, 2024 (as applicable, the "Petition Date"), each of the debtors (the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases"). On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120], making July 10, 2024, the "Conversion Effective Date."

2.      On July 11, 2024, George L. Miller (the "Trustee") was appointed as the interim chapter 7 trustee for the estates of the Debtors (the "Estates") and is currently serving in that role permanently pursuant to section 702(d) of the Bankruptcy Code.

3.      Prior to the Conversion Effective Date, the Debtors operated one of the largest ad-supported video-on-demand platforms in the U.S., offering premium entertainment content to value-conscious consumers through multiple streams. The Debtors had ceased all operations by the Conversion Effective Date.

4.      On September 6, 2024, the Former Employee Putative Class commenced adversary proceeding number 24-50128 against Chicken Soup for the Soul Entertainment, Inc., Redbox Automated Retail, LLC, William J. Rouhana, Jr., Amy Newmark, HPS Partners, LLC Anthem Blue Cross, and Does 1-500 (collectively, the "Defendants") (the "Skajem Action") [Skajem Adv. D.I. 1].  On February 3, 2025, the Former Employee Putative Class moved for leave to amend its complaint [Skajem Adv. D.I. 18], which the Court granted on May 6, 2025 [Skajem Adv. D.I. 29]. The First Amended Complaint was filed on May 8, 2025 [Skajem Adv. D.I. 30] (the "First Amended Complaint"). Through the First Amended Complaint the Former Employee Putative

2

17868908/5

Class asserted a variety of wage and hour causes of action under both state and federal law for violations dating back to 2022 and also added defendants John T. Young, Robert H. Warshauer, and Bart Schwartz.

5.     On October 4, 2024, the Former Employee Putative Class filed proof of claim no. 157 ("Claim No. 157") asserting wage, severance, and related claims arising from the Debtors' prepetition and post-petition conduct. The Former Employee Putative Class holds significant unsecured claims against the Estates and thus constitutes a creditor constituency with a direct and substantial interest in the administration and value of the Estates' remaining assets. The Former Employee Putative Class previously pursued class litigation asserting, among other things, violations of employment and wage laws. While that litigation provides factual context for the claims asserted in Claim No. 157, the Former Employee Putative Class appears here solely in their capacity as creditors of the Estates. Through Claim No. 157 the Former Employee Putative Class asserted a $500 million litigation claim.

6.     On March 12, 2025 the Trustee filed the *Complaint for (I) Breach Of Fiduciary Duty; (II) Aiding and Abetting Breach of Fiduciary Duty; (III) Avoidance of Fraudulent Transfers; (IV) Recovery of Illegal Dividends; (V) Damages for Non-Payment of Employee Wages, Benefits and Payroll Taxes; (VI) Equitable Subordination; And (VII) Disallowance Of Claims*, thereby  commencing an adversary proceeding against former officers and directors, including William J. Rouhana, Jr. and Amy L. Newmark. Adv. Case No. 25-50399 (MFW) [Miller Adv. D.I. 1] (the "Trustee's Complaint"). Specifically, the Trustee's Complaint seeks relief related to thirteen causes of action, including claims for, among other things, the Defendants' alleged breach of fiduciary duties, fraudulent transfers under the Bankruptcy Code, and violations of specific the

Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") over a two week period of time prior to the petition date claiming a failure to pay wages, medical benefits and payroll taxes.

7. On May 9, 2025, William J. Rouhana, Jr., Amy L. Newmark, Christopher Mitchell, Fred M. Cohen, Cosmo Denicola, Martin Pompadur, Christina Weiss Lurie, Diana Wilkin, Vikram Somaya, Jason Meier, and Amanda R. Edwards (collectively, the "Movants") filed the *Motion of William J. Rouhana, Jr., Amy L. Newmark, Christopher Mitchell, Fred M. Cohen, Cosmo Denicola, Martin Pompadur, Christina Weiss Lurie, Diana Wilkin, Vikram Somaya, Jason Meier, and Amanda R. Edwards, for Relief from the Automatic Stay to the Extent Applicable, to Allow Payment of Defense Expenses and Other Loss Under Directors and Officers Primary Insurance Policy* [D.I. 635] (the "Primary Insurance Stay Relief Motion"). On May 27, 2025, the Court entered an Order granting the Primary Insurance Stay Relief Motion. [D.I. 642].

8. On December 9, 2025, the Court entered an Order granting William J. Rouhana, Jr.'s and Amy Newmark's motion to dismiss the First Amended Complaint in the Skajem Action, requiring that plaintiffs amend the First Amended Complaint by January 8, 2026 [Skajem Adv. D.I. 89].

9. On January 8, 2026, the Movants filed the *Motion of William J. Rouhana, Jr., Amy L. Newmark, Christopher Mitchell, Fred M. Cohen, Cosmo Denicola, Martin Pompadur, Christina Weiss Lurie, Diana Wilkin, Vikram Somaya, Jason Meier, and Amanda R. Edwards, for Relief from the Automatic Stay to the Extent Applicable, to Allow Payment of Defense Expenses and Other Loss Under Directors and Officers Excess Insurance Policies* [D.I. 718] (the "Excess Insurance Stay Relief Motion") and the *Joinder of Robert H. Warshauer and John T. Young, Jr. to the Motion for Relief from the Automatic Stay to the Extent Applicable, to Allow Payment of Defense Expenses and Other Loss Under Directors and Officers Excess Insurance Policies* [D.I.

17868908/5

722] (the "Warshauer and Young Joinder" together with the Excess Insurance Stay Relief Motion, the "Former D&Os Stay Relief Motion").

10.    On that same day, January 8, 2026, the Former Employee Putative Class filed their Second Amended Complaint [Skajem Adv. D.I. 95] (the "Second Amended Complaint").

11.    On January 21, 2026, Robert H. Warshauer and John T. Young, Jr. filed the Warshauer and Young Joinder joining in the request for stay relief made in the Excess Insurance Stay Relief Motion.

12.    On January 22, 2026, the Former Employee Putative Class filed a *Statement and Reservation of Rights with Respect to (I) Motion of William J. Rouhana, Jr., Amy L. Newmark, Christopher Mitchell, Fred M. Cohen, Cosmo Denicola, Martin Pompadur, Christina Weiss Lurie, Diana Wilkin, Vikram Somaya, Jason Meier, and Amanda R. Edwards, for Relief from the Automatic Stay to the Extent Applicable, to Allow Payment of Defense Expenses and Other Loss Under Directors and Officers Excess Insurance Policies and (II) Joinder of Robert H. Warshauer and John T. Young, Jr. to the Motion for Relief from the Automatic Stay to the Extent Applicable, to Allow Payment of Defense Expenses and Other Loss Under Directors and Officers Excess Insurance Policies* [D.I. 723] (the "Excess Insurance Relief Statement").

13.    On February 4, 2026, after a brief oral argument, the Court entered an Order granting the Former D&Os Stay Relief Motion. [D.I. 733].[3]

14.    To date, all Defendants briefing on their respective motions to dismiss the Second Amended Complaint and the Former Employee Putative Class reply in support have been completed and filed.

---

[3] Following the Court's April 4, 2026, Order, the Former Employee Putative Class has been working productively to finalize a confidentiality agreement with the Chapter 7 Trustee to facilitate the sharing of information related to the professional fee burn on the Primary and Excess D&O Policies. Additionally, counsel for Mr. Rouhana has shared a few details on the overall amount of fees accrued and proceeds paid out up to March 2, 2026.

17868908/5

**B. The Rouhana Stay Relief Motion D&O Policy**

15. During the ordinary course of business, the Debtors obtained directors and officers liability insurance policies to protect their directors and officers, and under certain defined circumstances, employees providing services to, or acting on behalf of the Debtors. Specifically, the Debtors maintain a primary directors and officers liability policy and certain excess layers of D&O insurance (the "D&O Policies").

16. The applicable D&O Policy in the Rouhana Stay Relief Motion, Policy Number ELU192110-23 (the "Policy") is maintained by the Debtors with XL Specialty Insurance Company (XL Specialty"), with an aggregate coverage limit of $5.0 million. Mr. Rouhana alleges the Policy is separate and distinct from the D&O insurance policies applicable to the Skajem Action and from the two Orders entered lifting the automatic stay at docket numbers 642 & 733. *See* Rouhana Stay Relief Motion at n.2. Additionally, during an initial meet and confer, counsel for Mr. Rouhana expressed that the Policy is only applicable to "operational" claims and does not cover the claims brought in the Skajem Action.

17. The Rouhana Stay Relief Motion requests to lift the stay to obtain the proceeds to pay for defense costs associated with a certain arbitration demand (the "Arbitration Demand") made against William J. Rouhana by Cedar Advance, LLC ("Cedar Advance"). Cedar Advance's Arbitration Demand stems from an alleged breach of contract pursuant to a certain Standard Merchant Cash Advance Agreement (the "Agreement") between the Debtors and Cedar Advance.[4]

---

[4] Cedar Advance has previously alleged it is owed approximately $5,051,000 by the Debtors an account of the Agreement. *See Preliminary Objection of Cedar Advance LLC to Debtors' Motion for Authority to Use Cash Collateral* at ¶6.

17868908/5

**FORMER EMPLOYEE PUTATIVE CLASS'S STATEMENT**

18.     The Former Employee Putative Class has a strong interest in ensuring that all of the Estates' D&O Policies remain available for potential claims against insureds, including those asserted by or for the benefit of the Former Employee Putative Class.

19.     Moreover, after a review of the Policy, the Former Employee Putative Class question Mr. Rouhana's assertion that the Policy is only applicable to operational claims and not the kind of claims contemplated in the Skajem Action. The Former Employee Putative Class has reached out to Mr. Rouhana for clarification on that applicability of the Policy but have not been able to meet and confer on that issue in advance of the objection deadline.

20.     There is no indication from Mr. Rouhana that the proceeds of the Policy have been used prior to this request. To date, Mr. Rouhana has filed an answering statement to the demand and claims he will incur substantial expenses and costs in connection with the demand.

21.     The Former Employee Putative Class shares the same concerns it expressed in its Excess Insurance Relief Statement, specifically, the increasing defense costs being incurred by Mr. Rouhana and the other Movants and lack of transparency on the rate of fees being accrued. Mr. Rouhana did not provide an estimate of the costs incurred in preparing and filing his answering statement nor any indication of the potential future costs that will be incurred throughout the arbitration process. Without more information on the nature of the costs incurred and the rate of professional fees accrued, the Former Employee Putative Class cannot form an accurate view of remaining estate assets that may be used to satisfy a judgment or reach a settlement of their claims in the Skajem Action.

22.     The Former Employee Putative Class is mindful of the Court's April 4, 2026, oral ruling and Order on the Excess Insurance Relief Statement and only file this Statement out of an

7

17868908/5

abundance of caution in light of the uncertain nature of the Policy associated with the Rouhana Stay Relief Motion

### FORMER EMPLOYEE PUTATIVE CLASS'S RESERVATION OF RIGHTS

23.    The Former Employee Putative Class reserves all rights with respect to the Stay Relief Motion, including without limitation any additional objections that may become apparent upon further review of the proposed agreement or related materials, and to be heard at the hearing with respect thereto.

Dated: April 15, 2026
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Eric J. Monzo (DE Bar No. 5214)
Tara C. Pakrouh (DE Bar No. 6192)
Cortlan S. Hitch (DE Bar No. 6720)
Christopher M. Donnelly (DE Bar No. 7149)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
         tpakrouh@morrisjames.com
         chitch@morrisjames.com
         cdonnelly@morrisjames.com

*Counsel to the Former Employee Putative Class*

8

17868908/5