**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al* [1]<br><br>           Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: May 27, 2026 at 2:00 p.m. ET**<br>**Objection Deadline: May 20, 2026 at 4:00 p.m. ET** |

**TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 AND SECTION 105(a) OF THE BANKRUPTCY CODE TO
APPROVE COMPROMISE WITH WIDEOPENWEST FINANCE, LLC**

George L. Miller, as chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the

above-captioned Debtors (the "Debtors"), moves for entry of an order (the "Motion") approving a

certain compromise with WideOpenWest Finance, LLC ("WOW"), and respectfully states in

support:

**Jurisdiction, Core Nature, and Venue**

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  The Trustee consents to the entry of a final order by the Court in

connection with this Motion to the extent that it is later determined that the Court, absent the

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On June 28 and 29, 2024 (as applicable, the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases.  On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120].

3.      On July 11, 2024, the Trustee was appointed as the interim chapter 7 trustee for the Debtors' Estates, and is currently serving in that role permanently pursuant to section 702(d) of the Bankruptcy Code.  The Debtors had ceased all operations as of the conversion, and the Trustee has not operated the business.

4.      Prior to conversion, the Debtors' business included the provision of premium entertainment content to value-conscious consumers through multiple streams.  Together, the Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States.

5.      Prior to the Petition Date, Debtor Screen Media Ventures, LLC ("Screen Media") commenced copyright infringement lawsuits against various internet service providers ("ISPs"), including a certain lawsuit against WideOpenWest Finance, LLC in the United States District Court for the District of Colorado, styled, "*After II Movie, LLC et al. v. WideOpenWest Finance, LLC*, 1:21-cv-01901-DDD-CYC (the "WOW Litigation").  In the WOW Litigation, Screen Media, along with several other plaintiffs, sued the defendant for multiple violations of the U.S. Copyright Act (17 U.S.C. §§ 101 – 810) (the "Copyright Act"), based primarily on a theory of contributory

2

copyright infringement, seeking monetary damages in an unliquidated amount, and certain injunctive relief.

6. Following conversion, with this Court's authority the Trustee retained Screen Media's prepetition IP litigation counsel, the firm of Culpepper IP, LLLC (the "Culpepper Firm") to continue representing Screen Media's Estate in certain copyright infringement suits, including the WOW Litigation. See *Order Granting Trustee's Application for Approval of Retention of Culpepper IP, LLLC as Special Copyright Litigation Counsel and for Related Relief* [D.I. 547]. The WOW Litigation has proceeded through the discovery stage, and earlier this year the plaintiffs defeated the defendant's motion for summary judgment. The WOW Litigation by the Screen Media estate is presently stayed through June 23, 2026 due to the impact of the Supreme Court's March 25, 2026 decision in Cox Communications, Inc. v. Sony Music Entertainment, 607 U.S. __, 146 S. Ct. 959 (2026) ("Cox").

7. Cox addressed the legal standard for contributory copyright infringement claims brought against internet service providers with respect to their users' conduct. Prior to Cox, courts had consistently held that an ISP could be held liable for contributory copyright infringement if it continued to provide service to a customer with knowledge that the customer would use the service for infringement. See, e.g., BMG Rights Mgmt. (US) LLC v. Cox Communs., Inc., 881 F.3d 293, 311-12 (4th Cir. 2018) ("Put another way, the proper standard requires a defendant to have specific enough knowledge of infringement that the defendant could do something about it."). However, in Cox the Supreme Court purportedly changed the standard for contributory copyright infringement, imposing a new and more difficult test. Under this new standard, in order to establish contributory liability under the Copyright Act, it appears that a plaintiff must now prove that the defendant-ISP either: (i) actively encouraged customer infringement by for example,

3

marketing the service as a tool for infringement; or (ii) provided a service not capable of substantial or commercially significant noninfringing uses.  See Cox at 967.

8.      The Trustee's primary cause of action in the WOW Litigation is based on a theory of contributory copyright infringement, and so is directly affected by the Cox decision.  The Culpepper Firm has reassessed the WOW Litigation in the wake of Cox, and concluded that the plaintiffs, including the Screen Media Estate, would have significant difficulty meeting the new standard.  Accordingly, the Culpepper Firm reached an agreement in principle with the defendant to dismiss the WOW Litigation with prejudice, with each side bearing its own costs and attorneys' fees.  This agreement is embodied in a certain *Stipulation of Dismissal with Prejudice* (the "Stipulation"), a copy of which is attached to this Motion as Exhibit "A."

9.      Attached to this Motion as Exhibit "B" is a Declaration of Kerry Culpepper (the "Culpepper Declaration").  Mr. Culpepper is lead counsel representing the plaintiffs in the WOW Litigation, and is intimately familiar with the case.  In his Declaration Mr. Culpepper notes, among other things, that the parties have conducted extensive discovery, including the defendant's production of hundreds of thousands of documents, and depositions of the defendant's proposed witnesses.  Especially considering the large and highly-developed body of evidence, Mr. Culpepper believes that a factual predicate satisfying the new standard likely cannot be established.

10.     The Trustee, following consultation with Mr. Culpepper and in the exercise of his business judgment, agrees that his entry into the Stipulation would be in the best interest of Screen Media's estate.

### Relief Requested

11.     The Trustee requests entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 and section 105(a) of the Bankruptcy Code: (i) approving the Stipulation; (ii)

LEGAL\115191443\2 6010823/00617521

authorizing him to enter into the Stipulation and take any actions necessary to carry out the terms thereof; and (iii) providing related relief.

## Basis for Requested Relief

### A.    Applicable Law and Standards

12.    Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.  In addition, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13.    The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored."  In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006); see also In re Penn Central Transp. Co., 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . . .").

14.    In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Penn Central, 596 F.2d at 1114; see also

5

In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in the interest of the estate").

15. The United States Court of Appeals for the Third Circuit has enumerated four factors that a court should consider in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968)).

16. In assessing a request for approval of a settlement, a court should not substitute its own judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983); see also World Health Alternatives, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (quoting Penn Central, 596 F.2d at 1114).

**B.    Analysis**

17. The Trustee realizes that the Stipulation might not be regarded as a "settlement" so as to require Court approval, as it simply provides for the dismissal of the WOW Litigation; however, the dismissal is with prejudice and effectively constitutes a waiver of the ability of the Screen Media estate to pursue the claims which were asserted in the WOW Litigation and therefore may be considered a compromise or settlement requiring approval pursuant to Federal Rule of

6

Bankruptcy Procedure 9019.   In addition the Stipulation does require the signatures of all of the parties to the case in order to effect a dismissal, and the Stipulation expressly provides that each party will bear its own costs, expenses, and attorneys' fees.   Moreover, the circumstances are unusual, as the impetus for the Stipulation is entirely due to the Supreme Court's issuance of a seminal decision altering the plaintiffs' likelihood of success.   Based on the foregoing and out of an abundance of caution, the Trustee in the exercise of his business judgment has determined that filing this Motion under section 105(a) and Rule 9019 is appropriate and prudent.

18.    Turning to the applicable standards, the Trustee submits that the Stipulation represents a fair compromise of a dispute under the circumstances consistent, with principles of equity.   Based on the large and well-developed body of evidence obtained through discovery, the Culpepper Firm has made an informed and reasoned decision to recommend dismissal to the Trustee.   The Culpepper Firm is intimately familiar with the WOW Litigation and the governing law, including the effect of the Cox decision on the case, and the Trustee sees no reason not to enter into the Stipulation in accordance with the Culpepper Firm's recommendation.

19.    Moreover, the Trustee notes that the Copyright Act includes a fee-shifting provision (17 U.S.C. § 505).  Pressing forward with the WOW Litigation despite the Cox decision might risk the Screen Media estate implicating this provision.   On this point, the Stipulation provides the benefit of clarifying that each party in the WOW Litigation will bear its own costs, expenses, and attorneys' fees.   Accordingly, the Trustee's entry into the Stipulation would insulate the Estate from any potential exposure under section 505 of the Copyright Act.

20.    For these reasons, the Trustee believes that his entry into the Stipulation is a sound exercise of his business judgment, and in the best interest of Screen Media's Estate.

LEGAL\115191443\2 6010823/00617521

**Notice and Conclusion**

21.     The Trustee will provide notice of this Motion to the following parties: (i) the Office of the United States Trustee; (ii) WideOpenWest Finance, LLC; and (iii) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002 as of the date of this Motion.  In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached: (i) approving the Stipulation; (ii) authorizing him to enter into the Stipulation and take any actions necessary to carry out the terms thereof; and (iii) granting any additional relief that may be appropriate.

Dated: May 6, 2026                                      COZEN O'CONNOR

*/s/ John T. Carroll, III*
John T. Carroll, III (No. 4060)
Simon E. Fraser (No. 5335)
1201 N. Market St., Ste. 1001
Wilmington, DE  19801
Telephone:  (302) 295-2000
jcarroll@cozen.com
sfraser@cozen.com

*Counsel for the Trustee,*
*George L. Miller*

8