**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 785** |

**ORDER GRANTING MOTION OF 123 STREET GANG, LLC FOR ENTRY OF AN ORDER (I) CONFIRMING REJECTION OF FILM LICENSING AND DISTRIBUTION AGREEMENT, AND (II) (A) COMPELLING ABANDONMENT OF THE ESTATES' INTEREST IN THE FILM "STREET GANG: HOW WE GOT TO SESAME STREET", OR, IN THE ALTERNATIVE, (B) FOR RELIEF FROM AUTOMATIC STAY**

Upon the consideration of the motion (the "Motion") of 123 Street Gang, LLC ("123 Street Gang"), seeking an order of this Court, (i) confirming the deemed rejection of that certain Film Licensing and Distribution Agreement dated February 4, 2021 (the "Agreement"), (ii) (a) compelling George L. Miller, as Chapter 7 Trustee (the "Trustee") of the Debtors' estates (collectively, the "Estates"), to abandon the Estates' interests, if any, in the motion picture documentary entitled *"Street Gang: How We Got to Sesame Street"* (the "Film"), or in the alternative, (b) granting 123 Street Gang relief from the automatic stay imposed by 11 U.S.C. § 362(a) to permit 123 Street Gang to exercise all rights and remedies with respect to the Agreement and the Film, and (iii) granting such other and further relief as is just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508)

Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice needs be provided; and the Court having reviewed the Motion, the Declaration of Jessica Corpuz, and other related pleadings; and the Court having determined that the legal and factual bases set forth in the Motion and the Declaration of Jessica Corpuz, and on the record made at the hearing (if any) to consider the Motion, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.[2]

2.      That certain Film Licensing and Distribution Agreement dated February 4, 2021 is hereby confirmed to have been deemed rejected pursuant to 11 U.S.C. § 365;

3.      George L. Miller, as Chapter 7 Trustee of the Debtors' estates is hereby directed and compelled to abandon, pursuant to 11 U.S.C. § 554, all of the Estates' right, title, and interest, if any, in and to the motion picture documentary entitled *"Street Gang: How We Got to Sesame Street"*, and such abandonment shall be effective immediately upon entry of this Order;

4.      In the alternative, to the extent the Court does not grant the relief set forth in Paragraph 3,  the automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified and terminated

---

[2] Any capitalized term used herein that is not defined shall have the meaning ascribed to it in the Motion.

with respect to 123 Street Gang to permit 123 Street Gang to exercise any and all rights and remedies available to it under applicable law with respect to that certain Film Licensing and Distribution Agreement dated February 4, 2021 and the motion picture documentary entitled *"Street Gang: How We Got to Sesame Street,"* including but not limited to the right to pursue any claims, actions, or proceedings relating thereto, and such relief from the automatic stay shall be effective immediately upon entry of this Order and the 14-day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply.

5.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 11th, 2026
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

3