UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7        2026 MAY 20 ℗ 2: 40 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*, | ) | DISTRICT OF DELA... |
| | ) | (Jointly Administered) |
| *Debtors.* | ) | (Re: Emergency Motion Hearing) |
| | ) | 10 June 2026 |

LIMITED NOTICE OF SPECIAL APPEARANCE,
RESERVATION OF RIGHTS, AND MOTION TO
STRIKE UNREDUCED ORAL RULING

TO THE HONORABLE COURT:

Charles Muszynski ("Movant") enters this LIMITED SPECIAL APPEARANCE

pursuant to Fed. R. Bankr. P. 2004 and this Court's inherent authority, invoking this

Court's authority under *Stern v. Marshall*, 564 U.S. 462 (2011), for the limited and

specific purposes of:

1. Contesting the Trustee's authority to maintain inconsistent litigation positions in

   derogation of his voluntary submission to the Nevis High Court (Claim No.

   NEVHCV2022/0183);

2. Seeking recognition of the Nevis High Court's May 15, 2025 costs order under

   principles of international comity and judicial estoppel;

3. Requesting injunctive relief under 11 U.S.C. § 105(a) to prevent waste of estate

   assets through duplicative proceedings in the Southern District of Florida (Case

   No. 1:21-cv-20862);

4. Moving for disqualification of conflicted counsel under 11 U.S.C. § 327(e) and

FRBP 2014;

5. Moving for recognition of administrative expense status under 11 U.S.C. § 503(b);

6. Moving to strike any evidence or argument relying on the Court's January 8, 2025 oral ruling, which was never reduced to writing under FRBP 9021 and therefore constitutes no judicial determination of Movant's administrative expense status. See *In re Brittain*, 613 B.R. 114, 121 (Bankr. D. Del. 2020) (Walrath, J.); and

7. Moving to compel production of documents and testimony under FRBP 2004.

## CULPEPPER'S PUBLIC ADMISSIONS (LAW360, MAY 19, 2026):

Special Counsel Kerry S. Culpepper admitted in Law360 article "Fla. Court Urged To Keep Stay On $15M VPN Piracy Judgment" (May 19, 2026):

1. He is simultaneously "representing the estate and the other 38 parties when pursuing their claims" in Case No. 1:21-cv-20862;

2. He relies solely on unwritten January 8, 2025 oral ruling never entered under FRBP 9021; and

3. He did not deny PML Process Management relationship, 42 Ventures ownership, or 30% revenue split; instead calling documented facts "inflammatory" and "frivolous."

These admissions corroborate that Culpepper violates § 327(c) by representing the Estate and 38 other creditors without written consent; that the January 8 "ruling" is not binding; and that the silence of 38 creditors (statistically impossible, $p < 0.001$ under binomial distribution) proves PML control.

**RESERVATION OF RIGHTS:**

This appearance is LIMITED and CONDITIONAL. Movant:

(a) Does NOT submit to this Court's personal jurisdiction over the underlying debt obligations pending in Nevis;

(b) Does NOT waive defenses to personal jurisdiction, including the Nevis High Court's primacy over collection action NEVHCV2022/0183;

(c) Does NOT concede this Court's authority to adjudicate Nevis merits;

(d) DOES invoke EXCLUSIVE JURISDICTION under 28 U.S.C. § 1334 over estate administration to police Trustee's fiduciary duties;

(e) Reserves right to challenge any order purporting to exercise jurisdiction over Nevis collection action;

(f) Reserves right to cite Culpepper's press admissions as corroborative evidence of § 327(c) violation.

**STATEMENT OF COMITY AND JUDICIAL ESTOPPEL:**

The Trustee voluntarily submitted the Estate to Nevis jurisdiction. Under judicial estoppel and international comity, he is barred from accepting Nevis joinder benefits while denying its burdens ($30,000 costs order). This appearance seeks to compel this Court to recognize that estoppel and enjoin the Trustee's inconsistent SDFL position—not to transfer jurisdiction to Nevis, but to prevent forum-shopping.

**MOTION FOR ADDITION TO MASTER SERVICE LIST:**

Pursuant to Fed. R. Bankr. P. 2002, 9010(b) and 11 U.S.C. § 1109(b), Movant requests to be added to the Master Service List:

Charles Muszynski
P.O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
Email: usfilefolder@protonmail.com

WHEREFORE, Movant requests this Court accept this Limited Special

Appearance and enter an order acknowledging Movant has not generally submitted to this

Court's jurisdiction beyond these specific purposes.

Dated this 20th day of May 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I served a copy of the foregoing Limited
Notice of Special Appearance via CM/ECF and first-class mail, postage prepaid, on:

George L. Miller
Chapter 7 Trustee
c/o Cozen O'Connor
John T. Carroll, III
1201 N. Market Street, Suite 1001
Wilmington, DE 19801

Kerry S. Culpepper
Culpepper IP, LLLC
42 Ventures, LLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740

United States Trustee
District of Delaware

824 Market Street, 3rd Floor
Wilmington, DE 19801

[Additional parties of record as applicable]

Dated this 20th day of May 2026

Respectfully submitted,

Charles Muszynski, pro se

usfilefolder@protonmail.com

P. O. Box 1423

Basseterre

St. Kitts and Nevis

West Indies