**Exhibit 5:**

**Culpepper Retention Application & Declaration (D.I. 508 & 508-4)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC. *et al,* [2]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date:**    **January 8, 2025 at 2:00 p.m. ET**<br>**Objection Deadline:**    **December 27, 2024 at 4:00 p.m. ET** |

## TRUSTEE'S APPLICATION FOR APPROVAL OF RETENTION OF CULPEPPER IP, LLLC AS SPECIAL COPYRIGHT LITIGATION COUNSEL AND FOR RELATED RELIEF

George L. Miller, in his capacity as the chapter 7 trustee (the "Trustee") of the estates (the "Estates") of the above-captioned debtors (the "Debtors"), through his undersigned counsel, pursuant to sections 105, 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby applies (the "Application") for entry of an order: (i) approving the retention of Culpepper IP, LLLC (the "Culpepper Firm") as the Trustee's special counsel to pursue certain copyright infringement litigation, (ii) approving the Trustee's compensation arrangement with the Culpepper Firm, and (iii) granting related relief. In support of the Application, the Trustee respectfully states as follows:

---

[2] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

### Jurisdiction, Core Nature and Venue

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

### Background

#### A. Overview

3.      On June 29, 2024, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

4.      On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "Conversion Order"). In the Conversion Order, the Court ordered conversion of the Bankruptcy Cases to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024. (*See* Conversion Order ¶ 2.)

5.      On July 11, 2024, the United States Trustee for Regions 3 and 9 appointed Mr. Miller as the chapter 7 trustee of the Estates.

6.      Prior to the Petition Date, the Debtors provided premium entertainment content to value-conscious consumers. The Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, with three flagship streaming services: *Redbox, Crackle,* and *Chicken Soup for the Soul.* In addition, through Debtor Redbox Automated Retail LLC, the Debtors operated (i) Redbox Free Live TV, a free ad-supported streaming television

2

service with approximately 180 channels, (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

## B. Retention of the Culpepper Firm

7. Prior to the Petition Date, the Debtor Screen Media Ventures, LLC ("Screen Media") retained the Culpepper Firm to pursue copyright infringement litigation against various internet service providers ("ISPs"). As of the Petition Date, the Culpepper Firm represented Screen Media in certain pending litigation, summarized below (the "Pending Litigation"):

> (a) a contested proceeding over proof of claim in In re: Frontier Communications Corp. et al., Case No. 20-22476(MG) (Bankr. Court Southern District of NY) and related ancillary proceeding: In re: subpoena to Reddit, Inc., Case no. 24-3893 (Ninth Cir.), Case no. 24-80005-JD (ND Cal); and

> (b) judgment enforcement litigation against Charles Muszynski et al. in: (i) In re: Charles Muszynski, Case No. 23-0-2870(MCF) (Bankr. Court Dist. Of P.R.); (ii) Muszynski v. Millennium Funding, Inc., et al. Case No. 24-11 (B.A.P. for First Cir.); (iii) Millennium Funding, Inc., et al. v. 1701 Management LLC, et al., 21-cv-20861 (S.D. Fla.); (iv) Millennium Funding, Inc., et al. v. AUH2O, LLC, et al., Claim No. NEVHCV2022/0183 (Eastern Caribbean Supreme Court in The High Court of Justice St. Christopher And Nevis, Nevis Circuit); and (v) all other proceedings related to enforcement of the S.D. Fla. Judgment (collectively, the "Alleged Defendant Infringers").

In addition, the Culpepper Firm represents Screen Media in ongoing, confidential discussions with certain ISPs (together with the Pending Litigation, the "Pending Matters").

8. As of the Petition Date, the Culpepper Firm is owed $75,496.47 in outstanding costs and expenses (the "Unpaid Expenses") and holds $67,379.81 in the firm's IOLTA account representing recoveries from certain infringement litigation over which the firm asserts an attorney's lien.

9. Subject to the Court's approval, the Trustee has agreed to retain the Culpepper Firm to represent the Trustee in the Pending Matters, as well as other copyright infringement litigation

LEGAL\74393334\2

that the Trustee may request that the Culpepper Firm pursue (collectively, the "Copyright Litigation Services"), pursuant to the Attorney Client Agreement attached hereto as Exhibit A (the "Engagement Agreement").

## Relief Requested

10. By this Application, the Trustee requests that the Court: (i) approve the Trustee's retention of the Culpepper Firm as special counsel to provide the Copyright Litigation Services, effective as of October 1, 2024, pursuant to the terms of the Engagement Agreement, (ii) approve the Trustee's proposed compensation arrangement as described in the Engagement Agreement and summarized below, and (iii) grant related relief. The Trustee submits this Application in reliance upon the *Declaration of Kerry Culpepper* (the "Culpepper Declaration"), a copy of which is attached hereto as Exhibit B.

## Basis for Relief

11. Section 327(e) of the Bankruptcy Code allows the Trustee to employ, with the Court's approval, an attorney that has previously represented the debtor "for a specified special purpose, other than to represent the trustee in conducting the case," provided that such retention is in the best interests of the Estates, and that such attorney does not represent or hold any interest adverse to the debtor or to the Estates with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

### A. Qualifications and Proposed Services of Special Counsel

12. The proposed employment of the Culpepper Firm is in the best interest of the Estates. The Culpepper Firm is well qualified to provide the Copyright Litigation Services. Mr. Culpepper, who would be primarily responsible for providing the Copyright Litigation Services, has advised companies with respect to the enforcement of their intellectual property rights for over 15 years and has substantial experience representing plaintiffs in infringement litigation.

4

LEGAL\74393334\2

Moreover, the Culpepper Firm has in-depth knowledge regarding the Debtors' copyrights and possible infringement claims. Retaining new counsel would force the Estates to incur administrative expenses associated with getting the new firm up to speed on the Estates' copyright portfolio, and more importantly, could jeopardize the Estates' interests in the Pending Matters. Accordingly, the Culpepper Firm is well suited to provide the Copyright Litigation Services to the Estates.

### B. Proposed Compensation

13.    As described fully in the Engagement Agreement, the Trustee has agreed to pay the Culpepper Firm a contingency fee based on Cash Recoveries (as defined in the Engagement Agreement) received by the Estates, net of reimbursable costs as discussed below, as follows: (1) thirty-five percent (35%) if the matter is settled without filing litigation; (2) forty percent (40%) if litigation is filed but the matter is settled prior to the defendant filing a responsive motion or answer to the complaint; (3) forty-five percent (45%) if litigation is filed but the matter is settled or judgment is obtained after the defendant files a responsive motion or answer to the complaint (including if the matter goes to trial); and (4) fifty percent (50%) in the event of an appeal to any appellate court initiated by defendants which the Trustee instructs the Culpepper Firm to oppose, or, an appeal initiated at the request of the Trustee (collectively, the "Contingency Fees").

14.    As set forth fully in the Engagement Agreement, the Trustee has also agreed to reimburse the Culpepper Firm, solely from Cash Recoveries, for all costs and expenses incurred by the firm in connection with the Copyright Litigation Services in an amount not to exceed $25,000, subject to increase upon the Trustee's express approval (the "Expenses"). The Culpepper Firm has agreed to charge nothing for its professional services if there are no Cash Recoveries.

15.    In addition, in an effort to reduce the administrative expenses associated with filing separate fee applications, and given that the Fees are based on a percentage of Cash Recoveries

LEGAL\74393334\2

and not hourly, the Trustee requests that the Court authorize the Trustee to pay the Culpepper Firm the Contingency Fees and Expenses from Cash Recoveries without further order of Court.

16.    Finally, the Trustee has agreed that the Culpepper Firm may offset the Unpaid Expenses against the Estates' funds in the firm's IOLTA account.

### C. Connections and Absence of Adverse Interests

17.    In reliance upon the Culpepper Declaration, and to the best of the Trustee's knowledge, information, and belief, the Culpepper Firm and its attorneys have no connection with the Trustee, the Estates, the Debtors, their creditors or any other party in interest herein, except as otherwise disclosed in the Culpepper Declaration.

18.    In addition, in reliance upon the Culpepper Declaration, the Trustee submits that the Culpepper Firm has not entered into any arrangement to share such compensation as it may be awarded herein except as permitted under section 504(b) of the Bankruptcy Code, and no attorney at the Culpepper Firm is a relative of the bankruptcy judge approving the firm's retention as proscribed by Fed. R. Bankr. P. 5002(a).

19.    Accordingly, the Trustee submits that the Culpepper Firm's representation is permissible under section 327(e) of the Bankruptcy Code and is in the best interest of the Estates and their creditors.

### Notice

20.    Notice of the hearing Application, together with a copy of this Application, will be given to the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) counsel for the Debtors; and (iii) all parties who have requested notice pursuant to Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

LEGAL\74393334\2

WHEREFORE, the Trustee respectfully requests that the Court enter an Order in substantially the attached form: (i) granting the relief requested in this Application; (ii) authorizing the Trustee to retain the Culpepper Firm as special counsel to perform the Copyright Litigation Services, effective as of October 1, 2024, pursuant to the terms in the Engagement Agreement; (iii) approving the compensation arrangement described herein; (iv) authorizing the Trustee to enter into settlements relating to the Copyright Litigation Services; and (v) granting any such further relief as may be appropriate.

Dated:  December 6, 2024

COZEN O'CONNOR

By:   */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE  19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-1648 Phone
(312) 382-8910 Fax No.
daviddoyle@cozen.com

*Counsel to George L. Miller, Chapter 7 Trustee*

7

LEGAL\74393334\2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC. *et al*, [1]<br><br>               Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date:**      **January 8, 2025 at 2:00 p.m. ET**<br>**Objection Deadline:**  **December 27, 2024 at 4:00 p.m. ET** |

**NOTICE OF TRUSTEE'S APPLICATION FOR APPROVAL OF RETENTION OF
CULPEPPER IP, LLLC AS SPECIAL COPYRIGHT LITIGATION COUNSEL
AND FOR RELATED RELIEF**

     **PLEASE TAKE NOTICE** that on December 6, 2024 George L. Miller, the chapter 7 Trustee for the estates of the above-captioned Debtors (the "Trustee") has filed the *Trustee's Application for Approval of Retention of Culpepper IP, LLLC as Special Copyright Litigation Counsel and Related Relief* (the "Application") was filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801 (the "Court").

     **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be (a) in writing; (b) filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **December 27, 2024 at 4:00 p.m. (ET)** (the "Objection Deadline"); and (c) served so as to be received on or before the Objection Deadline by the undersigned proposed counsel to the Trustee.

     **PLEASE TAKE FURTHER NOTICE** that if an objection is properly filed in accordance with the above procedures, a hearing on the Application will be held on **January 8, 2025 at 2:00 p.m. (ET)** before the Honorable Mary F. Walrath at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom #4, Wilmington, Delaware 19801.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

LEGAL\74393334\2

**PLEASE TAKE FURTHER NOTICE** that only Objections made in writing and timely filed and received in accordance with the above procedures will be considered by the Court at such hearing. If no objections are timely filed in accordance with the above procedures, the undersigned shall file a Certification of No Objection. Upon the filing of the Certification of No Objection, the Court may enter an Order granting the relief requested in the Application without further notice or a hearing.

Dated: December 6, 2024

COZEN O'CONNOR

By: /s/ John T. Carroll, III

John T. Carroll, III (DE No. 4060)
Simon E. Fraser (DE No. 5335)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2000 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
sfraser@cozen.com

David R. Doyle (IL ARDC 6303215)
(Admitted in IL/Not admitted in DE)
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-1648 Phone
(312) 382-8910 Fax No.
daviddoyle@cozen.com

2

LEGAL\74393334\2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC. *et al,* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br>(Jointly Administered)<br><br>Related Doc. No. _____ |

**ORDER GRANTING TRUSTEE'S APPLICATION FOR APPROVAL OF RETENTION
OF CULPEPPER IP, LLLC AS SPECIAL COPYRIGHT LITIGATION COUNSEL
AND FOR RELATED RELIEF**

This matter coming to be heard on the application (the "Application")[2] of George L. Miller, as chapter 7 trustee (the "Trustee") of the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), for entry of an order pursuant to sections 105, 327(e), and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1 authorizing the Trustee to employ Culpepper IP, LLLC (the "Culpepper Firm") as special counsel to pursue certain copyright infringement litigation, effective as of October 1, 2024, approving the related compensation arrangement, and granting related relief; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the Culpepper Declaration, the Culpepper Firm neither has nor

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] All undefined terms herein shall have the meanings given them in the Application.

LEGAL\74393334\2

represents any interest materially adverse to the interests of the Estates, or any other parties in interest, in connection with the Copyright Litigation Services; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Culpepper Declaration establish just cause for the relief granted herein; and it appearing to the Court that the Application should be approved; IT IS HEREBY ORDERED

1. The Application is granted as provided herein.

2. Pursuant to section 327(e) of the Bankruptcy Code, the Trustee is authorized to retain the Culpepper Firm as special counsel to provide the Copyright Litigation Services to the Estates pursuant to the terms of the Engagement Agreement, effective as of October 1, 2024, and to take such actions as are necessary to maintain and enforce the Estates' interests in the Pending Matters.

3. The compensation arrangement described in the Application is approved pursuant to section 330 of the Bankruptcy Code.

4. The Culpepper Firm is authorized to apply the Unpaid Expenses against the funds in the IOLTA account maintained for Screen Media.

5. The Trustee is authorized to pay the Contingency Fees and Expenses to the Culpepper Firm from Cash Recoveries without further order of Court.

6. Notice of the Application is approved, and further notice of the Application is waived for cause shown.

LEGAL\74393334\2

# EXHIBIT "A"

## ATTORNEY CLIENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS, that George L. Miller, Chapter 7 trustee (the "Trustee" or "Client") for the bankruptcy estate (the "Estate") of Screen Media Ventures LLC, a Delaware Limited Liability Company, subject to approval of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Lead Case No. 24-11442 (MFW) (the "Bankruptcy Cases"), agrees to retain and employ (the "Agreement") the attorneys of Culpepper IP, LLLC, (the "Law Firm"), as its true and lawful attorneys in prosecuting and handling Client's claim(s) in the following matters:

(a) a contested proceeding over proof of claim in In re: Frontier Communications Corp. et al., Case No. 20-22476(MG) (Bankr. Court Southern District of NY) and related ancillary proceeding: In re: subpoena to Reddit, Inc., Case no. 24-3893 (Ninth Cir.), Case no. 24-80005-JD (ND Cal);

(b) judgment enforcement litigation against Charles Muszynski et al. in: (i) In re: Charles Muszynski, Case No. 23-0-2870(MCF) (Bankr. Court Dist. Of P.R.); (ii) Muszynski v. Millennium Funding, Inc., et al. Case No. 24-11 (B.A.P. for First Cir.); (iii) Millennium Funding, Inc., et al. v. 1701 Management LLC, et al., 21-cv-20861 (S.D. Fla.); (iv) Millennium Funding, Inc., et al. v. AUH2O, LLC, et al., Claim No. NEVHCV2022/0183 (Eastern Caribbean Supreme Court in The High Court of Justice St. Christopher And Nevis, Nevis Circuit); and (v) all other proceedings related to enforcement of the S.D. Fla. Judgment (collectively, the "Alleged Defendant Infringers");

(c) confidential ongoing out of court discussions with U.S. Internet service providers; and

- 1 -

LEGAL\73495027\6 6010823/00617521
10/15/2024

(d) upon express written approval by the Client, any and all persons, business entities, or other insurance companies or corporations ("Alleged Infringers") who are or may be liable for Copyright Infringement of Client's Motion pictures and related causes of action including but not limited to actions for Contributory Copyright Infringement, Intentional Inducement, Direct Copyright Infringement, violations of Lanham Act and Unfair Competition, etc. ("Claims") in the appropriate Federal District in the United States (the "Work").

The Law Firm will obtain approval from the Trustee regarding whether to accept or to reject any offer to settle on behalf of Client.

To the extent practicable and otherwise allowed under applicable law, the Law Firm will seek to recover awards of attorney's fees pursuant to 17 U.S.C. § 505 with respect to the claims asserted in the Work.

The Law Firm will communicate their informed advice and any and all offers to Client for Client's acceptance or rejection. Client will make himself available to provide timely responses to offers presented by the Law Firm.

The Client agrees that in consideration of the rendering of the foregoing services that the Law Firm shall be entitled to receive a fee equal to: (1) thirty-five percent (35%) if the matter is settled without filing litigation; (2) forty percent (40%) if litigation is filed but the matter is settled prior to Defendant filing a responsive motion or answer to the Complaint; (3) Forty-five percent (45%) if litigation is filed but the matter is settled or judgment is obtained after Defendant files a responsive motion or answer to the Complaint (including if the matter goes to trial). The percentages referred to in (1)-(3) above refer to the percentage of the total amount of all cash recovered and received by the Client from such Alleged Defendant Infringer(s) or Alleged Infringer(s), which amount includes cash realized as part of the settlement, adjustment,

- 2 -

compromise or verdict obtained on said claim or claims, including any Fee Award (as defined below) received by the Trustee (a "Cash Recovery" or "Cash Recoveries"), but net of costs and expenses reimbursable to the Law Firm relating to such matter, as addressed herein. In addition to the contingency fee, the Law Firm shall be entitled to reimbursement from the Cash Recovery of all cost advances made by Law Firm to third parties and ordinary office expenses such as postage and copying, related to the case, subject to the Expense Cap. In the event of an appeal to any Appellate Court initiated by defendants which the Client instructs the Law Firm to oppose, or, an appeal initiated at the request of the Client, Client agrees that the Law Firm shall be entitled to a fee equal to **fifty percent (50%)** of any Cash Recovery in such matter, net of costs and expenses reimbursable to the Law Firm, as addressed herein, plus reimbursement of all cost advances made by them in the prosecution of Client's claim or claims, payable solely from Cash Recoveries. For the avoidance of doubt, the Law Firm shall only be entitled to receive payment of fees to the extent the Trustee has received Cash Recoveries.

Client authorizes Law Firm to expend, advance, or incur all costs and expenses in an aggregate amount not to exceed $25,000 (the "Expense Cap") subject to the Client providing express written approval to increase such amount reasonably necessary in the prosecution of Client's Claim(s), including costs and expenses for investigators, expert witnesses, other attorneys, research services, internet access and usage, data reporting services, depositions, court costs, pictures, exhibits, travel, preparation of transcripts for appeal, printing or binding of briefs, copying costs, telephone charges, fax charges, legal research charges, subpoenas, etc. Client agrees that all such costs and expenses shall be reimbursed to the Law Firm by Client solely from Cash Recoveries.

LEGAL\73495027\6 6010823/00617521
10/15/2024

In the event that Client receives funding from a third party such as a Litigation Funding company agreed upon by Client, which funding shall be subject to approval of the Bankruptcy Court, the Law Firm is permitted to apply funds received from said Litigation Funding company to the above costs.

Client agrees that Law Firm, in their sole discretion, may associate other attorneys to assist in prosecuting Client's claim or to be co-counsel in pursuing Client's claim, which co-counsel shall be employed and paid by Law Firm. Client agrees to fully cooperate with and assist these attorneys in prosecuting such claim. Client understands that Law Firm is licensed in Virginia, Hawaii and the District Columbia, and will have to associate with local counsel for any Civil Actions or litigation filed outside of Hawaii.

The Law Firm agrees to charge nothing for their professional services rendered in the prosecuting Claim(s) if there are no Cash Recoveries.

Client agrees that Law Firm may withdraw from representation of Client in this claim at any time, on reasonable notice to Client and in compliance with applicable Rules of Professional Responsibility of Lawyers.

If Client discharges Law Firm while the Law Firm has been actively pursuing enforcement of Client's rights in a particular matter, then (i) Client agrees to pay to Law Firm their full applicable attorney's fee of 40% or 45% as provided above plus reimbursement of all costs and expenses pertaining to such matter where such Cash Recovery is made in such matter without the assistance of substitute counsel; and (ii) Client agrees to pay Law Firm thirty-five percent (35%) of the Cash Recovery relating to such matter, plus reimbursement of all costs and expenses pertaining to such matter, if it was with the assistance of substitute counsel.

- 4 -

Client agrees since the Law Firm is being employed on a contingency fee basis that the Law Firm shall not be required to submit or provide an itemization of the time expended in Client's behalf in order to be entitled to the above stated attorney's fee. Client agrees that Law Firm shall have an attorneys' lien against the Cash Recovery on the Claims for attorneys' fee, costs and expenses as provided in this Agreement and hereby issues said lien.

The fee due to the Law Firm is to be determined by multiplying the appropriate percentage as agreed in the Agreement against the Cash Recovery net of costs and expenses authorized under this Agreement.

The Law Firm shall remit the gross amount of all Cash Recoveries to the Trustee and Trustee will make payment of attorneys' fees and reimburse attorneys' fees and costs as provided herein.

For purposes of illustration:

(1)    If the Cash Recovery is $7,000, and the Law Firm has advanced reimbursable expenses of $10,000 with respect to that matter, the Law Firm shall be entitled to reimbursement of its expenses of $7,000, but shall not be entitled to a contingency fee nor to reimbursement of the balance of its expenses.

(2)    If the Cash Recovery is $10,000, and the Law Firm has advanced reimbursable expenses of $1,000 with respect to that matter, the Law Firm shall be entitled to reimbursement of such expenses, and the contingency fee shall be calculated based on the net Cash Recovery of $9,000.

(3)    If the Law Firm obtains a final judgment awarding the Client attorney's fees (a "Fee Award") pursuant to 17 U.S.C. § 505, then (i) any Fee Award shall be remitted to the Client, and (ii) the Law Firm shall be entitled to a fee calculated as forty-five

- 5 -

LEGAL\73495027\6 6010823/0061752I
10/15/2024

percent (45%) of the Cash Recovery (or fifty percent (50%) if there is an appeal, as described above), including the Fee Award, but net of costs and expenses reimbursable to the Law Firm relating to such matter.

In case any term or provision of this Agreement shall be held invalid, illegal or unenforceable, in whole or in part, neither the validity of the remaining part of such term or provision, nor the validity of any other term or provision of this Agreement, shall in any way be affected thereby, and in such event, this Agreement shall be deemed to be modified so as to be construed and in force to affect the terms thereof to the fullest extent possible.

Limited Scope of Representation:

The scope of our representation does not include advice or services regarding accounting, tax, personal financial matters or business management, and related non-legal matters and advice. If you wish for Law Firm to consult with other professionals retained by you regarding this matter, we will communicate with you in writing to confirm the scope of such consultations prior to initiating same.

Communication

All communication will be by email including confidential and non-confidential correspondence. If the Client requests, confidential documents attached to email can be password encrypted. Documents which cannot be sent via email will be sent by mail at Client's expense.

The Law Firm's understanding is that all communications shall be directly with the Client and that copies should also be provided to John T. Carroll at jcarroll@cozen.com and David Doyle at daviddoyle@cozen.com.

- 6 -

Document Retention Policy

In the interest of facilitating our services to the Client, the Law Firm may communicate with the Client or others by email, facsimile transmission, send data over the Internet, store electronic data via computer software applications hosted remotely on the Internet, or allow access to data through third-party vendors' secured portals or clouds. Electronic data that is confidential to your case may be transmitted or stored using these methods. In using these data communication and storage methods, our firm makes reasonable efforts to keep such communications and data access secure in accordance with our obligations under applicable laws and professional standards. Client recognizes and accepts that Law Firm has no control over the unauthorized interception or breach of any communications or data once it has been sent or has been subject to unauthorized access, notwithstanding all reasonable security measures employed by us or our third-party vendors. Client consents to our use of these electronic devices and applications and submission of confidential client information to third-party service providers during this engagement.

File Retention and Destruction

The Law Firm shall provide the Client with thirty (30) days' written notice before deleting any documents related to Client's Claim(s) (the "Notice Period"). If the Client notifies the Law Firm in writing within the Notice Period of Client's desire to retain the documents earmarked for Debtors related to Client's Claims(s), then the Law Firm shall not destroy the documents but shall make arrangements for the Client to take possession of the documents. If the Client does not notify the Law Firm in writing within the Notice Period of the Client's desire to retain the documents, then the Law Firm shall delete the documents provided the prosecution of the Claim(s) has been completed and representation by the Law Firm has been terminated. The Law Firm reserves the

- 7 -

right to charge administrative fees and costs associated with researching, retrieving, copying and delivering such files.

<u>No Guarantee of Success:</u>

It is expressly acknowledged by Client that the Law Firm has not made any warranties or representations to Client, nor have we given Client any assurances as to the favorable or successful resolution of Client's Claim(s) or defense of the action referred to above; nor as to the favorable outcome of any legal action that may be filed; nor as to the nature or amount of any awards or distributions of property, attorney fees, costs, or any other aspects of this matter. All of the Law Firm's expressions relative to the Client's Claim(s) are limited only to estimates based upon the Law Firm's experience and judgment and are only our opinion. Such expressions should not be considered as representations, promises, or guarantees of results, which might be obtainable, either by way of a negotiated settlement or in a contested trial.

<u>Conflicts of Interests</u>

The Law Firm discloses that it represents other film companies such as Millennium Films and Voltage Pictures and other companies associated with the film industry such as 42 Ventures, LLC in connection with infringement claims for monies other than Client's, which infringement claims may be against the same Alleged Defendant Infringers. Law Firm has investigated and is not aware of any conflicts at this point.

<u>GOVERNING LAW</u>

The rights and obligations of the parties and the interpretation and performance of this Agreement shall be governed by the laws of Delaware. Client and the Law Firm agree that any and all disputes regarding this Agreement shall be resolved by the Bankruptcy Court. In the event either the Bankruptcy Court or the U.S. District Court for the District of Delaware (in the event

- 8 -

that the reference is withdrawn) declines jurisdiction over such dispute, such dispute shall be brought in any appropriate court in Superior Court of New Castle County in the State of Delaware.

We, the undersigned Client and Law Firm, do hereby acknowledge that we have read this Agreement, and fully understand and agree to each and every term, provision and condition contained in it.

In witness whereof, we, intending to be legally bound, subject to Bankruptcy Court approval, for consideration the receipt of which acknowledged, we the undersigned Client and Law Firm have executed this Agreement to be effective as of the _____ day of October, 2024.

Client:

George L. Miller, Chapter 7 Trustee for estate of Screen Media Ventures, LLC
8 Penn Center, Suite 950
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103

Dated: 11/28/2024
By:      GEORGE L. MILLER
Title:   Chapter 7 Trustee

Law Firm:

CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
kculpepper@culpepperip.com

Dated: Nov. 28, 2024
By:      Kerry S. Culpepper
Title:   Principal, Culpepper IP, LLLC

- 9 -

# EXHIBIT "B"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC. *et al*, [1] | Case No. 24-11442 (MFW) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF KERRY CULPEPPER

I, Kerry Culpepper, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the principal and owner of Culpepper IP, LLLC (the "Culpepper Firm"). I am a member in good standing of the Bars of Hawaii, Virgina, and the District of Columbia. There are no disciplinary proceedings pending against me.

2. I am authorized to submit this declaration (the "Declaration") on behalf of the Culpepper Firm and in support of the application (the "Application")[2] for entry of an order approving the Trustee's retention of Culpepper as special counsel in these Bankruptcy Cases, effective as of October 1, 2024. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811) ("CS Entertainment"); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2] All undefined terms in this Declaration shall carry the meanings set forth in the Application.

LEGAL\74393334\2

## Culpepper's Qualifications

4.      The Culpepper Firm is a boutique intellectual property firm with substantial experience advising on copyright, patent and other intellectual property issues.  I have been practicing law in the field of intellectual property for over 15 years.  My practice is focused primarily on the areas of intellectual property matters and advising companies in the enforcement of their intellectual property rights.  I have substantial experience representing plaintiffs in infringement litigation.  Prior to the Petition Date, I served as outside copyright litigation counsel to the Debtors and will be principally responsible for providing the Copyright Litigation Services.

5.      I believe the Culpepper Firm is well qualified to represent the Estates, and I believe that Culpepper's retention and employment would be in the best interest of the Debtors, the Estates, their creditors, and other parties in interest.

## Scope of Services

6.      Prior to the Petition Date, the Debtor Screen Media Ventures, LLC ("Screen Media") retained the Culpepper Firm to pursue copyright infringement litigation against various internet service providers ("ISPs").  As of the Petition Date, Culpepper represented Screen Media in the following pending litigation (the "Pending Litigation"):

> (c) a contested proceeding over proof of claim in In re: Frontier Communications Corp. et al., Case No. 20-22476(MG) (Bankr. Court Southern District of NY) and related ancillary proceeding: In re: subpoena to Reddit, Inc., Case no. 24-3893 (Ninth Cir.), Case no. 24-80005-JD (ND Cal); and

> (d) judgment enforcement litigation against Charles Muszynski et al. in: (i) In re: Charles Muszynski, Case No. 23-0-2870(MCF) (Bankr. Court Dist. Of P.R.); (ii) Muszynski v. Millennium Funding, Inc., et al. Case No. 24-11 (B.A.P. for First Cir.); (iii) Millennium Funding, Inc., et al. v. 1701 Management LLC, et al., 21-cv-20861 (S.D. Fla.); (iv) Millennium Funding, Inc., et al. v. AUH2O, LLC, et al., Claim No. NEVHCV2022/0183 (Eastern Caribbean Supreme Court in The High Court of Justice

2

LEGAL\74393334\2

St. Christopher And Nevis, Nevis Circuit); and (v) all other proceedings related to enforcement of the S.D. Fla. Judgment (collectively, the "Alleged Defendant Infringers").

In addition, the Culpepper Firm represented Screen Media in ongoing confidential, out-of-court discussions with certain ISPs (together with the Pending Litigation, the "Pending Matters").

7.    The Culpepper Firm has agreed to provide the Copyright Litigation Services, including representing the Trustee in the Pending Matters outlined above, as set forth in the Engagement Agreement.

8.    It is my understanding that Cozen O'Connor is currently representing the Trustee as counsel in these Bankruptcy Cases. Because the Culpepper Firm is not being retained to serve as the Trustee's bankruptcy counsel, the Culpepper Firm will not render "services . . . in contemplation of or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  The Culpepper Firm's postpetition work hereafter will be comprised of representing the Estates solely in connection with the Copyright Litigation Services and these matters do not involve representing the Trustee in the Bankruptcy Cases. Importantly, the legal services provided by the Culpepper Firm to the Trustee will be in no way duplicative of the services provided by Cozen O'Connor.  Should the scope of the Culpepper Firm's services expand beyond the scope discussed herein, the Culpepper Firm will file a supplemental retention application with the Court. As a result of the foregoing, I believe that the Culpepper Firm is qualified and well-suited to represent the Trustee as special patent counsel pursuant to section 327(e) of the Bankruptcy Code.

## Compensation

9.    The Culpepper Firm has agreed to provide the Copyright Litigation Services according to the compensation arrangement described in the Application and the Engagement

3

LEGAL\74393334\2

Agreement. In summary, the Trustee has agreed to pay the Culpepper Firm a contingency fee based on Cash Recoveries (as defined in the Engagement Agreement) received by the Estates as follows: (1) thirty-five percent (35%) if the matter is settled without filing litigation; (2) forty percent (40%) if litigation is filed but the matter is settled prior to the defendant filing a responsive motion or answer to the Complaint; (3) forty-five percent (45%) if litigation is filed but the matter is settled or judgment is obtained after the defendant files a responsive motion or answer to the Complaint (including if the matter goes to trial); and (4) fifty percent (50%) in the event of an appeal to any appellate court initiated by defendants which the Trustee instructs the Culpepper Firm to oppose, or, an appeal initiated at the request of the Trustee (collectively, the "Contingency Fees").

10.     As set forth fully in the Engagement Agreement, the Trustee has also agreed to reimburse the Culpepper Firm, solely from Cash Recoveries, for all costs and expenses incurred by the firm in connection with the Copyright Litigation Services in an amount not to exceed $25,000, subject to increase upon the Trustee's express approval (the "Expenses"). The Culpepper Firm has agreed to charge nothing for its professional services if there are no Cash Recoveries.

## Connections and Lack of Adverse Interests

11.     The Culpepper Firm holds a claim against the Estates in the amount of $75,496.47 representing outstanding costs and expenses in connection with professional services rendered prior to the Petition Date. The Trustee and the Culpepper Firm have agreed, subject to Court approval, that the claim shall be offset against the amounts held in the Culpepper Firm's IOLTA account, over which account the firm asserts an attorney's lien.

12.     In connection with our proposed employment by the Trustee, the Culpepper Firm sought to determine whether the Culpepper Firm or I have any conflicts or other relationships that

LEGAL\74393334\2

might cause us to hold or represent an interest adverse to the Trustee or the Estates with respect to the matters on which the Culpepper Firm is being employed. Specifically, the Culpepper Firm first researched its client database to determine connections with individuals and entities involved in the matters on which the firm is being employed. The Culpepper Firm then researched its client database to determine whether the firm represented any parties in connection with these Bankruptcy Cases. Finally, the Culpepper Firm obtained from the Trustee's counsel the names of the Debtor entities and affiliates, the members of the U.S. Trustee's office, and the parties in interest in these Bankruptcy Cases; such parties are listed on Schedule 1 attached hereto.

13. To the best of my knowledge and after due inquiry, Schedule 2 hereto sets forth the Culpepper Firm's current client connections with the entities listed on Schedule 1 and identifies the name of the entity searched, the name of the entity or affiliate that is a current client of the Culpepper Firm, and the status of the engagement. To the best of my knowledge, information, and belief, insofar as we have been able to ascertain after reasonable inquiry, the Culpepper Firm holds no interest adverse to the Trustee or the Estates with respect to the Copyright Litigation Services and represents no party that has interests adverse to the Estates regarding the matters on which the Culpepper Firm is being employed, as required by section 327(e) of the Bankruptcy Code, except as indicated herein.

14. The Culpepper Firm is not currently representing any creditor or other party in interest in connection with the above-captioned cases to the best of the undersigned's knowledge, information, and belief.

15. To the extent the Culpepper Firm represents other parties in interest in ongoing matters unrelated to the Trustee and these Bankruptcy Cases, to the best of my knowledge, none of the representations are adverse to the interests of the Estates that are the subject of the Culpepper

5

LEGAL\74393334\2

Firm's representation as special counsel. Moreover, pursuant to section 327(c) of the Bankruptcy Code, the Culpepper Firm is not disqualified from acting as special patent counsel merely because it represents certain of the Debtors' creditors or other parties in interests in matters unrelated to these Bankruptcy Cases.

16.     Except as set forth herein and on Schedule 2, based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, the Culpepper Firm, nor any partner or associate thereof, insofar as I have been able to ascertain, have any connection with the creditors of the Estates, or any other parties in interest, the United States Trustee, or any person employed in the office of the United States Trustee for the District of Delaware, any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware, except as disclosed or otherwise described herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Nov. 28, 2024

CULPEPPER IP, LLLC

Kerry S. Culpepper
Virginia Bar No. 45292
Hawaii Bar No. 9837
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740

6

LEGAL\74393334\2

## Schedule 1

| Client: |
| --- |
| George L. Miller, Trustee |
| |

| Debtors: |
| --- |
| Chicken Soup for the Soul Entertainment, Inc. |
| 757 Film Acquisition LLC |
| Chicken Soup for the Soul Studios, LLC |
| Chicken Soup for the Soul Television Group, LLC |
| Crackle Plus, LLC |
| CSS AVOD Inc. |
| CSSESIG, LLC |
| Digital Media Enterprises LLC |
| Halcyon Studios, LLC |
| Halcyon Television, LLC |
| Landmark Studio Group LLC |
| Locomotive Global |
| Pivotshare, Inc. |
| RB Second Merger Sub LLC |
| Redbox Automated Retail, LLC |
| Redbox Entertainment, LLC |
| Redbox Holdings, LLC |
| Redbox Incentives LLC |
| Redwood Intermediate, LLC |
| Screen Media Ventures, LLC |
| Screen Media Films, LLC |
| TOFG LLC |
| |

| Non-Debtor Affiliates: |
| --- |
| Chicken Soup for the Soul Holdings, LLC |
| Chicken Soup for the Soul, LLC |
| Chicken Soup for the Soul Productions, LLC |
| |

| Lenders: |
| --- |
| HPS Investment Partners LLC |
| Midcap Financial Trust |
| |

| Professionals: |
| --- |
| Reed Smith LLP |
| Ashby & Geddes, P.A. |
| Pachulski Stang Ziehl & Jones LLP |
| Miller Coffey Tate LLP |

| Former Directors & Officers: |
| --- |
| Amy L. Newmark |
| Bart M. Schwartz, CEO |

LEGAL\74393334\2

Christina Weiss Lurie
Christopher Mitchell
Cosmo DeNicola
David Ellender
David Fannon
Diana Wilkin
Fred Cohen
Jason Meier
John T. Young
Joshua Mandel
Martin Pompadur
Robert H. Warshauer
Scott Anderson
Steven Goldsmith
Sunder Aaron
Vikram Somaya
William J Rouhana, Jr.

**Top 30 Consolidated Unsecured Creditors:**

U.S. Bank National Association, as indenture trustee
Universal Studios Home Entertainment LLC
University City Studios Productions LLLP
Guggenheim Securities, LLC
Sony Pictures Home Entertainment
BBC Studios Americas, Inc.
Ellation, LLC
Walgreen Company
Lionsgate Entertainment
120DB Film Finance LLC
Wal-Mart Stores, Inc.
PJT Partners
VIZIO Services, LLC
Sony Pictures Television Inc.
Culver Digital Distribution Inc.
MGM Domestic Television Distribution LLC
Warner Bros. Home Entertainment
FUNimation Productions, LLC
Paramount Pictures Corporation
Automotive Rentals, Inc.
BRE Imagination Office Holdco LLC
Continental Stock Transfer & Trust Co.
Langley Television Distribution, LLC
TheMathCompany Pvt. Ltd.
Joseph P. Day Realty Corp.
828 Media
Plex GmbH

2

LEGAL\74393334\2

Comsys Information Technology Serv.
Glewed Media, LLC
Paramount Home Entertainment

### Office of the United States Trustee
### Region 3 - Wilmington DE - Staff Directory
### as of February 27, 2024

| | |
|---|---|
| Andrew R. Vara | United States Trustee |
| Joseph McMahon | Assistant U.S. Trustee |
| Lauren Attix | OA Assistant |
| Malcolm M. Bates | Trial Attorney |
| Fang Bu | Trial Attorney |
| Linda Casey | Trial Attorney |
| Joseph Cudia | Trial Attorney |
| Holly Dice | Auditor |
| Shakima L. Dortch | Paralegal Specialist |
| Timothy J. Fox, Jr. | Trial Attorney |
| Diane Giordano | Bankruptcy Analyst |
| Michael Girello | Paralegal Specialist |
| Christine Green | Paralegal Specialist |
| Benjamin Hackman | Trial Attorney |
| Nyanquoi Jones | Auditor |
| Jane Leamy | Trial Attorney |
| Jonathan Lipshie | Trial Attorney |
| Hannah M. McCollum | Trial Attorney |
| Jonathan Nyaku | Auditor Bankruptcy |
| James R. O'Malley | Bankruptcy Analyst |
| Linda Richenderfer | Trial Attorney |
| Richard Schepacarter | Trial Attorney |
| Edith A. Serrano | Paralegal Specialist |
| Rosa Sierra- Fox | Trial Attorney |
| Elizabeth Thomas | Paralegal Specialist |
| Dion Wynn | Paralegal Specialist |

3

LEGAL\74393334\2

| Bankruptcy Judges United States Bankruptcy Court District of Delaware | |
|---|---|
| Hon. Laurie Selber Silverstein | Chief Judge |
| Hon. John T. Dorsey | Judge |
| Hon. Craig T. Goldbatt | Judge |
| Hon. Thomas M. Horan | Judge |
| Hon. Karen B. Owens | Judge |
| Hon. Brendan L. Shannon | Judge |
| Hon. J. Kate Stickles | Judge |
| Hon. Mary F. Walrath | Judge |

| Judicial Staff United States Bankruptcy Court District of Delaware | |
|---|---|
| Al Lugano | Courtroom Deputy |
| Danielle Gadson | Courtroom Deputy |
| Laurie Capp | Courtroom Deputy |
| Lora Johnson | Courtroom Deputy |
| Marquietta Lopez | Courtroom Deputy |
| Nickita Barksdale | Courtroom Deputy |
| Rachel Bello | Courtroom Deputy |
| Robert Cavello | Courtroom Deputy |
| Amanda Hrycak | Judicial Assistant |
| Cacia Batts | Judicial Assistant |
| Catherine Farrell | Judicial Assistant |
| Claire Brady | Judicial Assistant |
| Demitra Yeager | Judicial Assistant |
| Jill Walker | Judicial Assistant |
| Joan Ranieri | Judicial Assistant |
| Laura Haney | Judicial Assistant |
| Paula Subda | Judicial Assistant |

| Clerk of the United States Bankruptcy Court District of Delaware (Effective 9/1/2016) | |
|---|---|
| Una O'Boyle | |

4

LEGAL\74393334\2

**Schedule 2**

None.

LEGAL\74393334\2