**Exhibit 8:**

**Law360 Article (May 20, 2026)**

**Re: Millennium Funding case**

FromDavid Minsky david.minsky@law360.com

DateWednesday, May 20th, 2026 at 1:17 AM

Hi Robert, good to hear from you and thanks for the reminder. Mr. Culpepper basically referred the DE judge's remarks. I couldn't get too deeply about the litigation funders, although I am interested in knowing more.

**Fla. Court Urged To Keep Stay On $15M VPN Piracy Judgment**

By **David Minsky**

A man who found himself on the wrong side of a more than $15 million default judgment for pirating movies through his virtual private network provider and then filed for bankruptcy urged a Florida federal court to continue its stay on enforcing the judgment.

Charles Muszynski, who is representing himself, argued in his opposition to lifting the stay filed Monday in Miami that an attorney seeking to recover the funds concealed conflicts of interest in the bankruptcy proceeding. Muszynski said that Kerry S. Culpepper of Culpepper IP LLLC obtained permission from a Delaware bankruptcy trustee to purse enforcement without disclosing his ties to litigation funders and a creditor for the company he represents in the Chapter 7 action.

"This failure is dispositive," Muszynski said in his opposition filing. "His dual representation voids his authority to act on behalf of any creditor without the required consent; and invites scrutiny of [third-party litigation funding] champerty."

Various movie copyright holders brought a Florida federal lawsuit against Muszynski in March 2021, alleging he facilitated infringement through his company, 1701 Management LLC. In March 2022, the court entered a default judgment of $15,172,403 against Muszynski and issued its final judgment in March 2023.

In May of that year, Muszynski brought a Chapter 7 bankruptcy petition to the U.S. Bankruptcy Court for the Eastern District of Texas. The court ordered him to explain why it shouldn't toss his petition because of ineligibility. In June 2023, the Florida court stayed enforcement of the default judgment while Muszynski's bankruptcy case played out.

The court later transferred Muszynski's petition to Puerto Rico bankruptcy court, which tossed his Chapter 7 petition in May 2024 because of ineligibility after finding he didn't comply with the prepetition credit counseling requirement. Then in June 2024, Muszynski appealed the Puerto Rico bankruptcy ruling to the First Circuit.

Meanwhile, Chicken Soup for the Soul Entertainment Inc., the parent company of Screen Media Ventures LLC, one of the entities pursuing the default judgment against Muszynski, brought a Chapter 7 petition to Delaware bankruptcy court in June 2024. The court ordered a stay to halt creditor actions against the

estate.

In January 2025, the Delaware bankruptcy court judge granted the trustee's motion to appoint Culpepper as special counsel to pursue the default judgment.

Then in March of this year, the First Circuit upheld the dismissal of Muszynski's bankruptcy. On April 29, Culpepper asked the Florida court to lift its stay on enforcing the default judgment.

Muszynski presented various reasons for continuing the enforcement stay. Among those, Muszynski argued that Culpepper misled the Delaware bankruptcy court when seeking approval from the trustee, specifically stating Culpepper failed to disclose that his law firm and a company that he owns, 42 Ventures LLC, are creditors to the estate he represents.

Muszynski, in his motion, claimed that Culpepper can't also represent the 38 other entities, which are the plaintiffs in the Florida lawsuit, because of his lack of "truly informed consent."

In addition, Muszynski said that the Florida court has no personal jurisdiction over him and that the stay in Delaware bankruptcy court precludes Culpepper from collecting the more than $15 million. Muszynski also argued that he has no assets from which to collect any funds.

On Friday, Muszynski filed a motion to disqualify Culpepper as special counsel in the Delaware bankruptcy court.

Culpepper, in an email to Law360 Tuesday, called Muszynski's allegations "inflammatory" and "frivolous." Culpepper added that the Delaware bankruptcy judge found there wasn't a conflict with him representing the estate and the other 38 parties when pursuing their claims during a Jan. 8, 2025, hearing.

"As I stated," said U.S. Bankruptcy Judge Mary F. Walrath during the hearing, "the automatic stay does not protect defendants in the [Florida] action, it only protects the debtor and its estate."

Muszynski did not immediately respond to a request for comment Tuesday.

The plaintiffs are represented by Joel B. Rothman of SRIPLaw and by Kerry S. Culpepper of Culpepper IP LLLC.

Muszynski is representing himself.

The Florida case is Millennium Funding Inc. et al. v. 1701 Management LLC et al., case number 1:21-cv-20862, in the U.S. District Court for the Southern District of Florida. The Delaware case is In re: Chicken Soup for the Soul Entertainment Inc. et al., case number 1:24-bk-11442, in the U.S. Bankruptcy Court for the District of Delaware.

--Additional reporting by Carolina Bolado. Editing by Nick Petruncio.