**Exhibit 13:**

**Movant's Reply in SDFL (May 27, 2026)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20862-BLOOM/Otazo-Reyes

MILLENNIUM FUNDING, INC.,
a Nevada corporation, HUNTER
KILLER PRODUCTIONS, INC.,
a Nevada corporation, and
VOLTAGE HOLDINGS, LLC, a
Nevada corporation,

      Plaintiffs,

      v.

1701 MANAGEMENT LLC, a
Puerto Rico limited liability company,
CHARLES MUSZYNSKI, individually,
and DOES 1-100,

      Defendants.

_____/

**DEFENDANT CHARLES MUSZYNSKI'S REPLY IN SUPPORT
OF APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR
COSTS AND MOTION TO ALTER OR AMEND JUDGMENT [D.E. 602, 603]**

      Defendant Charles Muszynski ("Defendant"), appearing *pro se* under a limited

special appearance, respectfully submits this Reply in support of his Application to

Proceed Without Prepaying Fees or Costs [D.E. 603] and Motion to Alter or Amend

Judgment [D.E. 602], and in opposition to Plaintiffs' Response [D.E. 604].

**PRELIMINARY STATEMENT**

      Plaintiffs' Opposition is a textbook example of projection. It accuses Defendant

of making inconsistent statements and being a vexatious litigant while ignoring that

Plaintiffs' counsel have been judicially sanctioned for a pattern of "**vexatious

litigation**," bad-faith conduct, and making false representations to federal courts. This

pattern includes procuring the underlying judgment through a scheme of fraudulent service and perjury. Plaintiffs' opposition is not a good-faith effort to contest Defendant's indigency; it is a bad-faith tactical filing designed to harass a *pro se* litigant, deny him equal access to the Court's electronic filing system, and deflect from counsel's own well-documented history of sanctionable conduct. The opposition is predicated on stale, irrelevant records and misrepresents the facts and the law. For the reasons set forth herein, Plaintiffs' opposition should be denied in its entirety, and this Court should, respectfully, instead issue an order directing Plaintiffs' counsel to show cause why they should not be sanctioned for filing this frivolous and vexatious document.

**STATEMENT OF FACTS**

1. **Defendant's Indigency is Well-Established.** Defendant has been repeatedly recognized as indigent by multiple courts. Most significantly, the Circuit Court for Orange County, Florida, the very court from which Plaintiffs have attempted to weaponize a long-since-vacated writ, has made a judicial finding that Defendant has no present ability to pay.

2. **Plaintiffs' Counsel Sanctioned $11,700 for Vexatious Litigation in This Case.** On August 22, 2023, this Court entered an Order (Doc. #532) sanctioning Plaintiffs' counsel, Kerry Culpepper and pro hac vice Joel Rothman, **$11,700** for pursuing a "meritless entry of default" and engaging in "**vexatious litigation**" against a garnishee, Glo-Jet. (**Exhibit A**).

3. **Plaintiffs' Counsel Sanctioned $249,357.50 for Bad Faith.** On July 19, 2022, Judge Donald M. Middlebrooks of this District sanctioned Joel

Rothman (Mr. Culpepper's *pro hac vice* sponsor) and his firm **$249,357.50** for bad-faith conduct, finding they "flagrantly disregarded the discovery process." (*Celsius Holdings, Inc. v. A Shoc Beverage, LLC*, Case No. 21-cv-80740-DMM, D.E. 66 and D.E. 119). (**Exhibits B-1 and B-2**).

4. **Plaintiffs' Counsel Made False Representations to This Court.** In the Glo-Jet proceeding, Mr. Culpepper falsely represented that Defendant owned the garnishee company. This Court found that "Plaintiffs knew that [the Garnishees] had nothing to do with the case." (Doc. #532 at 8).

5. **Plaintiffs Rely on Stale Records.** Plaintiffs' opposition relies on a reference to a "pre-paid lease" from documents that are years old. That lease expired years ago. They similarly cite a purported wire transfer from 2023, before Defendant's indigency was judicially recognized. Plaintiffs have presented no current evidence to contradict Defendant's sworn affidavit because none exists.

6. **Contempt Issue Addressed and Unenforceable.** Defendant's prior filing (Doc. #601) addressed the $500/day contempt fine. A court cannot hold a person found to be indigent in contempt for failure to pay a fine he does not have the ability to pay. Further, Defendant's prior filings document that the Court expected Defendant to file to have the fine struck after fulfilling its Orders – which Defendant fulfilled.

7. **Coordinated Harassment.** Plaintiffs' counsel filed this opposition on May 26, 2026, the same day Defendant was preparing supplemental filings in the District of Delaware bankruptcy court, demonstrating a coordinated strategy to overwhelm a *pro se* litigant.

8. **Counsel's Acquiescence to Special Appearance.** Plaintiffs' counsel did not object to Defendant's filing of a limited special appearance, implicitly conceding its propriety. Their current objection to Defendant's *pro se* motions is therefore purely tactical.

9. **The Fraudulent Service Scheme.** The judgment in this case was procured by fraud. On **April 27, 2021**, counsel filed a sworn affidavit from a process server stating, "there was no other address for CHARLES MUSZYNSKI in public records." One week later, on **May 4, 2021**, the same counsel filed a document in state court admitting knowledge that Defendant was a "citizen of St. Kitts Island by Golden Visa Programme" and resided in Puerto Rico. These irreconcilable statements prove the affidavit used to effect service was perjured and constituted a fraud on this Court.

10. **The Waddell Declaration Fraud.** On September 28, 2021, months after admitting they knew Defendant's location, counsel filed a declaration from Defendant's ex-wife, Marcia Waddell, falsely claiming a state court writ had not been executed because Defendant "failed to inform the Courts of his physical address." This was a knowingly false statement used to perpetuate the fraudulent "fugitive" narrative.

11. **Collapse of the "Fugitive" Narrative.** The underlying state court writ was subsequently struck after Defendant challenged it, and Ms. Waddell relinquished nearly **$600,000** in fraudulently claimed alimony, proving the narrative advanced by counsel in this Court was baseless.

12. **The TPLF Concealment Pattern.** In the Delaware bankruptcy,

Mr. Culpepper

testified under oath that third-party litigation funder PML Process Management

Limited ("PML") was not involved with the Debtor. However, in filings before

the First Circuit B.A.P., he listed PML as a principal "Interested Party," and in

this very Court revealed in filings that PML was the concealed litigant from

inception - demonstrating a pattern of making contradictory statements to

different courts.

13. **The "Window of Nullity" Admission.** In the Delaware bankruptcy

hearing, Mr. Culpepper admitted under questioning that for a period of

months in 2024, he possessed no legal authority to act on behalf of the

debtor-claimant, Screen Media Ventures, LLC and that none of the 38

other creditors Culpepper and Rothman indispensably joined, to the

exclusion of all other judgment options, provided written consent to the

Trustee's retention of Culpepper for collection actions.

**ARGUMENT**

**A. Plaintiffs falsely allege Defendant is capable of retaining counsel.**

Plaintiff's opposition willfully ignores that the pending litigation in Nevis will

determine that they must post an approximately US$6M cash bond with the High

Court in order to proceed and that their case in Nevis involves multiple other

Defendants, and that were Plaintiffs to actually post the bond, Nevis attorneys are

certain they will not prevail in court. Circumstances that Defendant has benefited from

without having to pay for his representation and which are illustrative of Plaintiffs'

vexatiousness.

## B. Plaintiffs Project Their Own Vexatious Conduct and Pattern of Fraud.

Plaintiffs' opposition is a brazen attempt to paint Defendant as a vexatious litigant. The record proves the opposite. It is Plaintiffs' counsel who have been judicially determined to be vexatious. In this very case, this Court sanctioned Mr. Culpepper and Mr. Rothman personally for **$11,700** for "**vexatious litigation**." The Court found that counsel pursued a meritless action against a garnishee based on the false pretense that Defendant owned the company. The Court stated, "Plaintiffs pursued the entry of default vexatiously, especially in light of the fact that Plaintiffs knew that [the Garnishees] had nothing to do with the case." (Doc. #532 at 8). This conduct, combined with the scheme to procure the underlying judgment via perjured service affidavits and the filing of knowingly false declarations, establishes a pattern of fraud and bad faith that disqualifies them from making good-faith arguments here.

## C. Counsel's Silent Acquiescence to Defendant's Special Appearance Confirms Their Bad Faith.

Plaintiffs' counsel had the opportunity to object to Defendant's filing of a limited special appearance but failed to do so (in addition to silently admitting a plethora of unprofessional actions). Their silence constitutes acquiescence to the propriety of Defendant appearing for the limited purpose of challenging this Court's orders. By now objecting to Defendant's request for IFP status and ECF access, counsel reveal their true motive: they welcome Defendant's appearance when it might lead to collection on their judgment, but they oppose his appearance when he seeks the basic procedural tools necessary to defend himself. This selective opposition is a hallmark of bad-faith tactical litigation.

**D. Defendant's Indigency Status is Well-Established and Unrebutted.**

A court "may authorize the commencement…of any suit…without prepayment of fees…by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Defendant has submitted a sworn affidavit detailing his lack of assets and income, consistent with findings from the Orange County Circuit Court regarding an alimony payment issue – a debt far superior to Plaintiff's unsecured, statutory award. Plaintiffs' sole "evidence" to the contrary is a reference to a long-expired "pre-paid lease." This stale information does not rebut Defendant's current, sworn statement of indigency and is all the more spurious given that Culpepper never appeared at either of Defendants two 341 bankruptcy examinations and refused to depose Defendant despite this Court's explicit arrangement allowing sixty (60) days to do so.

**E. The Purported Contempt is Unenforceable Against an Indigent Defendant.**

Plaintiffs repeatedly invoke the $500/day contempt fine (Doc. #368). This argument is legally meritless. A civil contempt sanction for non-payment is coercive, not punitive. It is axiomatic that a court cannot coerce an indigent person to pay a fine they do not have the money to pay. *See Turner v. Rogers*, 564 U.S. 431, 447 (2011). The Orange County court's finding of Defendant's inability to pay, coupled with his sworn affidavit here, establishes that he cannot be held in contempt.

**F. Plaintiffs' Opposition to ECF Access is a Bad-Faith Attempt to Create an Uneven Playing Field.**

Plaintiffs' argument that Defendant should be denied CM/ECF filing privileges is the most transparent aspect of their vexatious strategy. Plaintiffs' counsel enjoy the significant advantages of electronic filing while seeking to deny this same

fundamental access to a *pro se* defendant, forcing him to rely on expensive and slow international couriers and the Clerk's office. This creates a grossly uneven playing field. Their argument is also contrary to this Court's rules. S.D. Fla. L.R. 5.1(e) states: **"Registration as an electronic filing user...constitutes consent to receive service electronically...and waiver of any right to receive service by any other means."** It is Plaintiffs' counsel who have consented to the electronic system they now seek to weaponize against an opposing party.

**G. The Motion for Reconsideration is Proper.**

Reconsideration is appropriate to correct manifest errors of law or fact or to account for newly discovered evidence. The judicial findings of counsel's vexatious litigation and bad-faith conduct (**Exhibits A and B**) constitute newly discovered evidence of a pattern of conduct that is directly relevant to the Court's assessment of the parties' credibility and good faith. The motion is therefore proper.

**REQUESTS FOR RELIEF**

**WHEREFORE**, Defendant Charles Muszynski respectfully requests that this Court enter an order:

1.  **DENYING** Plaintiffs' Opposition (D.E. 604) in its entirety;

2.  **GRANTING** Defendant's Application to Proceed Without Prepaying Fees or Costs (D.E. 603);

3.  **GRANTING** Defendant full privileges to file and receive documents via the Court's CM/ECF system;

4.  **GRANTING** Defendant's Motion to Alter or Amend Judgment (D.E. 602);

5. **ISSUING an ORDER TO SHOW CAUSE** why Plaintiffs' counsel, Kerry Culpepper and Joel Rothman, should not be personally sanctioned pursuant to 28 U.S.C. § 1927 and this Court's inherent authority for filing a frivolous and vexatious opposition designed to harass a *pro se* litigant and multiply the proceedings; and

6. **AWARDING** Defendant the costs incurred in responding to this frivolous opposition.

On May 27, 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## EXHIBIT LIST

**Exhibit A:** Order Granting in Part and Denying in Part Garnishees' Motion for Attorneys' Fees, Case No. 1:21-cv-20862-BB (D.E. 532, August 22, 2023).

**Exhibit B-1 and B-1:** Order Granting Defendants' Motion for Sanctions and Fees, *Celsius Holdings, Inc. v. A Shoc Beverage, LLC*, Case No. 21-cv-80740-DMM (D.E. 66, July 19, 2022), and Order Awarding Fees *Celsius Holdings, Inc. v. A Shoc Beverage, LLC*, Case No. 21-cv-80740-DMM (D.E. 119, February 11, 2026).

## CERTIFICATE OF SERVICE

The undersigned respectfully submits this filing and certifies it was served on the entities named in the case by way of the Court's CM/ECF system subsequent to delivery to the S.D. FL Clerk of Court by courier after its receipt on the date below for inclusion in the record. The parties and the Court were copied via email to ensure timely arrival as Defendant is prohibited from filing via ECF.

Joel B. Rothman
SRIPLAW, P.A.
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
joel.rothman@sriplaw.com

Kerry S. Culpepper
CULPEPPER IP, LLLC
75-5915 Walua Road, # 128
Kailua-Kona, HI 96740
kculpepper@culpepperip.com

27 May 2026

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

<u>Exhibit A</u>

**Order Granting in Part and Denying in Part
Garnishees' Motion for Attorneys' Fees**

**Case No. 1:21-cv-20862-BB**

**(D.E. 532, August 22, 2023).**

Exhibit B-1

Order Granting Defendants' Motion For Sanctions And Fees

*Celsius Holdings, Inc. v. A Shoc Beverage, LLC*, Case No. 21-cv-80740-DMM

(D.E. 66, July 19, 2022)

**Exhibit B-2**

**Order Awarding Fees**

*Celsius Holdings, Inc. v. A Shoc Beverage, LLC*, Case No. 21-cv-80740-DMM

**(D.E. 119, February 11, 2026)**