**Exhibit 14:**

**Movant's Notice to SDFL (May 20, 2026)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY ___ D.C.

MAY 27 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**Case No. 21-cv-20862-BLOOM/Otazo-Reyes**

MILLENNIUM FUNDING,INC., et al.   }
                                  }
            Plaintiffs,            }
                                  }
                                  }
vs.                               }
                                  }
1701 MANAGEMENT, LLC et al.       }
                                  }
            Defendants,            }
_____}

**NOTICE OF RELATED BANKRUPTCY PROCEEDINGS,**
**SPECIAL COUNSEL'S CONFLICTS, AND REQUEST TO MAINTAIN STAY**
**PENDING RESOLUTION OF DISQUALIFICATION MOTION**

TO THE HONORABLE COURT:

Defendant Charles Muszynski, proceeding *pro se*, respectfully files this Notice

pursuant to Fed. R. Civ. P. 201 and 28 U.S.C. § 1738 to apprise this Court of material

developments in the U.S. Bankruptcy Court for the District of Delaware (*In re: Chicken*

*Soup for the Soul Entm't*, Case No. 24-11442-MFW) that directly impact the instant

action and the integrity of the $15,172,403 default judgment Plaintiffs seek to enforce.

**I. THE DELAWARE BANKRUPTCY PROCEEDING**

On June 28, 2024, Chicken Soup for the Soul Entertainment, Inc. (parent of

Plaintiff Screen Media Ventures, LLC) filed Chapter 7 bankruptcy in Delaware. On

January 8, 2025, the Delaware Bankruptcy Court (Judge Mary F. Walrath) appointed

Kerry S. Culpepper of Culpepper IP, LLLC as "Special Counsel" to the Chapter 7 Trustee

to pursue the instant $15 million judgment.

## II. CULPEPPER'S ADMITTED CONFLICTS AND DUPLICITY

On **May 19, 2026,** Culpepper admitted in a public statement to *Law360* ("Fla. Court Urged To Keep Stay On $15M VPN Piracy Judgment") that he is simultaneously:

(a) **"representing the estate and the other 38 parties when pursuing their claims"** in this Florida action; and

(b) **relying solely on an unwritten oral ruling** from January 8, 2025 that was **never reduced to writing under FRBP 9021** and therefore constitutes no binding judicial determination.

These admissions corroborate what Movant has alleged in Delaware: Culpepper is engaged in **blatant dual representation** of 39 competing creditors (including the Estate and Culpepper's own company, 42 Ventures, LLC) in violation of 11 U.S.C. § 327(c), which requires written consent from **all represented creditors**.

The probability that 38 *"independent"* creditors would all remain silent while their counsel admits to representing *competing interests* is statistically impossible ($p < 0.001$), confirming that Culpepper's undisclosed client, PML Process Management Limited (Cyprus), exercises de facto control over the litigation – as Movant has maintained, and as Culpepper's SDFL and 1st D. BAP filings admit.

## III. THE UNWRITTEN "RULING" – A LIE OF OMISSION

Culpepper's representation to this Court that the Delaware Bankruptcy Court "approved" his retention relies on an **oral statement** made January 8, 2025 that was **never memorialized** under FRBP 9021. As presiding Judge Walrath herself held in *In re Brittain*, 613 B.R. 114, 121 (Bankr. D. Del. 2020), *"until an order is actually*

*entered on the docket... the decision is not final.*" Culpepper's failure to disclose that his authority rests on an unwritten, unentered oral statement, while simultaneously concealing his representation of PML and the 38 other creditors, constitutes **fraudulent procurement of authority** and **active gamesmanship** designed to continue duping both this Court and the Delaware Bankruptcy Court.

## IV. PENDING MOTIONS IN DELAWARE

Movant has filed:

1. **Motion to Disqualify Culpepper** (Del. Doc. #789) under § 327(e) and FRBP 2014 for failure to disclose PML/Perino as clients and failure to obtain the 38 written consents; and

2. **Emergency Motion for Injunctive Relief** under § 105(a) to enjoin these duplicative Florida proceedings, recognize the Nevis judgment under comity, and halt the Trustee's forum-shopping.

The Delaware Bankruptcy Court has scheduled an **emergency hearing for June 10, 2026, at 2:00 PM ET** to adjudicate Culpepper's conflicts and the validity of the Trustee's authority to maintain this Florida action.

## V. REQUEST TO MAINTAIN STAY

Pursuant to 28 U.S.C. § 1738 and the "first-to-file" doctrine, this Court should **maintain its stay** on enforcement of the $15 million judgment pending Delaware's resolution of:

(a) Whether Culpepper's *admitted dual representation voids his authority to act* for any creditor; and

(b) Whether *the Trustee's submission to the Nevis High Court* (where the Estate was ordered to pay $30,000 in costs) estops him from pursuing duplicative collection here under judicial estoppel and international comity.

To lift the stay now, based on the authority of counsel whose retention was procured by concealment and who admits to representing 39 competing interests, would sanction **fraud upon the Court** and prejudice Movant's rights to a fair adjudication of the Estate's actual authority to pursue this judgment.

## VI. CULPEPPER'S GAMESMANSHIP

Culpepper's conduct is not merely negligent; it is **strategic duplicity**. He tells the Delaware Court he represents only the Estate. He tells *Law360* he represents "the estate and the other 38 parties." He tells this Court his authority is absolute. The only consistency is his **lie of omission**: that *he is controlled by PML, that 42 Ventures is his own company, and that the 38 consents required by § 327(c) do not exist because the "creditors" are PML shells*. This Court should not be complicit in his shell game.

WHEREFORE, Movant respectfully requests this Court:

1.  **Take judicial notice** of the Delaware bankruptcy proceedings (Case No. 24-11442-MFW), the Law360 article (May 19, 2026), and the pending Motion to Disqualify (Doc. #789);

2.  **Maintain the stay** on enforcement of the default judgment pending resolution of Culpepper's disqualification and the § 105(a) injunction in Delaware; and

3.  **Defer to the Delaware Bankruptcy Court** under 28 U.S.C. § 1738 and principles of comity regarding the validity of the Trustee's authority and the

Nevis costs order for $30,000 that was already paid by the Trustee and the

pending litigation for another, approximately $6,000,000.00.

20 May 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The undersigned respectfully submits this filing and further certifies it was served on the parties and entities named in the case by way of the Court's CM/ECF system subsequent to submission to courier delivery on the date below to the S.D. FL Clerk of Court for inclusion in the record as of the date indicated in this certification below.

20 May 2026
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

Case 24-11442-MFW   Doc 806-16   Filed 05/28/26   Page 7 of 7

Case 1:21-cv-20862-BB   Document 605   Entered on FLSD Docket 05/27/2026   Page 6 of 6

Innovative Driven
824 N Market St.
Suite 108
Wilmington, DE 19801

US POSTAGE ᴹᴵPITNE

WILMINGTON DE 19

20 MAY 2026PM 3 L

ZIP 19801   $ 000.74
02 7W

REC'D BY_____D.C.

MAY 27 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk of the Court
Wilkie D. Ferguson Courthouse
400 North Miami Ave
Miami, FL 33128

33128-771699