Exhibit 20:

*In re Bank of New England Corp.*, 218 B.R. 643 (B.A.P. 1st Cir. 1998)

Case 24-11442-MFW    Doc 806-22    Filed 05/28/26    Page 2 of 7

5/28/26, 12:27 PM                 In re Bank of New England Corp., 218 BR 643 - Bankr. Appellate Panel, 1st Circuit 1998 - Google Scholar

218 B.R. 643 (1998)

### In re BANK OF NEW ENGLAND CORPORATION.

**FLEET DATA PROCESSING CORP., f/k/a Fleet/Norstar Data Processing Corporation, f/k/a Fleet/Norstar Services Corporation, and Fleet Services Corporation, f/k/a Fleet/Norstar Services Corporation, f/k/a Norstar Services, Inc., f/k/a Norstar Data Services, Inc., f/k/a Ubny Data Services, Inc., Appellants,**

v.

### Dr. Ben S. BRANCH, Trustee, Appellee.

BAP No. MB 97-054.

**United States Bankruptcy Appellate Panel of the First Circuit.**

March 10, 1998.

*644 James D. McGinley, Sarah N.A. Camougis, Edwards & Angell, Boston, MA for Appellants.

Robin Russell, Peter S. Goodman, Lynne M. Fischman Uniman, and Jennifer L. Sulzberger, Andrews & Kurth L.L.P., New York City, for Appellee.

Before VOTOLATO, DEJESUS and HAINES.

*645 HAINES, Bankruptcy Judge.

Fleet Data Processing Corporation ("Fleet") appeals from the bankruptcy court's order granting summary judgment against it, and in favor of the Chapter 7 trustee, on Count VI of the trustee's complaint. By its order, the court determined that Fleet was obligated to indemnify the trustee for the estate's liability, if any, to SEI Corporation ("SEI") and for the trustee's costs and attorneys' fees associated with defense and satisfaction of the SEI claim. The remaining counts of the trustee's complaint joined issue with SEI over the estate's liability for damages attributable to the rejection of SEI's executory contract with the debtor.

After perusing the record and the parties' briefs, we conclude that the Count VI summary judgment order is not a final order and that no exception to the final judgment rule operates to bestow appellate jurisdiction upon this panel. Accordingly, and for the reasons set forth below, we dismiss Fleet's appeal as premature.

## BACKGROUND

The bankruptcy court determined Fleet's liability on cross-motions for summary judgment, based upon the terms of an indemnification agreement between the trustee and Fleet, entered into by the parties in association with a sale of estate assets. *See Branch v. SEI Corp. (In re Bank of New England Corp.),* 210 B.R. 404(Bankr.D.Mass.1997).

Fleet filed a timely notice of appeal on June 6, 1997. (*See* App. Item 13.) Fleet did not file a "motion for leave to appeal" in accordance with the directive of Fed. R. Bankr.P. 8001(b) or in conformance with the requirements of Fed. R. Bankr.P. 8003(b).[1] The record discloses that at no time has Fleet formally sought, or obtained, leave to appeal in accordance with the rules.

## DISCUSSION

### 1. Jurisdiction — Generally.

Although the issue was left dormant by the parties, this panel is duty-bound to determine its jurisdiction over this appeal before proceeding to the merits. *See, e.g., Butler v. Dexter,* 425 U.S. 262, 263 n. 2, 96 S.Ct. 1527, 1527, 47 L.Ed.2d 774 (1976)(observing that a court "must take notice on its own motion where jurisdiction does not appear," even if the issue is not raised by the appellee); *Berner v. Delahanty,* 129 F.3d 20, 23 (1st Cir.1997) ("[T]he general rule is that a court should first confirm the existence of rudiments such as jurisdiction and standing before tackling the merits of a controverted case."); *Williams v. United States (In re Williams),* 215 B.R. 289, 297 (D.R.I.1997) (stating that "it is incumbent on [the] court to establish that it may exercise jurisdiction" before embarking on the merits of the appeal); *Kelly, Howe & Scott v. Giguere (In re Giguere),* 188 B.R. 486, 487 (D.R.I.1995) ("Although neither party has raised the question of jurisdiction, it is a question that must be addressed."); *accord Gaines v. Nelson (In re Gaines),* 932 F.2d 729, 731 (8th Cir.1991); *McGowne v. Challenge-Cook Bros.,* 672 F.2d 652, 658 (8th Cir.1982).

Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals from "final judgments, orders, and decrees," § 158(a)(1), or "with leave of the court, from interlocutory orders and decrees." § 158(a)(3).[2] A party takes an appeal of a § 158(a)(1) final order "as of [r]ight" by filing a timely notice of appeal. Fed. R. Bankr.P. 8001(a).

Appeal of an interlocutory order is to be taken "by [l]eave" pursuant to § 158(a)(3). Such an appeal "shall be taken by filing a notice of appeal . . . *accompanied by a motion for leave to appeal* prepared in accordance with Rule 8003." Fed. R. Bankr.P. 8001(b) (emphasis added). A motion for leave to appeal must include a statement of facts, a statement of the questions on appeal *646 and the relief sought, a statement of the grounds for appeal, and a copy of the judgment, order, or decree for which review is sought. *See* Fed. R. Bankr.P. 8003(a). As discussed below, such a motion is not a prerequisite to appellate jurisdiction over interlocutory orders. So long as the order appealed from satisfies certain requirements, we may review an interlocutory order without first entertaining a motion requesting that we do so.

### 2. Final Order Analysis.

Case 24-11442-MFW   Doc 806-22   Filed 05/28/26   Page 3 of 7

5/28/26, 12:27 PM                    In re Bank of New England Corp., 218 BR 643 - Bankr. Appellate Panel, 1st Circuit 1998 - Google Scholar

We first consider whether the court's summary disposition of Count VI was sufficiently "final" to provide Fleet with an appeal of right. We assess the order's character in view of § 158(a)(1)'s grant of jurisdiction over a bankruptcy court's "final judgments, orders, and decrees." That assessment is properly informed by the same principles that govern finality determinations under § 1291 (civil appeals from district court final orders to court of appeals) and § 158(d)(limiting court of appeals jurisdiction for second-tier bankruptcy appeals to final determinations of the first-tier appellate forum).[3]

Addressing the finality requirements of 28 U.S.C. § 1291, the Supreme Court has recognized legislative intent to "disallow appeal from any decision which is tentative, informal or incomplete." _Cohen v. Beneficial Indus. Loan Corp._, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Before addressing what is now known as the "collateral order doctrine" (discussed below), the _Cohen_ Court noted that the jurisdictional statutes do not "permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge." _Id._ "So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal," the Court observed, the statutory objective being "to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." _Id._ "Were appellate review available on demand whenever a district court definitively resolved a contested _legal issue,_ without regard to whether the entire adversary proceeding has been resolved, the `finality rule' would be eviscerated." _In re Harrington_, 992 F.2d at 6. _See also Firestone Tire & Rubber Co. v. Risjord_, 449 U.S. 368, 374, 101 S.Ct. 669, 673-74, 66 L.Ed.2d 571 (1981) (citing reasons for final judgment rule as including deference to the trial judge, the potential that piecemeal litigation will undermine the role of the trial judge, efficient judicial administration, and avoidance of harassment and cost of successive appeals from intermediate rulings).

A decision is final if it "ends the ligation on the merits and leaves nothing for the court to do but execute the judgment." _Catlin v. United States_, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). _See also Coopers & Lybrand v. Livesay_, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting _Catlin_); _(In re IBI Security Serv., Inc.)_, 174 B.R. at 668 (quoting _Catlin_).[4] An interlocutory order, on the other hand, is one which "only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." _In re American Colonial *647 Broad. Corp., 758 F.2d 794, 801 (1st Cir.1985)_ (quoting _In re Merle's, Inc._, 481 F.2d 1016 (9th Cir.1973)).

Bankruptcy matters, with assorted disputes — _e.g.,_ adversary proceedings, administrative applications, and contested matters — within the larger liquidation or reorganization case, are the object of "special considerations" under the finality doctrine. _Stubbe v. Banco Central Corp. (In re Empresas Noroeste, Inc.)_, 806 F.2d 315, 316 (1st Cir.1986). _See also In re Harrington_, 992 F.2d at 6 n. 3 (describing three distinct types of proceedings in a bankruptcy case and comparing each to ordinary civil actions); _Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entertainment Group, Inc.)_, 209 B.R. 832, 835-36 (D.Del.1997) ("[C]onsiderations unique to bankruptcy proceedings require courts to adopt a pragmatic approach in determining the finality of bankruptcy orders."); _McGowan v. Global Indus., Inc. (In re National Office Prods., Inc.)_, 116 B.R. 19, 20 (Bankr.D.R.I.1990) (citing a more liberal approach to finality in bankruptcy proceedings relative to civil litigation).

Compared to the traditional civil case, a bankruptcy case holds more potential for the resolution of discrete disputes that might qualify as "judicial units" for purposes of appeal.[5] Nevertheless, a bankruptcy court order is not appealable "unless it conclusively determines `a discrete dispute within the larger case.'" _In re Harrington_, 992 F.2d at 5 (quoted source not provided). _Accord e.g., In re American Colonial Broad. Corp._, 758 F.2d at 801; _In re Saco Local Dev. Corp._, 711 F.2d 441, 444 (1983); _In re National Office Prods., Inc._, 116 B.R. at 20.

The adversary proceeding initiated by the trustee's six count complaint is the relevant judicial unit upon which our finality analysis focuses. An adversary proceeding is perhaps the clearest example of a "discrete dispute" or "judicial unit" within the bankruptcy case. _See Robinson v. Robinson (In re Robinson)_, 194 B.R. 697, 700 (Bankr.N.D.Ga. 1996)("`The disposition of a discrete dispute' generally is considered to mean the resolution of an adversary proceeding within the bankruptcy case."); _see also In re Harrington_, 992 F.2d at 6 n. 3 (noting the "great similarity" between the adversary proceeding in bankruptcy and the ordinary civil action); _accord Klingshirn v. United States_, 209 B.R. 698, 700 (6th Cir. BAP 1997).

Fleet's appeal of the court's order on Count VI comes within the general rule that orders disposing of fewer than all claims or parties are generally interlocutory and not appealable as of right upon entry. _See In re Harrington_, 992 F.2d at 6 n. 3 ("Just as an appeal in a civil action normally may not be taken under § 1291 until all claims of all parties to an action have been finally resolved, _see_ Fed.R.Civ.P. 54(b), so too must some special justification be shown for departing from the finality rule relating to adversary proceedings and contested matters."); _e.g., In re IBI Security Serv., Inc._, 174 B.R. at 668-69 (emphasizing that the resolution of an indemnity claim in summary judgment left most of the other issues for litigation, and therefore was not final).

Though we consider the appealability of the ruling below in light of "special consideration" "necessary to accommodate concerns unique to the nature of bankruptcy proceedings," _In re Harrington_, 992 F.2d at 5, we cannot characterize that ruling as a final order as courts have interpreted this requirement in the bankruptcy context. _Compare In re Harrington_, 992 F.2d at 5-6 (reviewing an appeal from a district court's reversal of a bankruptcy court's order, applying § 158(d), holding that the district court's order regarding timeliness of notice of appeal was not appealable further because it did not "resolve[] all procedural and substantive issues necessary to conclude the entire appeal"); _Caribbean Tubular Corp. v. Fernandez Torrecillas (In re Caribbean Tubular Corp.)_, 813 F.2d 533, 535 n. 3 (1st Cir.1987) (noting that an appeal from the refusal of a preliminary injunction "is unquestionably interlocutory in character"); _In re El San Juan Hotel_, 809 *648 F.2d 151, 153-54 (1st Cir.1987) (district court lacked § 158(a) jurisdiction to review bankruptcy court's order authorizing the United States to file a suit on behalf of the trustee against the former trustee); _In re Empresas Noroeste, Inc._, 806 F.2d at 317 ("An order denying a motion to dismiss . . . is a common example of what is normally a non-appealable interlocutory order.")(collecting cases); _In re American Colonial Broad. Corp._, 758 F.2d at 801-02 (order authorizing acceptance of high bid and authorizing the negotiation of a contract not final, but was a "preliminary step," observing that the road to finality was riddled with contingencies); _Northeast Sav., F.A. v. Geremia (In re Kalian)_, 191 B.R. 275, 278 (D.R.I.1996) (denial of request for adequate protection not final despite loosened finality standard for bankruptcy appeals) _and In re National Office Prods., Inc._, 116 B.R. at 21 (describing the denial of motion to dismiss as representing the "antithesis" of a final order) _with In re Saco Dev. Corp._, 711 F.2d at 445-46 (order that conclusively determined a separable dispute over a creditor's claim was final even though the amount of the claim had not been determined).

Assaying the finality of the court's order disposing of Count VI, we also consider whether resolution of the remaining issues in the adversary proceeding might or might not obviate the present appeal. _See In re Harrington_, 992 F.2d at 6 (quoting _Bowers v. Connecticut Nat'l Bank_, 847 F.2d 1019, 1023 (2d Cir.1988)). Doing so, we see that if the trustee is determined to have no liability on the SEI claim, then a need to determine Fleet's duty to indemnify the trustee would largely be obviated, although Fleet might still appeal the court's determination of the scope of its duty to indemnify the trustee for costs and fees. _Cf. In re American Colonial Broad. Corp._, 758 F.2d at 802 ("[A]n order is inconclusive where events which follow the order can move interested parties from a position of opposition to a position of support. In such a case, allowing an appeal before the full significance of the order is manifested would be . . . a colossal waste of judicial resources.").[6]

Case 24-11442-MFW   Doc 806-22   Filed 05/28/26   Page 4 of 7

5/28/26, 12:27 PM
In re Bank of New England Corp., 218 BR 643 - Bankr. Appellate Panel, 1st Circuit 1998 - Google Scholar

In the end, we conclude that the court's order on Count VI is not final within the meaning of § 158(a)(1). Much is left to be done before the adversary proceeding is finally concluded below, and the resolution of unresolved issues may affect strongly the parties' motivations for challenging the bankruptcy court's Count VI order.

### 3. Appellate Jurisdiction for Interlocutory Orders.

Federal Rule of Bankruptcy Procedure 8003(c) endows us with discretion to grant leave to appeal when a notice, but not a motion, of appeal is filed. See 1st Cir. BAP R. 8003-1(a) ("Grant of leave to appeal from an interlocutory judgment, order or decree is discretionary with the BAP.").[7] The panel has the option to direct that a motion for *649 leave to appeal be filed, or to deny or grant the leave to appeal based upon the materials before it. See Fed. R. Bankr.P. 8003(c). See also In re Marvel Entertainment Group, Inc., 209 B.R. at 837 (timely notice of appeal considered as motion for leave to appeal); In re Kalian, 191 B.R. at 278 (appeal of an interlocutory order treated as request for leave to appeal).

The jurisdictional issues before us are straightforward. Thus, we will consider Fleet's timely notice of appeal as a motion seeking leave to appeal an interlocutory order without requiring further pleadings. Leave to appeal may issue if the appeal qualifies under one of two precepts conferring appellate jurisdiction over interlocutory appeals: the collateral order doctrine or application of the criteria governing § 158(a)(3) review of interlocutory orders.[8]

#### a. The Collateral Order Doctrine.

We may grant leave to appeal if the bankruptcy court's summary judgment order satisfies the requirements of the "collateral order" doctrine. There exists "a small class" of decisions, termed "collateral orders," "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen, 337 U.S. at 546, 69 S.Ct. at 1226. See also Risjord, 449 U.S. at 374-79, 101 S.Ct. at 673-76 (explaining Cohen's recognition of appellate jurisdiction over collateral orders to be part of the "tradition of giving § 1291 a `practical rather than a technical construction'") (quoting Cohen); Coopers & Lybrand, 437 U.S. at 467-69, 98 S.Ct. at 2457-58 (discussing and applying Cohen).

The First Circuit's model for identifying collateral orders is four-pronged. To qualify as a reviewable collateral order, the summary judgment order on Count VI must have: (1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, and (4) be effectively unreviewable on appeal from a final judgment on the remaining counts. See Petralia, 114 F.3d at 354; In re American Colonial Broad. Corp., 758 F.2d at 803; In re Continental Inv. Corp., 637 F.2d 1, 4 (1st Cir.1980); United States v. Sorren, 605 F.2d 1211, 1213 (1st Cir.1979); In re Casco Bay Lines, Inc., 14 B.R. 846, 847-48 (1st Cir. BAP 1981).[9] We assess the order's character element by element.

##### i. Conclusive Determination.

The order below determined that Fleet is obliged to indemnify the trustee for SEI's claims, but, because important issues await *650 resolution in the adversary proceeding, it is not "conclusive." The potential remains that Fleet may have no, or limited (i.e., fees and costs), liability to the trustee should the trustee have no liability to SEI for rejection damages. Moreover, the bankruptcy court's order leaves unclear the extent of Fleet's liability for the trustee's attorneys' fees and costs under the contract and Massachusetts law.[10] Thus, the order is "unfinished" and "inconclusive." Sorren, 605 F.2d at 1213. Compare Coopers & Lybrand, 437 U.S. at 469, 98 S.Ct. at 2458 (order denying class certification is revisable and not conclusive); Petralia, 114 F.3d at 354 (remand order to determine eligibility for employee benefits was not conclusive because it did not determine a legal question separate from the merits of the underlying case) and In re American Colonial Broad. Corp., 758 F.2d at 801-03 (appeal of bankruptcy court's order authorizing acceptance of bid on debtor's assets and negotiation of a contract was inconclusive given array of contingencies which could intervene) with Risjord, 449 U.S. at 375-76, 101 S.Ct. at 674-75 (order denying a disqualification motion was conclusive of the disputed issue).[11]

##### ii. Important Legal Question.

The bankruptcy court's determination whether Fleet's indemnification obligation reached SEI's unsecured claim and the trustee's fees and costs, while of consequence to the parties, does not qualify as presenting an important legal question for review. The results holds minimal precedential promise. See In re Continental Inv. Corp., 637 F.2d at 6.[12] It can not be fairly described as grappling with "an important and unsettled question of controlling law." Sorren, 605 F.2d at 1213.[13]

##### iii. Completely Separate.

The lower court's order on Count VI comes closest to satisfying this element of the collateral order doctrine. Fleet's indemnification obligation to the trustee appears "essentially unrelated to the merits of the main dispute," and "capable of review without disrupting the [adversary proceeding]." Sorren, 605 F.2d at 1213. The dispute is "not an ingredient of the [objection to claim] and does not require consideration with it." Cohen, 337 U.S. at 546-47, 69 S.Ct. at 1225-26. Review at this time would most likely not disrupt disposition of the remainder of the case. Cf. Coopers & Lybrand, 437 U.S. at 469, 98 S.Ct. at 2458 (determination of class status involves issues interwoven in the *651 factual and legal question of the larger case.)[14]

##### iv. Unreviewable on Appeal.

The summary judgment order does not satisfy the final prong of the collateral order doctrine. The "unreviewability" prong has been equated to, if not defined as, the threat of "irreparable harm" if review is delayed. See Risjord, 449 U.S. at 376, 101 S.Ct. at 674; In re Empresas Noroeste, Inc., 806 F.2d at 317; Soto v. Barcelo (In re San Juan Star Co.), 662 F.2d 108, 112 (1st Cir.1981). It is the "dispositive criterion" in the Cohen analysis. See e.g., In re Empresas Noroeste, Inc., 806 F.2d at 317; Rodriguez v. Banco Central, 790 F.2d 172, 178 (1st Cir.1986); In re San Juan Star Co., 662 F.2d at 112. The Supreme Court has stated that, to qualify under this element, denial of the immediate appeal must "render impossible any review whatsoever." United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971); see also Risjord, 449 U.S. at 376, 101 S.Ct. at 674 (quoting Ryan).[15]

It is transparent that Fleet's appeal presents no "special circumstances making it essential" for the appellate court to decide the merits of this "preliminary bout" at an "advanced point in time." In re Empresas Noroeste, Inc., 806 F.2d at 317 (denial of motion to dismiss is effectively reviewable on appeal).[16]

*652 b. Discretionary Authority under § 158(a)(3).

Case 24-11442-MFW  Doc 806-22  Filed 05/28/26  Page 5 of 7

5/28/26, 12:27 PM                    In re Bank of New England Corp., 218 BR 643 - Bankr. Appellate Panel, 1st Circuit 1998 - Google Scholar

Although § 158(a)(3) provides discretionary authority to hear appeals of interlocutory orders, we approach the question with caution, particularly where, as here, the appeal does not address a "collateral order."

Section 158 provides no express criteria to guide our discretion, but most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under § 1292(b). See *Northeast Sav., F.A. v. Geremia (In re Kalian), 191 B.R. 275, 279 (D.R.I.1997)* (noting absence of standards in § 158(a), observing that most courts utilize the certification standards of § 1292(b), and applying those standards to find that the interlocutory appeal did not lie). Cf. *In re Williams, 215 B.R. at 298 n. 6 (D.R.I.1997)*(describing the practice of "many district courts" of "analogiz[ing] the standards governing permissive appeals under § 158(a)(3) to the procedures for certification of interlocutory appeals pursuant to 28 U.S.C. 1292(b)" as "jurisprudential and not jurisdictional," arguing that, while it is prudent to follow the § 1292(b) criteria, § 158(a)(3) "obviously vests broader discretion in the district courts" to allow appeals in circumstances in which the denial of the appeal would result in irreparable consequences); *In re Marvel Entertainment Group, Inc., 209 B.R. at 837* (finding no criteria in § 158 or Rule 8003 to guide court in motion for leave to appeal, describing Third Circuit conclusion that Congress intended review of interlocutory orders for case specific cause, and then using the § 1292(b) standard). Operating outside the boundaries of the collateral order doctrine, we consider that the § 1292(b) criteria provide appropriate guidance for (and limitation of) our exercises of discretionary jurisdiction under § 158(a)(3).[17]

To ascertain whether we should exercise our discretion to hear Fleet's appeal, we will consider whether (1) the "order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). See also *In re Kalian, 191 B.R. at 277; In re Celotex Corp. 187 B.R. at 749; In re Prudential Lines, Inc., 160 B.R. 32, 34 (S.D.N.Y.1993)*. See also *In re IBI Security Serv., Inc., 174 B.R. at 669, 671* (noting an additional element to the interlocutory appeal analysis, the existence of "exceptional circumstances").[18]

Several First Circuit district courts have applied the § 1292(b) factors in considering bankruptcy appeals brought under § 158(a)(3), but their discussions tend to be general, rather than factor-by-factor, analysis. See e.g., *Monahan v. Massachusetts Dept. of Revenue, 215 B.R. 287, 289 (D.Mass. 1997); In re Delta Petroleum(P.R.), Ltd., 193 B.R. 99, 106 n. 15 (D.P.R.1996) In re Giguere, 188 B.R. at 488; Prudential Ins. Co. v. Boston Harbor Marina Co., 159 B.R. 616, 623 (D.Mass.1993)*(amended order); *In re Caribbean Tubular Corp., 44 B.R. 283, 285 (D.P.R.1984)*. We will analyze each factor in turn.

i. *Controlling Question of Law.*

We first inquire whether the bankruptcy court's ruling on Count VI presents a question of law that controls the outcome of the underlying case. It's precedential prospects are beside the point. See *Sandler v. Eastern Airlines, Inc., 649 F.2d 19, 20 (1st Cir.1981)*(question certified was not controlling in the case since the party could be successful on an alternate asserted theory, so that the question certified would "neither arise nor control"); *accord Klinghoffer v. *653 S.N.C. Achille Lauro, 921 F.2d 21, 24-25 (2d Cir.1990)* (dismissing the necessity of precedential value, describing "controlling issue" as embodied in an order which, if reversed, would terminate the action); see also *Pacamor Bearings, Inc. v. Minebea Co., Ltd., 892 F.Supp. 347, 361 (D.N.H.1995)* ("Standing is generally a controlling question of law in that if a plaintiff is found to lack standing, the action will be dismissed."). Compare *United States v. Salter, 421 F.2d 1393, 1394 (1st Cir.1970)* (vacating order allowing interlocutory appeal after reconsideration, concluding that the pre-trial discovery order did not "involve an ultimate question of law *in the case*")(emphasis added); *In re Murray, 116 B.R. 6, 9 (D. Mass. 1990)* (denial of motion to extend exclusivity period "does not involve a substantive question of law applicable to the core proceeding or any adversary proceeding").[19] Determination of Fleet's indemnification liability vis-a-vis the Trustee does not control the resolution of the remaining counts in the adversary complaint. Fleet's appeal can not clear this hurdle.

ii. *Substantial Grounds for Difference of Opinion.*

To warrant interlocutory review, the order on appeal must also involve a legal issue on which there is "substantial ground for difference of opinion." § 1292(b). [20] Circuit law limits the "statutory anodyne" of certification to "rare cases," *In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1010 n. 1 (1st Cir.1988)*, "where the proposed intermediate appeal presents one or more difficult and *pivotal* questions of law not settled by controlling authority." *McGillicuddy v. Clements, 746 F.2d 76, 76 n. 1 (1st Cir.1984)*. See also *In re San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d at 1010 n. 1; In re Kalian, 191 B.R. at 278* (quoting *McGillicuddy*). We conclude that, although Fleet and the trustee found room for argument concerning their contract's interpretation and its indemnification clause, the case specific issues raised on appeal do not rise to the level of difficulty and significance required under § 1292(b), and, therefore, they do not recommend our exercise of discretionary appellate jurisdiction under § 158(a)(3). See *Pacamor Bearings, Inc., 892 F.Supp. at 361-62* (party's dissatisfaction with court's standing decision did not amount to "substantial ground for difference of opinion"). We identify no legal question in Count VI that takes the parties' dispute outside garden variety legal argument.

*654 iii. *Materially Advance Ultimate Termination of the Litigation.*

Finally, to warrant discretionary review, the appeal must also "materially advance the ultimate termination of the litigation." § 1292(b); see also *In re Geremia, 191 B.R. at 278-79*. Compare *In re National Office Prods., Inc., 116 B.R. at 21* (denial of motion to dismiss continued rather than ended the litigation, and thus was not appealable) and *In re Murray, 116 B.R. at 9* (appeal of order denying motion to extend exclusivity period "threatens to delay the bankruptcy proceeding by not allowing other interested parties to file a plan") with *In re Klinghoffer, 921 F.2d at 25* (determination that federal court had no jurisdiction over defendant would "greatly assist the ultimate termination of the litigation") and *In re Bertoli, 58 B.R. at 995* (granting a motion to dismiss terminated the action and, thus, was appealable).[21]

Final resolution of Fleet's indemnification obligation would not "materially advance" the determination of the Trustee's liability towards SEI. See *In re IBI Security Serv., Inc., 174 B.R. at 670-71* (determination whether one party had to pay the other's litigation costs did not affect the remaining claims, counterclaims and cross claims and, therefore, did not advance the ultimate termination of the adversary proceeding). Although a reversal would terminate Fleet's involvement in the litigation, it would not terminate the adversary proceeding.[22]

## CONCLUSION

For these reasons, we conclude that appellate jurisdiction does not lie. Accordingly, Fleet's appeal of the bankruptcy court's order granting summary judgment for the trustee on Count VI is DISMISSED.

Case 24-11442-MFW    Doc 806-22    Filed 05/28/26    Page 6 of 7

5/28/26, 12:27 PM                    In re Bank of New England Corp., 218 BR 643 - Bankr. Appellate Panel, 1st Circuit 1998 - Google Scholar

[1] Fleet did move for and was granted leave to file an untimely statement of issues and the court granted a joint motion to extend time to comply with the record and issue presentation requirements of Rule 8006. (*See* App. Item 14.)

[2] Because this decision principally addresses jurisdictional issues, all references to statutory sections, unless otherwise indicated, are to Title 28, United States Code.

[3] *See Estancias La Ponderosa Dev. Corp. v. Harrington(In re Harrington)*, 992 F.2d 3, 6 n, 3(1st Cir.1993)(noting "great similarity between an adversary proceeding in bankruptcy and an ordinary civil action," observing a close resemblance between the finality determinations involved, citing § 1291 and applying § 158(d)); *cf. Tringali v. Hathaway Mach. Co., Inc.*, 796 F.2d 553, 558 (1st Cir.1986)("We see no reason . . . for interpreting the word 'final' in § 1291 differently from the way we interpreted it in § 1293(b) and 158(d)."); *IBI Security Serv., Inc. v. National Westminster Bank USA (In re IBI Security Serv., Inc.)*, 174 B.R. 664, 669 (E.D.N.Y.1994)(applying § 1292(b) criteria in § 158(a)(3) interlocutory appeal analysis).

[4] Much of the case law discussing finality involves appeals of qualified immunity summary judgment orders. *See Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Diaz v. Martinez*, 112 F.3d 1 (1st Cir.1997); *Carter v. Rhode Island*, 68 F.3d 9 (1st Cir.1995); *Stella v. Kelley*, 63 F.3d 71 (1st Cir.1995). Qualified immunity's operation and objectives render such cases less than authoritative in assessing appellate jurisdiction over bankruptcy court orders.

[5] *See e.g., In re Empresas Noroeste, Inc.*, 806 F.2d at 316-17 (dispute over creditor's secured status); *Tringali*, 796 F.2d at 558 (order lifting automatic stay); *In re Saco Local Dev. Corp.*, 711 F.2d at 445 (determining creditor's claim or priority is a "separable dispute"); *In re Marvel Entertainment Group Inc.*, 209 B.R. 832 (order on motion for temporary restraining order).

[6] This analysis accords with the "all but execution" facet of a final decision. The full scope of Fleet's indemnity obligation to the trustee, be it all, some, or nothing, *requires* further proceedings on the remaining counts. *See Petralia v. AT & T Global Info. Solutions Co.*, 114 F.3d 352, 354 (1st Cir.1997) (holding that a remand order to the plan administrator for a determination of employee's eligibility for short-term benefits in a civil employment suit was not a final judgment because, "[r]ather than 'leaving nothing to be done,' the district court order *required* further proceeding and findings on remand.")

[7] Our analysis of whether we should exercise discretion to assert appellate jurisdiction over interlocutory orders shares many of the concerns that attend Fed.R.Civ.P. 54(b) certification. The general rule is that an order as to fewer than all claims or parties (such as the order before us) in actions involving multiple issues and multiple parties (such as the action below is) is not final absent the trial court's express determination that there is no just reason for delay. Fed. R.Civ.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an *express* determination that there is no just reason for delay and upon an *express* direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, *however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not* terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b) (emphasis added). Indicative of the strength of the policy against piecemeal appeals, it is not unusual to find instances of Rule 54 certification being overturned on appeal as an abuse of discretion. *See e.g., Nichols v. The Cadle Co.*, 101 F.3d 1448 (1st Cir.1996); *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698 (1996); *Pahlavi v. Palandjian*, 744 F.2d 902 (1984).

We note that the order from which Fleet appeals was not certified under Rule 54(b).

[8] A third concept, labeled the *Forgay-Conrad* doctrine, has been employed to bestow appellate jurisdiction over interlocutory orders when "irreparable injury" to the aggrieved party may attend delaying appellate review until the litigation is over. *See In re American Colonial Broad. Corp.*, 758 F.2d at 803. We will not discuss the doctrine's application here because the circumstances of this case demonstrate no basis on which Fleet could argue that delaying review of the court's summary judgment order could operate to injure it irreparably.

[9] Other circuits and the Supreme Court employ a three-pronged analysis, combining the "important legal question" element with the "completely separate" requirement. *See Risjord*, 449 U.S. at 375-78, 101 S.Ct. at 674; *Coopers & Lybrand*, 437 U.S. at 468-69, 98 S.Ct. at 2458; *Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.)*, 187 B.R. 746, 749 (M.D.Fla.1995); *In re IBI Security Serv., Inc.*, 174 B.R. at 668. Many of the courts applying a three-pronged analysis do not elaborate as to whether the order involves an "important legal question." *See e.g., Coopers & Lybrand*, 437 U.S. at 468-69, 98 S.Ct. at 2457-58 (applying *Cohen* but not discussing the "important legal question" prong); *In re Celotex Corp.*, 187 B.R. at 749 (offering a preliminary description of this element as an inquiry into whether the order "resolve[s] an *important issue* completely separate from the merits" but analyzing only whether "the issue for review is completely separate from the merits of the action")(emphasis added). This panel's predecessor addressed this fissure between the First Circuit's four-part collateral order test and the three-prong approach of the Supreme Court. *See In re Casco Bay Lines, Inc.*, 14 B.R. at 848. The First Circuit continues to employ the four prong test, as it did in its 1997 *Petralia* decision.

[10] Although the parties before us assume that the bankruptcy court's order required Fleet to indemnify the trustee for fees and costs incurred in both (1) establishing his right to indemnity and (2) defending SEI's claim, the court's opinion and order are not specific on that point and its conclusion is not clearly implied. Indeed, Fleet seeks review of that determination, arguing that it is only liable for fees and costs incurred by the trustee in defending SEI's claim. Given the split of authority on the issue cited by the parties, and the conceded absence of controlling Massachusetts precedent, we cannot be sure the parties' assumption is correct. The court may well address the point with greater precision before its final order in the adversary proceeding enters.

[11] We note that, in circumstances not unlike those at hand, one court found the "conclusive" requirement satisfied by a bankruptcy court's summary judgment order that determined the existence of a party's indemnification obligation for defense costs, while deferring a determination on the amount of this allowance. *See In re Celotex Corp.*, 187 B.R. at 749. In a somewhat circular passage, the district court held that ruling "conclusively resolved the dispute because it was not 'tentative, informal or incomplete.'" *Id.* (quoting *Cohen*).

[12] As explained above, it is unclear that the court resolved the one aspect of the question presented to it that represents an issue on which the authorities disagree, that of the *extent* of Fleet's obligation to indemnify the trustee for fees and costs.

[13] There is scant law functionally defining this element. The First Circuit has twice held that the denial of a motion to disqualify an attorney did not present a legal question of sufficient moment. *See In re Continental Inv. Corp.*, 637 F.2d at 6 (describing importance as measured by "the scope of precedential value"); *In re Casco Bay Lines, Inc.*, 14 B.R. at 848 (declining to review the disqualification order under the collateral order doctrine because of precedent finding disqualification order of insufficient importance). In *In re Continental Inv. Corp.*, the court stated that importance is not to be measured by concerns for judicial economy alone. *See In re Continental Inv. Corp.*, 637 F.2d at 6.

[14] We note that two district courts have held that a bankruptcy court's determination regarding recovery of litigation costs under an indemnity agreement is not sufficiently separate from the merits to satisfy this requirement. *See IBI Security Serv. Inc.*, 174 B.R. at 669 (asserted right to indemnification for fees and costs was, in the court's view, too intertwined with the claims to indemnify for damages under an insurance policy to warrant an independent appeal); *In re Celotex Corp.*, 187 B.R. at 749 (order finding defense costs coverage in liability insurance was "sufficiently 'enmeshed'" in an adversary proceeding seeking a declaration of liability coverage for asbestos injury to allow for collateral review).

[15] In *In re IBI Security Serv., Inc.* the district court declined to consider appeal of the bankruptcy court's order determining that the debtor had no right to indemnification for litigation costs under its "all risk" insurance policy with the carrier/defendant. The court noted that while the partial summary judgment "conclusively determined the disputed

question," it could be effectively appealed after final judgment. 174 B.R. at 669. *See also e.g.,* *Risjord,* 449 U.S. at 376, 101 S.Ct. at 674 (order denying disqualification not shown to satisfy this prong on the basis of claims that the proceedings would be marred by the "indelible stain or taint" of confidence breaches and divided loyalties); *Coopers & Lybrand,* 437 U.S. at 469, 98 S.Ct. at 2458 (effective review of a denial of class certification is possible after final judgment); *Petralia,* 114 F.3d at 354 (remand order on employee's continued eligibility for benefits is the "very heart" of the larger case and is reviewable on appeal from the final judgment); *First Fidelity Bank, N.A., New Jersey v. Hooker Invs., Inc. (In re Hooker Invs., Inc.),* 937 F.2d 833 (2nd Cir.1991) (denial of jury trial is "entirely reviewable" on appeal and does not satisfy this aspect of the collateral order test); *In re Continental Inv. Corp.,* 637 F.2d at 5 (prong not met by projected harm caused by denial of disqualification order which included injury to government investigation, public confidence, and other litigants and clients).

[16] It is worth emphasizing that the burden of possible relitigation alone does not carry the day for Fleet. *See In re Empresas Noroeste, Inc.,* 806 F.2d at 317; *In re Continental Inv. Corp.,* 637 F.2d at 5-6. Fleet must identify the "irreparable harm" awaiting it in the delay of appellate review of Count VI and this showing must go beyond protesting the "hardships of delay" and the potential of relitigation. *In re American Colonial Broad. Corp.,* 758 F.2d at 803. *See Risjord,* 449 U.S. at 377-78, 101 S.Ct. at 675-76 (finding the ability to appeal after final judgment and the possibility that the order could be vacated and a new trial ordered is adequate remedy to overcome argument of irreparable harm); *In re El San Juan Hotel,* 809 F.2d at 154 ("The burden of litigation . . . cannot alone constitute the irreparable harm necessary to warrant appellate jurisdiction over an interlocutory order."); *accord In re Empresas Noroeste, Inc.,* 806 F.2d at 317; *In re Continental Inv. Corp.,* 637 F.2d at 5-6.

Declining jurisdiction in the matter might seem objectionable to principles of judicial economy, given the fact that the parties have now briefed and argued the issue to the panel. Courts exploring the collateral order requirements sometime mention judicial economy as an additional element. In *In re IBI Security Serv., Inc.* the court rejected this judicial economy argument on similar facts, dismissing the appellant's contention that a post-trial reversal of the bankruptcy court's determination of which party would bear ligation costs would require relitigation of many of the issues raised in the adversary proceeding. 174 B.R. at 671. Our case is similar. Later reversal of the bankruptcy court's determination that Fleet had a duty to indemnify the Trustee for liability to SEI and for attorneys' fees would mean only that the trustee would not bill Fleet for reimbursement. *See id.* (observing that reversal of order finding no duty to indemnify litigation costs would necessitate only presentment of the bill to the appellee/idemnifier).

[17] Section 1292(b) permits appellate review of "certain interlocutory orders, decrees and judgments . . . to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties." *Cohen,* 337 U.S. at 545, 69 S.Ct. at 1225.

[18] At least one court has also included a time and expense saving analysis in applying § 1292(b) factors to consider the propriety of an interlocutory bankruptcy appeal. *In re Kalian,* 191 B.R. at 278 (noting that savings of time and expense should be considered, but observing that § 1292(b) relief is "usually reserved for complex and prolonged litigation").

[19] The Third Circuit describes a controlling question of law as one that "at the very least encompasses a ruling which, if erroneous, would be reversible error on final appeal." *In re Marvel Entertainment Group, Inc.,* 209 B.R. at 837 (citing *Katz v.. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.1974)). Supreme Court precedent casts a shadow over this pragmatic approach. *See Will v. United States,* 389 U.S. 90, 98 n. 6, 88 S.Ct. 269, 275 n. 6, 19 L.Ed.2d 305 (1967) (interlocutory orders are not appealable "on the mere ground that they may be erroneous").

[20] Local authority on this part of § 158(a)(3) analysis is sparse, and what there is tends to fold this element into the other requirements. *See In re Giguere,* 188 B.R. at 489 (bankruptcy court's decision not to dismiss Chapter 7 case on debtor's motion was "clearly correct," so it presented "no substantial grounds for concluding that there is a difference of opinion regarding controlling issues of law"); *In re National Office Prods., Inc.,* 116 B.R. at 21 (melding the two inquiries into a single query: whether the court decided a "substantial question of law"). *See also In re Murray,* 116 B.R. at 9, 9 n. 3 (denial of a motion to extend period of exclusivity, was discretionary, and "does not raise any substantial ground for disagreement *as to the bankruptcy court ruling*") (emphasis added)(decision predates 1994 amendments to 28 U.S.C. 158(a)).

Second Circuit cases view this requirement from a more global, precedential perspective, *see In re Klinghoffer,* 921 F.2d at 25 (issues concerning federal courts' jurisdiction over the PLO, which are difficult and of first impression, fulfill the requirements of this factor); *In re IBI Security Serv., Inc.,* 174 B.R. at 670 (issue meeting this standard is one which is difficult and of first impression), a viewpoint not dissimilar to the First Circuit's approach to the "important legal question requirement" of the collateral order doctrine.

The district court in *In re Marvel Entertainment Group, Inc.,* refused to apply the "substantial difference of opinion" prong altogether because it leads to the "absurd result that interlocutory bankruptcy decisions involving close questions of law may be appealable but those that are clearly reversible may not." 209 B.R. at 839-40, *See e.g., Bertoli v. D'Avella(In re Bertoli),* 58 B.R. 992, 995 (D.N.J.1986)("[T]he manner in which the balance is struck [between a non-party's procedural rights and concerns for judicial economy] is a matter over which different courts might come to different conclusions.")

[21] This element overlaps the "controlling question of law" factor, in that both are directed toward assuring that the interlocutory review will advance the resolution of the underlying action.

[22] We have applied standards pertinent to discretionary review under § 158(a)(3) by doing as most courts have: importing the standards applied to district court § 1292(b) certifications. We recognize that those standards (and their application) must be plucked from a somewhat murky body of case law, but pause to emphasize that, under any responsible approach we might employ, good reason to exercise discretionary appellate jurisdiction is lacking.

Save trees - read court opinions online on Google Scholar.