**Exhibit 23:**

**SDFL Doc #584 & #584-1 – Motion to Inform and Exhibits (July-August 2024) showing multi-jurisdictional concealment campaign, Trustee Miller's July 27, 2024 knowledge, and Culpepper's PML admissions**

## EXHIBIT 1

### *In re: Frontier Communications Corporation, et al.*

### S.D.N.Y., Case No. #20-22476-mg

### NOTICE OF BANKRUPTCY

### Doc. #2392, 12 July 2024

Kerry S. Culpepper (admitted *pro hac vice*)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Emails: kculpepper@culpepperip.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FRONTIER COMMUNICATIONS | ) | Case No. 20-22476 (RDD) |
| CORPORATION, *et al.*[1] | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |

---

**NOTICE OF BANKRUPTCY**

---

**TO THE HONORABLE JUDGE:**

On June 29, 2024, Movie Company Claimant Screen Media Ventures LLC ("SMV"), and

its parent company, Chicken Soup For The Soul Entertainment Inc., (collectively, the "Debtors"),[2]

---

[1] Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.primeclerk.com/ftr. The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

20-023A

filed for protection under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), in a case captioned *In re: Chicken Soup For The Soul Entertainment Inc., et al.*, 24-11457, which is pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case"). Accordingly, Movie Company Claimant SMV is now a debtor and debtor-in-possession pursuant to the Bankruptcy Code.

Pursuant to 11 U.S.C. § 362(a), an automatic stay ("Automatic Stay") applicable to all Debtors is imposed upon the filing of the Bankruptcy Case on June 29, 2024, and prohibits any party from taking any action against any Debtor or its property.

Dated: July 12, 2024          Respectfully submitted,

By:   /s/ *Kerry S. Culpepper*
      Kerry S. Culpepper (admitted *pro hac vice*)
      CULPEPPER IP, LLLC
      75-170 Hualalai Road, Suite B204
      Kailua Kona, Hawaii 96740
      Telephone: (808) 464-4047
      Facsimile: (202) 204-5181
      E-mail: kculpepper@culpepperip.com

      *Attorneys for Movie Company Claimants*

20-023A

## CERTIFICATE OF SERVICE

I certify that on July 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing to all ECF recipients in the above-captioned matter.

Pursuant to the Case Management Order #1 [Doc. #2229] applying Part VII rules including Fed. R. Bankr. P.7005 to this contested matter – Movie Company Claimants have complied with their service obligations by serving counsel for all Parties in this contested matter pursuant to Fed. R. Civ. Pro 5(b)(2)(E) for service by the above ECF submission.

Dated: Kailua-Kona, HI July 12, 2024

_/s/ Kerry S. Culpepper_
Kerry S. Culpepper (admitted _pro hac vice_)
**CULPEPPER IP, LLLC**
75-170 Hualalai Rd., STE B204
Kailua-Kona, HI 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
Emails: kculpepper@culpepperip.com

20-023A

# EXHIBIT 2

## *In re: Chicken Soup For The Soul Entertainment, Inc., et al.*

### D.DE Bankruptcy Court Case No. 24-11442 (TMH)

### ORDER CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

### Doc. #5, 10 July 2024

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,[1] | Case No. 24-11442 (TMH) |
| Debtors. | (Jointly Administered) |

### ORDER CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

Upon consideration of the oral motion of the above-captioned debtors and debtors in possession (the "Debtors")[2] to convert the above captioned cases of the Debtors from cases under chapter 11 to cases under chapter 7 of the Bankruptcy Code (the "Motion"); and upon the record in these cases; and upon the findings made by the Court at the status conference on the record at the hearing on July 10, 2024 which are incorporated herein; and good and sufficient cause appearing therefore; it is hereby

**FOUND AND DETERMINED THAT:**

      A.    In light of exigent circumstances of these cases, notice of the Motion and the hearing thereon was due and sufficient.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2]     Capitalized terms not defined herein shall have the meanings used in the Motion.

B.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.    This is a core proceeding under 11 U.S.C. § 157(b).

D.    The Debtors, prior to the granting of the relief pursuant to this Order, were debtors and debtors in possession in these cases pending under chapter 11 of the Bankruptcy Code.

E.    The Debtors' chapter 11 cases were not originally commenced as involuntary cases.

F.    The Debtors' chapter 11 cases were not previously converted to cases under chapter 11 of the Bankruptcy Code.

### IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    As of the date of this Order (the "Conversion Effective Date"), pursuant to section 1112(a) of the Bankruptcy Code, the chapter 11 cases of the above captioned Debtors are converted to cases under chapter 7 of the Bankruptcy Code.

3.    Upon the Conversion Effective Date, the Debtors shall:

a.    Forthwith turn over to the chapter 7 trustee all records and property of the estates under its custody and control as required by Bankruptcy Rule 1019(4);

b.    Within 14 days of the Conversion Effective Date, file a schedule of unpaid debts incurred after the Petition Date of the superseded case including the name and address of each creditor, as required by Bankruptcy Rule 1019(5); and

c.      Within 30 days from the Conversion Effective Date file and transmit to the U.S. Trustee a final report and account as required by Bankruptcy Rule 1019(5)(A).

4.      A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in these chapter 11 cases, shall appear at the first meeting of creditors after conversion of the Debtors' cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

5.      Notwithstanding anything else in this Order, in no circumstance shall this Order be deemed to require any employee of the Debtors to provide any services without assurance of payment.

6.      The Court retains jurisdiction to interpret and enforce the terms of this Order.

Dated: July 10th, 2024
Wilmington, Delaware

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**



FROM: FedEX Office
13901 SW 88th St
Miami FL 33186
US
(305) 383-3550

SHIP DATE: 01AUG24
ACTWGT: 0.16 LB
CAD: 251115902/WSXI3600

BILL 3rd PARTY

TO Clerk of Court SDFL

299 East Broward Boulevard Room 112

ft lauderdale FL 33301
(954) 769-5700

INV:
PO:                REF:
                   DEPT:

(US)
583J6/A12D/9AE3

FedEx Ground
J243024071301uv

TRK# 2777 6481 9577

9622 0417 3 (000 000 0000) 0 00 2777 6481 9577

33301

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 21-cv-20862-BLOOM/Otazo-Reyes**

MILLENNIUM FUNDING,INC., et al.          )
Plaintiffs,                              )
                                         )
vs.                                      )
                                         )
1701 MANAGEMENT, LLC et al.              )
Defendants,                              )
_____ )

FILED BY___ NK ___D.C.

AUG 02 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## DEFENDANT'S MOTION TO INFORM, NOTICE OF CREDITORS' BANKRUPTCY

1. Now comes Muszynski, "Defendant" and makes Motion To Inform And Notice Of Creditors' Bankruptcy to fulfill another affirmative duty willfully abandoned by the alleged "movie company" Creditors and their undenied business partner and representative, Kerry Culpepper ("Culpepper"). Culpepper, while cognizant of his affirmative duty to inform the Court of his partners' bankruptcy, willfully refuses to do so in hopes of illicitly continuing collection activities in multiple courts, again.

2. Culpepper again lies by omission and conceals facts from the S.D. FL Court, this time attempting to hide: a) the Chapter 11 bankruptcy filed 29 June 2024 by entities with whom he represents and partners, b) the Chapter 11 conversion to Chapter 7 on 10 July 2024, c) transfer of ownership, appeal rights, and collection rights to the D.DE Bankruptcy estate and Trustee, and d) Culpepper's illegitimate, contemptuous collection actions. See *In re: Frontier Communications Corporation, et al.*, S.D.N.Y., Case No. #20-22476-mg, Culpepper's "Notice Of Bankruptcy", Doc. #2392, and *In re: Redbox Entertainment, LLC*, D.DE Bankruptcy Court, Case No. #24-11457, the court's "Order Converting Cases From Chapter 11 to Chapter 7 Of The Bankruptcy Code And Granting Related Relief", Doc. #5; Exhibits 1 and 2, respectively.

3. Debtor filed bankruptcy 11 May 2023, determined by two trustees an asset-less case and listed alleged "movie companies" as creditors, represented by their undenied partners, Culpepper and Joel Rothman ("Rothman"). Culpepper and Rothman undeniably are financed by and participate in a fee-splitting partnership with the concealed litigant and non-lawyer, PML Process Management Limited ("PML") located in the Republic of Cyprus which launders foreign dark-money the U.S. lawyers use to sue on behalf of alleged "movie companies" using fraudulent copyright claims rented from non-performing entities ("NPE") to extort then split profits (payoffs) with PML 70% / 30% (as shown on the record, PML's partnership retains 70%). Culpepper admits PML's primacy and has never denied the arrangement.

4. In BAP Case No. #23-23, Doc. #1148362, and despite extraordinary and illicit efforts to conceal PML and obfuscate his partnership's racketeering, Culpepper's own statements evidence their sham and PML's primacy in it (PML's presence remans concealed from the S.D. FL since inception):

*"Muszynski seeks to punish PML for petitioning the S. D. Flo. to put a stop to his Liquid VPN service…"* Not "Millennium", "Voltage", "Screen Media Ventures ("SMV")", or any of 36 other partners; PML.

5. While hiding PML and omitting it from filings, Culpepper "joined" the partnership's entities as (alleged) "movie company Creditors", including his alter egos 42 Ventures, LLC, CulpepperIP, LLLC. And PML, whom Culpepper admits was and is *the principal litigant* and an undenied fee-splitting partner and funder. Before underlying litigation commenced in 2021 in S.D.FL, Culpepper included SMV and its owner of more than 10% of equity, "Chicken Soup For The Soul Entertainment, Inc." ("CSFTSE") as partners in litigation. Despite constant shifting and restructuring of entities, names, and ownerships to conceal interests and PML's primacy among related entities (another badge of fraud), SMV remained present. A tiny sample of Culpepper's filings shows SMV's and CSFTSE's (therefore PML's joint position) long-term involvement and evidence Culpepper's contempt in the instant matter:

    a. "Application of Kerry Culpepper To Appear Pro Hac Vice", Doc. #10, p.2, includes SMV;

    b. "Final Default Judgment", Doc. #17-A, p. 4, includes SMV;

    c. "Application and Order To Appear *Pro Hac Vice*", Doc. #97, p.3, includes SMV;

    d. "Motion Of Millennium Funding, Inc. Et Al. To Intervene As Appellee", Doc. #001148362, p.2, in BAP Case #23-23, includes SMV;

    e. "Statement Regarding Interested Parties 1st Cir. BAP L.R. 8010-1(b)(4)", Doc. #001148362, ¶3, in BAP Case #23-23, includes SMV and Chicken Soup For The Soul, Inc.;

    f. "Creditors' Objection To Debtor's Motion For Leave To Appeal Interlocutory Order", Doc. #001148365, p.2, in BAP Case #23-23, includes SMV;

    g. "Notice Of Appearance", Doc. #001148374, p.2, BAP Case #23-23, includes SMV and PML.

6. Culpepper's "Statement Of Joinder In Motion For (A) Relief From The Automatic Stay And (B) Injunctive Relief Pursuant To 11 U.S.C. §105(A)", Doc. #23, p.1, E.D.TX, Case #23-90112, included his appearance with SMV and dozens of other alleged "movie company clients" before being admitted, see Doc. #17, p.12, signature block includes SMV. Culpepper continues to conceal undenied pecuniary interest coupled with representation of his fee-splitting, funding partner, PML. In part, these interests motivate Culpepper's joinder of the partnership's interests and obvious vexation.

7. Despite Culpepper's concealment of his partner/clients' Chapter 11 filing **29 June 2024**, he included SMV and CSFTSE in filings for weeks after the automatic stay was effective and after earlier providing another court proper notice. Culpepper willfully refuses to provide required notices of bankruptcy to D.PR for Case No. #23-02870, the BAP for Cases Nos. #24-11 and #24-14, the S.D.FL for

Case No. #21-20862, and SKN for Case No. #NEVHCV2022/0183; *four courts and five cases* willfully denied notices of bankruptcy while filings continued as though nothing had changed, a few of which are:

    a. "Motion Of Millennium Funding, Inc., Et Al. To Intervene As Appellee", Doc. #1149520, p.2, at the BAP, Case #24-11, but Culpepper made no other notices filing therein on **1 July 2024**;

    b. "Notice Of Cross-Appeal And Statement Of Election", Doc. #212, p.2, D.PR on **1 July 2024**;

    c. "Notice Of Cross-Appeal And Statement Of Election", Doc. #216, p.2, D.PR on **1 July 2024**

    d. "Motion Of Millennium Funding, Inc., Et Al, To Intervene As Appellee", Doc. #1149520, p.2, at the BAP, Case #24-11, filed by Culpepper without any other notice therein on **2 July 2024**;

    e. "Cross-Appellants' Designation Of Additional Items To Be Included In The Record And Statement Of Issues To Be Presented On The Cross-Appeal", Doc. #224, in D.PR, Case #23-02870, filed therein by Culpepper and without any other notices to the D.PR, on **7 July 2024**;

8. Given Culpepper's long-term partnership, representation, principal involvement in an eight-figure collections matter, and prior notice to another court, how is it possible Culpepper did not know of SMV's and CFSTSE's eminent, much less pending bankruptcy? Their Form 204 lists thirty (30) creditors, three (3) with claims exceed the $15 Million Culpepper continues collections for in the U.S. and SKN. Twenty-seven (27) claims are less than Culpepper's "judgment", a proportion impossible to overlook.

9. Without notices, Culpepper continues willfully, contemptuously filing fraudulent collection actions, and now omits SMV and CSFTSE without explanation to continue concealing their status.

10. Culpepper's "Objection To Debtor's Motion For Stay", Doc. #1149611, p.2, BAP Case No. #24-11, willfully omitted SMV and CSFTSE despite Culpepper prior filing on **14 July 2024**, a Notice Of Bankruptcy in S.D.N.Y., (which omitted notice of conversion to Chapter 7 four days earlier).

11. Culpepper willfully refuses to notice that his partner/clients' Chapter 11 converted to a Chapter 7 on 10 July 2024, see Doc. #5, Case No. #24-11457, D.DE; Exhibit 2.

12. Culpepper willfully concealed by omission, important facts from the BAP because upon his joined partners' bankruptcy, their claims became property of the bankruptcy estate and Trustee George Miller. Upon discovering Culpepper's latest lies of omission, Debtor spoke with Trustee Miller Friday, 27 July 2024 at 3:09 p.m. for several minutes. Trustee Miller confirmed the Culpepper's partners' property belongs to the estate, that he holds authority over the interests, that it is improper for third parties to engage in collections, and that doing so violates the automatic stay.

13. Culpepper admits to dozens of continuing violations of Debtor's automatic stay stretching to 12 May 2023. Trustee Miller had keen interest in the instant matter and requested copies of related filings.

14. Culpepper, an undenied copyright troll and pettifogger, must employ ambush litigation, proven fabrications, admitted procedural and ethical failures, and repeated lies of omission because the facts ventilate his positions. His obvious contempt for the bankruptcy process and other courts insults not only

Congress' supposed intent to provide legitimate creditors and debtors prompt resolutions but the BAP's dignity when he cheats and "plays cute".

15. Accordingly, since an 'officer of the court' will not honor his oath, it again falls to Debtor to inform the S.D. FL of Culpepper's partner/client bankruptcies in an appeal in which he has yet to be admitted, on behalf of the Appellees and Cross-Appellants because they refuse to admit the rights therein have belonged to the Bankruptcy Trustee since 29 June 2024 in the Delaware bankruptcy proceedings.

### CERTIFICATE OF SERVICE

The undersigned respectfully submits this filing and further certifies it was served on the parties and entities named in the case by way of the Court's CM/ECF system and/or email subsequent to its mailing on the date below to the S.D. FL Clerk of Court for inclusion in the record as required as of the date indicated in this submission and certification below.

29 July 2024

Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies