**Exhibit 25:**
**Order Converting Cases to Chapter 7 (D.I. 120, July 10, 2024)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,[1] | Case No. 24-11442 (TMH) |
| Debtors. | (Jointly Administered) |

### ORDER CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

Upon consideration of the oral motion of the above-captioned debtors and debtors in possession (the "Debtors")[2] to convert the above captioned cases of the Debtors from cases under chapter 11 to cases under chapter 7 of the Bankruptcy Code (the "Motion"); and upon the record in these cases; and upon the findings made by the Court at the status conference on the record at the hearing on July 10, 2024 which are incorporated herein; and good and sufficient cause appearing therefore; it is hereby

**FOUND AND DETERMINED THAT:**

A.     In light of exigent circumstances of these cases, notice of the Motion and the hearing thereon was due and sufficient.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

[2]     Capitalized terms not defined herein shall have the meanings used in the Motion.

B.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.      This is a core proceeding under 11 U.S.C. § 157(b).

D.      The Debtors, prior to the granting of the relief pursuant to this Order, were debtors and debtors in possession in these cases pending under chapter 11 of the Bankruptcy Code.

E.      The Debtors' chapter 11 cases were not originally commenced as involuntary cases.

F.      The Debtors' chapter 11 cases were not previously converted to cases under chapter 11 of the Bankruptcy Code.

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      As of the date of this Order (the "Conversion Effective Date"), pursuant to section 1112(a) of the Bankruptcy Code, the chapter 11 cases of the above captioned Debtors are converted to cases under chapter 7 of the Bankruptcy Code.

3.      Upon the Conversion Effective Date, the Debtors shall:

a.      Forthwith turn over to the chapter 7 trustee all records and property of the estates under its custody and control as required by Bankruptcy Rule 1019(4);

b.      Within 14 days of the Conversion Effective Date, file a schedule of unpaid debts incurred after the Petition Date of the superseded case including the name and address of each creditor, as required by Bankruptcy Rule 1019(5); and

DE:4891-1265-5311.3 13888.00003                              2

c.      Within 30 days from the Conversion Effective Date file and transmit to the U.S. Trustee a final report and account as required by Bankruptcy Rule 1019(5)(A).

4.      A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in these chapter 11 cases, shall appear at the first meeting of creditors after conversion of the Debtors' cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

5.      Notwithstanding anything else in this Order, in no circumstance shall this Order be deemed to require any employee of the Debtors to provide any services without assurance of payment.

6.      The Court retains jurisdiction to interpret and enforce the terms of this Order.

Dated: July 10th, 2024
Wilmington, Delaware

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE

DE:4891-1265-5311.3 13888.00003                          3