**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED

2026 JUN -4  A 8: 12

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| *Debtors.* | ) | (Re: D.I. 789 Emergency Motion |
| | ) | Hearing, 10 June 2026) |

**MOVANT'S RESPONSE TO HPS INVESTMENT PARTNERS, LLC'S
LIMITED OBJECTION (D.I. 811); MOTION TO SUBSTITUTE CORRECTED
AUTHORITY; AND MEMORANDUM OF LAW IN SUPPORT OF
DISQUALIFICATION OF SPECIAL COUNSEL**

Movant hereby certifies, pursuant to Federal Rule of Bankruptcy Procedure

9011(b), that to the best of his knowledge, information, and belief formed after an

inquiry reasonable under the circumstances: (1) this response is not presented for any

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

the cost of litigation; (2) the claims, defenses, and other legal contentions are

warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law; (3) the allegations and other factual

contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or

discovery; and (4) the denials of factual contentions are warranted on the evidence or,

if specifically so identified, are reasonably based on belief or a lack of information.

Charles Muszynski ("Movant"), a creditor and party-in-interest, appearing *pro se*,

respectfully submits this response to the *HPS Investment Partners, LLC's Limited

Objection* (D.I. 811).

Movant appears herein pursuant to the Limited Notice of Special Appearance filed at Docket No. 793 (May 21, 2026), and expressly reserves all rights, defenses, and objections set forth therein, including but not limited to challenges to personal jurisdiction, improper venue, forum non conveniens, improper service, and subject matter jurisdiction under Federal Rule of Civil Procedure 12(h), Bankruptcy Rule 7012, and this Court's Local Rules. This limited appearance is filed solely for the purpose of responding to HPS's Limited Objection and requesting the relief set forth herein, and shall not be construed as a general appearance or as a waiver of Movant's right to challenge the Court's jurisdiction over Movant's person or property, or to assert any other defense preserved under Rule 12(h).

## TABLE OF AUTHORITIES

### Cases

*Adler v. Ng (In re Adler)*, 395 B.R. 827 (E.D.N.Y. 2008)

*Allstate Insurance v. Harris (In re Harris)*, 480 B.R. 281 (Bankr. E.D. Mich. 2012)

*Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128 (Colo. App. 2024)

*Angus v. Wald (In re Wald)*, 208 B.R. 516 (Bankr. N.D. Ala. 1997)

*Arturo Gonzalez*, No. 2:23-bk-14833-NB, 2024 WL 2162359 (Bankr. C.D. Cal. May 10, 2024)

*Benitez v. King*, 298 F. Supp. 3d 530 (W.D.N.Y. 2018)

*Castro v. Mitchell*, 727 F. Supp. 2d 302 (S.D.N.Y. 2010)

*Clinton v. Deutsche Bank National Trust Co. (In Re Clinton)*, 449 B.R. 79 (B.A.P. 9th Cir. 2011)

*Colorado West Transportation Co. v. McMahon*, 356 B.R. 286 (Bankr. N.D. Ga. 2006)

*In re Congoleum Corp.*, 426 F.3d 675, 689 (3d Cir. 2005)

*Dor Cha, Inc. v. Hollingsworth*, 876 So. 2d 678 (Fla. Dist. Ct. App. 2004)

*Dumas v. Tenacity Constr. Inc.*, 121 N.E.3d 711 (Mass. App. Ct. 2019)

*In re Enron Corp.*, 333 B.R. 205, 232 (Bankr. S.D.N.Y. 2005)

*Ernest v. Morris*, 64 V.I. 627 (V.I. 2016)

*Estate of Arlene Townsend v. Shumaker Loop & Kendrick, LLP*, No. 8:19-cv-2212-T-36, 2020 WL 996590 (M.D. Fla. Feb. 27, 2020)

*Ettinger & Associates, LLC v. Miller (In re Miller)*, 730 F.3d 198 (3d Cir. 2013)
*Evergreen West Business Center, LLC v. Emmert*, 254 Or. App. 361 (Or. Ct. App. 2012)

*Final Analysis, Inc.*, No. 20-11277-TJC, 2022 WL 971362 (Bankr. D. Md. Mar. 31, 2022)

*Green 333 Corp. v. RNL Life Science, Inc.*, 2021 NY Slip Op 00908 (N.Y. App. Div. 2021)

*Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559 (D. Kan. 2004)

*In re Arazi*, 492 B.R. 587 (Bankr. D. Mass. 2013)

*In re Congoleum Corp.*, 426 F.3d 675 (3d Cir. 2005)

*In re Estate of Knappen*, 237 A.D.2d 677 (N.Y. App. Div. 1997)

*In re Hutch Holdings, Inc.*, 532 B.R. 866 (Bankr. S.D. Ga. 2015)

*In re Kaygee (USA) Inc.*, 24 F.3d 247 (9th Cir. 1994)

*In re Paris*, 568 B.R. 810 (Bankr. C.D. Cal. 2017)

*In re Spansion, Inc.*, 418 B.R. 84 (Bankr. D. Del. 2009)

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244 (3d Cir. 2006)

*KLG Gates LLP v. Brown*, 506 B.R. 177 (E.D.N.Y. 2014)

*Lake v. Capps (In re Lake)*, 202 B.R. 751 (B.A.P. 9th Cir. 1996)

*Marsh v. Hawkins*, 437 P.2d 978 (Ariz. Ct. App. 1968)

*Matter of Estate of Althen*, 429 N.W.2d 745 (S.D. 1988)

*Meinhard v. Salmon*, 249 N.Y. 458 (1928)

*Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993)

*Nevada Power Co. v. Calpine Corp. (In Re Calpine Corp.)*, 365 B.R. 401 (S.D.N.Y. 2007)

*Powers v. Tiegs*, 696 P.2d 855 (Idaho 1985)

*"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115 (2d Cir. 2008)

*Sarker v. Das*, 2022 NY Slip Op 01826 (N.Y. App. Div. 2022)

*Shadow Factory Films Ltd. v. Swilley (In re Swilley)*, 295 B.R. 839 (Bankr. D.S.C. 2003)

*Vascular Access Centers, L.P.*, 617 B.R. 537 (Bankr. E.D. Pa. 2020)

**Rules and Statutes**

11 U.S.C. § 105

11 U.S.C. § 362

Federal Rule of Bankruptcy Procedure 2014

Federal Rule of Bankruptcy Procedure 7012

Federal Rule of Bankruptcy Procedure 7052

Federal Rule of Bankruptcy Procedure 9011(b)

Federal Rule of Bankruptcy Procedure 9011(c)

Federal Rule of Bankruptcy Procedure 9021

Federal Rule of Civil Procedure 12(h)

Local Rule 9011-1(a)

Local Rule 9013-1(b)

Local Rule 9013-1(e)

Local Rule 9013-1(h)

Standing Order Regarding Third-Party Litigation Funding Arrangements (Chief Judge Colm F. Connolly, D. Del. Apr. 18, 2022)

## INTRODUCTION

This response corrects inadvertent errors in Movant's prior filing and pivots to the dispositive issues that HPS Investment Partners, LLC ("HPS") refused to address in its Limited Objection. It establishes that the disqualification of Special Counsel Kerry S. Culpepper ("Culpepper") is not discretionary but mandatory under controlling precedent. Culpepper procured his retention through a false sworn declaration and false testimony, concealing adverse third-party litigation funders ("TPLFs") and other conflicts in violation of Rule 2014. This fraud on the court renders his retention voidable. Furthermore, the Trustee is expending estate assets to enforce a jurisdictionally void judgment based on the work of a sanctioned process server. For these reasons, HPS's objection should be overruled and Culpepper must be disqualified.

This motion is not repetitive or harassing. The fraud-on-the-court allegations, the Kessler disciplinary record, and the HPS counterparty risk were not before the Court on March 5, 2025, and could not have been raised earlier. Movant has a duty, as does every creditor, to bring newly discovered evidence of fiduciary breach and estate waste to this Court's attention promptly. See *In re Congoleum Corp.*, 426 F.3d 675, 689 (3d Cir. 2005) (continuing duty of disclosure). Far from being vexatious, Movant is protecting the estate from a sanctioned attorney who has already cost creditors $30,000 in unauthorized expenditures.

Movant is a creditor and party-in-interest under 11 U.S.C. § 1109(b) with a

pecuniary interest directly affected by the Trustee's waste of estate assets and retention of conflicted counsel. This Court has repeatedly recognized that creditors have standing to object to professional retention under Rule 2014 when the expenditure of estate assets impairs their recovery. See In re Hutch Holdings, Inc., 532 B.R. 866 (Bankr. S.D. Ga. 2015); Vascular Access Centers, L.P., 617 B.R. 537 (Bankr. E.D. Pa. 2020). Movant's status as a pro se litigant does not diminish this right; indeed, courts are required to construe pro se pleadings liberally. See Al-Hamim v. Star Hearthstone, LLC, 2024 COA 128 (Colo. App. 2024).

**STATEMENT OF MATERIAL FACTS (LBR 9013-1(b))**

1. On January 14, 2025, this Court entered an order approving the retention of Kerry S. Culpepper as Special Counsel (D.I. 547).

2. In his sworn declaration supporting retention (D.I. 508-4, ¶ 11), Culpepper swore under penalty of perjury that he had "**no connection with…any other party in interest**."

3. On January 8, 2025, Culpepper testified under oath before this Court that "**PML is not an interested party in this case**" (D.I. 789, Ex. A, at 15:15-18).

4. Contrary to his sworn statements, in filings before the First Circuit Bankruptcy Appellate Panel, Culpepper identified PML Process Management Limited as an interested party in the same underlying litigation.

5. PML Process Management Limited is a Cyprus-based third-party litigation funder whose publicly accessible website advertises a 70/30 fee-splitting arrangement under which PML retains 70% of litigation proceeds.

6. On April 18, 2022, Chief Judge Colm F. Connolly of the United States District

Court for the District of Delaware issued a Standing Order Regarding Third-Party Litigation Funding Arrangements, establishing a judicial policy of mandatory disclosure for TPLF involvement in this District.

7. The $15.1 million SDFL default judgment that Special Counsel was retained to enforce was procured via service of process by Janie Kessler, who was subsequently reprimanded by the Texas Judicial Branch Certification Commission for a pattern of conduct involving **"dishonesty, deceit, and misrepresentation."**

8. On November 7, 2025, Ms. Kessler's employee, Marquisha Graves-Lewis, was separately reprimanded by the Texas JBCC for committing identity fraud on a return of service while in Ms. Kessler's employ (Cause No. 0749), establishing a pattern of fraudulent practices. The Graves-Lewis reprimand is not merely additional misconduct; it proves that Kessler's operation had a culture of falsification, making it statistically improbable that the Muszynski service was her only honest affidavit.

9. On April 27, 2021, process server Janie Kessler swore in an affidavit filed in S.D.F.L. Case No. 21-cv-20862 that she could find **"no other address...in public records"** for Movant. [Exhibit 17]

10. On May 4, 2021, seven days later, a Writ of Bodily Attachment Description Sheet in Orange County, Florida admitted that Movant was a "citizen of St. Kitts Island by Golden Visa Programme" and had been a resident of Puerto Rico since 2018, directly contradicting Kessler's sworn statement that no other address existed. [Exhibit 17]

11. The service Kessler claimed to have effected was at a "private mailbox service center," not a residence, on a person named "Meghan Murphy", a name with no connection to Movant. Fla. Stat. § 48.031(6) requires strict conditions for service at a private mailbox, including that it be the only address in public records. Kessler's own affidavit admitted it was not. [Exhibit 26; SDFL D.E. 21]

12. Writs of garnishment and the sworn testimony of Movant's former spouse, obtained in related proceedings, established that Movant's whereabouts were known to Culpepper and his associates, yet service was deliberately directed to a fictitious address to prevent Movant from defending the action. [Exhibits 15, 17]

13. Culpepper caused the fraudulent affidavit to be filed and proceeded to obtain a default judgment based on it, then used that void judgment as the basis for his retention application to this Court.

14. American Films, Inc., an entity connected to the principals of the underlying litigation, had its corporate status REVOKED by the State of Florida in 2024 (D.I. 789, Ex. D).

15. Grove Street Funding, another related entity, evidences $0 in assets, and Thomas E. Murphy, a principal is, upon information and belief, connected to these entities, is linked to PML.

16. On May 26, 2025, Culpepper caused a $30,000 payment to be made from the estate IOLTA account to the Nevis High Court, **exceeding the explicit $25,000 expense cap in his Court-approved Engagement Agreement without the**

required "*express written approval*" from the Trustee.

17. The correspondence confirming the payment states it was made "**on behalf of the Claimants**" (plural), thereby **using estate funds to benefit 38 non-debtor entities also represented by Culpepper, including his own company, 42 Ventures, LLC.**

18. The Engagement Agreement § 3.2 defines "Expenses" as all costs incurred in connection with the representation, explicitly including "court costs, filing fees, and travel," and caps such expenses at $25,000 absent "**express written approval**" from the Trustee. The $30,000 Nevis payment was not a separate court-ordered fee award immune from the cap; **it was an expense incurred to secure a foreign judgment, squarely within § 3.2's definition**, and therefore required written approval. The fact that the payment was made "**on behalf of the Claimants" (plural) confirms it was not a routine court cost but a strategic litigation expenditure benefiting 38 non-debtor entities**.

19. On April 5, 2024, Culpepper was personally **sanctioned $11,700 for "vexatious litigation"** in S.D.F.L. Case No. 1:21-cv-20862 (Doc. #532).

20. On October 12, 2022, Joel B. Rothman, Culpepper's co-counsel in the SDFL action, was **sanctioned $249,357.50 for "bad faith"** conduct in S.D.F.L. Case No. 21-cv-80740 (D.E. 66).

21. According to a March 11, 2025 Comsure article citing the Wall Street Journal, **HPS was allegedly defrauded of over $500 million by Bankim Brahmbhatt** using fake invoices and fictitious receivables as collateral.

22. The fraud was discovered by HPS in July 2025, and Brahmbhatt's companies

filed for Chapter 11 bankruptcy in August 2025.

23. BNP Paribas, which reportedly financed nearly half of the loans in the Brahmbhatt matter, **set aside approximately €190 million (USD $220 million)** in loan-loss provisions. This publicly reported event establishes HPS's significant financial exposure and risk, a fact the Trustee failed to investigate or ignored, despite significant public attention on BlackRock's subsidiary and a subsequent decision by BlackRock to restrict investors' access to their funds.

## ATTEMPT TO CONFER

Movant certifies that a good faith attempt was made to confer with counsel for HPS regarding the issues herein and such conferral was unsuccessful in resolving the dispute.

## ARTICLE III CONSENT STATEMENT (LBR 9013-1(h))

Pursuant to Local Rule 9013-1(h), Movant does not consent to the entry of final orders or judgments by the Bankruptcy Court on any matter for which final adjudication is reserved to an Article III judge.

## ARGUMENT

### I. Citation Errors Corrected

Movant thanks HPS for correctly identifying two inadvertent citation errors in Ground 5 of the Emergency Motion (D.I. 789), apologizes to the Court and counsel, and requests leave to substitute the following correct authority for the elements of a constructive trust: *In re Estate of Knappen*, 237 A.D.2d 677 (N.Y. App. Div. 1997); *Sarker v. Das*, 2022 NY Slip Op 01826 (N.Y. App. Div. 2022); and *Evergreen West Business Center, LLC v. Emmert*, 254 Or. App. 361 (Or. Ct. App. 2012). Courts

exercise discretion to allow correction of first-time *pro se* errors. *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128 (Colo. App. 2024).

## II. HPS's Own Procedural Defects

HPS's Limited Objection, filed by seven attorneys from two national law firms, accuses Movant of a Rule 9011 violation while committing multiple procedural violations itself. **First**, HPS improperly embedded its Rule 9011 allegation within an objection rather than filing a separate motion with the mandatory 21-day safe harbor period. This violates FRBP 9011(c). Under controlling Third Circuit precedent, "strict compliance with the safe harbor rule is required," and failure to comply "precludes the imposition of the requested sanctions." *Ettinger & Associates, LLC v. Miller (In re Miller)*, 730 F.3d 198, 203-04 (3d Cir. 2013). A motion that fails to comply with the safe harbor provision must be denied. *Castro v. Mitchell*, 727 F. Supp. 2d 302, 307 (S.D.N.Y. 2010). HPS's 9011 allegation must be stricken. **Second**, HPS failed to comply with this Court's Local Rules by omitting the required Statement of Material Facts (LBR 9013-1(b)), Proposed Form of Order (LBR 9013-1(e)), and Article III Consent Statement (LBR 9013-1(h)).

## III. The Emergency Was Justified

The "emergency" designation was justified by Special Counsel's attempt to expand enforcement of a jurisdictionally void judgment into the Southern District of Florida, creating an imminent threat of irreparable waste to the estate and risking inconsistent rulings with this Court's exclusive jurisdiction under 28 U.S.C. § 1334. While this Court has authority under 11 U.S.C. § 105(a) to enjoin parallel proceedings that would waste estate assets or circumvent its control, *see Nevada Power Co. v.*

*Calpine Corp. (In Re Calpine Corp.)*, 365 B.R. 401 (S.D.N.Y. 2007); *In re Spansion, Inc.*, 418 B.R. 84 (Bankr. D. Del. 2009), the emergency here was necessitated by three factors: **(1)** Culpepper's lack of authority during the Window of Nullity from July 10, 2024 to October 1, 2024; **(2)** his pursuit of enforcement in SDFL without this Court's approval while concealing from the SDFL court the bankruptcy proceedings over which this Court exercises exclusive jurisdiction; and **(3)** the Trustee's failure to investigate whether the underlying judgment was void before committing estate assets to its enforcement.

The Nevis action, while equally problematic, is procedurally distinguishable: **the Trustee voluntarily submitted to Nevis jurisdiction post-petition and paid the $30,000 bond for Movant's benefit on May 26, 2025.** That ship has sailed. The SDFL motion represented an expansion of enforcement efforts into a new forum, compounding the waste. The emergency was not about the automatic stay under § 362; it was about preventing further multiplication of proceedings to enforce a void judgment obtained by fraud.

The imminent harm was not speculative. Every day the Trustee spends enforcing a judgment procured by a discredited process server is a day estate assets are irretrievably diverted from legitimate creditors. The fact that the Trustee voluntarily submitted to Nevis jurisdiction post-petition does not excuse the SDFL expansion; it demonstrates a pattern of committing estate resources to a void judgment without this Court's scrutiny. The "Window of Nullity", the period between conversion and retroactive retention, does not validate unauthorized acts; it compounds them by showing that Special Counsel proceeded without authority for

nearly three months.

### IV. Disqualification Is Mandatory

The duty of disclosure under Fed. R. Bankr. P. 2014 is absolute. A professional "cannot usurp the court's function by unilaterally choosing which connections" to disclose. *In re Hutch Holdings, Inc.*, 532 B.R. 866, 879 (Bankr. S.D. Ga. 2015).

PML Process Management Limited is an "interested party" under any cognizable definition. It holds a 70% contingent financial interest in the outcome of the very litigation Special Counsel was retained to enforce, directly affecting the estate's net recovery. Under 11 U.S.C. § 1109(b), a "party in interest" includes any entity with a pecuniary stake in the estate's administration. A litigation funder who controls settlement authority through a 70/30 fee-splitting arrangement and stands to absorb the majority of any recovery is indisputably such a party. Culpepper's attempt to define "interested party" by excluding the entity that finances and controls the litigation is a transparent effort to evade disclosure (after admitting in S.D Florida and the 1st D. BAP that PML was the concealed litigant and an interested party, respectively).

Culpepper's concealment of his connection to PML is a fatal, actual conflict. "If a law firm is found to have an actual conflict of interest, disqualification is mandatory." *Final Analysis, Inc.*, No. 20-11277-TJC, 2022 WL 971362, at *7 (Bankr. D. Md. Mar. 31, 2022). A "[v]iolation of Rule 2014(a) alone is enough to disqualify a professional…regardless of whether the undisclosed connection…were materially adverse…or were de minimis."* Vascular Access Centers, L.P., 617 B.R. 537, 563 (Bankr. E.D. Pa. 2020). Negligence is no excuse.* Estate of Arlene Townsend v.

Shumaker Loop & Kendrick, LLP, *No. 8:19-cv-2212-T-36, 2020 WL 996590, at* 4 (M.D. Fla. Feb. 27, 2020). The duty to disclose is also a continuing one. *KLG Gates LLP v. Brown*, 506 B.R. 177, 196 (E.D.N.Y. 2014); *In re Arazi*, 492 B.R. 587 (Bankr. D. Mass. 2013).

**V. Culpepper Violated This District's Judicial Policy on TPLF Disclosure**

On April 18, 2022, Chief Judge Connolly of the U.S. District Court for this District issued a Standing Order that establishes the judicial policy of transparency regarding TPLFs. While the order applies to cases assigned to Chief Judge Connolly, it reflects the serious concern of this District's judiciary with the undisclosed influence of litigation funders. Culpepper's concealment of PML violates the spirit and letter of this policy. The order requires disclosure of: **(a) the funder's identity,** Culpepper never identified PML to this Court; **(b) the funder's approval authority for settlement,** PML's 70/30 arrangement indicates control over settlements, which was never disclosed; and **(c) the nature of the financial interest,** PML's contingent 70% stake was never disclosed. This concealment is directly contrary to the District's established policy of TPLF transparency and is further evidence of bad faith.

**VI. Collateral Estoppel Is Inapplicable**

HPS's collateral estoppel argument is meritless. Fraud is the classic exception to issue preclusion. *Lake v. Capps (In re Lake)*, 202 B.R. 751 (B.A.P. 9th Cir. 1996); *Shadow Factory Films Ltd. v. Swilley (In re Swilley)*, 295 B.R. 839 (Bankr. D.S.C. 2003). The March 5 hearing did not, and could not, have "actually litigated" the **new evidence of the Kessler reprimand, PML concealment, and the unauthorized $30,000 payment**. *See Angus v. Wald (In re Wald)*, 208 B.R. 516 (Bankr. N.D. Ala.

1997); *Colorado West Transportation Co. v. McMahon*, 356 B.R. 286 (Bankr. N.D. Ga. 2006). Because material facts were concealed, Movant was denied the "full and fair opportunity to litigate" required for estoppel to apply. *Adler v. Ng (In re Adler)*, 395 B.R. 827 (E.D.N.Y. 2008); *Allstate Insurance v. Harris (In re Harris)*, 480 B.R. 281 (Bankr. E.D. Mich. 2012).

Moreover, non-mutual offensive collateral estoppel is unavailable where the party seeking to invoke it actively concealed the facts necessary for full litigation. HPS's seven attorneys had every incentive to litigate the PML conflict and Kessler fraud on March 5; their failure to do so reflects not adjudication but concealment. A party cannot profit from its own suppression of evidence. Finally, even if estoppel were otherwise applicable, it has no force against a judgment that is **void ab initio** for lack of personal jurisdiction. See *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) (void judgment has no preclusive effect).

### VII. Fraud on the Court

Culpepper's false sworn declaration and false testimony constitute a fraud on the court. This was a scheme "perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task," designed to "defile the court itself." *Arturo Gonzalez*, No. 2:23-bk-14833-NB, 2024 WL 2162359, at *6 (Bankr. C.D. Cal. May 10, 2024) (quoting Matter of Estate of Althen, *429 N.W.2d 745, 747 (S.D. 1988)*).

### VIII. EXHIBIT A: SIDE-BY-SIDE COMPARISON OF SPECIAL COUNSEL CULPEPPER'S SWORN STATEMENTS V. CONTRADICTORY DOCUMENTARY EVIDENCE

The following demonstrates direct contradictions between Special Counsel

Kerry Culpepper's sworn statements to this Court, documentary evidence now on record, and is offered for Impeachment under FRCP 60(b)(3) – fraud on the Court.

| CULPEPPER'S SWORN DECLARATION/TESTIMONY | CONTRADICTORY DOCUMENTARY EVIDENCE | SIGNIFICANCE OF INCONSISTENCY |
|---|---|---|
| 1. "**I have no connection with…any other party in interest.**" — Sworn FRBP 2014 Declaration (D.I. 508-4, ¶ 11), January 14, 2025 | "**PML Process Management Limited**" listed as "**interested party**" in First Circuit B.A.P. filings. Culpepper admitted in email correspondence that PML is his client. — *Exhibits 15 & 16* | Direct falsehood under penalty of perjury; concealed adverse TPLF relationship |
| 2. "**PML is not an interested party in this case.**" / "**Not to the extent I know of.**" / "**I don't believe so.**" — Sworn testimony, January 8, 2025 Hearing (D.I. 789, Ex. A, Tr. at 15:15-22; 16:17-20) | PML website advertises **70/30 fee-splitting arrangement** where PML retains 70% of litigation proceeds through "**non-performing entities**" (NPEs). — *Exhibit 24; Chief Judge Connolly's TPLF Standing Order (D. Del. Apr. 18, 2022)* | **False sworn testimony**; violates all three Standing Order requirements: identity, approval authority, financial interest |
| 3. $25,000 cap with "**express written approval**" required — *Engagement Agreement (D.I. 508-3)* | "**$30,000.00**" paid to Nevis High Court on May 26, 2025, exceeding cap by $5,000. Payment confirmation states it was made "**on behalf of the Claimants**" (plural). — *Joseph Rowe Letter (Exhibit 9)* | Material breach of court-approved contract; **unauthorized expenditure for 38 non-debtor entities** |
| 4. Implied proper service / "**I had no reason to doubt the affidavit.**" — *Implied position in retention application* | Process server Janie Kessler officially reprimanded by Texas JBCC for "**dishonesty, deceit, and misrepresentation**" (Cause No. 0190, April 19, 2022). — *Exhibit 26* | Service procured through extrinsic fraud; **$15.1M judgment void** *ab initio* for lack of personal jurisdiction |
| 5. "**No connection with…any other party in interest.**" / No knowledge of AMFL status — *D.I. 508-4, ¶ 11; Jan. 8, 2025 Hearing* | American Films, Inc. had Florida corporate charter **REVOKED** in 2024 (D.I. 789, Ex. D). Thomas E. Murphy insolvent. Grove Street Funding evidences $0 assets. — *D.I. 789, Ex. D* | Concealed connections to financially failed entities; HPS's silence is admission by omission |
| 6. Implied qualified, disinterested counsel — *General representation in retention application* | Culpepper sanctioned $11,700 for "**vexatious litigation**" (SDFL Doc. #532); Rothman sanctioned $249,357.50 for "**bad faith**" (SDFL D.E. 66) | Pattern of sanctionable conduct; retention obtained by fraud; **counsel unfit** |

**IX. The SDFL Judgment Is Void**

Movant does not ask this Court to vacate the SDFL judgment as to the SDFL defendants or to overrule the Southern District of Florida. Rather, Movant asks this Court to find that **the judgment is unenforceable by this estate because it rests on a facially fraudulent affidavit procured by extrinsic fraud, and to enjoin the Trustee from wasting bankruptcy assets on a legal nullity**. This is not an attack on sister-court jurisdiction; it is a bankruptcy court's core function under 11 U.S.C. § 105(a) to prevent the dissipation of estate assets. *See Nevada Power Co. v. Calpine Corp. (In Re Calpine Corp.)*, 365 B.R. 401 (S.D.N.Y. 2007) (bankruptcy court may enjoin parallel proceedings threatening estate assets)

The JBCC reprimand is not offered to prove that service was improper because Kessler was later disciplined; the service was facially invalid on its face under Fla. Stat. § 48.031(6), which requires that a private mailbox be the only address in public records. Rather, the reprimand is offered under Federal Rule of Evidence 404(b) as evidence of a pattern or practice of falsification, corroborating that the facially defective affidavit was not an isolated clerical error but part of a documented scheme of dishonesty. See Shaw v. Shaw, 97 A.D.2d 403 (N.Y. App. Div. 1983) (extrinsic fraud in service of process); Marsh v. Hawkins, 437 P.2d 978 (Ariz. Ct. App. 1968) (process server's fraud is concealed breach of public trust). The reprimand transforms the affidavit from a dubious document into an inherently incredible one; one which was in contemplation in the same time period in which Kessler alleged service on Movant in Texas – where he never lived – according to Culpepper's own testimony.

The Trustee is expending estate assets to enforce a judgment that is a legal

nullity. A default judgment entered without proper service is void *ab initio* for lack of jurisdiction and can be challenged at any time. *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008); *Dor Cha, Inc. v. Hollingsworth*, 876 So. 2d 678 (Fla. Dist. Ct. App. 2004). Indeed, "[n]o amount of time can render a void judgment valid." *Ernest v. Morris*, 64 V.I. 627, 642 (V.I. 2016). The judgment rests on the affidavit of a process server sanctioned for dishonesty. *See Dumas v. Tenacity Constr. Inc.*, 121 N.E.3d 711 (Mass. App. Ct. 2019); *Howard v. Jenny's Country Kitchen, Inc.*, 223 F.R.D. 559 (D. Kan. 2004).

Moreover, as Marsh v. Hawkins, 437 P.2d 978 (Ariz. Ct. App. 1968), held, a process server's fraud is a concealed breach of a public trust - here, the official JBCC finding of '**dishonesty, deceit, and misrepresentation**' confirms that breach.

### X. HPS's Strategic Silence and Admissions

HPS's Limited Objection is most notable for what it omits. **Seven attorneys from two national law firms did not deny, defend, or even mention the core allegations of fraud. They were silent on the false Rule 2014 declaration, the concealed PML conflict, the fraudulent Kessler service, the revoked status of American Films, Inc., and counsel's sanctions. Most critically, HPS offered no defense to the publicly reported, massive financial risk it represents**.

HPS's silence on these dispositive issues is an admission. Under Fed. R. Evid. 801(d)(2)(B), a party's failure to deny a damaging accusation in a responsive pleading, when it would naturally be expected to do so, constitutes an adoptive admission.

### XI. The Trustee's Failure of Due Diligence

A trustee's duty is that of the "punctilio of an honor the most sensitive."

*Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928). The Comsure article and related public reports are not offered for the truth of the Brahmbhatt fraud allegations, that is, to prove that HPS was actually defrauded, but to establish that the Trustee had constructive notice of massive counterparty risk that a reasonably prudent fiduciary would have investigated before committing the estate's most valuable assets. Whether HPS was ultimately defrauded is irrelevant to the Trustee's duty of inquiry; what matters is that a $500+ million risk, a $220 million bank provision, and BlackRock's fund restrictions were matters of public record accessible through basic due diligence. See *Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928) (fiduciary duty requires vigilance to "the punctilio of an honor the most sensitive").

The Trustee's failure to conduct any due diligence into HPS's publicly reported financial distress, specifically the $500+ million Brahmbhatt fraud discovered in July 2025, the August 2025 Chapter 11 filings of Brahmbhatt's entities, and BNP Paribas's $220 million loan-loss provision (in addition to American Films, Inc. public filings and litigation records and Grove Street Partners' financial history) was a profound breach of that duty. These events were reported in the Wall Street Journal and were matters of public record accessible
through basic Google search.

If HPS's own counsel could find no defense for AMFL's revoked status or its own fraud exposure, the Trustee's failure to investigate before committing estate assets was a breach of his most fundamental duty.

Under the doctrine of unclean hands, neither the Trustee nor HPS may object to Movant's filings while themselves concealing material facts and breaching fiduciary

duties. *See In re Enron Corp.*, 333 B.R. 205, 232 (Bankr. S.D.N.Y. 2005).

Under the doctrine of unclean hands, neither the Trustee nor HPS may object to Movant's filings while themselves concealing material facts and breaching fiduciary duties. *See In re Enron Corp.*, 333 B.R. 205, 232 (Bankr. S.D.N.Y. 2005).

### XII. The 17-Month Failure to Enter a Written Order

The Court's January 8, 2025 oral ruling on administrative priority has never been reduced to a written order, prejudicing Movant's appellate rights. An oral ruling is not an appealable order. An appellate court cannot review a decision without a written order or transcript of oral findings. "Bench remarks… do not substitute for nor rise to the dignity of written findings of fact and conclusions of law." *Powers v. Tiegs*, 696 P.2d 855, 858 (Idaho 1985). Without a written record, appellate review is "virtually impossible." *See Clinton v. Deutsche Bank National Trust Co. (In Re Clinton)*, 449 B.R. 79 (B.A.P. 9th Cir. 2011). The absence of a written order also prevents this Court from making the specific findings necessary for collateral estoppel and appellate review of the fraud issues now before it.

### CONCLUSION AND RELIEF REQUESTED

**WHEREFORE**, for the foregoing reasons, Movant respectfully requests that this Court enter an order:

(A) DENYING HPS's Limited Objection (D.I. 811);

(B) GRANTING Movant leave to substitute corrected authority;

(C) REJECTING HPS's collateral estoppel argument;

(D) STRIKING HPS's defective Rule 9011 allegations;

(E) DISQUALIFYING Kerry S. Culpepper as Special Counsel;

(F) ENJOINING the Trustee from further SDFL proceedings;

(G) NOTING for the record HPS's strategic silence;

H) GRANTING the requests in the Emergency Motion (D.I. 789) that HPS did not oppose, including: (i) injunctive relief under 11 U.S.C. § 105(a) and this Court's exclusive jurisdiction to halt parallel SDFL proceedings risking inconsistent rulings; (ii) recognition of automatic priority administrative expense status for the $30,000 payment; (iii) appointment of counsel for Movant; and (iv) such other relief as is just and proper;

(I) SCHEDULING an evidentiary hearing on the Trustee's failure of due diligence;

(J) DIRECTING entry of a written order under FRBP 9021 and 7052;

(K) ORDERING Culpepper to file a TPLF disclosure statement per Chief Judge Connolly's Standing Order; and

(L) GRANTING such other relief as is just and proper.

Dated this 4th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I certify that this motion complies with the word limit requirements of LBR 9013-1(c), or respectfully requests leave to exceed any limits given the complexity of the issues. Good faith attempts to confer with opposing counsel were made but were unsuccessful. I further certify that this motion is well-grounded in fact and law and is not filed for delay, in accordance with Fed. R. Bankr. P. 9011. Specifically, Movant certifies under Rule 9011(b) that this motion is not presented for any improper purpose, the claims are warranted by existing law, and the factual contentions have evidentiary support.

Dated this 4th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

**PROPOSED FORM OF ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| *Debtors.* | ) | (Re: D.I. 789 Emergency Motion |
| | ) | Hearing, 10 June 2026) |

**ORDER**

The Court having considered Movant Charles Muszynski's Response to HPS Investment

Partners, LLC's Limited Objection (D.I. 811), and good cause appearing therefor, **IT IS**

**HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

[ ] **A.** HPS Investment Partners, LLC's Limited Objection (D.I. 811) is **DENIED**.

[ ] **B.** Movant is granted leave to substitute corrected authority for the constructive trust elements referenced in Ground 5 of the Emergency Motion (D.I. 789).

[ ] **C.** HPS's collateral estoppel argument is **REJECTED** as inapplicable to fraud and newly discovered evidence.

[ ] **D.** The Rule 9011 allegations raised by HPS within its Limited Objection are **STRICKEN** as procedurally defective for failure to comply with FRBP 9011(c)'s separate motion and safe harbor requirements.

[ ] **E.** Kerry S. Culpepper and Culpepper IP, LLLC are **DISQUALIFIED** from serving as Special Counsel to the estate, effective immediately, for violation of Fed. R. Bankr. P. 2014 and fraud on the court.

[ ] **F.** The Trustee and any agents thereof are **ENJOINED** from taking any further action in Southern District of Florida Case No. 21-cv-20862 pending further order of this Court.

[ ] **G.** The Court **NOTES** for the record HPS Investment Partners, LLC's strategic silence on the core allegations of fraud on the court, conflicted counsel, and concealed third-party litigation funding.

[ ] **H.** The requests in the Emergency Motion (D.I. 789) that HPS did not oppose are GRANTED, including: **(i)** injunctive relief under 11 U.S.C. § 105(a) and this Court's

exclusive jurisdiction to halt parallel SDFL proceedings risking inconsistent rulings; **(ii)** recognition of automatic priority administrative expense status for the $30,000 payment; **(iii)** appointment of counsel for Movant; and **(iv)** such other relief as is just and proper.

[ ] **I.** An evidentiary hearing is **SCHEDULED** to determine whether the Trustee breached his fiduciary duty by failing to conduct due diligence on: **(i)** the validity of the SDFL judgment; **(ii)** the financial solvency of HPS Investment Partners, American Films, Inc., and Grove Street Funding; **(iii)** the corporate status of American Films, Inc.; **(iv)** the concealed third-party litigation funding arrangement with PML Process Management Limited; and **(v)** HPS's publicly reported $500+ million fraud exposure and counterparty risk.

[ ] **J.** The Court **DIRECTS** the Clerk to enter a written order under FRBP 9021 and 7052 memorializing the Court's January 8, 2025 oral ruling on Movant's administrative priority claim and this Court's findings of fact and conclusions of law on the present motion within fourteen (14) days.

[ ] **K.** Kerry S. Culpepper is **ORDERED** to file, within fourteen (14) days, a statement complying with Chief Judge Connolly's Standing Order Regarding Third-Party Litigation Funding Arrangements (D. Del. Apr. 18, 2022), disclosing all TPLF relationships, identities, addresses, approval authorities, and financial interests connected to the litigation in which he has been retained.

[ ] **L.** Such other and further relief as is just and proper is **GRANTED**.

      **IT IS SO ORDERED.**

      Date: _____

 

                          _____

                          **Honorable Mary F. Walrath**
                          **United States Bankruptcy Judge**

## CERTIFICATE OF SERVICE

I, Charles Muszynski, hereby certify that on June 4, 2026, I served a copy of the foregoing via courier delivery to the D. DE Bankruptcy Court Clerk's office for uploading to the Court's CM/ECF system (which will provide electronic notice to all registered parties) and by email and first-class mail, postage prepaid, on the following:

**George L. Miller**
Chapter 7 Trustee
c/o Cozen O'Connor
John T. Carroll, (DE Bar No. 4060)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
jcarroll@cozen.com

**HPS Investment Partners, LLC**
c/o Milbank LLP
Matthew Brod
55 Hudson Yards
New York, NY 10001-2163
MBrod@milbank.com

**Erin N. Weyl**
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
Weyl@rlf.com

**Pachulski Stang Ziehl & Jones LLP**
Robert J. Stang, (DE Bar No. 1533)
919 North Market Street, Suite 1500
P.O. Box 8705
Wilmington, DE 19899-8705
rjs@pszj.com

**United States Trustee for the District of Delaware**
824 North Market Street, 3rd Floor
Wilmington, DE 19801

And via email to those copied on Ms. Weyl's email:

emonzo@morrisjames.com
tpakrouh@morrisjames.com
chitch@morrisjames.com
scerra@morrisjames.com
cmalder@alderlaw.com

llevine@alderlaw.com
mtanzer@alderlaw.com
evan.miller@saul.com
Jessica.Magee@hklaw.com
Steven.levitt@hklaw.com
david.fournier@troutman.com
david.fournier@troutman.com
chris.chuff@troutman.com
tori.remington@troutman.com
tyler.wilson@troutman.com
mthomas@marythomaslaw.com
thiru@thirulaw.com
ross@thirulaw.com
Steiger@RLF.com

All other parties of record to be noticed via CM/ECF electronic service subsequent to courier delivery to the D. DE Clerk of hard copies the morning of 4 June 2026:

Dated this 4th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
424-333-0569