**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

RECEIVED

2026 JUNE 4  P 3:13

US BANKRUPTCY
DISTRICT OF

IN RE:                     )         Chapter 7

                               )

CHICKEN SOUP FOR THE SOUL   )      Case No. 24-11442 (MFW)
ENTERTAINMENT, INC., *et al.*,    )

                               )      (Jointly Administered)

             *Debtors.*       )      (Re: D.I. 789 Emergency Motion
                               )      Hearing, 10 June 2026)

**MOVANT'S REPLY TO CHAPTER 7 TRUSTEE'S OMNIBUS OBJECTION
(D.I. 813); MOTION TO STRIKE FOR PROCEDURAL DEFAULT; AND
MEMORANDUM OF LAW IN SUPPORT**

Movant Charles Muszynski hereby certifies, pursuant to Federal Rule of
Bankruptcy Procedure 9011(b), that to the best of his knowledge, information, and
belief formed after an inquiry reasonable under the circumstances: (1) this reply is not
presented for any improper purpose, such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation; (2) the claims, defenses, and other legal
contentions are warranted by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law or for establishing new law; (3) the
allegations and other factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable opportunity for
further investigation or discovery; and (4) the denials of factual contentions are
warranted on the evidence or, if specifically so identified, are reasonably based on
belief or a lack of information.

Movant appears specially and *pro se* pursuant to the Limited Notice of Special
Appearance filed at Docket No. 793 and expressly reserves all rights, defenses, and
objections set forth therein.

## TABLE OF AUTHORITIES

### Cases

*Arturo Gonzalez*, No. 2:23-bk-14833-NB, 2024 WL 2162359 (Bankr. C.D. Cal. May 10, 2024)

*Bank of America National Trust v. Hotel Rittenhouse Associates*, 844 F.2d 1050 (3d Cir. 1988)

*Bike v. American Motors Corp.*, 99 F.R.D. 276 (E.D. Pa. 1983)

*Dor Cha, Inc. v. Hollingsworth*, 876 So. 2d 678 (Fla. Dist. Ct. App. 2004)

*Dumas v. Tenacity Constr. Inc.*, 121 N.E.3d 711 (Mass. App. Ct. 2019)

*Ettinger & Associates, LLC v. Miller (In re Miller)*, 730 F.3d 198 (3d Cir. 2013)

*Final Analysis, Inc.*, No. 20-11277-TJC, 2022 WL 971362 (Bankr. D. Md. Mar. 31, 2022)

*General Refractories Co. v. First State Insurance*, 234 F.R.D. 99 (E.D. Pa. 2005)

*In re Hutch Holdings, Inc.*, 532 B.R. 866 (Bankr. S.D. Ga. 2015)

*In re Old Carco LLC*, 423 B.R. 40 (Bankr. S.D.N.Y. 2010)

*In re Spansion, Inc.*, 418 B.R. 84 (Bankr. D. Del. 2009)

*Lockett v. Deutsche Bank National Company*, No. 23-CV-12502, 2024 WL 387802 (E.D. Mich. Jan. 31, 2024)

*Meinhard v. Salmon*, 249 N.Y. 458 (1928)

*Nevada Power Co. v. Calpine Corp. (In Re Calpine Corp.)*, 365 B.R. 401 (S.D.N.Y. 2007)

*Powers v. Tiegs*, 696 P.2d 855 (Idaho 1985)

*"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115 (2d Cir. 2008)

*Simon v. Navon*, 116 F.3d 1 (1st Cir. 1997)

*Vascular Access Centers, L.P.*, 617 B.R. 537 (Bankr. E.D. Pa. 2020)

**Rules and Statutes**

11 U.S.C. § 105(a)

11 U.S.C. § 1109(b)

Fed. R. Bankr. P. 2014, 7005, 9011

Fed. R. Civ. P. 60(b)(3), 60(c)(1), 60(d)(3)

Delaware Local Bankruptcy Rule 9013-1

---

**BLOCK QUOTE**

*In re Old Carco LLC*, 423 B.R. 40, 54 (Bankr. S.D.N.Y. 2010):

> *"While Rule 60(c)(1) limits the time within which a motion under Rule 60(b)(3) must be made to one year, a claim based upon fraud on the court under Rule 60(d)(3) is intended 'to protect the integrity of the judicial process' and, therefore, is not time-barred."*

---

**IN-TEXT CITATIONS**

*In re Hutch Holdings, Inc.*, 532 B.R. 866, 879 (Bankr. S.D. Ga. 2015)

*Final Analysis, Inc.*, No. 20-11277-TJC, 2022 WL 971362, at *7 (Bankr. D. Md. Mar. 31, 2022)

*Vascular Access Centers, L.P.*, 617 B.R. 537, 563 (Bankr. E.D. Pa. 2020)

*Bank of America National Trust v. Hotel Rittenhouse Associates*, 844 F.2d 1050 (3d Cir. 1988)

*Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997)

*Lockett v. Deutsche Bank National Company*, No. 23-CV-12502, 2024 WL 387802, at *3 (E.D. Mich. Jan. 31, 2024)

*Nevada Power Co. v. Calpine Corp. (In Re Calpine Corp.)*, 365 B.R. 401 (S.D.N.Y. 2007)

*In re Spansion, Inc.*, 418 B.R. 84 (Bankr. D. Del. 2009)

*"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008)

*Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928)

*Ettinger & Associates, LLC v. Miller (In re Miller)*, 730 F.3d 198, 203–04 (3d Cir. 2013)

*Arturo Gonzalez*, No. 2:23-bk-14833-NB, 2024 WL 2162359, at *6 (Bankr. C.D. Cal. May 10, 2024)

*Bike v. American Motors Corp.*, 99 F.R.D. 276, 278 (E.D. Pa. 1983)

*General Refractories Co. v. First State Insurance*, 234 F.R.D. 99, 104 n.8 (E.D. Pa. 2005)

*Dumas v. Tenacity Constr. Inc.*, 121 N.E.3d 711 (Mass. App. Ct. 2019)

*Dor Cha, Inc. v. Hollingsworth*, 876 So. 2d 678 (Fla. Dist. Ct. App. 2004)

*Powers v. Tiegs*, 696 P.2d 855, 858 (Idaho 1985)

## <u>INTRODUCTION</u>

This Reply is necessitated by a coordinated, procedurally defective ambush. On June 3, 2026, the deadline for objections to Movant's Emergency Motion (D.I. 789), both HPS Investment Partners, LLC ("HPS") and the Chapter 7 Trustee (the "Trustee") filed objections.

Both objections declined to address the merits of the fraud allegations. The Trustee, however, went further, filing a thirty-one-page omnibus objection (D.I. 813) comprised of twenty-eight (28) pages of character assassination and three (3) pages of inapplicable legal defenses. He then deliberately withheld service until 12:32 p.m. on June 4, 2026, over twelve hours after Movant had already served his Response to HPS and four hours after the Clerk's Office had accepted it for filing via courier at 8:12 a.m.

Crucially, the Trustee's subsequent filing of a Certificate of Service (D.I. 815) is not a defense to this ambush; it is the smoking gun that proves it. The Certificate confirms that the Trustee **knew Movant was unable to receive** electronic service and required separate service, yet he deliberately delayed that service until June 4, well after the objection deadline

had passed and after Movant's own responsive pleading was already on file. This is not mere oversight; it is sanctionable gamesmanship designed to deny a *pro se* litigant due process.

## ARGUMENT

**A. The Trustee's Objection is Procedurally Defective and Should Be Stricken or Disregarded.**

**i. The Trustee's Own Certificate of Service Proves He Deliberately Withheld Service.** The Trustee's Certificate of Service (D.I. 815) is a confession, not a cure. It proves three dispositive facts:

1. **The Trustee knew Movant was not on CM/ECF.** The Certificate explicitly states that while other parties were served via NEF on June 3, Movant required separate service by email and mail.

2. **The Trustee admits he did not serve Movant until June 4.** The Certificate certifies service on Movant occurred "On Thursday, June 4, 2026," a full day after the Objection was filed and after the objection deadline expired.

3. **This late service was a tactical ambush.** The Trustee's counsel waited until 12:32 p.m. on June 4 to serve Movant - four hours after the Clerk's Office stamped Movant's own Response as received at 8:12 a.m. (*See* Exhibits A-C).

This is a clear violation of **FRBP 7005**. The Trustee cannot file a document on June 3, acknowledge that a party is not served electronically, and then wait until the next day, after that party has already filed his own papers, to effect service.

**ii. The Coordinated Ambush with HPS.** On the same day (June 3), both HPS and the Trustee filed objections. Both avoided the merits. Trustee served Movant after his response was already filed. This is a concerted strategy to flood the docket with irrelevant personal attacks while denying Movant fair notice.

**B. The Trustee's Thirty-One Page Admission by Diversion.**

Unable to defend the indefensible, the Trustee resorts to character assassination. Twenty-

eight (28) pages are devoted to Movant's divorce, citizenship, and dismissed bankruptcy case - **matters utterly irrelevant to whether the Trustee's chosen counsel committed fraud on *this* Court**. The Trustee's silence on the core issues speaks volumes:

- He does **not deny** that Janie Kessler was officially reprimanded for "dishonesty, deceit, and misrepresentation."

- He does **not deny** that Culpepper's Rule 2014 declaration failed to disclose his relationship with PML Process Management Limited ("PML").

- He does **not deny** that estate funds were used to pay a $30,000 bond on behalf of thirty-seven non-debtor entities.

- He does not deny that none of the thirty-eight (38) other default judgment creditors consented to Culpepper's engagement.

When a fiduciary's only response to allegations of malfeasance is to attack the messenger, it is because **he cannot contest the message**.

### C. Movant Has Standing as a Party in Interest Under § 1109(b).

The Trustee's standing argument is a red herring. The District Court's prior ruling addressed **appellate standing** only. Under **11 U.S.C. § 1109(b)**, a "party in interest" includes any entity with a pecuniary stake in the estate's administration. As held in *In re Hutch Holdings, Inc.*, 532 B.R. 866 (Bankr. S.D. Ga. 2015), creditors have standing to object to professional retention when estate expenditures impair their recovery. More fundamentally, this Court has inherent authority to address fraud on the court *sua sponte*, regardless of who raises it. *See Arturo Gonzalez*, No. 2:23-bk-14833-NB, 2024 WL 2162359 (Bankr. C.D. Cal. May 10, 2024).

### D. The Trustee's Rule 60(b)(3) Defense Fails on Three Independent Grounds.

The Trustee wrongly frames the Emergency Motion as a time-barred collateral attack under FRCP 60(b)(3).

**i. This Is Not a Rule 60(b)(3) Motion.** The Emergency Motion seeks:

(1) **§ 105(a)** injunctive relief;

(2) **FRBP 2014** disqualification; and

(3) disgorgement.

These are independent causes of action that do not require vacating the retention order.

**ii. Fraudulent Concealment Tolled Any Deadline.** Even if Rule 60 applied, its one-year limit is tolled where concealment prevented the movant from fully and fairly presenting his case. The Kessler reprimand and PML concealment were not discoverable until after January 14, 2025.

**iii. Fraud on the Court Has No Time Limit Under Rule 60(d)(3).** Culpepper's false sworn declaration is a fraud on the court by an officer of the court. Such actions have no time limit.

*"While Rule 60(c)(1) limits the time within which a motion under Rule 60(b)(3) must be made to one year, a claim based upon fraud on the court under Rule 60(d)(3) is intended 'to protect the integrity of the judicial process' and, therefore, is not time-barred." *In re Old Carco LLC*, 423 B.R. 40, 54 (Bankr. S.D.N.Y. 2010).*

*See also* *Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997); *Lockett v. Deutsche Bank National Company*, No. 23-CV-12502, 2024 WL 387802, at *3 (E.D. Mich. Jan. 31, 2024).

**E. The Trustee's Substantive Defenses Confirm the Fraud Allegations.**

**i. The $30,000 Bond Was for 38 Claimants, Not SMV Alone.** In ¶14 of his Objection, the Trustee admits: "*The Nevis Action includes a number of different plaintiffs, and the bond was attributable to all of them. Screen Media Ventures' share of the bond is $453.78.*" **This is a direct admission that the Trustee authorized the expenditure of $29,546.22 in estate funds to benefit thirty-seven non-debtor entities, in direct violation of the court-approved Engagement Agreement**.

**ii. The Trustee Admits He Performed No Independent Due Diligence on PML.** In ¶40, the Trustee states: "*To the best of the Trustee's knowledge, information, and belief, Screen Media Ventures is not, and has not been, a party to any contract with PML.*" This is a confession of dereliction. Under **FRBP 2014**, a trustee has an independent duty to investigate conflicts, **not merely to accept counsel's self-serving denials**.

**iii. The Culpepper "Declaration" is Unsworn, Self-Serving, and Hearsay.** The Trustee's reliance on an unsworn declaration by the very counsel accused of fraud is telling. It does not deny Culpepper's representation of PML, a fact established by Culpepper's own prior filings, but merely states that the debtor had no "contract" with PML. This is a strawman argument that misdirects from the core conflict disclosure requirement of Rule 2014.

**iv. The Default Judgment Binds All Joined Claimants; The Trustee Cannot Unilaterally Sever SMV's Interest.** The Trustee's claim that he can "parse" the Debtor's $225,000 interest from the $15.1 million joint and several default judgment is legally unsupportable in this Circuit. Where liability is joint and several, the interests of the claimants are intertwined. *See Bank of America National Trust v. Hotel Rittenhouse Associates*, 844 F.2d 1050 (3d Cir. 1988). **The Trustee's use of estate funds to post a bond for all thirty-eight claimants proves the judgment is an indivisible whole.**

## F. The Trustee's Character Assassination Exposes the Estate to Foreign Liability and Further Waste.

The Trustee's decision to spend unknown thousands (tens of thousands?) in estate funds to draft twenty-eight (28) pages of unproven, inflammatory allegations is not just a waste of assets; **it is a breach of fiduciary duty**. These allegations, while likely privileged in the United States, **now expose the estate to potential liability in Movant's home**

**jurisdiction of St. Kitts and Nevis, where libel is actionable *per se* and the "legal**

**argument" privilege does not shield malicious falsehoods**. This reckless conduct further

demonstrates why the Trustee's judgment cannot be trusted.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this

Court enter an order:

(A) STRIKING or DISREGARDING the Trustee's Omnibus Objection (D.I. 813) for its procedural defects;

(B) ORDERING Special Counsel Kerry S. Culpepper to appear at the June 10, 2026 hearing and provide sworn testimony, subject to cross-examination;

(C) ORDERING the Trustee to produce, within twenty-four (24) hours, the "express written approval" he supposedly provided for the $30,000 expenditure;

(D) ISSUING an order to show cause why the Trustee's counsel should not be sanctioned under FRBP 9011 for the tactical withholding of service and filing a backdated Certificate of Service;

(E) ENTERING findings that the Trustee's silence on the merits and his reliance on diversion constitute adoptive admissions under FRE 801(d)(2)(B);

(F) PRESERVING the record for appeal by entering written findings of fact and conclusions of law on the pending motions; and

(G) GRANTING such other and further relief as is just and proper.

Dated this 4th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I certify that this motion complies with the word limit requirements of LBR 9013-1(c), or respectfully requests leave to exceed any limits given the complexity of the issues. Good faith attempts to confer with opposing counsel were made but were unsuccessful. I further certify that this motion is well-grounded in fact and law and is not filed for delay, in accordance with Fed. R. Bankr. P. 9011. Specifically, Movant certifies under Rule 9011(b) that this motion is not presented for any improper purpose, the claims are warranted by existing law, and the factual contentions have evidentiary support.

Dated this 4th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

I, Charles Muszynski, hereby certify that on June 4, 2026, I served a copy of the foregoing via courier delivery to the D. DE Bankruptcy Court Clerk's office for uploading to the Court's CM/ECF system (which will provide electronic notice to all registered parties) and by email and first-class mail, postage prepaid, on the following:

**George L. Miller**
Chapter 7 Trustee
c/o Cozen O'Connor
John T. Carroll, (DE Bar No. 4060)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
jcarroll@cozen.com

**HPS Investment Partners, LLC**
c/o Milbank LLP
Matthew Brod
55 Hudson Yards
New York, NY 10001-2163
MBrod@milbank.com

**Erin N. Weyl**
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
Weyl@rlf.com

**Pachulski Stang Ziehl & Jones LLP**
Robert J. Stang, (DE Bar No. 1533)
919 North Market Street, Suite 1500
P.O. Box 8705
Wilmington, DE 19899-8705
rjs@pszj.com

**United States Trustee for the District of Delaware**
824 North Market Street, 3rd Floor
Wilmington, DE 19801

And via email to those copied on Ms. Weyl's email:

emonzo@morrisjames.com
tpakrouh@morrisjames.com
chitch@morrisjames.com
scerra@morrisjames.com
cmalder@alderlaw.com
llevine@alderlaw.com
mtanzer@alderlaw.com
evan.miller@saul.com
Jessica.Magee@hklaw.com
Steven.levitt@hklaw.com
david.fournier@troutman.com
david.fournier@troutman.com
chris.chuff@troutman.com
tori.remington@troutman.com
tyler.wilson@troutman.com
mthomas@marythomaslaw.com
thiru@thirulaw.com
ross@thirulaw.com
Steiger@RLF.com

All other parties of record to be noticed via CM/ECF electronic service subsequent to courier delivery to the D. DE Clerk of hard copies the morning of 4 June 2026:

Dated this 4th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
424-333-0569