**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CSS Entertainment Inc. (f/k/a Chicken | ) | |
| Soup for the Soul Entertainment, Inc.). | ) | Case No. 24-11442 (MFW) |
| | ) | (Jointly Administered) |
| *Debtors*. | ) | (Re: D.I. 818) |
| | ) | |

**MOVANT CHARLES MUSZYNSKI'S OPPOSITION TO**
**TRUSTEE'S MOTION FOR LEAVE TO FILE SURREPLY**
**AND MOTION TO STRIKE FOR PROCEDURAL DEFAULT**

Movant Charles Muszynski, appearing specially and pro se, respectfully

submits this Opposition to the Trustee's Motion for Leave to File Sur-reply and

Motion to Strike for Procedural Default [D.I. 818], and in support thereof states as

follows:

**TABLE OF CONTENTS**

**I. INTRODUCTION**

**II. CHRONOLOGY OF RECORD FACTS**

**III. NARRATIVE**

**IV. ARGUMENT**

    A. Sur-replies Are Extraordinary; The Trustee's Proposed Sur-reply Raises No New Arguments.
    B. The Trustee Failed to Satisfy Mandatory Meet-and-Confer Obligations.
    C. The Trustee's Surreply Contains Its Own Material Misstatement.
    D. Excessive Allocation of Estate Resource to Personal Refutations.
    E. The "Instantaneous Notice" Allegation Is Unsupported.
    F. Mandatory Parity in Judicial Enforcement and Request for Citation Audit.
    G. Procedural Objections as a Subterfuge for Substantive Defaults.
    H. The Court's Affirmative Power to Prevent Harassment.
    I. Direct Violations of DOJ, U.S. Trustee Program, and Fiduciary Standards.
    J. The Business Judgment Rule Requires Good Faith.
    K. Estate Resources May Not Underwrite Fiduciary Defenses Against Misconduct.
    L. Equities Regarding Digital Legal Research Parity.
    M. Request for Production of Non-Privileged Client-Initiated AI Materials.

N. Ultra Vires Retention Under Section 327(e)

O. Contemplation and Concealment of Third-Party Litigation Funding.

P. Special Counsel's History of Non-Recovery and Notice of Impossibility.

Q. Defective Hearing Notice and Due Process Sandbagging.

R. The Retention Order Was Procured Upon an Unsworn and Incomplete Record.

S. Absolute Invalidity of Non-Approved Fee Frameworks Under Section 328.

T. Unauthorized Post-Petition Preferential Satisfaction of Professional Liens.

U. Negative Inferences Arising from Creditor Silence.

V. Ultra Vires Foreign Commitments During the Window of Nullity.

W. Active Judicial Findings Impeaching the "Wherewithal to Pay" Claim.

X. The Underlying Judgment is Subject to Collateral Challenge as Void.

**V. REQUEST FOR EVIDENTIARY HEARING**

**VI. THREE GRADUATED QUESTIONS FOR THE COURT**

**VII. CONCLUSION & PRAYER FOR RELIEF**

**CERTIFICATE OF COMPLIANCE**

**ARTICLE III CONSENT STATEMENT**

**[PROPOSED] ORDER**

**CERTIFICATE OF SERVICE**

## I. INTRODUCTION

This Opposition addresses twenty-six distinct, unaddressed fiduciary defaults by the Trustee and his retained professionals. While the Trustee has filed forty-three pages of procedural complaints and personalized attacks, he has failed to provide any substantive defense for authorizing estate funds to enforce a void judgment, retaining conflicted counsel via an unsworn and defective record, concealing third-party litigation funding, and committing unauthorized foreign expenditures on behalf of the estate. This Court should deny the Trustee's motions and compel an evidentiary hearing to address these core administrative failures.

## II. CHRONOLOGY OF RECORD FACTS

**April 27, 2021:** Process Server Janie Kessler files an affidavit in SDFL Case No. 20-cv-23348 claiming **"no other address...in public records"** for

Movant.

**May 4, 2021.** A Writ of Bodily Attachment Description Sheet in Orange County, FL Case No. 2013-DR-18828-O **admits Movant is a "citizen of St. Kitts Island" and a resident of Puerto Rico since 2018**, directly contradicting Kessler's sworn affidavit.

**April 18, 2022.** Chief Judge Connolly's Standing Order on TPLF disclosure is issued, establishing a clear disclosure requirement that Special Counsel Culpepper and the Trustee subsequently ignored.

**May 24 – October 1, 2024.** The **"Window of Nullity,"** during which Special Counsel prosecutes litigation affecting estate property without court approval between the original bankruptcy filing and the retroactive retention date.

**November 21, 2024.** A memorandum from Jonathan Sykes (Nardella & Nardella) is filed as an item of record, setting forth legal arguments regarding the Debtor's interest in the SDFL judgment under § 541(a)(1) and the void ab initio nature of unauthorized enforcement actions.

**November 28, 2024.** The Trustee engages Special Counsel Culpepper without Court approval.

**January 8, 2025.** The retention hearing is held on 17 hours' notice. Special Counsel refuses TPLF disclosure and testifies without being placed under oath.

**January 11, 2025.** Movant files his Objection [D.I. 531] documenting the defective notice, unsworn testimony, and post-hearing modifications to the proposed retention order.

**January 14, 2025.** The Court approves retroactive retention effective October 1, 2024, based on an incomplete and unsworn record.

**November 10, 2025.** The Circuit Court of Orange County, Florida, Case No. 2013-DR-18828-O, **denies a motion for contempt, finding as a matter of fact that Movant lacks the "present ability to pay support."**

**March 19, 2026.** The same **Florida court recalls a writ of bodily attachment, formally finding that Movant "has no assets" and "cannot find employment" and that these circumstances "are not willful."**

**June 5, 2026.** The same **Florida court dissolves the writ and terminates all alimony obligations after Movant's ex-wife waives $586,000 in arrearages due to Movant's inability to pay.**

**June 4, 2026.** The Trustee files a 31-page Omnibus Objection with the

**unsubstantiated** claim that Movant has the "wherewithal to pay."

**June 5, 2026.** Movant files his Reply and a proactive Self-Correction for an inadvertent citation error.

**June 5, 2026.** The Trustee files the instant Motion to Strike, ignoring Movant's self-correction.

## III. NARRATIVE

The Trustee's assertion that the estate is pursuing only its fractional "$453.78 share" of a $15.1 million judgment is a **material mischaracterization of the underlying asset**. The Southern District of Florida judgment created a single, **indivisible enforcement right held co-extensively by 39 plaintiff entities as tenants in common in the judgment. As a matter of law, no single plaintiff possesses a separate, severable "share" that can be unilaterally enforced without the participation of the other indispensable parties.** See *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339 (7th Cir. 1987). The Trustee's "share" theory is a legal fiction that improperly fragments an indivisible asset to conceal the true nature of the litigation.

During the "**Window of Nullity**" (**July 10, 2024 – October 1, 2024**), Special Counsel **Culpepper had no court-approved appointment and thus no authority to act for the estate. His filings in Nevis during this period were not authorized estate actions but were ultra vires acts that improperly committed estate funds and subjected the estate to foreign liability without judicial oversight.** Under *In re Arkansas Co.*, 798 F.2d 645 (3d Cir. 1986), retroactive retention is restricted to "**extraordinary circumstances**" **and cannot validate professional acts undertaken before any employment relationship existed. The Trustee's subsequent nunc pro**

**tunc order cannot retroactively cure this fundamental lack of authority.**

This absence of diligence is compounded by the Trustee's **failure to analyze whether the underlying judgment is void.** The $15.1 million default judgment was procured via defective service of process, as the structural contradiction between the process server's affidavit and concurrent Florida court filings confirms the court lacked personal jurisdiction. Under *Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001), a defendant is always free to collaterally challenge a void judgment on jurisdictional grounds. The Trustee, as a fiduciary, had an affirmative duty under *In re Vantage Petroleum Corp.*, 34 B.R. 650 (Bankr. E.D.N.Y. 1983), to investigate whether this asset was facially vulnerable to collateral collapse before expending estate funds. His failure to do so constitutes a breach of fiduciary duty.

**The Nevis enforcement action represents an unauthorized use of estate capital to enforce an order that is a legal nullity.** See *Moglia v. King Marine, Inc. (In re Outboard Marine Corp.)*, 369 B.R. 353 (Bankr. N.D. Ill. 2007).

**The professional retention order itself was secured on an unsworn, defective record. Special Counsel delivered extensive denials regarding conflicts and TPLF integration without being placed under oath** [D.I. 531, ¶ 16], after which **the proposed order was modified post-hearing without notice** [Id. at ¶ 10].

Counsel concealed that two prior bankruptcy trustees had fully administered and closed Movant's estates under Rule 5009 upon a finding of zero assets, eradicating any objective basis for this collection effort.

The **Trustee's defense that Special Counsel operates under a true contingency framework is contradicted by the record.** The Retention Order at D.I.

547 contains **zero explicit contingency language**. Under *In re First Street Mart, Inc.*, 450 B.R. 585 (Bankr. M.D.N.C. 2011), a contingency fee agreement is invalid under § 328 unless the court order explicitly pre-approves the specific terms. The Trustee cannot claim "no risk to the estate."

Finally, the distribution of approximately $70,000 to satisfy Special Counsel's un-perfected pre-petition lien constitutes an impermissible post-petition preference. See *In re Peninsula Roofing & Sheet Metal, Inc.*, 9 B.R. 257 (Bankr. W.D. Mich. 1981). The deployment of estate assets to clear a professional's personal claim represents a structural departure from the Trustee's core fiduciary obligations and invites profound inquiry as to how the $30,000 cost bond was to be deployed (pp. 6, 10).

## IV. ARGUMENT

**A. Sur-replies Are Extraordinary; The Trustee's Proposed Sur-reply Raises No New Arguments.** Under D. Del. L.B.R. 9013-1, surreplies are permitted exclusively where a reply brief introduces new arguments. The Trustee's proposed Surreply merely restates denials from D.I. 813 and attacks a typographical error Movant proactively corrected. Leave must be denied.

**B. The Trustee Failed to Satisfy Mandatory Meet-and-Confer Obligations.** On June 3, 2026, Movant explicitly requested a meet-and-confer conference. The Trustee's counsel rejected this request, choosing instead to exhaust estate resources on a duplicative motion to strike.

**C. Section IV, Point C (commencing at the bottom of Page 6 and carrying over to Page 7) with the following precise text:**

**C. The Trustee's Surreply Contains Its Own Material Misstatement and Reflects a Structural Lack of Fiduciary Accounting.** The Trustee asserts to this Court that a localized disbursement of "$453.78… was authorized by this Court." This statement is completely contradicted by the record (p. 6). The operative Engagement Agreement authorizes a generalized expense cap, not this distinct, unauthorized post-petition transfer (0.1.6-0.1.7).

This assertion creates an irreconcilable conflict with the Trustee's concurrent verified claim that "none of the estates have made a $30,000 payment" (p. 7). The Trustee cannot have it both ways. He attempts to legitimize an unauthorized, granular post-petition cash transfer of $453.78 under the guise of general authorization (p. 6), while simultaneously failing to account for or disclose a massive $30,000 foreign cost outlay deployed to underwrite a non-debtor bond in Nevis (p. 7).

This arbitrary distinction demonstrates a profound, structural lack of fiduciary accounting within this administration. The Trustee routinely strains to justify unauthorized micro-transactions to his domestic professionals while entirely withholding from his required disclosures the severe capital exposure of a $30,000 foreign cash drain (p. 7). Leave to file a surreply must be denied where the moving fiduciary's own accounting representations are facially inconsistent and irreconcilable with the active record (p. 6).

**D. Excessive Allocation of Estate Resource to Personal Refutations.** The expenditure of estate assets to penalize an in forma pauperis, pro se litigant for a corrected citation and efforts to bring misdeeds to the Court's attention represents a departure from the asset-preservation mandates of 11 U.S.C. § 704.

**E. The "Instantaneous Notice" Allegation Is Unsupported.** The Trustee baselessly alleges Movant enjoyed "almost instantaneous actual notice" of D.I. 813. All registered users receive NEF transmissions simultaneously. The Trustee offers zero evidence of procedural misconduct.

**F. Mandatory Parity in Judicial Enforcement and Request for Citation Audit.** The Trustee demands hyper-exactitude from a pro se litigant who acted in good faith to self-correct a citation. Principles of equity require professional fiduciaries be held to a standard at least as stringent. Movant respectfully requests that this Court order an independent audit of the citations and claims advanced by the Trustee's counsel, as the record indicates a pattern of mischaracterization and omission far more severe than an inverted Westlaw identifier. See *In re Auld*, 561 B.R. 517 (B.A.P. 10th Cir. 2017).

**G. Procedural Objections as a Subterfuge for Substantive Defaults.** The Trustee's procedural attacks function as a procedural distraction to insulate his professionals from failing to address the 26 core structural defaults catalogued herein.

**H. The Court's Affirmative Power to Prevent Harassment.** Pursuant to 11 U.S.C. § 105(a), this Court possesses the inherent equitable authority to issue any order necessary to protect pro se, in forma pauperis litigants from bad-faith procedural harassment.

**I. Direct Violations of DOJ, U.S. Trustee Program, and Fiduciary Standards.** The record demonstrates departures from the EOUST Handbook for Chapter 7 Trustees, including Ch. 2.K.1 (conflicts) and Ch. 2.K.3 (transfers to non-debtors), constituting misconduct under 28 C.F.R. § 58.6.

**J. The Business Judgment Rule Requires Good Faith.** The protections of the Business Judgment Rule are conditioned upon objective good faith. *In re Fulton*, 162 B.R. 539 (Bankr. W.D. Mo. 1993). Authorizing speculative asset-maximization models lacking baseline due diligence fails this standard.

**K. Estate Resources May Not Underwrite Fiduciary Defenses Against Misconduct.** Where a trustee's own misconduct is at issue, the fiduciary is not permitted to treat the debtor estate as a private defense fund. See *People ex rel. Harris v. Shine*, 16 Cal. App. 5th 524 (2017); *Pergament v. Varela (In re Varela)*, 530 B.R. 573 (Bankr. E.D.N.Y. 2015).

**L. Equities Regarding Digital Legal Research Parity.** The disparity lies not in access to research tools, but in the candor to acknowledge error. Movant utilizes public access tools such as Google Scholar, Court Listener, and others in good faith; he cannot afford access to the advanced legal reporting and indices to which Trustee's representatives subscribe; the Trustee has paid substantial estate funds to counsel.

**M. Request for Production of Non-Privileged Client-Initiated AI Materials.** Movant respectfully requests the Court order Special Counsel to produce all client-initiated, AI-generated strategy logs concerning the Nevis litigation, as they lack the structural parameters of protected communications; Culpepper is a client.

**N. Ultra Vires Retention Under Section 327(e).** Under § 327(e), special counsel may be retained for a "specified special purpose," not a broad "field of practice." See *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403 (D. Del. 2005). The retention for "Copyright Litigation Services" is ultra vires.

**O. Contemplation and Concealment of Third-Party Litigation Funding.**
The Engagement Agreement [D.I. 508-3, p. 5] explicitly contemplates TPLF, yet the Trustee and Special Counsel refused to submit mandatory disclosures required by the operative Standing Order despite proof of TPLF concealment behind the judgment.

**P. Special Counsel's History of Non-Recovery and Notice of Impossibility.**
For over FIVE years, Special Counsel has failed to secure any recovery in half a dozen jurisdictions – an abysmal failure. He was on notice that Nevis law restricts remedies, making enforcement an impossibility. The action is a non-recoverable administrative expenditure.

**Q. Defective Hearing Notice and Due Process Sandbagging.** The Trustee's provision of only 17 hours' notice for the retention hearing, alongside concurrent Fifth Amendment invocations, establishes a pattern of structural concealment.

**R. The Retention Order Was Procured Upon an Unsworn and Incomplete Record.** Special Counsel's denials were delivered without the administration of a formal oath [D.I. 531, ¶ 16], compounded when counsel modified the proposed order post-hearing without notice [Id. at ¶ 10].

**S. Absolute Invalidity of Non-Approved Fee Frameworks Under Section 328.** The Nevis action exposes the estate to millions in foreign liabilities. Under *In re First Street Mart, Inc.*, 450 B.R. 585 (Bankr. M.D.N.C. 2011), a contingency fee is invalid unless explicitly set forth in the retention order. The Order at D.I. 547 contains no such approval.

**T. Unauthorized Post-Petition Preferential Satisfaction of Professional Liens.** The Trustee allocated estate funds to resolve an un-perfected pre-petition lien,

a post-petition preferential transfer prohibited under 11 U.S.C. § 549. See *In re Peninsula Roofing & Sheet Metal, Inc.*, 9 B.R. 257 (Bankr. W.D. Mich. 1981).

**U. Negative Inferences Arising from Creditor Silence.** HPS Investment Partners conspicuously declined to challenge Movant's factual allegations. The Court should draw an adverse inference from this silence.

**V. Ultra Vires Foreign Commitments During the Window of Nullity.** During the period between the bankruptcy filing and the retroactive retention order, Special Counsel lacked any court-approved authority to act for the estate. His unilateral procurement of a $30,000 foreign security bond and initiation of Nevis enforcement proceedings were not authorized estate actions; they were ultra vires acts that improperly committed estate funds and subjected the estate to unapproved foreign liabilities. Under *In re Arkansas Co.*, 798 F.2d 645 (3d Cir. 1986), retroactive retention is restricted to "extraordinary circumstances" and cannot validate professional acts undertaken before any employment relationship existed. The Trustee's subsequent nunc pro tunc order cannot retroactively cure this fundamental lack of authority. Because SMV's interest in the SDFL judgment became property of the estate under § 541(a)(1) upon filing, any purported enforcement of that interest by an unappointed agent in a foreign court without this Court's oversight was a nullity.

**W. Active Judicial Findings Impeaching the "Wherewithal to Pay" Claim. The Trustee's baseless representation that Movant has the "wherewithal to pay" [D.I. 813] is a material falsehood contradicted by three final orders from the Circuit Court of Orange County, Florida, finding Movant has zero assets and no ability to pay.**

**X. The Underlying Judgment is Subject to Collateral Challenge as Void. The SDFL judgment was procured via fraudulent service, as the process server's affidavit is directly contradicted by concurrent court filings.** Under *Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001), such a judgment is subject to collateral attack. The Trustee's affirmative duty was to investigate the jurisdictional validity of this asset before expending estate funds. See *In re Vantage Petroleum Corp.*, 34 B.R. 650. His failure to do so is a breach of duty. This Court is requested to take mandatory judicial notice under FRE 201(c)(2) of the official disciplinary records of the Texas Judicial Branch Certification Commission, which formally reprimanded Janie Kessler (Cause No. PSC-0190) and Marquisha Graves-Lewis (Cause Nos. PSC-0382 and PSC-0749) for a pattern of executing fraudulent returns of service.

## V. REQUEST FOR EVIDENTIARY HEARING

Because the record reveals **twenty-six irreconcilable conflicts of material fact,** a formal evidentiary hearing is required. See *Hansmeier v. McDermott (In re Hansmeier)*, 558 B.R. 299 (B.A.P. 8th Cir. 2016).

## VI. THREE GRADUATED QUESTIONS FOR THE COURT

1. **Dereliction of Due Diligence:** Did the Trustee execute basic due diligence before committing estate assets to enforce a judgment facially vulnerable to collateral collapse?

2. **Breach of Disclosure Integrity:** Did the Trustee or his professionals knowingly file verified statements containing material falsehoods regarding estate outlays, fee caps, and TPLF integration?

3. **Breach of the Duty of Loyalty:** Does the Trustee's pattern of concealment and unauthorized transfers constitute "gross misconduct" under 28 C.F.R. § 58.6, requiring removal?

## VII. CONCLUSION & PRAYER FOR RELIEF

For the foregoing reasons, Movant respectfully requests that this Court enter an Order:

DENYING the Trustee's Motion for Leave and Motion to Strike;

COMPELLING the Trustee and Special Counsel to submit to an examination under oath;

ENTERING a Protective Order barring personalized attacks;

TAKING JUDICIAL NOTICE that the SDFL judgment created a single, indivisible enforcement right held co-extensively by 39 plaintiff entities;

TAKING JUDICIAL NOTICE of the Florida court orders confirming Movant's insolvency;

TAKING JUDICIAL NOTICE under FRE 201 of the Texas process server disciplinary records; and,

ORDERING THE DISGORGEMENT of the $70,000 preferential transfer and the $30,000 wasted on the unauthorized Nevis payment.

Respectfully submitted this
8th day of June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF COMPLIANCE

I, Charles Muszynski, hereby certify that this Opposition complies with the type-volume limitations of D. Del. L.B.R. 9013-1(c), as it contains approximately 3,105 words, excluding portions exempted by rule.

I further certify that this filing complies with all applicable Local Rules of the United States Bankruptcy Court for the District of Delaware, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure as incorporated therein.

A good-faith conferral was attempted on June 6, 2026, and was unproductive. This filing is well-grounded in fact and law, is not for any improper purpose, and complies with Fed. R. Bankr. P. 9011.

Specifically, Movant certifies under Rule 9011(b) that this motion is not presented for any improper purpose, the claims are warranted by existing law, and the factual contentions have evidentiary support.

8 June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## ARTICLE III CONSENT STATEMENT

Movant Charles Muszynski consents to the entry of final orders or judgment by the Bankruptcy Court in connection with this matter.

8 June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

**[PROPOSED] ORDER**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Case No. 24-11442 (MFW) |
| ENTERTAINMENT, INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| *Debtors.* | ) | |
| | ) | |

**ORDER DENYING TRUSTEE'S MOTION FOR LEAVE
TO FILE SURREPLY AND MOTION TO STRIKE
AND GRANTING RELATED RELIEF**

Upon consideration of the Trustee's *Motion for Leave to File Surreply and Motion to Strike for Procedural Default* [D.I. 818], Movant Charles Muszynski's Opposition thereto, and for the reasons set forth on the record;

**IT IS HEREBY ORDERED** that:

1.  The Trustee's Motion for Leave to File a Surreply is **DENIED**.

2.  The Trustee's Motion to Strike is **DENIED**.

3.  Special Counsel Kerry S. Culpepper and his firm, Culpepper IP, LLLC, are **DISQUALIFIED**, and the Retention Order at D.I. 547 is **VACATED**.

4.  The Trustee shall seek **DISGORGEMENT** of the approximately $70,000 preferential transfer made to Special Counsel.

5.  The Trustee shall seek **DISGORGEMENT** of the approximately $30,000 in estate funds wasted on the unauthorized foreign payment for costs.

6.  The Trustee and his counsel are subject to a **PROTECTIVE ORDER** barring further personalized attacks.

7. The Court takes **JUDICIAL NOTICE** that the underlying SDFL judgment created a single, indivisible enforcement right held co-extensively by 39 plaintiff entities as tenants in common in the judgment, and that no single plaintiff possesses a separate, severable "share" that can be unilaterally enforced without the participation of the other indispensable parties.

8. The Court takes **JUDICIAL NOTICE** of the final orders of the Circuit Court of Orange County, Florida, Case No. 2013-DR-18828-O, finding Movant has no assets and no present ability to pay.

9. The Court finds that the Nardella & Nardella memorandum dated November 21, 2024, is an item of record in these proceedings.

10. This Court shall conduct an immediate evidentiary examination at the June 10, 2026 hearing, at which Trustee George L. Miller and Special Counsel Kerry S. Culpepper shall testify under oath.

11. The Court takes **JUDICIAL NOTICE** pursuant to Fed. R. Evid. 201(c)(2) of the public disciplinary records of the Texas Judicial Branch Certification Commission, including Cause No. PSC-0190 (Janie Kessler) and Cause Nos. PSC-0382 and PSC-0749 (Marquisha Graves-Lewis).

12. The Court shall hear evidence at the June 10, 2026 evidentiary hearing regarding whether the Trustee's authorization of estate funds to enforce an asset facially vulnerable to collateral collapse constitutes a breach of fiduciary duty.

DATED: _____ Wilmington, Delaware


_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, Charles Muszynski, hereby certify that on this 8th day of June, 2026, I caused a copy of the foregoing Opposition to be served upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system subsequent to courier delivery to the Court Clerk for intake, stamping, and uploading; and to those parties below via email.

**George L. Miller**
Chapter 7 Trustee
c/o Cozen O'Connor
John T. Carroll, (DE Bar No. 4060)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
jcarroll@cozen.com

**HPS Investment Partners, LLC**
c/o Milbank LLP
Matthew Brod
55 Hudson Yards
New York, NY 10001-2163
MBrod@milbank.com

**Erin N. Weyl**
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
Weyl@rlf.com

**Pachulski Stang Ziehl & Jones LLP**
Robert J. Stang, (DE Bar No. 1533)
919 North Market Street, Suite 1500
P.O. Box 8705
Wilmington, DE 19899-8705
rjs@pszj.com

**United States Trustee for the District of Delaware**
824 North Market Street, 3rd Floor
Wilmington, DE 19801
[Absent]

And those copied by Ms. Weyl's email:

emonzo@morrisjames.com
tpakrouh@morrisjames.com
chitch@morrisjames.com

scerra@morrisjames.com
cmalder@alderlaw.com
llevine@alderlaw.com
mtanzer@alderlaw.com
evan.miller@saul.com
Jessica.Magee@hklaw.com
Steven.levitt@hklaw.com
david.fournier@troutman.com
david.fournier@troutman.com
chris.chuff@troutman.com
tori.remington@troutman.com
tyler.wilson@troutman.com
mthomas@marythomaslaw.com
thiru@thirulaw.com
ross@thirulaw.com
Steiger@RLF.com

Dated: 8 June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
424-333-0569