**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| CSS ENTERTAINMENT INC. | ) | |
| (f/k/a CHICKEN SOUP FOR THE | ) | Case No. 24-11442 (MFW) |
| | ) | (Jointly Administered) |
| SOUL ENTERTAINMENT INC.), et al. | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY AND REVISED ARGUMENT
IN SUPPORT OF EMERGENCY MOTION (D.I. 789) AND IN RESPONSE TO
TRUSTEE'S SURREPLY (D.I. 820)**

**TO THE HONORABLE COURT AND ALL PARTIES:**

PLEASE TAKE NOTICE that Charles Muszynski ("Movant"), appearing

specially, and *pro se*, respectfully submits this Notice of Supplemental Authority and

Revised Argument in further support of his Emergency Motion for Hearing and for

Injunctive Relief (D.I. 789) and in response to the arguments raised in the Trustee's

Surreply (D.I. 820).

**I. SUPPLEMENTAL AUTHORITY: *In re First Street Mart, Inc.***

The Trustee's Surreply (D.I. 820) defends the Nevis enforcement action as

**"risk-free"** to the estate because it is pursued on a contingency basis. This defense is a

legal fiction.

The January 8, 2025 hearing transcript (Exhibit 18) shows that the Trustee's

counsel described the fee arrangement as "***basically* a contingent fee basis**"

(emphasis added) - an approximation, not a formal pre-approval. *Transcript at 22:5-6.*

The Court's written order (D.I. 547) approved Special Counsel's compensation

"**pursuant to section 330**" of the Bankruptcy Code, **not section 328**. This distinction is dispositive.

Movant provides notice of the following supplemental authority: *In re First Street Mart, Inc.*, 450 B.R. 585 (Bankr. M.D.N.C. 2011). In that case, the court held that where a retention order referenced § 330 rather than § 328 and lacked specific contingency language, "**no contingency fee was approved. His compensation, therefore, must be determined under Section 330.**" *Id.* at 585.

If this Court's own order at D.I. 547 approved only under § 330, then no contingency fee was ever properly pre-approved. The estate bears 100% of the financial exposure of the Nevis litigation with zero contractual protection.

## II. REVISED EVIDENTIARY ARGUMENT: EXHIBIT 23

Movant offers Exhibit 23, the May 26, 2025, formal letter from the Trustee's retained Nevis counsel, Joseph Rowe, which confirms a $30,000 cash outlay.

This document is offered pursuant to **Federal Rule of Evidence 801(d)(2)(D)** as a **non-hearsay statement by a party's authorized agent** acting within the scope of an operative employment relationship. It establishes an explicit admission by the Trustee's own agent that estate capital was expended to subsidize thirty-eight non-debtor entities.

## III. RESPONSE TO SURREPLY (D.I. 820)

The Trustee's Surreply (D.I. 820) offers forty-three pages of procedural objections **while failing to provide a single word under oath** from the Trustee or Special Counsel to explain:

    a.   The unauthorized $30,000 foreign payment;

b.   The concealed relationship with third-party litigation funder PML; or

c.   The use of unsworn testimony to procure the retention order.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Movant respectfully requests that the Court consider the supplemental authority and revised arguments herein and grant the relief requested in the underlying Emergency Motion (D.I. 789).

Respectfully submitted,
8 June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The complete virtual exhibit binder containing all exhibits listed herein (Exhibits 1-39) in pre-marked PDF format is being served via electronic mail to counsel for the Trustee (John T. Carroll, III at jcarroll@cozen.com) and to the Court's chambers, contemporaneously with this filing, in compliance with Judge Walrath's requirement for virtual binders. This Master Notice supersedes all prior Notices of Service filed by Movant and will be uploaded to the ECF system after courier delivery to the Court Clerk and receipt of a clock-in receipt after submission today.

8 June 2026,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

This Notice complies with the type-volume limitations of D. Del. L.B.R. 9013-1 as it contains fewer than 1,000 total words [455].