**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| CSS ENTERTAINMENT INC. (f/k/a | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | |
| ENTERTAINMENT INC.), *et al.,*[1] | ) | Case No. 24-11442 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objections due by: June 17, 2026 at 4:00 p.m.** |
| | ) | **Hearing Date:  June 24, 2026 at 2:00 p.m.** |
| | ) | |

**MOTION OF STATER BROS. MARKETS FOR RELIEF
FROM THE AUTOMATIC STAY AND/OR
TO COMPEL ABANDONMENT OF PROPERTY**

Stater Bros. Markets, a California corporation ("SBM" or "Movant"), by and through its undersigned counsel, files this motion for relief from the automatic stay and/or to compel abandonment of property so that it may remove and dispose of certain kiosks owned by the above-captioned debtors (the "Debtors"). In support of the Motion, SBM states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to 28 U.S.C. § 1409, venue of this Motion is proper in this Court.

4. Pursuant to Del. Bankr. L.R. 9013-1(f), Movant does consent to the entry of final orders or judgments by the Court with respect to the Motion if it is determined that the Court,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

5.      SBM and Debtor Redbox Automated Retail, LLC ("Redbox"), were parties to that certain Kiosk Operation Agreement, effective as of April 17, 2015 (as amended, restated, supplemented, or otherwise modified from time to time, the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

6.      Pursuant to the Agreement, Redbox placed approximately one hundred forty-eight (148) kiosks (the "Kiosks") at various SBM retail locations throughout the State of California and operated DVD rentals through the Kiosks. In exchange for the right to operate the Kiosks on SBM's premises, Redbox agreed to pay SBM a monthly commission, the terms of which are set forth in the Agreement. Prior to the Petition Date (as defined below), Redbox ceased paying the commissions due under the Agreement.

7.      The Agreement expired by its own terms on July 31, 2022. The Agreement provides that, upon termination, Redbox shall remove the Kiosks and any other personal property of Redbox in compliance with all applicable laws. Notwithstanding the expiration of the Agreement, Redbox has not removed any of the Kiosks from SBM's premises. The Kiosks remain on SBM's premises and have been abandoned in an inoperable state for more than two (2) years.

8.      On June 29, 2024 (the "Petition Date"), Debtors each filed a voluntary petition for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned jointly administered bankruptcy cases. The Debtors' cases were almost immediately converted to cases under Chapter 7 of the Bankruptcy Code, and

George L. Miller was appointed as the Chapter 7 trustee (the "Trustee") over the Debtors' estates on July 11, 2024. Debtor Redbox has ceased all retail operations.

9.  Since the Petition Date, neither Redbox nor the Trustee has removed, retrieved, serviced, or maintained any of the Kiosks. The Kiosks remain on SBM's premises, where they continue to occupy space at SBM's expense.

10.  On October 1, 2025, SBM, by and through counsel, contacted counsel to the Trustee, to discuss the disposal of the Kiosks. The Trustee's counsel informed SBM's counsel that HPS Investment Partners, LLC, a Delaware limited liability company ("HPS"), has a security interest in the Kiosks, and instructed SBM's counsel to confer with HPS regarding the disposal of the Kiosks.

11.  SBM sent a letter dated November 25, 2025, to HPS requesting information regarding HPS's security interest in the Kiosks and SBM's contemplated disposal of the Kiosks. A true and correct copy of the November 25, 2025 letter is attached hereto as Exhibit B.

12.  On January 11, 2026, SBM sent a follow-up letter to HPS, informing HPS of SBM's intention to dispose of the Kiosks in a commercially reasonable manner unless HPS provided written confirmation by January 23, 2026 that it planned to assert its rights to such Kiosks. A true and correct copy of the January 11, 2026 letter is attached hereto as Exhibit C.

13.  On January 15, 2026, HPS responded to the January 11, 2026 letter via email, confirming that HPS has not foreclosed on the Kiosks, does not intend to foreclose on the Kiosks, and has no objection to SBM's disposal of the Kiosks.

14.  On February 4, 2026, SBM sent correspondence to the Trustee's counsel requesting authority to dispose of the Kiosks. A true and correct copy of the February 4, 2026 letter is attached hereto as Exhibit D.

**RELIEF REQUESTED AND REASONS THEREFOR**

15.     Section 362(d) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

16.     "Cause" exists here for granting relief from stay under 11 U.S.C. § 362(d)(1). The Kiosks are an unnecessary burden for SBM.  The Trustee, the Debtors and HPS have shown no interest in retrieving the Kiosks and removing them from SBM's property.

17.     Additionally, the Debtors lack any equity in the Kiosks, which are plainly not necessary to an effective reorganization in these Chapter 7 proceedings.  Hence, stay relief is also warranted under 11 U.S.C. § 362(d)(2).

18.     Section 554(b) of the Bankruptcy Code provides:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

19.     Here, the Kiosks are burdensome to the Debtors' estates and, moreover, are of inconsequential (if any) value.  Hence, there is no reason for the Trustee not to abandon the Kiosks.

20.     At the same time, the presence of the Kiosks on SBM's property is burdensome to SPM.  Hence, the Court should order the abandonment of the Kiosks.

WHEREFORE, Movant requests that the Court approve the order attached hereto, granting relief from the automatic stay to permit Movant to remove the Kiosks from its property and to dispose of same, without incurring liability to the Debtors, their estates, the Trustee or any

creditor of the Debtors, ordering the abandonment of same, and granting such other and further

relief as this Court deems just and proper.

DATED:  June 10, 2026

/s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 654-0248
Email:          loizides@loizides.com

*Counsel for Movant*