## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| George L. Miller, not individually, but as<br>Chapter 7 Trustee of CHICKEN SOUP FOR<br>THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>800 3rd Avenue Associates, LLC,<br><br>Defendant. | Adv. No. 26-      (MFW) |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

George L. Miller, the Chapter 7 trustee (the "Plaintiff" or "Trustee") for the bankruptcy estates of Chicken Soup For The Soul Entertainment, Inc., *et al.* (collectively, the "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against 800 3rd Avenue Associates, LLC (the "Defendant"). In support of this Complaint, Plaintiff alleges as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508) (collectively referred to as the "Debtors"). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

1

## NATURE OF THE ACTION

1.    The Trustee brings this action against the Defendant to avoid and recover certain preferential transfers made by the Debtors to the Defendant that occurred during the ninety (90) day period prior to the date of commencement of the Debtor's bankruptcy proceedings, and to recover the value thereof, pursuant to Sections 547 and 550 of Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

## JURISDICTION AND VENUE

2.    The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.    This Adversary Proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2)(B), (F), and (H), and the Court may enter final orders for matters contained herein.

4.    The statutory and legal predicates for the relief sought herein are Sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.    Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

6.    The Court has personal jurisdiction over the Defendant pursuant to Bankruptcy Rule 7004(f).

7.    Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent

of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8.     Pursuant to sections 323(b) and 704(a)(1) of the Bankruptcy Code, the Trustee has standing to litigate affirmative claims of and object to claims asserted against the Debtors.

## **BACKGROUND**

9.     On June 28, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (collectively, the "Chapter 11 Cases") [ECF No. 1].

10.     On July 11, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* (the "Chapter 7 Cases") [ECF No. 120].

11.     On July 11, 2024, George L. Miller was appointed as the Chapter 7 Trustee of the Debtors' estates. The Trustee is the Plaintiff in this action and brings this action on behalf of the Debtors' estates [ECF No. 130].

12.     Prior to the Petition Date, the Debtors provided entertainment content to value-conscious consumers. The Debtors' flagship services were Redbox, Crackle, and Chicken Soup for the Soul.

13.     The Debtors' business operations comprised the following four business segments: (i) streaming services, including advertising-supported video-on-demand (AVOD) services, transaction video-on demand (TVOD) services, and free-ad supported streaming television (FAST); (ii) physical media rentals via Redbox kiosks and related kiosk service; (iii) content acquisition and distribution; and (iv) content production.

14. Chicken Soup for the Soul Entertainment ("CSSE") was a Delaware corporation formed on May 4, 2016, and an indirect subsidiary of Chicken Soup for the Soul, LLC, which published the famous Chicken Soup for the Soul book series and super-premium pet food under the Chicken Soup for the Soul brand name.

15. In August 2022, CSSE acquired the Redbox business and its subsidiaries assumed and became co-obligors on approximately $359.9 million of indebtedness under the Pre-Petition Secured Facility (the "Redbox Acquisition").

16. The massive debt load from the Redbox Acquisition combined with declining DVD rentals, severe operational losses, and unpaid vendor bills triggered an acute liquidity crisis that destroyed the Debtors' financial runway. When their primary lender refused emergency financing, the Debtors were left with no operational capital. Starved of cash, the company missed payroll and defaulted on employee healthcare benefits, forcing them to seek immediate bankruptcy relief.

17. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of William J. Rouhana, Jr., Chairman of the Board, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

18. During the ninety (90) days before the Petition Date, the period between March 30, 2024, and June 28, 2024 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

19.     Upon information and belief, prior to the Petition Date, the Debtors maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

20.     Upon information and belief, Defendant was, at all relevant times, a purported creditor or vendor of the Debtors that extended credit, provided services, and/or sold goods to the Debtors.  Upon further information and belief, Defendant's principal place of business is located at 1105 North Market Street, Suite 901, Wilmington, DE 19801.

21.     During the Preference Period, Defendant and one or more of the Debtors continued to do business with each other and Defendant was paid on account of antecedent debts as set forth in the transfers identified on **Exhibit A** totaling not less than $20,000.00 (collectively, the "Transfers"). **Exhibit A** includes details regarding the Transfers such as: "Transferee," "Transfer Amount," "Date," and "Debtor Transferor."

22.     On June 11, 2026, the Trustee sent a demand letter to Defendant, seeking a return of the Transfers (the "Demand Letter"). The Demand Letter detailed each of the Transfers by providing transferor, transferee, transfer date, check number (where applicable), transfer type (i.e. wire, check, etc.), and transfer amount.

23.     The Demand Letter also indicated that potential statutory defenses may be available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support such defense(s), it provide this evidence to the Trustee's counsel so he could review same prior to filing the Complaint.

24.     The Trustee has performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. The Trustee reviewed the Open A/P Report relating to the CSSE Debtor as part of his due diligence which was the only information available

to the Trustee. The Trustee and undersigned counsel also reviewed any filed proofs of claim as part of the diligence analysis of knowable affirmative defenses. The Debtor was insolvent during the entire Preference Period. Notwithstanding, Defendant ultimately bears the burden of proof under section 547(g) of the Bankruptcy Code as to any defenses available under section 547(c). Any applicable consideration that the Trustee gave to Defendant's defenses are based on data gleaned from the CSSE's Open A/P Report and filed proofs of claim. Accordingly, the Trustee puts Defendant to its burden of proof to establish it is entitled to any defenses under section 547(c).

25.     Based upon the Trustee's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing the Trustee's own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfer(s), the Trustee has determined that he may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

26.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period, the fraudulent transfer period, or the post-petition period which may be avoidable and recoverable for the benefit of the estates. It is Plaintiff's intention to avoid and recover all avoidable transfers made by the Debtors of an interest in its property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF
### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

27.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

28.     During the Preference Period, the Debtor(s) made the Transfers to or for the benefit of Defendant in an amount not less than $20,000.00. *See* **Exhibit A.**

29.     The Transfers were made from one or more of the Disbursement Accounts described *supra,* and constituted a transfer of an interest in property of the transferring Debtor(s) as identified on **Exhibit A.**

30.     Defendant was a creditor at the time of the Transfers by virtue of its business relationship with the Debtor(s) and the fact that it received the Transfers set forth on **Exhibit A** on account of antecedent debts.

31.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfer either reduced or fully satisfied a debt or debts then owed by Debtor(s) identified on **Exhibit A** to Defendant. *See* **Exhibit A.**

32.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) to Defendant before the Transfers were made.  The liability paid by the Transfers constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the transferring Debtor(s). *See* **Exhibit A.**

33.     The Transfers were made while the Debtors were insolvent.  Plaintiff is entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to 11 U.S.C. § 547(f).

34.     The Transfers were made during the Preference Period. *See* **Exhibit A.**

35.     As a result of the Transfers, Defendant received more than Defendant would have received if: (i) the Debtors' cases were under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Open A/P Report and the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estate.

36.     In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

37.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

38.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) for the reasons set forth above.

39.      Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

40.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A.     On Plaintiff's First and Second Claims for Relief, entering judgment in favor of Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to Plaintiff the amount of the Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a); interest from

the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law; and the costs and expenses of this action including, without limitation, attorneys' fees;

    B.      Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  June 22, 2026
          Wilmington, Delaware

**CIARDI CIARDI & ASTIN**

*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr.
No. 4123
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Telephone: 484-437-2676
Email: jmclaughlin@ciardilaw.com

    -and-

Albert A. Ciardi, III
Nicole M. Nigrelli
Sonali N. Doshi
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Email: aciardi@ciardilaw.com
        nnigrelli@ciardilaw.com
        sdoshi@ciardilaw.com

*Counsel to George L. Miller,*
*the Chapter 7 Trustee*