IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*, | ) Case No. 24-11442 (MFW) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket Nos. 789,** |
| | ) **793, 795, 796, 797, 798,** |
| | ) **799, 800, 806, 810, 811,** |
| | ) **813, 814, 816, 817, 818,** |
| | ) **820, 821, 822, 823** |
| | ) |

ORDER

**AND NOW** this **30th** day of **JULY, 2026,** upon consideration of and for the limited purpose of resolving the following pleadings filed by Charles Muszynski: the (Emergency) Motion for I) Injunctive Relief to Halt Parallel SDFL Proceedings; II) Disqualification of Conflicted Special Counsel for Failure to Obtain Required Consent; III) Recognition of Automatic Priority Administrative Expense Status; IV) Imposition of Constructive Trust on HPS Assets; V) Order Directing Entry of Written Order Under FRBP 9021; and VI) Appointment of Counsel (D.I. 789); the Limited Notice of Special Appearance, Reservation of Rights, and Motion to Strike Unreduced Oral Ruling (D.I. 793); the Motion for Judicial Notice (D.I. 795); the Revised Enhanced Supplemental Motion in Support of Pending Emergency Motion for Order to Show Cause Why Special Counsel Should not be

1

Sanctioned, and for Protective Order (D.I. 806); the Notice of Filing Delayed and Supplemental Exhibits in Support of Pending Emergency Motion and Supplemental Motion, Apology for Delayed Submission (D.I. 810); the Urgent Motion for Leave to Substitute Correct Authority and Correct Inadvertent Errors (D.I. 817); and the Notice of Supplemental Authority and Revised Argument in Support of Emergency Motion [] and In Response to Trustee's Surreply [] (D.I. 823) (together, the "Muszynski Motions") the Court **FINDS**:

1.    Muszynski is a defendant in a lawsuit brought by Culpepper IP, LLLC ("Culpepper") on behalf of Debtor Screen Media Ventures, LLC ("SMV") and approximately 38 non-debtor plaintiffs in the Southern District of Florida, and a judgment has been entered against Muszynski.

2.    Muszynski holds himself out to be a resident of the Caribbean island of Nevis.

3.    Culpepper has taken steps to collect its judgment against Muszynski in the Eastern Caribbean Supreme Court, High Court of Justice division, St. Christopher and Nevis, Nevis Circuit (the "Nevis Court").

4.    On December 6, 2024, the chapter 7 trustee ("Trustee") in this case filed an Application/Motion to Employ/Retain Culpepper IP, LLLC as Special Copyright Litigation Counsel ("Retention Application") (D.I. 508).

2

5. On December 26, 2024, Muszynski filed an objection to the Retention Application (D.I. 524).

6. On January 8, 2025, the Court conducted a hearing on the Retention Application.

7. At the hearing, the following colloquy took place:

[TRUSTEE'S COUNSEL]: Your Honor, I've parsed through pretty carefully the objection, and candidly I think that it's not really comprehensible, nor does it make sense. He is not a creditor, nor is he a party in interest. . . .

MR. MUSZYNSKI: And I should also say I may not be a creditor of the estate yet, but when he presses the case in Nevis and it loses, they lose, I will become a creditor. And that money, those monies will be paid out of the hundred thousand cash bond that has to be posted into the court in Nevis before that case can proceed by plaintiffs.

THE COURT: Well, you're not currently a creditor, Mr. Muszynski. You have no claim against the estate that's been confirmed by any court or by this Court.

MR. MUSZYNSKI: Yes, ma'am.

8. At the hearing, the Court granted the Retention Application over Muszynski's objection. This was memorialized in a written order dated January 14, 2025.

9. Following docketing of the order, Muszynski appealed the Retention Application order to the District Court for the District of Delaware (the "Appeal") (D.I. 548).

10. On or about May 15, 2025, pursuant to an order entered by the Nevis Court, and in accordance with the Nevis Court's Civil Procedure Rule 24 requiring non-resident plaintiffs to

3

post bonds, Culpepper posted a $30,000 bond into the Nevis Court's registry.

11.   Pro rata, the share of the bond attributable to SMV is $453.78.

12.   On July 22, 2025, the District Court for the District of Delaware dismissed Muszynski's Appeal for lack of standing, holding in part:

> Moreover, Appellant's argument that the issue of standing was never raised is belied by the record below, in which: (a) the Trustee, through counsel, asserted that Appellant lacked standing, as he was neither a creditor nor a party in interest (1/8/2025 Tr. at 7:17-7:24 ("Your Honor, I've parsed through pretty carefully the objection, and candidly I think that it's not really comprehensible, nor does it make sense.  He is not a creditor, nor is he a party in interest."); (b) Appellant admitted that the Trustee was correct (id. at 8:4-8:6 ("And I should also say I may not be a creditor of the estate yet, but when he presses the case in Nevis and it loses, they lose, I will become a creditor."); and (c) the Bankruptcy Court agreed with the Trustee (id. at 8:10-8:12 ("Well, you're not currently a creditor, Mr. Muszynski. You have no claim against the estate that's been confirmed by any court or by this Court.").)

(D.I. 658).

13.   On July 31, 2025, Muszynski filed a proof of claim for $6.13 million, listing as the basis for the claim "Security for fees and costs: $30,000.00 paid; $6.1M+ forthcoming." (Claim #457).

14.    The same day, Muszynski filed a Motion to Allow Late Filed Proof of Claim and to Inform (the "Motion to Allow POC") (D.I. 665).

15.    On September 10, 2025, the Court held a hearing on the Motion to Allow POC.

16.    At the hearing, the following colloquy took place:

MR. MUSZYNSKI: The -- there is -- I think if anything here, in my pro se ignorance I probably jumped the gun and filed [the proof of claim] too soon.  And I probably, having filed too soon, also improperly brought it and didn't frame it as a contingent claim. After all, it isn't automatic claim.

THE COURT: Well, I will say this.  I don't read the Nevis order to be a judgment against the estate.  It did require that the claimants, i.e. the estate, and the other plaintiffs were required to pay an amount into the Court as security for any costs to be assessed.  There is no evidence that any costs were, in fact, assessed.  There is no evidence of any judgment in favor of Mr. Muszynski and, therefore, there is no current existing claim.
    I think I said the same thing to you, Mr. Muszynski, last time that currently the current status of the facts are that the estate has a judgment against you from, I believe, the Southern District of Florida but a Florida judgment against you that the action in Nevis is to enforce that judgment.  It in no way represents an action by you against the trustee and certainly it is not an action on which you have received a final judgment that would support any claim against this estate.
    So, premature comes to mind again.  I won't allow any claim in your favor at this time.  I am not usurping the jurisdiction of the Nevis Court.  It will be the Nevis Court that will decide whether the judgment of the debtors against you will be enforced in Nevis but whether the Court there makes a determination, yes or no, it still does not mean that there is not a judgment against you arising from the action in Florida.

> If the Nevis Court determines that that judgment will not be enforced in Nevis it does not mean that you have a claim against the estate.  There would have to be some other action or order of the Nevis Court and to date there is no such order.  The $30,000 was ordered to be put into the Court.  Whether it was paid in cash or by bond I don't think is relevant.  It was not an order ordering that money to go to you.  So, you have no current claim against the estate.
> So, I will deny your motion[.]

17.  For the reasons previously explained to Muszynski by the Court, he is not a creditor of this estate in any amount regarding the Nevis Court bond, and he is not a creditor of the estate on any other basis, nor is he a party in interest.

**IT IS THEREFORE ORDERED** that the Muszynski Motions are **DENIED** for lack of standing; and it is further

**ORDERED** that the interrogatories and subpoenas issued by Muszynski to Culpepper, the Trustee, and PML Process Management Limited at D.I. 796-800 are **QUASHED**.

BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge