**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CSSE, Inc. f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.,*[1] | Case No. 24-11442 (MFW) |
| | (Jointly Administered) |
| Debtors. | D.I. _____ |

**ORDER GRANTING MOTION OF WILLIAM J. ROUHANA, JR. FOR**
**RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE,**
**TO ALLOW PAYMENT OF DEFENSE EXPENSES AND OTHER LOSS**
**UNDER DIRECTORS AND OFFICERS INSURANCE POLICY**

Upon the motion (the "Motion") of William J. Rouhana, Jr for entry of an order (this "Order"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1, modifying the automatic stay, to the extent it applies, and authorizing Berkley Insurance Company (the "Insurer") to advance, pay or settle defense expenses and loss on behalf of insured persons entitled to coverage under the Berkley Insurance Company Executive and Corporate Securities Liability Insurance Policy No. BPRO806773 (the "Excess Policy"), subject to the terms and conditions of the Excess Policy; and this Court having found that the proceeds payable to the insured persons under the Excess Policy do not constitute property of the Debtors' estates; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSSE, Inc. f/k/a Chicken Soup for the Soul Entertainment Inc. (0811); CSSS, LLC f/k/a Chicken Soup for the Soul Studios, LLC (9993); CSS Television Group, LLC f/k/a/ Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion (if necessary) and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The automatic stay imposed by section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize the Insurer, without further order of the Court or notice to any party, to advance, reimburse, indemnify, pay and/or settle any defense expenses and loss incurred by the Movant in connection with the Knee Action in accordance with and subject to the terms and conditions of the Excess Policy.

3.      The Movant and Insurer are authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

4.      Nothing in the Motion or this Order shall (a) affect, impair, prejudice, or otherwise alter the terms and conditions of the Policy, any related agreements, and/or any related reservation(s) of rights provided by the Insurer, the Debtors, or the Movant in connection therewith; (b) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of any insurer, the Debtors, or the Movant under any other insurance policies, any related agreements, and/or any related reservation(s) of rights provided by any insurer, the Debtors or the Movant in connection

therewith; (c) relieve the Debtors and/or their estates of any of their obligations under any insurance policies, including but not limited to any excess policy, and related agreements; or (d) preclude or limit, in any way, the rights of any other insurer, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policy, or to otherwise assert any defenses to coverage, and such insurer, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to any such insurance policies.

5.      Nothing in this Order shall be interpreted as applying to any rights, claims, demand or requests for relief the Movant, the Debtors, the chapter 7 Trustee, or the Insurer may have, hold or seek in connection with any excess insurance policies or excess insurance coverage.

6.      This Order is immediately valid and fully effective upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: July 31st, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**