**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CSS ENTERTAINMENT INC. (f/k/a CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC.), *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered)<br><br>**Related Docket No. 935** |

**ORDER GRANTING MOTION OF PUBLIC STORAGE PURSUANT TO**
**11 U.S.C. §§362(b)(3) & 362(d)(1) FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the motion (the "**Motion**")[2] of Public Storage for an Order, pursuant to section 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1, granting it relief from the automatic stay to: (i) evict Redbox from the Unit consistent with the Act; and (ii) sell Redbox's property contained within Unit consistent with the Act should Redbox fail to claim that property within 30 days after entry of an order approving this Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); CSS Entertainment, Inc. (f/k/a Chicken Soup for the Soul Entertainment Inc.) (0811); CSS Studios, LLC (f/k/a Chicken Soup for the Soul Studios, LLC) (9993); CSS Television Group, LLC (f/k/a Chicken Soup for the Soul Television Group, LLC); Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code is lifted and modified solely to the extent necessary to permit and authorize Public Storage to (i) evict Redbox from the Unit consistent with the Act; and (ii) sell Redbox's property contained within Unit consistent with the Act should Redbox fail to claim that property within 30 days after entry of an order approving this Motion.

3. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P.4001(a)(3).

4. This Court retains jurisdiction with respect to all matters arising from, or related to, the implementation, interpretation, and enforcement of this Order.

**Dated: August 24th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**