**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,[4]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |

**NOTICE OF FILING AMENDED TOLLING AGREEMENT**

**PLEASE TAKE NOTICE** that George L. Miller, Chapter 7 Trustee (the "Trustee"), for the estates of the above-captioned Debtors (the "Debtors") by and through undersigned counsel, hereby files this Notice of Filing of Tolling Agreement entered into by the Trustee and the Parties attached as **Exhibit A**.

Dated: August 28, 2026
Wilmington, Delaware

**CIARDI, CIARDI & ASTIN**
*/s/ John D. McLaughlin, Jr.*
John D. McLaughlin, Jr. (No. 4123)
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Tel: (484) 437-2676
Email: jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Sonali N. Doshi, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
Email: aciardi@ciardilaw.com
sdoshi@ciardilaw.com

*Counsel for Chapter 7 Trustee*

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508) (collectively referred to as the "Debtors"). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

# EXHIBIT A

(Amended Tolling Agreement)

# SCHEDULE 1

1. ReedSmith LLP

**Amended Tolling Agreement**

This amended tolling agreement (the "Amended Tolling Agreement" or "Agreement") is made on the 25th day of August, 2026 between Plaintiff George L. Miller, ("Trustee") the Chapter 7 Trustee for the bankruptcy estate of Chicken Soup for the Soul Entertainment, Inc., *et. al.* (the "Debtor") by and through his attorneys, Ciardi Ciardi & Astin, and ReedSmith LLP ("Defendant"). Defendant and the Trustee (the "Parties") stipulate and agree as follows:

WHEREAS, on June 28, 2024, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

WHEREAS, on July 11, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* (the "Chapter 7 Cases") [ECF No. 120].

WHEREAS, on July 11, 2024, George L. Miller was appointed as the Chapter 7 Trustee of the Debtors' estates. The Trustee is the Plaintiff in this action and brings this action on behalf of the Debtors' estates [ECF No. 130].

WHEREAS, the Trustee alleges that Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtor prior to the Petition Date.

WHEREAS, prior to the Petition Date, the Trustee alleges that Defendant and the Debtor were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements").

WHEREAS, the Trustee alleges that, the Debor made one or more transfers of an interest of the Debtor's property through payments aggregating not less than $935,027.20 to Defendant during the Preference Period (the "Transfer" or "Transfers"). The Trustee further alleges that the Open A/P Report also reveals that Defendant received payment(s) on account of debts related to the Debtor's operation of its business (the "Preference Period Payment") within ninety (90) days prior to the filing of the Debtor's bankruptcy petitions, and that the Transfers were for goods or services provided by Defendant and made pursuant to invoices or statements submitted by Defendant reflecting such goods or services previously provided, and, as a result, the Trustee alleges that the said Transfers are or may be avoidable.

WHEREAS, the Trustee is in the process of marshaling assets for the benefits of all creditors and is evaluating potential claims to avoid and recover alleged preferential transfers pursuant to 11 U.S.C. §§ 547 and 550 (the "Preference Claims") in connection with the above-captioned bankruptcy case.

WHEREAS, on June 10, 2026, the Trustee sent a demand letter to Defendant (the "Demand Letter"), providing details of the alleged Preference Period Payments and requesting that Defendant

review its records to determine whether they agree with the information in the letter. The Demand Letter purported to detail each of the Transfers by providing transferor, alleged transferee, transfer date, check number (where applicable), transfer type (i.e. wire, check, etc.), and transfer amount.

WHEREAS, the Trustee indicated in the Demand Letter that potential factual and statutory defenses may be available to Defendant pursuant to section 547(c) of the Bankruptcy Code. The Trustee requested that either Defendant voluntarily repay the amount of the Preference Period Payment or provide evidence to support any defenses to the Trustee by June 22, 2026, so the Trustee can review same prior to filing the Complaint ("Complaint").

WHEREAS, in response to the Demand Letter, Defendant requested additional time to investigate the validity of the asserted claims, collect relevant documentation, assess potential defenses, and engage in settlement discussions with the Trustee; and

WHEREAS, unless tolled or otherwise extended, the statute of limitations for the Trustee to commence an action under section 547 of the Bankruptcy Code will expire on June 28, 2026.

NOW, THEREFORE, in consideration of the foregoing and the mutual promises set forth herein, the Parties agree as follows:

1. The Parties previously entered into a Tolling Agreement providing that tolling in this matter shall continue until August 31, 2026. The Parties now enter into this Amended Tolling Agreement to continue the tolling to September 30, 2026. The Parties agree that the statute of limitations set forth in 11 U.S.C. § 546(a), or any other applicable time-based defense or limitations period relating to the Trustee's ability to commence an action to recover the Transfers under section 547 of the Bankruptcy, including but not limited to applicable statutes of limitation, repose, and laches, are hereby tolled and suspended as of the Effective Date of this Amended Tolling Agreement. This tolling shall continue through and including September 30, 2026 (the "Tolling Period").

2. The Parties further agree that the entire Tolling Period shall be excluded from any calculation of the statute of limitations, similar time-based defenses, or limitations period applicable to the Preference Claims and that no party shall assert that any claim is time-barred, waived, or prejudiced by the passage of time, and the tolling shall be deemed continuous and uninterrupted.

3. In consideration of the Defendant's Amended Tolling Agreement to toll the statutes or periods of limitation (as set forth in paragraph 1 of this Amended Tolling Agreement), the Trustee agrees not to commence, file or initiate any adversary proceeding or other action seeking to avoid, recover or otherwise pursue the Transfers against the Defendant prior to September 30, 2026.

4. During the Tolling Period, the Trustee may not file a complaint or commence a formal proceeding to recover any alleged Preferential Transfers in the Bankruptcy Court.

5. The Trustee may commence an action following the expiration of the Tolling Period and through and including seven (7) days after the expiration of the Tolling Period if Defendant does not voluntarily repay the amount of the Preference Period Payment or does not inform the Trustee of the basis of Defendant's disagreement and/or details of any defenses and/or the Parties have not otherwise resolved the alleged Preference Claims. If the Trustee files an action against the Defendant during the

seven (7) days following the expiration of the Tolling Period, the Defendant shall not assert any defense based on the expiration of the statute of limitations that would not have been available as of the Effective Date of this Agreement.

6. Each party represents and warrants that it has full power and authority to enter into this Agreement, that this Agreement constitutes a valid and binding obligation enforceable against in accordance with its terms, and that it is entering into this Agreement voluntarily, without duress, or undue influence.

7. The Parties irrevocably acknowledge and agree that they are now forever estopped and precluded from contesting or denying the validity and enforceability of this Agreement. This Agreement shall be binding on the Parties hereto and their respective successors and assigns, together with their respective past, present and future officers, directors, employees, agents, representatives, attorneys, controlling persons, shareholders, partners, owners and affiliates.

8. The Parties acknowledge and agree that the conditions, validity, and enforceability of any term or provision of this Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to its conflicts of law principles. The Parties consent to the exclusive jurisdiction and venue of the Bankruptcy Court for the District of Delaware with respect to any disputes arising out of or relating to this Agreement.

9. The Parties each represent that they have read this Agreement in its entirety, know and understand its contents, have had the opportunity to consult with legal counsel of their choice, and understand and agree to all its terms, conditions, and meanings freely, knowingly, and willingly.

10. This Agreement constitutes the entire understanding between the Parties relating to the subject matter hereof and supersedes all prior agreements, understandings, negotiations, and discussions, whether oral or written.

11. This Agreement may not be enlarged, amended, modified, supplemented, or extended except by a written agreement signed by both Parties.

12. This Agreement does not impact, change, or modify any other rights or remedies the Parties have against one another.

13. Nothing contained in this Agreement shall be deemed or construed as an admission of liability or wrongdoing by any party, nor as a waiver of any rights, claims, or defenses, except as expressly set forth herein.

14. Except as expressly provided herein, nothing in this Agreement shall affect any defense or response thereto that may be available to any party, and this Agreement shall not be deemed to revive any claim that is or was barred as of the date of this Agreement.

15. For the avoidance of any doubt, nothing herein shall prejudice, limit, or otherwise affect the rights of any of the Parties to seek or oppose any further extension or tolling of any statute of limitations beyond the extended date, and the rights of the Parties with respect thereto are expressly reserved.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date first above written.

By: Sonali N. Doshi
Counsel to Plaintiff

August 25, 2026
Date

By: 
Authorized Counsel to Defendant

8.27.26
Date