**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Case No. 24-11442-MFW<br>Jointly Administered |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,[1] | : | Chapter 7 |
| Debtors. | : | |

**STIPULATION (I) REGARDING ABANDONMENT OF PROPERTY; AND (II) MODIFYING THE AUTOMATIC STAY**

**WHEREAS,** Redbox Automated Retail, LLC (the "**Debtor**") and Nash-Finch LLC, on behalf of itself and its affiliate, Family Fare, LLC (collectively, "**Nash-Finch**") are parties to that certain Kiosk Operating Agreement with an effective date of March 1, 2017 (the "**Agreement**");

**WHEREAS**, pursuant to the terms and conditions of the Agreement, the Debtor installed and operated approximately fifty (50) kiosks at numerous Nash-Finch locations (collectively, the "**Premises**"), including, without limitation, sites operated under the banners of Dan's, Econofoods, Family Fare, Family Fresh Market, Family Thrift Center, Prairie Market, and Sunmart (collectively, the "**Kiosks**");

**WHEREAS,** under the terms and conditions of the Agreement, the Debtor was obligated to (a) remove the Kiosks and surrender possession of the Premises within thirty (30) days of the Agreement's termination or expiration and (b) return the Premises in good, clean condition, subject to normal wear and tear;

[1] The debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The debtors' corporate headquarters and address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

**WHEREAS**, the Agreement expired;

**WHEREAS**, after the Agreement expired, the Debtor and its related entities each filed petitions for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware (collectively, the "**Bankruptcy Cases**");

**WHEREAS**, on or about July 11, 2024, the Bankruptcy Cases were converted to cases under Chapter 7 of the U.S. Bankruptcy Code and George L. Miller was appointed as the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of the Debtor (the "**Estate**");

**WHEREAS**, some or all of the Kiosks remain on the Premises; and

**WHEREAS**, Nash-Finch asserts that the continued presence of the Kiosks interferes with Nash-Finch's ability to utilize the Premises for other revenue-generating purposes and imposes ongoing maintenance and security burdens;

**IT IS HEREBY STIPULATED AND AGREED** this 17th day of September 2026 by and between by the Trustee on behalf of the Debtor's Estate and Nash-Finch pursuant to 11 U.S.C. § 362, through their undersigned counsel, as follows:

1. The automatic stay entered in the Bankruptcy Cases is modified to allow Nash-Finch to (a) have exclusive possession of the Premises which possession is being consensually surrendered by the Debtor's Estate; and (b) remove, sell, destroy, or otherwise dispose of the Kiosks and their contents unless the Debtor removes the Kiosks and their contents from the Premises within fourteen (14) days after the date of this Stipulation; and (c) re-let the Premises.

2. The Debtor's Estate is deemed to have abandoned any and all title, rights, and/or interests in the Premises, the Kiosks, and their contents unless the Debtor's Estate takes action within fourteen (14) days after the date of this Stipulation to remove the Kiosks and their contents from the Premises.

3. The relief set forth in this Stipulation shall be effective immediately upon the entry of a court order, in which any stay of enforcement of such order under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure or other legal authority is waived and of no effect or consequence.

4. This Court shall retain jurisdiction relating to the implementation, interpretation, and/or enforcement of this Stipulation.

**IT IS SO AGREED**.

**COZEN O'CONNOR**

/s/ *John T. Carroll, III*
John T. Carroll, III (DE# 4060)
1201 N Market Street, Suite 1001
Wilmington, Delaware 19801
(302) 295-2000
jcarroll@cozen.com

*Attorneys for Chapter 7 Trustee, George L. Miller*

**McCARTER & ENGLISH LLP**

/s/ *Kate Roggio Buck*
Kate Roggio Buck (DE# 5140)
Renaissance Centre
405 N. King Street, Suite 800
Wilmington, Delaware 19801
(302) 984-6300
Kbuck@mccarter.com

*Attorneys for Nash-Finch LLC and its Affiliated Entities*